Stacy Tolchin (CA SBN #217431)
Megan Brewer (CA SBN #268248)
Law Offices of Stacy Tolchin
776 E. Green St., Ste. 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email: Stacy@Tolchinimmigration.com
Email: Megan@Tolchinimmigration.com

Counsel for Petitioners

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Pedro VASQUEZ PERDOMO, Carlos Alexander OSORTO, and Isaac VILLEGAS MOLINA;<br><br>        Petitioners,<br><br>        v.<br><br>Kristi NOEM, Secretary, Department of Homeland Security; Pam BONDI, Attorney General; IMMIGRATION AND CUSTOMS ENFORCEMENT; and Todd LYONS, Acting Los Angeles Field Office Director, Immigration and Customs Enforcement.<br><br>        Respondents. | Civil Case No.:<br><br>**PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.    Petitioners were detained in Pasadena, California on June 18, 2025 for civil immigration violations and are currently being held at the B-18 processing office in downtown Los Angeles.

2.    They were detained without reasonable suspicion, without an arrest warrant, and in violation of the immigration regulations and due process.

3.    Petitioners face transfer outside of this judicial district and away from their family and legal representation. They also face imminent removal from the United States.

4.    Petitioners seek an order from this Court that they be released from custody, and, in the interim, an order from the Court that they are not removed from this judicial district or removed from the United States, pending disposition of their petition for writ of habeas corpus.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction under 28 U.S.C. § 2241 (federal habeas statute); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2201-2 (declaratory judgment); United States Constitution Article I, Section 9 (Suspension Clause).

6.    Venue properly lies within the Central District of California under 28 U.S.C. § 1391, because this is a civil action in which Respondents are agencies of the United States, Petitioners are detained in this district, and because a substantial part of the events or omissions giving rise to this action occurred in the District.

## PARTIES

7.    Petitioner Pedro Vasquez Perdomo resides in Pasadena, California and is currently detained at the Los Angeles downtown federal building in the basement, Room B-18.

8.    Petitioner Carlos Alexander Osorto resides in Pasadena, California and is currently detained at the Los Angeles downtown federal building in the basement, Room B-18.

9. Petitioner Isaac Villegas Molina resides in Pasadena, California and is currently detained at the Los Angeles downtown federal building in the basement, Room B-18.

10. Respondent Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"), and is sued in her official capacity. The Secretary of Homeland Security is charged with the administration and enforcement of immigration laws.  8 U.S.C. § 1103(a).

11. Respondent Pam Bondi is the Attorney General of the United States and is sued in her official capacity as the head of the Department of Justice.  The Attorney General is responsible for the fair administration of the laws of the United States.

12. Respondent Immigration and Customs Enforcement is the agency responsible for the detention of noncitizens, and the transfer or removal of Petitioners outside of this judicial district.

13. Respondent Todd Lyons is the Acting Director of the Los Angeles Field Office of the Immigration and Customs Enforcement, Department of Homeland Security, and is sued in his official capacity.  Respondent Lyons is responsible for the detention of noncitizens in the Los Angeles district and for any transfer or removal of Petitioners outside of this judicial district.

### FACTS

14. They were detained by immigration enforcement officers in Pasadena, California on June 18, 2025.

15. They were sitting at a bus stop on a bench on the corner of Los Robles Ave. and Orange Grove Blvd. in Pasadena when around 5:50 a.m., multiple vehicles pulled up aggressively in front of them.

16. Agents wearing dark green vests that said POLICE on them exited the vehicles. At least one agent had a vest that said ICE. Petitioners were surrounded.

17. The agents had guns and were masked so that their faces could not be seen. They were acting aggressively, shouting at Petitioners. Petitioners were not free to leave the area.

18. Petitioners were petrified. Agents surrounded them and handcuffed them.

19. Respondents did not have reasonable suspicion that Petitioners were in the United States unlawfully.

20. After Petitioners were handcuffed, officers demanded Petitioners' identification.

21. Respondents did not have probable cause for Petitioners' arrest.

22. Respondents did not have warrants for Petitioners' arrest.

23. Respondents did not make an individualized finding of flight risk.

24. Respondents did not identify themselves as immigration agents and did not inform Petitioners of the basis for their arrest.

