Stacy Tolchin (CA SBN #217431)
Megan Brewer (CA SBN #268248)
Law Offices of Stacy Tolchin
776 E. Green St., Ste. 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email: Stacy@Tolchinimmigration.com
Email: Megan@Tolchinimmigration.com

Counsel for Petitioners

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Pedro VASQUEZ PERDOMO, Carlos Alexander OSORTO, and Isaac VILLEGAS MOLINA;<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>Kristi NOEM, Secretary, Department of Homeland Security; Pam BONDI, Attorney General; IMMIGRATION AND CUSTOMS ENFORCEMENT; and Todd LYONS, Acting Los Angeles Field Office Director, Immigration and Customs Enforcement.<br><br>　　　　Respondents. | Civil Case No.:<br><br>**PETITIONERS' <u>EX PARTE</u> APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION.** |

For the reasons explained in the accompanying Memorandum of Points and Authorities, Petitioners hereby make this Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 and 5 U.S.C. § 705. Petitioners are immigration detainees arrested in violation of law, facing immediate transfer from this judicial district.

As a result of Respondents' actions, Petitioners are being detained in violation of their personal liberty and face transfer outside of this judicial district. Expedited relief is necessary to prevent irreparable injury before a hearing on a preliminary injunction may be held.

Petitioners request that the Court issue a temporary restraining order and order to show case re: preliminary injunction in the form of the proposed order submitted concurrently with this Application. This Application is based on the Petition for Writ of Habeas Corpus, Memorandum of Points and Authorities, and the declaration and exhibits in support thereof.

Respondents were advised on June 20, 2025 that Petitioners would be filing this ex parte application and of the contents of this application. Tolchin Decl. ¶ 4. *See* Local Rule 17-19.1.

Counsel for Respondents are as follows:

Joanne S. Osinoff | Assistant United States Attorney
Chief | Complex And Defensive Litigation Section | Civil Division
United States Attorney's Office | Central District Of California
Federal Building, Room 7516 | 300 N. Los Angeles St. | Los Angeles, California 90012
T: 213.894.6880| F: 213.894.7819 |Joanne.Osinoff@USDOJ.Gov

Dated : June 20, 2025                    /s/ *Stacy Tolchin*

                                        Stacy Tolchin

## I.      **INTRODUCTION**

Petitioners were detained and arrested in Pasadena, California on June 18, 2025 for civil immigration violations and are currently being held at the Immigration and Customs Enforcement B-18 processing office in downtown Los Angeles. They were detained without reasonable suspicion, and arrested without probable cause or an arrest warrant, and without basis to believe that they are flight risks.  In addition, officers failed to adhere to mandatory regulations requiring that they identify themselves as and violated the immigration regulations and due process.

Petitioners face immediate transfer outside of this judicial district and away from their families and legal representation and require an ex parte order from this Court that they not be transferred from this judicial district.

## II.     **STATEMENT OF FACTS**

Petitioners are residents of Pasadena, California who were arrested and detained by immigration enforcement officers in Pasadena, California on June 18, 2025.[1] Petitioners were sitting at a bus stop on a bench on the corner of Los Robles Ave. and Orange Grove Blvd. in Pasadena when around 5:50 a.m., multiple vehicles pulled up aggressively in front of them.[2] Agents wearing dark green vests that said POLICE on them exited the vehicles. At least one agent had a vest that said ICE. Petitioners were surrounded. The agents had guns and were masked so that their faces could not be seen. They were acting aggressively, shouting at Petitioners. Petitioners were not free to leave the area. Petitioners were petrified. Agents surrounded them and handcuffed them.

---

[1] https://www.foxla.com/news/pasadena-ice-raid-june-18

[2] https://abc7.com/post/ice-agents-detain-2-men-pasadena-bus-stop-conduct-raids-city/16785979/

Respondents did not have reasonable suspicion that Petitioners were in the United States unlawfully. After Petitioners were handcuffed, officers demanded Petitioners' identification. Respondents did not have probable cause for Petitioners' arrest. Respondents did not have warrants for Petitioners' arrest. Respondents did not make an individualized finding of flight risk.  Respondents did not identify themselves as immigration agents and did not inform Petitioners of the basis for their arrest. Petitioners were placed in the agents' vehicles and transported to the federal building at 300 North Los Angeles St. where they have been held in the basement, room B-18, since June 18, 2025.

Petitioners are being processed for removal proceedings to be removed from the United States and face imminent transfer outside of this judicial district and face removal from the United States.

## III.    <u>STANDARD OF REVIEW</u>

A Temporary Restraining Order ("TRO") may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). A trial court may grant a TRO or a preliminary injunction to "preserve the status quo and the rights of the parties" until a decision can be made in the case. *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). The status quo in this context "refers not simply to any situation before the filing of a lawsuit, but instead to 'the last uncontested status which preceded the pending controversy[.]' " *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (quoting *Tanner Motor Livery, Ltd. v. Avis*, Inc., 316 F.2d 804, 809 (9th Cir. 1963). The analysis for a TRO and a preliminary injunction is the same. *Frontline Med. Assoc., Inc. v. Coventry Healthcare Workers Compensation, Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009).

To obtain a preliminary injunction, a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in their favor, and [4] that an injunction is in the public interest." *City & County of San Francisco v. USCIS*, 944 F.3d 773, 788-89 (9th Cir. 2019)(quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Likelihood of success on the merits is the most important factor." *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (quotations omitted). If the first two factors are met, the third and fourth factors merge when the Government is the opposing party. *Nken v. Holder,* 556 U.S. 418, 435 (2009).

Additionally, in the Ninth Circuit, courts also "employ an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quotations and citations omitted and alterations accepted). "Under that formulation, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff[s] can support issuance of a preliminary injunction, so long as the plaintiff[s] also show[ ] that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011)).

