UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO VASQUEZ PERDOMO, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br><br>KRISTI NOEM, *et al.*,<br><br>　　　　　Defendants. | Case No.: 2:25-cv-05605-MEMF-SP<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS COALITION FOR HUMANE IMMIGRANT RIGHTS AND IMMIGRANT DEFENDERS LAW CENTER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [ECF NO. 38]** |

　　　　On July 2, 2025, Plaintiffs Coalition for Humane Immigrant Rights ("CHIRLA") and Immigrant Defenders Law Center ("ImmDef") filed an *ex parte* application for a temporary restraining order and order to show cause why a preliminary injunction should not issue pending the final disposition of this action.

　　　　Plaintiffs CHIRLA and ImmDef request that the Court grant a temporary restraining order enjoining Defendants Kristi Noem, Todd M. Lyons, and Ernesto Santacruz Jr.'s policies and practices in violation of the Fifth Amendment right to retain and consult with counsel in connection with immigration proceedings.

　　　　Plaintiffs are entitled to a temporary restraining order if they show that (1) they are likely to succeed on the merits of their claims; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public

1

interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical").

The Court finds that CHIRLA and ImmDef have demonstrated a strong likelihood of success on the merits of their Fifth Amendment claim. CHIRLA and ImmDef have had no, or at best very limited, ability to communicate with current and prospective clients at B-18 because of the barriers to access that Defendants have constructed. *See, e.g.*, *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 554, 565 (9th Cir. 1990) (recognizing "aliens have a due process right to obtain counsel of their choice at their own expense," and affirming injunction against government practices "the cumulative effect of which was to prevent aliens from contacting counsel and receiving any legal advice," including the practice of denying visits with counsel). The Court further finds that, absent interim injunctive relief, CHIRLA and ImmDef face immediate, irreparable harm, and that the balance of the equities and the public interest favor such relief.

The Court, having considered Plaintiffs' application and finding good cause therefor, hereby GRANTS the application and ORDERS as follows:

1. Defendants Kristi Noem, Todd M. Lyons, and Ernesto Santacruz Jr. shall provide access to Room B-18 of the Federal Building located at 300 North Los Angeles Street, Los Angeles, CA 90012 ("B-18") for legal visitation by current and prospective attorneys, legal representatives, and legal assistants. Legal visitation shall be permitted seven days per week, for a minimum of eight hours per day on business days (Monday through Friday), and a minimum of four hours per day on weekends and holidays.

2. Defendants Kristi Noem, Todd M. Lyons, and Ernesto Santacruz Jr. shall provide individuals detained at B-18 with access to confidential telephone calls with attorneys, legal representatives, and legal assistants at no charge to the detainee. Such legal telephone calls shall not be screened, recorded, or otherwise monitored.

3. The Court, having found a strong likelihood of success on the merits and that the balance of the equities overwhelmingly favors CHIRLA and ImmDef, further ORDERS that no security shall be required under Federal Rule of Civil Procedure 65(c).

4. Defendants Kristi Noem, Todd M. Lyons, and Ernesto Santacruz Jr. are each hereby ordered to show cause on _____, at _____ [a.m./p.m.], or as soon thereafter as counsel may be heard in the courtroom of the Honorable Maame Ewusi-Mensah Frimpong, located at 350 West First Street, Los Angeles, CA 90012, why they should not be enjoined from further violations of the Fifth Amendment to the United States Constitution pending the final disposition of this action.

IT IS SO ORDERED.

Dated: July __, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge