UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, | Case No.: 2:25-cv-05605-MEMF-SP |
| | **[PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF NO. #]** |
| Plaintiffs, | Hon. Maame Ewusi-Mensah Frimpong |
| v. | |
| Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. | |

-1-

Case No. 2:25-cv-05605-MEMF-SP

[PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF NO. #]

STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

    Defendants.

On July 3, 2025, Plaintiffs filed an Ex Parte Application for a Temporary Restraining Order.[1] Plaintiffs asked for injunctive relief instructing Defendants to abide by the Fourth Amendment to preserve Plaintiffs' constitutional rights. For the reasons stated herein, the Court hereby GRANTS the Ex Parte Application.

Having considered the parties' papers and the arguments of counsel, the Court finds that Plaintiffs have demonstrated a strong likelihood of success on the merits of their claim that Defendants' pattern and practice of conducting suspicionless stops violates the Fourth Amendment protection against unreasonable searches and seizures. The Court further finds that, absent interim injunctive relief, Plaintiffs will face immediate, irreparable harm, and that the balance of the equities and the public interest favor such relief.

## I.    The Standards for Issuance of a Temporary Restraining Order

### A.    Legal Standard

The legal standard for a temporary restraining order is substantially similar to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking a preliminary injunction must establish (1) likely success on the merits; (2) likely irreparable harm in the absence of preliminary relief; (3) that the balance of equities

---

[1] ECF No. __

[PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF NO. #]

tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The standard for preliminary relief is the same whether the moving party seeks to maintain the status quo or stop a continuing deprivation of rights. *Textile Unlimited, Inc. v. ABMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001). Under the "serious question" approach adopted by the Ninth Circuit, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

## II.    Plaintiffs Have Shown Strong Probability of Prevailing on the Merits

Plaintiffs have shown a strong probability of prevailing on the merits. Plaintiffs are Latino individuals and organizations with members who face a reasonable likelihood of being detained without reasonable suspicion in violation of their Fourth Amendment rights. Plaintiffs have established a compelling case that they have been, and are at future risk of being, unlawfully seized by Defendants.

Plaintiffs have also established a strong need for injunctive relief based on evidence that the pattern of unlawful stops "flow[s] from a policy [or] plan." *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1500 (9th Cir. 1996). Plaintiffs have provided compelling evidence that Defendants are carrying out this pattern and practice of suspicionless stops to meet arbitrary arrest quotas, and in doing so are relying on impermissible generalizations about race and other broad attributes. Statements from Defendants indicating that such suspicionless stops will continue in the District demonstrate that Plaintiffs and their members are likely to be subject to unlawful seizures again in the future. Plaintiffs plausibly allege that the continuation of Defendants' practice and policy has caused widespread fear and

[PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF NO. #]

panic for individuals of Latino origin in the District, regardless of immigration status.[2]

## III.    The Balance of Hardships Tips Sharply in Plaintiffs' Favor and Are in the Public Interest

The remaining factors the Court must consider in issuing emergency relief have also been met here. The balance of hardships tips sharply in Plaintiffs' favor and a temporary restraining order is in the public interest. Plaintiffs have shown that they have and will continue to suffer irreparable injury if the requested relief is not granted. *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999). Further, the public has a fundamental interest in the protection of all people's constitutional rights. *See Sammartano v. First Jud. Dist. Ct.*, 303 F.3d 959, 973 (9th Cir. 2002). The declarations of the Plaintiffs confirm the violation of Fourth Amendment rights they have suffered and are likely to suffer as a result of Defendants' pattern and practice of illegally seizing individuals without suspicion.

The Court, having considered Plaintiffs' Application and finding good cause therefor, hereby **GRANTS** the Application and **ORDERS** as follows:

1.    As required by the Fourth Amendment of the United States Constitution, Defendants shall be enjoined from conducting detentive stops in this District unless the agent or officer has reasonable suspicion that the person to be stopped is within the United States in violation of U.S. immigration law;

2.    In connection with paragraph (1), Defendants may not rely solely on the factors below, alone or in combination, to form reasonable suspicion for a detentive stop, except as permitted by law:

---

[2] For similar reasons, the Court finds that Plaintiffs have established standing to seek injunctive relief. *See LaDuke v. Nelson*, 762 F.2d 1318, 1324-26 (9th Cir. 1985), *amended,* 796 F.2d 309 (9th Cir. 1986) (finding that a "standard pattern" of illicit behavior by federal agents was sufficient to confer standing for future injunctive relief); *Laws. for Fair Reciprocal Admission v. United States*, No. 24-2213, 2025 WL 1717992, at *3 (9th Cir. June 20, 2025) (discussing requirements for associational standing).

a.  Apparent race or ethnicity;

b.  Speaking Spanish or speaking English with an accent;

c.  Presence at a particular location (e.g. bus stop, car wash, tow yard, day laborer pick up site, agricultural site, etc.); or

d.  The type of work one does.

3.  The Court, having found a strong likelihood of success on the merits and that the balance of equities overwhelmingly favors Plaintiffs, further ORDERS that no security shall be required under Federal Rule of Civil Procedure 65(c);

4.  Defendants are each hereby ORDERED TO SHOW CAUSE on _____, at _____ [a.m./p.m.], or as soon thereafter as counsel may be heard in the courtroom of the Honorable Maame Ewusi-Mensah Frimpong, located at 350 West First Street, Los Angeles, CA 90012, why a preliminary injunction should not issue ordering that:

a.  As required by the Fourth Amendment of the United States Constitution, Defendants are enjoined from conducting detentive stops in this District unless the agent or officer has reasonable suspicion that the person to be stopped is within the United States in violation of U.S. immigration law;

b.  In connection with paragraph (a), Defendants may not rely solely on the factors below, alone or in combination, to form reasonable suspicion for a detentive stop, except as permitted by law:

(i)  Apparent race or ethnicity;

(ii)  Speaking Spanish or speaking English with an accent;

(iii)  Presence at a particular location (e.g. bus stop, car wash, tow yard, day laborer pick up site, agricultural site, etc.); or

(iv)  The type of work one does.

-5-    Case No. 2:25-cv-05605-MEMF-SP

[PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF NO. #]

    c.    Defendants will maintain and provide documentation of detentive stops, including factors supporting reasonable suspicion, to Plaintiffs' counsel on a regular schedule;

    d.    Defendants will develop guidance concerning how agents and officers should determine whether "reasonable suspicion" exists when conducting detentive stops; and

    e.    Defendants will implement associated training for Defendants' agents and officers involved in immigration operations in this District.

IT IS SO ORDERED.

Dated: July __, 2025

_____

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

Case No. 2:25-cv-05605-MEMF-SP

[PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF NO. #]