UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:25-cv-05605-MEMF-SP                                              Date: July 17, 2025

Title   *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**

> Order DENYING Defendants' Ex Parte Application for Stay of Order Granting Temporary Restraining Order [ECF No. 94];
> Order DENYING AS MOOT Proposed Intervenor's Ex Parte Application to Advance Briefing Schedule on Motion to Intervene [ECF No. 93]; and
> Order Setting the Briefing Schedule and Hearing on Plaintiffs' Motion for Preliminary Injunction and Order to Show Cause [ECF No. 104].

Two weeks ago, the individuals and organizations who have brought this lawsuit asked this Court to order the federal government to stop conducting roving patrols without reasonable suspicion. The Court granted that request last week in a temporary restraining order, or TRO.

The Court addresses two new questions in this Order today:

> (1) Should this Court pause last week's TRO so that the federal government can appeal to the Ninth Circuit Court of Appeals?

> (2) Should the cities who want to formally participate in this case be allowed to have an early hearing on their request?

The Court's answer is *no* to both of these questions. The Court is saying no to the federal government's request to pause the TRO because the federal government did not follow the rules for making this request and because the federal government has not shown that it will be harmed if the Court does not pause the TRO.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-05605-MEMF-SP                                            Date: July 17, 2025

Title   *Pedro Vasquez Perdomo et al v. Kristi Noem et al*


In this Order, the Court also sets the deadlines for the individuals and organizations who have brought this lawsuit to present their arguments on whether the Court should issue a preliminary injunction order. That preliminary injunction order would last longer than the TRO that the Court has issued and, in addition to ordering the federal government to stop conducting roving patrols without reasonable suspicion, would also require the government to take certain additional steps that are described at the end of last week's TRO.

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-05605-MEMF-SP                                                                 Date: July 17, 2025

Title       <u>Pedro Vasquez Perdomo et al v. Kristi Noem et al</u>

**DEFENDANTS' EX PARTE APPLICATION FOR STAY OF ORDER GRANTING TEMPORARY RESTRAINING ORDER [ECF NO. 94]**

The Court is in receipt of Defendants' Ex Parte Application for Stay of Order Granting Temporary Restraining Order (ECF No. 94 ("Stay Ex Parte Application")) and Plaintiffs' Opposition thereto (ECF No. 100 ("Opp'n")).[1] For the reasons below, the Court DENIES the Stay Ex Parte Application.

As a preliminary matter, the Court finds that the Stay Ex Parte Application concerns only the TRO regarding the Fourth Amendment, which the Court referred to as the "Stop/Arrest TRO" in its prior TRO Order. ECF No. 87 ("TRO Order"). As such, the Court concludes that the Stay Ex Parte Application is for the Stop/Arrest TRO *only* and not the "Access/Detention TRO." *See id.* at 18–30 (Access/Detention TRO based on the Fifth Amendment), 31–48 (Stop/Arrest TRO based on the Fourth Amendment).

As to the Stop/Arrest TRO, the Court ordered that "Defendants may not rely solely on the factors below, alone or in combination, to form reasonable suspicion for a detentive stop, except as permitted by law: [1] Apparent race or ethnicity; [2] Speaking Spanish or speaking English with an accent; [3] Presence at a particular location (e.g. bus stop, car wash, tow yard, day laborer pick up site, agricultural site, etc.); or [4] The type of work one does." *Id*. at 50.

**The Court's Jurisdiction Over the Stay Ex Parte Application**

The Court finds that it has jurisdiction "to address aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002). Federal Rule of Civil Procedure 62(d) states that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P 62(d). Federal Rule of Appellate Procedure 8(a) similarly contemplates that a party may seek to stay an order pending appeal. Fed. R. App. P 8(a)(1)(A) ("A party must ordinarily move first in the district

---

[1] The Court is also in receipt of Plaintiffs' Notice of Errata with the corrected version of the Opposition (without the line numbers unredacted), ECF No. 102, and the parties' Joint Status Report Concerning Jurisdiction Pending Appeal, ECF No. 101.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     2:25-cv-05605-MEMF-SP                                              Date: July 17, 2025

Title     _Pedro Vasquez Perdomo et al v. Kristi Noem et al_

court for the following relief: a stay of the judgment or order of a district court pending appeal."). As such, the Court finds that it has jurisdiction to rule on the Stay Ex Parte Application.

