BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

JONATHAN K. ROSS
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-7662
Fax: (202) 305-7211
Email: Jonathan.K.Ross@usdoj.gov

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (SBN 335008)
PAULINE H. ALARCON (SBN 345785)
Assistant United States Attorneys
  Federal Building, Suite 7516
  300 North Los Angeles Street
  Los Angeles, California 90012
  Telephone: (213) 894-5557 | 3992
  E-mail: Alexander.Farrell@usdoj.gov
          Pauline.Alarcon@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| PEDRO VASQUEZ PERDOMO; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.*,<br><br>Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>**DEFENDANTS' NOTICE OF CLARIFICATION TO JOINT STATUS REPORT**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge |

Defendants file this Notice of Clarification to refine the Government's position in the Joint Status Report (ECF 101) submitted on July 15, 2025, regarding the impact of the Notice of Appeal on this Court's jurisdiction (ECF 89). The Joint Status Report is correct when it says this Court retains jurisdiction over matters unrelated to the appealed order, such as intervention. *Id.* at 2. The Court does not have jurisdiction, however, over any further preliminary-injunction proceedings on the Fourth or Fifth Amendment claims addressed in the Court's Temporary Restraining Order (Order). To the extent the Joint Status Report suggested otherwise, that was mistaken. *Id.* at 2-3.

"The filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). As the Court's Order shows, the Fourth and Fifth Amendment claims addressed in the Order are identical to the ones at issue in the potential preliminary-injunction proceedings. ECF 87 at 49-52 (ordering Government to show cause why a preliminary injunction should not be granted on the same Fifth and Fourth Amendment issues). Moreover, as explained in the Joint Status report (ECF 101 at 4-7), the Court's Order is appealable because it has the same "practical effect" as a preliminary injunction. *Newsom v. Trump*, 2025 WL 1712930, at *4 (9th Cir. June 19, 2025); *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 762-63 (9th Cir. 2018) (citing *Sampson v. Murray*, 415 U.S. 61, 86–88 (1974)). This is reinforced by the fact that the Order has no deadline and the preliminary injunction hearing is months away (ECF 108), much longer than a TRO. Fed. R. Civ. P. 65(b)(2). Accordingly, any preliminary injunction would effectively amount to a modification of the Order on appeal, which this Court lacks jurisdiction to do. *See Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) ("A district court lacks jurisdiction to modify an injunction once it has been appealed except to maintain the status quo among the parties.").

Precedent is in accord. Just weeks ago, Judge Breyer came to the same conclusion when his TRO was appealed and stayed in *Newsom v. Trump*, 25-cv-04870 (N.D. Cal.), ECF 101 at 2.  As he explained, "the Court cannot interfere with the subject of the appeal—

1

the validity of President Trump's federalization of the National Guard," through further preliminary-injunction proceedings. *Id.* The situation here is identical.  Likewise, just this week a district court in Maryland held that it lacked jurisdiction to issue a class-wide preliminary injunction concerning birthright citizenship because an injunction on the same issue was already on appeal at the Fourth Circuit.  *CASA, Inc. v. Trump*, 8:25-cv-201 (D. Md.), ECF 119 at 5-7 (citing *New York v. U.S. Dep't of Commerce*, 974 F.3d 210, 212 (2d Cir. 2020)).

This point holds as to both the Fourth Amendment claims and the Fifth Amendment claims. While the Government's stay motion in the Ninth Circuit only sought emergency relief with respect to the Fourth Amendment injunction, the *Notice of Appeal* related to the entire Order. ECF 89. And that Order addressed both the Fourth and Fifth Amendment claims. ECF 87 at 49-52. So this Court lacks jurisdiction over both those "aspects of the case." *See Townley v. Miller*, 693 F.3d 1041, 1042 (9th Cir. 2012) (filing of a notice of appeal generally divests the court of jurisdiction over the matters appealed).

In short, to the extent the Joint Status Report suggested that this Court retains jurisdiction over any preliminary-injunction proceedings as to either the Fourth or Fifth Amendment claims, that was inaccurate. The pending appeal divests this Court of that jurisdiction. As a result, the Court's briefing and hearing schedule for the preliminary injunction must be vacated. ECF 108.

Dated: July 18, 2025                    Respectfully submitted,


                                        BRETT A. SHUMATE
                                        Assistant Attorney General
                                        Civil Division

                                        DREW C. ENSIGN
                                        Deputy Assistant Attorney General

                                        TIBERIUS DAVIS
                                        SEAN SKEDZIELEWSKI
                                        Counsel to the Assistant Attorney General

                                        */s/ Jonathan K. Ross*
                                        JONATHAN K. ROSS
                                        Senior Litigation Counsel
                                        Office of Immigration Litigation
                                        U.S. Department of Justice
                                        P.O. Box 878, Ben Franklin Station
                                        Washington, D.C. 20044
                                        Telephone: (202) 305-7662
                                        Jonathan.K.Ross@usdoj.gov

                                        *Counsel for Defendants*

3