Stacy Tolchin (CA SBN #217431)
Law Offices of Stacy Tolchin
776 E. Green St., Ste. 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email: Stacy@Tolchinimmigration.com

Counsel for Petitioner Carlos Osorto

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO, *et al*,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>Kristi NOEM, Secretary, Department of Homeland Security, et al,<br><br>Respondents-Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>**PETITIONER CARLOS OSORTO'S *EX PARTE* APPLICATION FOR RELEASE FROM IMMIGRATION CUSTODY**<br><br>Before: Hon. Magistrate Judge Sheri Pym |

For the reasons explained in the accompanying Memorandum of Points and Authorities, Petitioner Carlos Osorto hereby makes this Ex Parte Application for Release from Immigration Custody. Petitioner Osorto was detained on June 18, 2025 by immigration authorities and continues to be detained, notwithstanding the Department of Homeland Security's (DHS) ability to release him from custody. Briefing on the petition for writ of habeas corpus in this case was stayed based on the representation that Petitioner Osorto could seek a bond redetermination hearing before the immigration judge. Despite that representation, DHS argued directly to the immigration court that the court lacked the authority to consider bond, which the immigration judge adopted.

As a result of Respondents' actions, Petitioner Osorto is being detained in violation of his personal liberty after representations made to this Court that he would be able to seek release before an immigration judge. Petitioner Osorto requests that the Court exercise its inherent authority and grant his release from custody, and set a reasonable bond if necessary. *Ex parte* relief is necessary due to the one month of detention that Petitioner Osorto has endured while waiting for a bond hearing that Respondents argued he was entitled to in this Court, while DHS argued that he was not entitled to that bond hearing in immigration court. Further, Petitioner Osorto is facing significant medical issues including high blood pressure, dizziness, and slowed speech. This Motion is based on the Petition for Writ of Habeas Corpus, Memorandum of Points and Authorities, and the declaration and exhibits in support thereof.

Respondents were advised on July 21, 2025 that Petitioner Osorto would be filing this ex parte application and of the contents of this application. Tolchin Decl. ¶ 4. See Local Rule 17-19.1. Respondents have responded:

As reflected in ECF No. 106, "Respondents will promptly request that Mr. Osorto receive an expedited bond hearing, and will agree there is jurisdiction for a bond hearing for him." Respondents have made these efforts, and they are continuing to do so. Respondents oppose your *ex parte* application, to the extent that it attempts to circumvent bond process and the Immigration Judge's authority, but they agree that the IJ should promptly hold a bond hearing and that there is jurisdiction for it.

Counsel for Respondents are as follows:

    PAULINE H. ALARCON (Cal. Bar No. 345785)
    Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3992
    E-mail: Pauline.Alarcon@usdoj.gov

Dated : July 21, 2025　　　　　　　　*/s/ Stacy Tolchin*
　　　　　　　　　　　　　　　　　　Stacy Tolchin

I.  **INTRODUCTION**

Petitioner Carlos Osorto is a named Plaintiff in this action seeking relief, including for his unlawful detention as the result of an immigration enforcement action that took place in Pasadena, California on June 18, 2025, when he and two other individuals, Pedro Vasquez Perdomo and Isaac Villegas Molina, were stopped and arrested by immigration authorities. Dkt # 1. A temporary restraining order in the case was issued on July 11, 2025, a portion of which has been appealed to the Ninth Circuit, and the larger case remains pending before Judge Frimpong. Vasquez Perdomo v. Noem, No. 25-4312 (9th Cir.).

Petitioner Osorto is the only one among the original petitioners in this lawsuit who remains detained today. Pedro Vasquez Perdomo and Isaac Villegas Molina were issued orders of release by immigration judges and are no longer in custody. Tolchin Dec. Exh. A. This Court has held briefing in abeyance on the habeas petition for the three Petitioners because of the representation from Respondents that Petitioner Osorto could pursue a bond hearing before an immigration judge. Despite Respondents' representations to this Court, when Petitioner Osorto appeared for a bond hearing on July 16, 2025, the Department of Homeland Security (DHS) argued to the immigration judge that it lacked jurisdiction over a bond redetermination hearing. Tolchin Dec. ¶ 9. As a result, the immigration judge ordered that he did not have jurisdiction over a bond request. Tolchin Dec. Exh. E.

In light of the immigration judge order, Respondents have agreed to request a new bond hearing and maintain at the next bond hearing that the immigration court has jurisdiction over the bond. Dkt # 106. However, as of the date of filing of this motion, no bond hearing has been set. Tolchin Dec. ¶ 11. And, more importantly,

DHS' position does not require the immigration judge to reconsider his jurisdictional finding.

