# UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

Pedro VASQUEZ PERDOMO, *et al*,

Petitioners-Plaintiffs,

v.

Kristi NOEM, Secretary, Department of Homeland Security, et al,

Respondents-Defendants

Case No. 2:25-cv-05605-MEMF-SP

[PROPOSED] ORDER GRANTING PETITIONER CARLOS OSORTO'S *EX PARTE* APPLICATION FOR RELEASE FROM IMMIGRATION CUSTODY

*Hon. Magistrate Judge Sheri Pym*

This matter has come before this Court on Petitioner Carlos Osorto's *Ex Parte* Application for Release from Immigration custody. Petitioner Osorto has been detained by immigration authorities since June 18, 2025, for more than one month. He filed a petition for writ of habeas corpus on June 20, 2025, and the Court stayed briefing on the habeas based on the representation by Respondents that he would be entitled to a bond redetermination hearing before an immigration judge. On July 16, 2025 he appeared before the immigration judge for his bond redetermination hearing, at which time the Department of Homeland Security (DHS) argued to the immigration judge that the judge, in fact, *lacked* jurisdiction over a bond hearing because Petitioner Carlos Osorto was alleged to have entered the United States without inspection or admission. This position was contrary to the representation made in this Court by Respondents.

This Court has the inherent authority to consider a petitioner's release from immigration detention. Mapp v. Reno, 241 F.3d 221, 230 (2d Cir. 2001. The Court finds that *ex parte* relief is warranted to consider release from custody given that Petitioner Osorto has now been detained for more than one month based on Respondents' representations that he was entitled to seek bond before an immigration judge, and then the government reversed course at the July 16, 2025 hearing. Further, Petitioner Osorto appears to be experiencing high blood pressure, dizziness, slowed speech, and other concerning health symptoms. Both Petitioner Osorto and DHS filed documents in the bond case that would have been considered by the immigration court to assess whether he was a danger to others or a flight risk, had the judge determined that he had jurisdiction. This is a case which warrants the exercise of authority to consider Petitioner Osorto's release, and the Court finds that Petitioner Osorto is neither a danger to others nor a flight risk. The Court orders that Petitioner is entitled to release from immigration custody.

IT IS SO ORDERED.

Date: _____, 2025.

_____
Hon. Magistrate Judge Sheri Pym
United States Magistrate Judge