STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRAN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
OLIVER MA (SBN 354266)
*oma@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
DIANA SANCHEZ (SBN 338871)
*dianasanchez@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Telephone: (213) 977-5232
Facsimile: (213) 201-7878

*Counsel for Stop/Arrest Plaintiffs*
(*additional counsel information on cont. page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977

*Counsel for All Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER,<br><br>        Plaintiffs,<br><br>   v.<br><br>Kristi NOEM, in her official capacity as Secretary, Department of Homeland | Case No.: 2:25-cv-05605-MEMF-SP<br><br>**PLAINTIFFS' REQUEST TO STRIKE DEFENDANTS' "NOTICE OF CLARIFICATION" [ECF NO. 110]**<br><br>Hon. Maame Ewusi-Mensah Frimpong |

Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

Defendants.

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL
JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Telephone: (949) 824-9894
Facsimile:  (949) 824-2747

*Counsel for Stop/Arrest Plaintiffs*

LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Telephone: (212) 763-0883
Facsimile: (212) 564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO
(SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave Suite 300
Bakersfield, CA 93301
Telephone: (661) 859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST**
*cbergquist@chirla.org*
COALITION FOR HUMANE
IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Telephone: (310) 279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW
CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Telephone: (213) 634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Pro hac vice application forthcoming
** Pro hac vice application granted

Plaintiffs request this Court strike Defendants' unsolicited "Notice of Clarification" because it is procedurally improper. *See* ECF 110. Moreover, Defendants' "Notice of Clarification" is substantively erroneous.

On July 11, 2025, the Court issued a temporary restraining order in response to two applications filed by Plaintiffs, one concerning Plaintiffs' Fourth Amendment claim challenging Defendants' detentive stops (ECF 45) and one concerning Plaintiffs' Fifth Amendment claim challenging Defendants' failure to provide access to counsel to Plaintiffs at the makeshift detention center in B-18 (ECF 38). *See* ECF 87. Two days later, Defendants filed a Notice of Appeal indicating their intent to appeal "ECF No. 87, Order Granting TRO (No. 45)." ECF 89. On July 14, the Court solicited the Parties' positions whether "the TRO Order is appealable and whether the Notice of Appeal divests this Court of jurisdiction." ECF 95. In response, the Parties filed a Joint Status Report setting forth the issues on which they agreed and those on which they did not agree. ECF 101. In that document, Defendants expressly agreed that "appeal of the TRO order does not prevent the Court from considering Plaintiffs' request for a preliminary injunction, including on the Fourth Amendment claim." *Id.* at 2 (citing *E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1094, 1105 n.3 (N.D. Cal. 2018), *aff'd*, 950 F.3d 1242 (9th Cir. 2020), *and aff'd sub. Nom. E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021)). Further, in response to a request from the Court, Defendants provided a proposed briefing schedule (along with Plaintiffs) for Plaintiffs' anticipated motion for a preliminary injunction, saying nothing about jurisdiction. ECF 104. The Court subsequently considered the Parties' respective proposed briefing schedules and, on July 17, set a briefing schedule and hearing. ECF 108.

While styled as a "Notice of Clarification," Defendants' filing is not a clarification at all but a wholesale disavowal of their prior position. They provide no explanation for why they took a different position before, what has changed, or why they did not alert the Court (or Plaintiffs) to their new position until *after* the Court

1

issued its order setting a briefing schedule and hearing. Moreover, while the document is called a "Notice," Defendants state that the Court's July 17 order "must be vacated" but they make no request or motion that it be so vacated.

The Court should strike (or disregard) this "Notice" because it is procedurally improper. If Defendants wanted to seek reconsideration of the Court's July 17 order, they could have done so pursuant to Federal Rule of Civil Procedure 60 and Local Rule 7-18. They have neither followed these procedures nor attempted to make out the specific showings required in such a motion. *See Gary G. v. Newsom*, No. 5:23-CV-00947-MEMF-BFM, 2025 WL 1754951, at *2 (C.D. Cal. June 24, 2025); *see also Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 775 (N.D. Cal. 2017), *aff'd*, 749 F. App'x 557 (9th Cir. 2019) ("issues that were previously resolved and were not raised on appeal are the law of the case and are not subject to relitigation absent a motion for leave to file a motion for reconsideration."). There is no justification for why Defendants did not raise the issues in its filing earlier and no live request to which their filing relates. Defendants' "Notice" therefore does not belong on the docket.

Moreover, Defendants' "Notice" is wrong on the merits. This Court is not divested of jurisdiction to move forward with preliminary injunction proceedings while a TRO is on appeal, even if the TRO concerns the same issues. *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (appeal of an initial preliminary injunction does not divest district court of jurisdiction to issue a second injunction during pendency of the appeal); *Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1068 (9th Cir. 2010) (not disturbing district court's ruling on a preliminary injunction concerning issues decided in a TRO, even after the TRO was appealed); Fed. R. Civ. P. 62(d). Defendants do not even try to address the relevant Ninth Circuit authority on this point—though, notably, they do concede that the District Court retains jurisdiction to modify an injunction to

maintain the status quo. ECF 110 at 2. Defendants' only citations are to inapposite cases deciding different issues. *See id.* at 1–2.

Defendants go even further in their filing and suggest that the Court may not even address a motion for preliminary injunction on Plaintiffs' Fifth Amendment claim relating to the portion of the Court's TRO that Defendants *have not appealed*. This likewise contradicts their prior position. *See* ECF 101. Their argument now is that the Notice of Appeal relates to ECF 89, which encompassed both TROs. ECF 110 at 2. But the Notice of Appeal's reference to ECF 89 specifies the appeal is for the application for a TRO docketed as "No. 45" (the Fourth Amendment TRO). Defendants' counsel also represented to Plaintiffs' counsel that they were only appealing the Fourth Amendment TRO at this time. *See* Declaration of Mohammad Tajsar ¶¶ 5–6, Ex. 1.

Accordingly, Plaintiffs request this Court strike or disregard Defendants' "Notice of Clarification."

Dated: July 21, 2025

Respectfully submitted,

*/s/ Mohammad Tajsar*

ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Telephone: (213) 977-5232

*Counsel for Stop/Arrest Plaintiffs*

*/s/ Matthew J. Craig*

HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Telephone: (212) 763-0883

*Counsel for Access/Conditions Plaintiffs*