BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAULINE H. ALARCON (Cal. Bar No. 345785)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3992
    E-mail: Pauline.Alarcon@usdoj.gov
Attorneys for Respondents

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO, *et al*,<br><br>　　　　Petitioners-Plaintiffs,<br><br>　　　v.<br><br>Kristi NOEM, Secretary, Department of Homeland Security, *et al*,<br>　　　　Respondents-Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>**RESPONDENTS' FURTHER OPPOSITION TO PETITIONER CARLOS OSORTO'S *EX PARTE* APPLICATION FOR RELEASE FROM IMMIGRATION CUSTODY**<br><br>Honorable Sheri Pym<br>United States Magistrate Judge |

Respondents thank the Court for the opportunity to file a further response to Petitioner's *Ex Parte* Application to address issues raised by the Immigration Judge's July 23, 2025 Order, issued very shortly before the teleconference the Court held at 10:00 a.m. that day. After reviewing the relevant papers, Respondents agree that the Immigration Judge's July 23, 2025, Order determined that there is no jurisdiction to hold a bond hearing, even if the Respondents requested it. Accordingly, the Immigration Court has issued what appears to be its final ruling on the subject.

With respect to the Immigration Court's broader finding that it lacks jurisdiction to hold a bond hearing, an *ex parte* application challenging that specific legal issue is currently pending, *Bautista et al v. Santacruz Jr. et al*, 5:25-cv-01873-SSS-BFM, Dkt. 5. The government's position on the lack of jurisdiction for such bond hearings is set forth in detail in the opposition it filed to that application, *id.*, Dkt. 8. Respondents expect an imminent decision on that application, and that such decision would inform the Court's resolution of the parallel legal issues raised in this case as to whether the Immigration Court may promptly conduct a bond hearing.

Respondents assert that the Immigration Judge possesses inherent authority over this process and, if any bond hearing is required, then it would properly need to be held in the Immigration Court, not in the District Court.

With respect to Petitioner Osorto's request for release on bond, having reviewed the file (which includes Petitioner Osorto's request for bond before the Immigration Court), Respondents agree that this Court has a full record with respect to Petitioner's criminal history (Dkt. 111-1, Ex. D, p. 121, 126-130) and his risk of flight (*id.*, Decl. of Carlos Alexander Osorto, ¶ 6).

For the foregoing reasons, and those set forth in the Opposition (Dkt. 113), Respondents respectfully request the Court deny the *Ex Parte* Application. Further, should the Court nonetheless decide to grant the *Ex Parte* Application, the Immigration Court would continue to be the appropriate forum where bond hearings must be held.

1

Dated: July 25, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

      /s/ *Pauline H. Alarcon*
PAULINE H. ALARCON
Assistant United States Attorney

Attorneys for Respondents-Defendants

2