UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. | 2:25-cv-05605-MEMF-SP    Date: July 29, 2025 |
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al* |

Present: The Honorable: **Maame Ewusi-Mensah Frimpong**

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order GRANTING Motion to Intervene [ECF No. 61]**

This lawsuit was brought by a number of individuals and organizations. The cities of Los Angeles, Culver City, Montebello, Monterey Park, Pasadena, Pico Rivera, Santa Monica, and West Hollywood as well as the County of Los Angeles have now asked to formally participate in this lawsuit, which is called "intervening." They have explained that the federal government's actions have caused them harm in addition to the harm that the actions have caused to the individuals and organizations who have brought the lawsuit and that what they are seeking in response to the federal government's actions is not completely the same as what the individuals and organizations are seeking.

The individuals and organizations in the lawsuit do not disagree with the formal participation by the cities and Los Angeles County. The federal government did not submit anything to the Court stating that it disagrees, either.

This Court grants the request to formally participate.

/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                                                 Date: July 29, 2025

Title   <u>Pedro Vasquez Perdomo et al v. Kristi Noem et al</u>

The Court is in receipt of the Motion to Intervene filed by the City of Los Angeles, the County of Los Angeles, the City of Culver City, the City of Montebello, the City of Monterey Park, the City of Pasadena, the City of Pico Rivera, the City of Santa Monica, and the City of West Hollywood ("Proposed Intervenors"). ECF No. 61 ("Motion" or "Mot."). The Court deems this matter appropriate for resolution without oral argument and vacates the hearing set for August 21, 2025. *See* C.D. Cal. L.R. 7-15.

Under Local Rule 7-12, this Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." C.D. Cal. L.R. 7-12.

This Court's operative Civil Standing Order[1] clearly instructs the parties that "all Motions must be filed in accordance with the following modified briefing schedule, **which differs from the timing of the Local Rules** . . . Opposition: Must be filed no later than fourteen (14) days after the filing of the initial Motion . . . ." Civil Standing Order § VIII.B (emphasis in original).

Here, the Proposed Intervenors filed the Motion on July 8, 2025. Defendants' Opposition, then, was due on July 22, 2025. As of the date of this Order, Defendants did not file any Opposition or Notice of Non-Opposition. (The Court also notes that, according to the Proposed Intervenors, Defendants, when asked, indicated that they could not take a position on the Motion at that time. Mot. at 4.[2, 3]) Under Local Rule 7-12, the Court deems Defendants' failure to timely oppose the Motion consent to granting the Motion. As such, the Court GRANTS the Motion.

---

[1] The operative Civil Standing Order is available at https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong.

[2] The Court refers to the page number generated by the CM/ECF system.

[3] Defendants argued in their Opposition (ECF No. 97) to the Proposed Intervenors' Ex Parte Application to Advance Briefing Schedule on Motion to Intervene (ECF No. 93) that the Proposed Intervenors failed to comply with Local Rule 7-3's meet and confer requirement prior to filing the instant Motion. ECF No. 97 at 1 n.1. The Court finds that the Proposed Intervenors *did* fail to comply with the Local Rule, as the Motion, when read as a whole, does not indicate that it is "in connection with . . . applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions." C.D. Cal. L.R. 7-3. Be that as it may, it was Defendants' responsibility to raise this argument in its Opposition to the Motion in a timely manner. Moreover, that the Proposed Intervenors met and conferred with Defendants on the day they filed the Motion precludes the Court from finding that the Proposed Intervenors' failure to *meaningfully* meet and confer was in bad faith. Absent further argument that the Motion should be denied, the Court GRANTS the Motion. The Court nevertheless emphasizes at this time that it is the parties' responsibility to review and maintain familiarity with this Court's operative Civil Standing Order and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                         Date: July 29, 2025

Title   <u>Pedro Vasquez Perdomo et al v. Kristi Noem et al</u>


Moreover, the Court finds that it has jurisdiction over the Proposed Intervenors' claims and to grant the Motion. A movant may intervene as of right under Rule 24(a)(2) if: (1) the motion is timely; (2) the applicant has a "significant protectable interest" relating to the action; (3) disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest is inadequately represented by the parties to the action. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006). When evaluating these requirements, courts are guided by "practical and equitable considerations," and generally construe the Rule to apply "broadly in favor of proposed intervenors." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011).

Although jurisdiction and, more particularly, standing are not among the requirements explicitly considered by courts in most Rule 24 analyses, "an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests." *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017); *see also California Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1085 (9th Cir. 2022) ("Intervenors that seek relief that is broader than or different from the relief sought by existing parties to the case must possess constitutional standing, but intervenors that seek the same relief sought by at least one existing party to the case need not do so.") (internal citation omitted).

Here, although there is significant overlap between Plaintiffs' and the Proposed Intervenors' prayers for relief, the Proposed Intervenors purport to allege four counts (Counts V–VIII) not alleged by Plaintiffs, and, at a minimum, the Proposed Intervenors' prayer for a declaration regarding the government's "Courthouse Arrest Policy" goes beyond the relief sought by Plaintiffs. Accordingly, the Proposed Intervenors must have constitutional standing. Here, injury in fact appears to be the only standing issue that is even close to arguable, and the Court finds that the Proposed Intervenors have sufficiently alleged such injury due to loss of tax revenue, threats to core police powers, or both. *See* Mot. at 7–17[4] (asserting that the Proposed Intervenors' ability to maintain law and order was frustrated and that their tax revenues were threatened). Construing Rule 24 liberally and in favor of the Proposed Intervenors, as the Court must at this

---

District's operative Local Rules. Failure to comply with the Civil Standing Order or the Local Rules may result in sanctions, including granting or denying a motion without further warning.
[4] The Court refers to the page numbers inherent in the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-05605-MEMF-SP                                              Date: July 29, 2025

Title   *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

time, the Court finds that the Proposed Intervenors have adequately pleaded that the Court has jurisdiction.

When an intervenor cannot satisfy the four-part test for intervention as of right, courts may nevertheless allow any applicant who "has a claim or defense that shares with the main action a common question of law or fact" to intervene. Fed. R. Civ. P. 24(b)(1)(B). Courts may only grant such permissive intervention, however, where an applicant shows, in addition to a common question of law or fact, "(1) independent grounds for jurisdiction; [and that] (2) the motion is timely." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999). "This concern manifests itself most concretely in diversity cases where proposed intervenors seek to use permissive intervention to gain a federal forum for state-law claims over which the district court would not, otherwise, have jurisdiction." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). Thus, "the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims." *Id.* Here, to the extent the Proposed Intervenors are raising new claims, they are federal question claims (e.g., APA claims and Tenth Amendment claims), over which the Court clearly has independent jurisdiction.

As such, the Court finds that the Proposed Intervenors have sufficiently alleged at this stage that this Court has jurisdiction over their claims and the Motion. This determination is without prejudice to Defendants raising jurisdictional or standing issues in a responsive pleading or dispositive motion.

In sum, for the foregoing reasons, the Court ORDERS as follows:

1. The Motion to Intervene, ECF No. 61, is GRANTED.
2. The hearing for the Motion, scheduled for August 21, 2025, is VACATED.
3. The Proposed Intervenor's Proposed Complaint in Intervention, ECF No. 61-1, is DEEMED FILED as of the date of this Order.

**IT IS SO ORDERED.**

:

**Initials of Preparer**   DBE