UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    2:25-cv-05605-MEMF-SP                              Date: August 6, 2025

Title    *Pedro Vasquez Perdomo et al v. Kristi Noem et al*


Present: The Honorable:    Maame Ewusi-Mensah Frimpong


| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |


**Proceedings: Order GRANTING Plaintiffs' Request to Strike Defendants' Notice of Clarification [ECF No. 112]**

The Court is in receipt of (1) Defendants' Notice of Clarification to Joint Status Report, ECF No. 110 ("Notice"); (2) Plaintiffs' Request to Strike Defendants' Notice of Clarification, ECF No. 112 ("Request"); and Defendants' Response to Plaintiff's Request to Strike Defendants' Notice of Clarification, ECF No. 116 ("Response"). For the reasons stated below, the Court GRANTS the Request and STRIKES the Notice.

On July 11, 2025, the Court issued an Order Granting Plaintiffs' Ex Parte Applications for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction. ECF No. 87. In that Order, the Court ordered the parties to meet and confer on a briefing and hearing schedule for the Order to Show Cause why a preliminary injunction should not issue regarding the Stop/Arrest TRO.[1] *Id.* at 50–52. The parties were further ordered to submit their joint report by July 16, 2025.

On July 13, 2025, Defendants filed a Notice of Appeal. ECF No. 89. The Ninth Circuit subsequently set a briefing and hearing schedule for the appeal. ECF No. 124. In light of the Notice of Appeal, the Court issued an order requiring the parties to meet and confer regarding whether this Notice of Appeal divested the Court of jurisdiction over the case. ECF No. 95. The parties filed a Joint Status Report Concerning Jurisdiction Pending Appeal, stating that they

---

[1] The Court also ordered the parties to meet and confer regarding the Access/Detention TRO. ECF No. 87 at 49–50, 51–52.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-05605-MEMF-SP                                    Date: August 6, 2025

Title    _Pedro Vasquez Perdomo et al v. Kristi Noem et al_

agreed that the Notice of Appeal "does not divest this Court of jurisdiction to consider any matters not encompassed in the portion of the TRO Order that was appealed. The Court may proceed with additional stages of the case. . . . _Defendants' appeal of the TRO does not prevent the Court from considering Plaintiffs' request for a preliminary injunction, including the Fourth Amendment claim._" ECF No. 101 ("Jurisdiction Report") at 2–3 (emphasis added).

The parties subsequently submitted their Joint Status Report in Response to Court's Order on OSC Hearing and PI Briefing Schedule. ECF No. 104 ("Briefing Report"). Consistent with the parties' agreement that the Court maintained jurisdiction over Plaintiffs' request for a preliminary injunction, the Briefing Report set forth a proposed briefing schedule for the preliminary injunction motions. Defendants requested the Court give them more time (i.e., 45 days) to prepare their opposition to Plaintiffs' upcoming preliminary injunction motions than what Plaintiffs asked for (i.e., 7 days). _See_ Briefing Report at 1, 3 ("Defendants request 45 days to respond to Plaintiffs' anticipated motion . . . . This schedule balances Plaintiffs' desire to proceed promptly with Defendants' need for a fair opportunity to prepare a comprehensive response.").

On July 17, 2025, the Court, having considered the parties' respective requests, issued an Order setting briefing and hearing schedule for Plaintiffs' upcoming preliminary injunction motions. ECF No. 108. Acknowledging the need for "balance," the Court ordered that Defendants' opposition shall be due within 28 days of Plaintiffs' filing of their preliminary injunction motions. _See_ ECF No. 108 at 10.

On July 18, 2025, Defendants filed the Notice, arguing that this Court's briefing and hearing schedule for Plaintiffs' preliminary injunction motions should be vacated. Notice at 2. In support of this argument, Defendant assert that this Court "does not have jurisdiction . . . over any further preliminary-injunction proceedings on the Fourth or Fifth Amendment claims addressed in the Court's Temporary Restraining Order . . . . To the extent the [Jurisdiction Report] suggested otherwise, that was mistaken." _Id._ at 1.

The Court finds that the Notice is procedurally improper. If Defendants wished to request this Court reconsider its order setting the briefing and hearing schedule for Plaintiffs' preliminary injunction motions, it should have filed a motion for reconsideration under Federal Rule of Civil Procedure 60 and Local Rule 7-18. Defendants did not do so; instead, they simply filed a

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                    Date: August 6, 2025

Title   *Pedro Vasquez Perdomo et al v. Kristi Noem et al*


"notice" and stated that this Court's order should be vacated. *See generally* Notice. Alternatively, if Defendants wished to withdraw their position, they could have filed a notice of errata, but they did not do so. Although Defendants contend that their "mistake" in the Jurisdiction Report was due to the "rapidly developing post-appeal landscape," they provide no authority supporting their view that such a reason excuses their failure to disregard the procedures in place to seek a court to reconsider its prior order. Response at 2.

Moreover, the Court finds Defendants' argument moot. On August 1, 2025, the Ninth Circuit issued its order on Defendants' motion to stay this Court's TRO Order pending appeal. *See Vasquez Perdomo v. Noem*, No. 25-4312 (9th Cir. Aug. 1, 2025). Except as to the "except as permitted by law" clause in paragraph b., the Ninth Circuit denied Defendants' motion. *Id.* at 61. The Ninth Circuit explicitly acknowledged that this Court will soon consider whether to issue a preliminary injunction prior to a decision on the appeal. *See id.* ("Defendants will have time to gather additional evidence before the preliminary injunction hearing that is set for September 24, 2025."). It therefore appears that the Ninth Circuit is also of the view that this Court maintains jurisdiction over the request for a preliminary injunction. In light of this, the Court finds it unnecessary to evaluate the remainder of Defendants' argument in support of "vacating" this Court's scheduling order in ECF No. 108.

For the foregoing reasons, the Court GRANTS Plaintiffs' Request, ECF No. 112, and STRIKES Defendant's Notice, ECF No. 110.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | DBE |