UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:25-cv-05605-MEMF-SP | Date: August 13, 2025 |
| Title  *Pedro Vasquez Perdomo et al v. Kristi Noem et al* | |

Present: The Honorable:  Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  Order DENYING Defendants' Motion for Reconsideration [ECF No. 136]**

The Court is in receipt of the Motion for Reconsideration filed by Defendants Michael W. Banks, Pam Bondi, Gregory K. Bovino, Akil Davis, Bilal A. Essayli, Immigration and Customs Enforcement, Todd Lyons, Kristi Noem, Kash Patel, Ernesto Santacruz, Jr., Rodney S. Scott, Jeffrey D. Stalnaker, Eddy Wang (collectively, "Defendants"). ECF No. 136 ("Motion"). The Court deems this matter appropriate for resolution without oral argument and vacates the hearing set for October 2, 2025. *See also* C.D. Cal. L.R. 7-15.

For the reasons stated below, the Court DENIES the Motion.

On July 8, 2025, a Motion to Intervene was filed by City of Los Angeles, City of Montebello, City of Monterey Park, City of Pico Rivera, City of Santa Monica, City of West Hollywood, Culver City, County of Los Angeles, City of Pasadena ("Intervenors"). ECF No. 61. Under the Court's operative Civil Standing Order, Defendants' opposition was due on July 22, 2025. Civil Standing Order § VIII.B.[1] Defendants, however, did not file their opposition on time, and the Court granted the Motion to Intervene pursuant to Local Rule 7-12 on July 29, 2025. *See* C.D. Cal. L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."); ECF No. 129 ("Intervention Order").

---

[1] The operative Civil Standing Order is available at https://www.cacd.uscourts.gov/honorable-maame-ewusimensah-Frimpong.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                                    Date: August 13, 2025

Title        *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

On August 5, 2025, Defendants filed the instant Motion under Local Rule 7-18, which permits a party to file a motion for reconsideration on the ground of "a manifest showing of a failure to consider material facts presented to the Courts before the Order was entered." C.D. Cal. L.R. 7-18.

The Court finds that the Motion is not warranted because Defendants have failed to show what "material facts" the Court failed to consider. In support of the Motion, Defendants first assert that "the record demonstrates that the government has made a good-faith effort to comply with all applicable deadlines under L.R. 7-19." Mot. at 4. But this "record" was *not* before the Court prior to the Intervention Order because Defendants failed to file their opposition on time. *See id.* at 2–3 (acknowledging their "error" in calculating the deadline according to the Local Rules instead of this Court's Civil Standing Order). As such, the Court finds Defendants' first argument unavailing.

Defendants also contend that the Court failed to assess the Intervenors' Article III standing. *See id.* at 4. But the Court *did* discuss standing alongside the Court's analysis of whether it has jurisdiction over the Motion to Intervene. *See* Intervention Order at 3–4 ("Here, injury in fact appears to be the only standing issue that is even close to arguable, and the Court finds that the [Intervenors] have sufficiently alleged such injury due to loss of tax revenue, threats to core police powers, or both. . . . Construing Rule 24 liberally and in favor of the [Intervenors], as the Court must at this time, the Court finds that the [Intervenors] have adequately pleaded that the Court has jurisdiction."). Moreover, Article III standing is a *legal* issue, which this Court finds is not relevant to the basis upon which Defendants filed this Motion (i.e., "a manifest showing of a failure to consider material facts presented to the Courts before the Order was entered").[2] *See Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp.*, 471 F.3d 1100, 1103 (9th Cir. 2006) ("Whether a party lacks standing is a legal issue . . . .").

---

[2] Defendants advance additional arguments in support of the Motion, but the Court finds that they are *legal*, not factual, arguments. *See* Mot. at 5–8 (discussing the *parens patriae* doctrine, traceability, whether the Intervenors' allegations are speculative, and the Fourth Amendment jurisprudence). They are, therefore, not appropriate for *this* Motion insofar as it is based on the Court's alleged "manifest failure to consider material facts" under Local Rule 7-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-05605-MEMF-SP                                                Date: August 13, 2025

Title     *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

Because Defendants have not shown what material facts the Court failed to consider prior to issuing the Intervention Order, there is no need for the Court to evaluate the remainder of the Motion. Nevertheless, the Court finds that the remaining arguments may be relevant for a motion to dismiss. If Defendants wish to file such a motion, the Court emphasizes that it is the parties' responsibility to review and maintain familiarity with the District's Local Rules *and* this Court's Civil Standing Order. Failure to comply with either may result in, without further warning, sanctions, including granting or dismissing of a motion or a request.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | DBE |