BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
JONATHAN K. ROSS
Senior Litigation Counsel
STEPHANIE L. GROFF
JASON K. ZUBATA
ANIELLO DESIMONE
JACOB A. BASHYROV
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-7662
Email: Jonathan.K.Ross@usdoj.gov
*Counsel for Defendants*

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (SBN 335008)
PAULINE H. ALARCON (SBN 345785)
Assistant United States Attorneys
   Federal Building, Suite 7516
   300 North Los Angeles Street
   Los Angeles, California 90012
   Tel: (213) 894-5557 | 3992
   E-mail:      Alexander.Farrell@usdoj.gov
                Pauline.Alarcon@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| PEDRO VASQUEZ PERDOMO; *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.*,<br><br>    Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>**DEFENDANTS' OPPOSITION TO INTERVENORS' NOTICE OF FILING OF FIRST AMENDED COMPLAINT [ECF No. 141] AND OPPOSITION TO MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [ECF No. 142]**<br><br>Hearing Date:   October 9, 2025<br>Hearing Time:  10:00 a.m.<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge |

Although leave to amend should be granted "freely . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), leave may be denied where amendment would be futile or prejudicial. *Hara v. Netflix, Inc.*, --- F.4th ----, No. 23-3768, 2025 WL 2102547, at *9 (9th Cir. July 28, 2025). Intervenors seek leave to amend their complaint—or claim entitlement to do so as of right—to add thirteen additional municipalities as new parties. ECF Nos. 141, 142. But Intervenors cannot use Rule 15 to bypass Rule 24. *Nat'l Liab. & Fire Ins. Co. v. Pac. Window Corp.*, No. SACV 03-00608 JVS, 2008 WL 11340360, at *3 (C.D. Cal. May 12, 2008) (citing *Montgomery v. Rumsfeld*, 572 F.2d 250, 255 (9th Cir. 1978); Fed. R. Civ. P. 24(a), (b)); *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (requiring that each intervenor must independently satisfy Rule 24).

The Court already granted intervention for a limited set of municipalities. *See* ECF No. 129. That ruling does not confer an automatic right to bootstrap additional governments into the litigation. Each new municipality must independently satisfy the requirements for intervention, including Article III standing. *See Almeida v. Google, Inc.*, No. C-08-02088 RMW, 2009 WL 3809808, at *3 (N.D. Cal. Nov. 13, 2009) (citing *Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973)). Indeed, Rule 15 does not provide a backdoor to enlarge intervention beyond what the Court authorized. Courts require each additional intervenor to file a motion and make the Rule 24 showing on its own. *E.g.*, Nat'l Liab. & Fire Ins. Co., 2008 WL 11340360, at *3. Otherwise, municipalities could multiply litigation endlessly by "amending" to add dozens of governments, regardless of jurisdictional limits.

Amendment would also cause significant prejudice. The addition of thirteen new municipalities—each with separate factual allegations and purported harms—would greatly expand the scope of this case, require Defendants to address scores of localized factual disputes, and multiply the burden on the Court. The Ninth Circuit recognizes that such expansion constitutes prejudice sufficient to deny amendment. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Rule 15's "liberal" standard does not extend to amendments that dramatically alter the nature and scale of the litigation.

Nor is amendment saved by Intervenors' claim that the Court's June 11 injunction already confirmed municipal standing. Temporary restraining order findings are preliminary and do not bind the Court on Article III jurisdiction. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The Supreme

DEFENDANTS' OPP'N TO INTERVENORS' AMENDMENTS
1

Court has made clear that municipalities may not sue the federal government as *parens patriae*, because "it is the United States, and not the state, which represents [its citizens] as parens patriae." *Massachusetts v. Mellon*, 262 U.S. 447, 485-86 (1923). Here, Intervenors and proposed new Intervenors alike lack standing for this reason. *See Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 438-39 (2017) (intervenor must have Article III standing when seeking relief different from a party). Alleged loss of tax revenues or generalized disruption of municipal services is too speculative and attenuated to establish standing. *City of Oakland v. Lynch*, 798 F.3d 1159, 1164 (9th Cir. 2015). And the Fourth Amendment confers an individual right, not one that can be asserted vicariously by local governments.

For the reasons set out above, amendment is procedurally improper, prejudicial, and futile. The Court should strike or disregard Intervenors' First Amended Complaint (ECF No. 141), deny Intervenors' motion for leave (ECF No. 142), and decline to expand intervention. In the alternative, if the Court is inclined to consider adding any new municipal party, it should require each proposed municipality to file a separate motion to intervene under Rule 24 and to establish Article III standing, with any further proceedings as to those entities deferred unless and until that showing is made.

Dated: August 22, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

STEPHANIE L. GROFF
JASON K. ZUBATA
ANIELLO DESIMONE
JACOB A. BASHYROV
Trial Attorneys

*/s/ Jonathan K. Ross*
JONATHAN K. ROSS
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7662
Jonathan.K.Ross@usdoj.gov

*Counsel for Defendants*

**L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record certifies that this filing is less than twenty-five (25) pages, which complies with L.R. 11-6.1 and this Court's Standing Order, Part VIII.C.

Dated: August 22, 2025                                        Respectfully submitted,

*/s/ Jonathan K. Ross*
JONATHAN K. ROSS
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California, by using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

Respectfully submitted,

*/s/ Jonathan K. Ross*
JONATHAN K. ROSS
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice

*Counsel for Defendants*