Jonathon P. Hauenschild (SBN 249615)
FEDERATION FOR AMERICAN IMMIGRATION REFORM
25 Massachusetts Ave., NW, Ste. 330
Washington, DC 20001
(202) 328-7004
jhauenschild@irli.org

Counsel for *Movant* Federation for American Immigration Reform

**IN THE UNITED STATES DISTRICT COURT
CENTRAL OF CALIFORNIA**

|  |  |
|---|---|
| PEDRO VASQUEZ PERDOMO, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>KRISTI NOEM, *et al.*,<br><br>  Defendants. | Case No. 2:25-cv-05605<br><br>**NOTICE OF MOTION AND MOTION OF FEDERATION FOR AMERICAN IMMIGRATION REFORM FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>NO HEARING NOTICED<br><br>Courtroom 8B, Hon. Maame Ewusi-Mensah Frimpong |

**To All Parties and their Counsels of Record**:

  **PLEASE TAKE NOTICE** that Movant Federation for American Immigration Reform (FAIR) respectfully moves this Court for leave to file the accompanying *amicus curiae* brief in support of the Defendants and their opposition to the Plaintiffs' Motion for Preliminary Injunction (Plaintiffs' "motion"). Pursuant to Local Rule 7-15, Movant believes this Motion for

FAIR Motion for Leave to File, No. 2:25-cv-05605                                                     1

Leave may be decided without a hearing and thus waives its right(s) to oral argument.

Although FAIR's motion does not require a hearing, its amicus brief concerns the matter being heard on September 24, 2025 at 9:00 a.m., before Judge Maame Ewusi-Mensah Frimpong. At the hearing, Plaintiffs will seek a preliminary injunction, among other things, seeking either to prevent the Government from engaging in consensual encounters with suspected aliens or otherwise requiring the government to document reasonable suspicion beyond what is currently required. The *amicus* brief that is the subject of FAIR's motion addresses the Supreme Court and Ninth Circuit's standards for consensual encounters, when those encounters become detentive stops, the standards of reasonable suspicion historically applied, and how the Border Search Exception – which covers most of the populated areas of the Central District and certainly all of Los Angeles County – may effect the application of the Fourth Amendment.

As stated in the accompanying Declaration and pursuant to Local Rule 7-3, the undersigned Counsel has met and conferred with the parties to seek consent for the filing of this Motion and accompanying proposed amicus brief. The Defendants provided consent. The Plaintiffs and most of the Intervenor-Plaintiffs indicated that they do not oppose, while Intervenor the County of Los Angeles indicated that it would oppose this motion. Additionally, in checking the docket, Counsel has observed that Plaintiffs have received *amicus* support.

### **IDENTITY AND INTEREST OF *AMICI CURIAE***

*Amicus curiae* FAIR is a non-profit 501(c)(3) public interest organization dedicated to informing the public about the effects of both unlawful and lawful immigration, and to defending in court the interests of Americans by limiting overall immigration, enhancing border security, and

ending illegal immigration. In short, FAIR seeks to protect all Americans against the substantial harms caused by unlawful immigration.

FAIR has been involved in more 100 legal cases since 1980, either as a party or as *amicus curiae*, and has consistently defended American interests in court. The decision in this case will likely have an impact on the ability of the executive branch of the federal government to identify and deal efficiently, fairly, and safely with an illegal alien population estimated to exceed 18 million people in the United States. *Amicus* FAIR has direct and vital interests in defending the executive branch's ability to address the current illegal alien crisis and State and local officials' ability to cooperate with federal immigration authorities.

### <u>REASONS TO GRANT LEAVE TO FILE</u>

The accompanying *amicus* brief addresses three topics: The standards for consensual encounters and the standards for reasonable suspicion as interpreted by the Supreme Court and the Ninth Circuit, the Supreme Court's application of the Fourth Amendment specifically in the immigration context, and how the Border Search Exception may effect the Fourth Amendment's application in the Central District.

FAIR respectfully submits that its *amicus* brief could aid this Court's consideration of the issues in this case:

Not all interactions between suspected aliens and federal immigration officials are Fourth Amendment events. Absent other criteria, such as the use of force to detain individuals, mere questioning of an individual about his or her immigration status is a consensual encounter, which does not constitute a seizure. Assuming, though, immigration officials apply sufficient force to detain suspected illegal immigrants, the standards for reasonable suspicion have remained fundamentally the same since the Supreme Court's decision in *Terry v. Ohio*.

