STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRAN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
DIANA SANCHEZ (SBN 338871)
*dianasanchez@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi NOEM, in her official capacity as Secretary, Department of Homeland | Case No.: 2:25-cv-05605-MEMF-SP <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR LIMITED, EXPEDITED DISCOVERY BASED ON DEFENDANTS' VIOLATIONS OF TRO** <br><br> Hon. Maame Ewusi-Mensah Frimpong <br> [*Filed concurrently with: Proposed Order; Declaration of Sara Worth*] |

Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

   Defendants.

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
JAMIE LUMA (SBN 331610)
jamie.luma@mto.com
SARA H. WORTH (SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER (SBN 343388)
henry.shreffler@mto.com
MAGGIE BUSHELL (SBN 354048)
maggie.bushell@mto.com
KYLE A. GROVES (SBN 358085)
kyle.groves@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS (SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO
(SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE
IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS LAW
CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

On September 2, 2025, Plaintiffs filed a Motion for Limited, Expedited Discovery Based on Defendants' Violations of the Temporary Restraining Order ("Motion"). ECF 175. Plaintiffs asked the Court to authorize limited written discovery and depositions in relation to alleged noncompliance with the TRO and future compliance with any preliminary injunction the Court may issue. For the reasons stated herein, the Court hereby GRANTS the Motion.

Having considered the parties' papers and the arguments of counsel, the Court finds that the limited set of discovery requested by Plaintiffs is reasonable in breadth and scope and is narrowly tailored to obtain information related to Defendants' compliance with the TRO and other injunctions issued by this Court. The requested discovery is also not unduly burdensome on the government.

## I.      Legal Standards for Expedited Discovery

A district court has the inherent authority to issue orders to "secure compliance with its earlier orders and governing law." *Armstrong v. Brown*, 939 F. Supp. 2d 1012, 1018 (N.D. Cal. 2013). Pre-enforcement discovery is appropriate where there are "significant questions" going to noncompliance. *California Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008). "[T]he kind and amount of evidence of noncompliance required to justify discovery is, necessarily, considerably less than that needed to show actual noncompliance." *Id.*; *see also Fraihat v. U.S. Immigr. & Customs Enf't*, No. 19-cv-01546-JGB, 2020 WL 2758553, at *5 (C.D. Cal. May 15, 2020) (describing standard as "permissive").

Alternatively, if the Court lacks a prior enforcement order, parties can obtain expedited discovery in advance of a Rule 26(f) conference by a showing of good cause. *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). "Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden of the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Id.* at 1067 (citations omitted). Expedited discovery is often appropriate in cases where a party seeks a preliminary injunction. *See id.* at 1066 (citing *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418 (D. Colo. 2003)).

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY BASED ON DEFENDANTS' VIOLATIONS OF TRO; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## II.    Plaintiffs Have Met Their Burden for Expedited Discovery

### A.  The record demonstrates significant questions going to noncompliance

The record evidence raises significant questions regarding Defendants' compliance with this Court's TRO. From the evidence, it appears that beginning on or around August 2, 2025, Defendants resumed a policy and practice of conducting detentive stops without reasonable suspicion in violation of the TRO issued on July 11, 2025. *See* ECF 87.

Plaintiffs presented evidence that Defendants are conducting raids in which federal agents appear to be selecting whom to stop based on nothing more than the four enumerated factors in this Court's TRO. Plaintiffs provided testimony from witnesses who were stopped, all of whom identified, and who described seeing similarly situated white individuals not stopped by Defendants. *See* ECF 163-5, 163-10, 163-6, 163-11. The individuals were stopped by virtue of their being present at or in the vicinity of a car wash or Home Depot parking lot, and many were stopped while wearing work attire that marked them as a worker or laborer. Further, Plaintiffs presented compelling evidence that Defendants are not targeting specific individuals, but rather stopping whomever they can grab that matches a certain profile during these raids. *See* ECF 163-6, 163-13, 163-11. This troubling fact is underscored by the evidence that numerous lawfully present individuals have been stopped by Defendants. *See* ECF 163-1, 163-2, 163-3, 163-8, 163-11. Defendants do not appear to be undertaking voluntary questioning but instead are arriving with a show of force and seizing individuals before they offer them a chance to walk away.

Additionally, Plaintiffs' evidence indicates that Defendants are detaining individuals regardless of whether they take flight, which this Court has already explained cannot constitute the "something more" that would bring a stop into compliance with the Fourth Amendment in these circumstances. TRO at 41 n.30.

