UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-05605-MEMF-SP | Date | September 9, 2025 |
|---|---|---|---|
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al* | | |

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING MOTION FOR ORDER FOR LIMITED EXPEDITED DISCOVERY [ECF NO. 175] AND DENYING AS MOOT EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING [ECF NO. 176]**

Before this Court are two related requests brought by the Plaintiffs: a Motion for Limited Expedited Discovery based on Defendants' alleged violations of the Court's Temporary Restraining Order, ECF No. 175 ("Motion"), and an Ex Parte Application to shorten time for hearing on the limited expedited discovery motion, ECF No. 176 ("Ex Parte Application").

The Court's Temporary Restraining Order, ECF No. 87 ("TRO"), is pending appeal in the U.S. Court of Appeals for the Ninth Circuit, and briefing has begun. *See* ECF No. 98. On September 8, 2025, the Supreme Court granted the Defendants' application for a stay of the TRO pending resolution of the appeal. *Noem v. Vasquez Perdomo*, 606 U.S. ___ (2025). The TRO is therefore now stayed pending appeal.

Courts may permit expedited discovery upon a showing of good cause. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2046.1 (3d ed. 2025). In determining whether to grant expedited discovery, courts consider factors including the breadth, purpose, and timing of the discovery requests. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 1066 (cleaned up).

Plaintiffs' request for limited expedited discovery turns, in large part, on ensuring the TRO is enforced. Specifically, Plaintiffs justify their request by explaining that "limited discovery is . . . warranted now to determine whether further action is necessary to enforce the TRO *while it remains in place*, and to determine whether any additional measures may be needed in the near term to ensure compliance with any preliminary injunction the Court may issue." Motion at 1 (emphasis added). But— per the Supreme Court's decision—the TRO is not now in place and may not, at this time, be enforced. Given the current procedural posture, this Court is disinclined to order the parties to engage in expedited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | September 9, 2025 |
|---|---|---|---|
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al* | | |

briefing, participate in a hearing, and potentially engage in discovery evaluating whether Defendants violated the TRO. Furthermore, because the Court has not yet determined whether it should issue a preliminary injunction, discovery to determine whether additional measures are needed to ensure compliance with any such preliminary injunction is premature. Therefore, neither ground justifies the Motion at this time and to grant the Motion would run counter to this Court's interest in preserving judicial economy.

    For the reasons outlined above, the Court hereby DENIES the Motion and DENIES AS MOOT the Ex Parte Application. This is without prejudice to the Plaintiffs renewing this Motion or bringing a new motion should the stay be lifted and the TRO once again be in effect.

**IT IS SO ORDERED.**

| | |
|---|---|
| Initials of Deputy Clerk | DBE |