UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | September 19, 2025 |
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al* | | |

Present: The Honorable: __Maame Ewusi-Mensah Frimpong__

| Damon Berry | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING INTERVENORS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND ORDERING RESPONSE TO DEFENDANTS' MOTION TO EXTEND TIME TO FILE ANSWER [DKT. NOS. 142, 201]**

Before the Court is Intervenors' Motion for Leave to File First Amended Complaint, Dkt. No. 142 ("Intervenors' Motion"), and Defendants' Motion to Extend Time to File Answer, Dkt. No. 201 ("Defendants' Motion"). For the reasons explained below, this court GRANTS the Intervenors' Motion and ORDERS a response to the Defendants' Motion.

## I.  Intervenors' Motion for Leave to File First Amended Complaint [Dkt. No. 142]

On August 8, 2025, Intervenors filed a Notice of Filing of First Amended Complaint, or in the Alternative, Notice of Motion and Motion for Leave to File First Amended Complaint in Intervention. Dkt. No. 142. Intervenors explained that, though they are entitled to amend their Complaint as of right, they filed a motion requesting leave to amend "out of an abundance of caution." *Id.* at 2. The Intervenors' proposed First Amended Complaint would add thirteen new cities ("New Intervenors") to the action. Dkt. No. 142-1 at 4. In opposition, Defendants argue that amendment would be prejudicial to Defendants---questioning whether the proposed New Intervenors satisfy the requirements for intervention, including Article III standing, and arguing that Defendants will suffer significant prejudice from the addition of New Intervenors because it would "greatly expand the scope of this case." Dkt. No. 162 at 2-3.

A party has the right to amend its pleading once as a matter of course no later than twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1)(A). The original Intervenors' Complaint in Intervention was filed and served on July 29, 2025. Because less than twenty-one days passed between the original Complaint and the Intervenors' Notice of Filing of First Amended Complaint, the Intervenors are entitled to amend their complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-5605-MEMF-SP | Date | September 19, 2025 |
|---|---|---|---|
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al* | | |

Defendants argue, in reliance upon *Montgomery v. Rumsfeld*, 572 F.2d 250, 255 (9th Cir. 1978), that the New Intervenors may not join the case by way of a Rule 15 amendment, but are instead required to file a motion to intervene and meet the requirements of Rule 24. *Id.* ("Although this intervention was attempted by means of an amendment to the complaint, rather than by a motion to intervene under Rule 24, Fed.R.Civ.P., we believe the standard of review corresponding to Rule 24 governs."). But Rule 15 does not appear to require that amendments naming new plaintiffs must meet the requirements of Rule 24. And frankly, the Defendants do not appear to have taken that position with respect to the plaintiffs that were added to the case by way of the First Amended Complaint. Dkt. No. 16 (First Amended Complaint adding several new individual and organizational plaintiffs). This is consistent with clear Ninth Circuit authority about the liberality of amendment under Rule 15. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties.")

Accordingly, this Court declines to read into Rule 15 a requirement that new plaintiffs must file motions to intervene and meet the requirements of Rule 24.

The Court need not reach the Defendants' other arguments, most of which can be addressed in a responsive pleading or motion to dismiss. The Court will state, however, that even if it was required to reach Rule 15(a)(2) or Rule 24, it would find that all of the requirements had been met for the same reasons that the original intervenors were permitted to intervene. *See* Dkt. No. 129.

For the foregoing reasons, Intervenors' Motion is GRANTED.

**II.    Defendants' Motion to Extend Time to File Answer [Dkt. No. 201]**

On September 19, 2025, Defendants filed a Motion to Extend Time to File their Answer. Dkt. No. 201. Defendants request a thirty-day extension to their deadline to respond to Plaintiffs' and Intervenors' Complaints. The Court understands that Plaintiffs and Intervenors stated their intention to oppose the motion unless the Defendants agreed to a Rule 26(f) Conference. It is unclear to what extent this position was influenced by the fact that the Intervenors' Motion to Amend was still pending. Now that the Motion to Amend has been granted, and in view of the current deadline to answer, the Court ORDERS Plaintiffs and Intervenors to file any opposition to the Motion to Extend Time by Monday, September 22, 2025. Any Reply shall be due September 23, 2025.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Deputy Clerk | | DBE |