STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRAN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
DIANA SANCHEZ (SBN 338871)
*dianasanchez@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi NOEM, in her official capacity as Secretary, Department of Homeland | Case No.: 2:25-cv-05605-MEMF-SP <br><br> **PLAINTIFFS' AND INTERVENORS' JOINT MOTION FOR LIMITED, EXPEDITED DISCOVERY** <br><br> [Hearing TBD] <br><br> Hon. Maame Ewusi-Mensah Frimpong |

Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

     Defendants.

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
JAMIE LUMA (SBN 331610)
*jamie.luma@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
KYLE A. GROVES (SBN 358085)
*kyle.groves@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO
(SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE
IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW
CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

HYDEE FELDSTEIN SOTO (SBN 106866)
City Attorney
hydee.feldsteinsoto@lacity.org
VALERIE L. FLORES (SBN 138572)
valerie.flores@lacity.org
MICHAEL J. DUNDAS (SBN 226930)
mike.dundas@lacity.org
MARIA LOUISE COUSINEAU (SBN 122280)
maria.cousineau@lacity.org
RANDALL G. SOMMER (SBN 214099)
randall.sommer@lacity.org
SHUBHRA SHIVPURI (SBN 295534)
shubhra.shivpuri@lacity.org
OFFICE OF THE LOS ANGELES CITY ATTORNEY
City Hall 200 North Spring Street
21st Floor
Los Angeles, CA 90012-4130
Tel.: 213-922-8382; Fax: 213-978-7957

*Attorneys for Intervenor City of Los Angeles*

E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
DANIEL B. LEVIN (SBN 226044)
daniel.levin@mto.com
JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
V. GRACE DAVIS (SBN 336732)
grace.davisfisher@mto.com
V. ROMAN LEAL (SBN 348892)
roman.leal@mto.com
WENDY QIUYU XIAO (SBN 342702)
wendy.xiao@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, California 90071
Tel.: 213-683-9100; Fax: 213-687-3702

*Attorneys for Intervenors Cities of Los Angeles, Anaheim, Bell Gardens, Beverly Hills, Carpinteria, Culver City, Huntington Park, Long Beach, Lynwood, Montebello, Monterey Park, Oxnard, Paramount, Pico Rivera, Pomona, Santa Ana, Santa Barbara, Santa Monica, South Gate, and West Hollywood*

NICOLE DAVIS TINKHAM (SBN 229592)
ntinkham@counsel.lacounty.gov
LILIANA CAMPOS (SBN 255753)
lcampos@counsel.lacounty.gov
BRIGIT GREESON ALVAREZ (SBN 237301)
bgreesonalvarez@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
648 Kenneth Hahn Hall of Admin.,
500 West Temple Street
Los Angeles, California 90012-2713
Tel.: 213-808-8736; Fax: 213-633-1915

*Attorneys for Intervenor County of Los Angeles*

MICHELE BEAL BAGNERIS (SBN 115423)
City Attorney
mbagneris@cityofpasadena.net
ARNOLD F. LEE (SBN 278610)
aflee@cityofpasadena.net
ANDREW AARONIAN (SBN 318245)
aaaronian@cityofpasadena.net
OFFICE OF THE CITY ATTORNEY OF PASADENA
100 N Garfield Ave, Rm N-210
Pasadena, CA 91101
Tel.: 626-744-4141; Fax: 626-744-4190

*Attorneys for Intervenor City of Pasadena*

NORMAN L. EISEN*
Norman@democracydefenders.org
STEPHEN A. JONAS (SBN 542005)
Steve@democracydefenders.org
JOSHUA G. KOLB*
Joshua@democracydefenders.org
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave. SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958

*Admitted *Pro Hac Vice*

*Attorneys for Intervenor City of Los Angeles*

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiffs Pedro Vasquez Perdomo, Carlos Alexander Osorto, Isaac Villegas Molina, Jorge Hernandez Viramontes, Jason Brian Gavidia, the Los Angeles Worker Center Network, United Farm Workers, and Coalition for Humane Immigrant Rights (collectively "Stop/Arrest Plaintiffs" or "Plaintiffs") and Intervenors the City of Los Angeles, the County of Los Angeles, the City of Anaheim, the City of Bell Gardens, the City of Beverly Hills, the City of Carpinteria, the City of Culver City, the City of Huntington Park, the City of Long Beach, the City of Lynwood, the City of Montebello, the City of Monterey Park, the City of Oxnard, the City of Paramount, the City of Pasadena, the City of Pico Rivera, the City of Pomona, the City of Santa Ana, the City of Santa Barbara, the City of Santa Monica, the City of South Gate, and the City of West Hollywood (collectively "Intervenors") will, and hereby do, respectfully jointly move the Court for an order granting limited, expedited discovery in connection with Plaintiffs' Fourth Amendment Motion for Preliminary Injunction, ECF 128, and Intervenors' Joinder to Plaintiffs' Motion, ECF 147.

Plaintiffs and Intervenors (together "Requestors") respectfully ask the Court to approve discovery in the nature outlined in the motion, namely, a limited set of interrogatories and requests for production seeking information about training and guidance referenced by Defendants, identities of agents and officers who initiated stops at issue in the parties' briefing and who provided information relied upon in Defendants' declarations, documents and communications related to certain immigration operations, and any mechanisms for ensuring agents' and officers' compliance with trainings and the Fourth Amendment. Requestors also seek up to six agent/officer depositions and one limited-scope Rule 30(b)(6) deposition. Additionally, Requestors seek expedited procedures to facilitate completion of this discovery on a shortened timeline. This targeted discovery is needed to ensure a clearer record for decision on the pending request for a preliminary injunction.

Requestors' motion is based on this Notice of Motion and Motion for Limited, Expedited Discovery, the accompanying Memorandum of Points and Authorities, the declarations and all exhibits in support of the same, including attachments, all pleadings and other papers on file in this action, and all oral and documentary evidence that may be presented at the time of the hearing on this motion.

Pursuant to L.R. 7-3, this motion is made following a conference of counsel which took place between the parties on September 15, as well as subsequent e-mail correspondence between the parties. Requestors have not specified a hearing date for this motion. Given the urgency of the discovery they seek, they request a hearing at the earliest possible date, should the Court require oral argument. The parties will concurrently file a stipulation with a proposed briefing and hearing schedule that all parties have consented to. While Defendants have agreed to the briefing and hearing schedule, they oppose the underlying motion.

