# EXHIBIT A

STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRAN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
DIANA SANCHEZ (SBN 338871)
*dianasanchez@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi NOEM, in her official capacity as Secretary, Department of Homeland | Case No.: 2:25-cv-05605-MEMF-SP <br><br> **DECLARATION OF MOHAMMAD TAJSAR IN SUPPORT OF PLAINTIFFS' AND INTERVENORS' JOINT MOTION FOR LIMITED, EXPEDITED DISCOVERY** <br><br> *[Filed concurrently with Motion for Limited, Expedite Discovery]* <br><br> Hon. Maame Ewusi-Mensah Frimpong |

-1-

Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

   Defendants.

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
JAMIE LUMA (SBN 331610)
jamie.luma@mto.com
SARA H. WORTH (SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER (SBN 343388)
henry.shreffler@mto.com
MAGGIE BUSHELL (SBN 354048)
maggie.bushell@mto.com
KYLE A. GROVES (SBN 358085)
kyle.groves@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

JESSICA K. BANSAL (SBN 277347)
jessica@ndlon.org
LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiff*

MATTHEW J. CRAIG (SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS (SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO
(SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE
IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS LAW
CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

## DECLARATION OF MOHAMMAD TAJSAR

I, Mohammad Tajsar, declare the following:

1.    I am an attorney at the ACLU Foundation of Southern California and counsel of record to the Stop/Arrest Plaintiffs in the above-captioned action. I make this declaration from my personal knowledge. If called to testify to these facts, I could and would do so competently.

*Meet and confer efforts*

2.    On September 15, I contacted counsel for Defendants and Intervenors to inform them of Plaintiffs' intent to move for expedited discovery in connection with their preliminary injunction motion. I requested a conference of counsel pursuant to Local Rule 7-3 to discuss this impending filing.

3.    That afternoon, the parties conferred about the substance of this motion and of Plaintiffs' proposal for an expedited briefing and hearing schedule.

4.    During this conference, Defendants informed Plaintiffs that Defendants will likely oppose expedited discovery. Defendants' counsel asked if Plaintiffs' counsel would be amenable to reciprocal expedited discovery. Plaintiffs stated that we might be open to reciprocal discovery but noted that we needed to hear the particulars and requested that Defendants inform the parties if they would consent to the Motion provided that expedited discovery was reciprocal.

5.    In addition, the parties discussed an expedited briefing and hearing schedule for resolving this motion.

6.    Later that evening, Defendants' counsel Tiberius Davis confirmed Defendants' agreement to Plaintiffs' proposed expedited briefing and hearing schedule in an e-mail. He further confirmed that Defendants would oppose this motion, but would argue for reciprocal expedited discovery if the Court were to grant Plaintiffs' motion.

7.     On September 19, Intervenors' counsel informed the parties that they would be joining Plaintiffs' motion and confirmed the joint filing would be made on September 22.

***Plaintiffs' requests for informal discovery and a Rule 26(f) conference***

8.     In the parties' conferences over resumed raids at Home Depots and car washes in August, Plaintiffs attempted unsuccessfully to obtain some of the information they are seeking through this Motion for Expedited Discovery. Plaintiffs detailed these efforts in the declaration filed by my co-counsel Sara Worth in support of Plaintiffs' Motion for Limited, Expedited Discovery Based on Defendants' Violations of Temporary Restraining Order filed on September 2, 2025. *See* Declaration of Sara Worth in Support of Plaintiffs' Motion to Expedite Discovery, ECF 175-1. Plaintiffs have not received any of the information requested to date.

9.     Plaintiffs have also requested the parties schedule a Rule 26(f) conference repeatedly, again unsuccessfully. Ms. Worth's declaration details these efforts as well.

