STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRAN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
DIANA SANCHEZ (SBN 338871)
*dianasanchez@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER,

    Plaintiffs,

  v.

Kristi NOEM, in her official capacity as Secretary, Department of Homeland

Case No.: 2:25-cv-05605-MEMF-SP

**[PROPOSED] ORDER GRANTING PLAINTIFFS' AND INTERVENORS' MOTION FOR LIMITED, EXPEDITED DISCOVERY**

Hon. Maame Ewusi-Mensah Frimpong

Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

Defendants.

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
JAMIE LUMA (SBN 331610)
*jamie.luma@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
KYLE A. GROVES (SBN 358085)
*kyle.groves@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO
(SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE
IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW
CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

On September 22, 2025, Plaintiffs and Intervenors ("Requestors") filed a Joint Motion for Limited, Expedited Discovery ("Motion"). Requestors asked the Court to authorize limited written discovery and depositions in support of the pending Fourth Amendment preliminary injunction motion. Having considered the parties' papers and the arguments of counsel, the Court finds that there is good cause for the limited discovery requested by Plaintiffs and Intervenors, and that the discovery procedures set forth in the Motion are reasonable. The Court further finds that neither the requested discovery nor the expedited discovery procedures are unduly burdensome on Defendants.

Parties can obtain expedited discovery in advance of a Rule 26(f) conference by a showing of good cause. *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). "Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden of the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Id.* at 1067 (citations omitted). Expedited discovery is often appropriate in cases where a party seeks a preliminary injunction. *See id.* at 1066 (citing *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418 (D. Colo. 2003)).

Here, Plaintiffs and Intervenors have met their burden for demonstrating good cause for taking limited discovery prior to the parties' Rule 26(f) conference. All five factors courts review in considering whether good cause for expedited discovery militate in favor of Requestors. In particular, the proposed discovery is limited in scope, concerns information put at issue by Defendants in the preliminary injunction briefing, and will not unduly prejudice Defendants. In addition, good cause exists to conduct this discovery on an expedited basis with procedures that deviate from those that govern ordinary discovery.

In summary, the Court, having considered Requestors' Motion and finding good cause therefor, hereby **GRANTS** the Motion and **ORDERS** as follows:

1. Plaintiff CHIRLA is to serve the interrogatories and requests for production of documents attached as Exhibits 1 and 2 to the Motion for Limited, Expedited Discovery within three days of the date of this Order.

2. Requestors may seek expedited depositions of up to six agents or officers responsible for initiating detentive stops of Plaintiffs or declarants and/or who provided information for the declarations submitted by Defendants.

3. Requestors may also conduct one expedited deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) of a Department of Homeland Security witness who is prepared to answer questions about the nature of documentation created and maintained for immigration enforcement operations, and Defendants' processes, procedures, and operational structure for such operations, including in relation to Defendants' responses to Plaintiffs' written discovery.

4. To facilitate completion of this discovery, the following expedited discovery procedures apply to govern the discovery set forth in Paragraphs 1 to 3 above:

   a. *Written discovery deadlines*: Responses to the written discovery are to be served within 10 days of service. Production of responsive, non-privileged documents are to be made within 14 days of service of a request for production.

   b. *Depositions*: Depositions are to be scheduled and completed within 14 days of service of a deposition notice.

   c. *Discovery disputes*: Should a dispute concerning discovery arise between the parties, the parties must meet and confer within two business days of a request to do so. If no resolution of the dispute is reached, the moving party must prepare and serve a joint stipulation pursuant to Local Rule 37 within two days of the conclusion of a meet and confer. The responding party must provide its portion of the joint stipulation within 2 days thereafter. The moving party must prepare and file the final joint stipulation pursuant to Local Rule 37.

     d.  *Status conferences*: The parties may seek an order from the presiding Magistrate Judge scheduling weekly status conferences to ensure timely progress and prompt resolution of any disputes.

     e.  *Additional requests (if any)*: Requestors may seek additional expedited discovery in support of their preliminary injunction motion, if necessary, by filing a request with the presiding Magistrate Judge.

IT IS SO ORDERED.

Dated: October __, 2025

_____

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge