UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:25-cv-05605-MEMF-SP                                           Date: October 10, 2025

Title   *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  Order DENYING Defendants' Motion to Stay Fourth Amendment Proceedings [Dkt. No. 196] and GRANTING Plaintiffs' and Intervenors' Request for an Indicative Ruling Regarding the Fourth Amendment TRO [Dkt. No. 201] and DENYING Defendants' Ex Parte Application [Dkt. No. 216]**

**Summary**

This case is currently in a thorny procedural posture, fit for the most difficult law school exam on Civil Procedure. This Court will attempt to summarize it here, as this context is important for the question currently before this Court.

Two months ago, this Court issued two Temporary Restraining Orders addressing how the federal government was to provide access to attorneys for individuals facing immigration proceedings and how the federal government could conduct stops for immigration purposes. The federal government has appealed both of those TROs, and those appeals have not yet been decided.  In the meanwhile, the federal government asked that one of those TROs—the one addressing the stops—be paused while the appeal was decided. The Supreme Court granted that request and paused that TRO. The Court will call that the TRO the "Fourth Amendment TRO."

A TRO is a very temporary form of relief that typically only lasts for a few weeks.  Because it is meant to be temporary, the individuals, organizations, cities, and counties that brought this lawsuit have asked this Court to issue a preliminary injunction, another type of order, which would also be temporary—but less temporary than the TROs—and would expand on what the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                              Date: October 10, 2025

Title   _Pedro Vasquez Perdomo et al v. Kristi Noem et al_

federal government must do or must not do about providing access to attorneys and conducting stops. The individuals and entities that brought the lawsuit also want to be able to start asking the federal government for information—usually referred to as "discovery"—to help them prove their case. The federal government has asked that this Court "stay"—or pause—the entire case while the Ninth Circuit decides if the TROs were legal or not.

Having considered all of the arguments of the parties, this Court has determined that this entire case should not be paused.

In addition, now that the federal government is operating under a government "shutdown" or "lapse in appropriations," the federal government has asked that the Court pause the entire case. Because of the impact on fundamental constitutional rights and because it appears that the federal government intends to continue the stops despite the shutdown, this Court has determined that this case should not be paused because of the shutdown.

***

The Court is in receipt of the Motion to Vacate Fourth Amendment Motions Hearing Set for September 24, 2025, and Stay Fourth Amendment Proceedings Pending Disposition of the Appeal filed by Defendants Michael W. Banks, Pam Bondi, Gregory K. Bovino, Akil Davis, Bilal A. Essayli, Immigration and Customs Enforcement, Todd Lyons, Kristi Noem, Kash Patel, Ernesto Santacruz, Jr., Rodney S. Scott, Jeffrey D. Stalnaker, and Eddy Wang (collectively, "Defendants"). Dkt. No. 196 ("Motion"). On September 22, 2025, the Court found these matters appropriate for resolution without oral argument. Dkt. No. 207; _see_ Fed. R. Civ. P. 78(b); Local Rule 7-15.

The Court is also in receipt of the Defendants' Ex Parte Application to Stay Case Pending Restoration of Appropriations to the Federal Government. Dkt. No. 216 ("Application"). The Court finds this matter appropriate for resolution without oral argument. _See_ Fed. R. Civ. P. 78(b); Local Rule 7-15.

/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-05605-MEMF-SP                                                          Date: October 10, 2025

Title   *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

**Procedural History**

The Defendants filed their Motion on September 16, 2025, and filed a request to shorten briefing time on the Motion on the same day. Dkt. No. 197. The Court granted the request to shorten time, setting a briefing schedule and indicating that once the matter was fully briefed, the Court would determine whether to hold oral argument. Dkt. No. 199. As mentioned above, once the matter was fully briefed, the Court determined that it was appropriate for resolution without oral argument. Dkt. No. 207.

Pursuant to the parties' agreed-upon briefing schedule, the Plaintiffs and Intervenors filed their Opposition September 19, 2025, Dkt. No. 203 ("Opposition"), and the Defendants filed their Reply September 21, 2025. Dkt. No. 205 ("Reply").

