UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | October 23, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order Setting Schedule for Expedited Preliminary Injunction Motion Discovery by Plaintiffs and Intervenors**

In an October 17, 2025 Order, the court granted plaintiffs' and intervenors' motion for limited, expedited discovery in support of their pending motion for preliminary injunction. The court permitted plaintiffs and intervenors to serve their proposed written discovery requests by October 21, 2025, and also granted plaintiffs and intervenors permission to seek the expedited depositions they requested. The court did not otherwise specify how the discovery would be expedited, but instead ordered the parties to file a joint statement with the magistrate judge outlining their respective proposals for this process.

The parties filed their joint report on October 21, 2025 as ordered. Docket no. 226. Having reviewed that report and considered the parties' respective arguments and proposals, the court now sets the following terms for the expedited discovery that has been authorized.

**Protective Order**

The parties are in agreement a protective order is needed and have been negotiating its terms. Plaintiffs and intervenors ask the court to set a deadline of October 29 for the parties to file either a proposed stipulated protective order or a joint status report setting out the parties' remaining disagreements for court resolution. Defendants oppose a fixed deadline because it may result in the court needing to intervene and resolve disputes unnecessarily. The court agrees with defendants that the parties should aim to resolve all their disputes themselves, which will likely result in a more satisfactory product for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | October 23, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

everyone. Nonetheless, given the time constraints here, a deadline is needed.

Accordingly, the parties are ordered to continue to meet and confer to try to resolve all their disputes and reach agreement on a proposed stipulated protective order.[1] To the extent the parties reach agreement, the proposed stipulated protective order shall be filed with the court by November 3, 2025. If the parties have not reached complete agreement by November 3, then by November 3, 2025, the parties shall file a joint report that: (1) attaches the language of the proposed stipulated protective order that has been agreed to; (2) sets out the parties' remaining points of disagreement; and (3) provides the parties' respective positions and proposed language to resolve those points of disagreement.

**Reciprocal Discovery by Defendants**

Defendants wish to conduct their own written discovery and depositions regarding the issues in the preliminary injunction motion. In the October 17 Order, noting that the Fourth Amendment inquiry at issue in the preliminary injunction motion concerns the *officers'* reasons for a stop, the court questioned what information the plaintiffs and intervenors could have that defendants do not and that is relevant to this inquiry. Nonetheless, the court invited defendants to make a request to the magistrate judge for permission to conduct such discovery.

In the October 21 joint report, defendants state they wish to conduct "discovery to test the factual bases for Plaintiffs' declarations and claims." Report at 13. They state, by way of example, that depositions of plaintiffs who submitted declarations "will assist in clarifying the factual records and ensuring a complete understanding of the encounters described," particularly "where Defendants maintain that several of the encounters at issue were consensual in nature." Report at 12 n.3.

---

[1] To the extent they have not already done so, the court encourages the parties to consider the Sample Stipulated Protective Order that is attached to the magistrate judge's Procedures and Schedules on the court's website. The sample order may have terms not needed in this case, and it may also be lacking terms that are needed in this case, and therefore the parties are not required to adhere to its terms in drafting their proposed stipulated protective order. Nonetheless, it is a useful resource in that it sets out terms acceptable to the court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | October 23, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

    Defendants' explanation offered to date of the discovery they seek to conduct is insufficient for the court to grant them leave to conduct such discovery. Defendants still have not shown good cause for the court to permit such discovery given the matters at issue in the preliminary injunction motion, nor have they adequately described their intended discovery. If defendants wish to conduct discovery, they must make a separate request to this magistrate judge that both identifies with specificity the written and oral discovery they seek to conduct, and that explains why there is good cause to permit such discovery in connection with the motion for preliminary injunction. Any such request must be filed by October 31, 2025.

## **Privilege Log**

    The parties recognize that defendants will be making assertions of privilege and defendants will therefore need to produce a privilege log. Plaintiffs and intervenors propose that defendants be required to produce privilege logs simultaneously with any production. Defendants argue that simultaneous production of privilege logs would delay document production because they intend to produce materials on a rolling basis and provide privilege logs within a reasonable period thereafter.

