BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
JONATHAN K. ROSS
Senior Litigation Counsel
STEPHANIE L. GROFF
JACOB A. BASHYROV
ANIELLO DESIMONE
JASON K. ZUBATA
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-7662
Email: Jonathan.K.Ross@usdoj.gov

*Counsel for Defendants*

*(Additional counsel listed next page)*

BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (SBN 335008)
PAULINE H. ALARCON (SBN 345785)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Tel: (213) 894-2574 | 3992
E-mail:Alexander.Farrell@usdoj.gov
Pauline.Alarcon@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Pedro VASQUEZ PERDOMO *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security *et al.*,<br><br>Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>***DISCOVERY MATTER***<br><br>**JOINT REPORT RE: PROTECTIVE ORDER PURSUANT TO THE COURT'S OCTOBER 23, 2025 ORDER [ECF No. 227]**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge<br><br>Referred to Hon. Sheri Pym<br>United States Magistrate Judge |

JOINT REPORT RE: PROTECTIVE ORDER

STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile:  (213) 622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRÁN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
DIANA SÁNCHEZ (SBN 338871)
*dianasanchez@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Telephone: (213) 977-5232

*Counsel for Stop/Arrest Plaintiffs*

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Telephone: (949) 824-9894

*Counsel for Stop/Arrest Plaintiffs*

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
JAMIE LUMA (SBN 331610)
*jamie.luma@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
LAURA R. PERRY (SBN 342504)
*laura.perry@mto.com*
LAUREN E. KUHN (SBN 343855)
*lauren.kuhn@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
KYLE A. GROVES (SBN 358085)
*kyle.groves@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

JESSICA K. BANSAL (SBN 277347)
*jessica@ndlon.org*
LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
NATIONAL DAY LABORER ORGANIZING
NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

JOINT REPORT RE: PROTECTIVE ORDER

BRISA VELAZQUEZ OATIS
(SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Telephone: (212) 763-0883
Facsimile: (212) 564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO
(SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane
Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant
Defenders Law Center*

\* Admitted pro hac vice

HYDEE FELDSTEIN SOTO
(SBN 106866)
City Attorney
hydee.feldsteinsoto@lacity.org
VALERIE L. FLORES (SBN 138572)
valerie.flores@lacity.org
MICHAEL J. DUNDAS (SBN 226930)
mike.dundas@lacity.org
MARIA LOUISE COUSINEAU
(SBN 122280)
maria.cousineau@lacity.org
RANDALL G. SOMMER
(SBN 214099)
randall.sommer@lacity.org
SHUBHRA SHIVPURI (SBN 295534)
shubhra.shivpuri@lacity.org
OFFICE OF THE LOS ANGELES
CITY ATTORNEY
City Hall 200 North Spring Street
21st Floor
Los Angeles, CA 90012-4130
Tel.: 213-922-8382; Fax: 213-978-7957

*Attorneys for Intervenor*
*City of Los Angeles*


E. MARTIN ESTRADA
(SBN 223802)
martin.estrada@mto.com
DANIEL B. LEVIN (SBN 226044)
daniel.levin@mto.com
JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
V. GRACE DAVIS (SBN 336732)
grace.davisfisher@mto.com
V. ROMAN LEAL (SBN 348892)
roman.leal@mto.com
WENDY QIUYU XIAO (SBN 342702)
wendy.xiao@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, California 90071
Tel.: 213-683-9100; Fax: 213-687-3702

*Attorneys for Intervenors Cities of Los
Angeles, Anaheim, Bell Gardens, Beverly Hills,
Carpinteria, Culver City, Huntington Park,
Long Beach, Lynwood, Montebello, Monterey
Park, Oxnard, Paramount, Pico Rivera,
Pomona, Santa Ana, Santa Barbara, Santa
Monica, South Gate, and West Hollywood*

NICOLE DAVIS TINKHAM (SBN 229592)
ntinkham@counsel.lacounty.gov
LILIANA CAMPOS (SBN 255753)
lcampos@counsel.lacounty.gov
BRIGIT GREESON ALVAREZ (SBN 237301)
bgreesonalvarez@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
648 Kenneth Hahn Hall of Admin.,
500 West Temple Street
Los Angeles, California 90012-2713
Tel.: 213-808-8736; Fax: 213-633-1915

