# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO VASQUEZ PERDOMO, et al., | Case No. 2:25-cv-05605-MEMF-SP |
| Petitioners-Plaintiffs, | **PROTECTIVE ORDER** |
| v. | |
| KRISTI NOEM, Secretary, Department of Homeland Security, et al., | |
| Respondents-Defendants. | |

The court has considered the parties' Joint Report re: Protective Order (docket no. 246), which sets forth their respective positions regarding the terms of a proposed protective order in dispute. The Joint Report also attaches a proposed protective order that contained the terms on which the parties agree, as well as highlighted portions setting forth the terms in dispute.

After carefully considering the parties' respective concerns, the court issues the Protective Order that follows. The parties should note that the Order differs slightly in certain respects from what the parties proposed, in addition to resolving the terms in dispute.

//
//

PROTECTIVE ORDER

1

# PROTECTIVE ORDER

This Protective Order is entered into by Plaintiffs, Defendants, and Intervenors in this action (the "parties") and governs the disclosure, handling, and use of Confidential Information and Confidential–Attorneys' Eyes Only Information exchanged in the course of discovery and other proceedings in this Action. It also includes provisions pursuant to Federal Rule of Evidence 502(d) addressing inadvertent production of privileged materials.

## GOOD CAUSE STATEMENT

1. This action is likely to involve information, including information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended ("Privacy Act"), for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential information consists of items identified in Section A.2. below, which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

2. To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to ensure that the parties are permitted reasonably necessary uses of such material for the litigation and preparation for trial, to adequately protect information the parties are entitled to keep confidential, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

3. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

4. Thus, the Court having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c), and a clawback order pursuant to Federal Rule of Evidence 502(d), to govern the disclosure, use, and handling by the parties and their respective

agents, successors, personal representatives and assignees, or by any non-parties and their respective counsel, of certain information and items produced and received in discovery in the above-captioned action,

IT IS HEREBY ORDERED as follows:

**A.   Definitions**

1. "Action" shall mean the case captioned, *Pedro Vasquez-Perdomo, et al. v. Kristi Noem, et al.*, 2:25-cv-05605 (C.D. Cal.), and any appeal therefrom.

2. "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is so designated by the Producing Party because the Producing Party possesses a good faith belief that the information:

    (a) is not in the public domain, or if in the public domain, is improperly in the public domain;

    and

    (b) constitutes:

    (i) a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

    (ii) names of non-parties (where disclosure could pose concerns about harassment or retaliation), contact information, and personal financial, medical or other private information relating to an individual, including dates of birth, alien registration number ("A number"), immigration status, country of birth, passport numbers, driver's license numbers, foreign identification documents, information related to any pending applications for immigration relief or related appeals, and/or any information that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;

    (iii) information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended ("Privacy Act"), or any other applicable federal or state law, including

but not limited to information about an individual regarding his or her education, financial transactions, medical history, criminal, immigration, or employment history and that contains his or her name, or the identifying number symbol, or other particular identifier assigned to the individual, such as a finger or voice print or photograph;

(iv) absent a waiver by the subject of the information, information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to:

(1) applications for Temporary Protected Status under 8 U.S.C. § 1254a; and

(2) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2);

(v) any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.216, 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure; or

(vi) sensitive information about law enforcement or national security staffing, resources, intelligence, and/or methods, as well as confidential government personnel information, including identifying information, contact information, job titles, identifying numbers, duty locations, or other identifying details of non-

      public-facing supervisory and non-supervisory federal and non-federal employees and contractors involved in enforcement operations or custodial functions where disclosure of such information to the public may adversely impact identifiable law enforcement or national security interests, pose privacy or safety risks, or create operational concerns.

3. "Confidential–Attorneys' Eyes Only Information" shall mean Confidential Information that at the time of its production in discovery in the Action, or thereafter, is so designated by the Producing Party because of a good faith belief that the information is so highly sensitive that the disclosure to those identified in Section E(3) below but not identified in Section E(4) below would create a substantial risk of harm that could not be avoided by any less restrictive means.

4. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy or summary, or paraphrasing, or characterizing in a way that would undermine the purpose of designation would be considered a disclosure of the document itself for purposes of this Protective Order.

5. "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

6. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

7. "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

8. "Producing Party" shall mean the person or party producing in discovery in the Action.

9. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information or Confidential–Attorneys' Eyes Only Information.

PROTECTIVE ORDER

5

B. **Purpose, Scope, and Limitations of Protective Order**

1. This Protective Order applies to discovery, pre-trial, and post-trial proceedings in this Action, whether the information is produced by a party or a person or entity who is not a party to this Action (a "non-party"). This Order does not govern the use of Confidential Information at trial, which shall be governed by the orders of the trial judge.

