UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | November 10, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order Granting in Part and Denying in Part Defendants' Request for Reciprocal Expedited Preliminary Injunction Motion Discovery [243]**

The court has considered defendants' Request for Reciprocal Discovery filed on October 31, 2025 (docket no. 243), as well as the subsequently filed opposition and reply. The court now grants in part and denies in part the Request, for the reasons that follow.

## BACKGROUND

On July 28, 2025, plaintiffs filed a motion for a preliminary injunction to enjoin defendants from violating the Fourth Amendment by relying solely on four specified factors to justify detentive stops in enforcing immigration laws.[1] Docket no. 128. Plaintiffs' motion for preliminary injunction is supported by a number of exhibits, including declarations by plaintiffs and others about their experiences being stopped and detained for suspected immigration violations. Some of these declarations were filed with the motion, and others had been previously filed in support of plaintiffs' motion for a temporary restraining order (TRO). Docket nos. 45, 128. The preliminary injunction motion also relies on declarations made by Angelica Salas on behalf of herself and plaintiff Coalition for Humane Immigrant Rights ("CHIRLA"), which, inter alia, recount immigration enforcement experiences of some CHIRLA members, and also discusses an immigration enforcement "heat map" documenting where some enforcement actions have occurred in the Los Angeles area in June and July 2025. Docket nos. 38-9, 128-11.

---

[1] Plaintiffs also filed a separate, Fifth Amendment preliminary injunction motion, which is not at issue here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | November 10, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

Defendants opposed the motion for preliminary injunction, and submitted their own declarations in opposition. Docket nos. 170, 178.

  On September 22, 2025, plaintiffs and intervenors moved for limited, expedited discovery in support of their pending Fourth Amendment motion for a preliminary injunction. Docket no. 211. Plaintiffs included the specific interrogatories and document requests they wished to serve, and described the depositions they wished to take. Plaintiffs argued they needed discovery concerning: the legal training defendants claim to provide their agents and officers; the intelligence and other unspecified information defendants claim to have relied on in immigration enforcement operations, beyond the four factors plaintiffs contend are insufficient for reasonable suspicion; and the sources of information relied on by officials who submitted declarations for defendants regarding particular stops but who lack firsthand knowledge of the stops. Defendants opposed the motion, but argued that if such discovery is permitted, defendants should be entitled to conduct reciprocal discovery. Docket no. 214.

  In an October 17, 2025 Order, the court granted plaintiffs' and intervenors' motion for the limited discovery they requested to support their pending motion for preliminary injunction. Docket no. 223. As to defendants' argument that they should be permitted reciprocal discovery, the court invited defendants to make a request for permission to seek "appropriate discovery" to the magistrate judge. *Id.* at 9. But noting that the Fourth Amendment inquiry at issue in the preliminary injunction motion concerns the *officers'* reasons for a stop, the court questioned what information the plaintiffs and intervenors could have that defendants do not and that is relevant to this inquiry.

  Defendants raised the matter of reciprocal discovery again in the parties' October 21, 2025 Joint Status Report, stating they wish to conduct "discovery to test the factual bases for Plaintiffs' declarations and claims." Docket no. at 13. But they did not specify the discovery they wished to conduct, and did not explain why there was good cause for the discovery they sought. Thus, the court gave defendants until October 31 to file a specific request for leave to conduct discovery.

  Defendants filed their Request for Reciprocal Discovery on October 31, 2025. Docket no. 243. Plaintiffs opposed the Request on November 6, 2025. Docket no. 249. Defendants filed a reply the next day. Docket no. 250.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | November 10, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

## DISCUSSION

**Scope of Discovery**

Defendants request leave to take expedited written and oral discovery from plaintiffs. They seek to serve plaintiffs with: five requests for production ("RFPs"); four interrogatories to individuals; and five interrogatories to CHIRLA.[2] They also seek to take the depositions of plaintiffs Pedro Vasquez Perdomo, Carlos Alexander Osorto, Jorge Hernandez Viramontes, and CHIRLA, and non-party declarants Omar Gamez, Javier Ramirez, and Flor Melendrez.

In granting plaintiffs permission to take expedited discovery related to the Fourth Amendment preliminary injunction motion, the court analyzed whether such permission should be granted under the following factors the parties agreed are relevant:

1. Whether a preliminary injunction is pending;
2. The purpose for requesting the expedited discovery;
3. The breadth of the discovery requests, as the requests should be narrowly tailored to achieve their stated purpose;
4. The burden on the responding party to comply with the requests;
5. How far in advance of the typical discovery process the requests are being made; and
6. How reasonable the requests are in light of the entirety of the record and surrounding circumstances.

*See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009). The court's analysis of factors 1 and 5 in the October 17 Order applies equally here, and therefore the court will not repeat it. The court also accepts that defendants wish to take this discovery, at least in part, for purposes of opposing the preliminary injunction motion. Thus, the court considers defendants' proposed discovery in light of factors 3, 4, and 6, which factors are intertwined.

---

[2] As plaintiffs point out, since Omar Gamez, Javier Ramirez, and Flor Melendrez are not parties to the case, they are not proper recipients of either RFPs under Rule 34 or interrogatories under Rule 33 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | November 10, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

First, contrary to defendants' assertions, the discovery they request is not, for the most part, narrowly tailored to the preliminary injunction motion, but rather seems aimed at the merits of the case as a whole. For example, RFP Nos. 4 and 5 ask plaintiffs for everything that supports their claims of racial profiling, discriminatory enforcement, and irreparable harm – matters that extend far beyond what is necessary to the preliminary injunction motion. Likewise, Interrogatory No. 4 to the individuals asks plaintiffs to describe all financial, logistical, or organizational support they received in connection with the filing of this case – something that appears to have virtually no bearing, if any, on the preliminary injunction motion. The same is true for Interrogatory No. 5 to CHIRLA; CHIRLA's public statements have no clear bearing on the preliminary injunction motion. Indeed, requests like these cause the court to question whether defendants seek this discovery in good faith at all.

