UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | November 13, 2025 |
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al.* | | |

Present: The Honorable: Maame Ewusi-Mensah Frimpong

| Damon Berry | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**PROCEEDINGS: (IN CHAMBERS) ORDER REGARDING PROPOSED EVIDENTIARY REDACTIONS AND CASE REDESIGNATION [DKT. NO. 172]**

Before the Court is a joint status report filed by Plaintiffs and Defendants on August 29, 2025. The parties agree that the Court should redesignate the case and remove the current electronic access restrictions. Dkt. No. 172 ("Joint Report") at 5. Prior to redesignation, the parties request various partial redactions of certain judicial records. *Id*.

"A common law right of access to records" exists in civil proceedings. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). In evaluating requests to seal court filings, courts "start with a strong presumption in favor of access." *Id*. This is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). The requesting party "bears the burden of overcoming this strong presumption." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-89 (9th Cir. 2006). *Cnty. of Honolulu*, 447 F.3d 1172, 1178-89 (9th Cir. 2006).

To overcome that presumption, the requesting party "must 'articulate[] compelling reasons supported by specific factual findings'… that outweigh the general history of access and the public policies favoring disclosure." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Then, "[a]fter taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court*, 798 F.2d 1829, 1294 (9th Cir. 1986)). "Without articulable facts" supporting a court's decision to deny public access to its records, the court's "speculation [is] conjecture," and it may not seal the records. *Valley Broadcasting Co.*, 798 F.2d at 1297.

Plaintiffs propose redactions to the personal information of Petitioner Carlos Osorto and third-party individuals in Dkt. No. 111-1 ("Tolchin Decl."). Defendants propose redactions to the identifying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-5605-MEMF-SP | Date | November 13, 2025 |
|---|---|---|---|
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al.* | | |

information of U.S. Immigration and Customs Enforcement (ICE) officers in Tolchin Decl. and Dkt. Nos. 16 ("1AC"), 38-11 ("Toczylowski Decl."), 70-1 ("Uyeda Decl."), and 94-1 ("Quinones 2nd Decl."). Defendants also propose redactions to the names and phone numbers of ICE attorneys in Tolchin Decl. and Dkt. Nos. 113-2 ("Gov. Bond Mot.") and 113-5 ("Osorto Bond Mot."). The Court addresses the various categories of proposed redactions in turn.

## I. Plaintiffs' Proposed Redactions of Carlos Osorto and Third-Party Witnesses' Personal Information (Tolchin Decl.)

Plaintiffs propose that this Court redact in their entirety the complete exhibits to Petitioner Carlos Osorto's bond application, Dkt. No. 111-1 at 4-17, and his complete I-213 and FBI report, Dkt. No. 111-1 at 120-30.[1] Plaintiffs explain that these documents contain personal information about Mr. Osorto and other nonparties, including a minor, including dates of birth and addresses. Joint Report at 5-6. Defendants "agree to limited Personally Identifiable Information (PII) **redactions** consistent with applicable federal and Local Rules, but oppose sealing." *Id.*

The sealing of these documents is consistent with the original designation of this matter as a habeas matter and the common limitations on documents of petitioners in immigration-related proceedings. Therefore, the Court will order sealing of these documents at this time. To the extent that Defendants still wish to seek redactions, the parties can meet and confer and the Defendants can propose specific redactions.

## II. Defendants' Proposed Redactions of ICE Officers' Names, Faces, Badges, and "Uniquely Identifying Insignia" (1AC, Tolchin Decl., and Toczylowski Decl.)

The Court does not find compelling reasons to redact the ICE officers' identifying information in 1AC, Tolchin Decl., and Toczylowski Decl. To be clear, none of the information at issue is sensitive personal information such as date of birth or home address, and none of it concerns undercover officers. In addition, much of the information at issue has already been made publicly available in the media, in filings with the Ninth Circuit, or because the officers do their work in public. The Court outlines the grounds for denying Defendants' requests in turn.[2]

/ / /
/ / /

---

[1] Petitioners seek to seal Dkt. No. 111-1 at 120-137 and describe those documents as "Mr. Osorto's complete I-213 and FBI Report," but also included within those pages are an Immigration Judge's Order and an attorney declaration containing private medical information. The Court will seal both because they contain personal information of Osorto.

