STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRÁN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
DIANA SÁNCHEZ (SBN 338871)
*dianasanchez@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, | Case No.: 2:25-cv-05605-MEMF-SP <br><br> ***DISCOVERY MATTER*** <br><br> **DECLARATION OF HENRY D. SHREFFLER RE: JOINT STIPULATION** <br><br> Hon. Maame Ewusi-Mensah Frimpong <br><br> Referred to Hon. Sheri Pym <br> United States Magistrate Judge |

DECLARATION OF HENRY D. SHREFFLER RE: JOINT STIPULATION

in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

Defendants.

DECLARATION OF HENRY D. SHREFFLER RE: JOINT STIPULATION

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
JAMIE LUMA (SBN 331610)
*jamie.luma@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
KYLE A. GROVES (SBN 358085)
*kyle.groves@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

DECLARATION OF HENRY D. SHREFFLER RE: JOINT STIPULATION

HYDEE FELDSTEIN SOTO (SBN 106866)
City Attorney
hydee.feldsteinsoto@lacity.org
VALERIE L. FLORES (SBN 138572)
valerie.flores@lacity.org
MICHAEL J. DUNDAS (SBN 226930)
mike.dundas@lacity.org
MARIA LOUISE COUSINEAU (SBN 122280)
maria.cousineau@lacity.org
RANDALL G. SOMMER (SBN 214099)
randall.sommer@lacity.org
SHUBHRA SHIVPURI (SBN 295534)
shubhra.shivpuri@lacity.org
OFFICE OF THE LOS ANGELES CITY ATTORNEY
City Hall 200 North Spring Street 21st Floor
Los Angeles, CA 90012-4130
Tel.: 213-922-8382; Fax: 213-978-7957

*Attorneys for Intervenor City of Los Angeles*

E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
DANIEL B. LEVIN (SBN 226044)
daniel.levin@mto.com
JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
V. GRACE DAVIS (SBN 336732)
grace.davisfisher@mto.com
V. ROMAN LEAL (SBN 348892)
roman.leal@mto.com
WENDY QIUYU XIAO (SBN 342702)
wendy.xiao@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue 50th Floor
Los Angeles, California 90071
Tel.: 213-683-9100; Fax: 213-687-3702

*Attorneys for Intervenors Cities of Los Angeles, Anaheim, Bell Gardens, Beverly Hills, Carpinteria, Culver City, Huntington Park, Long Beach, Lynwood, Montebello, Monterey Park, Oxnard, Paramount, Pico Rivera, Pomona, Santa Ana, Santa Barbara, Santa Monica, South Gate, and West Hollywood*

NICOLE DAVIS TINKHAM (SBN 229592)
ntinkham@counsel.lacounty.gov
LILIANA CAMPOS (SBN 255753)
lcampos@counsel.lacounty.gov
BRIGIT GREESON ALVAREZ (SBN 237301)
bgreesonalvarez@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
648 Kenneth Hahn Hall of Admin.,
500 West Temple Street
Los Angeles, California 90012-2713
Tel.: 213-808-8736; Fax: 213-633-1915

*Attorneys for Intervenor County of Los Angeles*

MICHELE BEAL BAGNERIS (SBN 115423)
City Attorney
mbagneris@cityofpasadena.net
ARNOLD F. LEE (SBN 278610)
aflee@cityofpasadena.net
ANDREW AARONIAN (SBN 318245)
aaaronian@cityofpasadena.net
OFFICE OF THE CITY ATTORNEY OF PASADENA
100 N Garfield Ave, Rm N-210
Pasadena, CA 91101
Tel.: 626-744-4141; Fax: 626-744-4190

*Attorneys for Intervenor City of Pasadena*

NORMAN L. EISEN*
Norman@democracydefenders.org
STEPHEN A. JONAS (SBN 542005)
Steve@democracydefenders.org
JOSHUA G. KOLB*
Joshua@democracydefenders.org
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave. SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958

*Admitted *Pro Hac Vice*

*Attorneys for Intervenor City of Los Angeles*

-4-

DECLARATION OF HENRY D. SHREFFLER RE: JOINT STIPULATION

## DECLARATION OF HENRY D. SHREFFLER

I, Henry D. Shreffler, declare the following:

1.      I am an attorney at Munger, Tolles & Olson LLP and counsel of record to the Stop/Arrest Plaintiffs in the above-captioned action.

2.       I make this declaration from my personal knowledge and if called to testify to these facts could and would do so competently.

