# Exhibit 5

MUNGER, TOLLES & OLSON LLP
350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

November 5, 2025

Writer's Direct Contact
(213) 683-9599
(213) 683-9599 FAX
Sara.Worth@mto.com

**VIA E-MAIL**

Jonathan K. Ross
Senior Litigation Counsel
United States Department of Justice, Civil
Division | Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
jonathan.k.ross@usdoj.gov

Re: Deficiencies in Production Dated November 4, 2025

Dear Jonathan:

We write regarding Defendants' November 4 document production. As you know, Judge Frimpong noted in her order granting expedited discovery that Defendants should be able to quickly produce the material Defendants relied upon when they filed briefs and sworn declarations "explaining that all of the stops" at issue in this case "were legal." ECF 223 at 9. Accordingly, Judge Pym directed Defendants to produce by November 4 "documents they relied on in opposing the motions for a temporary restraining order and preliminary injunction." Last night, you made a production that purported to be responsive to these orders. However, that production was deficient in several respects.

***Scope of Production.*** Defendants produced just 35 documents, all of which appear to be general training materials. Not one document relates to any of the stops at issue, or indeed, any particular stop or arrest at all. For example, there are no "operational files"—which Defendants purportedly consulted in compiling the declarations Defendants submitted with their preliminary injunction briefing, *see* ECF 214-1 ¶ 14—such as Form I-213s, intelligence reports, after-action reports, contemporaneous communications, notes, video footage, or any other document or record that has anything to do with the detention and questioning of any individual person. Please confirm that Defendants (and their declarants) did not rely on any documents related to any of the actual stops at issue when responding to Plaintiffs' motions for temporary restraining order and/or preliminary injunction. If you are unwilling to confirm that point, please explain why no such documents were in the production you provided yesterday.

***Content of Production.*** Almost all of the training documents that Defendants *did* produce have been stripped of all substance. For example, over half of the documents produced appear to be cover pages to training documents that were not produced in their entirety. *See, e.g.*, GOV-00000006–30. To the extent that Defendants produced documents without including all of their pages, please explain the legal and factual basis for this modification.

Defendants' limited production of general training materials is also replete with improper redactions:

***First***, the names and contact information of attorneys and other unknown custodians are redacted for "LEP." But neither the Supreme Court nor the Ninth Circuit has recognized the law enforcement privilege as a viable basis to withhold documents, *see* ECF 226 at 4-5, and, even if they had, we do not understand how it could apply to the identities of document custodians or email recipients, especially in light of the parties' agreement that the production will be treated as confidential. It is completely inappropriate to obscure who issued and received guidance on implementation of the Court's TRO, *see* GOV-00000171 (redacting the "to" and "from" fields of an email about the TRO). Of course, this basic information about who sent and received documents must be included in any privilege log anyway.

***Second***, almost all of the content of the training materials is redacted for "ACP/WP." It is doubtful these general training materials were ever covered by any privilege. By way of illustration, ICE produced the 2021 "Fourth Amendment Refresher Training" by the Office of the Principal Legal Advisor in full in the *Kidd* case, and indeed, it was filed on the public docket. *See* ECF 447-5, 20-cv-03512-ODW-JPR. Yet Defendants have withheld the 2024 and 2025 versions here on the grounds of ACP and WP. GOV-00000031; GOV-00000070. Defendants also withheld a materially identical Circuit-specific OPLA training document. GOV-00000260. Given ICE's recent production of substantially identical training documents in other litigation in this District, it is highly unlikely that these types of documents—whether from ICE or CBP—are in fact privileged or protected by the work product doctrine.

***Third***, to the extent any document was initially protected by the attorney client privilege or work product doctrine, Defendants clearly waived the protections of both doctrines by putting the sufficiency of their training directly at issue in this case. *See, e.g.*, *Garza v. Cnty. of San Bernardino*, No. 5:23-CV-01849-CBM-SP, 2025 WL 1126513, at *5–6 (C.D. Cal. Mar. 5, 2025) (explaining that the government may not use privilege as both sword and shield). By including it in their production, Defendants have affirmatively represented that this is the precise universe of documents they relied upon to support their representations regarding the lawfulness of their operations in opposition to the motions for TRO and PI. As such, the attorney client privilege and work product doctrine have been waived as to this universe of documents.

Please explain the legal and factual basis for your approach to redacting materials in the documents that were produced.[1] We expect each redaction—including the redactions that presently lack any designation (i.e., "ACP") at all—to be addressed in your privilege log.

---

[1] In addition to the issues noted above, document GOV-00000173 is redacted in its entirety and should have been produced as a slip sheet. We are unable to understand what this document is meant to be, and are wholly unable to evaluate the basis for the redactions.

Because of the plain deficiencies in the production, we would like to schedule a meet and confer on Monday, November 10 (three business days from this letter, per Judge Pym's order). Topics that we intend to address on that meet and confer include all of the issues raised in this letter to the extent Defendants' written response does not satisfactorily explain the identified deficiencies, as well as any deficiencies we identify in Defendants' privilege log, which is due on November 7. If necessary, we will make a request to compel production of the improperly withheld materials, or, in the alternative, to strike the declarations that address either training or the stops and arrests at issue. We also reserve the right to seek Rule 37 sanctions, if appropriate.

Very truly yours,

Sara Worth

cc: Counsel of record (via email)