UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | November 24, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order Resetting Hearing and Briefing Schedule on Motion to Compel**

On October 23, 2025, the court issued an order that set the schedule for expedited preliminary injunction discovery by plaintiffs and intervenors. Docket no. 227. Among other things, the order provided that, if the parties were unable to resolve a discovery dispute after meeting and conferring, they should then prepare and file a joint stipulation on the discovery motion according to the procedures described in the motion, including: (1) the motion was to be noticed for hearing before the magistrate judge on a Tuesday at 11:00 a.m at least 14 days after the filing of the motion; and (2) the parties may file supplemental memoranda not later than 7 days before the hearing date. *Id.* at 5.

Plaintiffs and intervenors filed their first such motion to compel on November 21, 2025. Docket no. 266. The filing contains a joint stipulation as required, but ignores the court's instructions that the hearing should be noticed at least 14 days later – which itself is an expedited schedule. Instead, plaintiffs noticed the hearing for November 25, 2025, at the time the parties are already scheduled for a status conference.

It is true that at the November 14, 2025 status conference the court entertained the possibility of deciding this then-anticipated discovery motion on a super-expedited schedule. But the court did not instruct plaintiffs to disregard the scheduling order and notice the hearing for November 25; rather, the court told counsel that if, after reviewing the motion, the court thought it could resolve the motion at the November 25 conference, it would let the parties know if they needed to be prepared to argue the motion at that conference. *See* docket no. 258. Further, the court stated it would only be able to resolve the motion that quickly if the disputes had been substantially resolved through meet and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SP | Date | November 24, 2025 |
|---|---|---|---|
| Title | PEDRO VASQUEZ PERDOMO, et al. v. KRISTI NOEM, et al. | | |

confer such that what remained was simple or limited. *See id.* The joint stipulation filed reflects nothing of the sort.

If anything, the joint stipulation indicates the issues plaintiffs raise are not yet ripe and further meet and confer is needed. For example, plaintiffs ask the court to order defendants to immediately produce all responsive documents, but the motion was filed the same day as defendants' deadline to complete its production – and therefore was likely filed before plaintiffs could have reviewed everything produced, and certainly before the parties could have met and conferred about the entire production. Plaintiffs also argue defendants' privilege logs are inadequate, but defendants' deadline to produce their final privilege log is not until November 25. Docket no. 258 at 4.

This does not mean that neither the completeness of defendants' production nor the adequacy of the information provided on the logs to date is an appropriate topic for the November 25 status conference. Both are, and counsel should be prepared to discuss both at the November 25 conference. But the court will not be issuing a final ruling on the pending motion to compel on November 25. Not only is further meet and confer needed, but the privilege issues warrant more careful study from the court.

Accordingly, the court now orders:
1.  The hearing on plaintiffs' and intervenors' pending motion to compel (docket no. 266) is hereby reset for hearing on December 9, 2025 at 11:00 a.m.;
2.  The parties may file supplemental memoranda in support of or in opposition to the motion on or before December 2, 2025, which should reflect the results of the parties' intervening meet and confer efforts; and
3.  The telephonic status conference previously set for November 25, 2025 at 11:00 a.m. will go forward as scheduled.