BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
JONATHAN K. ROSS
Senior Litigation Counsel
STEPHANIE L. GROFF
JASON K. ZUBATA
ANIELLO DESIMONE
JACOB A. BASHYROV
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-3477
Email: Jacob.Bashyrov@usdoj.gov

*Counsel for Defendants*

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation
ALEXANDER L. FARRELL (SBN 335008)
PAULINE H. ALARCON (SBN 345785)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-5557 | 3992
    E-mail: Alexander.Farrell@usdoj.gov
              Pauline.Alarcon@usdoj.gov

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| PEDRO VASQUEZ PERDOMO; *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.*,<br><br>    Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>***DISCOVERY MATTER***<br><br>**JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>Referred to Hon. Sheri Pym<br>United States Magistrate Judge<br><br>Motion Hearing:<br>Date: December 23, 2025<br>Time: 11:00 a.m.<br>Disc. Cutoff: November 21, 2025 |

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
JAMIE LUMA (SBN 331610)
jamie.luma@mto.com
SARA H. WORTH (SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER (SBN 343388)
henry.shreffler@mto.com
MAGGIE BUSHELL (SBN 354048)
maggie.bushell@mto.com
KYLE A. GROVES (SBN 358085)
kyle.groves@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS (SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE
IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS LAW
CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

ii

HYDEE FELDSTEIN SOTO
(SBN 106866)
City Attorney
hydee.feldsteinsoto@lacity.org
VALERIE L. FLORES (SBN 138572)
valerie.flores@lacity.org
MICHAEL J. DUNDAS (SBN 226930)
mike.dundas@lacity.org
MARIA LOUISE COUSINEAU
(SBN 122280)
maria.cousineau@lacity.org
RANDALL G. SOMMER
(SBN 214099)
randall.sommer@lacity.org
SHUBHRA SHIVPURI (SBN 295534)
shubhra.shivpuri@lacity.org
OFFICE OF THE LOS ANGELES
CITY ATTORNEY
City Hall 200 North Spring Street
21st Floor
Los Angeles, CA 90012-4130
Tel.: 213-922-8382; Fax: 213-978-7957

*Attorneys for Intervenor
City of Los Angeles*

E. MARTIN ESTRADA
(SBN 223802)
martin.estrada@mto.com
DANIEL B. LEVIN (SBN 226044)
daniel.levin@mto.com
JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
V. GRACE DAVIS (SBN 336732)
grace.davisfisher@mto.com
V. ROMAN LEAL (SBN 348892)
roman.leal@mto.com
WENDY QIUYU XIAO (SBN 342702)
wendy.xiao@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, California 90071
Tel.: 213-683-9100; Fax: 213-687-3702

*Attorneys for Intervenors Cities of Los
Angeles, Anaheim, Bell Gardens,
Beverly Hills, Carpinteria, Culver City,
Huntington Park, Long Beach,
Lynwood, Montebello, Monterey Park,
Oxnard, Paramount, Pico Rivera,
Pomona, Santa Ana, Santa Barbara,
Santa Monica, South Gate, and West
Hollywood*

NICOLE DAVIS TINKHAM (SBN
229592)
ntinkham@counsel.lacounty.gov
LILIANA CAMPOS (SBN 255753)
lcampos@counsel.lacounty.gov
BRIGIT GREESON ALVAREZ (SBN
237301)
bgreesonalvarez@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
648 Kenneth Hahn Hall of Admin.,
500 West Temple Street
Los Angeles, California 90012-2713
Tel.: 213-808-8736; Fax: 213-633-1915

*Attorneys for Intervenor County of Los
Angeles*

MICHELE BEAL BAGNERIS (SBN
115423)
City Attorney
mbagneris@cityofpasadena.net
ARNOLD F. LEE (SBN 278610)
aflee@cityofpasadena.net
ANDREW AARONIAN (SBN 318245)
aaaronian@cityofpasadena.net
OFFICE OF THE CITY ATTORNEY
OF PASADENA
100 N Garfield Ave, Rm N-210
Pasadena, CA 91101
Tel.: 626-744-4141; Fax: 626-744-4190

*Attorneys for Intervenor City of Pasadena*

NORMAN L. EISEN*
Norman@democracydefenders.org
STEPHEN A. JONAS (SBN 542005)
Steve@democracydefenders.org
JOSHUA G. KOLB*
Joshua@democracydefenders.org
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave. SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958

*Admitted Pro Hac Vice*

*Attorneys for Intervenor City of Los Angeles*

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

iii

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 23, 2025, at 11:00 am, or as soon thereafter as the matter may be heard in Courtroom 750 of the above-captioned Court, located at 255 East Temple Street, Los Angeles, California 90012, Defendants will move for a protective order clarifying the scope and conduct of the expedited depositions.

