# EXHIBIT 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:25-cv-05605-MEMF-SP                                    Date: October 17, 2025

Title    _Pedro Vasquez Perdomo et al v. Kristi Noem et al_

Present: The Honorable:    Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  Order GRANTING Plaintiffs' and Intervenors' Joint Motion for Limited, Expedited Discovery [Dkt. No. 211]**

The Court is in receipt of the Plaintiffs' and Intervenors' Joint Motion for Limited, Expedited Discovery. Dkt. No. 211 ("Motion"). The Court finds this matter appropriate for resolution without oral argument. _See_ Fed. R. Civ. P. 78(b); Local Rule 7-15.

**Procedural History**

The operative complaint in this case was filed July 2, 2025. Dkt. No. 16. A request for a Temporary Restraining Order was filed the same day. Dkt. No. 38. Less than ten days later, on July 11, this Court issued a TRO enjoining the Defendants from conducting detentive stops in this District unless the agent or officer has reasonable suspicion that the person to be stopped is within the United States in violation of U.S. immigration law and enjoining them from relying on four enumerated factors in forming reasonable suspicion. Dkt. No. 87.

The parties later stipulated that "Plaintiffs effected service of the summons . . . and complaint on all Defendants on July 29, 2025, and all Defendants have appeared through counsel and consent to electronic service of filings in this matter." Dkt. No. 158.

Also on July 29, the Plaintiffs filed a motion for a preliminary injunction, Dkt. No. 128, filing a supplemental brief one month later, Dkt. No. 163. Shortly after the filing of the supplemental

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-05605-MEMF-SP                                    Date: October 17, 2025

Title        *Pedro Vasquez Perdomo et al v. Kristi Noem et al*


brief, the Defendants opposed the motion, Dkt. No. 170, and the supplemental brief, Dkt. No. 178. The Plaintiffs filed their reply September 10, 2025. Dkt. No. 187.

In the interim, the Defendants appealed the TRO and obtained a stay of the TRO pending appeal. *Noem v. Vasquez Perdomo*, No. 25A169, 606 U.S. ____ (2025) (Sep. 8, 2025). In its application for a stay, the Defendants argued that the Plaintiffs had failed to show that they were likely to be stopped in the future on the four enumerated factors and their evidence in support of that showing failed because it failed to show why these respondents would be likely to be stopped again. Application to Stay the Order and Request for an Immediate Administrative Stay at 15-16, *Noem v. Vasquez Perdomo*, No. 25A169 (U.S. July 11, 2025) ("Application"); Reply in Support of Application to Stay the Order at 5-8, *Noem v. Vasquez Perdomo*, No. 25A169 (U.S. July 11, 2025). According to the Defendants, the Plaintiffs' allegations in support of standing were "entirely speculative." Application at 16.

Also in the interim, the Plaintiffs sought expedited discovery to assist in enforcement of the TRO. Dkt. No. 175. On September 9, this Court denied that motion because the TRO which the Plaintiffs sought to enforce had then been stayed. Dkt. No. 181.

On September 22, 2025, Plaintiffs and Intervenors filed the Motion currently pending before this Court. Dkt. No. 211. The Defendants filed their opposition on September 29, 2025, Dkt. No. 214 ("Opposition"), and the Plaintiffs and Intervenors filed their reply on October 2, 2025. Dkt. No. 219 ("Reply").

**Applicable Law**

*Expedited Discovery*

There is no binding authority on what this Court is to consider when determining whether to permit expedited discovery related to a preliminary injunction, but the parties appear to agree that district courts have properly characterized the questions the Court is to consider as follows:
      (1) Is a preliminary injunction pending?
      (2) What is the purpose for requesting the expedited discovery?
      (3) How broad are the discovery requests?
      (4) Are the requests narrowly tailored to achieve their stated purpose?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-05605-MEMF-SP                              Date: October 17, 2025

Title    _Pedro Vasquez Perdomo et al v. Kristi Noem et al_


(5) How burdensome are the requests on the defendants?
(6) How far in advance of the typical discovery process are the requests being made?
(7) How reasonable are the requests in light of the entirety of the record and the surrounding circumstances?

_See Am. LegalNet, Inc. v. Davis_, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); Motion at 6-7; Opposition at 4.


