# EXHIBIT 4

BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
JONATHAN K. ROSS
Senior Litigation Counsel
STEPHANIE L. GROFF
JASON K. ZUBATA
ANIELLO DESIMONE
JACOB A. BASHYROV
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-3477
Email: Jacob.Bashyrov@usdoj.gov

BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (SBN 335008)
PAULINE H. ALARCON (SBN 345785)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-5557 | 3992
    E-mail:   Alexander.Farrell@usdoj.gov
                    Pauline.Alarcon@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PEDRO VASQUEZ PERDOMO; *et al.*, | No. 2:25-cv-05605-MEMF-SP |
| Plaintiffs, | ***DISCOVERY MATTER*** |
| v. | **DEFENDANTS,' ACTING IN THEIR OFFICIAL CAPACITIES, OBJECTIONS AND RESPONSES TO PLAINTIFF CHIRLA'S EXPEDITED REQUESTS FOR PRODUCTION, SET ONE** |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.*, | |
| Defendants. | Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge |
| | Referred to Hon. Sheri Pym<br>United States Magistrate Judge |

**PROTECTIVE ORDER ADVISAL**

**THIS DOCUMENT IS CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER**

**C.D. CAL. 2:25-cv-05605-MEMF-SP**

**THIS DOCUMENT AND ITS CONTENTS SHALL NOT BE USED, SHOWN OR**

**DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER (ECF NO. 247).**

PROPOUNDING PARTY:    Plaintiff COALITION FOR HUMANE IMMIGRANT RIGHTS (CHIRLA)

RESPONDING PARTIES:    Defendants Rodney S. Scott, in his official capacity as Commissioner, U.S. Customs and Border Protection (misspelled in First Amended Complaint as "Customs and Border Patrol"), Michael W. Banks, in his official capacity as Chief of U.S. Border Patrol, Gregory K. Bovino, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol, and Jeffrey D. Stalnaker, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol (collectively, "CBP Defendants"); Defendants Todd M. Lyons, in his official capacity as Acting Director of U. S. Immigration and Customs Enforcement (ICE), Ernesto Santacruz, Jr., in his official capacity as Acting Field Office Director for the Los Angeles Field Office of ICE, and Eddy Wang, in his official capacity as the U.S. Homeland Security Investigations Special Agent in Charge for Los Angeles, (collectively, "ICE Defendants"); and Defendant Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security.

SET NO.:    One

In response to Plaintiff CHIRLA's Expedited Requests for Production to Defendants, Set One, Defendants hereby respond and object to the Requests, pursuant to Fed. R. Civ. P. 26 and 34, as follows:[1]

---

[1] These responses are provided solely for the limited purpose of expedited discovery related to Plaintiffs' Fourth Amendment preliminary-injunction motion, as authorized by the Court's order dated October 17, 2025 [ECF No. 223]. Nothing herein shall be construed as agreement that such discovery would be appropriate outside that context.

DEFENDANTS' OBJECTIONS AND RESPONSES TO CHIRLA'S EXPEDITED REQUESTS FOR PRODUCTION, SET ONE

1

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

The following statements and general objections apply to and are in addition to any specific objections made in responses to any particular Request, and apply not only to the responses made herein, but also to any additional or supplemental responses provided to the Requests:

1.      Defendants have not yet fully completed the investigation of the facts relating to this case, have not yet interviewed all witnesses, have not yet fully completed discovery, and have not yet completed their preparation for trial in this case.  Thus, all of the responses contained herein are based solely upon information and documents that are presently available to or specifically known by Defendants based a diligent and good faith effort to obtain information and documents responsive to the Requests during the shortened discovery timeframe established for the responses to Plaintiff's expedited discovery requests.  It is anticipated that further discovery, independent investigation, legal research and analysis may supply additional information and documents and lead to additions, changes, and corrections from the responses contained herein.

Accordingly, the following responses are given without prejudice to the right to produce evidence, information, documents, or witnesses that Defendants may later discover, subject to any duty to supplement contained in the Federal Rules of Civil Procedure.  Defendants reserve the right to supplement, clarify, revise, or correct any and all responses herein as additional facts are ascertained, additional documents are discovered, and additional witnesses are identified.  Nothing in these responses shall be construed as an admission of fact, a concession of liability, or an agreement with any characterization or legal theory advanced by Plaintiffs.

