BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
JONATHAN K. ROSS
Senior Litigation Counsel
JACOB A. BASHYROV
ANIELLO DESIMONE
STEPHANIE L. GROFF
JASON K. ZUBATA
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4143
Email: Jason.K.Zubata@usdoj.gov

BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (SBN 335008)
PAULINE H. ALARCON (SBN 345785)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Tel: (213) 894-5557 | 3992
E-mail: Alexander.Farrell@usdoj.gov
Pauline.Alarcon@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

PEDRO VASQUEZ PERDOMO; *et al.*,

Plaintiffs,

v.

KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.*,

Defendants.

***DISCOVERY MATTER***

No. 2:25-cv-05605-MEMF-SP

**DEFENDANTS' MEMORANDUM REGARDING THE SCOPE OF EXPEDITED DISCOVERY**

Hon. Maame Ewusi-Mensah Frimpong
United States District Judge

Referred to Hon. Sheri Pym
United States Magistrate Judge

## I. INTRODUCTION

Pursuant to the Court's December 2, 2025 Minute Order, ECF No. 282, Defendants submit this memorandum addressing the parties' dispute concerning the permissible scope of expedited discovery.

The issue before the Court is whether its grant of limited, expedited discovery—which was solely intended to test the factual bases underlying Defendants' opposition to Plaintiffs' motions for a temporary restraining order ("TRO") and preliminary injunction ("PI")[1], *id.*—encompasses only the operations occurring before the TRO and PI motions were filed (and which formed the basis of those requests for relief) as identified in subsections (a) through (l) of Plaintiffs' Request for Production ("RFP") No. 2, which correspond to the operations Plaintiffs identified in their TRO/PI filings, or whether Plaintiffs may also compel production regarding the subsequent operations listed in subsections (m) through (o), which do not correspond to any operation Plaintiffs challenged in their TRO/PI motions. *See generally* ECF Nos. 45, 128, 163 (challenging operations from June 6 to August 22, 2025). Defendants' position follows the limits the Court set in authorizing expedited discovery: Only subsections (a) through (l) of Plaintiffs' RFP No. 2 concern the operations that occurred before or contemporaneously with Plaintiffs' TRO/PI filings—the same operations that form the factual basis of Defendants' argument that the challenged operations and encounters complied with applicable law. Nothing in the Court's orders suggests a broader mandate or authorizes merits-stage discovery. To the contrary, the Court described the discovery as narrow, time-bound, and tied to the TRO/PI proceedings.

For the reasons provided herein, as well as in Defendants' positions in the principal joint stipulation, ECF No. 266, the Court should issue an order confirming the limited scope of Plaintiffs' discovery to the encounters that formed the basis of Plaintiffs' initial requests for injunctive relief and which Defendants' addressed in their opposition—as the District Court contemplated in issuing its limited, expedited discovery order, ECF No. 223 at 6 (as the Court explained, Plaintiffs' requests must remain "directly tethered" to the bases for Defendants' opposition).

[1] To date, the Court has not granted Intervenors' joinder motion. ECF No. 147. As discussed in Defendants' recently filed motion for protective order, ECF No. 288, given that the expedited discovery orders are tied exclusively to the claims and declarations underlying Plaintiffs' Fourth Amendment TRO/PI motions, absent such joinder, Intervenors lack an independent basis to participate in this narrowly-tailored expedited discovery.

## II. PROCEDURAL HISTORY

On October 17, 2025, the Court ordered the parties to engage in limited, expedited discovery on a narrowly defined set of topics tied to the TRO/PI briefing and proceedings—and nothing beyond that. *See* ECF Nos. 223, 227. Specifically, the Court's stated objective in affording Plaintiffs discovery was "to uncover the material upon which the Defendants relied in asserting" through their briefing "that their officers are properly trained and that all of the [challenged] stops were legal." ECF No. 223 at 5. In response to Defendants' concerns, the Court assured the parties that Plaintiffs' discovery requests were to evaluate the factual bases for Defendants' arguments against injunctive relief, not to authorize broad merits discovery. The Court repeated this point at each conference. Indeed, the Court explained that Plaintiffs' discovery is not intended to result in a "'large-scale audit of Defendants' immigration enforcement operations in the Central District of California'" but rather to understand "the basis upon which [the challenged] stops were made[.]" *Id.*

