UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | December 12, 2025 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:** **(In Chambers) Order Granting Plaintiffs' and Intervenors' Motion to Compel Discovery With Respect to Scope [266]**

## I.   INTRODUCTION

On November 21, 2025, plaintiffs and intervenors[1] filed a motion to compel requesting: (1) the court to order defendants to comply with the court's October 23, 2025 order to produce documents they relied on in opposing the motions for a temporary restraining order ("TRO") and preliminary injunction ("PI") no later than November 4, 2025, or certify they have done so; and (2) overrule defendants' privilege assertions. Docket no. 266.  The parties' positions are set forth in a Joint Stipulation ("JS").  *Id*. Plaintiffs' arguments are supported by the declaration of Henry D. Shreffler ("Shreffler Decl.") and exhibits.  *Id*.  On December 3, 2025, both plaintiffs and defendants filed supplemental memoranda.  Docket nos. 285 ("P. Supp."), 286 ("D. Supp.").

On December 4, 2025, the parties submitted memoranda concerning a separate issue regarding the permissible scope of expedited discovery.  Docket nos. 291 ("P. Scope Mem."), 292 ("D. Scope Mem.").  Plaintiffs' arguments are supported by the declaration of Henry D. Shreffler.  Docket no. 291-1 ("Shreffler Scope Decl.").

---

[1]   For ease of reference in this order, the court will simply refer to plaintiffs rather than both plaintiffs and intervenors.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | December 12, 2025 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

The court held a hearing on December 9, 2025. After considering the parties' written and oral arguments, the court grants plaintiffs' motion with respect to the October 23 order and scope of discovery, and reserves its decision on the privilege issues, as discussed below.

## II.   BACKGROUND

On July 2, 2025, plaintiffs filed the operative complaint and a request for a TRO. Docket nos. 16, 38. On July 11, 2025, the court issued a TRO enjoining defendants from conducting detentive stops in this District unless the agent or officer has reasonable suspicion that the person to be stopped is within the United States in violation of U.S. immigration law, and enjoining them from relying on four enumerated factors in forming reasonable suspicion. Docket no. 87.

On July 29, 2025 plaintiffs filed a motion for a preliminary injunction, and a supplemental brief a month later. Docket nos. 128, 147, 163. Defendants opposed the motion. Docket nos. 170, 178.

In the meantime, defendants appealed the TRO and obtained a stay pending appeal. *Noem v. Vasquez Perdomo*, __S. Ct. __, 2025 WL 2585637 (Sept. 8, 2025).

On September 22, 2025, plaintiffs filed a motion for limited expedited discovery in connection with the motion for a preliminary injunction. Docket no. 211. Specifically, plaintiffs requested that the court permit limited discovery on a subset of issues relevant to the court's resolution of the PI motion. *See id*. Plaintiffs attached the proposed interrogatories and requests for production ("RFPs") to the motion. *See* docket no. 211-1 (Declaration of Mahammad Tajsar ("Tajsar Decl."), Exs. 1-2. The proposed RFPS are as follows:

- <u>RFP No. 1</u>. All TRAINING OR GUIDANCE provided to AGENCY PERSONNEL referenced in ECF 71, ECF 71-1, ECF 71-2, ECF 170, ECF 170-1, ECF 170-2, ECF 170-3, and ECF 178, including TRAINING AND GUIDANCE concerning the TRO, on topics including but not limited to: the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | December 12, 2025 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

    difference between a consensual encounter and a seizure; the factors that may be considered in deciding whether to initiate a DETENTIVE STOP including vehicle stop; appropriate use of force, use of face coverings, and agent or officer identification as they relate to DETENTIVE STOPS; and documentation requirements for DETENTIVE STOPS.

- RFP No. 2.  All DOCUMENTS RELATING TO the operations below, including Field Operations Worksheets (FOWs), targeting sheets, operations plans, pre-operations briefings and/or intelligence reports, targeting packages, notes, videos (including body camera footage), Forms I-213s, database entries, post-operation briefings, after-action reports, other COMMUNICATIONS describing or characterizing the operation, DOCUMENTS reflecting review of the operation, and DOCUMENTS reflecting any arrest quotas or goals.  [list of operations omitted]

- RFP No. 3.  COMMUNICATIONS through messaging of any kind (including text messaging, chats, or messaging through a mobile application) from or to PERSONS identified in YOUR response to Plaintiff CHIRLA's Expedited Interrogatories No. 1 concerning the operations referenced in Plaintiff CHIRLA's Expedited Interrogatories No. 1.

