UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -GENERAL

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | December 23, 2025 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order Denying Defendants' Motion for a Protective Order [288] [301]

## I.    INTRODUCTION

On December 3, 2025, defendants filed a motion for a protective order requesting that the court: (1) limit those who may be physically present in the deposition room to no more than two attorneys per side and one representative per party; and (2) prohibit intervenors from questioning the deposition witnesses.[1]  Docket no. 288.  The parties' positions are set forth in a joint stipulation ("JS").  *Id*.  On December 10 and 12, 2025, the parties submitted supplemental memoranda.  Docket no. 301 ("D. Supp.") and 304 ("P. Supp.").  Plaintiffs' and intervenors' supplemental memorandum is supported by the declaration of Jin Niu ("Niu Decl.") and exhibit.  Docket no. 304-1.

The court found a hearing on this motion would not be of assistance and so vacated the hearing that was scheduled for December 23, 2025.  The court now denies the motion for a protective order for the reasons discussed below.

## II.    BACKGROUND

On July 2, 2025, plaintiffs filed the operative complaint and a request for a temporary restraining order (TRO).  Docket nos. 16, 38.  On July 11, 2025, the court

---

[1]    The parties have narrowed the issues since the motion was filed and these are the remaining issues in dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | December 23, 2025 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

issued a TRO enjoining defendants from conducting detentive stops in this District unless the agent or officer has reasonable suspicion that the person to be stopped is within the United States in violation of U.S. immigration law, and enjoining them from relying on four specified factors in forming reasonable suspicion.  Docket no. 87.

On July 29, 2025 plaintiffs filed a motion for a preliminary injunction (PI), which intervenors moved to join, and a supplemental brief a month later.  Docket nos. 128, 147, 163.  Defendants opposed the PI motion.  Docket nos. 170, 178.  In the meantime, defendants appealed the TRO and obtained a stay pending appeal.  *Noem v. Vasquez Perdomo*, __S. Ct. __, 2025 WL 2585637 (Sept. 8, 2025).

On September 22, 2025, plaintiffs and intervenors filed a motion for limited expedited discovery in connection with the motion for a preliminary injunction.  Docket no. 211.  Specifically, plaintiffs and intervenors requested that the court permit limited discovery on a subset of issues relevant to the court's resolution of the PI motion, including the depositions of six percipient witnesses and one Rule 30(b)(6) witness.  *See id*.  On October 17, 2025, the court granted the motion for limited expedited discovery (the "October 17 order").  Docket no. 223.

On October 23, 2025, the court issued an order setting the schedule and terms for expedited discovery.  Docket no. 227.  The court ordered defendants to complete their production of materials by November 21, 2025, and plaintiffs and intervenors to serve deposition notices by November 26, 2025 and complete all depositions by December 12, 2025.  *See id*.

On October 31, 2025, defendants file a request for reciprocal discovery.  Docket no. 243.  On November 10, 2025, the court granted in part the request and ordered, among other things, defendants may take the depositions of CHIRLA and three of the six individual declarants.  Docket no. 253.  The court further ordered defendants to serve deposition notices by December 1, 2025 and complete the depositions by December 19, 2025.  *See id*.

At the November 25, 2025 status conference, the court granted plaintiffs and intervenors an extension of their deadline to notice depositions to December 3 after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | December 23, 2025 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

plaintiffs informed it that defendants' delays, failure to produce all responsive documents (e.g., video footage) and heavy privilege redactions, which plaintiffs contest, have prejudiced them. *See* docket no. 276 at 9:15-11:5, 17:7-19:16, 25:22-26:2. Defendants then informed the court that they would be filing a motion to place "housekeeping guardrails" at the depositions, including requesting that intervenors be limited to participating in a listening-only capacity via phone. *Id.* at 27:22-29:5.

The same day, the parties filed a joint stipulation to extend defendants' deposition cut-off date. Docket no. 275. The court granted the joint stipulation and extended defendants' deadline to serve deposition notices to December 8, 2025 and to complete depositions to January 16, 2026. Docket no. 278.

Defendants filed the instant motion on December 3, 2025. Docket no. 288.

On December 12, 2025, the parties filed a joint stipulation to extend the deadline for plaintiffs and intervenors to complete their depositions to December 19, 2025, which the court granted. Docket nos. 302, 314.

### III.   DISCUSSION

Defendants move for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. JS at 1.

Rule 26(c) allows a party to file a motion for a protective order "in the court where the action is pending," and the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden," including an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex. rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | December 23, 2025 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

### A. Intervenors May Examine the Deponents

Defendants argue the court should grant a protective order clarifying that intervenors may not examine witnesses during the depositions.[2]  JS at 5-6; D Supp. at 2. Defendants contend the October 17 order did not grant intervenors the opportunity to separately examine witnesses and the court has not yet granted intervenors' request to join the preliminary injunction motion.  The court denies defendants' request.

