UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 5, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiff: Attorneys Present for Defendant:
None None

**Proceedings:** **(In Chambers) Order Granting Plaintiffs' and Intervenors' Motion to Compel Discovery in Large Part with Respect to Privilege [266]**

## I.     INTRODUCTION

On November 21, 2025, plaintiffs and intervenors filed a motion to compel requesting: (1) the court to order defendants to comply with the court's October 23, 2025 order to produce documents they relied on in opposing the motions for a temporary restraining order ("TRO") and preliminary injunction ("PI") no later than November 4, 2025 (the "October 23 order"), or certify they have done so; and (2) overrule defendants' privilege assertions.  Docket no. 266.  The parties' positions are set forth in a Joint Stipulation ("JS").  *Id*.  Plaintiffs' and intervenors' arguments are supported by the declaration of Henry D. Shreffler ("Shreffler Decl.") and exhibits.  *Id*.  On December 3, 2025, the parties filed supplemental memoranda.  Docket nos. 285 ("P. Supp."), 286 ("D. Supp.").

The court held a hearing on December 9, 2025.  After considering the parties' written and oral arguments, the court granted the motion with respect to the October 23, 2025 order and scope of discovery, and reserved its decision on the privilege issues.  Docket no. 305.  The court ordered defendants to submit a declaration in support of their privilege assertions by December 16, 2025.  *Id.*

On December 16, 2025, defendants filed the declarations of S.A. and M.B.C. to support their privilege assertions.  Docket nos. 311-1 ("S.A. Decl."), 311-3 ("M.B.C. Decl.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 5, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

For the reasons discussed below, the court grants in large part plaintiffs' and intervenors' motion with respect to the attorney-client privilege and work product doctrine issues.

## II. BACKGROUND

The parties are familiar with the factual and procedural background, which the court discussed at length in its December 12, 2025 order ("December 12 order"). Accordingly, the court will not repeat the background here except as follows.

On November 4, 2025, defendants made a production of 35 documents in response to RFP No. 1, which seeks training and guidance materials (the "training materials"). Shreffler Decl. ¶¶ 4-5. Thirty-three of the documents were redacted, some in their entirety. *Id*. ¶ 5. In some cases, defendants produced only the first page of a document and withheld the remainder. *Id.* The following day, plaintiffs and intervenors wrote to defendants to express doubt about the privilege assertions. *Id*. ¶ 8, Ex. 5. The parties continued to confer about the November 4 production over the subsequent days. *See id.* ¶¶ 9-17.

Defendants produced their initial privilege logs on November 7, 2025. *Id*. ¶ 10, Exs. 8-10. Defendants served revised privilege logs on November 13, 2025. *Id*. ¶ 33, Exs. 27-28. On November 21, 2025, defendants served further revised privilege logs from U.S. Customs and Border Protection ("CBP") and Immigration and Customs Enforcement ("ICE"). *Id*. ¶ 35, Exs. 30 ("CBP privilege log"), 31 ("ICE privilege log").

On November 21, 2025, plaintiffs and intervenors filed the instant motion. Docket no. 266.

On December 16, 2025, in response to the December 12 order, defendants filed the S.A. declaration in support of the ICE privilege log and the M.B.C. declaration in support of the CBP privilege log. *See* S.A. Decl., M.B.C. Decl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 5, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

## III.   DISCUSSION

The remaining issues in this motion are: (1) whether defendants improperly withheld or redacted the training materials on grounds of attorney-client privilege and work product doctrine; and (2) whether defendants implicitly waived privilege with respect to the training materials.[1]  *See* P. Supp. at 2-5; D. Supp. at 2-4.

### A.   Attorney-Client Privilege and Work Product Doctrine

#### 1.   Attorney-Client Privilege

Plaintiffs and intervenors argue defendants improperly asserted attorney-client privilege over 33 training materials and the redactions rendered the production "practically devoid of substance," since some of the documents were redacted in their entirety and only the first page was produced for others.  JS at 12.  Plaintiffs and intervenors contend defendants have not met their burden of establishing the withheld documents are protected by attorney-client privilege because the privilege logs were insufficient and, in any event, the documents "appear to be broadly distributed training manuals on generally applicable legal issues."  JS at 15-17; *see* CBP privilege log, ICE privilege log.  Defendants maintain all of the privilege designations are proper.  JS at 30-31.

