BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
JONATHAN K. ROSS
Senior Litigation Counsel
STEPHANIE L. GROFF
JACOB A. BASHYROV
ANIELLO DESIMONE
JASON K. ZUBATA
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-7662
Email: Jonathan.K.Ross@usdoj.gov

*Counsel for Defendants*

BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (SBN 335008)
PAULINE H. ALARCON (SBN 345785)
Assistant United States Attorneys
  Federal Building, Suite 7516
  300 North Los Angeles Street
  Los Angeles, California 90012
  Tel: (213) 894-5557 | 3992
  E-mail:  Alexander.Farrell@usdoj.gov
        Pauline.Alarcon@usdoj.gov

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PEDRO VASQUEZ PERDOMO; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.*,<br><br>Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>***DISCOVERY MATTER***<br><br>**EX PARTE APPLICATION TO STAY JANUARY 5, 2026 ORDER [ECF NO. 338] OR, IN THE ALTERNATIVE, EX PARTE APPLICATION TO EXTEND PRODUCTION DEADLINE**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge<br><br>Referred to Hon. Sheri Pym<br>United States Magistrate Judge |

### <u>NOTICE OF APPLICATION</u>
### <u>AND DECLARATION OF JONATHAN K. ROSS</u>

PLEASE TAKE NOTICE that, in accordance with Civil Local Rules 6-1 and 7-19, and this Court's Standing Order, Defendants, by and through their counsel of record, respectfully apply to the Court on an ex parte basis for an order to stay the Court's January 5, 2026 Order (ECF No. 388) ("Order"), requiring Defendants produce certain documents withheld based on attorney-client and/or work product privilege. In the alternative, Defendants apply ex parte for an extension the January 9, 2026 production deadline ordered by the Court. *Id.* This ex parte application is necessary while Defendants contemplate whether to appeal the Order in the interest of preserving its asserted privileges. Alternatively, an extension is necessary to allow Defendants the opportunity to determine whether to move for review and reconsideration under Local Rule 72-2 and Judge Frimpong's Civil Standing Order.

Defendants' ex parte application is based on this Notice, the Proposed Order, all records and papers filed in this action, and any other evidence that the Court may consider in ruling on Defendants' requested relief.

Defendants acted in good faith by promptly notifying Plaintiffs and Intervenors of this request via email and in-person on January 8, 2026. Defendants also engaged in good-faith discussions with Plaintiffs in an attempt to reach a stipulated stay. Plaintiffs and Intervenors declined, and Defendants now seek relief from the Court.

Counsel for Defendants complied with the requirements of Local Rules 7-19 and 7-19.1, as well as this Court's Standing Order, in submitting this ex parte application. Specifically, counsel included a supporting memorandum stating the grounds for the requested relief, provided the known contact information for opposing counsel, and lodged a proposed order for the Court's consideration. In addition, counsel made reasonable, good-faith efforts to notify opposing counsel of the date and substance of this application prior to filing and has submitted a declaration detailing those notice efforts and stating whether any opposition exists.

DEFENDANTS' EX PARTE APPLICATION TO STAY CASE

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Jonathan K. Ross
JONATHAN K. ROSS
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice

*Counsel for Defendants*

**Notice:** Plaintiffs oppose this ex parte application and intend to file an opposition within 24 hours. Plaintiffs are represented by a large team of attorneys from multiple organizations.

| | |
|---|---|
| STACY TOLCHIN<br>(SBN 217431)<br>stacy@tolchinimmigration.com<br>LAW OFFICES OF STACY TOLCHIN<br>776 E. Green St., Suite 210<br>Pasadena, CA 91101<br>Tel: 213-622-7450;<br>Fax: 213-622-7233 | DIANA SÁNCHEZ<br>(SBN 338871)<br>dianasanchez@aclusocal.org<br>ACLU FOUNDATION OF<br>SOUTHERN CALIFORNIA<br>1313 West Eighth Street<br>Los Angeles, CA 90017-4022<br>Tel: 213-977-5232;<br>Fax: 213-201-7878 |
| MOHAMMAD TAJSAR<br>(SBN 280152)<br>mtajsar@aclusocal.org<br>MAYRA JOACHIN<br>(SBN 306065)<br>mjoachin@aclusocal.org<br>EVA BITRÁN (SBN 302081)<br>ebitran@aclusocal.org<br>DAE KEUN KWON<br>(SBN 313155)<br>akwon@aclusocal.org<br>OLIVER MA (SBN 354266)<br>oma@aclusocal.org<br>STEPHANIE PADILLA<br>(SBN 321568)<br>spadilla@aclusocal.org | MARK ROSENBAUM<br>(SBN 59940)<br>mrosenbaum@publiccounsel.org<br>REBECCA BROWN<br>(SBN 345805)<br>rbrown@publiccounsel.org<br>SOPHIA WRENCH<br>(SBN 354416)<br>swrench@publiccounsel.org<br>RITU MAHAJAN (SBN 252970)<br>rmahajan@publiccounsel.org<br>GINA AMATO (SBN 215519)<br>gamato@publiccounsel.org<br>PUBLIC COUNSEL<br>610 South Ardmore Avenue |

DEFENDANTS' EX PARTE APPLICATION TO STAY CASE

Los Angeles, CA 90005
Tel: 213-385-2977
*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
alai@law.uci.edu
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894;
Fax: 949-824-2747

