UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 9, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Denying in Large Part and Granting in Limited Part Defendants' Ex Parte Application to Stay or Extend Production Deadline [348]

On January 8, 2026, defendants filed an ex parte application to stay or extend the production deadline set by the court in its January 5, 2026 Order Granting Plaintiffs' and Intervenors' Motion to Compel Discovery in Large Part with Respect to Privilege. In that order, the court overruled defendants' attorney-client privilege and work product assertions as to certain documents, and ordered defendants to produce the documents in question by January 9, 2026. With the instant ex parte application, defendants seek a stay or extension of the January 5 production order to January 19, 2026, to allow them time to determine whether they will move for review of the January 5 order. Plaintiffs and intervenors opposed the application on January 9, 2026.

"Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify ex parte relief, the moving party must, at a minimum, show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492; *see also* L.R. 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.").

As to the first *Mission Power* factor, there is no question that defendants would be prejudiced if the matter were heard on regular noticed motion procedures, since it would not be heard until after defendants had made their production of documents they contend

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 9, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al. | | |

are privileged.  The second factor is a somewhat closer issue.  As plaintiffs note, the court's January 5 ruling on the motion could not have been unexpected since it was in line with the court's earlier comments at hearings, and therefore it is difficult to understand why defendants do not yet know whether they will seek review of the decision.  Even so, the court recognizes that defendants needed to see and consider the written decision before making any final determination, and that they have had less than a week to do so.  Although an application made earlier in the week would have been preferable, in no event could defendants have sought a stay of the January 5 order other than on an ex parte basis.  Accordingly, the court finds it appropriate to rule on this application.

Whether defendants are entitled to the relief they seek is another matter.  Defendants indicate they may seek review of the January 5 order because it was based in part on a finding that the M.B.C. declaration was inadequate because it did not discuss the documents listed in the privilege log at issue in the motion the court was ruling on.  Defendants maintain that finding is erroneous because, "[a]s explained below," the M.B.C. declaration corresponds directly to the documents in the privilege log at issue in the motion. App. Mem. at 1.  Unfortunately, defendants do not actually explain "below" how this is so.  But in their opposition to this application, plaintiffs explain that the M.B.C. declaration references the Bates numbers assigned to the training materials at issue when they were reproduced to plaintiffs, rather than the Bates numbers assigned to the training materials when they were initially produced; whereas the privilege log submitted to court with the motion references the initial Bates numbers.  This was a problem since the court was only provided privilege logs with the initial production Bates numbers, not the later Bates numbers referenced by M.B.C., and therefore the court had no way of knowing the Bates numbers referenced by M.B.C. referred to the documents at issue in the motion.  Nonetheless, it appears the court was – understandably, given the record – incorrect in finding the M.B.C. declaration did not discuss the documents in question in the motion.

Even accepting that the M.B.C. declaration did discuss the documents at issue, however, the court's finding it did not was not the only basis for the court's overruling of defendants' privilege assertions.  Given its misunderstanding the court did not discuss the substance of the M.B.C. declaration in the detail it discussed the S.A. declaration, but this does not mean the M.B.C. declaration does not suffer from some of the same deficiencies.  Among other things, the court noted that general-purpose training materials that teach

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 9, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al. | | |

about laws to be enforced and constitutional and statutory constraints – as opposed to those containing fact-specific legal advice given in response to confidential client communications – are generally not privileged. Moreover, quite apart from whether defendants showed the training materials were protected by the attorney-client privilege or work product doctrine, the court additionally found defendants implicitly waived the privileges by relying on agents' training in opposing plaintiffs' and intervenors' TRO and preliminary injunction motions. In short, the January 5 order's conclusion does not depend on the court's finding with respect to the M.B.C. declaration.

Because any error in the court's understanding of the M.B.C. declaration would not change the ultimate outcome of the January 5 order, the court finds defendants have not shown good cause for the court to stay the production deadline. This is particularly so because plaintiffs and intervenors are prejudiced by further delays in production.

Nevertheless, the court recognizes defendants may still wish to seek review of the January 5 order, and that defendants will be prejudiced if they must make their production before they have done so. Balancing these considerations, the court grants defendants a shorter extension of the production deadline, to January 13, 2026. In all other respects, defendants' ex parte application is denied.