UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PEDRO VASQUEZ PERDOMO; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; et al.,<br><br>Defendants. | Case No.: 2:25-cv-05605-MEMF-SP<br><br>**ORDER REGARDING 30(b)(6) DEPOSITIONS**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge<br><br>Referred to Hon. Sheri Pym<br>United States Magistrate Judge |

The Court, having considered the parties' Joint Stipulation Regarding 30(b)(6) Depositions and finding good cause therefor, hereby ORDERS as follows:

As to the written notice of deposition attached to the parties' Joint Stipulation as **Exhibit A**:

1. Plaintiffs and Intervenors collectively may question ICE's deponent for up to 3 hours on the record and CBP's deponent for up to 6.5 hours on the record;

2. Defendants' designees must be prepared to testify on behalf of the DHS agencies involved in Operation at Large in the Central District of California, namely CBP and ICE. Designees do not need to know about every DHS component that is not involved.

3. The primary focus will be on Operation at Large in the Central District of California:

    a. The designees must be prepared to testify about the scope of the Operation as alleged in this litigation. They do not need to be knowledgeable about routine immigration enforcement that is not part of the Operation and not part of the allegations in this litigation.

    b. The designees must be prepared to testify about national policies as they pertain to the Operation in the Central District of California, and Plaintiffs/Intervenors may ask for general comparisons to inquire into whether the Central District of California is an outlier. Designees do not need to know about the specifics of operations in other Districts.

4. Designees must be prepared to testify about trainings, policies, and procedures related to the Fourth Amendment and stops, not every policy or training such as general topics including firearms or use of force training. (To be clear, Plaintiffs/Intervenors may inquire about training that may govern the display or use of firearms or the use of force during field operations, but designees need not be prepared to testify about specific trainings on the use of firearms or the use of force.) For Topic 2, subpart a, designees must be prepared to testify about which office developed trainings but not specific individuals, in addition to other subjects in Topic 2.

5. Designees are not required to know what occurred during every individual encounter or stop, or any specific officer's conduct at said encounter or stop. Designees must be prepared to testify about CBP/ICE's policies and procedures regarding stops and practices to the extent known to the agency, as well as what conduct is acceptable for officers, including for the operations set forth in Plaintiffs' Request for Production No. 2. For Topic 5, designees will also be prepared to testify about actual investigations and corrective actions, if any, undertaken in the Central District of California since June 6, 2025. If there have been no such investigations or corrective actions, the designee

may testify to that. As noted above, Defendants may assert any privileges they believe apply and those will be dealt with per the Federal Rules.

6. For Topic 9d, designees must be prepared to testify about future policies or plans at a general level. As noted above, Defendants may assert any privileges they believe apply and those will be dealt with per the Federal Rules.

7. For Topics 11 and 12, designees must be prepared to testify about any relevant changes to practices, policies, procedures, and trainings, including the reasons for any changes. (As noted above, Defendants may assert any privileges they believe apply and those will be dealt with per the Federal Rules.)

8. For Topics 10 and 13, designees must be prepared to offer testimony about CBP/ICE's policies and procedures regarding practices, documents, records, and retention relevant to Operation at Large and any changes from previous standards. Plaintiffs/Intervenors may ask general questions on why certain documents might or might not exist and on policies relating to things such as body camera preservation. Plaintiffs/Intervenors will not inquire into a comprehensive audit of all forms, systems, or repositories outside the scope of this case. "Procedures" as used here and throughout the Topic List includes procedures that may not be in writing.

As to the written notice of deposition attached to the parties' Joint Stipulation as **Exhibit B**:

9. The scope will be limited to the Fourth Amendment claims.

10. Defendants will not ask about the immigration status of individual members of CHIRLA. Defendants may ask whether CHIRLA tracks the immigration status of their members and, if so, for related information under Topic 4b.

11. The designee will be prepared to answer questions about general membership structure, process, and representational capacity.

12. At this time, Defendants will not ask for the names of injured members.

13. Defendants will not ask about legal advice given in advocating for members but the designee will be prepared to answer questions about CHIRLA's

general mission and activities carried out on behalf of its members to the extent that mission and those activities are referenced in CHIRLA's declarations. *See* ECF No. 253 at 6 ("with the scope of the depositions to be confined to the topics of the entity or individual's declaration(s)").

IT IS SO ORDERED.

Dated: January 8, 2026

_____
Hon. Sheri Pym
United States Magistrate Judge