UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 14, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) Order Granting Plaintiffs' Motion to Compel Discovery Withheld Under Law Enforcement Privilege [306]**

## I.   **INTRODUCTION**

On December 15, 2025, plaintiffs filed a motion to compel defendants to produce documents withheld and redacted for law enforcement privilege in their second production.  Docket no. 306.  The parties' positions are set forth in a Joint Stipulation ("JS").  *Id*.  Plaintiffs' arguments are supported by the declaration of Henry D. Shreffler ("Shreffler Decl.") and exhibits.  *Id*.  Defendants' arguments are supported by the declarations of T.B. and M.V.  Docket nos. 310-2 ("T.B. Decl."), 310-4 ("M.V. Decl.").

The court held a hearing on December 30, 2025.  After considering the parties' arguments, the court grants plaintiffs' motion for the reasons discussed below.

## II.   **BACKGROUND**

The court discussed the factual and procedural background at length in its December 12, 2025 order.  As relevant here, on October 17, 2025, the court granted plaintiffs' and intervenors' motion for limited expedited discovery.  Docket no. 223. Plaintiffs and intervenors served their discovery requests on October 21, 2025.  *See* docket no. 226 at 3; docket no. 291-1, Ex. 4.

On November 13, 2025, defendants made their second production (the "November 13 production"), which consisted of documents responsive to Request for Production

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 14, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

("RFP") No. 2.  Shreffler Decl. ¶ 4.  RFP No. 2 seeks operational documents for 15 identified operations.  *See id*., Ex. A.  The November 13 production consisted of 67 documents, 39 of which had significant portions redacted based on the law enforcement privilege ("LEP").[1]  *Id*. ¶ 6.  On November 18, 2025, defendants served two privilege logs from Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP") in connection with the November 13 production.  *Id*. ¶ 7, Exs. D ("ICE privilege log"), E ("CBP privilege log").  The privilege logs cite LEP as the basis for all the redactions.  *See* ICE privilege log, CBP privilege log.

The parties met and conferred on November 19 and 25, 2025.  Shreffler Decl. ¶¶ 4, 22.  Plaintiffs raised concerns about the scope and content of the production and asked defendants why a protective order was insufficient to address defendants' concerns.  *See id*. ¶¶ 22-33.  Defendants stated they would respond in writing the first week of December.  *Id*. ¶¶ 25, 29.  On November 26, 2025, plaintiffs emailed defendants with examples of documents they maintained were improperly withheld and a chart detailing the specific categories of information withheld, identifying the specific documents under each category, and explaining why they believed these categories of information should have been produced.  *Id*. ¶ 34, Exs. U-V.  On December 4, 2025, defendants sent a letter stating they had complied with the procedural requirements of asserting LEP.  *Id*. ¶ 37, Ex. X.

Plaintiffs filed the instant motion on December 15, 2025.  Docket no. 306.

## III.   DISCUSSION

At issue is whether the law enforcement privilege is recognized, and if so, whether defendants have properly asserted the privilege here.

---

[1]   In the Joint Stipulation, plaintiffs assert 41 of the 67 documents in the November 13 production contained redactions, but defendants only asserted law enforcement privilege as a basis for the redactions for 39 of the documents.  JS at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 14, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

Plaintiffs raise several arguments why defendants should be compelled to produce the withheld documents.  First, plaintiffs argue defendants improperly withheld information based on the law enforcement privilege because neither the Supreme Court nor Ninth Circuit have recognized this privilege.  JS at 1.  Second, even when lower courts have recognized LEP, they have imposed significant limitations and restrictions, which defendants have not met.  *Id.*  Third, plaintiffs assert defendants have waived any purported privilege by putting the information at issue in their oppositions to the preliminary injunction motions.  *Id.*  Therefore, defendants should be compelled to produce the withheld information, and any concerns about sensitive information are addressed by the protective order.  *Id.*  Defendants dispute these points.

