UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 15, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order Granting In Part Plaintiffs' Ex Parte Application for Protective Order [354]**

## I.   INTRODUCTION

On January 12, 2026, plaintiffs filed an ex parte application for a protective order precluding defendants from seeking discovery into the immigration status or immigration history of plaintiffs and their witnesses. Docket no. 354 ("App."). Plaintiffs' application is supported by the declarations of Mayra Joachin ("Joachin Decl.") and Sara H. Worth ("Worth Decl.") and exhibits. *Id.* On January 13, 2026, defendants filed an opposition to the ex parte application. Docket no. 359. The opposition is supported by the declaration of Jonathan K. Ross ("Ross Decl."). *Id.*

For the reasons discussed below, the court grants in part plaintiffs' ex parte application.

## II.   BACKGROUND

On October 17, 2025, the court granted plaintiffs' motion for limited expedited discovery related to their Fourth Amendment preliminary injunction motion (the "October 17 order"). Docket no. 223.

On October 31, 2025, defendants filed a request for reciprocal discovery. Docket no. 243. The court granted the request in part on November 10, 2025 (the "November 10 order"). Docket no. 253. In the November 10 order, the court ordered that defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 15, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

may take the "depositions of CHIRLA and three of the six individual declarants defendants requested to depose (either plaintiffs or non-parties), with the scope of the depositions to be confined to the topics of the entity or individual's declaration(s)." *Id*. The declarations form the bases for plaintiffs' preliminary injunction motion. *See id.*

On January 8, 2026, defendants took the deposition of plaintiff Pedro Vasquez Perdomo. Joachin Decl. ¶ 3; *see id.*, Ex. A. During the deposition, the parties disagreed about the scope of defendants' questions – specifically, questions concerning Vasquez Perdomo's and other witnesses' immigration status and history, as well as other matters– and contacted the court for guidance. The court held an informal telephonic conference with counsel during a break in the deposition. After listening to the parties' arguments, the court found defendants were permitted to ask plaintiff only basic questions about his immigration status and what he knew about the immigration status of others who had been at the location of the stop during June 2025.

Plaintiffs filed the instant ex parte application on January 12, 2026. Defendants opposed the application the next day.[1]

### III.  DISCUSSION

Plaintiffs seek a protective order precluding defendants from inquiring about a plaintiff's or witness's actual citizenship or immigration status, or immigration history, including but not limited to place of birth, time/place/manner of entry into the United Stats, compliance with immigration requirements, and documentation they possess (unless the plaintiff or witness affirmatively claimed they had legal status) during

---

[1] Plaintiffs contend the opposition is untimely because it was not filed within 24 hours of oral notice. Docket no. 358; *see* Worth Decl. ¶ 3. Defendants do not dispute that they failed to file the opposition within 24 hours of plaintiff's oral notice, but assert the oral notice failed to inform them of the "substantive" basis of the ex parte application. *See* Ross Decl. ¶¶ 5-8. Defendants maintain they filed the opposition within 24 hours of the written notice. *Id.* ¶ 8. Because the court cannot assess the adequacy of the oral notice, and because the opposition was reasonably filed within 24 hours of the filing of the application, the court will consider the opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 15, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

expedited discovery. App. at 9. As discussed above, the court provided guidance to the parties concerning this matter on January 8, 2026, but the conference was not recorded, and the court's findings were only summarized for the deposition court reporter to record. In addition, during the January 8 conference the court did not have the benefit of the parties' papers or the record to review. The court therefore clarifies its ruling as follows.

**A.     Ex Parte Relief**

"Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify ex parte relief, the moving party must, at a minimum, show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492; *see also* L.R. 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.").

Here, ex parte relief is justified. First, plaintiffs have shown that they will be prejudiced if the underlying motion is heard according to regular noticed motion procedures, since it would not be heard until after the deposition of plaintiff Carlos Osorto noticed for January 16, 2026 had taken place. The question is somewhat close since the court already issued an informal ruling on this matter that granted plaintiffs much of the same protection they are seeking here. Nonetheless, to the extent the court's ruling needs to be clarified, it must do so now.

Second, plaintiffs have demonstrated that they are without fault in creating the crisis that requires ex parte relief. As plaintiffs note, they were unaware defendants planned to inquire about the declarants' immigration status and history prior to Vasquez Perdomo's deposition. App. at 4.

Accordingly, the court finds it appropriate to rule on this application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 15, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

### B.  Protective Order

Rule 26(c) of the Federal Rules of Civil Procedure allows a party to file a motion for a protective order "in the court where the action is pending," and the court may "issue an order to protect a party or person from . . . undue burden," including an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c).  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."  *Phillips ex. rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test").

Plaintiffs argue three grounds to support their request for a protective order: (1) plaintiffs' immigration status and history are irrelevant to the claims at issue in the preliminary injunction proceedings; (2) the October 17 order granting limited expedited discovery did not authorize discovery into a plaintiff's or witness' immigration status or history; and (3) disclosure of immigration status would be unduly prejudicial.  App. at 5-9.

