UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 16, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:** (In Chambers) Order Granting Plaintiff CHIRLA'S Motion to Compel Discovery [320]

## I. INTRODUCTION

On December 23, 2025, plaintiff CHIRLA filed a motion to compel defendants Rodney S. Scott, Michael W. Banks, Gergory K. Bovino, Jeffrey D. Stalnaker, Todd M. Lyons, Ernesto Santacruz, Jr., Eddy Wang, and Kristi Noem to respond fully and completely to plaintiff's Expedited Requests for Production of Documents, Set One ("RFPs"). Docket no. 320. The parties' positions are set forth in a Joint Stipulation ("JS"). *Id*. Plaintiff's arguments are supported by the declaration of Henry D. Shreffler ("Shreffler Decl.") and exhibits. *Id*. On December 30, 2025, the parties filed supplemental memoranda. Docket nos. 329 ("P. Supp."), 330 ("D. Supp.").

The court held a hearing on January 6, 2025. After considering the parties' written and oral arguments, the court grants plaintiff's motion as discussed below.

## II. BACKGROUND

The court will not here repeat the factual and procedural background of this case, which the court discussed at length in its December 12, 2025 order (the "December 12 order"). As relevant here, on October 21, 2025, plaintiff served RFPs on defendants. *See* Shreffler Decl., Ex. A. On November 10, 2025, defendants served their written responses and objections to the RFPs. *Id*. ¶ 4, Ex. B. The RFPs relevant to this motion are:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 16, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

- <u>RFP No. 2</u>.  All DOCUMENTS RELATING TO the operations below, including Field Operations Worksheets (FOWs), targeting sheets, operations plans, pre-operations briefings and/or intelligence reports, targeting packages, notes, videos (including body camera footage), Forms I-213s, database entries, post-operation briefings, after-action reports, other COMMUNICATIONS describing or characterizing the operation, DOCUMENTS reflecting review of the operation, and DOCUMENTS reflecting any arrest quotas or goals.  [list of 15 operations omitted]

- <u>RFP No. 3</u>.  COMMUNICATIONS through messaging of any kind (including text messaging, chats, or messaging through a mobile application) from or to PERSONS identified in YOUR response to Plaintiff CHIRLA's Expedited Interrogatories No. 1 concerning the operations referenced in Plaintiff CHIRLA's Expedited Interrogatories No. 1.

*See id*., Ex. A.

On October 23, 2025, the court issued an order setting the schedule and terms for expedited discovery.  Docket no. 227.  Among other things, the court ordered defendants to produce documents on a rolling basis with the first production to be made no later than November 4, 2025 and the production to completed by November 21, 2025.  *See id*. at 4.

Defendants produced documents responsive to RFP No. 2 on November 13 and 21, 2025; body camera footage on November 26 and December 4, 2025; and small unmanned aircraft systems footage on December 3, 2025.  Shreffler Decl. ¶ 5.

On December 5, 2025, plaintiff sent defendants a meet and confer letter, identifying issues with their productions.  *Id*. ¶ 9, Ex. G.  The parties met and conferred on December 10, 2025, during which defendants explained they construed RFP No. 2 as seeking documents concerning only the interaction with the individual named as having been encountered in the operation, and not the entire operation.  *Id*. ¶ 10.  On December 12, 2025, defendants sent a written response to plaintiff's December 5 letter.  *Id*. ¶ 13, Ex. I.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 16, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

Meanwhile, defendants continued to produce documents after the deadline, including on the eve of depositions. On December 7, 2025, at 11:56 p.m., defendants served a production of text messages from a border patrol agent whose deposition was noticed for 9:00 a.m. the following day. *Id*. ¶ 6; Exs. C, D. On December 15, 2025, at 10:46 p.m., defendants again served a production of text messages from a border patrol agent who was noticed to be deposed the following morning. *Id*. ¶ 7, Exs. E, F.

On December 19, 2025, defendants, in compliance with the December 12 order, produced documents responsive to RFP No. 2(m)-(o). *See* P. Supp. at 2.

### III.    DISCUSSION

Plaintiff argues defendants improperly withheld documents responsive to RFP Nos. 2 and 3. JS at 1. Specifically, plaintiff asserts defendants applied an unreasonable interpretation of "operation" – and then failed to disclose this construction – which resulted in an inadequate search and production. *Id*. Plaintiff further contends defendants made unwarranted redactions based on claims of law enforcement privilege. JS at 2.

