STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRÁN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
DIANA SÁNCHEZ (SBN 338871)
*dianasanchez@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security; | Case No.: 2:25-cv-05605-MEMF-SPx <br><br> ***DISCOVERY MATTER*** <br><br> **PLAINTIFFS' EX PARTE APPLICATION TO CONTINUE DEPOSITION OF CARLOS OSORTO** <br><br> Hon. Maame Ewusi-Mensah Frimpong <br><br> Referred to Hon. Sheri Pym |

PLAINTIFFS' EX PARTE APPLICATION TO CONTINUE DEPOSITION OF CARLOS OSORTO

Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

     Defendants.

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
DAVID FRY (SBN 189276)
*david.fry@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
LAURA R. PERRY (SBN 342504)
*laura.perrystone@mto.com*
LAUREN E. KUHN (SBN 343855)
*lauren.kuhn@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

PLAINTIFFS' EX PARTE APPLICATION FOR CONTINUANCE

## NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, in accordance with Civil Local Rules 6-1 and 7-19, Plaintiffs Pedro Vasquez Perdomo, Carlos Alexander Osorto, Isaac Villegas Molina, Jorge Hernandez Viramontes, Jason Brian Gavidia, the Los Angeles Worker Center Network, United Farm Workers, and Coalition for Humane Immigrant Rights (collectively "Stop/Arrest Plaintiffs" or "Plaintiffs"), by and through their counsel of record, respectfully apply to the Court on an *ex parte* basis to postpone a portion of Plaintiff Osorto's deposition that has commenced on January 16, 2026 at approximately 9:00 a.m. The portion of the deposition Plaintiffs seek to continue concerns immigration status-related questions that are the subject of a dispute between the parties, and which Plaintiffs intend to seek further review of by the District Court. To preserve their rights, Plaintiffs file this application until ultimate resolution of the dispute.

Plaintiffs' *ex parte* application is based on this Notice, the Proposed Order, the Declaration of Mohammad Tajsar filed in support of this motion, all records and papers filed in this action, any oral argument, and any other evidence that the Court may consider in ruling on Plaintiffs' requested relief.

Plaintiffs provided oral and written notice to Defendants and written notice to Intervenors of this *ex parte* application.  Declaration of Mohammad Tajsar ¶¶ 10–11.  Defendants indicated that they oppose this application. *Id.* at ¶ 10.

The names, addresses, telephone numbers, and e-mail addresses of Defendants' and Intervenors' counsel to whom Plaintiffs provided notice are as follows:

**Jonathan Kevin Ross**
US Department of Justice
Civil Division - Office of Immigration Litigation
PO Box 878 Ben Franklin Station
Washington, DC 20044
202-305-7662
Email: Jonathan.K.Ross@usdoj.gov

**Jin Niu**
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071

213-683-9100
Email: Jin.Niu@mto.com

DATED:  January 16, 2026

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

By:     _/s/ Mohammad Tajsar_

MOHAMMAD TAJSAR
_Counsel for Stop/Arrest Plaintiffs_

PLAINTIFFS' EX PARTE APPLICATION FOR CONTINUANCE

## I.      **INTRODUCTION**

Plaintiffs respectfully seek to continue Plaintiff Carlos Osorto's deposition to permit District Court review of this Court's order, ECF 367, issued January 15, 2026 at 4:10 p.m., granting in part and denying in part Plaintiffs' application for a protective order concerning certain immigration status-related questions, ECF 354. Because Plaintiffs intend to seek further review of the Court's January 15 Order with the District Court, this Application requests a continuance of the deposition relating to the disputed questions pending final resolution of the dispute.

In advance of the deposition of Mr. Osorto, Plaintiffs sought a protective order barring Defendants from asking deposition questions about Plaintiffs' immigration status during expedited discovery. ECF 354 at 2. Because the merits of Plaintiffs' Fourth Amendment claim do not turn on independent information about an individual's lack of status or immigration history, "[t]he chilling effect such discovery could have on the bringing of civil rights actions unacceptably burdens the public interest." *Id.* (citing *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004)). This Court granted in part and denied in part Plaintiffs' application, ordering that "Defendants may ask a deponent about his own immigration status . . . during June 2025." ECF 367 at 6. Under Judge Frimpong's Standing Order and Local Rule 72-2, a party may seek review of a magistrate judge's discovery ruling within fourteen days of its service. Plaintiffs intend to seek prompt review of ECF 367.

In the meantime, Mr. Osorto's deposition has commenced today, and Defendants have asked Mr. Osorto multiple questions concerning his immigration status—many of which are prohibited by the January 15 Order. Nevertheless, without a continuance of Mr. Osorto's deposition, Plaintiffs will lose the opportunity to have the District Court review the ruling prior to his deposition. The prejudice Plaintiffs face—forcing Mr. Osorto to submit to questions about his immigration status notwithstanding Ninth Circuit law acknowledging that such discovery places "any plaintiffs found to be undocumented" at risk of "criminal prosecution and deportation," *Rivera*, 364 F.3d at 1064—far outweighs any prejudice to Defendants from a brief continuance, especially where the deposition phase of expedited discovery will continue at least another ten days. *See* ECF 368 (granting parties' stipulation to hold final Rule 30(b)(6) deposition on January

26). Plaintiffs are willing to accommodate further discovery of Mr. Osorto if the district court ultimately affirms the January 15 Order issued by Magistrate Judge Pym.

