BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
JONATHAN K. ROSS
Senior Litigation Counsel
STEPHANIE L. GROFF
JACOB A. BASHYROV
ANIELLO DESIMONE
JASON K. ZUBATA
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-7662
Email: Jonathan.K.Ross@usdoj.gov

*Counsel for Defendants*

BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (SBN 335008)
PAULINE H. ALARCON (SBN 345785)
Assistant United States Attorneys
   Federal Building, Suite 7516
   300 North Los Angeles Street
   Los Angeles, California 90012
Tel: (213) 894-5557 | 3992
E-mail:  Alexander.Farrell@usdoj.gov
            Pauline.Alarcon@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PEDRO VASQUEZ PERDOMO; *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.*,<br><br>    Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>***DISCOVERY MATTER***<br><br>**EX PARTE APPLICATION TO STAY JANUARY 16, 2026 ORDER [ECF NO. 370] OR, IN THE ALTERNATIVE, EX PARTE APPLICATION TO EXTEND PRODUCTION DEADLINE**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge<br><br>Referred to Hon. Sheri Pym<br>United States Magistrate Judge |

# NOTICE OF APPLICATION
# AND DECLARATION OF ANIELLO DESIMONE

PLEASE TAKE NOTICE that, in accordance with Civil Local Rules 6-1 and 7-19, and this Court's Standing Order, Defendants, by and through their counsel of record, respectfully apply to the Court on an ex parte basis for an order to stay the Court's January 16, 2026 Order (ECF No. 370), pending resolution of Defendants' forthcoming objections under Federal Rule of Civil Procedure 72(a). Defendants will file timely objections and seek this limited stay solely to preserve their rights and to avoid irreparable prejudice while the Rule 72 review process proceeds.

In the alternative, should the Court decline to stay the Order in full, Defendants respectfully request an extension of the production deadlines sufficient to permit orderly compliance following resolution of Defendants' objections.

Defendants' ex parte application is based on this Notice, the Proposed Order, all records and papers filed in this action, and any other evidence that the Court may consider in ruling on Defendants' requested relief.

Defendants acted in good faith by promptly notifying Plaintiffs and Intervenors of this request via email and telephonically on January 20, 2026. Defendants' counsel Nancy Safavi provided oral notice to Plaintiffs' counsel Annie Lai and Henry Shreffler via voicemail. She also provided oral notice to Intervenors' counsel Bobby Kim. Oral notice was communicated at approximately 11:45 am PT. Additionally, Defendants' counsel Tola Myczkowska provided written notice to both Intervenors' and Plaintiffs' counsel at approximately 9:03 am PT and 2:26 pm PT. Plaintiffs' counsel Henry Shreffler and Intervenors' counsel Bobby Kim communicated that they oppose Defendants' application.

Counsel for Defendants complied with the requirements of Local Rules 7-19 and 7-19.1, as well as this Court's Standing Order, in submitting this ex parte application. Specifically, counsel included a supporting memorandum stating the grounds for the requested relief, provided the known contact information for opposing counsel, and lodged a proposed order for the Court's consideration. In addition, counsel made reasonable, good

faith efforts to notify opposing counsel of the date and substance of this application prior to filing and has submitted a declaration detailing those notice efforts and stating whether any opposition exists.

      I declare under penalty of perjury that the foregoing is true and correct.

                                        */s/ Aniello DeSimone*
                                        ANIELLO DESIMONE
                                        Senior Litigation Counsel
                                        Office of Immigration Litigation
                                        U.S. Department of Justice

                                        *Counsel for Defendants*

**Notice:** Plaintiffs and Intervenors oppose this ex parte application and intend to file an opposition within 24 hours. Plaintiffs are represented by a large team of attorneys from multiple organizations.

| | |
|---|---|
| STACY TOLCHIN (SBN 217431) stacy@tolchinimmigration.com LAW OFFICES OF STACY TOLCHIN 776 E. Green St., Suite 210 Pasadena, CA 91101 Tel: 213-622-7450; Fax: 213-622-7233 | oma@aclusocal.org STEPHANIE PADILLA (SBN 321568) spadilla@aclusocal.org DIANA SÁNCHEZ (SBN 338871) dianasanchez@aclusocal.org ACLU FOUNDATION OF SOUTHERN CALIFORNIA 1313 West Eighth Street Los Angeles, CA 90017-4022 Tel: 213-977-5232; Fax: 213-201-7878 |
| MOHAMMAD TAJSAR (SBN 280152) mtajsar@aclusocal.org MAYRA JOACHIN (SBN 306065) mjoachin@aclusocal.org EVA BITRÁN (SBN 302081) ebitran@aclusocal.org DAE KEUN KWON (SBN 313155) akwon@aclusocal.org OLIVER MA (SBN 354266) | MARK ROSENBAUM (SBN 59940) mrosenbaum@publiccounsel.org REBECCA BROWN (SBN 345805) rbrown@publiccounsel.org SOPHIA WRENCH |

