UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -GENERAL

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 22, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly I. Carter | None | | None |
| Deputy Clerk | Court Reporter/Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None | | None | |

**Proceedings:** **(In Chambers) Order Denying in Large Part and Granting in Limited Part Defendants' Ex Parte Application to Stay or Extend Production Deadline [379]**

## I. INTRODUCTION

On January 20, 2026, defendants filed an ex parte application to stay the court's January 16, 2026 Order Granting Plaintiff CHIRLA's Motion to Compel Discovery (docket no. 370) (the "January 16 order") while they pursue review of the order or, in the alternative, extend the production deadline by 30 days. Docket no. 379. In the January 16 order, the court ordered defendants to, among other things: (1) produce all documents concerning the operations listed in Request for Production ("RFP") No. 2 in their entirety; (2) supplement their production in response to RFP No. 3 to the extent defendants' misconstruction of the term "operation" also affected its responses; (3) reconduct their searches, including taking specific steps listed by the court; and (4) provide affidavits detailing their document collection process. Docket no. 370. The court ordered the majority of this production to be made by January 23, 2026, with any remaining production (including providing the document collection process affidavits) to be completed by January 30, 2026. *Id.* The instant ex parte application is supported by the declaration of Benjamin Mark Moss ("Moss Decl.").

Plaintiffs and intervenors opposed the ex parte application the next day. Docket no. 381. The opposition is supported by the Declaration of Henry D. Shreffler and an exhibit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 22, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

For the reasons that follow, the court largely denies defendants' application but grants a short extension for completion of the production deadline.

## II. DISCUSSION

### A.  Ex Parte Relief

"Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify ex parte relief, the moving party must, at a minimum, show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492; *see also* L.R. 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.").

As to the first *Mission Power* factor, defendants would be prejudiced if the matter were heard on regular noticed motion procedures, since it would not be heard until after defendants had made their production of documents (although the harm defendants would actually suffer is more doubtful, as discussed further below). But defendants do not meet the second factor. Defendants argue they have acted diligently, but complete and accurate compliance is not readily achievable given the breadth of the discovery and the compressed timeline. The facts, however, demonstrate defendants are not without fault in creating the crisis that requires ex parte relief. Plaintiffs and intervenors filed their motion for expedited discovery, which included the RFPs at issue, on September 22, 2025 (docket no. 211), the court granted the motion on October 17, 2025 (docket no. 223), and plaintiffs served the RFPs on October 21, 2025 (docket no. 320-2). Despite the plain language of the RFPs, defendants applied an untenable construction of RFP No. 2, thereby resulting in an inadequate search and production. *See* docket no. 370. Plaintiffs then moved to compel a full response to RFP Nos. 2 and 3 on December 23, 2025, which the court informed defendants at the January 6 hearing it was inclined to grant. *See* docket nos. 320, 345. Thus, defendants have been aware of the scope of the RFPs and their obligation for months, or at a minimum since January 6, and it is patently clear that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 22, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

not only have defendants not been diligent, but have disregarded their duty to produce documents.

Nevertheless, the court appreciates, as defendants argue, that while they had reason to expect they would need to make a broader production, they did not know all the steps they would be required to take (apparently notwithstanding that the court did not grant any relief beyond what plaintiffs requested in their December 23 motion to compel) or what the required timing of the production would be. *See* App. Mem. at 7. Further, neither the timing nor and the difficulties in completing the production in a compressed timeline were fully explored in the briefing on the motion to compel. As such, although defendants have not fully met the standard for ex parte relief, the court will rule on the application.

**B.      A Stay Is Not Warranted**

When determining whether it is appropriate to grant a stay pending appeal, courts consider the following four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Mi Familia Vota v. Fontes*, 111 F.4th 976, 981 (9th Cir. 2024) (quoting *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)); *see Canchola v. Allstate Ins. Co.*, 2025 WL 1377817, at *3 (C.D. Cal. Apr. 17, 2025) (applying the same standard to a request to stay a magistrate judge's discovery order pending review). "The likelihood of success and irreparable injury are the most critical factors." *Mi Familia Vota*, 111 F.4th at 981 (citation and internal quotation marks omitted). The party requesting the stay "bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (citation and internal quotation marks omitted).

Considering these factors, the court finds a stay is not warranted. First, defendants have not made any showing, much a less a strong showing, that they are likely to succeed in reversing or limiting the January 16 order. Defendants state they intend to file objections to the January 16 order but have not stated what the bases of their objections

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 22, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

are.  To the extent defendants intend to object on the basis the January 16 order is broader than the court's order authorizing limited discovery, defendants are essentially making the same arguments raised in the original briefing, which the court has already addressed and found unconvincing.

Second, defendants argue they would be prejudiced if a stay is not granted because they would be forced to undertake discovery measures that "cannot be meaningfully reversed," including taking the various steps required for production and diverting resources.  App. at 4-5.  But engaging in routine discovery collection and review, even on an expedited basis, typically does not constitute irreparable harm.  *See In re Social Media Adolescent Addiction/Personal Injury Prods. Liability Litig.*, 2024 WL 4495810, at *4 (N.D. Cal. Oct. 15, 2024) ("it is well-settled that the ordinary burdens of discovery do not constitute an irreparable injury"); *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1095 (D. Nev. 2022) ("irreparable harm is generally not established based on the burden or expense of providing discovery"); *but see Canchola*, 2025 WL 1377817, at *3 (requiring defendant to produce the disputed discovery prior to review would effectively deny the relief sought in the motion).  Further, these are steps defendants would have to undertake when regular discovery commences.

Finally, even though the court need not address the third and fourth factors because defendants have not satisfied either of the two most critical factors, the court notes that the remaining factors also weigh against a stay.  Plaintiffs would be injured by a stay.  This is expedited discovery and defendants were supposed to have produced these materials in November.  And public interest weighs in favor of disclosure given the nature of the case.  Accordingly, the court will not grant a stay of its January 16 order.

## C. <u>A Short Extension Is Warranted</u>

Although a stay of the January 16 order is not warranted, as discussed above, the court recognizes the difficulties of coordinating with multiple agencies and making a production in a compressed timeline.  Considering these difficulties, which defendants have now articulated (*see* Moss Decl.), the court will grant a short extension of two weeks to complete its obligations under the January 16 order.  In deciding the length of extension warranted, the court notes that defendants appear to indicate that one reason

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | January 22, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

they require so much additional time is because they will need to conduct a privilege review and expect a "substantial number" of documents will be privileged. *See* Moss Decl. ¶¶ 11, 13. The court recognizes a privilege review is necessary, but cautions defendants that such review should not be misguided or based on untenable legal positions as to what is privileged, and reminds defendants of the court's prior rulings on privilege. Although the prior privilege rulings were limited to the documents at issue in those motions, the court's reasoning will apply equally to other like privilege assertions, and should guide any review conducted here.

### III. CONCLUSION

For these reasons, the court DENIES defendants' ex parte application for a stay of the January 16 order and GRANTS defendants a short extension of the production deadline. The production must still begin on January 23, 2026 as previously ordered, although the court recognizes defendants will be unable to complete the majority of the production by that date. Defendants must, however, complete the remainder of the production and all other requirements of the January 16 order by **February 13, 2026**.