25. Petitioners were placed in the agents' vehicles and transported to the federal building at 300 North Los Angeles St. where they have been held in the basement, room B-18, since June 18, 2025.

26. Petitioners are being processed for removal proceedings to be removed from the United States.

27. Petitioners have representation in their removal proceedings. Their counsel is located in Pasadena, California.

28. Petitioners' family is location in Pasadena, California.

29. Petitioners face imminent transfer outside of this judicial district and face removal from the United States.

## CAUSES OF ACTION

### COUNT ONE

*Violation of 8 U.S.C. § 1357(a)(2):*

*Warrantless Arrests Without Probable Cause of Flight Risk*

30.    Petitioners repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

31.    Respondents ICE arrested Petitioners without probable cause and without warrants. Before each arrest, Respondents failed to make an individualized finding of flight risk.  The failure to meet these requirements is a violation of 8 U.S.C. § 1357(a)(2).

### COUNT TWO

*Violation of 8 C.F.R. § 287.8(c)(2)(ii):*

*Warrantless Arrests Without Probable Cause of Flight Risk*

32.    Petitioners repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

33.    Respondents ICE arrested Petitioners without a warrant and without "reason to believe" that they were "likely to escape before a warrant can be obtained" in violation of 8 C.F.R. § 287.8(c)(2)(ii). The reason to believe standard meets the probable cause standard of the Fourth Amendment. *Perez Cruz v. Barr*, 926 F.3d 1128, 1137 (9th Cir. 2019).

34.    Arrest in violation of the regulation is unlawful. *See Sanchez v. Sessions*, 904 F.3d 643, 650 (9th Cir. 2018); *Perez Cruz v. Barr*, 926 F.3d 1128, 1137 (9th Cir. 2019).

### COUNT THREE

*Fourth Amendment: Arrests Without Probable Cause*

35.     Petitioners repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

36. The Fourth Amendment prohibits Respondents from conducting arresting an individual for an immigration violation without probable cause.

37. Respondents ICE arrested Petitioners without probable cause that any of them was a noncitizen unlawfully in the United States.

## COUNT FOUR

### *(Failure to Identify Officers and Basis for Arrest in Violation of 8 C.F.R. § 287.8(c)(3))*

38. Petitioners incorporate the allegations in the paragraphs above as though fully set forth here.

39. The regulations require arresting offers identify themselves as "an immigration officer who is authorized to execute an arrest" and "state that the person is under arrest and the reason for the arrest." 8 C.F.R. § 287.8(c)(3).

40. Respondent ICE failed to identify themselves at the time of arrest and failed to inform Petitioners of the reasons for their arrest.

## COUNT FIVE

### *(Violation of Due Process )*

41. Petitioners incorporate the allegations in the paragraphs above as though fully set forth here.

42. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

43. The government's detention of Petitioners violates their rights to due process because they have been detained without lawful authority, infringing on their fundamental right to liberty.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Petitioners pray that this Court grant the following relief:

(1)    Assume jurisdiction over this matter;

(2)    Declare that Petitioners are detained in violation of law;

(3)    Enjoin Respondents from transferring Petitioners outside of this judicial district during the pendency of removal proceedings;

(4)    Enjoin Respondents from removing Petitioners form the United States without the procedures for removal identified in the Immigration and Nationality Act;

(5)    Order the immediate release of Petitioners pending these proceedings;

(6)    Award costs and reasonable attorney fees incurred under this action under 28 U.S.C. § 2412, et. seq. (Equal Access to Justice Act); and

(7)    Grant any further relief that this Court may deem fit and proper.

Dated: June 20, 2025                    Respectfully Submitted,

*S/Stacy Tolchin*
Stacy Tolchin (CA SBN #217431)
Megan Brewer (CA SBN #268248)
Law Offices of Stacy Tolchin
776 E. Green St., Ste. 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email:
Stacy@Tolchinimmigration.com
Email:
Megan@Tolchinimmigration.com

Counsel for Petitioners