In addition, the APA provides that "to the extent necessary to prevent irreparable injury," the Court may issue "all necessary and appropriate process . . . to preserve status or rights pending" these proceedings. 5 U.S.C. § 705. The standard used by courts for a request to stay agency action "is the same legal standard as that used in a motion for preliminary injunction." *Hill Dermaceuticals, Inc. v. U.S. Food & Drug Admin.*, 524 F. Supp. 2d 5, 8 (D.D.C. 2007); *Nken*, 556 U.S. at 428 (describing a stay as "halting or postponing" operation of an action or "temporarily divesting an order of enforceability").

Petitioners meet all the requirements for relief.

## IV.    <u>ARGUMENT</u>

### A.    PETITIONERS ARE LIKELY TO SUCCEED ON THE MERITS

Petitioners' arrests were unlawful and they continue to be detained unlawfully. The Immigration and Nationality Act and the accompanying regulations require that there be probable cause to arrest an individual for civil immigration violations, and these requirements mirror those of the Fourth Amendment. 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 278.8(c)(2)(ii); *Bello-Reyes v. Gaynor*, 985 F.3d 696, 701 (9th Cir. 2021); *Perez Cruz v. Barr*, 926 F.3d 1128, 1137 (9th Cir. 2019). Further, in addition to the probable cause requirement, immigration officials are *still* required to have a warrant for the arrest, absent evidence that individuals were "likely to escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2)(ii).

That did not happen in this case. Petitioners were sitting on a bench on Los Robles Street in Pasadena, California, when multiple cars aggressively surrounded them.[3] Petitioners were petrified and ran. The officers did not identify themselves and were armed and aggressive. Merely sitting at a bus stop is not probable cause for believing that someone is unlawfully in the United States, and racial appearance is an impermissible basis for asserting probable cause. *See Sanchez v. Sessions*, 904 F.3d 643, 650 (9th Cir. 2018); *Flores v. Pierce*, 617 F.2d 1386, 1392 (9th Cir. 1980); *Mendia v. Garcia*, No. 10-CV-03910-MEJ, 2016 WL 2654327, at *11 (N.D. Cal. May 10, 2016). They rounded up Petitioners and arrested them, failing to identify themselves and failing to identify the bases for the arrests, in violation of 8 C.F.R. § 287.8(c)(3). Petitioners are likely to prevail on the merits of their claim that their continued decision is unlawful.

---

[3] https://pasadenanow.com/main/witnesses-say-ice-agents-detained-six-people-in-pasadena-wednesday-morning

**B.   PETITIONERS WILL SUFFER IRREPARABLE HARM AND THE EQUITIES TIP IN PETITIONERS' FAVOR**

1.      Emergency relief is warranted in order to stop the transfer of Petitioners outside of this judicial district. *See Gutierrez-Contreras v. Warden,* No. 5:25-CV-00965-SSS-KES, 2025 WL 1400402, at *6 (C.D. Cal. May 14, 2025); *Mahdawi v. Trump*, No. 2:25-cv-389, 2025 WL 1099021, at *1 (D. Vt. Apr. 14, 2025); *D.B.U. v. Trump,* No. 1:25-CV-01163-CNS, 2025 WL 1304288, at *10 (D. Colo. May 6, 2025); *Gutierrez-Contreras v. Warden,* No. 5:25-CV-00965-SSS-KES, 2025 WL 1202547, at *5 (C.D. Cal. Apr. 25, 2025). Petitioners are residents of this district, with family in this district, and have legal counsel in this district. *See* Declaration of Cynthia Lucas. In addition, the arrests took place within this district which is governed by the Ninth Circuit, and the transfer of Petitioners to other forums allows the government to circumvent judicial decisions of this circuit. *See Sanchez v. Sessions*, 904 F.3d 643, 650 (9th Cir. 2018); *Perez Cruz v. Barr*, 926 F.3d 1128, 1137 (9th Cir. 2019).

The Ninth Circuit has recognized "the irreparable harms imposed on anyone subject to immigration detention (or other forms of imprisonment)." *Meza v. Bonnar*, No. 18-CV-02708-BLF, 2018 WL 2554572, at *4 (N.D. Cal. June 4, 2018) *citing Hernandez v. Sessions,* 872 F.3d 976, 995 (9th Cir. 2017).  Last, an injunction is in the public interest, given that Petitioners seek to protect constitutionally protected liberty. *See Meza v. Bonnar,* No. 18-CV-02708-BLF, 2018 WL 2554572, at *4 (N.D. Cal. June 4, 2018) ("Given the low risk of Petitioner's causing harm to others or fleeing, such expenditure in her case would not benefit the public absent a material change in circumstances.")

**C.   NO BOND IS NECESSARY**

The Court has discretion to set the amount of security required for a temporary restraining order or preliminary injunction under Rule 65(c), if any. *Johnson v. Couturier*,

572 F.3d 1067, 1086 (9th Cir. 2009) Indeed, "'[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.'" *Id.* (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)). Here, it is unlikely any harm will come to Respondents as a result of a grant of temporary relief and Respondents will incur negligible or zero financial costs. Petitioners asks the Court to exercise its discretion to waive the bond requirement.

## V.    **CONCLUSION**

Petitioners respectfully request that this Court grant their request for a temporary restraining order and enjoin the Department of Homeland Security from transferring them outside of this judicial district.

Dated: June 20, 2025                           Respectfully Submitted,

*S/Stacy Tolchin*
Stacy Tolchin (CA SBN #217431)
Megan Brewer (CA SBN #268248)
Law Offices of Stacy Tolchin
776 E. Green St., Ste. 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email:
Stacy@Tolchinimmigration.com
Email:
Megan@Tolchinimmigration.com

Counsel for Petitioners