**Defendants' Failure to Comply with Local Rule 7-19.1**

The Court finds that Defendants failed to comply with the procedural requirements of filing an ex parte application. The Local Rules state that "[a]n application for an ex parte order shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party, the reasons for the seeking of an ex parte order, and points and authorities in support thereof." L.R. 7-19.1. The Stay Ex Parte Application wholly lacks a memorandum containing the information identified in Local Rule 7-19.1. Although Plaintiffs ask this Court to nevertheless consider the Stay Ex Parte Application, this Court's own Civil Standing Order makes clear that "[a]pplications that do not meet the requirements set forth in Local Rule 7-19 will not be considered." Civil Standing Order § XII. Accordingly, the Court DENIES the Stay Ex Parte Application for failure to comply with Local Rule 7-19.1.

\*\*\*

**Even Without the Procedural Defect, the Stay Ex Parte Application Fails**

The Court finds that even without the failure to comply with Local Rule 7-19.1, Defendants' Stay Ex Parte Application fails on the merits because they have not shown that they will suffer irreparable harm.

_Applicable Law_

A stay pending appeal is an "extraordinary remedy." _United States v. Mitchell_, 971 F.3d 993, 999 (9th Cir. 2020). Such a "stay is not a matter of right, even if irreparable injury might otherwise result." _Nken v. Holder_, 556 U.S. 418, 433–34 (2009). In determining whether to grant a stay, a court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." _Id._ at 434.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                                    Date: July 17, 2025

Title   *Pedro Vasquez Perdomo et al v. Kristi Noem et al*


Irreparable harm is the threshold inquiry. *See Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) ("*Nken* instructed that if the petition has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors. We therefore begin our *Nken* analysis with consideration of irreparable harm.") (cleaned up). This Court likewise begins with whether Defendants have shown irreparable harm and finds that they have not.[2]

*Discussion*

Defendants argue that they "will suffer irreparable harm if the Court's injunction remains in effect," as it will have a "chilling effect" on the enforcement of immigration law. Stay Ex Parte Application at 13.

But this argument fails. As the Court found in the TRO Order, "[c]omplying with the law does not impose harm." TRO Order at 47–48; *see Zepeda v. INS,* 753 F.2d 719, 727 (9th Cir. 1983) (an agency "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations"). In particular, the Court analyzed at length the Fourth Amendment jurisprudence within the Ninth Circuit in its TRO Order, finding that the enumerated factors cannot serve as the sole bases for reasonable suspicion. *See* TRO Order at 42–46 (analyzing the four enumerated factors). The Court found that the TRO Order aligns directly with the Ninth Circuit's holding in *United States v. Manzo-Jurado*. *See* 457 F.3d 928, 939 (9th Cir. 2006) ("Although an officer . . . may rely in part on factors composing a broad profile, he must also observe *additional* information that winnows the broad profile into an objective and particularized suspicion of the person to be stopped."). The Court so concluded after reviewing the evidence before it and finding that Plaintiffs are likely to succeed in showing the seizures occurred without reasonable suspicion. TRO Order at 37–41. Insofar as the Court found that Defendants' seizures were unconstitutional and the TRO Order enjoins them from constitutional violations, Defendants "cannot reasonably assert that [they are] harmed in any legally cognizable sense." *Zepeda,* 753 F.2d at 727.

---

[2] Because Defendants failed to satisfy this threshold question, the Court need not evaluate the remaining *Nken* factors here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                                              Date: July 17, 2025

Title     <u>Pedro Vasquez Perdomo et al v. Kristi Noem et al</u>

Relatedly, Defendants provide no evidence that this Order—even if erroneous—will impair their ability to enforce immigration law.