However, despite the immigration court jurisdictional issue, nothing precludes DHS from releasing Petitioner Osorto itself on a reasonable bond. Nevertheless, DHS has refused to release Petitioner Osorto under a reasonable bond. Tolchin Dec. ¶ 12. Petitioner Osorto has now been in custody for more than one month.

Petitioner Osorto is having health concerns as his blood pressure continues to rise. Tolchin Dec. Exh. E. He has been detained for over a month without a bond hearing. Petitioner Osorto has a history of high blood pressure and on July 10, 2025 reported to an attorney with the National Day Laborer Organizing Network that he had experienced sever symptoms similar to those leading up to a stroke, including dizziness, headaches and confusion. Tolchin Dec. Exh. F. Petitioner Osorto's blood pressure has been highly elevated at 190 in recent weeks. Id. In addition, he has experienced a skin rash that is causing his skin to burn and peel. Id. Attorney Michael Caleb Soto with the National Day Laborer Organizing Network states that he is concerned for Petitioner Osorto's health and that when he met with him on July 15, 2025, he did not look well, and this is "speech was slow and his breathing heavy and labored." Id. Mr. Soto states that he does not believe that Mr. Osorto is receiving adequate medical attention and that his health will continue to deteriorate, resulting in a health crisis. Id.

As such, the Court should exercise its inherent authority to grant Mr. Osorto's release pending adjudication of his habeas, following the reasoning of Mapp v. Reno, 241 F.3d 221, 230 (2d Cir. 2001).

2

II.     **STATEMENT OF FACTS**

Petitioner Osorto is a resident of Pasadena, California and one of three Pasadena residents who was arrested and detained by immigration enforcement officers in Pasadena, California on June 18, 2025.[1]

Petitioners filed a petition for writ of habeas corpus challenging the lawfulness of their arrest on June 20, 2025, requesting that they be released from custody, or alternatively that they not be transferred or removed from this district. Dkt # 1. On June 20, 2025, Respondents agreed to detain Petitioners in this judicial district and to not transfer them until there was a decision on a bond hearing, and Petitioners therefore agreed to withdraw their application for a temporary restraining order. Dkt # 9. On June 24, 2025, the Court held a status conference and ordered that briefing on the pending habeas would be held in abeyance while Petitioners scheduled a bond hearing before an immigration judge. Dkt # 13.

On July 2, 2025, a First Amended Complaint was filed, maintaining the original claims in the habeas petition, and adding challenges to unlawful detention and warrantless arrests, and the denial of counsel and detention conditions. Dkt # 16. Two Ex Parte Applications for Temporary Restraining Orders were filed challenging unlawful detentions without reasonable suspicion and the denial of access to counsel. Dkt # # 38, 45.

On July 8, 2025, the parties notified the Court that Petitioners Pedro Vasquez Perdomo and Isaac Villegas Molina, two of the original Pasadena petitioners, were granted bond by the immigration judge and were scheduled to be released from custody. Dkt # 62.

On July 11, 2025, the Court granted the two applications for temporary

---

[1] https://www.foxla.com/news/pasadena-ice-raid-june-18

restraining orders, and Respondents appealed the decision as to one of the temporary restraining orders to the Ninth Circuit on July 13, 2025. Dkt # 87, 89. A preliminary injunction hearing has been set, and briefing will move forward in the Ninth Circuit appeal.

Petitioner Osorto was scheduled for a bond hearing with the immigration court for June 16, 2025, at which time DHS provided Petitioner Osorto's criminal background check information. Tolchin Dec. Exh. D.[2] Petitioner also provided documentation to demonstrate that he was not a danger to others nor a flight risk, and therefore eligible for release pursuant to 8 U.S.C. § 1226(a). Tolchin Dec. Exh. D. At the June 16, 2025 hearing, DHS argued that the immigration judge lacked jurisdiction over a bond redetermination hearing because Petitioner Osorto is alleged to have entered the United States without inspection, and therefore is seeking admission and ineligible for a bond redetermination hearing. Tolchin Dec. ¶ 9. Based on this, DHS argued that the immigration judge lacked authority to conduct a bond hearing. See 8 U.S.C. § 1225(b)(2). Tolchin Dec. ¶ 8. The immigration judge agreed, and denied bond to Petitioner Osorto. Tolchin Dec. Exh. F.