The Supreme Court has wrestled with how to apply the Fourth Amendment in the immigration setting, though has generally stated that "the people" protected by the Fourth Amendment refers to those who are "all members of the political community" and determining that aliens may fall outside of the "political community" by definition. Because the Supreme Court has wrestled with this, the lower courts have divided over whether illegal aliens must establish "substantial connections" to the United States to be afforded certain protections under the Constitution.

The Border Search Exception Doctrine applies to most of the Central District, and all of Los Angeles County. Congress delegated the authority to the Attorney General to define a "reasonable distance" in which immigration officials can conduct activities to prevent illegal immigration. Under those authorities, the Attorney General, years ago, defined "reasonable distance" as "within 100 air miles from any external boundary of the United States."

Courts have broad discretion to accept briefs from *amici curiae*. *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982) (describing broad discretion to appoint *amici curiae*), *abrogated on other grounds*, *Sandin v. Conner*, 215 U.S. 472 (1995). Where the Local Rules and Federal Rules of Civil Procedure are silent as to governing standards for *amicus* briefs, "district courts rely on Federal Rule of Appellate Procedure 29 in addressing such requests." *United States v. State Water Res. Control Bd.*, 2020 U.S. Dist. LEXIS 72027, *9 (C.D. Cal. 2020). That is, the appellate rules' criteria for granting leave to file *amicus* briefs can be looked to in support of FAIR's motion. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment.

Far from being a sur-reply, the "touchstone is whether the amicus brief is helpful, and there is no requirement that amici must be totally disinterested." *Earth Island Inst. v. Nash*, 2019 U.S. Dist. LEXIS 214578, *3 (E.D. Cal.) (citations omitted). An *amicus* brief should normally be allowed "when the *amicus* has unique information or perspective that can help the court beyond what the lawyers for the parties are able to provide." *Stross v. Glass Homes, Inc.*, 2022 U.S. Dist. LEXIS 246314, *2-3 (C.D. Cal. 2022), *citing Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D. Wash. 1999). As a general rule, courts within the Ninth Circuit have determined that "it is preferable to err on the side of permitting such amicus briefs if an amicus brief that turns out to be unhelpful is filed, the court can them simply disregard the brief. On the other hand, if a good brief is rejected, the court will be deprived of a resource that might have been of assistance." *Stoyas v. Toshiba Corp.*, 2021 U.S. Dist. LEXIS 106487, *4 (citation modified).

As then-Judge Samuel Alito wrote for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, Federal Appeals—Jurisdiction And Practice 181 (3d ed. 1999) and Robert L. Stern, Appellate Practice In The United States 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

FAIR Motion for Leave to File, No. 2:25-cv-05605    5

As explained above, FAIR is a nonprofit 501(c)(3) public interest organization dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in interpreting federal immigration law. FAIR has, for decades, litigated or filed *amicus* briefs in a wide variety of immigration-related cases. The proposed brief attached hereto rests on this experience and a desire to help this Court decide three discrete issues.

## CONCLUSION

For the foregoing reasons, this Court should grant leave to file FAIR's *amicus* brief.

Dated: August 29, 2025   Respectfully submitted,

s/ Jonathon P. Hauenschild

Jonathon P Hauenschild
FEDERATION FOR AMERICAN IMMIGRATION REFORM
25 Massachusetts Ave., NW, Suite 330
Washington, DC 20001
(202) 328-7004
jhauenschild@irli.org

Counsel for *Movant*
Federation for American Immigration Reform

**<u>Certificate of Compliance</u>**

The undersigned, counsel of record for *movant* Federation for American Immigration Reform, certifies that this document contains 1,346 words, which complies with the word limit of L.R. 11-6.1.


Dated this 2nd day of September, 2025

s/ Jonathon P. Hauenschild
Jonathon P. Hauenschild

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of September 2025, I electronically filed the foregoing motion for leave to file together with the accompanying amicus curiae brief, with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Notice of this filing will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

s/ Jonathon P. Hauenschild
Jonathon P. Hauenschild