In sum, the record evidence raises "significant questions" as to whether Defendants are complying with the TRO. *California Dep't of Soc. Servs.*, 523 F.3d at 1033.

### B.  Alternatively, the requested discovery is appropriate under Rule 26(d)

Alternatively, Plaintiffs have met their burden for demonstrating good cause for taking limited discovery prior to the parties' Rule 26(f) conference, which Defendants have declined to schedule. *See* ECF 175-1. Plaintiffs have demonstrated a likelihood of success on the merits of the suspicionless stop

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY BASED ON DEFENDANTS' VIOLATIONS OF TRO; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

claim. *See* ECF 87. Further, Plaintiffs' requests for expedited discovery are made for the proper purpose of ensuring compliance with the Court's orders. *Cf. Praecipio Consulting, LLC v. Howser*, 2024 WL 1084766, at *2 (N.D. Cal. 2025) (discovery sought in connection with a motion" "to preserve the status quo," "weigh[ed] in favor of expedited discovery"). The requests are also limited in scope; Plaintiffs seek discovery related to seven categories of information and records, all pertaining to compliance. *See Fraihat v. U.S. Immigr. & Customs Enf't*, 2020 WL 2758553, at *5 (C.D. Cal. May 15, 2020) (granting request for eight categories of information and miscellaneous records).

The burden on Defendants is minimal. Plaintiffs have already requested much of this information from Defendants during the parties' meet and confer process. *See* ECF 175-1. Defendants have stated in their Supreme Court brief that at least one of their raids, the August 6 action at the Westlake Home Depot, relied on other information beyond the four enumerated factors. If Defendants have identified this information previously, it should not be burdensome for them to comply with Plaintiffs' request. Further, other categories of information presumably are compiled in the normal course of operations, such as the request for I-213 forms and supervisory review mechanisms. Finally, it is not unduly burdensome for Defendants to comply with requests for depositions under the circumstances. Courts routinely grant expedited discovery in the form of depositions upon a showing of good cause. *See, e.g.*, *Praecipio Consulting*, 2024 WL 1084766, at *3; *Light Salt Invs., LP v. Fisher*, 2013 WL 3205918, at *2 (S.D. Cal. June 24, 2013). The deposition of Defendant Bovino is appropriate because he leads enforcement operations in this District and therefore possesses crucial information concerning implementation of and compliance with the Court's order in this District.

In sum, Plaintiffs' contemplated discovery is reasonable in breadth and scope and is narrowly tailored to obtain information related to Defendants' compliance with this Court's orders.

The Court, having considered Plaintiffs' Motion and finding good cause therefor, hereby **GRANTS** the Motion and **ORDERS** as follows:

1. Plaintiffs are permitted to serve written discovery on Defendants on the following topics, and Defendants may have ten days to serve their responses after the date of service:

   - Information about and content of any training or guidance provided to agency personnel to implement the TRO, including when and to whom such training or guidance was provided;

- Information about what factors, beyond the four enumerated factors, Defendants purport to have relied upon to make detentive stops in the six operations detailed in Plaintiffs' Motion and five additional post-TRO Home Depot and car wash operations;

- Information about detentive stops (including factors supporting reasonable suspicion), including but not limited to Forms I-213s and videos, conducted during the six operations detailed in Plaintiffs' Motion and five additional post-TRO Home Depot and car wash operations;

- Operations plans, and pre- and post-operation briefing notes, for the six operations detailed in Plaintiffs' Motion and five additional post-TRO Home Depot and car wash operations;

- Information about any mechanisms for supervisory review of agents'/officers' detentive stops and/or corrective action in case of violations of the TRO (including whether any investigations have been initiated or any corrective action taken since August 2);

- Information about any other actions Defendants have taken to implement, assess, or ensure compliance with the TRO; *and*

- A search of the electronic documents and communications of El Centro Border Patrol Sector Chief Gregory K. Bovino about implementation of the TRO.

2. Plaintiffs are permitted to take the following depositions on an expedited timeline:

- A deposition of Chief Gregory K. Bovino;

- A 30(b)(6) deposition covering topics related to training/guidance about, implementation of, and assessment of agents'/officers' compliance with the TRO; and

- Two depositions of supervisory agents/officers, one from ICE and one from CBP, with on-the-ground information about recent post-TRO Home Depot and car wash operations. Plaintiffs are permitted to identify the deponents based on rank, position, or other reasonable description.

IT IS SO ORDERED.

Dated: July __, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

-4-