DATED:  September 22, 2025     ACLU OF SOUTHERN CALIFORNIA

By:     _/s/ Mohammad Taisar_____
                Mohammad Tajsar

*Counsel for Stop/Arrest Plaintiffs*

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ...................................... 3

     A.      Plaintiffs seek to preliminarily enjoin Defendants from continuing their unconstitutional detentive stops in the District ........... 3

     B.      Defendants' responses to Plaintiffs' preliminary injunction briefing make generalized and unsupported claims ............................. 4

          1.      *Defendants reference trainings that are not in the record.* ........... 4

          2.      *Defendants rely on "intelligence" that they are unwilling to detail.* ................................................................................ 4

          3.      *Defendants refute individual stops with secondhand accounts and no records.* .......................................................... 5

     C.      The parties' efforts to meet and confer ...................................................... 6

III.    LEGAL STANDARD ................................................................................ 6

IV.     PLAINTIFFS' AND INTERVENORS' REQUESTED DISCOVERY ........... 7

     A.      Proposed written discovery requests ........................................................ 7

     B.      Proposed depositions .................................................................................... 9

     C.      Proposed expedited discovery procedures ............................................... 9

V.      ARGUMENT .............................................................................................. 10

     A.      Good cause exists for expedited discovery .............................................. 10

          1.      *The pending Fourth Amendment preliminary injunction motion supports expedited discovery.* ........................................... 10

          2.      *The requested discovery is narrow and tailored to the purpose for which it is being requested.* ....................................... 12

          3.      *Expedited discovery is further justified by the need to preserve material evidence.* ........................................................ 14

          4.      *Defendants have been unwilling to provide the requested information voluntarily or to set a date to commence discovery.* ...................................................................................... 15

          5.      *Defendants will not be unduly burdened by proposed expedited discovery.* .................................................................... 16

NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

B. Requestors' proposed discovery procedures are reasonable and appropriate ................................................................................... 17

C. Any "reciprocal" discovery should be justified with a showing of good cause ......................................................................................... 18

VI. CONCLUSION ............................................................................................... 19

NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Am. LegalNet, Inc. v. Davis,*
673 F. Supp. 2d 1063 (C.D. Cal. 2009)............................................................6, 18

*Apple Inc. v. Samsung Elecs. Co.,*
768 F. Supp. 2d 1040 (N.D. Cal. 2011)................................................................6

*Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist.,*
No. 17-CV-1054-BAS-JMA, 2018 WL 1150836 (S.D. Cal. Mar. 5, 2018) ...........................................................................................................6

*Edudata Corp. v. Scientific Computers, Inc.,*
599 F. Supp. 1084 (D. Minn. 1984) ...................................................................11

*Energetics Systems Corp. v. Advanced Cerametrics, Inc.,*
No. CIV.A. 95-7965, 1996 WL 130991 (E.D. Pa. Mar. 15, 1996) .....................11

*Ent. Tech. Corp. v. Walt Disney Imagineering,*
No. CIV.A. 03-3546, 2003 WL 22519440 (E.D. Pa. Oct. 2, 2003)....................15

*Est. of Rupard v. Cnty. of San Diego,*
No. 23-CV-1357-CAB-BLM, 2023 WL 8629097 (S.D. Cal. Dec. 12, 2023) .............................................................................................................7

*Eurofins Elec. & Elec. Testing NA, LLC v. SGS N. Am. Inc.,*
No. 5:24-CV-06340-EJD, 2024 WL 4453315 (N.D. Cal. Oct. 8, 2024) ...........................................................................................................6

*Fidelity Brokerage Servs. LLC v. Buri & Morgan Stanley Smith Barney LLC,*
No. 8:18-cv-02246-JVS, ECF No. 21 (C.D. Cal. Dec. 21, 2019) .......................17

*Hough v. Carroll,*
No. 2:24-cv-02886-WLH, ECF No. 42 (C.D. Cal. May 1, 2024).......................17

*Hum. Rts. Watch v. Drug Enf't Admin.,*
No. CV 15-2573 PSG, 2015 WL 13648069 (C.D. Cal. July 10, 2015) .............................................................................................................16

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

*Jimenez v. Nielsen*,
   326 F.R.D. 357 (D. Mass. 2018) .......................................................................... 13

*Kansas v. Glover*,
   589 U.S. 376 (2020) ............................................................................................. 12

*Kidd v. Mayorkas*,
   No. 2:20-cv-03512-ODW-JPR (C.D. Cal. Apr. 16, 2020)................................... 14

*Light Salt Invs., LP v. Fisher*,
   No. 13cv1158-MMA (DHB), 2013 WL 3205918 (S.D. Cal. June 24,
   2013) .................................................................................................................... 13

*Manus Bio Inc. v. Sweegen, Inc.*,
   No. 8:24-cv-01921-JVS, ECF No. 43 (C.D. Cal. Sept. 16, 2024) ....................... 17

*MedImpact Healthcare Sys., Inc. v. IQVIA Holdings, Inc.*,
   No. 19CV1865-GPC-LL, 2019 WL 6310554 (S.D. Cal. Nov. 25,
   2019) .................................................................................................................... 12

*Megaupload, Ltd. v. Universal Music Grp., Inc.*,
   No. 11-CV-6216 CW JSC, 2012 WL 243687 (N.D. Cal. Jan. 25,
   2012) ...................................................................................................................... 7

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*,
   194 F.R.D. 618 (N.D. Ill. 2000) ..................................................................... 6, 11

*Nat'l TPS All. v. Noem*,
   No. 25-5724, 2025 WL 2661556 (9th Cir. Sept. 17, 2025) ............................ 1, 11

*Newsom v. Trump*,
   No. 25-CV-04870, 2025 WL 2250569 (N.D. Cal. June 25, 2025) ............ 2, 10, 13

*Newsom v. Trump*,
   No. 25-CV-04870, 2025 WL 2501619 (N.D. Cal. Sept. 2, 2025) ......................... 2

*NobelBiz, Inc. v. Wesson*,
   No. 14CV0832 W(JLB), 2014 WL 1588715 (S.D. Cal. Apr. 18,
   2014) .................................................................................................................... 12