10.     Most recently, Plaintiffs renewed this request for a Rule 26(f) conference during a meet and confer conference concerning Defendants' now-filed Motion to Extend the Deadline to Respond to Plaintiffs' and Intervenors' Complaints. *See* ECF 201. During the conference of counsel held on September 17, 2025, I communicated that Plaintiffs prefer not to delay this case, and that Plaintiffs would agree to stipulate to an extension of Defendants' deadline to respond to the Complaints provided the parties schedule a Rule 26(f) conference within two weeks.

11.     In response, Defendants' counsel stated that scheduling the Rule 26(f) conference in the coming weeks is a "non-starter" without explaining why.

12.     A true and correct copy of the interrogatories that Plaintiff CHIRLA proposes it propounds during expedited discovery is attached hereto as **Exhibit 1.** A

true and correct copy of the requests for production that Plaintiff CHIRLA proposes it propounds during expedited discovery is attached hereto as **Exhibit 2.**

13.     The parties have also begun conferring on a protective order to govern any sensitive or confidential material disclosed in the case, and have exchanged two drafts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 22nd day of September, 2025, at Los Angeles County, California.

/s/ Mohammad Tajsar
Mohammad Tajsar
ACLU Foundation of Southern California

# EXHIBIT 1

STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRAN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
DIANA SANCHEZ (SBN 338871)
*dianasanchez@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi NOEM, in her official capacity as Secretary, Department of Homeland | Case No.: 2:25-cv-05605-MEMF-SP <br><br> **PLAINTIFF CHIRLA'S EXPEDITED INTERROGATORIES TO DEFENDANTS, SET ONE** <br><br> Hon. Maame Ewusi-Mensah Frimpong |

Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

Defendants.

PLAINTIFFS CHIRLA'S EXPEDITED INTERROGATORIES TO DEFENDANTS, SET ONE

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
JAMIE LUMA (SBN 331610)
jamie.luma@mto.com
SARA H. WORTH (SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER (SBN 343388)
henry.shreffler@mto.com
MAGGIE BUSHELL (SBN 354048)
maggie.bushell@mto.com
KYLE A. GROVES (SBN 358085)
kyle.groves@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS (SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO
(SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE
IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS LAW
CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

**PROPOUNDING PARTY:**    COALITION FOR HUMANE IMMIGRANT RIGHTS (CHIRLA)

**RESPONDING PARTY:**    Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California.

**SET NUMBER:**    One

Pursuant to Federal Rules of Civil Procedure 26 and 33, CHIRLA hereby requests that Defendants serve written responses, under oath, to the following Interrogatories within 10 days or by the deadline set by the Court or, in the absence of such a deadline, within 30 days.

## I.    DEFINITIONS

Words in CAPITALS are defined as follows:

1.    "YOU" or "YOUR" shall mean all Defendants—Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs

Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; and Bilal A. ESSAYLI, in his official capacity as Acting U.S. Attorney for the Central District of California— and all of Defendants' agents, employees, successors, representatives, attorneys, and any other PERSON acting on Defendants' behalf.

2.      "PERSON(S)" means any natural person or any business, legal, or governmental entity or association or any other cognizable entity, including, without limitation, corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

3.      "COMMUNICATION(S)" means (a) any manner or method of disclosure or exchange of information by any means, including email, letter, memorandum, notes, telephone, voicemail, text message, facsimile, social network post or message (including Facebook, LinkedIn, and Instagram), Internet chat or other electronic medium, messaging application (such as WhatsApp, Signal, Telegram, TikTok, Snapchat, and similar applications and websites), or other form of written or verbal expression, and (b) any DOCUMENT that comprises, embodies, memorializes, reflects, or refers to any transmission of information from one PERSON to another, including by personal meeting, conversation, letter, telephone, facsimile, electronic mail, instant messaging, text messaging, or notes.  Each interrogatory that seeks information relating in any way to COMMUNICATIONS to, from, or within a government or corporate entity is hereby designated to mean, and should be construed to include, all COMMUNICATIONS by and between representatives, employees, agents, or servants of the government or corporate entity.