In their Opposition, the Plaintiffs and Intervenors requested that this Court issue an indicative ruling advising the Ninth Circuit that this Court would dissolve the TRO regarding Fourth Amendment Issues that has been stayed by the Supreme Court—if the case was remanded to this Court for that purpose. Opposition at 7-8. In their Reply, the Defendants opposed that request. Reply at 6-7. This Court ordered the parties to clarify the nature of the indicative ruling being sought and permitted the Defendants to provide further argument in response. Dkt. No. 208. The parties filed a joint submission in response, clarifying that the Plaintiffs and Intervenors are seeking an indicative ruling solely with respect to the Fourth Amendment TRO and that Defendants oppose this. Dkt. No. 213 ("September 23 Status Report").

Because it became clear to the Court that the parties—for their separate reasons—may not want to proceed with the previously scheduled September 24, 2025, hearing on the two pending motions for preliminary injunction and motion for class certification, the Court issued an order asking the parties to meet and confer regarding whether the September 24 hearing should go forward and in what form. Dkt. No. 199. The parties responded with a joint status report stating their respective positions on the September 24 hearing and related issues. Dkt. No. 204 ("September 19 Status Report").

On October 1, 2025, after the federal lapse in appropriations, the Defendants filed the Application. Dkt. No. 216. Plaintiffs and Intervenors opposed it the following day. Dkt. No. 218 ("Application Opposition").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-05605-MEMF-SP                                    Date: October 10, 2025

Title   *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

**Applicable Law**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering whether to exercise discretion to grant a stay, a court must examine "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The relevant interests are: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268). The proponent of a stay bears the burden of showing that a stay is needed. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

**Discussion**

*A Stay of The Fourth Amendment Proceedings Is Not Warranted at this Time.*

The parties do not contend with the case law cited above regarding a discretionary stay. Instead, they appear to agree that whether this Court stays these proceedings depends on whether the Supreme Court decision in *Trump v. Boyle*, 606 U.S. ___ (2025), requires that it do so in light of the Supreme Court's grant of a stay of the Fourth Amendment TRO pending appeal, *Noem v. Vasquez Perdomo*, No. 25A169, 606 U.S. ____ (2025).

1. *Trump v. Boyle* Does Not Compel a Stay in this Case.

Because the parties focus on it, the Court, too, will begin its analysis with *Trump v. Boyle*. A short procedural history is in order. In *Trump v. Wilcox*, 605 U.S. ___ (2025), two different judges of the District Court for the District of Columbia granted summary judgment to two executive officials who challenged their removal; both judges issued permanent injunctions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                                    Date: October 10, 2025

Title   <u>Pedro Vasquez Perdomo et al v. Kristi Noem et al</u>

enjoining their removal.[1] The Government appealed the orders and sought a stay pending appeal. The Court of Appeals for the District of Columbia Circuit, sitting en banc, denied the Government's motions for stays pending appeal. The Government then applied to the Supreme Court for a stay of the permanent injunctions. The Supreme Court granted the applications for stay. In its decision, the Supreme Court indicated that the grant of the stay reflected its judgment on a number of matters:

> The stay reflects our judgment that the Government is likely to show that both the NLRB and MSPB exercise considerable executive power.
>
> . . . .
>
> The stay also reflects our judgment that the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty.
>
> . . . .
>
> A stay is appropriate to avoid the disruptive effect of the repeated removal and reinstatement of officers during the pendency of this litigation.

*Id.* at 2.

Thereafter, in *Trump v. Boyle*, different executive officers from a different body[2] challenged their removal, and a different District Court—the District Court for the District of Maryland—issued a permanent injunction enjoining their removal. The Government again sought a stay pending appeal, which the Court of Appeals for the Fourth Circuit denied. The Government then applied to the Supreme Court for a stay of the permanent injunction pending appeal.

The Supreme Court granted the application for a stay. In its decision, the Supreme Court reiterated that its stay "reflects [the Court's] judgment that the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty." *Wilcox*, slip op. at 1. Because the same was true in *Boyle*—"where the Consumer Product Safety Commission exercises executive power in a similar manner as the National Labor Relations Board, and the

---

[1] The two executive officials were Members of the National Labor Relations Board ("NLRB") and Merit Systems Protection Board ("MSPB"), respectively.
[2] The executive officials were Members of the Consumer Product Safety Commission ("CPSC").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                                        Date: October 10, 2025

Title   <u>Pedro Vasquez Perdomo et al v. Kristi Noem et al</u>

case does not otherwise differ from *Wilcox* in any pertinent respect"—the same result was reached. *Boyle*, slip op. at 1.