    The court agrees with defendants that requiring simultaneous production of privilege logs would likely delay production. Further, in some instances it may be unclear what simultaneous production of logs would entail since withheld items might not always clearly correspond with a particular production. Nonetheless, waiting until the production is complete to produce the first privilege log is inappropriate here. At the time defendants are producing, for example, the batch of material already collected in connection with the declarations and briefs defendants have previously filed, they will know which (if any) items in those materials they are withholding as privileged and why, and should be able to produce a log detailing the items withheld and the basis for such withholding within a couple days of the production. Accordingly, as described next, defendants must produce privilege logs on a rolling basis, just as they must produce documents and other items on a rolling basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | October 23, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

## Written Discovery Responses and Production Schedule

The parties are in partial agreement as to the time frame for defendants' written discovery responses and document production. While some intermediate deadlines are appropriate as plaintiffs and intervenors' propose, some of their proposed deadlines are not realistic. With the understanding that plaintiffs and intervenors served their interrogatories and requests for production ("RFPs") on October 21, the schedule will be as follows:

- Defendants shall serve their written responses to the interrogatories and RFPs by November 10, 2025;
- Defendants shall produce documents and other materials responsive to the RFPs on a rolling basis, with production of documents they relied on in opposing the motions for a temporary restraining order and preliminary injunction to be made no later than November 4, 2025;
- Defendants shall produce privilege logs detailing documents withheld from productions on a rolling basis, such that a log detailing documents withheld from any particular production should be produced within 3 days of that production;
- Defendants shall complete their production of materials responsive to the RFPs by November 21, 2025; and
- Defendants shall produce their final privilege log by November 25, 2025.

## Depositions

The court's October 17 Order granted plaintiffs and intervenors permission to seek the expedited depositions they requested, namely, up to six agent depositions and a Rule 30(b)(6) deposition. In the joint report, defendants argue that the number of depositions plaintiffs and intervenors may take should be reduced, and that each side be permitted an equal number of depositions to ensure parity. As discussed above, defendants have yet to show good cause to take discovery at this time, so the court will not here decide the number of depositions defendants may take in this phase. But defendants' argument for parity in number between the sides makes little sense since, as recognized in the October 17 Order, the bulk of the information pertinent to the preliminary injunction motion is held by defendants, not plaintiffs and intervenors. The court has already granted plaintiffs and intervenors permission to take up to seven depositions in this phase, and the court will not reduce that number absent good cause to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | October 23, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

Plaintiffs and intervenors propose that each deposition be held open until all discovery disputes are resolved. The court will not order this in advance; plaintiffs and intervenors should plan to complete the deposition of each witness at the time they take it. Depositions may be reopened only on a showing of good cause.

Plaintiffs and intervenors shall serve their deposition notices no later than November 26, 2025, and all depositions must be completed by December 12, 2025. The parties shall meet and confer to try to reach mutually agreeable deposition dates.

## Dispute Resolution

Should a discovery dispute arise, the parties must meet and confer within 3 business days of a request to do so. If the parties are not able to resolve their dispute, they shall follow the procedures set forth in Local Rule 37, except that the moving party must provide its portion of the joint stipulation to the opposing party within 4 business days of the conclusion of the meet and confer efforts, and the opposing party must provide its portion of the joint stipulation to the moving party within 4 business days of the opposing party's receipt of the moving party's material. The motion must be noticed for hearing by the magistrate judge on a Tuesday at 11:00 a.m. at least 14 days after the filing of the motion. The parties may file supplemental memoranda not later than 7 days before the hearing date.

## Status Conferences

Plaintiffs and intervenors request weekly status conferences, while defendants argue this is unnecessary and would divert resources from their discovery efforts. The court does not wish to add to the burdens on the parties, but believes regular telephonic status conferences may be useful; ideally they will be kept brief. Only one attorney from each side is required to attend. The first such telephonic conference will be on Monday, November 3, 2025 at 10:00 a.m. Dates for further conferences will be set at that conference.