*Attorneys for Intervenor County of Los Angeles*

MICHELE BEAL BAGNERIS (SBN 115423)
City Attorney
mbagneris@cityofpasadena.net
ARNOLD F. LEE (SBN 278610)
aflee@cityofpasadena.net
ANDREW AARONIAN (SBN 318245)
aaaronian@cityofpasadena.net
OFFICE OF THE CITY ATTORNEY
OF PASADENA
100 N Garfield Ave, Rm N-210
Pasadena, CA 91101
Tel.: 626-744-4141; Fax: 626-744-4190

*Attorneys for Intervenor City of Pasadena*

NORMAN L. EISEN*
Norman@democracydefenders.org
STEPHEN A. JONAS (SBN 542005)
Steve@democracydefenders.org
JOSHUA G. KOLB*
Joshua@democracydefenders.org
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave. SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958

*Admitted Pro Hac Vice*

*Attorneys for Intervenor City of Los Angeles*

JOINT REPORT RE: PROTECTIVE ORDER

2

**JOINT REPORT RE: PROTECTIVE ORDER**

Pursuant to the Court's October 23, 2025 Minute Order, ECF 227, the parties jointly submit this report regarding outstanding disputes concerning the entry of a protective order.  The parties agree that a protective order is appropriate in this action and they ask that the Court enter one as soon as possible.  The parties have exchanged multiple drafts of a proposed protective order and met and conferred on October 30, 2025 regarding outstanding disputes.  Notwithstanding the parties' efforts to reach agreement on a stipulated protective order, there remain 10 disputes that the parties ask the Court to resolve.  Those disputes are briefly described below in the order in which the relevant provisions appear in the proposed protective order attached hereto as Exhibit A.  The parties' proposed protective order reflects the areas where the parties have reached agreement.  Where the parties continue to disagree, the proposed protective order contains highlighted inserts reflecting the language proposed by each party, with underlining to call attention to the specific language that differs.

\* \* \*

**DISPUTE 1.**  Whether the definition of "Confidential Information" should include the names of non-parties, the disclosure of which may pose concerns about harassment or retaliation, and other personal information such as "A numbers," immigration status, etc. (Paragraph A.2(b)(ii))

**PLAINTIFFS' AND INTERVENORS' POSITION**

Most of the parties' outstanding disputes concern the definition of "Confidential Information" that may be designated under the protective order.  Defendants' position with respect to this paragraph, as articulated during the parties' most recent telephonic conference, is that they do not intend to disclose certain information, thus, it doesn't need protection, and further, that the federal Privacy Act should govern what can be designated confidential under the protective order.[1]  Plaintiffs and Intervenors disagree.  First, the Privacy Act is not the sole source of law governing personal and private information and the Privacy Act does not apply to Plaintiffs and Intervenors (who may need to designate documents and information); thus, the Privacy Act cannot limit the scope of what may be

---

[1] Defendants stated during the parties' telephonic conference that the Privacy Act only protects identifying information relating to U.S. citizens and Lawful Permanent Residents (LPRs), implying that information of individuals who are not U.S. citizens or LPRs need not receive protection.

designated under the protective order.  Indeed, the Court's sample protective order contemplates the confidential designation of "information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law," which plainly sweeps broader than the Privacy Act alone.  Second, the list of information that Defendants object to adding to this paragraph consists largely of PII that Defendants' own policies treat as confidential, including for noncitizens other than LPRs.[2]  Third, this is not the place to litigate what information Defendants will or will not produce in the litigation.  Clearly discoverable documents, such as arrest/operations records, will contain private information such as that set forth by Plaintiffs and Intervenors in this paragraph.  There needs to be a way for parties to designate that information to the extent it appears in discovery.

Additionally, the parties should be permitted to designate as confidential the names and identities of non-parties where disclosure to the public could pose concerns about harassment or retaliation.  This includes unnamed class members and other eyewitnesses to Defendants' operations who wish to offer testimony in the case, and other non-parties identified in documents produced by the parties.  Given the high profile nature of the case and the issues being litigated, some of these individuals have a reasonable fear that providing evidence of the government's wrongdoing using their full names may subject them to harassment or retaliation by the government or its supporters.  This case should be litigated on its merits and witnesses should not be deterred from coming forward for fear of such consequences.  Plaintiffs and Intervenors wish to provide the names to Defendants to facilitate their investigation of the claims in the case, but must be able to do so under appropriate safeguards.  *See Los Angeles Press Club v. Noem*, No. 2:25-CV-05563-HDV-E, 2025 WL 2658327, at *2 (C.D. Cal. Sept. 10, 2025) (allowing declarants to proceed anonymously in action against DHS "[i]n light of the severity of the potential harm and the vulnerability of journalists and protestors to retaliation"); *cf. Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (discussing party anonymity to prevent harassment and injury, among other things).