2. It is also hereby ORDERED that Defendants may: (a) produce documents to other parties that are protected by the Privacy Act or any other statute (consistent with Section A(2)(b)(iii) above), and Defendants' production of such documents shall be considered to be "pursuant to the order of a court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) so long as Defendants (a) designate the documents under this Protective Order and (b) produce documents without any privacy redactions of Confidential Information or Confidential–Attorneys' Eyes Only Information. This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

3. This Protective Order shall not prejudice in any way any party's ability to challenge use or disclosure of information other than information designated as Confidential Information or Confidential–Attorneys' Eyes Only Information under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

4. The protections conferred by this Protective Order do not cover any information that (a) is properly in the public domain; (b) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (c) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

5. This Protective Order does not govern the use by the parties of Confidential Information or Confidential–Attorneys' Eyes Only Information in connection with any filing or in open court at any hearing or trial in this Action, but the parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information or Confidential–Attorneys' Eyes Only Information in connection with any such filing, hearing or trial. Reference by the parties to designated material at a hearing or trial, pursuant to an order entered by the Court as described in this paragraph, shall be considered to be: (1) "pursuant to the order of the court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) or any other similar statutory provision governing disclosure (consistent with Section A(2)(b)(iii), above). *See also* paragraph (E)(6) below (detailing procedure for use of Confidential Information or Confidential–Attorneys' Eyes Only Information in a filing or open court).

6. This Protective Order governs the disclosure, use, and handling of all Confidential Information and Confidential–Attorneys' Eyes Only Information, regardless of the format or medium in which such material is generated, stored, or maintained. The parties agree that such information, so long as it retains its designation, shall not be disclosed or used for any purpose outside of this Action, absent further order of the Court.

7. Confidential Information or Confidential–Attorneys' Eyes Only Information included in a pleading shall not lose its protection unless the Producing Party consents to public filing or fails to seek appropriate sealing under local rules, or the Court denies sealing and orders that such information may be filed in the public record.

8. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information or Confidential–Attorneys' Eyes Only Information for any purpose whatsoever with or without redaction and without Court approval. If any such use results in an affirmative disclosure that causes the Confidential Information or Confidential–Attorneys' Eyes Only Information to lose its designation, then it shall no longer be subject to any protection under this Protective Order.

9. This Protective Order applies only to disclosures, uses, and handling of Confidential Information or Confidential–Attorneys' Eyes Only Information occurring after the entry of this Protective Order.

10. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information or Confidential–Attorneys' Eyes Only Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

11. Any party may at any time seek modification of this Protective Order by agreement or, failing agreement, by motion to the Court.

C. **Method for Designating Confidential Information and Confidential–Attorneys' Eyes Only Information**

1. Designations of Confidential Information or Confidential–Attorneys' Eyes Only Information, respectively, shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

2. The Designation of Confidential Information should be limited to only those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Section A(2) or "Confidential–Attorneys' Eyes Only Information" in Section A(3) of this Protective Order.

3. Documents produced in discovery in this Action that are subject to this Protective Order shall be designated as follows:

    a. For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER C.D. CAL. 2:25-cv-05605-MEMF-SP" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY C.D. CAL. 2:25-cv-05605-MEMF-SP" on each page of the document asserted to contain Confidential Information or Confidential–Attorneys' Eyes Only Information, respectively, or on a cover sheet appended to the document.

    b. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER C.D. CAL. 2:25-cv-05605-MEMF-SP" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY C.D. CAL. 2:25-cv-05605-MEMF-SP," respectively.

    c. The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER C.D. CAL. 2:25-cv-05605-MEMF-SP" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY C.D. CAL. 2:25-cv-05605-MEMF-SP," respectively, unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated under this Protective Order must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filenames(s) and the location where the copies are stored and users' access thereto.

4. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER C.D. CAL. 2:25-cv-05605-MEMF-SP" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY C.D. CAL. 2:25-cv-05605-MEMF-SP," respectively.