That said, there are aspects of the requested discovery that seem legitimate. Defendants state they wish to test the accuracy of the declarations they submitted, which form the bases for plaintiffs' preliminary injunction motion. Plaintiffs argue defendants have no need to probe into plaintiffs' declarations, since it is the officers' conduct that is at issue. But this argument is a bit disingenuous; clearly, plaintiffs' declarations are relevant to what occurred in the encounters with the officers, as well as shedding some light on whether the officers' had constitutional reasons justifying the detentive stops, or else plaintiffs would not have submitted them. Just as plaintiffs are requesting from defendants discovery about certain specified stops, including who was involved and communications among such individuals, defendants' requests for persons present, communications made, and contemporaneous records about the stops recounted in plaintiffs' declarations – as opposed to just any stops, as defendants request – are largely reasonable.

But defendants again go too far when they request information about how plaintiffs' declarations were prepared. Requests for information forming the bases for the declarations are appropriate. But Interrogatory No. 3 to the individuals and Nos. 2 and 4 to CHIRLA, calling for plaintiffs to detail precisely who was involved and how they prepared their declarations, would be unduly burdensome in the context of the needs of the preliminary injunction motion, and invite privilege disputes that are unnecessary to resolve at this juncture. Defendants' suggestion that they would seek drafts or notes from the drafting of the declarations suffers from the same problems. Plaintiffs have not sought anything equivalent to this with their expedited discovery requests, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | November 10, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

defendants offer no real reason why they require it to oppose the preliminary injunction motion.

Finally, RFP No. 3, which calls for all complaints, grievances, and reports filed by plaintiffs or their members concerning immigration enforcement practices or unlawful detentions has some relevance to the preliminary injunction motion, but is grossly overbroad. This may be appropriate merits discovery, but is unreasonable for the needs of the preliminary injunction motion, and defendants again fail to articulate any reason why they need this discovery.

In addition, defendant seek to take the depositions of three individual plaintiffs, three non-party individuals, and CHIRLA. This proposal appears to have been made to mirror what plaintiffs were granted, rather than based on any independent reason for needing to depose this number of declarants. As previously discussed in other orders, the parties' situations in terms of access to facts are not equivalent, and there is no reason the discovery with respect to the preliminary injunction motions should be. Even so, the court finds it is reasonable to permit defendants to take some depositions to explore the bases for some of the declarations at issue, but they have made no showing of a need for seven depositions. The court finds it is reasonable in this context to permit defendants to take the depositions of three individual declarants and CHIRLA.

For the foregoing reasons, the court now orders that defendants may serve and take the following discovery related to the Fourth Amendment preliminary injunction motion:
- RFP Nos. 1 and 2 to plaintiffs Pedro Vasquez Perdomo, Carlos Alexander Osorto, Jorge Hernandez Viramontes, and CHIRLA, but modified as follows:
  1. Produce all documents and data (including video or audio recordings) relating to any detentive stops, encounters, or arrests of Plaintiffs or their members by federal immigration enforcement from June 2025 to the present and that were described in your declaration.
  2. Produce all communications (including emails, text messages, and social media messages or posts) between Plaintiffs and their members describing, reporting, or referring to immigration enforcement stops, encounters, or arrests that were described in your declaration.
- Interrogatory Nos. 1 and 2 to plaintiffs Pedro Vasquez Perdomo, Carlos Alexander Osorto, and Jorge Hernandez Viramontes, using the language defendants proposed;
- Interrogatory Nos. 1 and 3 to plaintiff CHIRLA, using the language defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | November 10, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

proposed; and
- The depositions of CHIRLA and three of the six individual declarants defendants requested to depose (either plaintiffs or non-parties), with the scope of the depositions to be confined to the topics of the entity or individual's declaration(s).

**Schedule of Discovery**

Defendants request that their discovery be permitted on the same schedule as plaintiffs', but this is unreasonable and impracticable given how much later defendants are starting on their discovery. Instead, the court will set a schedule that will give plaintiffs roughly the same amount of time to respond to defendants' discovery requests as defendants have had to respond to theirs, but taking into account the differences in the requests. As such, the court sets the following schedule:
- Defendants shall serve their permitted written discovery requests by November 14, 2025;
- Defendants shall serve their deposition notices no later than December 1, 2025;
- Plaintiffs shall serve their shall serve their written responses to the interrogatories and RFPs by December 3, 2025;
- Plaintiffs shall produce documents and other materials responsive to the RFPs on a rolling basis, with the first production to be made no later than November 26, 2025;
- Plaintiffs shall produce privilege logs detailing documents withheld from productions, if any, on a rolling basis, such that a log detailing documents withheld from any particular production should be produced within 3 days of that production;
- Plaintiffs shall complete their production of materials responsive to the RFPs by December 12, 2025;
- Defendants shall produce their final privilege log by December 16, 2025; and
- All depositions must be completed by December 19, 2025.

To the extent this schedule or the previous schedule proves unworkable, as defendants suggest it might, the parties may make a separate request to the court to modify the schedules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | November 10, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

## **CONCLUSION**

For the foregoing reasons, the defendants' Request for Reciprocal Discovery (docket no. 243) is granted in part and denied in part, as set forth above.