[2] The Court notes that the Defendants' submissions in support of their redactions are quite general. For the purposes of this decision, the Court has considered the declarations filed in support of other matters in this case which generally describe the risk of doxxing and harassment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | November 13, 2025 |
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al.* | | |

**A. Information Already Published in the Press Is Not Subject to Redaction (1AC at 20 and Tolchin Decl. ¶¶ 51-52)**

1AC at 20 and Tolchin Decl. ¶¶ 51-52 contain the same image of various ICE officers. Defendants request redactions of an "officer's face, name/badge, and uniquely identifying insignia . . . to protect personal privacy and [the officer's] safety." Joint Report at 6, 10-11.

The image originates from an article published by the television station KTLA. Josh DuBose, *Dozens of heavily armed ICE agents swarm popular L.A. County swap meet*, KTLA-5 (Jun. 15, 2025, 05:18 PM), https://ktla.com/news/local-news/dozens-of-heavily-armed-ice-agents-swarm-popular-l-a-county-swap-meet/. A court may consider the public availability of the information contained in a judicial record when considering whether to redact it. *See Kamakana*, 447 F.3d at 1184. Details that are already publicly available are not afforded the same degree of confidentiality given to "sensitive personal information" such as one's personal address or social security number. *See id*. Because the image is already publicly available through KTLA, the Court finds that the arguments in favor of redaction do not overcome the public's strong interest in access. Given Defendants do not specify what "uniquely identifying insignia" they request be redacted, and the images in question do not show the officers' names, it is unclear what redactions Defendants are proposing. Nevertheless, as the entirety of the image is publicly available, the Court finds no reason to redact in any event.

Therefore, the Court DENIES Defendants' request to redact any ICE officer's identifying information in 1AC at 20 and Tolchin Decl. ¶¶ 51-52.

**B. The Risk of Doxxing Does Not Provide a Compelling Reason Under Current Ninth Circuit Law (1AC at 29; Toczylowski Decl. at 4-5, 9, 11-12; Tolchin Decl. ¶¶ 85-86; *id.* at 120-23)**

Several of Defendants' requested redactions relate to data about individual ICE officers. Defendants request redactions of the ICE officers' names in Toczylowski Decl. at 4-5, 9, and 11-12 as publication "enables linkage to home/contact data[,]…creates safety and operational risks[,]… [and] materially increases doxxing and harassment risks." Joint Report at 7-8. Defendants also request redactions of the "face, name/badge, and uniquely identifying insignia" of the acting ICE officer in Tolchin Decl. at 120-23 to "mitigate doxxing/retaliation risks."[3] *Id*. at 11. Similarly, 1AC at 29 and Tolchin Decl. ¶¶ 85-86 contain the same image of an ICE officer. Defendants request redactions of "the officer's face, name/badge, and uniquely identifying insignia" to "mitigate[e] doxxing/retaliation risks." Joint Report at 6-7. The Court understands "doxxing" to refer to the practice of publicly identifying or

---

[3] As with above, the nature of Defendants' request is unclear. Though they request redaction of an officer "face" and "name/badge" along with other "uniquely identifying insignia" at Tolchin Decl. at 120-23, the exhibit in question is a form that an officer filled out; the exhibit shows an officer name, but no other identifying insignia. In any event, as explained below, the Court finds that, though Defendants have cited reasons to redact any information actually shown, those reasons do not override the "strong presumption in favor of access." *Hagestad*, 49 F.3d at 1434.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | November 13, 2025 |
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al.* | | |

publishing private information about a person, especially as a form of punishment or revenge. *Dox*, Merriam-Webster, https://www.merriam-webster.com/dox [https://perma.cc/5DER-G5DT] (last visited Nov. 8, 2025).