3.      This declaration summarizes Plaintiffs' efforts to meet and confer with counsel for Defendants regarding Defendant's first production in expedited discovery, which was supposed to contain "documents [Defendants] relied on in opposing the motions for a temporary restraining order and preliminary injunction." ECF 227. As detailed herein, Defendants produced documents on November 4 and supporting privilege logs on November 7, both of which Plaintiffs found deficient under the District Court's order and established law. Plaintiffs met and conferred telephonically with Defendants on November 10 and exchanged numerous letters and emails.  All dates referenced in this declaration are from the year 2025.

4.      On November 4, Jonathan Ross, counsel of record for Defendants, served Defendants' first production "[p]ursuant to the Court's order (ECF No. 227), requiring Defendants to produce documents responsive to Plaintiffs' RFPs on a rolling basis and to include by November 4, 2025, those materials relied upon in opposing the TRO and preliminary injunction motions." A true and correct copy of the service email is attached as Exhibit 1.

5.      The production included 35 documents. Defendants asserted the attorney-client privilege and work product doctrine to withhold content in 33 of the 35 produced documents. Defendants redacted many documents in their entirety. One example is GOV-0000173, a seven page document that includes no text. A true and correct copy of GOV-0000173 is attached as Exhibit 2. In many cases, Defendants produced only the first page of a longer document, such as the cover page of a training presentation. One example is GOV-0000025, where Defendants produced the cover page of a training titled "Unit 2: Seizures," but did not include the rest of the training slides. A true and correct copy of GOV-0000025 is attached as Exhibit 3.

6.      Every document in the production appears to be a general training or guidance

document. The trainings appear to address general legal issues, with titles including "Law Enforcement Authority," GOV-0000023, "Mobile Field Force," GOV-0000018, "The Fourth Amendment," GOV-0000009, and "INA/Title 8 and Title 19," GOV-0000012. Some are called "refresher" trainings, such as the "Fourth Amendment Refresher Training," GOV-00000070. Others bear the markings of a course given at a training academy, such as the "Customs and Border Protection Officer Basic Training Academy," GOV-00000018. A true and correct copy of the trainings referred to above are included as Exhibit 4.

7.    On November 5, Plaintiffs responded to Defendants' production with a letter expressing concern that the first production was deficient. Plaintiffs noted the production only included training documents and that there were no operational files "such as Form I-213s, intelligence reports, after-action reports, contemporaneous communications, notes, video footage or any other document or record that has anything to do with the detention and questioning of any individual person." Plaintiffs requested Defendants confirm that they and their declarants "did not rely on any documents related to any of the actual stops at issue when responding to Plaintiffs' motions." A true and correct copy of the letter is attached as Exhibit 5.

8.    In the letter, Plaintiffs also expressed doubt that the produced documents were privileged or protected by the attorney-client privilege or work product doctrine. Plaintiffs noted that several document in the production appeared to be updated editions of trainings the government produced and filed on the public docket in *Kidd v. Noem*, 20-cv-03512-ODW-JPR, ECF 447-5. A true and correct copy of the training the government produced in *Kidd v. Noem* is attached as Exhibit 6.

9.    On November 7, Defendants sent Plaintiffs a response letter. In it, Defendants asserted that the "Court's October 17 and October 23 orders form a single directive" that required them to respond only to Plaintiffs' Request for Production No. 1 ('RFP 1') and that they "produced those very materials on November 4." A true and correct copy of the letter is attached as Exhibit 7.

10.    In addition to the letter, on November 7, Defendants served three separate privilege logs in connection with the November 4 production titled "ICE", "CBP1", and "CBP2". True and

2

correct copies of these logs are attached as Exhibits 8, 9, and 10, respectively.

11. On November 10, Plaintiffs' counsel (including myself) and counsel for Intervenors met and conferred by telephone with Defendants counsel regarding the scope of the first production and the privileges asserted.

12. During the November 10 call, I reiterated the Plaintiffs' position that the Court's order required production by November 4 of documents responsive to all the RFPs on which Defendants had relied in opposing the TRO and preliminary injunction. When I invited counsel for Defendants to explain their position, counsel reiterated that the Defendants' position that the scope of the initial production was limited to RFP 1. Counsel referred Plaintiffs to the November 7 letter for an explanation of the basis for that position.

13. I then asked Mr. Ross why Defendants served three separate privilege logs and asked whether the logs covered the same universe of documents. Mr. Ross did not offer an answer to whether the logs covered the same documents and offered to refer the question to the agencies who had prepared the logs. I asked why the "CBP" 2 log did not include Bates numbers. Mr. Ross again offered to refer the question to the agency. When I inquired which log stated the government's definitive position on a document, Mr. Ross answered that "all three logs are the government's actual position" and "if there is an overlap, then all three documents would collectively represent the government's position."