Defendants seek an order:

1. Limiting each party to no more than two representatives physically present in the deposition room, with any additional counsel participating in a listening-only capacity by telephone;

2. Clarifying that Intervenors may not question witnesses during these expedited depositions because the Court has not granted their joinder to Plaintiffs' Fourth Amendment preliminary injunction motion; and

3. In the alternative, if the Court permits Intervenors to question witnesses, requiring Plaintiffs and Intervenors to share the same seven hours of deposition time and limiting Intervenors' questions to the subjects authorized for this expedited discovery and coordinated to avoid duplication.

Pursuant to Local Rule 37-1, counsel for Defendants, Plaintiffs, and Intervenors met and conferred by teleconference on November 19, 2025 and November 25, 2025. Ultimately, the parties were unable to reach agreement. This motion is based on this Notice, the accompanying Joint Stipulation, any declarations and exhibits filed with the motion, and any argument presented at the hearing.

Dated: December 3, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

JONATHAN K. ROSS
Senior Litigation Counsel

STEPHANIE L. GROFF
JASON K. ZUBATA
ANIELLO DESIMONE
Trial Attorneys

/s/ Jacob A. Bashyrov
JACOB A. BASHYROV
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3477
Email: Jacob.Bashyrov@usdoj.gov

*Counsel for Defendants*

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
2

## I.    DEFENDANTS' INTRODUCTION

Effective guardrails are especially important in this expedited phase to keep the depositions focused, manageable, and respectful of the witnesses' time. Defendants seek a protective order limiting each side to no more than two representatives in the deposition room, with any additional representatives participating in a listening-only capacity by telephone, and clarifying that Intervenors may not ask their own questions during the expedited depositions. In the alternative, if the Court permits Intervenors to examine witnesses, their questioning should run concurrently with Plaintiffs' time and remain confined to the narrow topics the Court authorized for this expedited discovery.

On October 17, 2025, the District Judge granted Plaintiffs' and Intervenors' joint motion for limited, expedited discovery to support Plaintiffs' preliminary injunction motion. ECF No. 223. The order set deadlines and referred discovery supervision to the Magistrate Judge but did not address who may attend depositions or whether Intervenors may examine witnesses. *Id*. at 10; *see also* ECF No. 227, Ex. 1 (copy of order establishing case schedule). On November 10, 2025, the Magistrate Judge granted in part Defendants' request for reciprocal expedited discovery, authorizing only narrow, declarant-focused discovery and four depositions. ECF No. 253 at 4-6. That order likewise did not address deposition-room attendance or Intervenors' ability to participate as questioning examiners.

Defendants now ask the Court to impose reasonable limits to ensure the orderly and efficient conduct of these compressed depositions. *See* Fed. R. Civ. P. 26(c). Courts have broad authority to regulate who may attend a deposition and to limit attendance when needed to prevent disruption or undue burden. *See Forshey v. Sound Oral & Maxillofacial Surgery, P.S*., 2007 WL 1367717, at *1-2 (W.D. Wash. May 7, 2007); Fed. R. Civ. P. 26(c)(1)(E). Here, limiting each side to two

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

in-person representatives avoids unnecessary crowding and distraction while still allowing any additional representatives to listen remotely.

Defendants also seek clarification that Intervenors may not conduct their own examinations. The Court has not granted Intervenors' joinder to Plaintiffs' Fourth Amendment preliminary injunction motion, and the expedited discovery orders are tied exclusively to the claims and declarations underlying that motion. Without such joinder, Intervenors lack an independent basis to conduct questioning. Should the Court allow Intervenors to participate, Defendants request that their time run concurrently with Plaintiffs' allotted deposition time and that any questions remain confined to the narrow topics authorized in ECF No. 223, coordinated to avoid duplication. This preserves efficiency, reduces burden on the witnesses, and keeps the expedited discovery within the bounds set by the Court.