_The Typical Discovery Process_


Rule 16 of the Federal Rules of Civil Procedure governs scheduling:

**(b) Scheduling.**
(1) _Scheduling Order._ Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order:
(A) after receiving the parties' report under Rule 26(f) ; or
(B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.
(2) _Time to Issue._ The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.

Rule 16(f) governs the timing of the required conference among the parties prior to a scheduling conference before the Court:

**(f) Conference of the Parties; Planning for Discovery.**
(1) _Conference Timing._ Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

And this Court's Standing Order indicates that "absent unusual circumstances, scheduling conferences will not be set until an answer has been filed." Civil Standing Order § V.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-05605-MEMF-SP                    Date: October 17, 2025

Title    _Pedro Vasquez Perdomo et al v. Kristi Noem et al_


**Discussion**

Given the parties' agreement on the factors this Court is to consider, the Court will proceed to consider each in turn.

*A Preliminary Injunction is Pending*

It is undisputed that a preliminary injunction is pending.[1]  This factor therefore weighs in favor of permitting expedited discovery.

*The Purpose of the Requested Discovery Is to Support the Motion for a Preliminary Injunction*

The stated purpose of the discovery is to provide support for a preliminary injunction in light of the Defendants' arguments in opposition to a preliminary injunction.  As the Plaintiffs and Intervenors state, "Requestors respectfully ask that this Court put Defendants to the test and order limited, expedited discovery into the specific assertions Defendants have made in arguing that no preliminary relief is warranted." Motion at 1.

This purpose is legitimate. Throughout this litigation, Defendants have made numerous assertions in declarations about the nature of the training officers receive (explaining how to comply with the Constitution and governing law) and that all of the stops were legal (because they were consensual or supported by individualized reasonable suspicion). And Defendants have explicitly opposed the Plaintiffs' and Intervenors' Motion for a Preliminary Injunction in part on the ground that the motion is unsupported by evidence:

> Plaintiffs have not *shown* any officially sanctioned practice of ignoring [the Fourth Amendment]; their submission stitches together media reports, subjective feelings, speculation, and scattered anecdotes from different teams, places, and dates. That does not establish the "real and immediate" threat required for prospective relief, much less justify district-wide judicial supervision of every investigative stop.

Dkt. No. 170 at 1 (emphasis added).

---

[1] Defendants continue to argue that the Supreme Court's stay of the TRO prohibits this Court from hearing a motion for preliminary injunction in this case. Opposition at 4-7. The Court has addressed that argument in its Order denying the Defendants' Motion to Stay All Fourth Amendment Proceedings, Dkt. No. 220, and will not repeat that analysis here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-05605-MEMF-SP                              Date: October 17, 2025

Title    *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

> Plaintiffs' supplemental evidence is long on guesswork and *short on facts*. Their
> declarants spin theories about why they were stopped, but *they neither know—nor
> could possibly know—what officers actually observed when initiating those
> encounters*. That cannot justify broad relief.

Dkt. No. 178 at 2 (emphasis added).

This factor therefore weighs in favor of permitting expedited discovery.

*The Discovery Requests Are Not Particularly Broad*

The Plaintiffs merely seek information needed to rebut the assertions stated in the declarations regarding training and the reasons for the stops – a limited number of written discovery requests and a handful of depositions on limited topics. And they only seek this information concerning a relatively small number of stops, far less than what they might be entitled to on merits discovery or if this Court were to certify a class.

This factor therefore weighs in favor of permitting expedited discovery.

*The Discovery Requests Are Narrowly Tailored to the Stated Purpose*

The stated purpose is to uncover the material upon which the Defendants relied in asserting that their officers are properly trained and that all of the stops were legal. The discovery requests are narrowly tailored to that stated purpose—they seek information on training, and the documentation which would show the justification for the stops.

Defendants argue that Plaintiffs seek a "large-scale audit of Defendants' immigration enforcement operations in the Central District of California," Opposition at 12, but that is not true. *See generally* Motion and Proposed Order. As the Defendants themselves have stated on numerous occasions, the Plaintiffs and Intervenors cannot know for certain the basis upon which these stops were made, and the Court, to enjoin the stops, must make a determination about the basis upon which they were made. All the Plaintiffs and Intervenors are seeking is this information.