2.      Defendants object to the Requests to the extent they request the disclosure of information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, the law enforcement privilege, the official information or deliberative process privilege, the constitutional or statutory rights of privacy of Defendants, employees, or third parties, or any other legally cognizable or statutory privileges or immunities against disclosure.  The inadvertent disclosure of any such information or documents in response to Plaintiff's Requests is not intended to and will not constitute a waiver of any applicable privileges, rights, or

DEFENDANTS' OBJECTIONS AND RESPONSES TO CHIRLA'S EXPEDITED REQUESTS FOR PRODUCTION, SET ONE

2

statutory protections.  If Defendants inadvertently disclose any information or material protected by any such privilege or protection, that disclosure shall not constitute a waiver pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(b).  Defendants further object to the extent the Interrogatories seek deliberations, recommendations, or communications reflecting pre-decisional or law-enforcement assessments.  Such materials are protected by the deliberative-process, law-enforcement, and official-information privileges.  Any responsive information withheld on this basis will be identified on a privilege log consistent with Fed. R. Civ. P. 26(b)(5)(A).

3.    Defendants object to Plaintiff's Definitions and Instructions to the extent that they seek to impose any obligations other than those required by the Fed. R. Civ. P. or the Local Rules of this Court.  Defendants further object to Plaintiff's Requests, as interpreted by Plaintiff's Definitions and Instructions, to the extent that they are not proportionate to the needs of this case, particularly because Plaintiff's Expedited Requests were only permitted by court order in the context of Plaintiffs' motion for preliminary injunction.

4.    Defendants object to any Request that is vague, ambiguous, compound, duplicative, overbroad, unduly burdensome, or calls for speculation, conjecture, or a legal conclusion to which Defendant cannot reasonably respond as required by federal law.

5.    Defendants object to the extent any Request seeking facts not within Defendants' possession, custody, or control after a reasonable inquiry.

6.    Defendants object to each Request to the extent it exceeds the scope of permissible discovery as defined by Fed. R. Civ. P. 26(b)(1)—i.e., not relevant to any party's claim or defense, nor proportional to the needs of the case.

7.    Defendants specifically object to Plaintiff's Definitions in its Requests as follows:

a.    Defendants object to Plaintiff's definition of "YOU" or "YOUR" as vague and ambiguous, overbroad, and calling for speculation with respect to its inclusion of representatives or "any other PERSON acting on Defendants' behalf."  Furthermore, Plaintiff's definition is overbroad, unduly burdensome, not proportional to the scope of Plaintiffs' lawsuit or the scope of the Court's order granting limited discovery for the purposes of the preliminary injunction proceedings, and not relevant

to Plaintiffs' claims or Defendants' defenses to the extent that these Definitions include any of Defendants' agents, employers, or successors not engaged in U.S. Customs and Border Protection's immigrant enforcement actions, or U.S. Immigration and Customs Enforcement's immigrant enforcement actions, in the Central District of California during the period since June 6, 2025, alleged in Plaintiffs' First Amended Complaint.

b.      Defendants object to Plaintiff's definition of "AGENCY PERSONNEL" as vague and ambiguous, overbroad, and calling for speculation with respect to its inclusion of PERSONS not within the employment of the CBP Defendants or ICE Defendants, such as contractors and "other persons." Defendants object on the grounds of overbreadth and undue burden to the extent the Requests seek identification of "agency personnel" for multiple individuals on multiple dates, as it may require review of extensive records that are not proportional to the needs of the case under Fed. R. Civ. P. 26(b). Defendants also object on grounds that Plaintiff's definition may include individuals who are not reasonably identifiable based on available records.  Furthermore, Plaintiff's definition is overbroad, unduly burdensome, not proportional to the scope of Plaintiffs' lawsuit or the scope of the Court's order granting limited discovery for the purposes of the preliminary injunction proceedings, and not relevant to any of Plaintiffs' claims to the extent that these Definitions include any of Defendants' agents, employers, or successors not engaged in U.S. Customs and Border Protection's immigrant enforcement actions, or U.S. Immigration and Customs Enforcement's immigrant enforcement actions, in the Central District of California during the period beginning on June 6, 2025, alleged in Plaintiffs' First Amended Complaint.