The Court reaffirmed this limitation at the November 14 status conference, where it explained that the November 4 production deadline was intended to encompass "the materials [Defendants used] to respond to the" TRO/PI motions. ECF No. 261, Nov. 14, 2025 Tr. at 9:20–23; 10:7–8. That is because the TRO/PI record closed well before the later operations described in subsections (m)-(o). While Plaintiffs argued that this discovery deadline required Defendants to produce any and all responsive materials across all of Plaintiffs' RFPs, the Court expressly rejected that interpretation, noting that it "deliberately didn't say all documents relied on by November 4[.]" *Id.* at 22:21–23. Rather, the Court understood that production of "all documents" may not be "possible" (*id.*)—and that proved true, because several categories fell outside the Court's authorization or required additional time to collect.

At the November 25 status conference, Plaintiffs acknowledged that the intended purpose of their discovery was "to test [D]efendants' factual assertions, [and D]efendants' reasons for opposing a preliminary injunction" (ECF No. 276, Nov. 25, 2025 Tr. at 5:15-18), which confirms the intended boundary between expedited and merits-stage discovery. This statement confirms the Court's intended purpose for this limited, expedited discovery, which is narrowly tailored to evaluating the factual bases of Defendants' TRO/PI oppositions.

## III. THE COURT AUTHORIZED LIMITED EXPEDITED DISCOVERY AS TO DEFENDANTS' FACTUAL ASSERTIONS IN SUPPORT OF THEIR OPPOSITION TO INJUNCTIVE RELIEF.

Expedited discovery must be "narrowly tailored so as to discover only the minimum amount of information needed to achieve its stated purpose." *Human Rights Watch v. DEA*, No. CV 15-2573 PSG (JPRx), 2015 U.S. Dist. LEXIS 192529, at *8-9 (C.D. Cal. July 10, 2015) (internal quotation marks and citation omitted). And where, as here, expedited discovery is granted in context of a TRO/PI, courts routinely limit it to materials directly relevant to the preliminary-injunction record. *See, e.g.*, *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (taking issue with the fact that the "plaintiff has made no effort to limit the topics on which it seeks to depose Davis to those topics pertinent to its motion for a preliminary injunction."). Here, the Court repeatedly confirmed—both in its orders (ECF Nos. 223, 227) and during status conferences, *supra* § II—that expedited discovery is to be confined to the factual record underlying Plaintiffs' TRO and PI motions and Defendants' respective oppositions.

Against this backdrop, only subsections (a)-(l) of Plaintiffs' RFP 2 concern the specific operations Plaintiffs identified in their TRO/PI briefing and which Defendants based their opposition to injunctive relief upon. Specifically, the documents Plaintiffs seek in these subsections—including field operation worksheets, Forms I-213, intelligence reports, notes, and videos, among other materials—represent the factual bases on which Defendants relied in opposing emergency injunctive relief and the same materials Defendants cited or described in opposing emergency relief. Such evidence includes assessments made before the TRO application was filed, operational materials supporting each of the challenged actions, and information Plaintiffs themselves relied on in moving for a TRO/PI, including materials Plaintiffs relied on in framing their own TRO/PI allegations. As Plaintiffs themselves acknowledge, the stated purpose of expedited discovery is to allow Plaintiffs to evaluate the factual bases for Defendants' TRO/PI oppositions, Nov. 25, 2025 Tr. at 5:15-18, not to expand the case into broader inquiries, including operations that Plaintiffs did not previously challenge or Defendants addressed in their oppositions.