- RFP No. 4.  All DOCUMENTS that YOU referenced, reviewed, or relied upon in responding to Plaintiff CHIRLA's Expedited Interrogatories to YOU.

*Id*., Ex. 2.  On October 17, 2025, the court granted plaintiffs' motion for limited expedited discovery (the "October 17 order").  Docket no. 223.  Plaintiff served the discovery requests on October 21, 2025.  *See* docket no. 226 at 3.

    On October 23, 2025, the court issued an order setting the schedule and terms for expedited discovery (the "October 23 order").  Docket no. 227.  Among other things, the court ordered defendants to "produce documents and other materials responsive to the RFPs on a rolling basis, with production of documents they relied on in opposing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | December 12, 2025 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

motions for a temporary restraining order and preliminary injunction to be made no later than November 4, 2025" (the "reliance materials"); produce privilege logs on a rolling basis; and complete the production of materials by November 21, 2025.  *See id*. at 4.

On November 4, 2025, defendants made a production of 35 documents (the "November 4 production").  Shreffler Decl. ¶¶ 4-5.  The production included only training documents, almost all of which were redacted.  *Id*. ¶¶ 5-6.  The following day, plaintiffs wrote to defendants to express their concern about the adequacy of the production – specifically, the lack of operational files – and doubt about the privilege assertions.  *Id*. ¶¶ 7-8, Ex. 5.  The parties continued to confer about the November 4 production.  *See id.* ¶¶ 9-17.

At the November 14, 2025 status conference, plaintiffs raised their concerns about the adequacy of the November 4 production with the court.  *See* docket no. 261.  The court noted that the October 23 order did not limit the production to the reliance materials.  Docket no. 261 at 9:25-10:7.

Plaintiffs filed the instant motion on November 21, 2025.

On December 2, 2025, the parties held a status conference before the court.  At the conference, plaintiffs informed the court defendants failed to produce any responsive materials relating to three of the raids in RFP No. 2.  Docket no. 283 at 6:11-7:8.  Defendants responded they believe the three raids fall outside of the scope of the October 17 order.  The court ordered the parties to submit briefs on the issue.  *See id*. at 30:5-9.  The parties filed the memoranda on December 4, 2025 ("December 4 memoranda").  Docket nos. 291-92.

### III.   DISCUSSION

The motion raises issues regarding the scope of discovery and privilege assertions.  The court here addresses the scope issues raised in the motion and December 4 memoranda, but reserves its decision on the privilege issues until after defendants submit a declaration supporting the privilege logs on December 16, 2025.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | December 12, 2025 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

### A. Scope of October 23, 2025 Order

Plaintiffs contend defendants failed to produce all of the reliance materials by November 4, 2025, and instead only produced documents responsive to RFP No. 1. JS at 9-12. Defendants argue they complied with the October 23 order, which only required that documents responsive to RFP No. 1 be produced by November 4. *See* JS at 22 ("Defendants produced the materials that fell within the category the Court indicated could reasonably be produced by November 4.") and 25 ("Defendants produced all training materials responsive to RFP 1 as ordered"). Plaintiffs assert there is no basis for defendants' interpretation of the order, defendants were obligated to also produce operational files, and defendants' actions have prejudiced them because they have delayed the expedited discovery process. *See* JS at 9-12; P. Supp. at 1-2.