The October 17 order expressly granted intervenors the right to seek limited expedited depositions.  Docket no. 223 at 10.  Defendants' argument that the October 17 order only permits intervenors to "seek" the requested expedited depositions, but not separately examine the witnesses, is nonsensical.  Intervenors were parties to the motion for limited expedited discovery and the court expressly granted it as to both plaintiffs and intervenors.  *See id.*

Defendants' argument that intervenors have no independent basis to examine witnesses during expedited discovery until the court grants their request to join the PI motion is similarly unpersuasive.  *See* D. Supp. at 2.  The court granted plaintiffs' and intervenors' motion for expedited discovery for the purpose of supporting the PI motion. *See* docket no. 223 at 4.

To the extent defendants continue to argue, in the alternative, that the court should require any intervenor questioning to run concurrently with plaintiffs' time and be confined to the authorized topics, this request is moot.  *See* JS at 6-7.  Plaintiffs and intervenors note that defendants failed to meet and confer with them on this issue, and had they done so, plaintiffs would have told defendants they do not oppose sharing questioning time.  JS at 10.

---

[2]     In their supplemental memorandum, defendants assert plaintiffs' and intervenors' contention that the October 17 order "'expressly' guarantees Intervenors an opportunity to examine witnesses or attend hearings at will is inaccurate."  D. Supp. at 2.  Whether intervenors have the right to attend hearings has not been questioned by any of the parties, nor was it raised by the parties in the joint stipulation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | December 23, 2025 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

Finally, defendants have not remotely met their burden of showing good cause for a protective order. Defendants implicitly argue they will be harmed because allowing multiple questioners would cause duplication, extend deposition dates, and complicate the handling of objections. JS at 5-6. But depositions routinely proceed with counsel for different parties examining a witness without undue complication, and defendants have made no showing that would not be the case here. In addition, plaintiffs and intervenors have agreed to share time. As such, defendants have not shown they will be harmed by intervenors participation. There accordingly is no basis for a protective order.

**B.   Defendants Fail to Show Good Cause for an Order to Limit the Number of Attorney or Party Representative Attendees at Depositions**

Initially, defendants moved for a protective order limiting the number of *attorney* representatives for each side in the deposition room to two each. JS at 1, 4-5. Plaintiffs and intervenors state they do not oppose a six-attorney limitation (up to two counsel for each of plaintiffs, intervenors, and defendants), and reasonable discretion regarding in-person attendance by party representatives. JS at 3, 10. Without acknowledging plaintiffs' and intervenors' agreement, defendants shifted their argument in their supplemental memorandum to request the court also limit the number of *party* representatives in attendance to one per party. D. Supp. at 2. Defendants further allege plaintiffs and intervenors rejected their one-party representative proposal and instead proposed that they be allowed five representatives and the defendants none. *Id*. at 2-3.

The only disagreement as to the number of attorneys who may attend the depositions in person is whether plaintiffs and intervenors may each have two or whether plaintiffs and intervenors may only have two attorneys between them. Part of the disagreement appears to stem from defendants' position that intervenors have no right to participate in the depositions. The court rejected this argument above. Defendants also argue a limit is needed to maintain a manageable and efficient deposition environment. But given the complexities of this case and the large number of both plaintiffs and intervenors, plaintiffs' and intervenors' agreement to limit themselves to two attorneys each at these depositions is reasonable and should not create any undue problems.

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page **5** of **6** |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | December 23, 2025 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

As for the number of party representatives who may attend, although defendants failed to raise the issue in the joint stipulation, the court exercises its discretion to addresses it here.

A party has a right to attend the depositions in the case absent extraordinary circumstances. *See Esebag v. Whaley*, 2019 WL 8013118, at *3 (C.D. Cal. Sept. 9, 2019); *Bedwell v. Fish & Richardson P.C.*, 2009 WL 10671331, at *3 (S.D. Cal. Mar. 30, 2009). Contrary to defendants' characterization of plaintiffs' and intervenors' position, plaintiffs and intervenors agree to limit the number of party representatives without excluding defendants' representatives. Plaintiffs simply disagree on the limitation size – proposing a limit of two party representatives from plaintiffs and three from intervenors, and not specifying a limitation for defendants. P. Supp. at 2-3; *see* Niu Decl., Ex. A.

A protective order limiting the number of party representatives in attendance is unwarranted, just as it is with respect to the number of attorneys. Plaintiffs' and intervenors' proposal is again reasonable, and two depositions had been completed as of December 12, 2025 without issue. Defendants have not shown what harm or prejudice they will suffer if the protective order is not granted, particularly given that the parties have agreed to reasonable limits. Defendants therefore failed to establish good cause.

## IV. ORDER

For the foregoing reasons, the court DENIES defendants' motion for a protective order (docket nos. 288, 301).