"'The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, . . . as well as an attorney's advice in response to such disclosures."  *U.S. v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citation omitted).  The purpose of the privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."  *Upjohn Co. v. U.S.*, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981).  "'[A] party asserting the attorney-client privilege has the

---

[1]   Plaintiffs and intervenors argue defendants, in subsequent productions, also improperly redacted documents on the basis of law enforcement privilege.  That argument is the subject of a separate motion to compel.  Docket no. 306.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 5, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

burden of establishing the [existence of an attorney-client] relationship *and* the privileged nature of the communication.'" *U.S. v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (quoting *Ruehle*, 583 F.3d at 607)). Confidential communications between a client and an attorney are protected from disclosure:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992)). "Because it impedes the full and free discovery of the truth, the attorney-client privilege is strictly construed" (*id.*), and "applies only where necessary to achieve its purpose." *U.S. v. Talao*, 222 F.3d 1133, 1140 (9th Cir. 2000). Communications are not privileged unless they included legal advice or were made for the purpose of assisting counsel in rendering legal advice. *See In re Copper Market Antitrust Litig.*, 200 F.R.D. 213, 219 (S.D.N.Y. 2001) (finding privilege applied where communications "were made for the purpose of facilitating the rendition of legal services").

      The attorney-client privilege does not apply to general-purpose materials prepared for educational and training purposes that teach about the laws to be enforced and constitutional and statutory constraints. *ACLU of San Diego and Imperial Cntys. v. DHS*, 2017 WL 9500949, at *11 (C.D. Cal. Nov. 6, 2017). To be protected by attorney-client privilege, the documents must contain fact-specific legal advice. *Hipschman v. Cnty. of San Diego*, 742 F. Supp. 3d 1123, 1131 (S.D. Cal. 2024); *see ACLU of N. Cal. v. FBI*, 146 F. Supp. 3d 1161, 1169 (N.D. Cal. 2015) (defendant must provide sufficient information to show the material consists of advice about specific legal questions and situations in order to be protected by attorney-client privilege), reversed on other ground by *ACLU of N. Cal. v. FBI*, 881 F.3d 777 (9th Cir. 2018).

      On the face of the privilege logs, the withheld training materials do not appear to be protected by the attorney-client privilege. Other than GOV00000171-172 as discussed below, the withheld documents appear to be widely distributed general training materials about different areas of law and protocol, and not confidential communications made for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 5, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

the primary purpose of seeking legal advice on the matter. *See ACLU of San Diego and Imperial Cntys.*, 2017 WL 9500949, at *11; *Nat'l Sec. Couns. v. CIA*, 960 F. Supp. 2d 101, 194 (D.D.C. 2013). While the privilege logs describe the documents as created by attorneys for the purpose of providing legal advice,[2] the mere inclusion of the elements of a privilege does not constitute a sufficient description. *See Garcia v. Cnty. of Stanislaus*, 2022 WL 4237960, at *5 (E.D. Cal. Sept. 13, 2022); *Ecological Rts. Found. v. FEMA*, 2017 WL 5972702, at *6 (N.D. Cal. Nov. 30, 2017) (the recitation of boilerplate attorney-client privilege elements is insufficient); *Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, 2017 WL 445722, at *9 (E.D. Cal. Feb. 2, 2017) (privilege log describing withheld document as "communication made in confidence for the purpose of giving or obtaining legal advice" was inadequate). Apparently recognizing the inadequacy of the privilege logs, defendants belatedly stated they were prepared to submit declarations to support the privilege assertions, which they did on December 16 following the court's December 12 order. D. Supp. at 3.

In support of the CBP privilege log, defendants submitted the declaration of the Associate Chief Counsel of the Enforcement and Operations section of the Office of Chief Counsel of CBP. M.B.C. Decl. The M.B.C. declaration is plainly inadequate because it discusses documents not at issue in this case. The documents at issue in the CBP privilege log are Bates numbered GOV0000006-GOV00000030.[3] *See* CBP privilege log. The M.B.C. declaration does not mention any of these documents and instead refers to documents Bates numbered GOV-00001019-GOV-00003442.[4] *See*

---

[2] The privilege descriptions in the CBP privilege log are cut off. *See* CBP privilege log.

[3] It appears CBP, inexplicably, stamped Bates-numbers only on the first page of each withheld document rather than each page of the document. *See* CBP privilege log.

[4] These discrepancies suggest the M.B.C. declaration was written in support of a privilege log in another case and was simply modified in part so that it could be submitted in this case. Based on government counsel's comments about a different declaration at the December 30 hearing on a different motion, however, the court allows for the possibility that the documents discussed in the M.B.C. declaration were in fact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 5, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

M.B.C. Decl. ¶¶ 12-35.  As such, defendants failed to meet their burden of demonstrating attorney-client privilege protects the training materials on the CBP privilege log.