JACOB S. KREILKAMP
(SBN 248210)
jacob.kreilkamp@mto.com
JAMIE LUMA (SBN 331610)
jamie.luma@mto.com
SARA H. WORTH
(SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER
(SBN 343388)
henry.shreffler@mto.com
MAGGIE BUSHELL
(SBN 354048)
maggie.bushell@mto.com
KYLE A. GROVES
(SBN 358085)
kyle.groves@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100;
Fax: 213-683-9100
*Counsel for Stop/Arrest Plaintiffs*
LAUREN M. WILFONG*
lwilfong@ndlon.org
EDGAR AGUILASOCHO
(SBN 285567)

NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

BREE BERNWANGER
(SBN 331731)
bbernwanger@aclunc.org
AMERICAN     CIVIL    LIBERTIES
UNION     FOUNDATION     OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

MATTHEW J. CRAIG
(SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS
(SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street,
Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883;
Fax: 212-564-0883
*Counsel for Access/Conditions Plaintiffs*

eaguilasocho@farmworkerlaw.com
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025
ALVARO M. HUERTA
(SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL
(SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS

634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant
Defenders Law Center*

* Admitted pro hac vice

## MEMORANDUM OF POINTS AND AUTHORITIES

For the reasons set forth below, Defendants respectfully request an order for a temporary stay of the January 5, 2026 production Order (ECF No. 338) while Defendants contemplate whether to appeal the Order in the interest of preserving its asserted privileges. ECF No. 338. Alternatively, Defendants seek an extension of the January 9, 2026 production deadline ordered by the Court to determine whether to move for review and reconsideration under Local Rule 72-2 and Judge Frimpong's Civil Standing Order.

On January 5, 2026, the Court issued an order directing Defendants to produce by January 9, 2026, all documents previously withheld on grounds of attorney-client privilege or the attorney work-product doctrine, except for a narrow subset. Order at 12. The Court based its decision in part on its observation that the declaration of M.B.C. was inadequate because it "discusses documents not at issue in this case" and does not reference the Bates-numbered materials in the United States Customs and Border Patrol ("CBP") privilege log. *Id.* at 5-6. That conclusion, however, appears erroneous. As explained below, M.B.C.'s declaration corresponds directly to the documents listed in the November 7, November 13, and November 21 privilege logs, and to the redacted training materials and guidance produced to Plaintiffs on November 21, 2025—materials that utilize precisely the same Bates numbering referenced in the declaration. A revised CBP privilege log using these same Bates numbers was provided to Plaintiffs on November 25, 2025.

Under Local Rule 72-2 and Judge Frimpong's Standing Order, a party has party to seek review of a magistrate judge's discovery ruling within 14 days of service of the order. Defendants therefore seek a short stay (or extension) of the January 9 deadline to allow the District Judge the opportunity to review the ruling prior to an irreversible disclosure of privileged materials. The prejudice to Defendants of producing privileged materials prematurely far outweighs any prejudice to Plaintiffs, particularly given that Plaintiffs indicated they may seek to extend their Rule 30(b)(6) deposition cut-off to have additional time to analyze Defendants' document production.

**ARGUMENT**

To obtain ex parte relief, the moving party must show that: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "that the moving party is without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Both conditions are satisfied here: the lapse in appropriation prevents Department counsel from participating in litigation, and Defendants bear no responsibility for the congressional funding impasse that necessitates this request.

First, Defendants will be irreparably prejudiced if the court does not grant a stay. Judge Frimpong's Civil Standing Order authorizes any party to seek review of a magistrate judge's discovery ruling within 14 days of service pursuant to Local Rule 72-2. Thus, Defendants have until January 20, 2026 to file such a motion. Defendants intend to do so because the Order rests on a factual error regarding the scope of the M.B.C. declaration and the identification of Bates-numbered documents and additional legal errors. If Defendants are required to produce privileged documents before the district judge has an opportunity to rule, Defendants' ability to obtain review under Local Rule 72-2 would be effectively nullified. The January 9 deadline therefore must be stayed until the district judge can consider the forthcoming motion for review and reconsideration.

Second, Defendants are without fault in creating the crisis that requires ex parte relief. If Defendants are required to produce privileged documents before the district judge has an opportunity to rule, Defendants' ability to obtain review under Local Rule 72-2 would be effectively nullified. The January 9 deadline therefore must be stayed until the district judge can consider the forthcoming motion for review and reconsideration. Granting a stay simply recognizes this reality and maintains the status quo. Therefore, Defendants satisfy the second *Mission Power* factor, given that they did not create the circumstances requiring ex parte relief.

The prejudice to Defendants of producing privileged materials prematurely far outweighs any prejudice to Plaintiffs, particularly given that Plaintiffs indicated they may seek to extend their Rule 30(b)(6) deposition cut-off to have additional time to analyze Defendants' document production.

For the foregoing reasons, Defendants respectfully request that the court stay the January 5, 2026 Order, or in the alternative, extend the production deadline from January 9, to January 19.

Dated: January 8, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

STEPHANIE L. GROFF
JACOB A. BASHYROV
JASON K. ZUBATA
ANIELLO DESIMONE
Trial Attorneys

*/s/ Jonathan K. Ross*
JONATHAN K. ROSS
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7662
Email: Jonathan.K.Ross@usdoj.gov

*Counsel for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel of record certifies that this filing is 735 words, which complies with L.R. 11-6.1.

Dated: January 8, 2026                    Respectfully submitted,

*/s/ Jonathan K. Ross*
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice

*Counsel for Defendants*