## A.     The Law Enforcement Privilege

The law enforcement privilege (also known as the law enforcement investigative privilege and law enforcement investigatory privilege) is "based on the harm to law enforcement efforts that might arise from public disclosure of investigatory files." *Lien v. City of San Diego*, 2022 WL 134896, *2 (S.D. Cal. Jan. 14, 2022); *see Scalia v. Int'l Longshore and Warehouse Union*, 336 F.R.D. 603, 617 (N.D. Cal. 2020).  It is a qualified privilege protecting the confidentiality of investigative files in order to prevent harm to law enforcement efforts that might arise from their public disclosure.  *See U.S. v. City of Los Angeles*, 2023 WL 6370887, at *8 (C.D. Cal. Aug. 28, 2023).  Protected information includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness or law enforcement personnel, and information that would interfere with an investigation.  *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010).

Neither the Supreme Court nor the Ninth Circuit "have yet to recognize or reject a 'law enforcement privilege.'" *Shah v. Dep't of Justice*, 714 F. App'x  657, 658 n.1 (9th Cir. 2017); *but see Roviaro v. U.S.*, 353 U.S. 53, 59, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957) (holding the government has a qualified privilege to withhold the identities of confidential informants).  Nevertheless, Courts of Appeals in several circuits have recognized the privilege.  *See In re The City of New York*, 607 F.3d 923; *Commonwealth of Puerto Rico v. U.S.*, 490 F.3d 50 (1st Cir. 2007); *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565 (5th Cir. 2006); *Landry v. FDIC*, 204 F.3d 1125 (D.C. Cir. 2000);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 14, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |


*Dellwood Farms*, *Inc. v. Cargill, Inc.*, 128 F.3d 1122 (7th Cir. 1997).  Moreover, "several courts within this circuit have acknowledged and applied it." *Lien*, 2022 WL 134896, at *2; *see, e.g., City of Los Angeles*, 2023 WL 6370887, at *8-9; *U.S. v. McGraw-Hill Cos., Inc.*, 2014 WL 1647385, at *6 (C.D. Cal. Apr. 15, 2014); *but see U.S. v. Rodriguez-Landa*, 2019 WL 653853, at *16 (C.D. Cal. Feb. 13, 2019) (declining to recognize law enforcement privilege).  Like other courts, this court recognizes there are legitimate reasons for withholding certain investigatory documents.  As such, the court finds the law enforcement privilege is likely to be recognized by the Ninth Circuit and applies it here.

When evaluating law enforcement privilege claims, the court must first determine whether the party claiming the privilege has met its burden of showing the privilege applies to the documents at issue.  *See In re The City of New York*, 607 F.3d at 944; *Landry*, 204 F.3d at 1135; *City of Los Angeles*, 2023 WL 3670887, at *9.  An assertion of LEP requires: (1) a formal claim of privilege by the head of the department having control over the requested information; (2) assertion of the privilege based on actual personal consideration by that official; and (3) a detailed specification of the information for which the privilege is claimed, with an explanation why it properly falls within the scope of the privilege.  *See Roman v. Wolf*, 2020 WL 6588399, at *2 (C.D. Cal. Jul. 16, 2020) (citing *Landry*, 204 F.3d at 1135); *Scalia*, 336 F.R.D. at 617; *Conan v. City of Fontana*, 2017 WL 2874623, at *4 (C.D. Cal. Jul. 5, 2017).  Courts have normally construed "head of the department" as "an appropriate agency official."  *See City of Los Angeles*, 2023 WL 6370887, at *9.

Because the privilege is qualified, not absolute, the party seeking the information may rebut the privilege.  The party seeking the withheld materials must establish it has a compelling need for them.  *See In re The City of New York*, 607 F.3d at 945; *Commonwealth of Puerto Rico*, 490 F.3d at 62; *Dellwood Farms*, 128 F.3d at 1125.  The court then must balance the seeking party's need for the materials against the harm to the government if the documents are disclosed.  *See In re The City of New York*, 607 F.3d at 945; *Dellwood Farms*, 128 F.3d at 1125; *City of Los Angeles*, 2023 WL 6370887, at *9. In balancing the interests of the parties, many courts have considered the ten factors outlined in *Frakenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973): (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 14, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case. *See, e.g., In re U.S. Dep't of Homeland Sec.*, 459 F.3d at 570-71; *Roman*, 2020 WL 6588399, at *2; *City of Los Angeles*, 2023 WL 3670887 at *9. Not all of the factors may be relevant and a court has considerable leeway in weighing these factors. *See In re U.S. Dep't of Homeland Sec.*, 459 F.3d at 570-71; *Roman*, 2020 WL 6588399, at *3.