First, plaintiffs contend their immigration status and history are not relevant to the Fourth Amendment claim at issue in the preliminary injunction proceedings – whether defendants have a pattern and practice of conducting detentive stops without reasonable suspicion.  *Id*. at 5-6.  Plaintiffs assert their immigration status and history have no bearing on what the arresting officers knew at the time they effectuated the challenged stops.  *Id*. at 5.  Defendants argue inquiries into immigration status and history are relevant because they are entitled to test the accuracy of plaintiffs' declarations, immigration status bears directly on plaintiffs' conduct at issue, evidence of immigration status bears on the reliability of factors defendants consider during their encounters, and immigration status is relevant to issues of standing and likelihood of recurrence.  Opp. at 7-8.

For purposes of the preliminary injunction motion, the key issue is defendants' knowledge at the time they effectuated the stop.  *See Macarena v Thomas*, 2019 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 15, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

355244, at *3 (W.D. Wash. Jan. 29, 2019) (the issue is whether the information defendants had at the time they detained plaintiff provided reasonable suspicion for a stop and probable cause for a detainment); *Abriq v. Metro. Gov't of Nashville and Davidson Cnty.*, 2018 WL 1907445, at *2 (M.D. Tenn. Apr. 23, 2018) (information about plaintiff's actual immigration status was irrelevant because it has nothing to do what defendant knew at the time it took custody of plaintiff); *Uroza v. Salt Lake Cnty.*, 2014 WL 670236, at *5 (D. Utah Feb. 20, 2014) (whether probable cause exists depends on the facts known to the arresting officer at the time of arrest"); *Barrera v. Boughton*, 2010 WL 1240904, at *4 (D. Conn. Mar. 19, 2010) (plaintiffs' immigration status is not probative of what facts defendants knew at the time they detained plaintiffs). Although the majority of courts addressing this issue have found a plaintiff's immigration status to be irrelevant to this Fourth Amendment issue, the court finds that there is arguably some relevance here. Plaintiffs' preliminary injunction motion and declarations in support contend they were detained based on impermissible factors such as race or ethnicity. Defendants' defense is that they went to these locations because they had information that undocumented immigrants were known to congregate there. Thus, the immigration status of those present at the targeted locations arguably bears on the reliability of defendants' contentions. To this extent, inquiry into the immigration status of those present has some relevance. But any inquiry beyond what the deponent knows about basic immigration status would be irrelevant.

     Second, the court confined the scope of the deposition to the topics of the entity or individual's declaration. *See* docket no. 253 at 6. At least the declarations of Vasquez Perdomo and Osorto do not affirmatively reference immigration proceedings or status. *See* docket nos. 45-1, 45-2, 128-7. But the declarations do state their belief that they were targeted for arrest because they looked Hispanic or Latino. *See* docket nos. 45-1 ¶ 11, 45-2 ¶ 13, 128-7 ¶ 14. Accordingly, the reasons they were targeted and detained may fairly be said to be a topic of plaintiffs' declarations. As discussed above, defendants have offered different reasons for plaintiffs' detention, including their understanding that undocumented immigrants were known to gather at the location of the stops. Thus, to a limited extent, inquiring into what a deponent knows about his own immigration status and that of others at the location is within the bounds of the November 10 order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 15, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

Finally, plaintiffs contend inquiries into plaintiffs' and witnesses' immigration status and history would be unduly prejudicial because they would create an in terrorem effect on plaintiffs' and others' willingness to participate in civil rights actions such as this. App. at 7. Courts have recognized that inquiring about immigration status may have a chilling effect on a plaintiff's and third party's willingness to enforce their rights or participate in civil litigation. *See Macareno*, 2019 WL 355244, at *4; *Silva*, 378 F. Supp. 3d at 932; *Barrera*, 2010 WL 1240904, at *5; *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004) (allowing employers to inquire into a worker's immigration status in employment discrimination case would allow them to implicitly threaten undocumented workers who report illegal practices and would also chill documented workers who fear their status would be changed). Courts have also recognized that allowing inquiries into immigration status poses a real harm because they can implicant a person's immigration proceedings. *See Abriq*, 2018 WL 1907445, at *2; *Macareno*, 2019 WL 355244, at *4; *Silva*, 378 F. Supp. 3d at 931-32.

Considering all these arguments and circumstances, the court recognizes what is most relevant in the Fourth Amendment preliminary injunction motion is what defendants knew at the time of the encounter and detention, but finds that a very limited inquiry about immigration status is also relevant to defendants' defense and within what the November 10 order permits. The court therefore denies plaintiffs' application as to the narrow question of immigration status itself. But any questions beyond simple immigration status are prohibited since any limited relevance is outweighed by the potential prejudicial effect of the inquiries and disclosure.

## IV. ORDER

For the foregoing reasons, the court GRANTS in part plaintiffs' ex parte application for a protective order (docket no. 354). Defendants may ask a deponent about his own immigration status or what he knew about the immigration status of others present at the location where he was stopped during June 2025. Defendants are precluded from inquiring about a plaintiff's or witness' immigration history, including but not limited to place of birth, time/place/manner of entry into the United States, compliance with immigration requirements, and documents they possess (unless the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 15, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

deponent affirmatively claims or claimed they have legal status) during expedited discovery.