### A.    Defendants Unreasonably Limited the Scope of RFP No. 2 and Possibly RFP No. 3

RFP No. 2 seeks documents related to 15 specified operations, and RFP No. 3 seeks communications to or from persons identified by defendants concerning 10 of the operations. *See* Shreffler Decl., Ex. A. The 15 operations are identified as follows:

a. The June 18 operation in Pasadena, CA in which Plaintiffs Vasquez Perdomo, Osorto, and Villegas Molina were encountered;

b. The June 12 operation at Yank Towing in Montebello, CA in which Plaintiff Gavidia and Javier Ramirez were encountered;

c. The June 18 operation at a car wash in Whittier, CA in which Plaintiff Hernandez Viramontes and Omar Gamez were encountered;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 16, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

 

    d.    The June 12 operation at/near a parking lot in San Bernardino, CA in which F.H.S. was encountered;

    e.    The June 19 operation at/near a Home Depot in Hollywood, CA in which E.C.P. was encountered;

    f.    The July 21 operation at/near Miss Donuts in Ontario, CA in which G.V.C. was encountered;

    g.    The August 4 operation at/near a Home Depot in Paramount, CA in which S.C.C.H. was encountered;

    h.    The August 5 operation at Magnolia Car Wash in Fountain Valley, CA in which E.K.Z.L. was encountered;

    i.    The August 6 operation at/near a Home Depot in Westlake, CA in which Miguel Angel Tijerino Garmendia was encountered;

    j.    The August 7 operation at/near a Home Depot in San Bernardino, CA in which Juan Francisco Aparicio Saldaña, J.A., and E.C.R. were encountered;

    k.    The August 12 operation at Handy J Car Wash in Culver City, CA in which J.R.R. was encountered;

    l.    The August 22 operation at a car wash in Pasadena, CA in which Inoel Zapata Santiago was encountered;

    m.    The September 22 operation at Naples Island Car Wash in Long Beach, CA;

    n.    The September 23 operation at/near a Home Depot in Pasadena, CA; and

    o.    The September 25 operation at/near the Pomona Economic Opportunity Center in Pomona, CA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 16, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

*See id.*

Plaintiff contends defendants narrowed the scope of RFP No. 2, and by extension may have narrowed the scope of RFP No. 3, by construing "operation" to be "*solely* the interaction between the agent who arrested or otherwise interacted with the individual named as being present at the operation, rather than the operation in its entirety." JS at 7. In other words, defendants only produced documents concerning individual encounters rather than the entire operation. Plaintiff further argues that defendants concealed this construction by failing to object to the term "operation" in their written responses and only informing plaintiff of their construal during the December 10 meet and confer. JS at 9; Shreffler ¶ 10. Defendants maintain their construction of RFP No. 2 is consistent with its plain language and the purpose of the limited discovery. JS at 12-13. Defendants assert they reasonably construed RFP No. 2(a)-(l) as requesting documents pertaining only to the individuals listed under each operation, specifically noting RFP No. 2(a)-(l) identify specific plaintiffs and declarants while RFP No. 2(m)-(o) do not identify specific individuals encountered. JS at 12-14.

As an initial matter, generally, the "failure to object to discovery requests within the time required constitutes a waiver of any objection." *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992). However, the court retains discretion to excuse a late-responding party from waiver "for good cause." Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34 advisory committee's note. Here, to the extent defendants now implicitly object to the term "operation" in the RFPs as vague, such objection is untimely and they have not demonstrated good cause. Defendants did not object to the term in their written objections and responses. *See* Shreffler Decl., Ex. B. Although defendants note they did timely make some objections, objecting to the term "documents" is not the same as objecting to the term "operation." *See* JS at 13. Nor does the fact that the RFPs did not define the term "operation" excuse defendants from timely objecting to the term if they believed an objection warranted. Indeed, it is commonplace for a litigant to object to undefined terms in discovery requests. Accordingly, defendants have waived any objection to the term "operation."