## II.    FACTUAL SUMMARY

On November 11, 2025, the Court granted Defendants' motion for expedited discovery and permitted Defendants to take three depositions of individual plaintiffs or witnesses in this case, "with the scope of the depositions to be confined to the topics of the entity or individual's declaration(s)." ECF 253 at 6. Defendants noticed the depositions of individual Plaintiffs Pedro Vasquez Perdomo, Jorge Hernandez Viramontes, and Carlos Osorto.

On January 12, 2026, in response to Defendants' lines of inquiry in the January 8 deposition of Plaintiff Vasquez Perdomo, Plaintiffs applied *ex parte* for a protective order seeking to prevent Defendants from inquiring into the citizenship, immigration status, or immigration history of any Plaintiff or witness as part of expedited discovery. ECF 355-3. Declaration of Mohammad Tajsar ¶ 2. At the time, Plaintiff Carlos Osorto's deposition was scheduled for January 16, 2026. *Id*. at ¶ 3.

In an order issued the afternoon of January 15, the Court granted in part and denied in part Plaintiffs' *ex parte* application. ECF 367. The Court ruled "Defendants may ask a deponent about his own immigration status or what he knew about the immigration status of others present at the location where he was stopped during June 2025," but "are precluded from inquiring about a plaintiff's or witness' immigration history, including but not limited to place of birth, time/place/manner of entry into the United States, compliance with immigration requirements, and documents they possess . . . ." *Id.* at 6–7.

Following review of the January 15 Order, Plaintiffs' counsel promptly contacted Defendants' counsel by email and telephone seeking to discuss the Order and Plaintiffs' intent to object to the portion of the decision allowing questioning about immigration status in June 2025 by seeking further review with the District Court. Tajsar Decl. ¶ 5. During the subsequent conference between counsel that evening, Plaintiffs proposed that the parties could either postpone the deposition pending the District Court's consideration of the January 15 Order, or explore proceeding with the deposition except as to the disputed questions concerning immigration status.

PLAINTIFFS' EX PARTE APPLICATION FOR CONTINUANCE

*Id.* at ¶ 6. Defendants declined. *Id*. ¶ 7. After further deliberation, Plaintiffs informed Defendants that Mr. Osorto may consider withdrawing from the litigation if the deposition were to proceed, and that counsel needs additional time to confer with Mr. Osorto. *Id.* ¶ 8. Plaintiffs made another request to Defendants to postpone the deposition to allow Plaintiffs and Mr. Osorto to consider his options, including the possibility of voluntary dismissal, in light of the January 15 Order and Defendants' refusal to agree on a delay of the deposition while January 15 Order is reviewed by the District Court. *Id*. Defendants again rejected this proposal, and signaled their intent to continue with the deposition. *Id.* at ¶ 9.

In response, at approximately 11:30 p.m., Plaintiffs' counsel informed Defendants orally of Plaintiffs' intent to seek *ex parte* relief on January 16. Tajsar Decl. ¶ 10. Defendants' counsel indicated they oppose the application. *Id.* Plaintiffs' counsel then emailed all counsel, including both Defendants' and Intervenors' counsel, with written notice of the same. *Id.* at ¶ 11.

Mr. Osorto's deposition commenced on January 16. Tajsar Decl. ¶ 12. During the deposition, Defendants' counsel asked Mr. Osorto certain questions that required disclosure of his immigration status, including: what his immigration status was when he was detained in June 18, 2025; whether he pays income tax; whether he has ever filled out an I-9 form for an employer; whether his friends generally have immigration status; and whether he takes day laborer jobs in 2025 because he lacks immigration status. *Id*. Plaintiffs' counsel informed Defendants' counsel that they will instruct Mr. Osorto not to answer these questions pending ultimate resolution of the dispute. *Id.* at ¶ 13. Defendants objected to Plaintiffs' instructions not to answer, and the parties agreed to seek judicial intervention from the chambers of Magistrate Judge. *Id*. Plaintiffs filed this Application shortly thereafter.

## III.    <u>ARGUMENT</u>

To obtain *ex parte* relief, the moving party must show that (i) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (ii) "that the moving party is without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  The Court may "make any order which justice requires to protect a party or person from annoyance,

embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Degen v. United States,* 517 U.S. 820, 826 (1996) (court has authority "to manage discovery in a civil suit"). In doing so, this Court may issue an order continuing deadlines for good cause. *See* Fed. R. Civ. P. 16(b)(4); Judge Frimpong Standing Order XIII ("The Court grants continuances only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied."); *cf. Israel v. Carter,* No. 221-CV-1267-DAD, 2022 WL 21817126, at *3 (E.D. Cal. Sept. 12, 2022) (denying plaintiff's request to continue a deposition where "plaintiff has not shown good cause to postpone her deposition indefinitely."). "The court has wide discretion to determine what constitutes a showing of good cause" and issue an "order that provides the appropriate degree of protection." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). When scheduling and coordinating depositions, courts "expect[] all parties to work together in good faith." *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 415 (S.D. Cal. 2020).