DEFENDANTS' EX PARTE APPLICATION TO STAY CASE

(SBN 354416)
swrench@publiccounsel.org
RITU MAHAJAN (SBN 252970)
rmahajan@publiccounsel.org
GINA AMATO (SBN 215519)
gamato@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977
*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
alai@law.uci.edu
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894;
Fax: 949-824-2747

JACOB S. KREILKAMP
(SBN 248210)
jacob.kreilkamp@mto.com
JAMIE LUMA (SBN 331610)
jamie.luma@mto.com
SARA H. WORTH
(SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER
(SBN 343388)
henry.shreffler@mto.com
MAGGIE BUSHELL
(SBN 354048)
maggie.bushell@mto.com
KYLE A. GROVES
(SBN 358085)
kyle.groves@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor

Los Angeles, CA 90071
Tel: 213-683-9100;
Fax: 213-683-9100
*Counsel for Stop/Arrest Plaintiffs*
LAUREN M. WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

BREE BERNWANGER
(SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

MATTHEW J. CRAIG
(SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS
(SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street,
Suite 10-140
Los Angeles, CA 90015

DEFENDANTS' EX PARTE APPLICATION TO STAY CASE

Tel: 212-763-0883;              *Counsel for Access/Conditions Plaintiffs*
Fax: 212-564-0883
EDGAR AGUILASOCHO
(SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025
ALVARO M. HUERTA
(SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL
(SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS

634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants respectfully seek a limited, temporary stay of the Court's January 16, 2026 discovery Order, ECF No. 370 ("Order") while they pursue review by the District Judge under Federal Rule of Civil Procedure 72(a). Defendants will file timely objections to the Order. They do not ask this Court to reconsider its ruling on the merits. Rather, they seek to preserve the Rule 72 review process contemplated by the Federal Rules and this District's Local Rules by preventing enforcement of an order that, if complied with immediately, would irreversibly moot that review and impose substantial, nonrecoverable burdens on multiple federal agencies.

The January 16 Order requires Defendants to undertake sweeping discovery measures across fifteen law enforcement operations on a timeline that compels substantial compliance before Defendants' objections can be considered. As detailed below and in the Declaration of Benjamin Mark Moss ("Moss Decl."), the Order mandates, *inter alia*, the collection and production of operation-wide materials from every agent present at each operation, the production of all body worn camera footage recorded by any agent present, the forensic imaging of any cell phone used by any agent present, and the preparation of affidavits detailing multi-agency document-collection processes. ECF No. 370 at 8-9. The majority of this work is required to occur immediately.

Compliance with these requirements on the ordered timeline is not reasonably achievable even with diligent, good faith efforts. More importantly for present purposes, attempting compliance now would require Defendants to undertake irreversible discovery measures—such as forensic device imaging and large-scale production of sensitive law-enforcement materials—before the District Judge has an opportunity to review the Order. Once undertaken, those measures cannot be undone, and any subsequent ruling under Rule 72 would come too late to provide effective relief.

A temporary stay pending resolution of Defendants' objections preserves the status quo contemplated by Rule 72(a) and avoids irreparable prejudice. Alternatively, a brief

extension of the production deadlines would materially reduce the risk of error, overproduction, and privilege violations while allowing discovery to proceed in an orderly manner should the Order be affirmed.

## PROCEDURAL HISTORY

On January 16, 2026, the Court granted Plaintiffs' motion to compel and issued an order substantially expanding Defendants' discovery obligations under Requests for Production ("RFP") Nos. 2 and 3. ECF No. 370. As relevant here, the Order requires Defendants to reconduct their searches and to collect and produce discovery relating to fifteen identified law-enforcement operations.

Specifically, the Order requires Defendants to: (1) collect and produce "standardized documentation, including any targeting information or slide presentations given to agents" from each of the fifteen operations; (2) identify all persons arrested during those operations and gather all documents concerning their arrests; (3) collect documents from every agent present at each operation, including reports, notes, and communications relating to the operations; (4) produce all body worn camera footage recorded by any agent present at any of the operations; (5) forensically image "any cell phone used by any agent present" at the operations and review those devices for materials responsive to RFP Nos. 2 and 3; and (6) provide affidavits detailing Defendants' document-collection processes. *Id*. at 8-9.