First, although they proffer the declarations of Andre Quinones and Daniel I. Parra, each representing that the Order "will hamper officers' ability to conduct legitimate law enforcement operations," Defendants do not provide any specific instances where their operations *were* hampered because of the Order. *See* ECF Nos. 94-1 ("Quinones Declaration" or "Quinones Decl.") ¶¶ 8–9; 94-2 ("Parra Declaration" or "Parra Decl.") ¶ 13.

Second, although they assert that the TRO Order introduces "confusion and uncertainty," s*ee* Quinones Decl. ¶¶ 8–9; Parra Decl. ¶ 15, the TRO Order is actually very clear: It prohibits Defendants from "rely[ing] *solely* on the factors . . . , *alone or in combination . . . except as permitted by law* . . . ." TRO Order at 50 (emphasis added). The two Declarations show that the training already purportedly in effect accounts for this Order in such a way that the four enumerated facts are *part* of the totality of the circumstances approach:

> ERO Los Angeles officers are trained that, under the Fourth Amendment, case law, and relevant regulations, brief detentions for questioning requires an immigrant officer to have reasonable suspicion, based on specific, articulable facts . . . the geographical location . . . whether that location is known to be frequented by illegal aliens seeking work . . . individualized facts . . . any investigation or surveillance . . . and any other particularized facts . . . .

Quinones Decl. ¶ 5; Parra Decl. ¶ 11 (listing the same factors and representing that "[l]ocation and occupation as *part* of the totality of the circumstances are factors that contribute to developing reasonable suspicion") (emphasis added). Defendants argued similarly during the hearing. *See* ECF No. 90 ("Transcript") at 58:22–25 ("Plaintiffs' further suggestion that targeting specific locations or types of work is somehow inappropriate is also simply not the law. Those elements can be considered as *part* of a totality of the circumstances.") (emphasis added). These representations make clear that Defendants' agents are already trained to consider the four enumerated factors as *part* of reasonable suspicion formulation, not as *sole* factors thereof. As such, the Court does not find that the TRO Order introduces confusion or uncertainty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                        Date: July 17, 2025

Title   *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

Third, Quinones declares that the TRO Order is "vague and overbroad as to whether it applies to arrests in which Defendants have judicial warrants, or arrests made without a warrant, or both." Quinones Decl. ¶ 9. But what is vague about the TRO? The complaint concerns warrantless arrests, and the TRO Order is directed toward warrantless arrests—that is, those stops that require reasonable suspicion. And the Court explained the scope during the hearing—that it concerns warrantless searches and detentions. *See* Transcript at 48:19–49:7("There have been some arrests pursuant to warrants, which we're not really here to talk about. . . . And then I understand that separate from the targeting of individuals, there's the separate warrantless arrests and detention based upon the totality of the circumstances."). Given what the declarants have described about the nature of the training provided, it is not plausible that officers are of the view that arrests with a warrant also require reasonable suspicion and are therefore also covered by the TRO Order. The TRO Order is neither vague nor overbroad.

Fourth, Defendants argue that the field agents may no longer be able to use their "experience" to formulate reasonable suspicion, but the TRO Order says no such thing. What it does say—consistent with Ninth Circuit law—is that this experience, by itself, "cannot provide unbridled discretion and is no substitute for *objective* facts, *rational* inferences, and *permissible* deductions capable of *rational* explanation." *Compare* Quinones Decl. ¶ 9 *with* TRO Order at 44 (quoting *Orhorhaghe v. INS*, 38 F.3d 488, 499 (9th Cir. 1994)).

In sum, the Court concludes that the declarations are conclusory and speculative[3] and that they do not support a finding of irreparable harm. Defendants have therefore failed to show that they will suffer irreparable harm absent a stay.

**Conclusion**

Because Defendants have failed to show that they will be irreparably injured absent a stay, the Court DENIES the Stay Ex Parte Application.