On July 17, 2025, reversing the position they took the day prior, Defendants agreed to "promptly request that Mr. Osorto receive an expedited bond hearing, and will agree there is jurisdiction for a bond hearing for him." Dkt # 106. However, as of the date of filing of this motion, four days later, no bond hearing has been set. Tolchin Dec. ¶ 11. Petitioner Osorto continues to be detained in Adelanto without a

---

[2] Petitioner Osorto has one misdemeanor conviction for disorderly conduct from 2017, with a sentence of two days in jail, and one infraction from 2018. Tolchin Dec. Exh. D. He has also lived in Pasadena, California for 14 years. Tolchin Dec. Exh. C.

4

bond hearing. He has requested release from DHS with a reasonable bond, but DHS has refused to agree to release. Tolchin Dec. ¶ 12.

### III. ARGUMENT

This Court has the authority to grant Mr. Osorto's release pending adjudication of his habeas under Mapp v. Reno, 241 F.3d 221, 230 (2d Cir. 2001). Under Mapp, this Court has the "inherent authority" to set bail pending the adjudication of a habeas petition when the petition has raised (1) substantial claims and (2) extraordinary circumstances that (3) "make the grant of bail necessary to make the habeas remedy effective." Id.; see also Elkimya v. Dep't of Homeland Sec., 484 F.3d 151, 154 (2d Cir. 2007) (discussing standard and holding that the REAL ID Act of 2005 "did not qualify our inherent authority to admit bail to petitioners in immigration cases"). See e.g. Ozturk v. Trump, No. 2:25-CV-374, 2025 WL 1420540, at *10 (D. Vt. May 16, 2025); Mahdawi v. Trump, No. 2:25-CV-389, 2025 WL 1243135, at *14 (D. Vt. Apr. 30, 2025); United States v. Nkanga, 452 F. Supp. 3d 91, 96 (S.D.N.Y. 2020); Avendano Hernandez v. Decker, 450 F. Supp. 3d 443 (S.D.N.Y. 2020); Coronel v. Decker, 449 F. Supp. 3d 274, 290 (S.D.N.Y. 2020); Barbecho v. Decker, No. 20-CV-2821 (AJN), 2020 WL 2513468, at *7 (S.D.N.Y. May 15, 2020); S.N.C. v. Sessions, No. 18 Civ. 7680 (LGS), 2018 WL 6175902, at *6 (S.D.N.Y. Nov. 26, 2018); Kiadii v. Decker, 423 F. Supp. 3d 18 (S.D.N.Y. 2018); D'Alessandro v. Mukasey, No. 08 Civ. 914, 2009 WL 799957, at *3 (W.D.N.Y. Mar. 25, 2009).

While the Ninth Circuit has not explicitly adopted the Mapp standard, it has recognized that district courts have the inherent authority to order release while a district court action is pending. See e.g. Nadarajah v. Gonzales, 443 F.3d 1069, 1084 (9th Cir. 2006)("we grant his motion for immediate release, subject to terms

and conditions to be set by the appropriate delegate of the Attorney General."); Gebreweldi v. Barr, No. 20-71009, 2020 WL 13017241, at *1 (9th Cir. May 1, 2020) (unpublished) ("the district court can adjudicate petitioner's request for release under 28 U.S.C. § 2241, and we anticipate that it will do so promptly.."); Singh v. United States Citizenship & Immigr. Servs., No. SACV171538JVSJCGX, 2018 WL 6265006, at *3 (C.D. Cal. Mar. 8, 2018) ("The Court further orders that Singh be released from custody forthwith pending further proceedings in this case.")

Mapp confirms that the federal courts have the inherent authority to order release in the immigration context but emphasized the "limited" nature of that authority, which is "to be exercised in special cases only," when "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective" 241 F.3d at 226. Petitioner Osorto presents that case here.

Petitioner Osorto has been in immigration custody since June 18, 2025, now for over one month. He is detained at the Adelanto detention center and is the subject of a pending removal proceeding. Tolchin Dec. Exh. B. On June 20, 2025, Respondents agreed to detain Petitioner Osorto in this judicial district and to not transfer him until there was a decision on a bond hearing, and Petitioner Osorto therefore agreed to withdraw his application for a temporary restraining order which had sought, among other things, and order of immediate release. Dkt # 9. On June 24, 2025, the Court held a status conference and ordered that briefing on the pending habeas would be held in abeyance while Petitioners scheduled a bond hearing before an immigration judge. Dkt # 13. On July 8, 2025, the parties notified the Court that Petitioners Pedro Vasquez Perdomo and Isaac Villegas Molina were granted bond by the immigration judge and were scheduled to be released from

custody. Dkt # 62.