*Noem v. Vasquez Perdomo*,
   606 U.S. __ (Sept. 8, 2025) ............................................................................... 1, 3

-iv-

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

*Praecipio Consulting, LLC v. Howser*,
No. 25-cv-02927-JST, 2025 WL 1084766 (N.D. Cal. Apr. 10, 2025) .......... 13, 17

*Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*,
213 F.R.D. 418 (D. Colo. 2003) ............................................................... 6

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
208 F.R.D. 273 (N.D. Cal. 2002) .......................................................... 16

*Storz Mgmt. Co. v. Carey*,
No. 2:18-CV-00068-TLN-DB, 2018 WL 11632763 (E.D. Cal. Feb.
9, 2018) .......................................................................................... 6, 10

*Tolman & Wiker Ins. Servs., LLC v. The Liberty Co. Ins. Brokers, Inc.*,
No. 2:20-cv-08641-JAK, ECF No. 52 (C.D. Cal. Oct. 14, 2020) ........................ 17

*TracFone Wireless, Inc. v. Adams*,
304 F.R.D. 672 (S.D. Fla. 2015) .......................................................... 10

*Twentieth Century Fox Film Corp. v. Mow Trading Corp.*,
749 F. Supp. 473 (S.D.N.Y. 1990) ........................................................ 10

*United States v. Mayer*,
No. 8:03-CV-415-T-26TGW, 2003 WL 1950079 (M.D. Fla. Feb.
20, 2003) ........................................................................................ 10

*United States v. Montoya de Hernandez*,
473 U.S. 531 (1985) ......................................................................... 12

*Vasquez Perdomo v. Noem*,
148 F.4th 656 (9th Cir. 2025) ............................................................ 15

**RULES - OTHER**

Fed. R. Civ. Proc. 16(b)(2) ................................................................ 15

Fed. R. Civ. Proc. 26(f) ............................................................... 2, passim

Fed. R. Civ. Proc. 30(b)(6) ............................................................. 8, 13

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants have taken the extraordinary position in their motion for vacatur that the Supreme Court's administrative stay of a temporary restraining order ("TRO") somehow nullifies this Court's power to grant *any* preliminary relief in this case. *See* ECF 205 at 2–5. Defendants essentially seek from this Court what amounts to an advisory opinion that *no evidence* could support a preliminary injunction. *Id.* at 3. Defendants are wrong, for all the reasons Plaintiffs and Intervenors (together "Requestors") have explained in their joint opposition to that motion. Instead of granting Defendants their legally unsupported advisory opinion, Requestors respectfully ask that this Court put Defendants to the test and order limited, expedited discovery into the specific assertions Defendants have made in arguing that no preliminary relief is warranted.

Despite mounting evidence that Defendants have violated the Fourth Amendment by conducting non-targeted immigration raids and by seizing community members based on nothing more than stereotypes and suppositions, Defendants have variously asserted that a person may be unaware of the reasons why they are being stopped, ECF 90 (Hr. Tr. 63:7–22), that the four factors enumerated in the Court's TRO are alone sufficient to form reasonable suspicion, *see, e.g.*, ECF 170 at 15–17, or that agents and officers relied on some "additional" information beyond the four factors, *see, e.g.*, ECF 178 at 3. Defendants have defended their actions by relying on generalized statements about training, which they have not provided, and by making elusive references to "intelligence," which they have failed to identify, detail, or support. And Defendants have repeatedly declined to provide any additional information about their training or operations in response to Plaintiffs' informal requests, or to set a Rule 26(f) conference.

Defendants apparently believe that they can oppose a preliminary injunction and dispute Plaintiffs' eyewitness testimony with vague declarations and not a

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

single piece of documentation. That is not the law. While Plaintiffs bear the burden of persuasion on a preliminary injunction, given the showing Plaintiffs have now made, it is up to the government to offer evidence demonstrating that agents' and officers' seizures are reasonable. *See* ECF 194 at 6–7. The time has now come for Defendants to provide evidence to support their statements, so that this Court and the appellate courts may "have the benefit of reviewing . . . [a] more fully developed record." *Nat'l TPS All. v. Noem*, No. 25-5724, 2025 WL 2661556, at *2 (9th Cir. Sept. 17, 2025).

Expedited discovery into Defendants' assertions is warranted, and supported by precedent. For example, just months ago, the district court in *Newsom v. Trump* granted expedited discovery to support a pending motion for preliminary injunction, even though the parties had "not yet held a Rule 26(f) conference" and had already submitted their respective briefing on the motion. No. 25-CV-04870, 2025 WL 2250569, at *4, 6 (N.D. Cal. June 25, 2025). As the *Newsom* court explained, such limited discovery—including "tailored written discovery" and some depositions— would be "immensely helpful to the Court" in assessing the complex facts of "an evolving situation." *Id.* at *4.[1] So, too, here.

Defendants' apparent position is that the Supreme Court's unreasoned order staying this Court's TRO was effectively the end of the case: leaving this Court without power to grant any preliminary relief. But that is wrong for the reasons Requestors have previously explained. If Defendants' assertions are, in fact, supported by evidence, Defendants should welcome the chance to prove their work. If the assertions are not supported, then that fact would merely underscore the need for the Court to provide Plaintiffs and Intervenors with relief. The Court should

---

[1] The *Newsom* court later consolidated *sua sponte* the pending motion for preliminary injunction with a Federal Rule of Civil Procedure 65(a)(2) trial on the merits, ultimately issuing a permanent injunction. *See Newsom v. Trump*, No. 25-CV-04870, 2025 WL 2501619, at *2, 29 (N.D. Cal. Sept. 2, 2025), *appeal filed*, No. 25-5553 (Sept. 3, 2025).

reject Defendants' sweeping assertion about the effect of an unreasoned Supreme Court stay order that is indisputably "not a decision on the merits," ECF 203 at 2, 4 (quoting *Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring)), and order the targeted expedited discovery Requestors seek here.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Plaintiffs seek to preliminarily enjoin Defendants from continuing their unconstitutional detentive stops in the District

In early June, Defendants unleashed armed, masked agents to conduct raids across Southern California. Between June 6 and July 10, federal agents conducted raids almost daily, targeting certain locations (including Home Depots, car washes, agricultural sites, street corners, bus stops, parks, recycling centers, tow yards, a swap meet, a gym, churches, packing houses, and shopping malls) in Los Angeles and Orange Counties, the Inland Empire, and the Central Coast. ECF 45 at 2–6, 15; ECF 81 at 6; ECF 128 at 2. The operations were driven by immense pressure to meet arrest quotas, resulting in an officially sanctioned pattern and practice of detentive stops without reasonable suspicion, and deviating from Defendants' longstanding immigration enforcement practices. ECF 128 at 2–4, 10–12. Agencies participating in the operations include DHS—ICE ERO, ICE HSI, and Border Patrol—as well as DOJ law enforcement agencies including the FBI. *Id.* at 2.