4.      "DOCUMENT(S)" shall be construed in the broadest sense and shall include all written, recorded, graphic, or photographic matter, however produced or reproduced, pertaining in any manner to the subject matter indicated and includes the generality of the foregoing, all originals, copies and drafts of all COMMUNICATIONS, papers, letters, notes, memoranda, ledgers, journals, minutes, books, telephone slips, expense accounts, time sheets, telegrams,

-2-

cables, photographs, microfilm, prints, publications, recordings, transcriptions, affidavits, bills, receipts, work papers, press clippings, sworn or unsworn statements, checks, videotapes, video files, audiotapes, audio files, and other tangible things; whether those writings or records are on paper, magnetic disk, tape or other computer or digital storage medium, microfilm, microfiche, floppy, or any other storage or recording medium. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. The term "DOCUMENT" specifically includes all electronically stored information and COMMUNICATIONS.

5. "TRAINING OR GUIDANCE" means any DOCUMENTS, COMMUNICATIONS, or updates, either oral or written, to any AGENCY PERSONNEL, including instructors' notes, for the purpose of informing or educating them on a subject.

6. "AGENCY PERSONNEL" means any PERSON employed by, or working at the direction of, an agency of the United States Government that YOU manage, direct, or oversee and/or which employs YOU, including officers, managers, employees, agents, attorneys (including outside counsel), representatives, contractors, staff and other persons working for such agency.

7. "DETENTIVE STOP(S)" means any stop, "investigatory" stop or detention, or roving patrol stop, sometimes referred to as a "*Terry*" stop.

8. "DESCRIBE IN DETAIL" means to provide a complete description and explanation of all facts, circumstances, information, contentions, opinions, and analyses relating to the subject matter of a specific interrogatory, including the date(s) of relevant events and the IDENTITY and description of any relevant PERSON or DOCUMENT.

9. "IDENTIFY" means (1) when referring to a fact, the fact and the documentary or testimonial support for that fact; (2) when referring to a legal basis, a detailed description of such basis; (3) when referring to documents, the production number, type of document, its general nature and subject matter, date of creation, and all author(s), addressee(s), and recipient(s), and (4) when referring to a PERSON, their full name, employer (including agency if applicable), position,

PLAINTIFF CHIRLA'S EXPEDITED INTERROGATORIES TO DEFENDANT NOEM, SET ONE

assignment, and any unique identifier (such as a badge or other identifying number) that may appear in documents produced in this action.

10.     "RELATED TO" or "RELATING TO" means referring to, reflecting, revealing, indicating, discussing, mentioning, describing, concerning, pertaining to, being connected with, or evidencing in any way.

11.     The terms "all," "any," "each," and "every" are interchangeable.

12.     The term "including" is not limiting.

13.     The singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of any interrogatory information that would otherwise not be brought within its scope.

**II.     INSTRUCTIONS**

1.     YOU are required to answer the interrogatories set forth below separately and completely in writing under oath. YOUR response is to be signed and verified by the PERSON making it, and the objections signed by the attorney making them, as required by the Federal Rule of Civil Procedure 33(b).

2.     In responding to these interrogatories, YOU shall provide all responsive information in YOUR direct or indirect, actual or constructive, possession, custody, or control, including information YOU have the ability to obtain from YOUR agents, representatives, employees, or attorneys.

3.     If an interrogatory cannot be answered in full, YOU must answer to the extent possible, specifying the reasons for YOUR inability to answer the remainder of the interrogatory and stating whatever information, knowledge, or belief YOU do have concerning the unanswered portion thereof.

4.     Where an individual Interrogatory calls for an answer that involves more than one part, each part of the answer should be clearly set out so that it is understandable.

5. If YOU find any definition, instruction, or interrogatory ambiguous in any way, IDENTIFY in YOUR response the language you consider ambiguous and state the interpretation YOU are using in responding.