Defendants claim that *Trump v. Boyle* requires that this Court stay all Fourth Amendment proceedings because the Supreme Court granted an application to stay an appeal of the Fourth Amendment TRO. This is wrong.

**First**, the Supreme Court in *Trump v. Boyle* made clear that its reasoning—articulated in *Wilcox*—applied equally to *Boyle*. And in *Wilcox*, the Supreme Court had made clear the specific reason it was granting the stay—reasoning which applied equally to *Boyle*. The Supreme Court's grant of the stay of the Fourth Amendment TRO in this case did not set forth the basis for granting the stay. Under these circumstances, it would be patently inappropriate for this Court to speculate as to the Supreme Court's reasoning and then attempt to apply it.

**Second**, in *Trump v. Boyle*, the question was whether a stay pending appeal of a permanent injunction should be granted given that the Supreme Court had granted a stay pending appeal of a permanent injunction in a similar case. That is not the procedural posture here at all. The question before this Court is whether this Court should grant a stay when *no similar stay* has been granted. To be clear, the Court has not yet decided the merits of this case and therefore there is no appeal pending on the merits of this case. In fact, discovery has not even begun. This is in stark contrast to *Trump v. Wilcox* and *Trump v. Boyle* where the case had been decided on its merits—not preliminary relief—and this ultimate merits decision was pending appeal.

**Third**, although it is true that the Supreme Court's grant of the stay *of the TRO* necessarily means that it found that the Defendants had a likelihood of success on appeal *of the TRO*, it says nothing about whether the Defendants have a likelihood of success *on the merits of the underlying case* particularly where the Defendants have not even answered the complaint, discovery has not begun, and the Plaintiffs and Intervenors are seeking to supplement the record on the Motion for Preliminary Injunction. This Court is bound by the Supreme Court's reminder in *Trump v. Boyle* that "our interim orders are not conclusive as to the merits." *Boyle*, slip op. at 1.

**Fourth**, even if the Court attempts to read the concurrence of Justice Kavanaugh as saying something about the Supreme Court's reasoning—as the Defendants appear to want this Court to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     2:25-cv-05605-MEMF-SP                                           Date: October 10, 2025

Title      <u>Pedro Vasquez Perdomo et al v. Kristi Noem et al</u>

do—even that concurrence indicates that the stay of the TRO should be granted *on the basis of the factual record on the TRO*.  For instance, with respect to standing, the concurrence states:

> [P]laintiffs have no good basis to believe that law enforcement will unlawfully stop *them* in the future based on the prohibited factors—and certainly no good basis for believing that any stop of the plaintiffs is imminent. Therefore, they lack Article III standing . . . .

*Vasquez Perdomo*, slip op. at 4 (Kavanaugh, J., concurring). This is necessarily a determination based upon the factual record. The Defendants cannot presume—and this Court declines to presume—that on a different factual record that this Justice or any other Justice would necessarily reach the same result.

With respect to whether the Defendants had reasonable suspicion for the stops at issue, the concurrence states:

> Whether an officer has reasonable suspicion depends on the totality of the circumstances. . . . . Here, those circumstances include: that there is an extremely high number and percentage of illegal immigrants in the Los Angeles area; that those individuals tend to gather in certain locations to seek daily work; that those individuals often work in certain kinds of jobs, such as day labor, landscaping, agriculture, and construction, that do not require paperwork and are therefore especially attractive to illegal immigrants; and that many of those illegally in the Los Angeles area come from Mexico or Central America and do not speak much English.

*Id*. at 5. Again, this determination appears to be based upon the factual record at the time. There is no basis for this Court to conclude that if the factual record were different that this Justice or any other Justice would necessarily reach the same result.

In short, it seems anomalous to stay all proceedings—and prohibit further factual development—when there is a significant possibility that the Supreme Court's decision was based upon a determination based upon the preliminary factual record.

*Fifth*, even the concurrence relied on so heavily by the Defendants concludes that the Plaintiffs have Article III standing to seek damages. *Id*. at 4 n. 2 ("To be clear, the plaintiffs have Article III standing to seek damages for any unlawful action taken against them."). It would therefore be inappropriate to stay *all* proceedings on the basis of a possible standing issue with respect to *injunctive relief* only.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                              Date: October 10, 2025

Title   _Pedro Vasquez Perdomo et al v. Kristi Noem et al_

    2. This Court Is Not Divested of Jurisdiction Over the Underlying Case by Virtue of the Appeal of the TROs.

The Defendants argue that this Court should stay proceedings because it does not have jurisdiction to issue a preliminary injunction. As a preliminary matter, any arguments regarding this power to issue a preliminary injunction are best handled in the context of any briefing and argument on the motion for preliminary injunction. The Court will therefore entertain any jurisdictional concerns in any that context.