---

[2] *See* https://www.dhs.gov/xlibrary/assets/privacy/privacy_policyguide_2008-01.pdf and https://www.uscis.gov/policy-manual/volume-1-part-a-chapter-7.

JOINT REPORT RE: PROTECTIVE ORDER

4

**DEFENDANTS' POSITION**

Defendants object to Plaintiffs' proposed category of "non-parties" as an additional sub-class of "Confidential Information" as unnecessary. Personally identifiable information ("PII") is already addressed under the Privacy Act, as reflected under subsection iii of the protective order. The Privacy Act already requires the government to safeguard such information from public disclosure and restricts its release to authorized individuals for official purposes. The protective order's incorporation of those same standards ensures adequate protection without creating inconsistent or duplicative obligations. Similarly, pending applications for immigration relief or related appeals are also protected records under the Privacy Act. Plaintiffs fail to articulate any objective standard for what would qualify as "sensitive," leaving the category open-ended and subject to unilateral expansion.[3] Such a vague and one-sided construction would invite inconsistent designations and unnecessarily complicate discovery. In light of the legal protections already in place to protect PII discovered during litigation, Plaintiffs' additional sub-class of "Confidential Information" is unnecessary and, nevertheless, vague.

Defendants further object to inclusion of alien numbers, immigration status, or country of birth, as those categories are outside the scope of permissible discovery—in litigation that is strictly concerned with lawful immigration enforcement efforts in the Central District of California—and implicate sensitive personal data that is not the subject of this litigation. Moreover, Plaintiffs have not shown how such personal identifiers bear on the operative constitutional claims or how anonymizing this information within the existing Privacy Act framework would prejudice their ability to litigate the case.

Plaintiffs' description of Defendants' prior reference to the Privacy Act reflects a broader interpretation than Defendants intended. To clarify, Defendants' reference to the Act was not meant to suggest that it governs or limits disclosures in this litigation, but rather to acknowledge that the purpose of the protective order is to set parameters for discovery consistent with—yet not duplicative of—the protections already afforded by the Privacy Act.

---

[3] Plaintiffs ask for the names of stopped/arrested aliens to be subject to confidentiality protections but refuse to extend the same courtesy to the officers engaging in lawful immigration enforcement and would be subject to harassment, as supported by evidence in the record, ECF No. 172 at 7 n.1, including actually documented, ongoing doxing efforts and rising trends of assaults to law enforcement.

JOINT REPORT RE: PROTECTIVE ORDER

5

Finally, while Plaintiffs cite to cases where parties have been permitted to proceed anonymously or under a pseudonym, Plaintiffs have failed to articulate or cite to actual or imminent injuries these unnamed non-parties may suffer as a result of their participation in this litigation. In short, the existing language of the protective order, read in conjunction with the Privacy Act, sufficiently safeguards PII and other sensitive information, while avoiding overbroad or speculative categories untethered to the issues in this case.

**DISPUTE 2.**  Whether information protected from disclosure by applicable state law should be included in the definition of Confidential Information. (Paragraph A.2(b)(iii))

### PLAINTIFFS' AND INTERVENORS' POSITION

Plaintiffs (which include several organizations) and Intervenors (which include cities and one county) may be asked to produce information in this case that is subject to state privacy law.  Plaintiffs and Intervenors therefore should be able to designate that information as confidential under the protective order in order to protect information recognized as private under state law while still complying with their discovery obligations.  Defendants' contention that state law has no role here because this is a federal case fails to recognize that state law may indeed inform legitimate privacy interests, the obligations of Plaintiffs and Intervenors, and how information is handled in discovery.  A designation of information as Confidential or Confidential–Attorneys' Eyes Only does not prevent production.  There is no reason why the parties should not take into account privacy interests recognized by state law in determining what information may be treated as confidential at this stage.

### DEFENDANTS' POSITION:

Defendants object to incorporating state privacy laws or privileges into the definition of Confidential Information because this is a federal case governed by federal discovery rules. Incorporating state law would thus be inapplicable and may even implicate Supremacy Clause concerns. *Wisconsin Bell, Inc. v. Bie*, 340 F.3d 441, 443 (7th Cir. 2003) (explaining that where federal and state law conflict, the Supremacy Clause requires resolution in favor of federal law). Nor do Plaintiffs cite to any state laws that may limit their ability to disclose information in discovery or that otherwise should "inform legitimate privacy interests" that federal privacy laws do not already address.