5. Deposition testimony in depositions where Confidential Information or Confidential–Attorneys' Eyes Only Information is likely to be discussed shall automatically be deemed CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL–ATTORNEYS' EYES ONLY, respectively, unless the parties stipulate otherwise or the Court rules otherwise in response to an appropriate motion. Within the period provided by Federal Rule of Civil Procedure 30(e) for a deponent to review a transcript, the party whose Confidential Information or Confidential–Attorneys' Eyes Only Information was discussed will re-designate the transcript, identifying only

those portions of the transcript that need to retain a designation of Confidential Information or Confidential–Attorneys' Eyes Only Information, respectively. Extensions may be allowed if mutually agreed to by the parties to accommodate voluminous transcripts or other case-related obligations. After this period, unless otherwise agreed to by the parties, portions of a transcript not specifically designated as Confidential Information or Confidential-Attorneys' Eyes Only Information will no longer be considered as such. Documents that are designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL–ATTORNEYS' EYES ONLY, including deposition transcripts and associated exhibits, may be disclosed to deponents who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A."

6. For any item produced in discovery in this Action not falling within Subparagraphs C(3), (4) or (5) above, designation of Confidential Information shall be made by labeling the item or item's container with "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER C.D. CAL. 2:25-cv-05605-MEMF-SP" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY C.D. CAL. 2:25-cv-05605-MEMF-SP." If only a portion or portions of the information contained in the item warrant protection, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

7. If it comes to a Producing Party's attention that information designated as Confidential Information or Confidential–Attorneys' Eyes Only Information does not qualify or no longer qualifies for such protection, the Producing Party must promptly notify all parties that it is withdrawing the designation for the applicable information.

D. **Challenging Confidential Designations**

1. A Challenging Party shall not be obliged to challenge the propriety of a designation of Confidential Information or Confidential–Attorneys' Eyes Only Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

2. The Challenging Party shall initiate a challenge to the designation of any Confidential Information or Confidential–Attorneys' Eyes Only Information under this Protective Order by providing the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

3. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within ten (10) calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. If the challenged designation(s) total 100 pages or less, the Designating Party must communicate its decision to the Receiving Party within twenty (20) calendar days after receipt of notice of the challenge. For designation(s) totaling more than 100 pages, the parties, acting in good faith, shall agree on a reasonable time for the Designating Party to advise the Challenging Party of its decision.

4. If the Designating Party decides to withdraw its designation, it shall give notice of this change to all parties.

5. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in paragraph 3 above, or as otherwise agreed, the Challenging Party may file a motion seeking a determination from the Court, in compliance with Local Rule 37.

6. Any information designated as Confidential Information or Confidential–Attorneys' Eyes Only Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information or Confidential–Attorneys' Eyes Only Information, respectively, until such time as (a) the Designating Party agrees that it shall no longer be treated as such or (b) the Court rules that such Information should not be treated as such.

E. **Permissible Disclosure and Handling of Confidential Information**

1. Upon designating documents as Confidential Information or Confidential–Attorneys' Eyes Only Information, Defendants are authorized to release such documents to the Court and to counsel for

the parties in this case, including documents from government files which contain discoverable, unredacted third-party Confidential Information or Confidential–Attorneys' Eyes Only Information, without obtaining written consent of the third parties whose names, addresses, and other information may be present in such documents.

2. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information and Confidential–Attorneys' Eyes Only Information.

3. Confidential Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   a. Counsel (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, law students, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   b. Current employees of the parties (including agency, organizational, or government counsel) assisting with respect to this Action to whom disclosure is reasonably necessary and who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

   c. Any person with prior authorized access to the Confidential Information;

   d. Current employees of the Producing Party;

   e. Witnesses, potential witnesses, and deponents, including their counsel, as reasonably necessary, who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

   f. Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

   g. Retained expert witnesses and consultants who are employed or retained by a party in connection with this Action, and members of the expert witnesses' or consultants' staff

working under the expert witnesses' or consultants' supervision. Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work;

    h. Mediators or arbitrators assigned by the Court or engaged by the parties to the Action;

    i. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel;

    j. Court reporters, videographers, interpreters, and their staff; and

    k. Any other person agreed to by the parties.

4. Confidential–Attorneys' Eyes Only Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    a. Counsel of record (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, law students, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

    b. Retained expert witnesses and consultants who are employed or retained by a party in connection with this Action, and members of the expert witnesses' or consultants' staff working under the expert witnesses' or consultants' supervision. Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work;

    c. Witnesses affiliated with the Producing Party in their depositions, including their counsel, as reasonably necessary, who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

    d. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel;

    e. Court reporters, videographers, interpreters, and their staff; and

      f. Any other person agreed to by the parties.