In support of their request, Defendants note the risk of doxxing and the possibility that public identification could cause risk of harm for these officers. As evidence, Defendants cite an online article by the Department of Homeland Security (DHS) from July 15, 2025, titled "DHS Announces ICE Law Enforcement are Now Facing an 830 Percent Increase in Assaults." *See* Joint Report at 7. As of September 18, 2025, the article is no longer available online. Assuming that it is as described, however, it still does not demonstrate with specificity the risk to these particular ICE officers posed by the public availability of their information. For example, it is unknown to the Court the percentage of assaults that are caused by the release of an officer's name, or the frequency at which assaults occur after the release of an officer's photo.

Much of the same information at issue in this case has been made publicly available in the parties' filings on appeal. Moreover, the Defendants have contended at various points that their officers do not cover their names and badge numbers when they conduct law enforcement operations in public. Therefore, it appears that for these additional reasons, the officers' identifying information is already publicly available.

At the hearing on October 23, 2025, Defendants stressed the risk that doxxing can pose to officers, noting the possibility that the release of this information could make it easier for members of the public to access other sensitive personal information about the officers. This Court is extremely troubled by that risk and shares many of Defendants' concerns regarding the risks that public access could pose for the relevant officers.

Ninth Circuit law, however, requires this Court to apply a "strong presumption in favor of [public] access." *Hagestad*, 49 F.3d at 1434. Defendants, as the proponents of sealing, "bear[] the burden" to override the "default posture" of public access through specific evidence. *Kamakana*, 447 F.3d at 1182. The Court finds they have not met this burden.

The Defendants do not cite to any Ninth Circuit law, and this Court is unaware of any, that justifies the sealing of non-sensitive personal information like names and photographs on the basis that the possibility of doxxing, or the possible risk of further action by members of the public, overrides the public access presumption. In fact, the Court in *Kamakana* found the proponent's assertions—that public access of otherwise public information would endanger government actors and informants—was not sufficiently specific; the home addresses and social security numbers of officers were, however, sealed. *Id.* at 1182. For this Court to determine that the general risk of doxxing and harassment—or even a specific risk to a given officer—outweighs the public's right of access would appear to go beyond what current Ninth Circuit law provides.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-5605-MEMF-SP | Date | November 13, 2025 |
|---|---|---|---|
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al.* | | |

    This Court is particularly unwilling to venture outside of current Ninth Circuit law given the potential implications of such a decision. For instance, this Court and other federal district courts regularly handle Section 1983 litigation where specific law enforcement officers are accused of misconduct. Those officers' names (as defendants or witnesses or third parties) are not sealed, even though, of course, there is the possibility that members of the public may try to seek them out for harm because of these allegations. The reasoning the Defendants would have this Court apply in this case would similarly require redaction of all officer names in Section 1983 litigation, and this seems unwarranted. Particularly when officers are accused of engaging in misconduct or unlawful or unconstitutional conduct are the concerns about "accountability" and "public confidence in the administration of justice"—which animate the requirement of public access—particularly high. *See Ctr. for Auto Safety* 809 F.3d at 1096.

    Therefore, the Court DENIES Defendants' request to redact the ICE officers' identifying information in Toczylowski Decl. at 4-5, 9, 11-12 and Tolchin Decl. at 120-23. It also DENIES Defendants' request to redact the ICE officer's information in 1AC at 29 and Tolchin Decl. ¶¶ 85-86.

### III. Defendants' Proposed Redactions to ICE Officers' Handwritten Signatures (Uyeda Decl. and Quinones 2d Decl.)

    Defendants request redactions of ICE officers' handwritten signatures in Uyeda Decl. at 3 and Quinones 2d Decl. at 9 as publication "invites misuse (e.g., forgery) and heightens doxxing/harassment risks." Joint Report at 8-10. But they do not explain why these officers' signatures should be treated any differently from other ICE officers' signatures, such as that of Eddy Wang, which was publicly filed in *L.A. Press Club v. Noem*, No. 2:25-cv-05563-HDV-E (and cited in Dkt. No. 198 in this case). Defendants' reasoning is insufficient to override the public's interest in access under governing law. Therefore, the Court DENIES Defendants' request to redact the ICE officers' handwritten signatures in Uyeda Decl. at 3 and Quinones 2d Decl. at 9.