14. The parties also discussed the substance of Defendants' privilege assertions. I reiterated Plaintiffs' view that the trainings at issue were neither attorney-client privileged nor protected by the work product doctrine. On the applicability of the attorney-client privilege, Plaintiffs reiterated that Defendants had previously produced similar trainings in discovery, including in *Kidd*. Mr. Ross confirmed Defendants' position that the trainings are privileged.

15. I also asked Defendants to identify the litigation context that justified the work product designation, because this information was not included in the privilege logs. Mr. Ross said he needed to go "back and ask the agency" in order to get the "most accurate information" concerning the basis for that designation.

16. The parties discussed whether the attorney-client privilege and work product

3

doctrine had been waived by Defendants' invocation of their agents' and officers' training to defend against Plaintiffs' Fourth Amendment claim. Defendants referred Plaintiffs to their November 7 letter for their position.

17.     Mr. Ross requested that Plaintiffs summarize the outstanding questions from the meet and confer for the Defendants in writing. Plaintiffs sent an email on November 11 memorializing the questions Defendants' counsel was unable to answer. A true and correct copy of the email is attached to this letter as Exhibit 11.

18.     A true and correct copy of ECF 223, Order Granting Plaintiffs' and Intervenors' Joint Motion for Limited Expedited Discovery, is attached as Exhibit 12.

19.     A true and correct copy of ECF 45, Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, is attached as Exhibit 13.

20.     A true and correct copy of ECF 128, Plaintiffs' Notice of Motion and Motion for Preliminary Injunction, is attached as Exhibit 14.

21.     A true and correct copy of ECF 87, Order Granting Plaintiffs' *Ex Parte* Applications for Temporary Restraining Order to Show Cause Regarding Preliminary Injunction, is attached as Exhibit 15.

22.     A true and correct copy of ECF 71-1, Declaration of Andre Quinones and ECF 71-2, Declaration of Kyle C. Harvick, both in Support of Defendants' Opposition to *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, is attached as Exhibit 16.

23.     A true and correct copy of ECF 163, Supplement to Plaintiffs' Notice of Motion and Motion for Preliminary Injunction, is attached as Exhibit 17.

24.     A true and correct copy of ECF 170, Defendants' Opposition to Motion for Preliminary Injunction, is attached as Exhibit 18.

25.     A true and correct copy of ECF 170-2, Declaration of Daniel I. Parra in Support of Defendants' Opposition to Motion for Preliminary Injunction, is attached as Exhibit 19.

26.     A true and correct copy of ECF 170-3, Declaration of Andre Quinones in Support of Defendants' Opposition to Motion for Preliminary Injunction, is attached as Exhibit 20.

4

27.    A true and correct copy of Defendants' Reply Brief filed in *Noem v. Vasquez Perdomo*, No. 25A169 (U.S.) is attached as Exhibit 21.

28.    A true and correct copy of ECF 178, Defendants' Supplemental Opposition to Motion for Preliminary Injunction, is attached as Exhibit 22.

29.    A true and correct copy of ECF 195, Plaintiffs' Reply to Preliminary Injunction Supplement, is attached as Exhibit 23.

30.    A true and correct copy of ECF 170-1, Declaration of Border Patrol Agent C217 in Support of Defendants' Opposition to Motion for Preliminary Injunction, is attached as Exhibit 24.

31.    A true and correct copy of ECF 178-1, Declaration of Manuel Molina Jr. in Support of Defendants' Supplemental Opposition to Motion for Preliminary Injunction, is attached as Exhibit 25.

32.    A true and correct copy of ECF 227, Minute Order Setting Schedule for Expedited Preliminary Injunction Motion Discovery by Plaintiffs and Intervenors, is attached as Exhibit 26.

33.    On November 13, 2025, Defendants served two revised privilege logs corresponding to the documents in Defendants' initial production produced by ICE and CBP respectively.  A true and correct copy of these privilege logs are attached as Exhibit 27 (revised ICE log) and Exhibit 28 (revised CBP log).

34.    A true and correct copy of ECF 214-1, Declaration of Benjamin Mark Moss in Support of Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery, is attached as Exhibit 29.

35.    On November 21, 2025, Defendants sent Plaintiffs their portion of the Joint Stipulation and two supporting exhibits containing the "as-served corrected privilege logs" corresponding to the documents in Defendants' initial production.  These privilege logs correspond to Exhibit 27 and Exhibit 28 referenced in Plaintiffs' portion of the Joint Stipulation. A true and correct copy of these privilege logs are attached as Exhibit 30 (revised CBP log, *see also* Exhibit 28) and Exhibit 31 (revised ICE log, *see also* Exhibit 27).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21th day of November, 2025, at Los Angeles, California.

_/s/ Henry D. Shreffler_
Henry D. Shreffler
MUNGER, TOLLES & OLSON LLP

6