## II.    PLAINTIFFS' AND INTERVENORS' INTRODUCTION

Defendants ask this Court to exclude parties to this case from meaningful participation in depositions critical to developing the factual record.  Defendants' extraordinary position cannot be reconciled with the District Court's Order granting expedited discovery, is not reasonable, and has no support in the law.

*First*, as to Intervenors' questioning of deponents, Judge Frimpong's Order granting Plaintiffs' and Intervenors' *joint* motion for expedited discovery expressly contemplates that both "Plaintiffs *and* Intervenors" will participate in the expedited depositions of Defendants' witnesses.  ECF No. 223 at 10 (emphasis added). Defendants' proposal to relegate Intervenors' participation to a listening-only role, and excluding them from the room where the deposition is taking place, violates that Order.  That the District Court has not yet granted Intervenors' joinder has no bearing on whether a party to the case may meaningfully participate in depositions.

*Second*, Defendants fail to meet their burden of showing "good cause" under Rule 26(c) as to their proposal for both Intervenors' questioning of deponents and

a two-representative limit per side.  Fed. R. Civ. P. 26(c)(1).  Courts "rarely" find the "extraordinary circumstances" necessary for the type of relief Defendants seek, comparable to a wholesale exclusion of a party or parties from depositions.  *Esebag v. Whaley*, 2019 WL 8013118, at *3 (C.D. Cal. Sept. 9, 2019).  Defendants' purported "practical" considerations for silencing Intervenors and otherwise limiting attendance—"multiple parties, narrow topics, and tight time constraints"— are precisely the type of "garden variety or boilerplate 'good cause' facts which will exist in most civil litigation."  *Valentine v. Nielsen*, 2018 WL 1281797, at *7 (S.D. Cal. Mar. 9, 2018) (citation omitted).

Defendants' remaining points are nonissues.  Plaintiffs and Intervenors agree to share time in depositions of Defendants' witnesses, and it is entirely routine in multi-party cases for counsel representing different parties to question a witness. Additionally, although Defendants have not shown the requisite good cause, in the interest of compromise, Plaintiffs and Intervenors do not oppose setting a limit of six in-person counsel attendees per deposition other than the witness and party representatives—*i.e.*, up to two counsel from Defendants, up to two counsel from Plaintiffs, up to two counsel from Intervenors, and reasonable discretion regarding in-person attendance by Plaintiffs' and Intervenors' party representatives.  Plaintiffs and Intervenors reaffirm that they do not intend to "pack the room."  To alleviate any resource concerns from Defendants, Plaintiffs agree to host the depositions in a space that can accommodate all attendees.[1]

---

[1] Plaintiffs' and Intervenors' proposal is limited to depositions of Defendants' witnesses, as Defendants do not have standing to seek a protective order on behalf of other parties' witnesses.  *See Biden v. Byrne*, 2025 WL 1122392, at *3 (C.D. Cal. Mar. 18, 2025) ("[O]nly the party/person 'from whom discovery is sought may move for a protective order' under Rule 26(c)." (citing Fed. R. Civ. P. 26(c)).

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

3

## III.    DEFENDANTS CONTENTIONS AND POINTS OF AUTHORITIES

### A. The Court should limit the number of parties' attorney representatives in the deposition room.

Federal Rule of Civil Procedure 30 does not specify how many party representatives may attend or conduct a deposition, and courts routinely turn to Rules 26 and 30 to set practical limits that keep discovery on track. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). Rule 26(c) gives courts broad discretion to enter protective orders that prevent annoyance, oppression, or undue burden, and the moving party must show good cause. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). In deciding whether good cause exists, courts balance the need for discovery against the burdens of allowing it to proceed without reasonable controls. *See In re Coordinated Pretrial Proceedings*, 669 F.2d 620, 623 (10th Cir. 1982); *Wood v. McEwan*, 644 F.2d 797, 801 (9th Cir. 1981).

Good cause exists based on the practical realities of these expedited depositions. They involve multiple parties, limited time, and narrow topics tied to a discrete issue: Plaintiffs' Fourth Amendment preliminary injunction motion. When several teams of counsel appear in person, the risk of distraction, overlapping questioning, and logistical complications naturally increases. Courts recognize that excessive attendees can disrupt the deposition, distract the witness, complicate the record, or prolong the examination. *See Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1326 (9th Cir. 1983); *see also Esebag v. Whaley*, No. CV 18-08446 R (RAO), 2019 WL 8013118, at *3 (C.D. Cal. Sept. 9, 2019) (listing cases).