---

CV-90 (03/15)                              Civil Minutes – General                              Page **5** of **10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05605-MEMF-SP                         Date: October 17, 2025

Title   *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

Defendants assert that "written and document discovery requested on topics such as training, factors beyond the four enumerated factors, and 'mechanisms for monitoring agents' and officers' conduct in relation to their training' is not tethered to the prior TRO or renewed PI motion and risks sprawling agency-wide inquiries." Opposition at 9. This is wrong. The *Defendants* asserted (and continue to assert) that their officers are properly trained on the Constitution and therefore this Court should not find that officers are conducting themselves in violation of the Constitution.  The *Defendants* asserted that they rely on factors beyond the four factors in conducting stops. And the *Defendants* have confidently asserted that their officers are conducting themselves in accordance with their training, which could only be so if they have a mechanism for monitoring this. The requests are directly tethered to the specific basis upon which the Defendants oppose the relief sought.

This factor therefore weighs in favor of permitting expedited discovery.

*The Discovery Requests Are Not Particularly Burdensome*

The Defendants essentially make two arguments for why the requests are burdensome (1) they will require extensive, complex, and time consuming document searches and (2) they seek confidential and/or privileged information.

But how could it be that the requests require extensive, complex, and time-consuming document searches? It is axiomatic that—if the stops were legal—the Defendants had reasonable suspicion (or some other legal justification) for each of the challenged stops *in advance* of conducting the stops, and that the Defendants identified that *preexisting* reasonable suspicion or other justification *in advance* of representing to this Court that the stops were legal. On what other basis could the Defendants have asserted that the stops were legal? The fact that their officers were properly trained? If so, the Defendants must have identified that training before making this representation to the Court. And so, in the main, it would appear that the information being sought is information that the Defendants have already collected.

The only burden that the Court sees is the burden in making any legitimate privilege assertions that may exist and appropriately protecting any truly confidential material.  But this is not a ground upon which to deny expedited discovery altogether.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-05605-MEMF-SP                    Date: October 17, 2025

Title    _Pedro Vasquez Perdomo et al v. Kristi Noem et al_


This factor therefore weighs in favor of permitting expedited discovery.

_These Requests Are Not Being Made Far in Advance of the Typical Process_

Under the "typical process," discovery would begin now. Because the parties stipulated that the Defendants were served and appeared as of July 29, 2025, Rule 16 would seem to dictate that this Court was to issue a scheduling order by September 27—weeks ago.[2]  And even if the typical process contemplates discovery after a responsive pleading, that deadline is less than two weeks away, on October 29, per this Court's Order and at the Defendants' request.[3] Dkt. No. 206.

And although this Court's Standing Order states "absent unusual circumstances, scheduling conferences will not be set until an answer has been filed," this case presents these unusual circumstances—the Plaintiffs have made a colorable showing of ongoing conduct that contravenes the Fourth Amendment to the Constitution for which they are seeking preliminary relief.

The Defendants' arguments that the Plaintiffs and Intervenors have engaged in delay and gamesmanship are not well taken. There is nothing untoward about the Plaintiffs and Intervenors seeking evidence to rebut the arguments made by the Defendants regarding the propriety of a preliminary injunction.[4]

This factor therefore weighs in favor of permitting expedited discovery.

//

//

---

[2] Rule 16 states the Court must issue a scheduling order on the earlier of (a) 90 days after service (October 27) or (b) 60 days after appearance (September 27).

[3] Consistent with this, the Court anticipates issuing its typical Order Setting Scheduling Conference soon.

[4] The Court does find, however, that judicial economy and procedural fairness would dictate that to the extent that Plaintiffs and Intervenors seek to use any newly obtained material in support of their Motion for a Preliminary Injunction, they should be required to simply file a new motion to which Defendants can respond and upon which this Court can rule, rather than another set of supplemental briefs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-05605-MEMF-SP                            Date: October 17, 2025

Title      _Pedro Vasquez Perdomo et al v. Kristi Noem et al_


_The Requests Are Reasonable in Light of the Record and Surrounding Circumstances_

At nearly every turn, Defendants have argued that the Plaintiffs have no evidentiary support for their assertions and have sought to continue the challenged conduct in the interim. It is curious that the Defendants also seek to prohibit the Plaintiffs from obtaining the necessary evidentiary support.