c.      Defendants object to Plaintiff's definition of "COMMUNICATION(S)" as overbroad, vague, and ambiguous, with respect to inclusion of "any manner or method" and "by any means." Defendants further object to this definition to the extent that it requests "verbal expression", because such oral expressions are not memorialized in writing and, therefore, are not properly requested pursuant to Fed. R. Civ. P.  34.  In addition, Defendants object to this definition to the extent that it seeks COMMUNICATIONS protected by the law enforcement privilege, the attorney-client privilege,

the attorney work product doctrine, the deliberative process or official information privilege, or any other statutory or judicially-recognized privilege.

d.    Defendants object to Plaintiff's definition of "DOCUMENTS" as overbroad, unduly burdensome, not proportional to the scope of Plaintiffs' lawsuit or the scope of the Court's order granting limited discovery for the purposes of the preliminary injunction proceedings and seeking documents not relevant to Plaintiffs' claims or Defendants' defenses.  Defendants shall interpret "DOCUMENTS" within the scope of Fed. R. Civ. P. 34 and Federal Rule of Evidence 1001 as relevant and proportional to the needs of this case and the discrete issues in Plaintiff's Requests.

e.    Defendants object to Plaintiff's definition of "TRAINING OR GUIDANCE" as overbroad, vague, and ambiguous, with respect to inclusion of any DOCUMENTS or COMMUNICATIONS with "the purpose of informing or educating" CBP or ICE employees on any subject.  Defendants further object to this definition to the extent that it requests "oral" materials or DOCUMENTS, because such oral DOCUMENTS are not memorialized in writing and, therefore, are not properly requested pursuant to Fed. R. Civ. P. 34.  In addition, Defendants object to this definition to the extent that it seeks DOCUMENTS protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process or official information privilege, or any other statutory or judicially-recognized privilege.

f.    Defendants object to Plaintiff's definition of "DETENTIVE STOPS" as vague, ambiguous, overbroad, and overinclusive to the extent that the definition includes "stops" not recognized as seizures under Fourth Amendment law.

g.    Defendants object to Plaintiff's definition of "RELATED TO" or "RELATING TO" as vague, ambiguous, and overbroad.  Defendants further object to Plaintiff's definition as calling for speculation and seeking discovery of information and DOCUMENTS not relevant to any party's claims or defense and outside of the scope of this case's preliminary injunction proceedings to the extent that this definition refers to "indicating," "being connected with," or "evidencing."  Defendants additionally object to Plaintiff's definition as improperly seeking a legal opinion to the extent that it seeks information or DOCUMENTS "evidencing" some matter.  Defendants further object to Plaintiff's use

DEFENDANTS' OBJECTIONS AND RESPONSES TO CHIRLA'S EXPEDITED REQUESTS FOR PRODUCTION, SET ONE

5

of the term "RELATING TO" as overly broad. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 650 (10th Cir. 2008).

h.     Defendants object to Plaintiff's definition of "including" as vague, ambiguous, overbroad, calling for speculation, and lacking the reasonable particularity required by Fed. R. Civ. P. 34.

i.     Defendants object to Plaintiff's Instruction No. 3 as overbroad, unduly burdensome, calling for speculation, and vague and ambiguous as to the meaning and scope of "advisors," "associates," "affiliates," and "representatives."  Defendants further object to the Instruction to extent that it seeks the production by Defendants of any documents to which Plaintiff has equal or greater access than Defendants or to which Plaintiff can obtain from another source that is more convenient, less burdensome, or less expensive.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

j.     Defendants object to Plaintiff's Instruction No. 4 as overbroad, unduly burdensome, not proportional to the scope of Plaintiffs' lawsuit or the scope of the Court's order granting limited discovery for the purposes of the preliminary injunction proceedings and seeking documents not relevant to Plaintiffs' claims or Defendants' defenses.  Defendants further object to Plaintiff's requests for drafts or preliminary forms of DOCUMENTS to extent that they seek documents protected by the attorney-client privilege, the attorney work product doctrine, the official information or deliberative process privilege, or any other legally cognizable or statutory privileges or immunities against disclosure.

k.     Defendants object to Plaintiff's Instruction No. 7 as overbroad and defining a time period not relevant to Plaintiffs' claims or Defendants' defenses in response to the allegations in Plaintiffs' First Amended Complaint which alleges events occurring from and after June 6, 2025. Therefore, unless otherwise specified, Defendants will limit its responses to Plaintiff's Requests to the period from June 6, 2025, to the present.