Subsections (a)-(l) of Plaintiffs' RFP 2 bear directly on whether Defendants' contemporaneous rationale and evidence supported their positions in opposing emergency relief. *See* ECF Nos. 71, 170, 178 (arguing the challenged operations and encounters between June 6 and August 22 complied with

applicable law). To that end, Defendants continue to review materials in good faith and will supplement if any additional responsive items are identified.

## IV. SUBSECTIONS (m) THROUGH (o) EXCEED THE SCOPE OF THIS COURT'S LIMITED EXPEDITED DISCOVERY ORDERS.

Subsections (m) through (o) of Plaintiffs' RFP 2 seek information as to operations and encounters on September 22, 23, and 25—none of which occurred during the TRO/PI period nor were addressed in either side's TRO/PI briefing; thus, as Defendants explained in their written response and objections to Plaintiffs' RFP 2, these events exceed the scope of Plaintiffs' stated purpose of testing the factual assertions and bases of Defendants' TRO/PI oppositions, fall outside the Court's authorization, and should not be included in expedited discovery.

Through their additional requests, Plaintiffs would convert this narrow process into merits discovery, contrary to the Court's instructions. Indeed, the Court has repeatedly stressed that this discovery must remain narrow, time-bound, and focused. *See* ECF No. 223 at 5 (noting "Plaintiffs merely seek information needed to rebut the assertions stated in the declarations" attached to Defendants' TRO/PI oppositions and "only seek this information concerning a relatively small number of stops"); *id.* (noting the scope of discovery at this juncture is "far less than what [Plaintiffs] might be entitled to on merits discovery or if this Court were to certify a class.").[2] To permit discovery into these later operations would undercut the Court's intent in granting limited, expedited discovery that is narrowly tailored to Plaintiffs' stated purpose.

Plaintiffs' attempt to broaden RFP 2's reach into post-TRO/PI operations and unrelated encounters would effectively convert the operation-specific request into a sweeping merits inquiry, something neither the text of the request nor the Court's orders contemplate or otherwise sanction and expanding discovery now would disrupt the expedited timeline the Court set. Defendants preserved these objections in their written responses and maintain that RFP 2 (m) through (o) impose undue burden on Defendants—who would be forced to expand their scope of document collection outside the documents they have relied on in opposing Plaintiffs' requests for injunctive relief to date—and are irrelevant to the

[2] Plaintiffs do not identify any individuals tied to the operations listed in subsections (m) through (o); rather, Plaintiffs seek to undertake a fishing expedition on par with merits-stage discovery, as these three requests are untethered to any factual assertions for which Plaintiffs would need supporting or rebuttal evidence.

limited issues the Court authorized under its limited, expedited discovery orders—to challenge the factual assertions and bases in Defendants' oppositions. It would further require the government to launch a new round of searches unrelated to the TRO/PI record. If broader discovery becomes appropriate later, it should occur under standard scheduling, not through an expedited order.

## V. CONCLUSION

For these reasons, Defendants respectfully request that the Court confirm that expedited discovery encompasses only materials responsive to RFP 2(a) through (l) and the pre-TRO/PI operations associated with those subsections. Defendants further request that the Court expressly find that subsections (m) through (o) fall outside the scope of limited expedited discovery and that Interrogatory No. 2 should be construed accordingly to maintain consistency with the same temporal and subject-matter limits. This interpretation accords with the Court's orders, the November 14 transcript, the parties' prior submissions, and respects the well-settled principle that expedited discovery must remain narrowly tailored.

Dated: December 4, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

JONATHAN K. ROSS
Senior Litigation Counsel

JACOB A. BASHYROV
ANIELLO DESIMONE
STEPHANIE L. GROFF
Trial Attorneys

*<u>/s/ Jason K. Zubata</u>*
JASON K. ZUBATA
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4143
Email: Jason.K.Zubata@usdoj.gov

*Counsel for Defendants*

**L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record certifies that this filing is less than 5 pages, which complies with this Court's December 2, 2025 Order (ECF No. 282).

Dated: December 4, 2025

Respectfully submitted,

*/s/ Jason K. Zubata*
JASON K. ZUBATA
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice

*Counsel for Defendants*