The October 23 order does not limit production of the reliance materials to only RFP No.1. The plain language of the order states, "Defendants shall produce documents and other materials responsive to the RFPs on a rolling basis, with production of documents they relied on in opposing the motions for a temporary restraining order and preliminary injunction to be made no later than November 4, 2025." Docket no. 227. Despite the unambiguous language and the court's affirmation during the November 14 status conference that the November 4 deadline for the reliance materials was not limited to a particular RFP (docket no. 261 at 9:25-10:7), defendants not only continued to maintain their position in the joint stipulation and supplemental memorandum, but also erroneously stated the court confirmed their interpretation. *See* JS at 22, 25; D. Supp. at 2. The court did acknowledge at the November 14 status conference that the October 23 order did not require "all" the reliance materials to be produced by November 4, though the court assumed the bulk of the reliance materials would be produced by November 4. Docket no. 261 at 22:21-23:1. But again, nowhere did the court limit the reliance materials to those responsive to RFP No. 1. Although, at the December 9 hearing, defendants asserted their interpretation "was a good faith misunderstanding," the assertion lacks credibility given that defendants maintained their position even after the court reiterated that the October 23 order did not limit the November 4 production to materials responsive to RFP No. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | December 12, 2025 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

Notwithstanding privilege disputes and the delays in production, it appears that defendants have now produced the responsive reliance materials. Nevertheless, given defendants' delays and strained interpretations of the October 23 order, the court orders defendants to produce by December 22, 2025 a verified statement, certifying they have produced all reliance materials and explaining their production process for the reliance materials, including what documents they collected, when such collection occurred, and why they did not produce any responsive operational documents by November 4. To the extent any remaining responsive materials have not been produced, the court orders defendants to immediately produce those reliance materials.

**B.     Additional Raids**

Although not raised in the motion, the court also addresses here an additional scope issue raised during the December 2, 2025 status conference. As discussed above, plaintiffs informed the court that defendants were withholding documents relating to three raids in RFP No. 2 on the basis that the raids ostensibly fell outside the scope of permitted expedited discovery. Docket no. 283 at 6:11-7:8. Plaintiffs argue the October 17 order granting expedited discovery specifically permitted discovery of these additional raids. P. Scope Mem. at 2. Defendants maintain the court limited expedited discovery to the factual record underlying the TRO and PI motions and the opposing memoranda, and these three additional raids occurred after their filing. D. Scope Mem. at 3-4; *see also* JS at 21 (asserting some RFPs "sweep more broadly than the targeted discovery the Court described" and it is "producing responsive materials within the Court-authorized scope").

In the Joint Motion for Limited Expedited Discovery, plaintiffs submitted proposed RFPs. Tajsar Decl., Ex. 2. RFP No. 2 sought raid-specific operations documents for 15 raids. *See* docket no. 211 at 8; Tajsar Decl., Ex. 2 at 6-7. The proposed RFP No. 2 identified 12 raids and stated three additional raids were to be determined, "as Defendants' raids are continuing and Plaintiffs' investigation is ongoing." Docket no. 211 at 8, n.2. The court granted the motion for limited, expedited discovery on October 17, 2025, and plaintiffs served the discovery requests on October 21, 2025. Docket nos. 223, 226 at 3. The served RPFs identified the three additional raids as ones occurring on September 22, 23, and 25. *See* Shreffler Scope Decl., Ex. 4; D. Scope Mem. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | December 12, 2025 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

    The October 17 order permits discovery relating to the three additional raids occurring on September 22, 23, and 25. The motion for expedited discovery explicitly proposed that plaintiffs be permitted to add three additional operations to RFP No. 2 because the raids were ongoing. Docket no. 211 at 8, n.2; *see* Tajsar Decl., Ex. 2; *see also* docket no. 214 at 2 (defendants recognized plaintiffs sought discovery for multiple new incidents). The October 17 order granted plaintiffs' requests to serve the proposed RFPs on defendants. Docket no. 223. Thus, the October 17 order contemplated discovery of raids conducted after the TRO and PI motions were filed and did not preclude such discovery. This makes sense since the purpose of seeking a preliminary injunction is to stop ongoing conduct.

    The court therefore orders defendant to produce documents responsive to RFP No. 2(m)-(o) by December 19, 2025.

## IV. <u>ORDER</u>

    For the foregoing reasons, the court GRANTS plaintiffs' motion to compel (docket no. 266) in part, and ORDERS defendant to: (1) submit a verified statement, certifying they have produced all reliance materials and explaining the process they engaged in to produce the reliance materials by December 22, 2025; and (2) produce all documents responsive to RFP No. 2(m)-(o), as well as any remaining responsive materials, by December 19, 2025. The court further orders defendants to submit a declaration in support their privilege assertions by December 16, 2025, and reserves its ruling on the privilege issues.

    .