As for the ICE privilege log, defendants submitted the declaration of the Chief Counsel of the Office of the Principal Legal Advisor, Los Angeles, ICE in support of its privilege assertions.  S.A. Decl.  The S.A. declaration also fails to meet defendants' burden to show the existence of attorney-client privilege.  First, the S.A. declaration identifies three categories of training documents, but fails to specify which withheld training materials fall under each category.  While some withheld training materials appear to be easily categorized, the court notes that there are ambiguities.  For example, the last category is "Fourth Amendment Immigration Enforcement Refresher Training – HSI Instructor Notes" (*id.* ¶ 3(c)), but only one document on the ICE privilege log has "instructor notes" in the name and that one appears to fall into the second category (*id.* ¶ 3(b)).  It should not fall upon the court to determine which document falls under which category.  S.A. should have identified which documents fall under each category and whether they are privileged in their entirety or the portions that are privileged.  *See Segura v. U.S.*, 2020 WL 4043817, at *2 (E.D. Wash. Jul. 17, 2020) (declaration failed to identify specific training documents by title and the pages over which privilege was being claimed); *Amadei v. Nielsen*, 2019 WL 9165492, at *9 n.9 (E.D.N.Y. Apr., 17, 2019) (declaration that fails to identify the specific training documents or portions being withheld is insufficient); *Nat'l Sec. Couns.*, 960 F. Supp. 2d at 194-95 (declaration must state whether it is asserting attorney-client privilege as to all or only a portion of the documents, and if only a portion, it must explain why privilege applies to each portion).

Second, the S.A. declaration does not demonstrate the communications rest on confidential information obtained from the client.  *See ACLU of San Diego and Imperial Cntys. v DHS*, 2017 WL 2889682, at *5 (C.D. Cal. Feb. 10, 2017) (attorney-client privilege does not apply to training manual because the declaration does not indicate the manual is based on confidential information imparted by CBP to its lawyers).  Here, S.A. asserts that the "topics, emphasis, and examples" were informed by ongoing

---

produced in this case.  Either way, the declaration does not discuss the documents in question in this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 5, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

communications with field personnel, including questions that arose.  S.A. Decl. ¶ 11.  Assuming that some of trainings addressed questions from ICE agents, this declaration still does not demonstrate that these documents rested on confidential information from ICE employees and were created for the primary purpose of providing legal advice as opposed to providing general education.  Indeed, other district courts have found the attorney-client privilege does not necessarily attach to materials the government claims arose from the client's questions.  In *ACLU of North California*, the FBI withheld Advisory Notices on attorney-client privilege grounds, stating that the substance of the notices arose from questions raised to FBI counsel.  146 F. Supp. 3d at 1168.  The court reviewed the redacted notices and found they were "more akin to a resource opinion about the applicability of existing policy to a certain state of facts, like examples in a manual," as opposed "to a factual or strategic advice giving opinion."  *Id.* (quotation marks and citation omitted).  Similarly, in *ACLU of San Diego and Imperial Counties*, the government asserted a course manual was privileged because it was "based on confidential information shared by the client involving CBP enforcement activities and procedures . . . and consolidates information in response to . . . specific and often reoccurring issues and fact patterns."  2017 WL 9500949, at *11.  But upon review, the court disagreed and found that the course manual contained no fact-specific legal advice and communication and instead functioned as a general-purpose legal manual.  *Id.*  Here, while the S.A. declaration certainly suggests portions of the withheld ICE training materials may be protected by the attorney-client privilege, it is difficult for the court to see how the entirety of the documents would be protected.

     Moreover, S.A.'s assertions are called into question by a publicly available prior version of a withheld document and defendants' subsequent production here.  Among the withheld materials are multiple versions of a Fourth Amendment refresher course.  *See* ICE privilege log.  But ICE produced a prior version of the Fourth Amendment refresher course in *Kidd v. Noem*, No. 20-cv-03512 (C.D. Cal.), and the document is simply a general training manual.  *See* Schreffler Decl., Ex. 6.  Seemingly acknowledging the Fourth Amendment refresher course is a general training manual not protected by privilege, defendants subsequently produced the 2025 version – "4th Amendment Immigration Enforcement Refresher Training" dated June 5, 2025 (GOV-00000031-GOV00000062).  P. Supp. at 4.  Yet, defendants continue to withhold other versions of this training manual.  *Id*.  It is hard for the court to reconcile the production of some

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 5, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

versions but not others, or how the withheld versions could be protected at all, much less in their entirety.