The district court must ordinarily review the withheld documents in question in order to determine whether LEP applies and the need for the documents. *In re The City of New York*, 607 F.3d at 948; *see, e.g., In re U.S. Dep't of Homeland Sec.*, 459 F.3d at 570 (directing the district court to review the documents at issue in camera to evaluate whether the law enforcement privilege applies). For the reasons that follow, however, the court finds such review is not necessary here.

## B.      **Defendants Have Failed to Meet Their Burden**

In the joint stipulation, plaintiffs correctly point out that, at the time the joint stipulation was submitted, defendants had failed to meet their burden of showing the withheld documents are protected by the law enforcement privilege. Defendants had not yet submitted a formal claim from a "head of the department" or any other official. *See* ICE privilege log, CBP privilege log. Nevertheless, defendants misleadingly stated in the joint stipulation that they satisfied the procedural requirements to invoke law enforcement privilege when in fact they had not done so at the time. JS at 19. Indeed, defendants also stated they were still in the process of obtaining supporting declarations at the time. *Id*. Defendants then waited until December 16, 2025, after the joint stipulation was filed, to serve the declarations. Although the timing of defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 14, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

declarations is less than ideal, given the demands of the present expedited discovery and the fact that at the December 12 hearing the court set a December 16 deadline for privilege declarations, the court considers the declarations here as timely.

### 1.   ICE Assertions of Law Enforcement Privilege

In the November 13 production, ICE withheld six documents either in their entirety or in part based on LEP.  *See* ICE privilege log.  But although both the ICE privilege log and the T.B. declaration identify the documents at issue by Bates-number, neither the log nor the declaration specify the nature of the documents withheld or how much of the documents have been redacted.  From the privilege log descriptions and the T.B. declaration, it appears these are database pages related to three individuals.  *See id.*; T.B. Decl. ¶¶ 10, 13.  T.B. simply states he reviewed "the emails and documents," which is confusing since the log descriptions do not suggests emails were withheld.  *See* T.B. Decl. ¶ 12.

The T.B. declaration describes two types of information he contends are protected by LEP, namely, information about the workings of law enforcement databases and information listing planning details for future operations.  Such information may indeed be entitled to LEP protection; however, it is unclear here the extent to which such information is found in the documents at issue.  Because defendants have not submitted the documents for in camera review, and because defendants have not specifically described the information for which the privilege is claimed, the court cannot assess whether what has been redacted is properly subject to the law enforcement privilege.  In addition, as to at least one of the individuals referenced in the log, the log indicates both that the individual is a subject of an ongoing operation and that the individual has already been arrested.  This raises questions about whether any future operational information is in fact at issue.

### 2.    CBP Assertions of Law Enforcement Privilege

The CBP privilege log contains 33 documents withheld on the grounds of law enforcement privilege.  *See* CBP privilege log.  Defendants submitted the M.V. declaration to support their assertions of privilege.  *See* M.V. Decl.  But M.V.'s

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 14, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

declaration – in which M.V. does not identify the specific documents he reviewed but instead states he has "reviewed several documents associated with USBP's enforcement operations on June 12, June 18, June 19, August 3, August 5, August 6, August 7, August 12, August 22, September 22, September 23, and September 25, 2025, which were produced by CBP in the course of discovery" (M.V. Decl. ¶ 8) – has several deficiencies.

First, while most of the dates correspond to the dates of the 15 operations identified in RFP No. 2, August 3 is not one of them and M.V. appears not to have reviewed any documents concerning the July 21 and August 4 operations.[2] *Compare id*. and docket no. 291-1, Ex. 4. The failure to review documents concerning the July 21 and August 4 operations may simply mean defendants did not redact any of documents related to those operations, but it is unclear.