Defendants' construction of RFP No. 2 is untenable. The plain language of the RFP seeks documents related to the entire operation at issue and not just an encounter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 16, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

during the operation. Where an individual is identified, it is obvious that their inclusion was to further identify the operation at issue, not to limit the request. Indeed, it is apparent defendants recognize the distinction between an encounter and an operation, yet indefensibly chose to produce documents concerning individual encounters rather than the operation in its entirety. *See* JS at 13. Despite defendants' position that the language of RFP No. 2 supports their construction that RFP No. 2(a)-(l) seeks documents concerning individual encounters while RFP No. 2(m)-(o) seeks documents concerning the entire operation, this position is undermined by their production of documents responsive to RFP No. 2(m)-(o). By defendants' argument, they should have produced documents pertaining to the entirety of the operations listed in RFP No. 2(m)-(o), yet their production included no arrest narratives or body cam footage. *See* JS at 10 n.3; P. Supp. at 2. Taken together, defendants' actions suggest a disregard of their duty to produce documents responsive to the requests as written, rather than as defendants wish they were written.

     Defendants' argument that their construction of RFP No. 2 is consistent with the court's October 17, 2025 order granting limited discovery is similarly problematic. In that order the court granted plaintiffs' motion for limited expedited discovery after reviewing the discovery requests, and specifically granted permission to serve RFP No. 2 as written. *See* docket nos. 211-1, 223. As discussed above, the language of RFP No. 2 is clear. Defendants' claimed reading of the October 17, 2025 order to narrow the language of RFP No. 2 it approved so as to call for something substantially less than its plain language is implausible. The court has clarified in hearings, status conferences, and orders that defendants' narrow construction of the court's orders is unreasonable, and it is past time for defendants to conform their production to the plain language of the request.

     Accordingly, defendants must produce all documents concerning the operations listed in RFP No. 2 in their entirety, as called for by RFP No. 2, by the January 23 and 30, 2026 deadlines set forth below. To the extent defendants' misconstruction of "operation" also affected their response to RFP No. 3, they must supplement so as to complete their production in response to RFP No. 3 as well, also by the January 23 and 30 deadlines set forth below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 16, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

### B. Defendants Must Reconduct Their Searches and Provide Affidavits Detailing the Steps Taken

Plaintiff argues defendants conducted a plainly inadequate search for documents. JS at 10. In support, plaintiff lists specific examples of why it believes defendants' search to have been inadequate. Plaintiff notes: defendants have produced responsive documents the eve of a deposition; body camera footage shows agents wearing body cameras but that footage has not been produced; body camera footage shows agents talking about sending texts but those texts have not produced; some official documents have not been produced; and defendants withheld attachments to responsive documents. *See id.*; Shreffler Decl. ¶ 8.

Defendants argue mere speculation that additional documents exist does not prove they are withholding documents. JS at 15. Defendants maintain they have conducted continuous searches in good faith as reflected by their ongoing review and supplementation following plaintiffs' inquiries, and their production is consistent with their construction of RFP No. 2. *Id.*; docket no. 345 at 8:23-9:3, 19-24. In response to the specific examples plaintiff cited, first, defendants acknowledge the late production of WhatsApp messages the eve of depositions, but assert there was inadequate time to collect all responsive materials sooner and CBP officers were entrusted to conduct their own searches and transmit responsive messages to be produced. JS at 16-17. Second, regarding the text messages, defendants assert "responsive messages were produced on December 7, 2025. JS at 18. Third, ICE produced all Forms I-213 and EARM encounter reports and any that were not produced, are already in the record. *Id.* Finally, defendants state CBP withheld attachments to responsive documents because of its interpretation of RFP No. 2. *Id.*

Defendants correctly note that a party cannot produce documents that do not exist and the "mere suspicion that additional documents must exist does not warrant an order compelling production." *Boston v. ClubCorp USA, Inc.*, 2019 WL 1873293, at *8 (C.D. Cal. Mar. 11, 2019). But plaintiff's concerns about the adequacy of defendants' production rises above "mere suspicion." Plaintiff has provided concrete examples of why it suspects defendants have failed to conduct adequate searches and produce all responsive documents. Although some late production is understandable given the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 16, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

expedited circumstances here, defendants' statement that they have continued to supplement their productions following plaintiff's inquiries and allegations of deficiencies and admission that they withheld documents because of their interpretation of RFP No. 2 directly support plaintiff's contention that defendants' searches and productions have been inadequate.  *See* JS at 15, 18.

Much of the inadequate production appears to stem from defendants' unreasonable construction of RFP No. 2.  *See* docket no. 345 at 13-18; JS at 18.  But there is also evidence that the searches themselves were inadequate.  For example, defendants have not explained why official documents such as Forms I-213 were not produced, why body camera footage including from the operations listed in RFP No. 2(m)-(o) was not produced, and why they have relied solely on the agents themselves to determine what is responsive on their devices.