Plaintiffs meet the standard for *ex parte* relief because both *Mission Power* elements are satisfied here. First, Mr. Osorto's deposition has begun on Friday, January 16, and he has been asked multiple immigration status-related questions during the deposition. Should Plaintiffs' motion be heard according to regular practice, Mr. Osorto's deposition will have come and gone, and Defendants will have asked the very questions at issue in the order of which Plaintiffs seek review. Plaintiffs respectfully submit that this Court erred in concluding that Defendants may inquire as to Plaintiff's "immigration status or . . . the immigration status of others" in June 2025. The relevant analysis when determining whether there was reasonable suspicion for a stop is whether the officers had "specific, articulable facts . . . particularized" to the person to be stopped. *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000). The critical question therefore is what the particular officer knew or had reason to believe at the time of the stop, not the actual status of Plaintiffs or the Plaintiffs' knowledge of the status of others. Defendants have plenty of ways to adduce evidence for any possible defense that their stops were reasonable, including by relying on Defendants' own investigation and surveillance.

In fact, as to the incident in Pasadena on June 18 where Defendants encountered three named Plaintiffs, including Mr. Osorto, Defendants' contention—as confirmed in recent deposition testimony—is *not* that they approached Plaintiffs to investigate their possible immigration status, but that they approached Plaintiffs to learn information about another individual with a removal order that they were supposedly targeting that day. Tajsar Decl. ¶ 14. This makes the relevance of information about the actual immigration status of Plaintiffs even more remote.

In sum, Defendants do not need to impose an unacceptable chilling effect on individual Plaintiffs' ability to participate in this litigation to adduce evidence for their defense. *See Rivera*, 364 F.3d at 1065. Furthermore, in light of this Court's ruling and the fact of Mr. Osorto parallel removal proceedings, Mr. Osorto requires further time to consider and confer with counsel about his continued participation in this case. Without *ex parte* relief, Plaintiffs will not be able to press these arguments before the District Court and take any necessary action before Mr. Osorto faces irreparable harm.

Second, Plaintiffs are without fault in creating the crisis. At the time Mr. Osorto's deposition was noticed, Plaintiffs were not aware that Defendants would pose the questions at issue. After Plaintiff Vasquez Perdomo's deposition, Plaintiffs sought to resolve the issue at hand via an *ex parte* application for a protective order. Tajsar Decl. ¶ 2. When the Court's order did not afford Plaintiffs complete relief—and indeed, within two hours of its issuance—Plaintiffs diligently approached counsel for Defendants to request that the parties postpone Mr. Osorto's deposition to permit District Court review of this Court's order. *Id.* ¶¶ 4-5. Defendants declined. *Id.* ¶ 7. Plaintiffs informed counsel for Defendants that Mr. Osorto required additional time to consider withdrawal from the case. *Id.* ¶ 8. Despite Plaintiffs' repeated efforts to work together in good faith with opposing counsel, Defendants remained unwilling to reschedule. *Id.* ¶ 9. And during the deposition, Defendants have asked the disputed questions over which Plaintiffs repeatedly noted that they intend to seek ultimate review by the district court. Therefore, through no fault of their own, Plaintiffs now have no recourse but to seek *ex parte* relief to obtain necessary protection before Mr. Osorto's deposition may proceed.

PLAINTIFFS' EX PARTE APPLICATION FOR CONTINUANCE

## IV.  CONCLUSION

Plaintiffs respectfully request that the Court continue the balance of Mr. Osorto's deposition concerning questioning about immigration status for 14 days to permit Plaintiffs to seek review of the Court's January 15 protective order and to further confer with Mr. Osorto about his options. Plaintiffs are willing to accommodate further discovery of Mr. Osorto if the district court ultimately affirms the January 15 Order issued by Magistrate Judge Pym.

DATED:  January 16, 2026              ACLU FOUNDATION OF SOUTHERN
                                       CALIFORNIA


                                       By:  _____*/s/ Mohammad Tajsar*_____
                                                MOHAMMAD TAJSAR
                                            *Counsel for Stop/Arrest Plaintiffs*

PLAINTIFFS' EX PARTE APPLICATION FOR CONTINUANCE

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Stop/Arrest Plaintiffs, certifies that this brief contains 1,977 words, which complies with the word limit of L.R. 11.6-1.

DATED:  January 16, 2025                    ACLU FOUNDATION OF SOUTHERN CALIFORNIA


By:     */s/ Mohammad Tajsar*
        MOHAMMAD TAJSAR
        *Counsel for Stop/Arrest Plaintiffs*

PLAINTIFFS' EX PARTE APPLICATION FOR CONTINUANCE