The Order further requires that the majority of this discovery be completed on an extremely compressed timeline, with initial production due almost immediately on January 23, 2026, and remaining production and affidavits due shortly thereafter on January 30, 2026. *Id.* at 9. As explained below and in the Moss Declaration, the January 16 Order requires discovery that is not only broader than Defendants' prior productions, but exponentially broader than what was contemplated when the Court initially authorized limited expedited discovery. *See* Moss Decl. ¶¶ 6-15. Under the Court's expedited discovery order, Defendants were given approximately twelve days between issuance of

the order and the first production deadline, and nearly three full weeks between the first and final production deadlines. ECF No. 227 at 4. That framework contemplated targeted, encounter-level discovery tied to specific individuals and discrete materials. *See id.* By contrast, the January 16 Order requires operation-wide discovery from a currently unknown number of people (every agent present at fifteen separate operations), encompassing body worn camera footage, device-level communications, and internal law-enforcement materials across multiple Department of Homeland Security ("DHS") components. The volume of custodians, systems, and records implicated by this expanded scope far exceeds what was previously contemplated under the expedited schedule, while the timeline for compliance has been substantially compressed rather than expanded. Moss Decl. ¶¶ 6-7, 13-15.

Defendants intend to seek District Judge review of the Order pursuant to Rule 72(a). This application seeks only to prevent enforcement of the Order before that review can occur.

## LEGAL STANDARD

Ex parte relief is appropriate where a party demonstrates that it will suffer irreparable prejudice if the underlying motion is heard according to regular noticed motion procedures and that the party is without fault in creating the circumstances requiring ex parte relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Both requirements are satisfied here.

## ARGUMENT

**A.    Immediate Enforcement of the January 16, 2026 Order Would Prejudice Defendants by Foreclosing Rule 72 Review**

Absent a temporary stay, Defendants will suffer irreparable prejudice because the January 16 Order requires substantial compliance before Defendants' objections under Federal Rule of Civil Procedure 72(a) and Local Rule 72-2.1 can be considered. The Rules contemplate meaningful district court review of magistrate judge discovery rulings, but that review necessarily presumes that the challenged order will not be executed in a

manner that cannot later be unwound. Here, however, the Order requires Defendants to undertake discovery measures that, once completed, cannot be meaningfully reversed, regardless of the outcome of Rule 72 review.

Specifically, compliance with the Order requires a series of interdependent steps that culminate in disclosure of sensitive materials. Those steps include identifying custodians across multiple DHS components; collecting large volumes of electronically stored information; transmitting that data to DOJ's Automation Litigation Support Lab for processing; validating search terms; and conducting layered responsiveness and privilege review involving originating components U.S. Customs and Border Protection ("CBP") and U.S. Immigration and Customs Enforcement ("ICE"), Department of Justice attorneys, and interagency consultation including leadership review. Moss Decl. ¶¶ 6-7. Once these steps result in production—particularly where they involve forensic imaging of devices, production of operation-wide body worn camera footage, or disclosure of potentially privileged materials—the status quo cannot be restored if the District Judge later narrows the scope of discovery or disagrees with the Magistrate Judge's construction of the requests.

The nature of the discovery ordered underscores the prejudice. For example, the requirement to forensically image any cell phone used by any agent present at fifteen operations entails a highly intrusive process that captures the entire contents of a device, including personal, non-responsive, and potentially privileged material. Moss Decl. ¶ 8. Likewise, the requirement to produce all body worn camera footage recorded by any agent present expands discovery beyond encounter-specific materials to comprehensive operation-wide data, requiring coordination with field offices and secure evidence systems and extensive Privacy Act and privilege review. Moss Decl. ¶¶ 9, 14. The additional requirement that Defendants submit affidavits describing their document-collection processes while discovery is ongoing further heightens the prejudice by diverting personnel from production and crystallizing evolving processes in a way that cannot later

be corrected. Moss Decl. ¶ 12. All of this requires significant resources and places a severe burden on federal agencies that cannot be undone by a favorable ruling later. And once the compelled documents are produced, any review will necessarily be rendered moot and the prejudice from the substantial burden already incurred. Defendants cannot reasonably obtain review and relief from the district court before this Court's substantial completion deadline of January 23, which is only three days away. To preserve meaningful review, this Court recently stayed its order compelling Plaintiffs' deponents to answer questions regarding their immigration status during an active deposition despite the Court ordering such disclosures twice. *See* ECF Nos. 371, 374, 378. The Court did this to ensure that Plaintiffs had adequate time to seek review from the district court. Defendants simply ask for a similar stay to seek timely review.

Local Rule 72-2.2 provides that a magistrate judge's ruling remains in effect unless stayed or modified, but that rule necessarily leaves room for temporary relief where immediate enforcement would defeat the purpose of Rule 72 review. A short stay pending resolution of Defendants' objections preserves the status quo and ensures that district court review is meaningful rather than academic. Plaintiffs will not be prejudiced by such a stay. Litigation holds remain in place, materials are preserved, and discovery can proceed promptly if the Order is affirmed. Moss Decl. ¶ 16. By contrast, requiring Defendants to proceed immediately risks irreversible disclosures and nonrecoverable expenditures of time and resources that Rule 72 is designed to guard against.