---

[3] The declarants also testify that the field agents are facing "direct assault" and "extensive incidents of vandalism and sabotage." *See* Quinones Decl. ¶¶ 10–12; Parra Decl. ¶¶ 16–19. According to the declarants, the confusion, uncertainty, and other problems that the TRO Order allegedly introduces will cause field agents to hesitate and therefore be more vulnerable to these assaults, vandalism, and sabotage. As discussed above, the TRO Order does not introduce any confusion or uncertainty or any of the other problems described. Any hesitation would appear to flow from by the Constitutional requirements of forming reasonable suspicion before effectuating a stop, and not due to some defect in the TRO Order. This claim therefore cannot support the grant of a stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:25-cv-05605-MEMF-SP                                                      Date: July 17, 2025

Title   <u>Pedro Vasquez Perdomo et al v. Kristi Noem et al</u>

### EX PARTE APPLICATION TO ADVANCE BRIEFING SCHEDULE ON MOTION TO INTERVENE [ECF NO. 93]

The Court is in receipt of the Ex Parte Application to Advance Briefing Schedule on Motion to Intervene filed by the City of Los Angeles, the County of Los Angeles, the City of Culver City, the City of Montebello, the City of Monterey Park, the City of Pasadena, the City of Pico Rivera, the City of Santa Monica, and the City of West Hollywood ("Proposed Intervenors"). ECF No. 93 ("Intervenor Ex Parte Application"). Defendants filed their Opposition to the Intervenor Ex Parte Application on July 15, 2025. ECF No. 97. For the reasons below, the Court DENIES the Intervenor Ex Parte Application.

The Proposed Intervenors ask the Court to shorten the briefing schedule for the Motion to Intervene, which is currently scheduled for a hearing on August 21, 2025, such that any opposition would be due by July 16 and any reply would be due by July 17. Intervenor Ex Parte Application at 3. The Proposed Intervenors also request the Motion to Intervene be heard on July 18. *Id*. The Proposed Intervenors argue that this shortened briefing schedule and advancement of the hearing date are necessary for them to "assert their distinct interests in maintaining law and order and preserving crucial tax revenues in the preliminary injunction briefing and hearing, which will proceed and perhaps even finish before Intervenors' Motion [to Intervene] is scheduled to be heard on August 21, 2025." *Id*.

The Court finds that its Order regarding the briefing schedule and hearing for Plaintiffs' Motion for Preliminary Injunction and Order to Show Cause hearing largely moots the Proposed Intervenor's argument. The Court has scheduled the Preliminary Motion hearing for September 24, 2025, which is more than a month after the Proposed Intervenors' Motion to Intervene hearing. By the time the Court hears the Motion to Intervene, the briefing will not have completed for Plaintiffs' Motion for Preliminary Injunction.

Moreover, the Court is not persuaded that the Proposed Intervenors' interests necessarily need to be reflected in a separate set of briefs *as a party* on Plaintiffs' Motion for Preliminary Injunction, especially when it appears that the Proposed Intervenors' interests are aligned with those of the Plaintiffs and the Proposed Intervenors can seek leave to file an amicus brief as needed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                                Date: July 17, 2025

Title   <u>*Pedro Vasquez Perdomo et al v. Kristi Noem et al*</u>

As such, the Court DENIES AS MOOT the Intervenor Ex Parte Application.

/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-05605-MEMF-SP                              Date: July 17, 2025

Title     <u>Pedro Vasquez Perdomo et al v. Kristi Noem et al</u>

### BRIEFING SCHEDULE AND HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE [ECF NO. 104]

The Court is in receipt of the parties' Joint Status Report in Response to Court's Order on OSC Hearing and PI Briefing Schedule. ECF No. 104.

The Court ORDERS the following briefing schedule and hearing date for the Motion for Preliminary Injunction and Order to Show Cause hearing.

| Event | Dates |
|---|---|
| Preliminary Hearing Motion | Monday, July 28, 2025 |
| Opposition | Monday, August 25, 2025 |
| Reply | Monday, September 8, 2025 |
| Hearing | Wednesday, September 24, 2025, at 9:00 a.m. |

**IT IS SO ORDERED.**

|   | : |
|---|---|
| **Initials of Preparer** | DBE |