While the other two lead petitioners in this case, Pedro Vasquez Perdomo and Isaac Villegas Molina, were issued bond decisions and released from immigration custody on June 8, 2025, Petitioner Osorto continues to be detained without having had a bond hearing where he may demonstrate that he is not a danger to others or a flight risk. 8 U.S.C. § 1226(a). Petitioner Osorto was scheduled for a bond hearing with the immigration court for June 16, 2025, at which time DHS provided Petitioner Osorto's criminal background check information. Tolchin Dec. Exh. D. Petitioner also provided documentation to demonstrate that he is not a danger to others nor a flight risk. Tolchin Dec. Exh. C.

Then, at the June 16, 2025 hearing, DHS for the first time argued that the immigration judge lacked jurisdiction over a bond redetermination hearing because Petitioner Osorto is alleged to have entered the United States without inspection, and therefore is seeking admission and is ineligible for a bond redetermination hearing citing 8 U.S.C. § 1225(b)(2). Tolchin Dec. ¶ 9. Based on this, DHS argued that the immigration judge lacked authority to conduct a bond hearing. Tolchin Dec. ¶ 9. This position is based on a new policy memorandum that instructs DHS officials to make this novel legal argument in cases where an individual is alleged to have entered the United States without inspection.[3] The immigration judge agreed, and denied bond to Petitioner Osorto. Tolchin Dec. Exh. F.

It is incredible that Respondents maintained to this Court that Petitioner Osorto was entitled to a bond redetermination hearing before the immigration

---

[3] "ICE declares millions of undocumented immigrants ineligible for bond hearings," *Washington Post,* (Jul. 15, 2025) https://www.washingtonpost.com/immigration/2025/07/14/ice-trump-undocumented-immigrants-bond-hearings/

7

judge, while at the same time DHS asserted to the immigration judge that the Court lacked jurisdiction to consider bond. Tolchin Dec. ¶ 9. Further, DHS was fully aware that Petitioner Osorto was the subject of a pending habeas in this Court, as the filings were included before the immigration court. Tolchin Dec. Exh. C. There is no assurance that Petitioner Osorto will be provided an expeditious bond hearing, nor is there any assurance that the immigration judge will independently reconsider his finding of a lack of jurisdiction, even if DHS agrees that the immigration court has jurisdiction in this case to consider bond. This is an exceptional case warranting consideration of an order of release under the Court's inherent authority and Mapp v. Reno.

Briefing in this case has been stayed under the parties' agreement that Petitioner Osorto would be able to proceed with a bond redetermination hearing before an immigration judge. When made aware of the immigration court's decision, parties notified the Court on July 17, 2025 that "Respondents will promptly request that Mr. Osorto receive an expedited bond hearing, and will agree there is jurisdiction for a bond hearing for him." Dkt # 106. As of the filing of this motion, no bond hearing has been set. Tolchin Dec. ¶ 11.

While the legal issue of whether the immigration court has jurisdiction over a bond redetermination hearing for an individual who entered the United States without admission or parole is pending before this Court in another matter, that issue does not stop DHS or this Court from granting release hear. Arrazola-Gonzalez v. Noem, 5:25-cv-01789-ODW-DFM (C.D. Cal.). The law is clear that the barrier to jurisdiction is only for the immigration judge. Matter of Li, 29 I. & N. Dec. 66, 69 (BIA 2025). Despite Petitioner Osorto's requests for release on a bond issued by DHS (as opposed to the immigration judge), DHS has refused to issue a

8

bond. Tolchin Dec. ¶ 12.

In the meantime, Petitioner Osorto continues to needlessly be detained at the Adelanto detention center, now in excess of one month. He is experiencing blood pressure issues and his health has become a great concern. Tolchin Dec. Exh. F. Petitioner Osorto is experiencing dangerously high blood pressure, dizziness, headaches, a facial rash, and slow labored speech. Tolchin Dec. Exh. F. He has a history of high blood pressure, and attorney Soto who visited with him is concerned that he is not getting proper treatment and is at risk of a medical crisis. Id. Further, DHS and Petitioner Osorto have already submitted their filings to the immigration court, addressing Petitioner's community ties, minor criminal history consisting of one misdemeanor and one infraction, and have provided the evidence that the immigration judge would have considered if he had found that there was jurisdiction over a bond redetermination hearing. Tolchin Dec. Exhs. C and D.

## IV. CONCLUSION

As such, Petitioner Osorto requests that this Court issue an order of release from custody and, if necessary, that he set a reasonable bond of $5,000 to the Department of Homeland Security.

Dated: July 21, 2025

Respectfully Submitted,

S/Stacy Tolchin

Stacy Tolchin
Law Offices of Stacy Tolchin
776 E. Green St., Ste. 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Stacy@Tolchinimmigration.com

Counsel for Petitioner Osorto