On July 11, this Court granted a TRO enjoining Defendants from making detentive stops based solely on four factors—apparent race and ethnicity, speaking Spanish or accented English, location, and occupation—alone or in combination. ECF 87. Defendants appealed and applied for a stay. This Court denied a stay, ECF 108, and in a reasoned decision, the Ninth Circuit Court of Appeals also denied a stay. *Vasquez Perdomo v. Noem*, No. 25-4312 (9th Cir. Aug. 1, 2025). On September 8, the U.S. Supreme Court granted a stay, without explaining its reasons for granting the request. *Noem v. Vasquez Perdomo*, 606 U.S. __ (Sept. 8, 2025).

Meanwhile, Plaintiffs filed a Motion for Preliminary Injunction before this Court asking for modified injunctive relief. ECF 128. Plaintiffs incorporated by reference the evidence submitted with their TRO application, and also offered additional evidence in support of standing and the merits of their Fourth Amendment claims, including in connection with Defendants' operations that took place while the TRO was operative. ECF 128; ECF 163. Intervenors joined Plaintiffs' motion and submitted additional evidence documenting the impact of Defendants' raids on local governments in and residents of the Central District. ECF 147. Defendants opposed the motion. ECF 170; ECF 171; ECF 178.

**B.    Defendants' responses to Plaintiffs' preliminary injunction briefing make generalized and unsupported claims**

*1.    Defendants reference trainings that are not in the record.*

In their opposition to Plaintiffs' preliminary injunction motion, Defendants essentially ask this Court to trust, but not verify. Although claiming to train their agents and officers on "Ninth Circuit-specific" law, ECF 170 at 2, and on "compliance" with this Court's TRO, ECF 178 at 2–3, Defendants have submitted no training materials or additional information about their trainings. As a result, neither the parties nor the Court can evaluate such training or its efficacy. *See* ECF 195 at 2. While Defendants claim to have provided their personnel with "resources" to "interpret and apply" the TRO, ECF 178 at 3, Defendants do not say what those resources are, and provide no information about what documentation practices or other internal mechanisms they have for monitoring their agents' and officers' conduct, ECF 195 at 2–3.

*2.    Defendants rely on "intelligence" that they are unwilling to detail.*

Defendants' briefing also refers to "intelligence," "actionable information," "targeting packages" and the like without stating what that information is, how such "intelligence" was developed, and how it specifically relates the seizures of individuals that the record before this Court suggests were based on demographic

-4-

factors alone. *See* ECF 195 at 3. Defendants further provide no documentation of such "intelligence." The parties and the Court are therefore unable to determine whether such intelligence actually exists or what role it should play in the reasonable suspicion calculus, if any.

For example, Defendants represented to the Supreme Court that their actions at the Westlake Home Depot raid were supported by information beyond the four factors in the TRO, i.e., "additional information gathered through an intelligence operation." *See* Reply Brief for Defendants at 19, *Noem v. Vasquez Perdomo* (U.S. Aug. 13, 2025). Yet when it came time to substantiate that representation, Defendants did not. In their response to the PI Supplement, Defendants simply repeated that they chose the Westlake Home Depot location based on "intelligence . . . which indicated there were individuals known to be present . . . who were in the U.S. illegally." *See* ECF 178-1 (Molina Decl.), ¶ 12. Defendants did not specify what that "intelligence" was or its relationship to persons ultimately detained, seemingly at random. *Id.*; *see* ECF 163 at 4. This was not a "targeted operation." *See* ECF 195 at 4.

### 3. Defendants refute individual stops with secondhand accounts and no records.

Defendants do not dispute many of the eyewitness accounts of stops offered by Plaintiffs. *See, e.g.*, ECF 194 at 6. Where Defendants have disputed the accounts, they did so with declarations from high-level officials who were not present or, in one case, an agent who was present but did not witness the initial seizures in question. *See* ECF 170-1 (Agent C217 Decl.); ECF 170-2 (Parra Decl.); ECF 170-3 (Quinones Decl.); ECF 178-1 (Molina Decl.). Defendants did not submit any contemporaneous record of any of the stops. *See* ECF 194 at 7; ECF 195 at 1. And Defendants' declarations do not identify the sources they relied upon for the assertions made about the stops. *See* ECF 194 at 7–8; ECF 195 at 3; *see also* ECF 194 at 8–9 (discussing Agent C217's declaration). The parties and this Court can

only speculate whether Defendants consulted notes, videos, reports, or agents or officers, a combination thereof, or none of the above, making it impossible to assess the declarations' reliability.

### C.    The parties' efforts to meet and confer

On September 15, Plaintiffs' counsel contacted counsel for Defendants and Intervenors and informed them of Plaintiffs' intent to move for expedited discovery in connection with their preliminary injunction motion. Ex. A, Declaration of Mohammad Tajsar ("Tajsar Decl."), ¶ 2. That afternoon, the parties conferred about the substance of this motion and of Plaintiffs' proposal for an expedited briefing and hearing schedule. *Id.*, ¶ 3. Although the parties were unable to reach agreement on Plaintiffs' request for expedited discovery, they did agree to request that the Court order an expedited briefing and hearing schedule as set forth in a concurrently filed stipulation. *Id.*, ¶¶ 4-6. On September 19, Intervenors' counsel informed the parties that they would be joining Plaintiffs' motion and confirmed the joint filing would be made on September 22. *Id.*, ¶ 7.