6. To the extent any objection is made to any of these Interrogatories, respond to the portions of each such Interrogatory as to which no objection is made. State in full the part of the Interrogatory objected to and set forth with specificity the grounds for each objection. If any objection is made on the grounds of vagueness, overbreadth, or any similar ground, respond to the Interrogatory as narrowed to conform to your objection. If YOU contend that any of the requested information is protected by the attorney-client privilege, work-product doctrine, or any other privilege, YOU must (a) IDENTIFY the information you are withholding; (b) IDENTIFY the privilege(s) YOU are asserting; and (c) describe the factual basis or bases for each privilege you are asserting with sufficient particularity as to allow the propounding party to move for a court order compelling YOU to provide that information.

7. YOU may not give lack of information or knowledge as a reason for any failure to answer any of these Interrogatories unless YOU state that YOU have made reasonable inquiry and that the information known or readily obtainable by YOU is insufficient to allow YOU to answer the Interrogatories. If you cannot answer any Interrogatory fully and completely after exercising such diligence, YOU must: (a) provide the most complete response of which you are capable, (b) specify the portion of the Interrogatory that YOU claim YOU cannot answer fully and completely, (c) state each reason why YOU are unable to fully and completely answer such Interrogatory or its subpart, and (d) state what knowledge, information, and belief YOU have concerning the unanswered portion of each such Interrogatory.

8. If YOU answer any of the interrogatories by reference to DOCUMENTS from which the answer may be derived or ascertained, YOU are requested to comply with the requirements of Federal Rule of Civil Procedure 33(d).

9. These Interrogatories are continuing in nature and YOUR responses are to be promptly supplemented or amended if, after the time of YOUR initial response YOU learn that any response is or has become in some material respect incomplete or incorrect, to the full extent

-5-

provided for by the Federal Rule of Civil Procedure 26(e), up to and including the time of trial of this action, without notice or demand from Plaintiffs. If YOU should obtain information with respect to the subject matter of any of these Interrogatories after YOUR response to these Interrogatories is served that renders the answers thereto incomplete, inaccurate or in any way misleading, YOU are required to supplement the answers previously given.

10.    Unless otherwise specified, these requests seek information RELATED TO operations within the Central District of California.

11.    YOU are required to respond to these requests by the deadline set by the Court or, in the absence of such a deadline, within 30 days.

**III.    INTERROGATORIES.**

1.    IDENTIFY the on-scene AGENCY PERSONNEL who initiated a DETENTIVE STOP or encounter for the following PERSONS (and specify for each PERSON):

        a.    Plaintiffs Vasquez Perdomo, Osorto, and Villegas Molina on June 18;

        b.    Plaintiff Brian Gavidia and Javier Ramirez on June 12;

        c.    Plaintiff Jorge Luis Hernandez Viramontes and Omar Gamez on June 18;

        d.    F.H.S. on June 12;

        e.    E.C.P. on June 19;

        f.    G.V.C. on July 21;

        g.    S.C.C.H. on August 4;

        h.    E.K.Z.L. on August 5;

        i.    Miguel Angel Tijerino Garmendia on August 6;

        j.    Juan Francisco Aparicio Saldaña, J.A., and E.C.R. on August 7.

2.    IDENTIFY all AGENCY PERSONNEL who provided information incorporated in ECF 94-1, ECF 170-2, ECF 170-3, or ECF 178-1 concerning the DETENTIVE STOPS or

encounters listed in Interrogatory No. 1 and, for each person so identified, describe their role in relation to the respective incident.

3. For the TRAINING OR GUIDANCE produced in response to Plaintiff CHIRLA's Expedited Request for Production No. 1, describe who received each TRAINING OR GUIDANCE and when.

4. DESCRIBE IN DETAIL any mechanisms YOU have put in place for review of DETENTIVE STOPS to monitor compliance with agents' or officers' training and the requirements of the Fourth Amendment, and any investigations or corrective actions concerning the same since June 6, 2025.