But even assuming this Court does not have jurisdiction to enter a preliminary injunction because of the pending appeal, there can be no serious argument that this Court does not have jurisdiction to handle the merits of the underlying case just because an appeal of temporary, preliminary relief is pending. And the Defendants appear to agree, conceding that "to the extent fact preservation is a legitimate concern, the Court can employ ordinary preservation measures or even proceed on the merits rather than be sidetracked by dual track injunctive proceedings." Reply at 7.

    3. The _Lockyer_ Factors Do Not Compel a Stay in this Case.

Having found that _Trump v. Boyle_ does not compel or even support a stay in this case, and having determined that this Court still has jurisdiction over the underlying case, the Court turns to the _Lockyer_ factors. A party seeking a stay has the burden to establish the underlying reasons. _Lockyer_, 348 F.3d at 1109-10 (citing _Landis_, 299 U.S. at 255). The Defendants failed to address the _Lockyer_ factors at all. The Court finds that Defendants have therefore conceded that these factors do not support a stay.

Further, the Court finds that none of these factors support a stay in this case. First, there would be harm to the Plaintiffs of not being permitted to develop the record factually—particularly if no active appeal is pending. Second, there is no identified hardship or inequity for the Defendants in being required to go forward in this litigation just as it is required to go forward in myriad other litigation. Third, a stay—by preventing further development of the factual record—is likely to complicate, not simplify, "issues, proof, and questions of law." _Lockyer_, 398 F.3d at 1110.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                                                   Date: October 10, 2025

Title     <u>Pedro Vasquez Perdomo et al v. Kristi Noem et al</u>

In sum, the Defendants neither sought nor obtained a stay of all proceedings in this case or any other like case, and this Court is bound by the actual decisions of the Supreme Court. This Court declines the invitation to speculate as to the nature of any decision of the Supreme Court or presume that the Supreme Court's decisions are not based upon the factual record. Instead, the Court follows clear Supreme Court precedent with respect to the factors it must consider when determining whether to grant a stay. This precedent leads this Court to the conclusion that the stay requested by the Defendants should not be granted.

Accordingly, the Court DENIES the request to stay Fourth Amendment proceedings. The Court understands that the Plaintiffs and Intervenors have moved for expedited discovery. The Court will consider and rule on that motion in due course.

*The Court Will Issue an Indicative Ruling Regarding Possible Dissolution of the Fourth Amendment TRO.*

Plaintiffs and Intervenors request that this Court "issue a ruling pursuant to Federal Rule of Civil Procedure 62.1, indicating that if the Ninth Circuit were to remand *Vasquez Perdomo v. Noem*, No. 25-4312, this Court would enter an order dissolving the TRO entered on July 11, 2025 (Dkt. No. 87)." In the parties' Joint Status Report, Plaintiffs and Intervenors made clear that they are seeking this indicative ruling solely with respect to the Fourth Amendment TRO.

Defendants oppose this request on the ground that it is an impermissible attempt to "moot" the appeal and that even if this Court eventually dissolves the TRO, it is not permitted to enter a new preliminary injunction. As both parties agree, this Court has no power to dissolve the TRO or "moot" the appeal. At best, this Court can indicate that it *would* dissolve the TRO if the Ninth Circuit permitted it to do so.  Given that the Defendants oppose the TRO and successfully obtained a stay, it is curious that they oppose this Court dissolving it altogether or even indicating that it would. The Defendants can—and no doubt will—argue to the Ninth Circuit that it should proceed to the merits of the TRO appeal despite this Court's indicative ruling. It appears to this Court most appropriate for the Ninth Circuit to determine whether judicial economy—or any other consideration—weighs in favor of doing so. Therefore, the Court finds this argument unavailing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                    Date: October 10, 2025

Title   <u>Pedro Vasquez Perdomo et al v. Kristi Noem et al</u>

Similarly, any argument regarding whether this Court should issue the Fourth Amendment preliminary injunction that the Plaintiffs and Intervenors are seeking is best handled in those proceedings. The issuance of this indicative ruling in no way constitutes a ruling on what preliminary injunction—if any—is appropriate on the Fourth Amendment issues; neither does it prejudice the Defendants for the reasons stated above.