JOINT REPORT RE: PROTECTIVE ORDER

Plaintiffs identify no specific California or local statutes that would actually restrict disclosure in this litigation or that would meaningfully supplement the privacy protections already afforded under federal law and the Privacy Act. Moreover, a compliance requirement framed around state privacy laws, without a narrowing term, would be untenable, as it could potentially require the parties to anticipate and apply privacy laws from multiple jurisdictions—well beyond California—creating unnecessary ambiguity and administrative burden.

**DISPUTE 3.** Whether information concerning individuals' immigration history should be included on the list of information that may be designated as Confidential because it is protected by law. (Paragraph A.2(b)(iii))

### PLAINTIFFS' AND INTERVENORS' POSITION

Plaintiffs and Intervenors believe that, given the issues in this case, "immigration history" needs to be included on this longer (nonexhaustive) list of private information that may be protected by law. Defendants appear to agree that immigration history is sensitive information, *see, e.g.*, Paragraph A.2(b)(iv), but they object to including it here because they contend that it is so sensitive that it falls entirely outside the scope of permissible discovery. While there may be some instances where discovery about immigration history is inappropriate, *cf. Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004) (affirming entry of a protective order barring disclosure of immigration status because the ability to "obtain such information would chill the plaintiffs' willingness and ability to bring civil rights claims"), discovery in this case is also likely to result in exchange of arrest/operations records that include information about the immigration history of individual people, including putative class members. Some such documents, such as Forms I-213, are already in the record in redacted form. Witnesses may also testify about individuals' immigration history. Where that is the case, there should be a way for the parties to designate the information so that it is not publicly disclosed.

### DEFENDANTS' POSITION

Defendants object to Plaintiffs' proposed inclusion of immigration history as a form of "Confidential Information" because that category is overly broad, undefined, and encompasses information that falls outside the scope of permissible discovery in this case. Defendants recognize that

JOINT REPORT RE: PROTECTIVE ORDER

certain records reflecting immigration history may contain sensitive personal details. However, the issue is not whether those records are sensitive, but whether they are relevant or discoverable in this litigation. Plaintiffs' proposed addition would expand the protective order beyond its purpose of facilitating discovery by turning it into a vehicle for debating the discoverability of entire classes of agency records, and it should therefore be rejected.

**DISPUTE 4.**  Whether information pertaining to applications for asylum, withholding of removal, or similar immigration relief should be designated as Confidential when the subject of the information has waived any applicable protections.  (Paragraph A.2(b)(iv))

### PLAINTIFFS' AND INTERVENORS' POSITION

The parties agree that information pertaining to the applications for certain forms of immigration relief—and information about beneficiaries in the case of applications for U and T visas—should ordinarily be considered confidential.  However, if such information is in Defendants' possession, they should not be able to claim confidentiality if Plaintiffs or a putative class member has expressly waived such protection and wishes for such information to be part of the public record in this case.  Defendants have indicated that they object to this language because even where an individual has waived protections over their record, there may be information about other individuals who have not waived protections in that same record.  But Plaintiffs' and Intervenors' formulation already addresses this by ensuring that requiring there is a waiver *from the subject of the information*.

### DEFENDANTS' POSITION

By law, the release of this category of information for third parties requires a waiver from the subject of the record, and absent such waiver, the information must remain confidential and sealed. Even when a waiver is provided, such records may contain information about other individuals who have not waived confidentiality, and therefore must continue to be treated as protected. The protective order cannot substitute for or override these existing legal requirements.

**DISPUTE 5.**  Whether the definition of Confidential Information should include titles and duty locations of governmental personnel and contractors involved in Defendants' operations and whether

the interests that might justify treating agents' names/identities as confidential should include "privacy" or "operational concerns." (Paragraph A.2(b)(vi))

### PLAINTIFFS' AND INTERVENORS' POSITION

Plaintiffs and Intervenors do not believe that titles and duty locations of governmental personnel and contractors involved in Defendants' operations (if not attached to a name) need to be kept confidential and doing so could impede the public's understanding of Defendants' operations, for example, whether Defendants' staffing decisions may be contributing to violations of constitutional rights. Defendants themselves have included information of this type (and even the identifying number of an agent) in their filings in this case. For instance, on August 29, 2025, Defendants filed the Declaration of Border Patrol Agent C217. ECF 170-1. In that declaration, the agent, identified by his unique STAR number, stated he is a Border Patrol agent and that he is in the El Centro California Sector, his normal duty location. *Id.* at ¶ 2. Defendants plainly do not think that disclosure of such information is problematic or they would not have disclosed it in the public record.