5. Persons receiving Confidential Information or Confidential–Attorneys' Eyes Only Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

6. This Order does not entitle any party to file or present material under seal and Confidential Information or Confidential–Attorneys' Eyes Only Information may be filed or presented under seal only with the permission of the Court. Any party that seeks to file or present any material designated under this Protective Order by another party must comply with Civil Local Rule 79-5. If a party's request to file or present designated material under seal is denied, then a Receiving Party may file or present the information in the public record and/or open court unless otherwise instructed by the Court or the information is already recognized as protected under the Local Rules or Federal Rules of Civil Procedure. The parties are not required to follow such filing requirements when a brief or memorandum merely cites to documents marked as CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER C.D. CAL. 2:25-cv-05605-MEMF without revealing Confidential Information or Confidential–Attorneys' Eyes Only Information, or references information contained within documents marked CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER C.D. CAL. 2:25-cv-05605-MEMF without revealing Confidential Information or Confidential–Attorneys' Eyes Only Information.

7. If a party or anyone subject to this Protective Order receives a subpoena under Federal Rule of Civil Procedure 45 (or an equivalent mechanism under state law) seeking Confidential Information or Confidential–Attorneys' Eyes Only Information as designated in this Action, the party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information or Confidential–Attorneys' Eyes Only Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either (a) that the Designating Party does not object to the production of the requested information or (b) that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the

production. If the Designating Party timely seeks a protective order, the party served with the subpoena shall not disclose the Confidential Information before a determination by the body from which the subpoena issued. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information or Confidential–Attorneys' Eyes Only Information. Nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court. In the event that Confidential Information or Confidential–Attorneys' Eyes Only Information is produced to a non-party to this Action in response to a subpoena, such Confidential Information shall continue to be treated in accordance with the designation as Confidential Information or Confidential–Attorneys' Eyes Only Information by the parties to this Action.

8. During the pendency of this Action, the Court shall retain jurisdiction over this Protective Order, and persons who receive Confidential Information or Confidential–Attorneys' Eyes Only Information shall be subject to this Protective Order.

F. **Inadvertent Production of Confidential Information or Confidential–Attorneys' Eyes Only Information**

1. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The parties agree to follow Federal Rule of Civil Procedure 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information or Confidential–Attorneys' Eyes Only Information.

2. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information or Confidential–Attorneys' Eyes Only Information in accordance with this Protective Order, has disclosed Confidential Information or Confidential–Attorneys' Eyes Only Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

    a. Promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information or Confidential–Attorneys' Eyes Only Information subject to this Protective Order;

    b. Promptly make all reasonable efforts to obtain the return of the Confidential Information or Confidential–Attorneys' Eyes Only Information and to prevent further unauthorized disclosures of the Confidential Information or Confidential–Attorneys' Eyes Only Information, including requesting that the person who received the unauthorized disclosure agree to be bound by the terms of this Protective Order and execute a declaration in the form attached as "Exhibit A"; and

    c. Within (5) calendar days notify the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information or Confidential–Attorneys' Eyes Only Information that was the subject of the unauthorized disclosure.

G. **Disposition of Documents Containing Confidential Information or Confidential–Attorneys' Eyes Only Information**

1. Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated under this Protective Order or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine information technology ("IT")

and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, the Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information or Confidential–Attorneys' Eyes Only Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

    a. For material that contains or reflects Confidential Information or Confidential–Attorneys' Eyes Only Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order.

    b. Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits, motion papers, trial, deposition and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information or Confidential–Attorneys' Eyes Only Information. Even after the final disposition of this and any related actions, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information or Confidential–Attorneys' Eyes Only Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

    c. In particular, attorneys for the United States may maintain copies of any documents designated material in their case file for this Action, and may maintain copies of any notes or summaries containing such material in their case file for this Action, subject to 44 U.S.C. § 3101, *et. seq.*, and 5 U.S.C. § 552 *et. seq.*

**H.** **Inadvertent Disclosure of Privileged Information**

1. This Order applies to information subject to the attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure 26(b), Federal Rule of Evidence 502(b), governmental privileges, or any other applicable privilege. Nothing in this Order shall constitute

an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

2. The disclosure of any document or information in this Action does not operate as a waiver of any claim of privilege or protection from disclosure if:
   (a) the disclosure was inadvertent;
   (b) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
   (c) the holder promptly took reasonable steps to rectify the error, including notifying any party that received the information of the claim and the basis for it.]

3. After being notified, a Receiving Party must promptly return, sequester, or destroy the specified documents or information and any copies in its possession; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the documents or information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

**SO ORDERED.**

Dated: November 5, 2025

_____
Honorable Sheri Pym
United States Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Pedro Vasquez Perdomo, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>Kristi Noem, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>    Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>**Protective Order**<br><br>Hon. Sheri Pym<br>United States Magistrate Judge |

## **EXHIBIT A**

1. I, the undersigned, have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of this Protective Order.
2. I declare under penalty of perjury that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____ by _____.
                                                                                        (Print Name)

                                                                                       _____
                                                                                       Signed