### IV. Defendants' Proposed Redactions to ICE Office Address and Position Title (Quinones 2d Decl.)

    Defendants request redactions of the "precise location details and highly specific [Law Enforcement Officer] titles where they can uniquely identify an officer" in Quinones 2nd Decl. at 8. Joint Report at 9. Defendants state that publication "enables linkage to personal/home addresses and heightens doxxing/harassment risks." *Id*.

    Quinones 2d Decl. at 8 mentions the address of an ICE office in Los Angeles and the position title of an unnamed ICE agent. Because the ICE office address is publicly available, the Court finds no compelling reason to redact this information. *See Kamakana*, 447 F.3d at 1184. Furthermore, Defendants do not articulate specific factual findings to support their statement that the position title's publication would enable personal identification of the agent. For example, Defendants do not show that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | November 13, 2025 |
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al.* | | |

only one ICE agent in the Los Angeles office holds the position and consequently can be more easily identified by the public. The Court thus finds no compelling reason to redact this information as well. And even if they could make this showing, Defendants' reasoning is insufficient to override the public's interest in access under governing law.

Therefore, the Court DENIES Defendants' request to redact the ICE office address and position title in Quinones 2d Decl. at 8.

**V.      Defendants' Proposed Redactions to ICE Attorneys' Names and Phone Numbers (Tolchin Decl., Gov. Bond Mot., and Osorto Bond Mot.)**

Defendants request redactions of the names and/or work phone numbers of the ICE attorneys in Tolchin Decl. at 117, 131; Gov. Bond Mot. at 1-2, 4; and Osorto Bond Mot. at 11-13 as publication "facilitates linkage to personal/home contact data and materially increases doxxing/harassment risks." Joint Report at 11-12. It appears that this information is already publicly available to a large degree because these attorneys regularly make appearances in district court or in immigration court. But even in this was not the case, just as with the information described above, Defendants' reasoning is insufficient to override the public's interest in access under governing law.

Therefore, the Court DENIES Defendants' request to redact the names and work phone numbers of the ICE attorneys mentioned in Tolchin Decl. at 117, 131; Gov. Bond Mot. at 1-2, 4; and Osorto Bond Mot. at 11-13.

**VI.     The Court Grants the Defendants' Unopposed Request for Stay**

As discussed above, this Court is troubled by the Defendants' allegations regarding the risks of doxxing and harassment. As also discussed above, this Court does not believe that current Ninth Circuit law permits it to seal or redact non-sensitive personal information (such as names, badge numbers, and work telephone numbers) or otherwise public information because of this risk.

Defendants acknowledged the absence of binding authority on this and requested that this Court briefly stay its order so that they could explore the possibility of appeal. None of the plaintiffs oppose this. In light of the significant concerns raised, therefore, and the fact that the doxxing concern appears to be unaddressed in binding authority, the Court grants the unopposed request by the Defendants to stay this decision until November 20, 2025 for the Defendants to file an appeal.

/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | November 13, 2025 |
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al.* | | |

**VII.   Conclusion**

For the reasons outlined above, the Court hereby ORDERS:
1. This case shall be redesignated.
2. The redesignation is STAYED until November 20. Accordingly, the Court will not issue the required redesignation form at this time. Should no appeal be filed by November 20, 2025, and no further request for a stay be granted, the Court will issue the required redesignation form on November 21, 2025.
3. The following documents shall be SEALED in their entirety: Dkt. No. 111-1. Should the case be redesignated, at that time, Plaintiffs shall file a public copy of 111-1 containing Plaintiffs' redactions.
4. Defendants' proposed redactions regarding Dkt. Nos. 16 at 20, 29; 38-11 at 4-5, 9, 11-12; 70-1 at 3; 94-1 at 8, 9; 111-1 ¶¶ 51-52, 85-86; 117, 120-23, 131; 113-2 at 1-2, 4; and 113-5 at 11-13 are DENIED.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Deputy Clerk | DBE | |