A two-representative limit, with additional representatives participating in a listening-only capacity by telephone, strikes a reasonable balance between full participation and maintaining a manageable deposition environment. Courts have endorsed comparable approaches. *See, e.g.*, *Rockwell Int'l*, 712 F.2d at 1326. Importantly, this request is narrow. Defendants do not seek to exclude Plaintiffs'

representatives or restrict their participation; they simply seek a modest attendance limit that fits the realities of these compressed depositions. Defendants do not propose applying this limit to the Rule 30(b)(6) depositions.

Rule 26(c) is preventative by design, and courts have noted that protective orders need not wait for a problem to materialize before being entered. *See Communication Systems, Inc. v. Bell Atlanticom Systems, Inc*., 112 F.R.D. 154, 157 (N.D. Ala. 1986) (a party that has not secured a protective order cannot later insist that an individual be excluded). Here, Defendants acknowledge Plaintiffs' representation that they do not intend to "pack" the deposition room, and Defendants likewise have no intention of doing so. Still, considering the volume of counsel and the tight timeline, a modest attendance limit is a practical step to keep the expedited depositions orderly and efficient, and it would not prejudice any party because additional representatives may still listen by telephone.

**B. The Court should clarify whether Intervenors may ask questions at the depositions.**

Rule 26(c) permits the Court to impose reasonable measures that keep expedited discovery focused, efficient, and proportional to the issues presented. *See Hyde & Drath*, 24 F.3d at 1166. That principle applies with equal force here. The discovery authorized in ECF Nos. 223 and 227 is narrowly tied to Plaintiffs' Fourth Amendment claims. The depositions are limited in number, tightly scheduled, and confined to those subjects.

Against that backdrop, allowing multiple sets of questioners would introduce avoidable duplication and extend already compressed deposition days. The practical reality of these proceedings, including multiple parties, narrow topics, and tight time constraints, supports clarifying that examinations should be conducted by one aligned set of counsel rather than by every party that participated in the joint discovery motion. And as a practical matter, allowing additional questioners would

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

5

also complicate the handling of objections and colloquy, which in a compressed schedule would slow the proceedings and risk extending the examinations beyond what the Court authorized.

Although Intervenors joined Plaintiffs in requesting expedited discovery, the operative limits were set by the Court and remain narrow in scope. *See* ECF Nos. 223, 227. Intervenors' filings raise broader municipal issues: resource diversion, community trust, public-health impacts, and tax-revenue effects. Claims that fall outside that limited scope. *See* ECF Nos. 147 (Intervenors' joinder); 171 (Defs.' opp'n); 187 (Intervenors' reply). And during the parties' meet and confer conducted pursuant to Local Rule 37-1, Intervenors acknowledged that their request to join Plaintiffs' preliminary injunction motion remains unadjudicated.

Regardless of the pending joinder, the operative question for this expedited phase is functional: whether additional, separate lines of questioning would assist the Court or impose unnecessary burden on the witnesses and complicate the efficient completion of the limited discovery the Court authorized. Given the compressed schedule, the focused nature of the topics, and the heightened risk of duplication, clarifying that Intervenors may attend telephonically but should not conduct their own examinations during these depositions is a practical measure that maintains proportionality and ensures an orderly process—while preserving full access to observe the testimony in real time.

**C. Alternatively, any Intervenor questioning should run concurrently with Plaintiffs' time and remain confined to the narrow topics authorized.**

If the Court permits Intervenors to participate in the depositions, any examination should run concurrently with Plaintiffs' allotted time. Sharing time in this way prevents duplicative questioning, avoids extending the deposition day, and maintains the efficiency required by the expedited schedule. *See* Fed. R. Civ. P. 26(b)(1), 26(c). Coupled with reasonable topical limits that track the narrow

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

subjects authorized by the Court, concurrent time-sharing ensures that any participation does not broaden the discovery, add burden to the witnesses, or shift the focus away from the issues the Court permitted for this phase.

**D. Conclusion.**

For these reasons, the Court should enter a protective order limiting each party to two in-person representatives, with any additional representatives participating in a listening-only capacity by telephone, and clarifying that Intervenors may not conduct their own questioning during the expedited depositions. In the alternative, if Intervenors are permitted to question witnesses, their examination should run concurrently with Plaintiffs' time and remain confined to the narrow topics the Court already authorized. These proactive measures will keep the depositions efficient, proportional, and consistent with the expedited schedule while reducing the risk of avoidable disputes on the day of the examinations.