The Court need not repeat its analysis of the Supreme Court's TRO Stay Order except to say this: Defendants' assertion that "what the Supreme Court _said_ is missing . . . [is] a likelihood of success on the legal issues" is patently false. Opposition at 6. At no point did the Supreme Court say that the stay was being granted because of a likelihood of success on the "legal issues." And it is inaccurate for the Defendants to assert that they only made arguments about the "legal issues" in their Application for a Stay.  They made the same arguments they have made all along – the Plaintiffs assertions are "speculative" "fiction" and not in keeping with reality. Application at 16 ("Here, respondents' allegations [regarding standing] are _entirely speculative._" (emphasis added)); Application Reply at 3 ("_Respondents fight fact with fiction._ They describe 'roving federal raiders' terrorizing Los Angeles . . . . _In reality,_ ICE agents are enforcing federal immigration law by employing statutorily authorized detentive stops; they must find reasonable suspicion for every stop . . . ." (emphasis added)).

For that reason, this Court declines once again the invitation to speculate as to the basis of the Supreme Court's TRO Stay Order or to take the extraordinary step of presuming what the Supreme Court would do on a more fulsome or different factual record on a different set of questions.

This factor therefore weighs in favor of permitting expedited discovery.

//

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-05605-MEMF-SP                              Date: October 17, 2025

Title    *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

*The Parties Can Litigate Confidentiality, Privilege, and Timing Before the Assigned Magistrate Judge*

There may be legitimate confidentiality concerns and privilege assertions which prohibit the immediate and wholesale production of the requested material. The parties can litigate that before the assigned Magistrate Judge.[5]

The parties shall also litigate any disputes about the timeline for expedited discovery before the assigned Magistrate Judge. The Court acknowledges that the Plaintiffs' and Intervenors' timeline appears quite aggressive given the valid confidentiality and privilege concerns. The Defendants' timeline is, however, wholly unjustified. The Defendants attempt to justify their timeline on the basis that the requests require numerous broad searches through electronic material and extensive inquiries of high level officials. Even if this were the case—and it is not clear that it is—Defendants must have already done all of this before submitting sworn declarations about the stops and filing signed briefs explaining that all of the stops were legal. It is not credible that the Defendants filed those declarations and those briefs without searching for and collecting the material used in support. At the very least, the Defendants can start by producing that collected material.

The Defendants are welcome to seek appropriate discovery of the Plaintiffs and Intervenors and should file a request with the assigned Magistrate Judge. The Court notes, however, that it is unclear what legitimate discovery the Defendants could seek at this stage. The Fourth Amendment inquiry concerns the *officers'* reasons for a stop. It is difficult for this Court to imagine what information the Plaintiffs and Intervenors could have about the *officers'* reasons for these stops that the Defendants don't have.

**Conclusion**

Having considered all of the relevant factors and the arguments of the parties, the Motion is GRANTED. For the foregoing reasons, the Court ORDERS as follows:

---

[5] The Court is in the midst of having the case redesignated at the parties' request.  In the interim, the parties should address their discovery disputes to the currently assigned Magistrate Judge who will remain the assigned Magistrate Judge upon redesignation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-05605-MEMF-SP                                Date: October 17, 2025

Title    *Pedro Vasquez Perdomo et al v. Kristi Noem et al*

1. The Motion is GRANTED;
2. Plaintiffs and Intervenors may serve the proposed interrogatories and requests for production of documents on the Defendants by Tuesday, October 21, 2025;
3. Plaintiffs and Intervenors may seek the expedited depositions requested—including the agent depositions and the Rule 30(b)(6) deposition;
4. The parties shall meet and confer and file a joint statement with the assigned Magistrate Judge outlining their respective proposals as to privilege, confidentiality, and timing by Tuesday, October 21, 2025.
5. Once the Magistrate Judge issues an order as to privilege, confidentiality, and timing, the parties shall meet and confer and file a joint statement with this Court containing a proposed briefing schedule for any renewed Motion for Preliminary Injunction or a joint statement setting forth a timeline upon which the parties will make such a proposal.

**IT IS SO ORDERED.**

                                                                              :
                                              **Initials of Preparer**        DBE