4.     All responses are made without waiver and with preservation of:

a.     all questions or objections as to competency, relevancy, materiality, privilege and admissibility of the responses and production and the subject matter thereof as evidence for any purpose

and in any further proceeding in this action (including the trial of this action) and in any other action or matter;

b.    the right to object to the use of any such responses and production or the subject matter thereof, on any ground in any further proceeding in this action (including the trial or arbitration of this action) and in any other action or matter;

c.    the right to object on any ground at any time to any demand, request, or interrogatory for further responses to these or any other discovery requests or proceedings involved or related to the subject matter of the information or documents provided or the discovery to which these responses are provided; and,

d.    the right at any time to review, correct, add to, supplement or clarify any of the responses contained herein.

5.    Where Defendants have objected to any Request on the grounds that it is vague and ambiguous, such that Defendants are required to speculate on the scope and meaning of the Request, Defendants may have nonetheless decided to respond to the Request by giving it a reasonable interpretation.  In so doing, however, Defendants will not be deemed bound by any different interpretation applied by Plaintiff to the Request.  In addition, to the extent that Defendants adopt any terms or phrases defined or used by Plaintiff, they are adopted solely for the sake of convenience in responding to the Request, and Defendants do not accept or concede that any of the terms, phrases, or definitions are appropriate, descriptive, or accurate.

6.    Each and every response contained herein is subject to and incorporates these General Objections, as applicable.  To the extent that these General Objections are repeated herein in response to Plaintiff's Requests, those specific objections are provided out of an abundance of caution and because they are believed to be particularly applicable to each such Request.  The making of a specific objection in response to a particular Request shall not constitute a waiver of any of the Preliminary Statement and General Objections.

**RESPONSES TO PLAINTIFF'S EXPEDITED REQUESTS FOR PRODUCTION**

REQUEST FOR PRODUCTION NO. 1:

All TRAINING OR GUIDANCE provided to AGENCY PERSONNEL referenced in ECF 71, ECF 71-1, ECF 71-2, ECF 170, ECF 170-1, ECF 170-2, ECF 170-3, and ECF 178, including TRAINING AND GUIDANCE concerning the TRO, on topics including but not limited to: the difference between a consensual encounter and a seizure; the factors that may be considered in deciding whether to initiate a DETENTIVE STOP including vehicle stop; appropriate use of force, use of face coverings, and agent or officer identification as they relate to DETENTIVE STOPS; and documentation requirements for DETENTIVE STOPS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Defendants incorporate their Preliminary Statement and General Objections in response to this Request as though set forth fully herein, including their objections to the definitions of "TRAINING OR GUIDANCE," "AGENCY PERSONNEL," and "DETENTIVE STOPS." Defendants also object to this Request as vague, ambiguous, and overbroad. Plaintiff's use of "including but not limited to" makes this Request vague, ambiguous, unduly burdensome, and calling for speculation as to the scope of this Request because it fails to identify the documents requested with reasonable particularity as required by Fed. R. Civ. P. 34. As a result, Defendants construe this Request as seeking written training materials and written guidance only about the topics specifically identified in this Request. Furthermore, Defendants object to Plaintiff's inclusion of topics such as appropriate use of force, use of face coverings, and agent or officer identification as not relevant to Plaintiff's claims or Defendants' defenses, not proportional to the scope of Plaintiffs' lawsuit nor the scope of the Court's order granting limited discovery for the purposes of the preliminary injunction proceedings in this case.

Additionally, Defendants object to this Request to the extent that it requests the production of documents protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Legal training, particularly regarding constitutional issues, is created, prepared, drafted, and taught by attorneys using materials that are attorney-client privileged or attorney work product to provide legal advice and understanding to CBP and ICE employees. Furthermore, to

the extent that this Request encompasses a request for drafts of the TRAINING OR GUIDANCE, Defendants object to this request as seeking documents that are not relevant to any of Plaintiffs' claims or Defendants' defenses, because drafts are not taught or disseminated to CBP or ICE employees as training or guidance and they are protected by the deliberative process privilege and attorney work product protections as applicable.

Subject to and without waiving any of these objections:

**CBP Defendants:**

CBP Defendants agree to conduct a reasonable search and have produced or otherwise will produce responsive, non-privileged documents within their possession, custody, or control, that were used or in effect during the period from January 20, 2025, to the present. A privilege log will also be provided in support of CBP Defendants' privilege objections.