Finally, the S.A. declaration was insufficient to demonstrate confidentiality. The S.A. declaration stated the training materials are "intended only for internal use" and the expectation is that these materials are not to be shared outside the agency. S.A. Decl. ¶¶ 13-14. But defendants "'must demonstrate confidentiality in fact, whatever its subjective intentions may have been.'" *Nat'l Sec. Couns.*, 960 F. Supp. 2d at 194 (quoting *Am. Immigr. Council v. DHS*, 950 F. Supp. 2d 221, 243 (D.D.C. 2013)); *see ACLU of N. Cal.*, 146 F. Supp. 3d at 1168 (there must be evidence the communications were confidential in fact). The declaration does not do so here.

### 2. <u>Work Product Doctrine</u>

Plaintiffs and intervenors similarly argue defendants have not met their burden of showing the training materials are protected by the work product doctrine. JS at 17-18.

The work product doctrine is a qualified privilege that protects documents prepared by a party or its representative in anticipation of litigation. *U.S. v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020). At its core, the doctrine protects an attorney's mental processes and prevents "'exploitation of a party's efforts in preparing for litigation.'" *Id.* (citation omitted); *see Miller v. Pancucci*, 141 F.R.D. 292, 303 (C.D. Cal. 1992) (documents prepared by a police department's internal affairs section in the regular course of business are not considered protected work product).

In order to determine whether the work product doctrine applies to a government record, the court must evaluate the nature of the document and the factual situation. *ACLU of San Diego and Imperial Cntys.*, 2017 WL 9500949, at *9. "Material that simply lists relevant case law and recites case holdings is not protected by the attorney work-product privilege." *ACLU of N. Cal. v. DOJ*, 880 F.3d 473, 488 (9th Cir. 2018); *see Hipschman*, 742 F. Supp. 3d at 1133 (materials created to educate on the law, duties, and obligations are not work product); *ACLU of San Diego and Imperial Cntys.*, 2017 WL 9500949, at *10 (synthesis of case law on various topics such as "search and seizure" resemble an agency manual and do not anticipate litigation such that work product

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 5, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

applies); *Am. Immigr. Council*, 905 F. Supp. 2d at 222 (distinguishing between "neutral, objective analyses of agency regulations" and "more pointed documents" that make recommendations about how to proceed with specific investigations or advise as to legal challenges against a specific program).  Although a document does not need be prepared for a specific claim or case to be protected by the work product doctrine, "'the mere possibility of litigation is not enough.'"  *ACLU of San Diego and Imperial Cntys.*, 2017 WL 9500949, at *9 (citation omitted).  The documents must "contain[] some original analysis – particularized arguments, strategies, or tactics generated in anticipation of litigation" to be considered work product.  *ACLU of N. Cal.*, 880 F.3d at 488.

    Again, the privilege logs do not provide sufficient detail for the court to determine whether they were prepared in anticipation of a litigation, and therefore the court must examine the declarations.  As discussed above, defendants have not met the burden of demonstrating the work product doctrine applies to the training materials on the CBP privilege log because the M.C.B. declaration does not discuss the documents at issue.

    The S.A. declaration also fails to meet defendants' burden to demonstrate the ICE training materials are work product.  S.A. asserts these training materials were prepared in anticipation of litigation, but the purpose of the documents appears to be to educate on the law and the agents' duties and obligations rather than preparation for anticipated litigation.  *See Hipschman*, 742 F. Supp. 3d at 1133 (conclusory statement that the trainings were to protect from future litigation was insufficient because the declaration failed to identify specific facts that would support the claim); *ACLU of San Diego and Imperial Cntys.*, 2017 WL 9500949, at *10 (when the focus of the materials is on explaining laws and educating officers on proper behavior, it is not work product).  Indeed, the training materials appear to be regularly provided trainings on the Fourth Amendment and Ninth Circuit case law.  "[M]aterials serving no clearly identifiable adversarial function, such as policy manuals, generally do not constitute work-product." *ACLU of San Diego and Imperial Cntys.*, 2017 WL 9500949, at *9.  An agency may not simply "withhold any document prepared by any person in the Government with a law degree simply because litigation might someday occur."  *Am Immig. Council*, 905 F. 2d at 221.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 5, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

Nevertheless, the S.A. declaration certainly suggests that some portions of the training materials may constitute work product. For example, S.A. asserts that the materials address how to present evidence (S.A. Decl. ¶ 7(c)) and contain opinions and conclusions of how "officers' conduct and documentation will be evaluated in future hearing" (*id*. ¶ 8(b)(2)). But as discussed above, this would appear to apply to only portions of the training materials and the court cannot determine which portions might be protected because defendants failed to identify those portions and the court has not reviewed the documents.