Second, M.V. states he has reviewed "several documents" but does not state whether he has reviewed the documents on the CBP privilege log. M.V. Decl. ¶ 8. *See Segura v. U.S.*, 2020 WL 4043817, at *2 (E.D. Wash. Jul. 17, 2020) (declaration failed to identify documents by title and the pages over which privilege was being claimed); *Amadei v. Nielsen*, 2019 WL 8165492, at *9 n.9 (E.D. N.Y. Apr., 17, 2019) (declaration that fails to identify the specific documents or portions being withheld is insufficient). Nor does M.V. identify the documents he asserts contain privileged information by Bates numbers and title. *See McGraw-Hill*, 2014 WL 1647385, at *7 (declaration must sufficiently specify the documents over which privilege is claimed).

Third, M.V. describes 12 types of information in the reviewed documents that are privileged (*see* M.V. Decl. ¶ 8(a)-(l)), but some appear wholly unconnected to the documents on the privilege log. For example, M.V. describes the sensitivity of QR Codes in WhatsApp chats. *See id*. ¶ 8(i). But none of the privilege descriptions on the CBP privilege log remotely suggest any of the withheld documents are WhatsApp chats

---

[2]      In a November 20, 2025 letter regarding the deficiencies of the November 13 production, plaintiffs noted the November 13 production did not include documents addressing all of the 15 identified operations in RFP No. 2. *See* Shreffler Decl. ¶ 23, Ex. R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 14, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

with QR Codes.  Similarly, M.V. devotes over two pages to stating why there are redactions in footage from small unmanned aircraft systems and body worn cameras, but this footage is not at issue in this motion.  *See id*. ¶ 8(m)-(r).  It may be that such information is found on other documents and data at issue in this case, but the lack of clear connection between the M.V. declaration and the documents on the log at issue in this motion limits the value of the M.V. declaration.

Putting the above deficiencies aside, both declarations indicate that at least some of the withheld or redacted information is properly subject to the law enforcement privilege. As a general matter, the court agrees with defendants that information that could aid intrusion into internal law enforcement systems or channels, future operational and target details, and information concerning operational methodologies and other details that could be used to thwart future operations may all be covered by LEP.  But for the reasons discussed below, that does not mean such information is not subject to disclosure here.

## C.    A Balancing of the Interests Weighs in Favor of Disclosure

As described above, the law enforcement privilege is a qualified privilege, requiring the court to balance plaintiffs' need for the discovery against the harm disclosure would cause the government.  Of the *Frankenhauser* factors, the ones that are relevant here are: (1) whether the information sought is factual data or evaluative summary; (2) whether the investigation has been completed; (3) whether the plaintiffs' suit is non-frivolous and brought in good faith; (4) whether the information sought is available through other discovery or from other sources; and (5) the importance of the information sought to the plaintiffs' case.

The information sought here certainly includes factual data; it may include some evaluation as well, although that is not apparent from the information provided and does not appear to be a particular concern for defendants here.  The operations at issue in RFP No. 2 are completed, but are part of a larger, ongoing immigration enforcement operation.  Plaintiffs' case is not frivolous and appears to have been brought in good faith.  There is no apparent other channel for plaintiffs to obtain this information at this time, and the information is of central importance to plaintiffs' efforts to obtain the preliminary injunction for which this discovery is sought.  Indeed, it is that balancing of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 14, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

plaintiffs' need for the information against the harms of disclosure to defendants in their ongoing immigration enforcement operations that really decide this matter.

The operational details, methodologies, and intelligence that defendants maintain are covered by LEP are also the types of information that go directly to defendants' bases for conducting the stops that are at issue in the preliminary injunction motion.  The discovery defendants have withheld or redacted is necessary to evaluate why defendants targeted the locations they did and whether they had reasonable suspicion to make the detentive stops at issue in this case.  By contrast, defendants have shown that *public* disclosure of the information at issue could prove harmful.  *See* T.B. Decl. ¶¶ 9-13; M.V. Decl. ¶¶ 6-8.  But defendants have not shown there would be any material harm to government operation if the information at issue were disclosed under the protective order in this case.  *See Conan*, 2017 WL 2874623, at *5 (finding LEP does not preclude disclosure where may disclose subject to protective order).

Accordingly, balancing the need for the discovery against the harm of disclosure, the court finds the law enforcement privilege does not prevent disclosure of the documents and redacted information at issue, subject to the protections afforded by the protective order.