Defendants argued at the hearing that it would be unreasonable to require them to re-do or re-check their search at this late stage of expedited discovery.  But given that defendants misconstrued RFP No. 2 so significantly, defendants need to re-do their searches in any event.  As such, defendants must now conduct a complete and proper search for documents responsive to the RFPs at issue, including doing at least the following:

- Collect standardized documentation, including any targeting information or slide presentations given to agents from all relevant operations and produce them to plaintiffs;

- Identify all persons who were arrested during any of these operations and gather all documentation concerning their arrests;

- Collect documents from every agent present at the 15 operations, including any reports or notes they generated and any communications they exchanged relating to the operations;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 16, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

- Produce all body worn camera footage recorded by any agent present at any of the 15 operations listed in RFP No. 2;

- Forensically image any cell phone used by an agent present at any of the 15 operations and review these devices for material responsive to RFP Nos. 2 and 3; and

- Provide affidavits detailing their document collection process.

The majority of this production must be made by January 23, 2026, with any remaining production (including providing the document collection process affidavits) to be completed by January 30, 2026.

**C.   Defendants May Not Withhold Documents on the Basis of the Law Enforcement Privilege**

Plaintiff argues defendants continue to make redactions based on improper claims of law enforcement privilege. JS at 11-12.

As the court discussed in its January 14, 2026 order (the "January 14 order"), to the extent law enforcement privilege has been recognized, it is a qualified privilege. *See Shah v. Dep't of Justice*, 714 F. App'x 657, 658 n.1 (9th Cir. 2017) (neither the Supreme Court nor the Ninth Circuit "have yet to recognize or reject a 'law enforcement privilege.'"); *In re The City of New York*, 607 F.3d 923 (2d Cir. 2010) (recognizing the law enforcement privilege); *Commonwealth of Puerto Rico v. U.S.*, 490 F.3d 50 (1st Cir. 2007) (same); *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565 (5th Cir. 2006) (same); *Landry v. FDIC*, 204 F.3d 1125 (D.C. Cir. 2000) (same); *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122 (7th Cir. 1997) (same). The party claiming the privilege has the burden of showing the privilege applies to the documents at issue and requires (1) a formal claim of privilege by the head of the department having control over the requested information; (2) assertion of the privilege based on actual personal consideration by that official; and (3) a detailed specification of the information for which the privilege is claimed, with an explanation why it properly falls within the scope of the privilege. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 16, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

*Roman v. Wolf*, 2020 WL 6588399, at *2 (C.D. Cal. Jul. 16, 2020) (citing *Landry*, 204 F.3d at 1135).  The party seeking the information may rebut the privilege.

Here, plaintiff does not identify which documents it alleges were improperly redacted and defendants did not submit a declaration to meet the requirements of asserting the privilege.  As such, the only determination the court can make here is that to the extent defendants have made redactions or withheld documents from the productions at issue, they have not met their burden of showing the law enforcement privilege applies.  In the event defendants intend to submit a formal claim of privilege over the information at issue, the court advises defendants to reconsider its redactions and any declarations they intend to submit in light of the January 14 order.  Given defendants' arguments for what they believe should be withheld under the privilege, under the reasoning of the January 14 order, at a minimum it appears the need for this information outweighs any danger of its production under the protective order, and so it should be produced.

### D.     Federal Rule of Civil Procedure 26(g)

In response to defendants' portion of the joint stipulation, plaintiffs argue that defendants' counsel have not fulfilled their obligations under Rule 26(g) of the Federal Rules of Civil Procedure.  P. Supp. at 5.  Plaintiffs assert that defendants' portion of the joint stipulation raises significant concerns that ICE and CBP are deciding for themselves what documents to collect, what documents are responsive, and what privileges apply.  *Id*.; *see also id*. at 4 ("several deponents testified that they were *never* asked to collect documents in connection with the litigation or were unable to say when they were asked to do so").

Because this is a new argument raised in plaintiffs' supplemental brief – albeit fairly in response to defendants' arguments in the Joint Stipulation – the court will not here rule on this issue.  But the court reminds counsel of their responsibilities as officers of the court to ensure the parties are meeting their discovery obligations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 16, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

## IV. ORDER

For the foregoing reasons, the court GRANTS plaintiff's motion to compel (docket no. 320), as set forth above.