**B.     The Scope and Timing of the January 16 Order Warrant Temporary Relief**

The circumstances giving rise to this application warrant immediate relief even though Defendants have acted diligently throughout the discovery process. Defendants do not seek to avoid their discovery obligations. Rather, the combination of the Order's breadth and its compressed timeline creates a substantial risk that compliance undertaken immediately will be incomplete, erroneous, or unduly disruptive, even with good faith efforts.

Discovery of the scope ordered here ordinarily requires weeks or months under standard scheduling orders. Moss Decl. ¶¶ 6-7. That is not because of delay or inattention, but because the process involves sequential steps that cannot be meaningfully done in parallel: custodians must be identified before data can be collected; data must be collected before it can be processed; processed data must be searched before review can begin; documents must be reviewed before privilege determinations can be made; and privilege determinations must be finalized before production can occur. Moss Decl. ¶ 7(a)-(k). Compressing this sequence into a matter of days materially increases the risk of error and forces tradeoffs between speed and accuracy that the Federal Rules are designed to avoid.

These pressures are compounded by real-world constraints. For example, significant attorney departures over the past year have increased workloads on remaining personnel and make rapid redeployment and training of document reviewers difficult. Moss Decl. ¶ 7(l). Even with extraordinary effort, expedited discovery of this scope would require thousands of attorney hours, diverting personnel from other litigation and enforcement responsibilities and still likely yielding only a small subset of responsive, non-privileged documents. Moss Decl. ¶ 15. Proceeding immediately under these conditions risks precisely the kinds of discovery failures—overproduction, underproduction, and privilege errors—that later motions cannot easily remedy.

The need for immediate relief is further reinforced by ambiguities in the Order that reasonably require clarification on review. The requirement to collect "standardized documentation" is undefined and could encompass a wide range of materials implicating different custodians, systems, and privilege considerations. Moss Decl. ¶ 13. Similarly, the requirement to forensically image any cell phone "used" by an agent is unclear as to whether it includes personal devices, which are not within the custody or control of the Government and may not be identifiable absent intrusive measures. Moss Decl. ¶ 8. Proceeding immediately in the face of these ambiguities increases the risk of overbroad or improper discovery that cannot later be undone.

Defendants recognize that the Court previously indicated that broader production might be required and, in response, began taking steps to prepare for the possibility of expanded discovery. But the scope and structure of what the Court ultimately ordered in ECF No. 370 went well beyond what was reasonably contemplated even in light of those prior indications. Earlier proceedings focused on fuller productions within a limited expedited framework; they did not signal that Defendants would be required to collect and review operation-wide materials from every agent present, forensically image devices, and produce comprehensive body worn camera footage across fifteen operations on a timeline measured in days rather than weeks. Moss Decl. ¶¶ 6-7, 13. The issue is not surprise, but scale: the combination of breadth and timing in the January 16 Order materially alters the compliance landscape in a way that warrants temporary relief to permit orderly execution. For these reasons, the Court should temporarily stay its January 16 Order.

In the alternative, a short extension of the production deadlines would substantially mitigate the risks identified above while allowing discovery to proceed in an orderly manner. A thirty-day extension would better align the expanded scope of discovery ordered in ECF No. 370 with the practical realities of multi-agency collection, processing, and review, particularly where layered privilege and Privacy Act considerations are unavoidable. *See* Moss Decl. ¶¶ 7, 9-12, 14-15. Such an extension would not prejudice Plaintiffs, who remain protected by litigation holds and who have themselves indicated a need for additional time to analyze productions. It would, however, materially reduce the risk of error, overproduction, and inadvertent disclosure while preserving the Court's ability to enforce full compliance once the scope of Defendants' obligations is confirmed on review.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay the January 16, 2026 Order pending resolution of Defendants' Rule 72 objections, so that review may occur before compliance measures that cannot later be undone. In the

alternative, Defendants request a thirty-day extension of the production deadlines to permit orderly compliance with the expanded scope of discovery ordered by the Court.

Dated: January 20, 2026                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

STEPHANIE L. GROFF
JACOB A. BASHYROV
JASON K. ZUBATA
ANIELLO DESIMONE
Trial Attorneys

*/s/ Jonathan K. Ross*
JONATHAN K. ROSS
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7662
Email: Jonathan.K.Ross@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record certifies that this filing is 2,223 words, which complies with L.R. 11-6.1.

Dated: January 20, 2026

Respectfully submitted,

*/s/ Jonathan K. Ross*
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice

*Counsel for Defendants*