## III.    LEGAL STANDARD

A district court may authorize discovery prior to a Rule 26(f) conference upon a showing of good cause. *Am. LegalNet, Inc. v. Davis,* 673 F. Supp. 2d 1063, 1066–67 (C.D. Cal. 2009). Courts commonly consider five factors to determine whether good cause exists to justify expedited discovery: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (citation omitted)

"The good cause standard may be satisfied where a party seeks a preliminary injunction." *Id.* (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)); *Storz Mgmt. Co. v. Carey*, No. 2:18-CV-00068-TLN-DB, 2018 WL 11632763, at *1 (E.D. Cal. Feb. 9, 2018). "[W]here a

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery request . . . on the entirety of the record to date and the *reasonableness* of the request in light of all of the surrounding circumstances." *Am. LegalNet*, 673 F. Supp. 2d at 1067 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000) (emphasis in original)). Courts in this circuit have a long history of ordering expedited discovery to support a motion for preliminary injunction. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (PI motion anticipated); *Eurofins Elec. & Elec. Testing NA, LLC v. SGS N. Am. Inc.*, No. 5:24-CV-06340-EJD, 2024 WL 4453315, at *1 (N.D. Cal. Oct. 8, 2024) (PI motion pending); *Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist.*, No. 17-CV-1054-BAS-JMA, 2018 WL 1150836, at *3 (S.D. Cal. Mar. 5, 2018) (PI motion pending); *Est. of Rupard v. Cnty. of San Diego*, No. 23-CV-1357-CAB-BLM, 2023 WL 8629097, at *3 (S.D. Cal. Dec. 12, 2023) (PI motion anticipated).

In addition, "[c]ourts have also permitted early discovery when there is ongoing harm or the evidence sought is in danger of destruction or loss." *Megaupload, Ltd. v. Universal Music Grp., Inc.*, No. 11-CV-6216 CW JSC, 2012 WL 243687, at *3 (N.D. Cal. Jan. 25, 2012).

## IV.    PLAINTIFFS' AND INTERVENORS' REQUESTED DISCOVERY

Requestors seek limited discovery into a subset of issues relevant to the Court's resolution of the pending preliminary injunction motion and expedited discovery procedures to facilitate the prompt completion of this discovery, as set forth below.

### A.    Proposed written discovery requests

Requestors have attached their proposed interrogatories and requests for production of documents as exhibits to this motion.

To summarize, Requestors propose that Plaintiff CHIRLA be permitted to propound four interrogatories on Defendants seeking the following information:

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

1.     The identities of agents or officers who initiated detentive stops or encounters with Plaintiffs or declarants in ten immigration operations that Defendants defend the legality of;

2.     The identities of those whom Defendants relied upon in compiling the secondhand declarations they submitted about the incidents described in Interrogatory No. 1, and their particular role;

3.     Information about who received the trainings referenced by Defendants in their opposition papers, and when;

4.     Information about any mechanisms Defendants have for monitoring agents' or officers' compliance with their training and the Fourth Amendment, and any relevant investigations or corrective actions taken.

Tajsar Decl., Ex. 1, Plaintiff CHIRLA's Expedited Interrogatories to Defendants, Set One, at 6–7.

In addition, Requestors propose that Plaintiff CHIRLA be permitted to propound four requests for production on Defendants seeking the following:

1.     Training records and guidance referenced by Defendants;

2.     Raid-specific documents created by Defendants for 15 immigration operations at issue;[2]

3.     Communications by text or through any messaging platform sent or received by the agents who initiated detentive stops or encounters with Plaintiffs or declarants in ten immigration operations described in Interrogatory No. 1 above, about those same operations; and

4.     Any documents referred to in Defendants' responses to CHIRLA's interrogatories, described above.

---

[2] In the accompanying requests for production, Plaintiffs list twelve (12) such operations discussed by Defendants in their briefing dond propose that they be permitted to add three (3) additional operations, as Defendants' raids are continuing and Plaintiffs' investigation is ongoing.

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

Tajsar Decl., Ex. 2, Plaintiff CHIRLA's Expedited Requests for Production to Defendants, Set One, at 6–8.

**B.      Proposed depositions**

Requestors also propose to notice and complete up to seven depositions. Of these, Requestors seek depositions of up to six agents or officers responsible for initiating detentive stops of Plaintiffs or declarants and/or who provided information for the declarations submitted by Defendants, to be identified after review of Defendants' responses to Plaintiffs' written discovery.

Requestors further request one deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) of a Department of Homeland Security witness who is prepared to answer questions about the nature of documentation created and maintained for immigration enforcement operations, and Defendants' processes, procedures, and operational structure for such operations, including in relation to Defendants' responses to Plaintiffs' written discovery.

**C.      Proposed expedited discovery procedures**

To facilitate completion of this discovery, Requestors seek the following expedited discovery procedures:

*Written discovery deadlines*: Responses to written discovery to be served within 10 days of service. Production of responsive, non-privileged documents to be made within 14 days of service of a request for production.

*Depositions*: Depositions to be scheduled and completed within 14 days of service of a deposition notice.

*Discovery disputes*: Should a dispute concerning discovery arise between the parties, the parties must meet and confer within two business days of a request to do so. If no resolution of the dispute is reached, the moving party must prepare and serve a joint stipulation pursuant to Local Rule 37 within two days of the conclusion of a meet and confer. The responding party must provide its portion of the joint

-9-

stipulation within 2 days thereafter. The moving party must prepare and file the final joint stipulation pursuant to Local Rule 37.

*Status conferences*: The parties may seek an order from the presiding Magistrate Judge scheduling weekly status conferences to ensure timely progress and prompt resolution of any disputes.

*Additional requests (if any)*: While Requestors believe the discovery described above should be sufficient to meet the stated objectives based on currently available information, Requestors reserve the right to request additional discovery from the presiding Magistrate Judge if necessary.

## V.   ARGUMENT

### A.   Good cause exists for expedited discovery

Requestors have good cause to seek expedited discovery in advance of a Rule 26(f) conference of the parties. This discovery is necessary to assist in the resolution of the pending preliminary injunction motion. Further, expedited discovery is necessary to preserve evidence relevant to the issues underlying the preliminary injunction that might otherwise be lost. Each of the relevant factors weighs in favor of granting Requestors' motion.