DATED: October __, 2025                    UC IRVINE IMMIGRANT AND RACIAL JUSTICE
                                           SOLIDARITY CLINIC

                                           By: _____
                                                  Anne Lai

                                           *Counsel for Stop/Arrest Plaintiffs*

PLAINTIFF CHIRLA'S EXPEDITED INTERROGATORIES TO DEFENDANT NOEM, SET ONE

# EXHIBIT 2

STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRAN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
DIANA SANCHEZ (SBN 338871)
*dianasanchez@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi NOEM, in her official capacity as Secretary, Department of Homeland | Case No.: 2:25-cv-05605-MEMF-SP <br><br> **PLAINTIFF CHIRLA'S EXPEDITED REQUESTS FOR PRODUCTION TO DEFENDANTS, SET ONE** <br><br> Hon. Maame Ewusi-Mensah Frimpong |

Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

Defendants.

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
JAMIE LUMA (SBN 331610)
*jamie.luma@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
KYLE A. GROVES (SBN 358085)
*kyle.groves@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO
(SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE
IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW
CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

**PROPOUNDING PARTY:**        COALITION FOR HUMANE IMMIGRANT RIGHTS (CHIRLA)

**RESPONDING PARTY:**        Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California.

**SET NUMBER:**        One

Pursuant to Federal Rules of Civil Procedure 26 and 34, CHIRLA hereby requests that Defendants produce for copying and inspection the documents and tangible things described herein below (the "Requests") within 10 days or by the deadline set by the Court or, in the absence of such a deadline, within 30 days.

## I.    DEFINITIONS

Words in CAPITALS are defined as follows:

1.    "YOU" or "YOUR" shall mean all Defendants—Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as  Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in

Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; and Bilal A. ESSAYLI, in his official capacity as Acting U.S. Attorney for the Central District of California— and all of Defendants' agents, employees, successors, representatives, attorneys, and any other PERSON acting on Defendants' behalf.

2.      "PERSON(S)" means any natural person or any business, legal, or governmental entity or association or any other cognizable entity, including, without limitation, corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

3.      "COMMUNICATION(S)" means (a) any manner or method of disclosure or exchange of information by any means, including email, letter, memorandum, notes, telephone, voicemail, text message, facsimile, social network post or message (including Facebook, LinkedIn, and Instagram), Internet chat or other electronic medium, messaging application (such as WhatsApp, Signal, Telegram, TikTok, Snapchat, and similar applications and websites), or other form of written or verbal expression, and (b) any DOCUMENT that comprises, embodies, memorializes, reflects, or refers to any transmission of information from one PERSON to another, including by personal meeting, conversation, letter, telephone, facsimile, electronic mail, instant messaging, text messaging, or notes.  Each interrogatory that seeks information relating in any way to COMMUNICATIONS to, from, or within a government or corporate entity is hereby designated to mean, and should be construed to include, all COMMUNICATIONS by and between representatives, employees, agents, or servants of the government or corporate entity.

4.      "DOCUMENT(S)" means documents in YOUR actual or constructive, possession, custody, or control as broadly defined in Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, recorded, graphic, or photographic matter, however produced or reproduced, pertaining in any manner to the subject matter indicated and includes the generality of

-2-

the foregoing, all originals, copies and drafts of all COMMUNICATIONS, papers, letters, notes, memoranda, ledgers, journals, minutes, books, telephone slips, expense accounts, time sheets, telegrams, cables, photographs, microfilm, prints, publications, recordings, transcriptions, affidavits, bills, receipts, work papers, press clippings, sworn or unsworn statements, checks, videotapes, video files, audiotapes, audio files, and other tangible things; whether those writings or records are on paper, magnetic disk, tape or other computer or digital storage medium, microfilm, microfiche, floppy, or any other storage or recording medium. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. The term "DOCUMENT" specifically includes all electronically stored information and COMMUNICATIONS.

5.      "ELECTRONIC FORMAT" refers to production in a commonly used and generally available database format. All Requests that seek production of a database is a request for production of the material in such an electronic format.

6.      "TRAINING OR GUIDANCE" means any DOCUMENTS, COMMUNICATIONS, or updates, either oral or written, to any AGENCY PERSONNEL, including instructors' notes, for the purpose of informing or educating them on a subject.