Accordingly, this Court GRANTS the request of the Plaintiffs and Intervenors for an indicative ruling. **By way of this Order, this Court indicates pursuant to Federal Rule of Civil Procedure 62.1 that if the Ninth Circuit were to remand *Vasquez Perdomo v. Noem*, No. 25-4312, in whole or in part, this Court would enter an order dissolving the Fourth Amendment TRO.**

*The Court Will Not Stay Fifth Amendment Proceedings Absent a Fully Briefed Motion or Ex Parte Application.*

Although their Motion only seeks to stay Fourth Amendment proceedings, in the September 19 Status Report, the Defendants appear to seek a stay of the Fifth Amendment proceedings as well. This is reiterated in the September 23 Status Report. This request is DENIED WITHOUT PREJUDICE given that it has not been properly briefed. The Defendants—after meeting and conferring with the Plaintiffs and Intervenors as required by the Local Rules—shall file an appropriate Ex Parte Application concerning this matter should the parties be unable to reach agreement, given the Court's ruling below on the Application.

*The Court Will Schedule a Hearing on the Motion for Preliminary Injunction on Fifth Amendment Issues.*

In the interim, the parties shall meet and confer regarding an appropriate date for a hearing on the Motion for Preliminary Injunction on the Fifth Amendment Issues that was taken off calendar, given the Court's ruling below on the Application.  Given that the Court took this hearing off calendar at the request of the Defendants, the Fifth Amendment TRO shall remain in place until that hearing.

/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                                                   Date: October 10, 2025

Title   *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

*The Application to Stay the Case in Light of the Lapse in Appropriations is Denied.*

The Court has considered the reasons presented by the Defendants in favor of a stay due to the lapse in appropriations. *See generally* Application. The Defendants emphasize that they and their counsel are only permitted to work on matters related to "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 3142. The Department of Justice guidance on the Anti-Deficient Act, as set forth in its FY2026 Contingency Plan and cited in the Application Opposition provides this Court with an understanding of how broadly this exception has been interpreted. In particular, the federal government will continue *all* criminal litigation "*without interruption* as an activity essential to the safety of human life and the protection of property." U.S. Department of Justice, FY 2026 Contingency Plan 3 (2025) ("DOJ Contingency Plan"), http://justice.gov/jmd/media/1377216/dl [https://perma.cc/SXT6-QBB8].

This case implicates fundamental constitutional rights and liberty interests akin to those at issue in criminal cases. For that reason, it appears to this Court that it is properly characterized as an emergency involving the safety of human life or the protection of property. Furthermore, the Defendants have made clear to the Plaintiffs and Intervenors, and to the public at large, that they will continue the conduct that is at the heart of this case. *See* Application Opposition; Application at 2. Just as the Defendants are of the view that their conduct is necessary because immigration enforcement concerns emergencies involving the safety of human life or the protection of property, this Court finds that litigation challenging that conduct on constitutional grounds and seeking urgent injunctive relief also concerns emergencies involving the safety of human life or the protection of property.

Finally, as the Plaintiffs and Intervenors point out, the Department of Justice's lapse-in-appropriations guidance allows Defendants to continue litigating this case in compliance with court orders. *See* DOJ Contingency Plan at 3. Therefore, the Defendants will not be prejudiced by the denial of a stay. For the same reasons as stated above with respect to the Motion, a stay will prejudice the Plaintiffs and Intervenors and will not simplify the case.

Having considered all of the *Lockyer* factors, the Application is DENIED.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-05605-MEMF-SP                                                    Date: October 10, 2025

Title   *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

1. The Motion to Stay is DENIED;
2. The Application is DENIED;
3. The Request for an Indicative Ruling with Respect to the Fourth Amendment TRO is GRANTED;
4. The parties shall meet and confer and file appropriate Ex Parte Applications should they be unable to reach agreement regarding whether this Court should stay Fifth Amendment Proceedings; and
5. The Parties shall meet and confer and file, by October 17, 2025, a Joint Status Report concerning proposed dates for the Motion for Preliminary Injunction on the Fifth Amendment Issues after consulting the Courtroom Deputy Clerk regarding the Court's availability.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | DBE |