Plaintiffs and Intervenors also believe that the other governmental personnel information in this paragraph—including agents' names and identities—should be treated as confidential only where it may adversely impact identifiable law enforcement or national security interests or pose legitimate safety risks. Expanding that to include where "privacy" or the vague term "operational concerns" are implicated is unnecessary and overly expansive. The default presumption is that, as public servants, law enforcement officers may be identified by name. *See, e.g.*, Order, *Rodriguez v. Swartz*, 4:14-cv-02251-RCC, ECF No. 40, at 1-2 (D. Ariz. Nov. 13, 2014) (Border Patrol agent was "paid with public funds to . . . enforce the nation's immigration laws and [therefore] . . . ha[d] a reduced expectation of privacy—especially in courtroom proceedings which are traditionally open to the public"). There should not be a blanket rule—or near blanket rule—that all agents' information be confidential. If Defendants feel this paragraph, as written, is insufficient to address all their concerns, they may also avail themselves of Paragraph A.2(b)(ii) (Plaintiffs' and Intervenors' proposal re: names of non-parties), just as for any other non-party, provided that Defendants have a good faith belief that

disclosure of agents' names and identities may pose concerns about harassment or retaliation. Otherwise, there is no justification for treating the information as confidential.

## DEFENDANTS' POSITION

Plaintiffs' request for the names, titles, and duty locations of federal personnel and contractors involved in immigration-enforcement operations is unnecessary to litigate the issues presented in this case. Plaintiffs do not challenge individual arrests or assert claims against specific officers under the Administrative Procedure Act or *Bivens*. Rather, they bring a programmatic challenge to agency policies and operational practices under the Fourth Amendment. The question before the Court is whether DHS and its components lawfully conduct immigration enforcement within the District—not who carried out individual operations. The identities of line officers or field supervisors have no bearing on that question.

Because Plaintiffs' claims concern policy and systemic conduct, the discovery most relevant to this litigation involves agency memoranda, operational directives, and communications reflecting government decision-making processes—not the personal identifiers of non-party officers. Rule 26(b)(1) requires discovery to be both relevant and proportional to the needs of the case, considering the importance of the issues, the burden of production, and the potential harm to individuals. See *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978). Here, the minimal probative value of officer names, titles, or duty locations is outweighed by the serious and well-documented safety and privacy risks posed by disclosure.

Those risks are not theoretical. Recent news reports describe credible intelligence that Mexican drug cartels have placed "tiered" bounties on Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP") officers, using "spotters armed with firearms and radio communications to track the real-time movements of CBP and ICE agents."[4] These reports reflect an escalating pattern of targeted attacks designed to intimidate and endanger immigration-enforcement personnel. Earlier this year, hackers also published personal data belonging to ICE, DHS, DOJ, and FBI

---

[4] *See* Luke Barr, "Cartels issuing bounties, $50,000 hits on ICE, CBP agents," *ABC News* (Oct. 14 2025), https://abcnews.go.com/US/cartels-issuing-bounties-50000-hits-ice-cbp-agents/story?id=126521867.

employees, with "names, email addresses and phone numbers, and addresses—in some cases of officials' homes rather than the location of their work."[5] And just last month in Los Angeles, a foreign national "rammed law enforcement vehicles in an attempt to dislodge his car during an immigration arrest," injuring a U.S. Marshal and prompting a large-scale tactical response.[6] *See also* ECF No. 172 at 7 n.1 (noting an 830-percent increase in assaults, threats, and doxing incidents targeting immigration officers).

These incidents underscore why disclosing officers' identities—even under a protective order that Plaintiffs might later seek to modify—poses unacceptable risks. Once personal identifiers are revealed, they cannot be effectively contained, particularly in a case involving multiple law firms and advocacy organizations. Redactions and pseudonyms are proportional, well-recognized mechanisms to protect sensitive information and ensure discovery proceeds without compromising safety. Both serve the same function: preventing unnecessary exposure of identifying details where disclosure could invite harassment or retaliation.

The Ninth Circuit has long recognized that nondisclosure is appropriate in "unusual" cases where revealing an identity would expose a person to "harassment, injury, ridicule, or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Although *Advanced Textile* involved party plaintiffs, its reasoning applies with equal force to non-party law-enforcement officers whose identification could subject them **and their families** to danger. Courts applying Rule 26(b)(1) likewise consider safety and privacy interests when assessing proportionality and scope.