## IV. PLAINTIFFS' AND INTERVENORS' CONTENTIONS AND POINTS OF AUTHORITIES

### A. Defendants' proposal violates the District Court's Order.

Defendants' proposal to prohibit Intervenors—parties to this case—from attending depositions of Defendants' witnesses and asking questions is inconsistent with the District Court's Order granting expedited discovery.

In granting the *joint* motion for expedited discovery, Judge Frimpong expressly ordered that "Plaintiffs *and* Intervenors may seek the expedited depositions requested." ECF No. 223 at 10 (emphasis added). And in setting the discovery schedule, this Court likewise underscored that the District Court granted "plaintiffs *and* intervenors permission to seek the expedited depositions they requested." ECF No. 227 at 4 (emphasis added). By its plain text, Judge Frimpong's Order contemplates that both Plaintiffs and Intervenors would meaningfully participate in the depositions. Defendants' proposal to relegate

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Intervenors' participation to remote only, with no opportunity to ask questions, violates both the text and the spirit of the Order.

That the District Court has not yet granted Intervenors' joinder is irrelevant. The expedited depositions were ordered precisely to support Plaintiffs' pending motion for preliminary injunction and Intervenors' pending joinder. ECF No. 223 at 4. Defendants' contention that Intervenors cannot ask any questions because the joinder has not been granted puts the cart before the horse.

**B. Defendants have not shown good cause—or any extraordinary circumstances—to support their proposed limitations.**

Defendants also fail to meet their burden to show "good cause" for a Rule 26(c) protective order. Fed. R. Civ. P. 26(c)(1); *Forshey v. Sound Oral & Maxillofacial Surgery, P.S.*, 2007 WL 1367717, at *2 (W.D. Wash. May 7, 2007) ("The burden of demonstrating good cause lies with the party seeking the protective order."). Intervenors—as parties—are entitled to meaningful participation in depositions. And while Plaintiffs and Intervenors do not intend to have party representatives attend depositions unnecessarily, the presence of some party representatives will be important for these agent/officer depositions, particularly where party representatives are familiar with the facts that agents/officers will be testifying about and can therefore advise the questioning attorney.

In any event, it is Defendants' burden to show "good cause" to exclude Intervenors' and Plaintiffs' party representatives—"[p]arties generally are entitled to be present at depositions absent 'extraordinary circumstances.'" *Esebag*, 2019 WL 8013118, at *3 (citations omitted); *see also Valentine*, 2018 WL 1281797, at *7 (same). Defendants' failure to meet that burden means the Court may deny their motion. *See Valentine*, 2018 WL 1281797, at *7 ("conclusory statements," without "specific showing of harm," "are not enough to establish 'good cause' for a protective order").

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
8

Courts "rarely" find extraordinary circumstances that warrant barring a party from being present at a deposition wholesale. *Esebag*, 2019 WL 8013118, at *3. The few examples to the contrary have generally required particularized showing of "harm" to the deponent. *Id.* (collecting cases); *accord Laul v. Los Alamos Nat'l Labs.*, 2017 WL 5129002, at *1 (D.N.M. Nov. 3, 2017) (granting protective order given multiple affidavits describing the party's "aggressive" interactions with the deponent); *Wesselmann v. Tyson Foods, Inc.*, 2016 WL 6986683, at *2–3 (N.D. Iowa Nov. 28, 2016) (same given affidavit documenting a prior incident when the party "intentionally attacked" the deponent); *Ameduri v. Village of Frankfort*, 2012 WL 13172920, at *3–4 (same given affidavit noting the deponent's diagnosis of PTSD).

Defendants do not identify any particularized harm to their officer-deponents and, indeed, do not even attempt to show that any extraordinary circumstances exist in this case. Defendants' purported "practical" considerations—"multiple parties, narrow topics, and tight time constraints"—are precisely the type of "garden variety or boilerplate 'good cause' facts which will exist in most civil litigation." *Valentine*, 2018 WL 1281797, at *7 (citation omitted).