**ICE Defendants:**

ICE Defendants agree to conduct a reasonable search and have produced or otherwise will produce responsive, non-privileged documents within their possession, custody, or control, that were used or in effect during the period from January 20, 2025, to the present. A privilege log will also be provided in support of ICE Defendants' privilege objections.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS RELATING TO the operations below, including Field Operations Worksheets (FOWs), targeting sheets, operations plans, pre-operations briefings and/or intelligence reports, targeting packages, notes, videos (including body camera footage), Forms I-213s, database entries, post-operation briefings, after-action reports, other COMMUNICATIONS describing or characterizing the operation, DOCUMENTS reflecting review of the operation, and DOCUMENTS reflecting any arrest quotas or goals.

a. The June 18 operation in Pasadena, CA in which Plaintiffs Vasquez Perdomo, Osorto, and Villegas Molina were encountered;

DEFENDANTS' OBJECTIONS AND RESPONSES TO CHIRLA'S EXPEDITED REQUESTS FOR PRODUCTION, SET ONE

9

b. The June 12 operation at Yank Towing in Montebello, CA in which Plaintiff Gavidia and Javier Ramirez were encountered;

c. The June 18 operation at a car wash in Whittier, CA in which Plaintiff Hernandez Viramontes and Omar Gamez were encountered;

d. The June 12 operation at/near a parking lot in San Bernardino, CA in which F.H.S. was encountered;

e. The June 19 operation at/near a Home Depot in Hollywood, CA in which E.C.P. was encountered;

f. The July 21 operation at/near Miss Donuts in Ontario, CA in which G.V.C. was encountered;

g. The August 4 operation at/near a Home Depot in Paramount, CA in which S.C.C.H. was encountered;

h. The August 5 operation at Magnolia Car Wash in Fountain Valley, CA in which E.K.Z.L. was encountered;

i. The August 6 operation at/near a Home Depot in Westlake, CA in which Miguel Angel Tijerino Garmendia was encountered;

j. The August 7 operation at/near a Home Depot in San Bernardino, CA in which Juan Francisco Aparicio Saldaña, J.A., and E.C.R. were encountered;

k. The August 12 operation at Handy J Car Wash in Culver City, CA in which J.R.R. was encountered;

l. The August 22 operation at a car wash in Pasadena, CA in which Inoel Zapata Santiago was encountered;

m. The September 22 operation at Naples Island Car Wash in Long Beach, CA;

n. The September 23 operation at/near a Home Depot in Pasadena, CA; and

o. The September 25 operation at/near the Pomona Economic Opportunity Center in Pomona, CA.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Defendants incorporate their Preliminary Statement and General Objections in response to this Request as though set forth fully herein, including their objections to the definitions of "DOCUMENTS,"

"COMMUNICATIONS," and "RELATING TO."  Defendants also object to this Request as vague, ambiguous, and overbroad.  Plaintiff's use of "including but not limited to" makes this Request vague, ambiguous, unduly burdensome, and calling for speculation as to the scope of this Request because it fails to identify the documents requested with reasonable particularity as required by Fed. R. Civ. P. 34.

Additionally, Defendants object to this Request to the extent that it requests the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the law enforcement privilege, the official information or deliberative process privilege, the constitutional or statutory rights of privacy of Defendants, employees, or third parties, or any other legally cognizable or statutory privileges or immunities against disclosure.

Further, CBP Defendants objects to the production of body camera footage and/or other video footage as unduly burdensome given the expedited timeline for production.  CBP Defendants are willing to meet and confer with Plaintiffs to discuss the production of the body camera and/or other video evidence.

Lastly, items (m)-(o) above are not at issue in Plaintiffs' motion for preliminary injunction, which is the basis for the discovery sought and granted in this matter.  As such, Defendants object to the inclusion of (m)-(o) as outside of the discovery granted by the Court.

Subject to and without waiving any of these objections:

**CBP Defendants:**

CBP Defendants agree to conduct a reasonable search and will produce responsive, non-privileged documents within their possession, custody, or control, regarding the information requested in (a) through (l).  A privilege log will also be provided in support of CBP Defendants' privilege objections.

**ICE Defendants:**

ICE Defendants agree to conduct a reasonable search and will produce responsive, non-privileged documents within their possession, custody, or control.  A privilege log will also be provided in support of ICE Defendants' privilege objections.