At bottom, defendants failed to meet their burden of showing the training materials are protected by either attorney-client privilege or the work product doctrine. As discussed above, assuming that the training materials were in fact kept confidential, the court recognizes that portions of the withheld ICE documents may be protected by either the attorney-client privilege or work product doctrine but the court cannot ascertain which redactions are actually protected by privilege. Although this normally may be resolved with an in camera review, the court declines to conduct one here because, as discussed below, even if the training materials, or portions thereof, are privileged, defendants waived the privilege.

**B.    Implied Waiver**

Plaintiffs and intervenors argue that even if the withheld training materials were protected by attorney-client privilege and the work product doctrine, defendants have impliedly waived the privileges by relying on the agents' training as a basis to oppose plaintiffs' and intervenors' TRO and PI motions. JS at 18-20. Defendants disagree that they impliedly waived privilege and contend the training materials are peripheral, not core to their defense, which is that there was a sufficient basis for the stops and arrests. JS at 28-29.

The Ninth Circuit has repeatedly held that "[t]he privilege which protects attorney-client communications may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *see Bittaker v. Woodford*, 331 F.3d 715, 719, 722 n.6 (9th Cir. 2003) (decision also applies to work product); *Sommer v. U.S.*, 2011 WL 4592788, at *5 (S.D. Cal. Oct. 3, 2011) (doctrine of implied waiver also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 5, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

applies to work product). "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the other party cannot adequately dispute unless it has access to the privileged materials." *Bittaker*, 331 F.3d at 719. Therefore, if "a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron Corp.*, 974 F.2d at 1162.

In determining whether there has been an implied waiver, federal courts in the Ninth Circuit consider whether: (1) the assertion of the privilege was a result of some affirmative act, such as filing suit or raising an affirmative defense, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense. *Home Indem. Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).

Here, the elements of the implied waiver test are satisfied. Contrary to defendants' attempts to downplay their defense, they raised training as a defense in the opposition motions and therefore put the training materials at issue. In their opposition to the PI motion, defendants argue their actions were lawful because federal agents and officers follow Fourth Amendment law and are repeatedly trained on the case law. Docket no. 170 at 17. Defendants also assert their agents and officers were trained to ensure compliance with the TRO (docket no. 178 at 2-3) and the specific stops at issue were constitutional (*id*. at 5). By defendants' own arguments, the training received is inextricably linked to the actions of the agents and officers. It would therefore be fundamentally unfair for defendants to be able to use the training materials as both a sword and shield by allowing them to argue adequate training while withholding them from plaintiffs. Thus, except for GOV-00000171-GOV-00000172, to the extent defendants choose to assert their agents and officers' actions were lawful due to the training received, they are ordered to promptly – by January 9, 2026 – produced the withheld training materials.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 5, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

### C. **Specific Documents**

Finally, the court address the handful of documents at issue that do not neatly fall within the above categories as follows.

- GOV00000031-GOV00000062 has already been produced. P. Supp. at 4; D. Supp. at 1-2. Although defendants produced this document, plaintiffs contend defendants insist they are maintaining privilege assertions over the document. P. Supp. at 4. Because defendants have produced this unredacted document, they cannot continue to assert privilege over it.

- GOV-00000172-GOV-00000173 concerns the instant litigation and does not appear to be a training document. As such, it appears to be correctly withheld on the basis of attorney-client and work product privilege and need not be produced.

- GOV-00000274-GOV-00000275 is included on the ICE privilege log, but defendants failed to include the applicable privilege and a description of the privilege. As such, defendants are ordered to produce the document or submit an amended privilege log by January 9, 2026.

## IV. **ORDER**

For the foregoing reasons, the court GRANTS in large part plaintiffs' and intervenors' motion to compel (docket no. 266) and overrules defendants' privilege assertions as described above. The court ORDERS defendant to: promptly, by January 9, 2026, produce all documents withheld based on attorney-client and/or work product privilege identified in the CBP and ICE privilege logs except as specified above.