**D.    Waiver**

**1.    Defendants Did Not Waive by Non-Compliance with Scheduling Order**

Plaintiffs assert defendants failed to comply with the court's expedited discovery scheduling order, which requires parties to "meet and confer within 3 business days of a request to do so." Docket no. 227 at 5.  Plaintiffs state they sent a letter to defendants on November 20, 2025, which explained their concerns about the law enforcement privilege assertions, but defendants did not engage with them on the merits of plaintiffs' objections during the November 25, 2025 meet and confer and instead stated they would write a letter explaining their position.  *See* JS at 3-4; Shreffler Decl. ¶¶ 23-25, Ex. R. Defendants then did not send the letter until 11:49 p.m. on December 4, 2025, after receiving plaintiffs' email saying that defendants waived their argument by failing to adequately meet and confer.  JS at 4; Shreffler Decl. ¶ 37, Ex. X.  Plaintiffs argue the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 14, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

logical consequence for defendants' non-compliance would be for the court to deem defendants' assertion of LEP waived.  JS at 5.

Without finding whether defendants complied with the court's order requiring the parties to meet and confer within three business of a request, the court disagrees that waiver is the appropriate remedy.  While plaintiffs are correct that there should be consequences for non-compliance with a court order, waiver of a privilege under these circumstances would be a disproportionate consequence.

## 2. __Implied Waiver__

Plaintiffs also argue that even if defendants satisfied their burden to assert LEP, defendants implicitly waived the privilege because they are using it as both a sword and shield.  JS at 10-11.  Specifically, plaintiffs contend defendants have put the operational materials at issue because they justify the operations as lawful based on their own intelligence and surveillance.  JS at 11.  Defendants cannot rely on the documents to support this defense but the withhold the information from plaintiffs.  *Id.*

Like any other privilege, law enforcement privilege can be waived, whether expressly or implicitly.  *Dellwood Farms*, 128 F.3d at 1126-27; *see City of Los Angeles*, 2023 WL 6370887, at *10-*12 (although finding no waiver, recognizing that the government can waive law enforcement privilege); *Clark v. Powe*, 2008 WL 4686151, at *4 (N.D. Ill. May 30, 2008) (law enforcement investigatory privilege can be voluntarily waived); *cf. Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (if "a party raises a claim which in fairness requires disclosure of the [attorney-client] protected communication, the privilege may be implicitly waived").  In determining whether there has been an implied waiver, federal courts in the Ninth Circuit consider whether: (1) the assertion of the privilege was a result of some affirmative act, such as filing suit or raising an affirmative defense, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense.  *Home Indem. Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 14, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

Here, the elements of the implied waiver test are satisfied. In their oppositions to the preliminary injunction motions, defendants argue their operations were lawful based on, among other things, their intelligence and surveillance. *See, e.g.,* docket no. 170 at 1, 4-5; docket no. 178 at 5; docket no. 178-1 ¶ 14. This put the information that is the subject of this motion also at issue in this case generally, and at issue in the preliminary injunction motion in particular. As discussed above with respect to plaintiffs' need for the information, the information is critical to fair adjudication of the motion and this case. Thus, even if the court did not find the qualified LEP is overcome here by plaintiffs' need for the information, defendants in any event implicitly waived LEP by their defense to the preliminary injunction motion.

**E.       Miscellaneous Redacted Document**

Included in the November 13 production was a document bates number GOV-00000-512. GOV-00000512 is an image of a cellular phone with two redactions, but, as plaintiffs note (JS at 3), is not on either the ICE or CBP privilege log. *See* Shreffler Decl., Ex. Y; ICE privilege log, CBP privilege log. Defendants must either amend the privilege logs to include this document and why it was redacted, or produce the document without redactions. To the extent the document was redacted due to LEP, this order would appear to offer no ground for defendants to continue to redact it.

**IV. ORDER**

For the foregoing reasons, the court grants plaintiffs' motion to compel (docket no. 306), and orders defendants to promptly produce, by January 20, 2026, the documents and information at issue in this motion that were withheld under the law enforcement privilege.

Although this order is limited to the documents at issue in the present motion, much of the court's reasoning will apply equally to other LEP assertions that may be made in this case. Accordingly, the parties should take the findings and reasoning of this order into account when deciding whether to make future LEP assertions and in working to resolve any disputes concerning LEP.