> *1.   The pending Fourth Amendment preliminary injunction motion supports expedited discovery.*

"In cases where a preliminary injunction is pending, courts often permit expedited discovery designed to obtain information required for the preliminary injunction." *Storz Mgmt. Co.*, No. 2:18-CV-00068-TLN-DB, 2018 WL 11632763, at *1. As the *Newsom* court recently acknowledged, a pending motion for preliminary injunction—coupled with "rapidly evolving situation on the ground"—provides good cause for limited and expedited discovery. *Newsom*, 2025 WL 2250569, at *6. The fully briefed, pending Fourth Amendment preliminary injunction motion provides good cause for the limited discovery Requestors seek here.

-10-

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

As detailed in Plaintiffs' papers, Defendants are engaged in an ongoing pattern and practice of conducting unconstitutional immigration raids throughout the District. Indeed, although arrests of the "likely victims of profiling" declined by 83 percent following the TRO,[3] Defendants resumed the worst of their unlawful practices in August. *See* ECF 163 at 1–7. In a three-week period between August 2 and August 24, Plaintiffs documented numerous incidents that followed the pattern and practice of unconstitutional behavior that gave rise to the TRO. *Id.* at 2–9; ECF 175 at 14–16. And the raids are continuing. This pattern of ongoing irreparable injury weighs in favor of granting expedited discovery in advance of resolution of Plaintiffs' Preliminary Injunction Motion. *See United States v. Mayer*, No. 8:03-CV-415-T-26TGW, 2003 WL 1950079, at *1–2 (M.D. Fla. Feb. 20, 2003) (ordering expedited civil discovery due to "the risk of irreparable injury"); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990) (granting plaintiff expedited discovery in copyright infringement case so that factual inquiries could be made to avoid further irreparable harm); *see TracFone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015) (finding that "good cause exists for expedited discovery into Defendants' alleged unlawful activity and the harm such alleged activity has caused").

As Plaintiffs have explained, much of the factual record presented in support of a preliminary injunction, which is more expansive than at the TRO stage, is uncontested by Defendants. ECF 194 at 1. However, Defendants have made assertions about information relied upon by their agents and officers that is in the government's exclusive possession. Defendants also have made generalized statements about training and references to "intelligence" and "actionable information" that they have been unwilling to allow the parties or the Court to

---

[3] David J. Bier, *Anti-Profiling Court Order Cuts LA ICE Arrests by 66 Percent*, CATO Inst. (Aug. 14, 2025), https://www.cato.org/blog/anti-profiling-court-order-cuts-la-ice-arrests-66-0.

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

scrutinize. Given the Supreme Court's stay of the TRO, Requestors believe further development of the factual record would be valuable for this Court—and for review by any appellate court. *Nat'l TPS All.*, 2025 WL 2661556, at *3; *see also Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984), *aff'd. in part, rev'd in part on other grounds*, 746 F.2d 429 (8th Cir. 1984) (ordering expedited discovery that will "better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing).

> 2.    *The requested discovery is narrow and tailored to the purpose for which it is being requested.*

The Requestors' proposed discovery is limited in scope, bounded in time, and narrowly tailored, thus supporting a finding of good cause. *Energetics Systems Corp. v. Advanced Cerametrics, Inc.*, No. CIV.A. 95-7965, 1996 WL 130991, at *2 (E.D. Pa. Mar. 15, 1996) (granting expedited discovery limited to "discovery that relates to the narrow focus of the preliminary injunction hearing").

The reasonableness of a request must be understood based on "the entirety of the record" and "in light of all of the surrounding circumstances." *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 194 F.R.D. at 624. Although this lawsuit involves multiple constitutional claims and numerous parties, Requestors seek expedited discovery only with respect to the Fourth Amendment claim. Moreover, Plaintiffs' papers detail—even setting aside news stories and other reporting—a total of 31 operations where Defendants appear to have seized individuals without reasonable suspicion. After carefully considering Defendants' opposition papers, Requestors seek only identities and communications of individuals with information about ten of those operations and documents about 12 of the operations (and several additional operations to be determined).

Beyond this, Requestors seek information about Defendants' training and related information about mechanisms for monitoring agents' and officers' conduct

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

in relation to their training and the Fourth Amendment. Requestors also seek documents from operations to better understand the role of "intelligence" in those operations.

In total, Requestors seek to propound only four interrogatories and four requests for production. The request for documents from operations, including contemporaneously recorded videos,[4] and request for texts and communications through messaging platforms,[5] is particularly salient because courts are wary of "*post-hoc* rationalizations" about stops. *United States v. Montoya de Hernandez*, 473 U.S. 531, 559 (1985) (Brennan, J., dissenting). Reasonable suspicion must exist based on facts known at the time of the stop. *See Kansas v. Glover*, 589 U.S. 376, 381 (2020). And beyond their limited scope, these requests seek information narrowed in time. *MedImpact Healthcare Sys., Inc. v. IQVIA Holdings, Inc.*, No. 19CV1865-GPC-LL, 2019 WL 6310554, at *3 (S.D. Cal. Nov. 25, 2019) (recognizing that "temporal limitation combined with the narrow scope distinguishes these requests from a premature merits-based request").

Additionally, Requestors seek no more than seven depositions. Courts have granted expedited discovery in the form of depositions upon a showing of good cause. *See, e.g.*, *Newsom*, 2025 WL 2250569, at *5-6 (granting depositions, including of an ICE ERO official); *Jimenez v. Nielsen*, 326 F.R.D. 357, 359-60 (D. Mass. 2018) (awarding expedited depositions in case challenging ICE detentions); *Praecipio Consulting, LLC v. Howser*, No. 25-cv-02927-JST, 2025 WL 1084766, at *3 (N.D. Cal. Apr. 10, 2025) (awarding first- and third-party depositions); *Light Salt Invs., LP v. Fisher*, No. 13cv1158-MMA (DHB), 2013 WL 3205918, at *2 (S.D.

---

[4] As Plaintiffs previously noted, Defendants appear to have body camera footage from raids. ECF 195 at 2 n.2.

[5] *Cf. NobelBiz, Inc. v. Wesson*, No. 14CV0832 W(JLB), 2014 WL 1588715, at *2-3 (S.D. Cal. Apr. 18, 2014) (granting expedited discovery of communications, including text messages and instant messages, between defendant and other individuals relating to the defendant's allegedly unlawful conduct).