7.      "AGENCY PERSONNEL" means any PERSON employed by, or working at the direction of, an agency of the United States Government that YOU manage, direct, or oversee and/or which employs YOU, including officers, managers, employees, agents, attorneys (including outside counsel), representatives, contractors, staff and other persons working for such agency.

8.      "TRO" means the Fourth Amendment temporary restraining order issued by the Court on July 11, 2025, ECF 87.

9.      "DETENTIVE STOP(S)" means any stop, "investigatory" stop or detention, or roving patrol stop, sometimes referred to as a "*Terry*" stop.

10.      "IDENTIFY" means (1) when referring to a fact, the fact and the documentary or testimonial support for that fact; (2) when referring to a legal basis, a detailed description of such

PLAINTIFF CHIRLA'S EXPEDITED REQUESTS FOR PRODUCTION TO DEFENDANTS, SET ONE

basis; (3) when referring to documents, the production number, type of document, its general nature and subject matter, date of creation, and all author(s), addressee(s), and recipient(s), and (4) when referring to a PERSON, their full name, employer (including agency if applicable), position, assignment, and any unique identifier (such as a badge or other identifying number) that may appear in documents produced in this action.

11. "RELATED TO" or "RELATING TO" means referring to, reflecting, revealing, indicating, discussing, mentioning, describing, concerning, pertaining to, being connected with, or evidencing in any way.

12. The terms "all," "any," "each," and "every" are interchangeable.

13. The term "including" is not limiting.

14. The singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of any Request DOCUMENTS that would otherwise not be brought within its scope.

II.    **INSTRUCTIONS**

1. YOU are required to take immediate steps to preserve and maintain all relevant DOCUMENTS, including electronic data, if YOU have not already done so.

2. Each Request set forth below should be construed independently, and not in reference to any other Request for purposes of limitation.

3. These Requests call for the production of all DOCUMENTS in YOUR actual or constructive possession, custody, or control, including DOCUMENTS which may be in the physical possession of another person or entity, such as YOUR advisors, attorneys, investigators, employees, agents, associates, affiliates, and/or representatives, whether past or present and DOCUMENTS YOU have a right to secure from any other source.

4. Any comments, notations, or markings on any DOCUMENT that are not part of the original are considered a separate DOCUMENT, and any draft, preliminary form or superseded version of any DOCUMENT is also considered a separate DOCUMENT.

-4-

5.      These Requests for production are continuing in nature. YOU must supplement or amend YOUR responses to these Requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

6.      YOU are required to respond to these Requests by the deadline set by the Court or, in the absence of such a deadline, within 30 days.

7.      Unless otherwise specified, these Requests seek DOCUMENTS applicable to the time period from January 20, 2025 to present.

8.      Unless otherwise specified, these Requests seek DOCUMENTS RELATED TO operations within the Central District of California.

9.      If any of the following Requests cannot be responded to in full after exercising due diligence to secure the information, respond to the extent possible, specifying YOUR inability to respond to the remainder and stating whatever information YOU have concerning the unanswered portions.

10.     If no DOCUMENTS are responsive to a particular request, YOU should state that no responsive DOCUMENTS exist.

11.     If YOUR response to any of these document requests is qualified in any particular manner, set forth the details of such qualification.

12.     If any DOCUMENT responsive to these requests is withheld under a claim of privilege, YOU must set forth in YOUR response to these requests a schedule which provides the information described in Rule 26(b)(5) of the Federal Rules of Civil Procedure.

13.     If YOU object to part of a Request and refuse to respond to that part, YOU must produce all DOCUMENTS called for which are not subject to that objection.  Similarly, wherever a DOCUMENT is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, those portions of the DOCUMENTS which are not produced. If YOU object to a Request's scope or time period, state YOUR objection and respond to the Request for the scope or time period YOU believe is appropriate.