Congress has similarly recognized the sensitivity of this information. Under FOIA Exemption 7(C), agencies routinely redact the names and identifying details of law-enforcement officers, support staff, and contractors to prevent harassment or retaliation. *See Schrecker v. DOJ*, 349 F.3d 657, 661 (D.C. Cir. 2003); *Concepcion v. FBI*, 606 F. Supp. 2d 14, 39 (D.D.C. 2009) (collecting cases); *Halpern*

---

[5] *See* Lily Hay Newman, "Hackers Dox ICE, DHS, DOJ, and FBI Officials," *Wired* (Oct. 18 2025), https://www.wired.com/story/security-news-this-week-hackers-dox-ice-dhs-doj-and-fbi-officials.

[6] *See* Ray Sanchez, "US marshal and undocumented immigrant - a popular TikTok streamer - injured in shooting during ICE stop in Los Angeles," *CNN* (Oct. 22, 2025), https://www.cnn.com/2025/10/21/us/los-angeles-immigration-us-marshal-injured.

JOINT REPORT RE: PROTECTIVE ORDER

*v. FBI*, 181 F.3d 279, 296-98 (2d Cir. 1999); *Lesar v. DOJ*, 636 F.2d 472, 487 (D.C. Cir. 1987). The same principle applies here: disclosure of officers' identifying information could subject them to harassment or physical harm in both their professional and personal lives.

Plaintiffs have not met their burden to show that these identifiers are relevant or proportional to their claims. Even if the Court were to consider specific stops or detentions, the relevant question would be whether those encounters complied with constitutional standards—not the officers' names or duty stations. Plaintiffs' position is also internally inconsistent: they insist that voluntary non-party information produced by private entities should remain confidential, yet contend that federal law-enforcement officers' names—whose disclosure poses well-documented risks—should be freely available. That inconsistency underscores the overreach of their proposal.

The government's approach strikes the appropriate balance. Maintaining officer identifiers, titles, and duty locations within the definition of Confidential Information, and permitting law-enforcement personnel and contractors to proceed under pseudonym, ensures discovery can proceed efficiently while protecting privacy, operational integrity, and personal safety.

**DISPUTE 6.**  Whether the definition of Confidential Information should include information that could be used to obtain the immigration status or location of any non-party individual. (Paragraph A.2(b)(vii))

**PLAINTIFFS' AND INTERVENORS' POSITION**

Courts in this Circuit have recognized the *in terrorem* effect of discovery about immigration status or about other information that could be used for immigration enforcement.  *See, e.g.*, *Rivera*, 364 F.3d at 1064; *cf. Howington v. Taiwan Semiconductor Mfg. Co.*, No. 24-CV-05684-VKD, 2025 WL 2494427, at *3 (N.D. Cal. Aug. 29, 2025) ("The Court has no difficulty concluding that an individual's immigration status may be considered sensitive information, and that it should not be disclosed unless the information is relevant to a claim or defense and the risks of disclosure are outweighed by the plaintiffs' need for the information."); *Comm. for Immigrant Rts. of Sonoma Cnty. v. Cnty. of Sonoma*, No. C 08-4220 RS (JL), 2010 WL 11575520, at *6 (N.D. Cal. Nov. 12, 2010) (discussing sensitivity of information that could be used to determine an individual's immigration status).  Such information could include, for example, whether a witness has ever had contact with

immigration authorities before, or the place where a witness or a family member of a witness works or goes to school. To the extent this information is discoverable in this case, it is because it is relevant to some claim or defense. Designation under the protective order, which Plaintiffs and Intervenors anticipate as being rare, will allow parties to mitigate any harm and encourage witnesses to continue participating in the case. *See Comm. for Immigrant Rts. of Sonoma Cnty.*, 2010 WL 11575520, at *6. There is absolutely no reason why the government needs to be able to disclose such information publicly or even beyond Defendants' litigation team.  The Court should adopt Plaintiffs' and Intervenors' proposal.

### DEFENDANTS' POSITION

Defendants object to adding "private information that could be used to obtain the immigration status or location of any individual who is or is not a party to this litigation" as a separate category of Confidential Information. The proposal is vague, speculative, and unnecessary because personally identifiable information is already protected under subsection (iii) and the Privacy Act. Expanding the definition in this way would create uncertainty over what qualifies as covered material and risk encompassing information far beyond the scope of permissible discovery.

**DISPUTE 7.**  Whether the protective order should designate certain categories of Confidential Information as presumptively Attorneys' Eyes Only Information. (Paragraph A.3.)