Defendants' cited cases actually support denying their motion. In *Forshey*, the district court denied a motion for a protective order when the moving party—like Defendants here—"fail[ed] to offer particularized evidence that the presence of [certain individuals] would result in annoyance, embarrassment, or harassment." 2007 WL 1367717, at *2. In *Esebag*, the district court likewise declined to issue a protective order when the moving party submitted "no evidence" of harm. 2019 WL 8013118, at *4. And in *Rockwell International*, a case that said nothing about "excessive attend[ance]" at depositions and is thus far from being "comparable" to this one, the Ninth Circuit held—to the contrary—that "no federal or [California]

authority reasonably support[s] [the] position that questioning by two attorneys is a per se abuse of deposition process." 712 F.2d at 1326. The same is true here.

### C. Plaintiffs and Intervenors do not oppose clarifying the number of attendees per group.

Defendants' remaining points are nonissues. To streamline the deposition process, Plaintiffs and Intervenors will share questioning time; it is a normal, every day occurrence for witnesses to be examined by more than one lawyer representing different parties in a multi-party case. Defendants did not meet and confer with Plaintiffs and Intervenors about the request to share time; if they had, they would have discovered no opposition.

Although Defendants have failed to meet their burden of showing "good cause" for any of the procedural limitations they seek, in the interest of compromise, Plaintiffs and Intervenors do not oppose a six-person limitation on in-person attendance other than the witness and party representatives—*i.e.*, up to two counsel from each of Plaintiffs, Intervenors, and Defendants, and reasonable discretion regarding in-person attendance by Plaintiffs' and Intervenors' party representatives. *See Esebag*, 2019 WL 8013118, at *3 ("Parties generally are entitled to be present at depositions absent 'extraordinary circumstances.'" (citation omitted)). Should the Court decline to set a limit and instead leave it to the parties to simply use their reasonable discretion regarding in-person attendance, Plaintiffs and Intervenors reaffirm that they do not intend to "pack the room." And Plaintiffs agree to host the deposition in a space that can accommodate all attendees if necessary.

### D. Conclusion.

For the foregoing reasons, Plaintiffs and Intervenors respectfully ask this Court to deny Defendants' motion.

Dated: December 3, 2025          Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

JONATHAN K. ROSS
Senior Litigation Counsel

STEPHANIE L. GROFF
JASON K. ZUBATA
ANIELLO DESIMONE
Trial Attorneys

*/s/ Jacob A. Bashyrov*
JACOB A. BASHYROV
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3477
Email: Jacob.Bashyrov@usdoj.gov

*Counsel for Defendants*

Dated: December 3, 2025          MUNGER, TOLLES & OLSON LLP

*/s/ JACOB S. KREILKAMP*
JACOB S. KREILKAMP

*Counsel for Stop/Arrest Plaintiffs*

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

11

Dated: December 3, 2025

UC IRVINE IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC

*/s/ ANNE LAI*
ANNE LAI

*Counsel for Stop/Arrest Plaintiffs*

Dated: December 3, 2025

MUNGER, TOLLES & OLSON LLP

*/s/ E. MARTIN ESTRADA*
E. MARTIN ESTRADA

*Counsel for Intervenors Cities of Los Angeles, Anaheim, Bell Gardens, Beverly Hills, Carpinteria, Culver City, Huntington Park, Long Beach, Lynwood, Montebello, Monterey Park, Oxnard, Paramount, Pico Rivera, Pomona, Santa Ana, Santa Barbara, Santa Monica, South Gate, and West Hollywood*

Dated: December 3, 2025

OFFICE OF THE LOS ANGELES CITY ATTORNEY

*/s/ HYDEE FELDSTEIN SOTO*
HYDEE FELDSTEIN SOTO
City Attorney

*Counsel for Intervenor*
*City of Los Angeles*

Dated: December 3, 2025

OFFICE OF THE COUNTY COUNSEL

*/s/ BRIGIT GREESON ALVAREZ*
BRIGIT GREESON ALVAREZ
Deputy County Counsel

*Counsel for Intervenor*
*County of Los Angeles*

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
12

Dated: December 3, 2025

OFFICE OF THE CITY ATTORNEY OF PASADENA

/s/ *MICHELE BEAL BAGNERIS*
MICHELE BEAL BAGNERIS
City Attorney

*Counsel for Intervenor*
*City of Pasadena*

**ATTESTATION OF FILER**

I attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 3, 2025                Respectfully submitted,

_/s/ Jonathan K. Ross_
JONATHAN K. ROSS
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044