DEFENDANTS' OBJECTIONS AND RESPONSES TO CHIRLA'S EXPEDITED REQUESTS FOR PRODUCTION, SET ONE

REQUEST FOR PRODUCTION NO. 3:

COMMUNICATIONS through messaging of any kind (including text messaging, chats, or messaging through a mobile application) from or to PERSONS identified in YOUR response to Plaintiff CHIRLA's Expedited Interrogatories No. 1 concerning the operations referenced in Plaintiff CHIRLA's Expedited Interrogatories No. 1.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Defendants incorporate their Preliminary Statement and General Objections in response to this Request as though set forth fully herein, including their objections to the definitions of "YOUR" and "COMMUNICATIONS."  Defendants also object to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks "COMMUNICATIONS" of any kind without limitation as to a reasonable time period.  Additionally, Defendants object to this Request to the extent that it requests the production of communications protected by the attorney-client privilege, the attorney work product doctrine, the law enforcement privilege, the official information or deliberative process privilege, the constitutional or statutory rights of privacy of Defendants, employees, or third parties, or any other legally cognizable or statutory privileges or immunities against disclosure.   Defendants further object to "the operations referenced in Plaintiff's Expedited Interrogatory No. 1" as vague and ambiguous.  In addition, Defendants object to the extent that the Requests seeks metadata or native formats that are not reasonably accessible or that would require undue effort to retrieve or produce.

Subject to and without waiving any of these objections:

**CBP Defendants:**

CBP Defendants agree to conduct a reasonable search and will produce responsive, non-privileged communications within their possession, custody, or control.  A privilege log will also be provided in support of CBP Defendants' privilege objections.

**ICE Defendants:**

ICE Defendants agree to conduct a reasonable search and will produce responsive, non-privileged communications within their possession, custody, or control.  A privilege log will also be provided in support of ICE Defendants' privilege objections.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS that YOU referenced, reviewed, or relied upon in responding to Plaintiff CHIRLA's Expedited Interrogatories to YOU.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Defendants incorporate their Preliminary Statement and General Objections in response to this Request as though set forth fully herein, including their objections to the definitions of "DOCUMENTS" and "YOU."  Defendants also fully incorporate by reference in their response to this Request all of the objections that Defendants made to Plaintiff CHIRLA's Expedited Interrogatories.   Furthermore, Defendants object to this Request to the extent that it requests the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the law enforcement privilege, the official information or deliberative process privilege, the constitutional or statutory rights of privacy of Defendants, employees, or third parties, or any other legally cognizable or statutory privileges or immunities against disclosure.

Subject to and without waiving any of these objections:

**CBP Defendants:**

CBP Defendants agree to conduct a reasonable search and will produce responsive, non-privileged documents within their possession, custody, or control.  A privilege log will also be provided in support of CBP Defendants' privilege objections.

**ICE Defendants:**

ICE Defendants agree to conduct a reasonable search and have produced or otherwise will produce responsive, non-privileged documents within their possession, custody, or control.  A privilege log will also be provided in support of CBP Defendants' privilege objections.

DEFENDANTS' OBJECTIONS AND RESPONSES TO CHIRLA'S EXPEDITED REQUESTS FOR PRODUCTION, SET ONE

Dated: November 10, 2025                                  Respectfully submitted,


                                                         BRETT A. SHUMATE
                                                         Assistant Attorney General
                                                         Civil Division

                                                         DREW C. ENSIGN
                                                         Deputy Assistant Attorney General

                                                         TIBERIUS DAVIS
                                                         SEAN SKEDZIELEWSKI
                                                         Counsel to the Assistant Attorney General

                                                         JONATHAN K. ROSS
                                                         Senior Litigation Counsel

                                                         STEPHANIE L. GROFF
                                                         JASON K. ZUBATA
                                                         ANIELLO DESIMONE
                                                         Trial Attorneys

                                                         */s/ Jacob A. Bashyrov*
                                                         JACOB A. BASHYROV
                                                         Trial Attorney
                                                         Office of Immigration Litigation
                                                         U.S. Department of Justice
                                                         P.O. Box 878, Ben Franklin Station
                                                         Washington, D.C. 20044
                                                         Tel: (202) 616-3477
                                                         Email: Jacob.Bashyrov@usdoj.gov

                                                         *Counsel for Defendants*

DEFENDANTS' OBJECTIONS AND RESPONSES TO CHIRLA'S EXPEDITED REQUESTS FOR PRODUCTION, SET ONE