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

Cal. June 24, 2013) (awarding expedited depositions). Given the breadth of the overall case, and the fact that Defendants submitted not a single declaration from a percipient witness to any initial detentive stop, Requestors' proposal to take up to six depositions of agents and officers is modest and reasonable.[6] Additionally, Requestors' proposal to take a single, limited scope Rule 30(b)(6) deposition to learn basic background and operational information is reasonable and will aid the parties and the Court in understanding the documents produced by Defendants.

> 3.    *Expedited discovery is further justified by the need to preserve material evidence.*

Immediate expedited discovery is also necessary to preserve critical evidence in Defendants' possession and avert any risk of spoliation, even if inadvertent.

Defendants assert that Border Patrol maintains *no* documentation of stops that do not lead to arrests. ECF 178-1 (Molina Decl.), ¶ 10; *see also* ECF 195 at 3 & n.3. This raises concerns as to whether there will be a durable record at all of numerous stops at issue in this case, including stops of U.S. citizens and others lawfully present who may not ultimately be arrested. Because Defendants have not submitted any records with their briefing, it is unclear what records are in their possession that contemporaneously capture the basis for stops more generally. Further, ICE has recently shifted its practice away from using Field Operations Worksheets (FOWs) to less detailed targeting sheets.[7] This makes it more critical to capture any available information that exists now, even informal documentation, before it is lost,

---

[6] Because agents and officers have refused to identify themselves, Requestors will need to rely on Defendants' responses to interrogatories and operations-specific documents to determine who these agents and officers will be.

[7] *See* Julia Ainsley, Didi Martinez & Laura Strickler, *Under Trump administration, ICE scraps paperwork officers once had to do before immigration arrests*, NBC News (Sept. 9, 2025), https://www.nbcnews.com/politics/national-security/trump-administration-ice-scraps-paperwork-officers-immigration-arrests-rcna229407 (noting how FOWs had previously been required for nearly every arrest the agency made).

-14-

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

discarded, or overwritten.[8] With respect to agents' and officers' texts and other messages/chats that relate to operations, there is a very real risk the agency may not preserve them even though they are federal records.[9] All of this also renders more important agents' and officers' testimony from memory about the factors that they allegedly relied upon to form reasonable suspicion at the time of the stops.

        4.      *Defendants have been unwilling to provide the requested information voluntarily or to set a date to commence discovery.*

Defendants declined to voluntarily provide the parties and the Court with their training, "intelligence," or agents' and officers' direct accounts of what prompted the stops of Plaintiffs and declarants in their briefing. They also declined to provide any documentation.

In the parties' conferences over resumed raids at Home Depots and car washes in August, Plaintiffs attempted to obtain some of this information. ECF 175 at 11–13. Defendants demurred. *Id.*; *see also* Tajsar Decl., ¶ 8. Defendants have also opposed scheduling a Rule 26(f) conference, despite repeated requests over the past month. *Id.*, ¶¶ 9-11.[10] Requestors have no other manner to obtain the information they need. Even if the Court were to order a Rule 26(f) conference now, that would

---

[8] In a recent case involving ICE in this District, the agency failed to preserve arrest records in hundreds of target folders, in contravention of its retention policy. *See Kidd v. Mayorkas*, No. 2:20-cv-03512-ODW-JPR (C.D. Cal. Apr. 16, 2020), ECF 458 at 2–5 (motion for sanctions describing evidence spoliation). When the agency was ordered to produce them in discovery, officers "recreated" missing records and passed them off as originals. *Id.* at 5–9; *see also Kidd v. Mayorkas*, No. 2:20-cv-03512-ODW-JPR (C.D. Cal. Apr. 16, 2020), ECF 384 at 3–5 (Defendants' report of investigation into "recreated" records).

[9] *See* Rebecca Beitsch, *Homeland Dems demand investigation into DHS's potential 'unlawful destruction' of records*, The Hill (Aug. 29, 2025), https://thehill.com/policy/national-security/5477685-nara-probe-dhs-record-retention/.

[10] Defendants have taken the position that initiating discovery is premature given "jurisdictional issues on appeal could substantially narrow the scope of discovery." ECF 201-1 at 3. This is wrong. The Ninth Circuit has already found that Plaintiffs have standing to bring their Fourth Amendment claim, *Vasquez Perdomo v. Noem*, 148 F.4th 656, 673–77 (9th Cir. 2025). Moreover, the appeal of the TRO has now been held in abeyance. ECF 203 at 7 n.1. There is no good reason to delay the commencement of general discovery.

---

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

not afford Requestors the expedited procedures that would make it possible to complete discovery in a timely manner for a preliminary injunction hearing.

Expedited discovery will not commence "too far in advance of the start of formal discovery." *Ent. Tech. Corp. v. Walt Disney Imagineering*, No. CIV.A. 03-3546, 2003 WL 22519440, at *5 (E.D. Pa. Oct. 2, 2003). The Rule 16 scheduling conference could be set for October 29, 2025, consistent with Federal Rule of Civil Procedure 16(b)(2).[11] For these reasons, this factor supports a finding of good cause.

> 5. *Defendants will not be unduly burdened by proposed expedited discovery.*

The requested expedited discovery concerns a limited portion of the entire discoverable record in this action. The discovery is narrow in scope and aimed at understanding Defendants' ongoing operations in light of assertions and representations Defendants have made in their briefing and, ultimately, maintaining the status quo ante litem. On these facts, Defendants cannot claim to be unduly burdened. "A party is not unduly burdened by an expedited discovery request when the administration of justice outweighs the prejudice to the responding party." *Hum. Rts. Watch v. Drug Enf't Admin.*, No. CV 15-2573 PSG (JPRx), 2015 WL 13648069, at *3 (C.D. Cal. July 10, 2015) (citation and internal quotation marks omitted).

Nothing sought in the proposed discovery requires Defendants to engage in unreasonable investigation. Rather, Requestors seek training materials that Defendants already (allegedly) provide to its agents or officers, identities of agents or officers from operations that took place recently, and depositions of mostly rank-and-file agents or officers (as opposed to apex witnesses or senior agency officials). Indeed, Defendants themselves have already presumably begun the investigation and records searches necessary in opposing the preliminary injunction motion.

---

[11] Plaintiffs respectfully submit that this is an "unusual" case justifying departure from this Court's ordinary procedures. *Cf.* Standing Order at 3.