-5-
PLAINTIFF CHIRLA'S EXPEDITED REQUESTS FOR PRODUCTION TO DEFENDANTS, SET ONE

14.     Wherever it is reasonably practicable, please produce DOCUMENTS in such a manner as will facilitate their identification with the particular Request or category of Requests to which they are responsive.

15.     Every DOCUMENT and COMMUNICATION shall be produced with a Bates-number prefix.

16.     Notwithstanding the foregoing, if any electronically stored information is produced in a form that is not reasonably reviewable or useable by Plaintiffs, Plaintiffs reserves the right for its counsel to request specific and individual records to be delivered in a different form, including, but not limited to, native form.

**III.     DOCUMENTS AND THINGS TO BE PRODUCED.**

1.     All TRAINING OR GUIDANCE provided to AGENCY PERSONNEL referenced in ECF 71, ECF 71-1, ECF 71-2, ECF 170, ECF 170-1, ECF 170-2, ECF 170-3, and ECF 178, including TRAINING AND GUIDANCE concerning the TRO, on topics including but not limited to: the difference between a consensual encounter and a seizure; the factors that may be considered in deciding whether to initiate a DETENTIVE STOP including vehicle stop; appropriate use of force, use of face coverings, and agent or officer identification as they relate to DETENTIVE STOPS; and documentation requirements for DETENTIVE STOPS.

2.     All DOCUMENTS RELATING TO the operations below, including Field Operations Worksheets (FOWs), targeting sheets, operations plans, pre-operations briefings and/or intelligence reports, targeting packages, notes, videos (including body camera footage), Forms I-213s, database entries, post-operation briefings, after-action reports, other COMMUNICATIONS describing or characterizing the operation, DOCUMENTS reflecting review of the operation, and DOCUMENTS reflecting any arrest quotas or goals.

a.   The June 18 operation in Pasadena, CA in which Plaintiffs Vasquez Perdomo, Osorto, and Villegas Molina were encountered;

b.   The June 12 operation at Yank Towing in Montebello, CA in which Plaintiff Gavidia and Javier Ramirez were encountered;

-6-

    c.   The June 18 operation at a car wash in Whittier, CA in which Plaintiff Hernandez Viramontes and Omar Gamez were encountered;

    d.   The June 12 operation at/near a parking lot in San Bernardino, CA in which F.H.S. was encountered;

    e.   The June 19 operation at/near a Home Depot in Hollywood, CA in which E.C.P. was encountered;

    f.   The July 21 operation at/near Miss Donuts in Ontario, CA in which G.V.C. was encountered;

    g.   The August 4 operation at/near a Home Depot in Paramount, CA in which S.C.C.H. was encountered;

    h.   The August 5 operation at Magnolia Car Wash in Fountain Valley, CA in which E.K.Z.L. was encountered;

    i.   The August 6 operation at/near a Home Depot in Westlake, CA in which Miguel Angel Tijerino Garmendia was encountered;

    j.   The August 7 operation at/near a Home Depot in San Bernardino, CA in which Juan Francisco Aparicio Saldaña, J.A., and E.C.R. were encountered;

    k.   The August 12 operation at Handy J Car Wash in Culver City, CA in which J.R.R. was encountered;

    l.   The August 22 operation at a car wash in Pasadena, CA in which Inoel Zapata Santiago was encountered; and

    m.   [Three additional operations TBD].

3.    COMMUNICATIONS through messaging of any kind (including text messaging, chats, or messaging through a mobile application) from or to PERSONS identified in YOUR response to Plaintiff CHIRLA's Expedited Interrogatories No. 1 concerning the operations referenced in Plaintiff CHIRLA's Expedited Interrogatories No. 1.

4. All DOCUMENTS that YOU referenced, reviewed, or relied upon in responding to Plaintiff CHIRLA's Expedited Interrogatories to YOU.

DATED: October __, 2025

UC IRVINE IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC

By: _____
       Anne Lai

*Counsel for Stop/Arrest Plaintiffs*

-8-