### PLAINTIFFS' AND INTERVENORS' POSITION

Defendants have proposed that certain categories of confidential information—namely information in Paragraphs A.2(iv)–(vi)—be listed as examples of information subject to Attorneys' Eyes Only designation.  Attorneys' Eyes Only designations, however, should be sparingly applied in accord with the standard set forth in Paragraph A.3.  Whether such designation is justified will depend on the specific information at issue, not what category of the definition of Confidential Information it falls into.  There is no reason to apply a sweeping approach deeming *all* information in specified categories as limited to Attorneys' Eyes Only, and Defendants have not explained why creating a hierarchy of protected information by categories is necessary or warranted.

### DEFENDANTS' POSITION

Defendants maintain that identifying certain categories of information—specifically those listed in Paragraphs A.2(iv)–(vi)—as examples of materials that may warrant an Attorneys' Eyes Only designation provides needed clarity and efficiency in applying the protective order. These categories involve particularly sensitive information, including asylum-related records, protected law-enforcement materials, and non-public operational data, where disclosure beyond counsel could pose safety, privacy, or operational risks. The proposed language does not create a rigid hierarchy or automatic designation; it simply reflects that such information is presumptively of a kind that may justify heightened protection under Paragraph A.3's existing standard.

**DISPUTE 8.**  Whether the protective order should provide that it does not supersede existing statutory, law enforcement, national security, and regulatory obligations imposed on a party. (Paragraph B.2.)

### PLAINTIFFS' AND INTERVENORS' POSITION

This very broad language is fundamentally inconsistent with the express terms, as well as the intent, of the protective order, and marks a sharp departure from standard protective order terms. For example, the proposed protective order explicitly gives the government relief from certain restrictions that the Privacy Act would otherwise impose upon it.  *See* Paragraph B.1.  More broadly, the existence of the protective order will ensure that the government cannot be compelled to produce in response to a Freedom of Information Act request the confidential information produced by other parties in this case. *GTE Sylvania, Inc. v. Consumers Union of the United States*, 445 U.S. 375, 387 (1980) (government is not required to produced documents under FOIA if doing so would violate a court order).  The protective order plainly *does* modify the parties' existing legal obligations, and it is important that it do so.

### DEFENDANTS' POSITION

Defendants' proposed language is intended only to clarify that the Protective Order does not override independent statutory, law-enforcement, national security, or regulatory obligations that may apply to any party. The provision avoids potential conflicts between the Protective Order and existing legal duties, ensuring that parties remain able to comply with binding laws and regulations while still honoring the confidentiality protections established by the Court. It does not diminish or expand any

party's discovery obligations, but simply affirms that the Protective Order operates in harmony with preexisting legal requirements.

**DISPUTE 9.**  How the protective order should address the disclosure and handling of Confidential Information by employees of the parties. (Paragraphs E.3(b) and (e))

### PLAINTIFFS' AND INTERVENORS' POSITION

Plaintiffs and Intervenors understand that it will be necessary for some current employees of the parties, including attorneys who are employees of governmental agencies, to receive and review Confidential Information during the course of this litigation.  Plaintiffs and Intervenors propose, however, that the protective order clarify that not just agency counsel be able to receive and review such information, but also counsel of organizational Plaintiffs and Intervenor municipalities. Defendants offer no justification why in-house counsel for the organizational Plaintiffs or Intervenors should not have access to Confidential Information when they envision agency counsel accessing that same information.

Plaintiffs and Intervenors further propose that where employees of the parties have a need to access Confidential Information, they sign a standard declaration reflecting that employee's agreement to abide by the terms of the protective order.  This commonsense provision will help the parties track who had access to Confidential Information in the event of unauthorized disclosure.  Defendants have objected to this proposed requirement on grounds of burden, but they have not articulated any real burden.  Indeed, Defendants have stated their objection is premised on the view that *every* agency attorney would have to sign declarations.  But there is no reason why every single agency attorney should have access to Confidential Information.  Only those "assisting" in the matter "to whom disclosure is reasonably necessary" should have such access.  Paragraph E.3(b).  Defendants' insistence that a large universe of people would have to sign declarations only reinforces Plaintiffs' and Intervenors' concern that Confidential Information produced in this action may not be handled properly.

Regarding the redundant provision allowing for disclosure to "current employees of other federal agencies … involved in this litigation" at Paragraph E.3(e), Defendants have stated that this

provision should be included only if the Court retains the requirement that individuals in Paragraph E.3(b) sign a declaration.  However, if the Court retains such a requirement, it would make no sense to include an even broader provision here that would nullify the requirement to sign a declaration, for only Defendants' employees.