-16-

Much of what Requestors seek consists of information that Defendants purport to have relied on, but have not disclosed to the Court.

Further, all parties are represented by sophisticated counsel, and have adequate experience, training, and resources to ensure expeditious completion of this limited discovery process. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 277 (N.D. Cal. 2002) (sophistication of parties' counsels in favor of expedited discovery). The joint nature of this request (between Plaintiffs and Intervenors) will also ensure that any discovery the parties complete is not duplicative and promotes judicial economy. *Id.* at 276–77 (considering conservation of party and judicial resources to award expedited discovery). Finally, that Requestors bring this motion prior to the resolution of motions to dismiss and any additional amendments of pleadings is no reason to deny the request. *Id.* at 277 (finding no prejudice to parties by ordering expedited discovery prior to amendment of pleadings).

### B. Requestors' proposed discovery procedures are reasonable and appropriate

Courts finding good cause for expedited discovery have also set appropriate schedules for that discovery. Such schedules have provided as little time as a week or less to respond to interrogatories and requests for production. *See, e.g.*, *Manus Bio Inc. v. Sweegen, Inc.*, No. 8:24-cv-01921-JVS, ECF No. 43 at 2 (C.D. Cal. Sept. 16, 2024) (order granting expedited discovery and providing defendant with seven days to respond); *Hough v. Carroll*, No. 2:24-cv-02886-WLH, ECF No. 42 at 5-6 (C.D. Cal. May 1, 2024) (ordering expedited discovery and providing defendant with seven days to respond to a request for production and three days to respond to

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

an interrogatory). Requestors' proposal of 10 days for a response and 14 days for production of documents is reasonable.[12]

Courts have also set shortened timelines for other aspects of discovery, including depositions. *See, e.g.*, *Fidelity Brokerage Servs. LLC v. Buri & Morgan Stanley Smith Barney LLC*, No. 8:18-cv-02246-JVS, ECF No. 21 at 1 (C.D. Cal. Dec. 21, 2019) (order granting leave for movant to depose multiple individuals on three days' notice); *Praecipio Consulting, LLC*, 2025 WL 1084766, at *3 (awarding depositions on seven days' notice); *Tolman & Wiker Ins. Servs., LLC v. The Liberty Co. Ins. Brokers, Inc.*, No. 2:20-cv-08641-JAK, ECF No. 52 at 2 (C.D. Cal. Oct. 14, 2020) (order requiring that depositions be completed within 30 days of issuance of the order). Requestors' proposal that depositions take place within 14 days of being noticed is reasonable.

### C. Any "reciprocal" discovery should be justified with a showing of good cause

During the parties' September 15 conference, Defendants inquired about Plaintiffs' willingness to agree to "reciprocal" discovery should expedited discovery proceed. Tajsar Decl., ¶ 4. Defendants later reiterated their intention to request "reciprocal" discovery if the Court were to grant this motion. *Id.* ¶ 6. Requestors note that Defendants could achieve "reciprocal" discovery by simply agreeing to scheduling of a Rule 26(f) conference. Short of that, while Requestors are not opposed in the abstract to Defendants taking limited expedited discovery of Plaintiffs and Intervenors, such discovery would need to be set forth with particularity and justified by a showing of good cause. *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1067. Although it is unclear why such discovery would be necessary at this juncture—or how much would be necessary—since Defendants have equal

---

[12] The parties have already begun conferring about a protective order to govern any sensitive or confidential material disclosed in discovery in the case, and have exchanged several drafts. Tajsar Decl., ¶ 13.

access to information about what occurred during stops of Plaintiffs and declarants (as opposed to information about Defendants' training and internal practices or information in an agent's or officer's mind that may support reasonable suspicion), Requestors are open to considering such reciprocal, expedited discovery upon a showing of good cause.

## VI.    **CONCLUSION**

For the reasons set forth above, Plaintiffs and Intervenors respectfully request the Court grant their motion. If the Court grants the motion, Plaintiffs and Intervenors suggest that the parties meet and confer about a proposal for supplemental briefing and any other matters that may need to be addressed following the completion of expedited discovery.

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

DATED:  September 22, 2025

ACLU OF SOUTHERN CALIFORNIA

By:  */s/ Mohammad Taisar*
Mohammad Tajsar
*Counsel for Stop/Arrest Plaintiffs*

UC IRVINE IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC

By:  */s/ Anne Lai*
Anne Lai
*Counsel for Stop/Arrest Plaintiffs*

MUNGER. TOLLES & OLSON LLP

By:  */s/ E. Martin Estrada*
E. Martin Estrada
*Counsel for Intervenors Cities of Los Angeles, Anaheim, Bell Gardens, Beverly Hills, Carpinteria, Culver City, Huntington Park, Long Beach, Lynwood, Montebello, Monterey Park, Oxnard, Paramount, Pico Rivera, Pomona, Santa Ana, Santa Barbara, Santa Monica, South Gate, and West Hollywood*

OFFICE OF THE LOS ANGELES CITY ATTORNEY

By:  */s/ Hvdee Feldstein Soto*
Hydee Feldstein Soto
*Counsel for Intervenor City of Los Angeles*

OFFICE OF THE COUNTY COUNSEL

By:  */s/ Brigit Greeson Alvarez*
Brigit Greeson Alvarez
*Counsel for Intervenor County of Los Angeles*

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

OFFICE OF THE CITY ATTORNEY OF PASADENA

By: _/s/ Michele Beal Bagneris_
Michele Beal Bagneris
*Counsel for Intervenor City of Pasadena*

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 22, 2025, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Central District of California using the CM/ECF system, which provided notification of such filing to all registered CM/ECF users, including all adverse parties. L.R. 65-1.

DATED:  September 22, 2025          ACLU OF SOUTHERN CALIFORNIA

By:  */s/ Mohammad Taisar*
            Mohammad Tajsar

*Counsel for Stop/Arrest Plaintiffs*

-22-
NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned counsel of record certifies that this filing is nineteen pages and complies with this Court's standing order.

DATED:  September 22, 2025         ACLU OF SOUTHERN CALIFORNIA

By: ___*/s/ Mohammad Taisar*___
            Mohammad Tajsar

*Counsel for Stop/Arrest Plaintiffs*

NOTICE OF MOTION AND MOTION FOR LIMITED, EXPEDITED DISCOVERY