Plaintiffs' and Intervenors' proposed approach consistent with prior protective orders agreed to by DHS.  *See Kidd v. Noem*, No. 20-cv-3512 (C.D. Cal. Aug. 6, 2021), ECF 80 (protective order). Plaintiffs and Intervenors recommend the Court adopt that approach for this case.

**DEFENDANTS' POSITION**

Defendants recognize the importance of ensuring proper handling and accountability for Confidential Information but maintain that Plaintiffs' proposed employee-declaration requirement remains overly broad and impractical as drafted. Requiring every agency attorney or employee who may assist with this litigation to sign a separate declaration would be administratively burdensome and unnecessary given existing federal confidentiality and record-handling protocols.

**DISPUTE 10.**  How the protective order should address subpoenas that seek material designated under the protective order. (Paragraph E.7)

**PLAINTIFFS' AND INTERVENORS' POSITION**

Plaintiffs and Intervenors have proposed language that ensures that when a party receives a subpoena under Federal Rule of Civil Procedure 45 (or similar state analogues) that seeks information designated Confidential or Confidential-Attorneys' Eyes Only Information and the party that produced the material seeks judicial protection from its disclosure, that the subpoenaed party shall not disclose the requested information until after a reviewing court (or similar body) has ruled on a request for protection of the information at issue.  This is a standard feature of protective orders consistent with this Court's sample protective order and there is no reason to depart from it for this case.

**DEFENDANTS' POSITION**

Defendants do not agree to Plaintiffs' proposed language because it adds an unnecessary and duplicative compliance step regarding subpoenas for documents designated under the Protective Order. The current draft already provides clear procedures governing the designation, production, and

permissible use of Confidential and Attorneys' Eyes Only material. Adding additional requirements would complicate those procedures, create uncertainty about the interaction between the Protective Order and Rule 45, and impose administrative burdens without any corresponding benefit.

Federal practice favors streamlined protective orders that include self-contained provisions addressing document designation and production, consistent with the Federal Rules of Civil Procedure. The existing language accomplishes that purpose and adequately protects all parties' interests. Additional restrictions not required by rule or supported by demonstrated need would only impede efficient discovery. Accordingly, Defendants believe the existing language is sufficient and that Plaintiffs' proposed revisions are unnecessary.

Respectfully submitted,

DATED:  November 3, 2025                UC IRVINE IMMIGRANT AND RACIAL JUSTICE
                                        SOLIDARITY CLINIC


                                        By:    _/s/ Anne Lai_
                                               ANNE LAI
                                               *Counsel for Stop/Arrest Plaintiffs*

DATED:  November 3, 2025                HECKER FINK LLP


                                        By:    _/s/ Matthew J. Craig_
                                               MATTHEW J. CRAIG
                                               *Counsel for Access/Detention Plaintiffs*

DATED:  November 3, 2025    MUNGER, TOLLES & OLSON LLP


By:   */s/ E. Martin Estrada*
     E. MARTIN ESTRADA
*Counsel for Intervenors Cities of Los Angeles, Anaheim, Bell Gardens, Beverly Hills, Carpinteria, Culver City, Huntington Park, Long Beach, Lynwood, Montebello, Monterey Park, Oxnard, Paramount, Pico Rivera, Pomona, Santa Ana, Santa Barbara, Santa Monica, South Gate, and West Hollywood*

DATED:  November 3, 2025    OFFICE OF THE CITY ATTORNEY


By:   */s/ Hydee Feldstein Soto*
     HYDEE FELDSTEIN SOTO
*Counsel for Intervenor City of Los Angeles*

DATED:  November 3, 2025    OFFICE OF THE COUNTY COUNSEL


By:   */s/ Brigit Greeson Alvarez*
     BRIGIT GREESON ALVAREZ
     Deputy County Counsel
*Counsel for Intervenor County of Los Angeles*

DATED:  November 3, 2025    OFFICE OF THE CITY ATTORNEY OF PASADENA


By:   */s/ Michele Beal Bagneris*
     MICHELE BEAL BAGNERIS
     City Attorney
*Counsel for Intervenor City of Pasadena*

DATED:  November 3, 2025

By:      */s/ Jonathan K. Ross*
JONATHAN K. ROSS
United States Department of Justice
Civil Division
Office of Immigration Litigation
*Counsel for Defendants*

**ATTESTATION OF FILER**

I attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.


Dated: November 3, 2025                    _____ */s/ Anne Lai* _____
                                                              Anne Lai