1  STACY TOLCHIN (SBN 217431)
   *stacy@tolchinimmigration.com*
2  LAW OFFICES OF STACY TOLCHIN
   776 E. Green St., Suite 210
3  Pasadena, CA 91101
   Tel: 213-622-7450; Fax: 213-622-7233
4
   MOHAMMAD TAJSAR (SBN 280152)
5  *mtajsar@aclusocal.org*
   MAYRA JOACHIN (SBN 306065)
6  *mjoachin@aclusocal.org*
   EVA BITRÁN (SBN 302081)
7  *ebitran@aclusocal.org*
   DAE KEUN KWON (SBN 313155)
8  *akwon@aclusocal.org*
   STEPHANIE PADILLA (SBN 321568)
9  *spadilla@aclusocal.org*
   DIANA SÁNCHEZ (SBN 338871)
10 *dianasanchez@aclusocal.org*
   ACLU FOUNDATION OF
11 SOUTHERN CALIFORNIA
   1313 West Eighth Street
12 Los Angeles, CA 90017-4022
   Tel: 213-977-5232; Fax: 213-201-7878
13
   *Counsel for Stop/Arrest Plaintiffs*
14
15
16 (*Additional counsel listed on next page*)
17

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

18

19            **UNITED STATES DISTRICT COURT**

20         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

21  Pedro VASQUEZ PERDOMO; Carlos
    Alexander OSORTO; and Isaac VILLEGAS
22  MOLINA; Jorge HERNANDEZ
    VIRAMONTES; Jason Brian GAVIDIA; LOS
23  ANGELES WORKER CENTER NETWORK;
    UNITED FARM WORKERS; COALITION
24  FOR HUMANE IMMIGRANT RIGHTS;
    IMMIGRANT DEFENDERS LAW CENTER,
25
            Plaintiffs,
26
        v.
27
    Kristi NOEM, in her official capacity as
28  Secretary, Department of Homeland Security;

Case No.: 2:25-cv-05605-MEMF-SPx

**PLAINTIFFS' AND INTERVENORS'
OPPOSITION TO DEFENDANTS'
OBJECTIONS TO MAGISTRATE
JUDGE'S ORDER (ECF NO. 338)**

Hon. Maame Ewusi-Mensah Frimpong

Referred to Hon. Sheri Pym
United States Magistrate Judge

Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

Defendants.

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
DAVID FRY (SBN 189276)
david.fry@mto.com
SARA H. WORTH (SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER (SBN 343388)
henry.shreffler@mto.com
LAURA R. PERRY (SBN 342504)
laura.perrystone@mto.com
LAUREN E. KUHN (SBN 343855)
lauren.kuhn@mto.com
MAGGIE BUSHELL (SBN 354048)
maggie.bushell@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS (SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane
Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant
Defenders Law Center*

* Admitted pro hac vice

1   HYDEE FELDSTEIN SOTO
    (SBN 106866)
2   City Attorney
    hydee.feldsteinsoto@lacity.org
3   VALERIE L. FLORES (SBN 138572)
    valerie.flores@lacity.org
4   MICHAEL J. DUNDAS (SBN 226930)
    mike.dundas@lacity.org
5   MARIA LOUISE COUSINEAU
    (SBN 122280)
6   maria.cousineau@lacity.org
    RANDALL G. SOMMER
7   (SBN 214099)
    randall.sommer@lacity.org
8   SHUBHRA SHIVPURI (SBN 295534)
    shubhra.shivpuri@lacity.org
9   OFFICE OF THE LOS ANGELES
    CITY ATTORNEY
10  City Hall 200 North Spring Street
    21st Floor
11  Los Angeles, CA 90012-4130
    Tel.: 213-922-8382; Fax: 213-978-7957
12
    *Attorneys for Intervenor*
13  *City of Los Angeles*

14  E. MARTIN ESTRADA
    (SBN 223802)
15  martin.estrada@mto.com
    DANIEL B. LEVIN (SBN 226044)
16  daniel.levin@mto.com
    JOHN L. SCHWAB (SBN 301386)
17  john.schwab@mto.com
    V. GRACE DAVIS (SBN 336732)
18  grace.davisfisher@mto.com
    V. ROMAN LEAL (SBN 348892)
19  roman.leal@mto.com
    WENDY QIUYU XIAO (SBN 342702)
20  wendy.xiao@mto.com
    MUNGER, TOLLES & OLSON LLP
21  350 South Grand Avenue
    50th Floor
22  Los Angeles, California 90071
    Tel.: 213-683-9100; Fax: 213-687-3702
23
    *Attorneys for Intervenors Cities of Los*
24  *Angeles, Anaheim, Bell Gardens, Beverly Hills,*
    *Carpinteria, Culver City, Huntington Park,*
25  *Long Beach, Lynwood, Montebello, Monterey*
    *Park, Oxnard, Paramount, Pico Rivera,*
26  *Pomona, Santa Ana, Santa Barbara, Santa*
    *Monica, South Gate, and West Hollywood*
27

28

NICOLE DAVIS TINKHAM (SBN 229592)
ntinkham@counsel.lacounty.gov
LILIANA CAMPOS (SBN 255753)
lcampos@counsel.lacounty.gov
BRIGIT GREESON ALVAREZ (SBN 237301)
bgreesonalvarez@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
648 Kenneth Hahn Hall of Admin.,
500 West Temple Street
Los Angeles, California 90012-2713
Tel.: 213-808-8736; Fax: 213-633-1915

*Attorneys for Intervenor County of Los Angeles*

MICHELE BEAL BAGNERIS (SBN 115423)
City Attorney
mbagneris@cityofpasadena.net
ARNOLD F. LEE (SBN 278610)
aflee@cityofpasadena.net
ANDREW AARONIAN (SBN 318245)
aaaronian@cityofpasadena.net
OFFICE OF THE CITY ATTORNEY
OF PASADENA
100 N Garfield Ave, Rm N-210
Pasadena, CA 91101
Tel.: 626-744-4141; Fax: 626-744-4190

*Attorneys for Intervenor City of Pasadena*

NORMAN L. EISEN*
Norman@democracydefenders.org
STEPHEN A. JONAS (SBN 542005)
Steve@democracydefenders.org
JOSHUA G. KOLB*
Joshua@democracydefenders.org
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave. SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958

*Admitted Pro Hac Vice

*Attorneys for Intervenor City of Los Angeles*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................................................................1

II.     PROCEDURAL BACKGROUND ......................................................................1

        A.      Defendants Oppose Injunctive Relief Based on the Adequacy of Training..............1

        B.      The Court Orders Production of Training Materials ................................2

        C.      Defendants Withhold All Content From The Trainings In Discovery .....................3

        D.      Judge Pym Grants the Motion to Compel .....................................3

III.    ARGUMENT ......................................................................................................4

        A.      Judge Pym's Order Is Neither Clearly Erroneous Nor Contrary to Law .................4

        B.      The Contents of the Documents Are Not Privileged..................................4

        C.      Defendants Impliedly Waived Any Privilege by Placing the Adequacy of
                Officer Training at Issue ...............................................................7

        D.      Any Alleged Factual Misunderstanding Has No Bearing on the Outcome ..............9

        E.      In Camera Review Was Not Required ......................................................10

        F.      Any Relief Should Be Narrowly Drawn ................................................11

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**FEDERAL CASES**

4

*ACLU of N. Cal. v. DOJ*,
   880 F.3d 473 (9th Cir. 2018)...................................................................................5

5

*ACLU of N. Cal v. FBI*,
   146 F. Supp. 3d 1161 (N.D. Cal. 2015), rev'd on other grounds by 881 F.3d 776
   (9th Cir. 2018)...............................................................................................5, 6

6

7

*Am. Immigr. Council v. U.S. Dep't of Homeland Sec.*,
   905 F. Supp. 2d 206 (D.C. Cir. 2012) ...........................................................5, 6

8

*Bowne, Inc. v. AmBase Corp.*,
   150 F.R.D. 465 (S.D.N.Y. 1993).................................................................8

9

10

*Chevron Corp. v. Pennzoil Co.*,
   974 F.2d 1156 (9th Cir. 1992) ...................................................................7

11

*Davis v. Chase Bank U.S.A.*,
   2010 WL 1531410 (C.D. Cal. Apr. 14, 2010)...................................................4

12

13

*In re Grand Jury Investigation*,
   974 F.2d 1068 (9th Cir. 1992) .................................................................11

14

*Guzman v. Bridgepoint Educ., Inc.*,
   2014 WL 3407242 (S.D. Cal. July 10, 2014)................................................4

15

16

*Hearn v. Rhay*,
   68 F.R.D. 574 (E.D. Wash. 1975) .............................................................7

17

*Hipschman v. Cnty of San Diego*,
   742 F. Supp. 3d 1123 (S.D. Cal. 2024) .....................................................5, 6

18

19

*Home Indem. Co. v. Lane Powell Moss & Miller*,
   43 F.3d 1322 (9th Cir. 1995)......................................................................7

20

*J.M. v. Major*,
   2022 WL 1223725 (D. Or. Apr. 26, 2022)...................................................11

21

22

*NACDL v. Dep't of Justice Exec. Off. for U.S. Att'ys*,
   844 F.3d 246 (D.C. Cir. 2016) ...................................................................5

23

*Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*,
   124 F.3d 999 (9th Cir. 1997)....................................................................10

24

25

*Tong v. State Farm Gen. Ins. Co.*,
   2025 WL 882209 (C.D. Cal. Feb. 26, 2025)...............................................4

26

*United States v. Amlani*,
   169 F.3d 1189 (9th Cir. 1999)..................................................................7, 8

27

28

PLAINTIFFS' AND INTERVENORS' OPPOSITION TO DEFENDANTS' OBJECTIONS

*United States v. Martin*,
    278 F.3d 988 (9th Cir. 2002) ..................................................................5

*United States v. Richey*,
    632 F.3d 559 (9th Cir. 2011) ...............................................................4, 5

*United States v. Ruehle*,
    583 F.3d 600 (9th Cir. 2009) ...............................................................4, 5

*United States v. Zolin*,
    491 U.S. 554 (1989) ...............................................................................11

*In re Xyrem (Sodium Oxybate) Antitrust Litig.*,
    2025 WL 860505 (N.D. Cal. Mar. 19, 2025) .........................................8

**CASES - OTHER**

*ACLU of S.D. and Imperial Cntys v. U.S. Dep't of Homeland Sec.*,
    2017 WL 9500949 ...............................................................................5, 6

**RULES - OTHER**

Fed. R. Civ. P. 26(b)(3) ..............................................................................5

Fed. R. Civ. P. 72(a) ...............................................................................1, 4

PLAINTIFFS' AND INTERVENORS' OPPOSITION TO DEFENDANTS' OBJECTIONS

## I.    <u>INTRODUCTION</u>

Defendants have delayed and frustrated the purpose of expedited discovery at every turn, adopting blindered constructions of straightforward discovery requests, objecting to requests already approved by this Court as outside the "scope" of discovery, and standing on baseless invocations of inapplicable privileges.  Defendants still have not produced anything close to the documents actually requested.  Since this Court granted expedited discovery last October, *see* ECF 223, Plaintiffs and Intervenors have had to file three motions to compel; Judge Pym has granted all three motions; and Defendants have now appealed all three decisions to this Court.

The present set of objections concerns Judge Pym's January 5, 2026 Order, ECF 338 (the "Order"), on the first of Plaintiffs' and Intervenors' three motions to compel.  That Order is not "clearly erroneous or contrary to law," Fed. R. Civ. P. 72(a), and it should be affirmed.  Judge Pym correctly found that the vast majority of the training documents Defendants withheld for attorney client privilege or work product protection was never privileged, and that Defendants impliedly waived any applicable privilege by placing the contents of the documents in question directly at issue.  Defendants opposed temporary and preliminary injunctive relief on Plaintiffs' and Intervenors' suspicionless-stops claim based on the adequacy of officer training; it is black-letter law that they cannot now withhold the contents of that training under the cloak of privilege.  This Court should overrule Defendants' objections and affirm the Order.

## II.    <u>PROCEDURAL BACKGROUND</u>

### A.    <u>Defendants Oppose Injunctive Relief Based on the Adequacy of Training</u>

In early July, Plaintiffs moved for, and successfully obtained, a temporary restraining order ("TRO") from this Court enjoining Defendants from making detentive stops without reasonable suspicion and based solely on four broad factors—apparent race and ethnicity, speaking Spanish or accented English, location, and/or occupation.  *See* ECF 87.  In their opposition to the TRO, Defendants offered no evidence bearing on whether any specific raids or encounters were lawful, and instead submitted declarations attesting that agents were trained on the Fourth Amendment and other applicable authorities.  *See id.*; ECF 71-1 and 71-2 at 3–6, 8–10.

When Plaintiffs moved for a preliminary injunction, Defendants again opposed the motion. In that opposition, Defendants claimed that the challenged stops were lawful, in part because their officers and agents "are repeatedly trained on" and follow "Fourth Amendment case law" and "Ninth Circuit precedent." *See* ECF 170 at 17, 21; ECF 170-2 at 3; ECF 170-3 at 3–4. Defendants also specifically argued that their agents and officers were trained on "compliance" with the Court's TRO. ECF 178.

In short, Defendants repeatedly relied on the sufficiency of their training to justify the legality of their stops. This Court later granted Plaintiffs' and Intervenors' motion for expedited discovery to test the sufficiency of these claimed justifications for the stops.

### B. The Court Orders Production of Training Materials

This Court granted Plaintiffs' and Intervenors' request for expedited discovery in support of their motion for a preliminary injunction. Specifically, as relevant here, the Court permitted Plaintiffs and Intervenors to serve the following Request for Production concerning training:

> Request for Production 1: All TRAINING OR GUIDANCE provided to AGENCY PERSONNEL referenced in ECF 71, ECF 71-1, ECF 71-2, ECF 170, ECF 170-1, ECF 170-2, ECF 170-3, and ECF 178, including TRAINING AND GUIDANCE concerning the TRO, on topics including but not limited to: the difference between a consensual encounter and a seizure; the factors that may be considered in deciding whether to initiate a DETENTIVE STOP including vehicle stop; appropriate use of force, use of face coverings, and agent or officer identification as they relate to DETENTIVE STOPS; and documentation requirements for DETENTIVE STOPS.

This Court noted that discovery was appropriate, in part, because "Defendants have made numerous assertions in declarations about the nature of the training officers receive (explaining how to comply with the Constitution and governing law) and that all of the stops were legal (because they were consensual or supported by individualized reasonable suspicion)." ECF 223 at 4. The Court noted that the requests were unlikely to pose a significant burden because "the information being sought," namely information about training and the basis for specific stops and arrests, "would appear" to be information "that the Defendants have already collected" and

reviewed before making representations to the Court.  *Id.* at 6.  In terms of scheduling, the Court stated that "Defendants can start by producing that collected material."  *Id.*

### C.    Defendants Withhold All Content From The Trainings In Discovery

Judge Pym's scheduling order required Defendants to produce by November 4, 2025, "those materials relied upon in opposing the TRO and preliminary injunction motion."  *See* ECF 227.  On November 4, Defendants made their initial production with an email transmittal confirming that the documents were produced pursuant to Judge Pym's order requiring production of the materials relied upon in opposing the TRO.  *See* ECF 266-1 ¶ 4.  Defendants produced just 35 documents.[1]  All 35 documents appeared to be general training and guidance documents about the Fourth Amendment, the INA, and the District Court's TRO.  Despite Defendants' confirmation that the production contained documents Defendants had relied upon in opposing the TRO, all but two of the 35 documents were either withheld or so extensively redacted that no substantive content was produced anyway.  *See, e.g.*, *id.* ¶ 5; ECF 266-2; ECF 266-3.  To justify the withholding or redaction of the documents, Defendants invoked attorney-client privilege and work-product protection.  *See* ECF 266-1 ¶¶ 6, 14.

### D.    Judge Pym Grants the Motion to Compel

Plaintiffs and Intervenors moved to compel production of all documents Defendants relied upon and to overrule Defendants' privilege assertions over the training materials.  *See* ECF 266.  Judge Pym held a hearing on December 9 and ordered Defendants to submit a declaration in support of their privilege assertions by December 16, 2025.  ECF 305.  Defendants submitted declarations on December 16.  *See* ECF 311-1; 311-3.  Judge Pym concluded that for the majority of the documents at issue, no privilege applied, as they are "widely distributed general training materials about different areas of law and protocol, and not confidential communications made for the primary purpose of seeking legal advice."  ECF 338 at 4–5.  Judge Pym further found that even if the documents *were* privileged, Defendants had impliedly waived that privilege because,

---

[1] Remarkably, not one of those documents was an intelligence report, target packet, operational file, or any other record concerning any specific stop or any individual person.

"[c]ontrary to defendants' attempts to downplay their defense, they raised training as a defense in the opposition motions and therefore put the training materials at issue." *Id.* at 11.

## III.   ARGUMENT

### A.   Judge Pym's Order Is Neither Clearly Erroneous Nor Contrary to Law

District courts afford deference to a discovery order of a magistrate judge unless that order is "clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to a magistrate judge's "factual determinations and discretionary decisions." *Tong v. State Farm Gen. Ins. Co.*, 2025 WL 882209, at *3 (C.D. Cal. Feb. 26, 2025) (quoting *Davis v. Chase Bank U.S.A.*, 2010 WL 1531410, at *1 (C.D. Cal. Apr. 14, 2010)). "Under this standard, the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Davis*, 2010 WL 1531410, at *1. The "contrary to law" standard, on the other hand, "applies to the magistrate judge's legal conclusions, which are reviewed de novo." *Tong*, 2025 WL 882209, at *3 (quoting *Davis*, 2010 WL 1531410, at *1). "A decision is contrary to law if it fails to apply or misapplies the relevant statutes, case law, or rules of procedure." *Guzman v. Bridgepoint Educ., Inc.*, 2014 WL 3407242, at *5 (S.D. Cal. July 10, 2014).

Defendants appear to argue both that the Order's implied waiver ruling is contrary to law, and that some underlying factual determinations are clearly erroneous. But neither standard is met here. Judge Pym did not err in her assessment of the facts—much less clearly err. Nor is her analysis contrary to law; indeed, it is consistent with longstanding Ninth Circuit precedent.

### B.   The Contents of the Documents Are Not Privileged

Defendants' training materials are not privileged. "The attorney-client privilege exists where: (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (cleaned up). The "'fact that a person is a lawyer does not make all communications with that person privileged.'" *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *United*

*States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)).  Instead, the party asserting the privilege has the burden of "establishing the relationship *and* privileged nature of the communication."  *Richey*, 632 F.3d at 566 (emphasis added)).  Because privilege "'impedes full and free discovery of the truth,'" it is "'strictly construed.'"  *Ruehle*, 583 F.3d at 607 (quoting *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)); *see also ACLU of N. Cal v. FBI*, 146 F. Supp. 3d 1161, 1167 (N.D. Cal. 2015), *rev'd on other grounds by* 881 F.3d 776 (9th Cir. 2018).

The work-product doctrine is not a privilege but a qualified immunity that "'protects from discovery in litigation 'mental impressions, conclusions, opinions, or legal theories of a party's attorney' that were 'prepared in anticipation of litigation or for trial.'"  *Hipschman v. Cnty of San Diego,* 742 F. Supp. 3d 1123, 1132 (S.D. Cal. 2024) (quoting *ACLU of N. Cal. v. DOJ*, 880 F.3d 473, 483 (9th Cir. 2018)); *see* Fed. R. Civ. P. 26(b)(3).  The "mere possibility of litigation is not enough" for the work product doctrine to apply to government records.  *ACLU of S.D. & Imperial Cntys v. U.S. Dep't of Homeland Sec.,* 2017 WL 9500949, at *9 (C.D. Cal. Nov. 6, 2017).  Instead, courts must evaluate the purpose of the record.  *Id.*  Courts have held that a Department of Justice publication "aimed directly for use in litigating cases" was protected work product, *id.* (quoting *NACDL v. Dep't of Justice Exec. Off. for U.S. Att'ys*, 844 F.3d 246, 249 (D.C. Cir. 2016)), whereas a "general[] training by USCIS lawyers" for USCIS employees to "convey routine agency policies" and which contained "generally applicable legal advice," was not, *id.* at *10 (quoting *Am. Immigr. Council v. U.S. Dep't of Homeland Sec.*, 905 F. Supp. 2d 206, 222 (D.C. Cir. 2012)).

Judge Pym correctly determined that the materials were not protected by the attorney-client privilege nor the work product doctrine.  *See* ECF 338 at 4, 8.  As discussed extensively in previous briefing, *see* ECF 266 at 23–26, the materials at issue here are broadly distributed training materials.  Courts routinely hold that the attorney-client privilege does not apply to federal agency training materials that "function[] as a general-purpose legal manual, teaching CBP officials about the laws they enforce and the constitutional and statutory constraints they must follow."  *ACLU of S.D. and Imperial Cntys v. U.S. Dep't of Homeland Sec.,* 2017 WL 9500949, at *11 (collecting cases)*; see also Hipschman*, 742 F. Supp. 3d 1123 (S.D. Cal. 2024) (same).

1    Similarly, courts will decline to apply work product doctrine protections to documents that are

2    "general[] training" for federal employees to "cover routine agencies policies" and which contain

3    "generally applicable legal advice," even if prepared by lawyers. *ACLU of S.D. & Imperial*

4    *Counties*, 2017 WL 9500949, at *10 (quoting *Am. Immigr. Council v. U.S. Dep't of Homeland*

5    *Sec.*, 905 F. Supp. 2d 206, 222 (D.C. Cir. 2012)). In *ACLU of Northern California v. FBI*, for

6    example, the Court held that the attorney-client privilege did not apply to a document that

7    contained short descriptions of situations "agents may encounter in the field," where the

8    "descriptions [were] general and lack any specific information." 146 F. Supp. 3d at 1168.

9        The materials at issue are broadly distributed trainings on generally applicable legal issues

10   akin to the documents that the *ACLU of Northern Califorina*, *ACLU of San Diego and Imperial*

11   *Counties*, and *Hipschman* courts determined were not privileged. The topics of these documents

12   include "Law Enforcement Authority," "The Fourth Amendment," and "INA/Title 8 and Title 19."

13   *See* ECF 266 at 16. They also appear to be regularly given courses; some are referred to as

14   "refreshers," and others state they are given at a training academy. And, Defendants' argument

15   that the materials are privileged is belied by the fact that they voluntarily produced to Plaintiffs an

16   updated version of an ICE Fourth Amendment training that had already been filed on the public

17   docket in another case. *See id.* at 17–18. The materials Defendants attempted to withhold and

18   produced in heavily redacted format appear to be no different in kind than this produced training.

19       Nor are the documents protected by the work product doctrine. Nothing in the documents

20   constitutes language that indicates any effort to convey any litigation strategy or otherwise

21   demonstrates that they were prepared in anticipation of any specific litigation. Instead, the

22   subjects of the documents produced hew closely, if not identically, to those portions of the CBP

23   training that the *ACLU of San Diego and Imperial Counties* court found were not prepared in

24   anticipation of litigation. *See* 2017 WL 9500949, at *10 (no work product protection where

25   document contained "a synthesis of the case law and other legal authorities on various topics that

26   CBP officers may encounter while carrying out their mission"). The mere fact that a violation of

27   the law could give rise to a lawsuit does not render ICE or CBP trainings protected work product.

28

In their Objections motion, Defendants appear to challenge only the implied waiver holding in Judge Pym's order. Yet in order to be waived, a privilege must first exist. No such privilege exists here, and the Order should be affirmed on the ground that Defendants have failed to demonstrate that the materials are protected by attorney-client or work-product privileges.

### C.    Defendants Impliedly Waived Any Privilege by Placing the Adequacy of Officer Training at Issue

Even if the documents were privileged, Judge Pym also correctly held that Defendants waived any attorney-client privilege and work product protection over the trainings on which they relied to oppose Plaintiffs' TRO and preliminary injunction motions. Longstanding precedent in this circuit holds that a party may not use the attorney-client privilege and work product doctrine "both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). Where a party relies on an assertion or claim "which in fairness requires disclosure of the protected communication, privilege may be implicitly waived." *Id.*

Courts in the Ninth Circuit apply a three-part test drawn from *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975), to determine whether an implied waiver has occurred. *See United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999). "First, the court considers whether the party is asserting the 'privilege as the result of some affirmative act.'" *Id.* (quoting *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995)). "Second, the court examines whether 'through this affirmative act, the asserting party puts the privileged information at issue.'" *Id.* "Finally, the court evaluates whether 'allowing the privilege would deny the opposing party access to information vital to its defense.'" *Id.*

Defendants' invocation of their agents' and officers' training as a basis to oppose Plaintiffs' TRO and preliminary injunction satisfies all three parts of the *Hearn* test. Defendants' have "'assert[ed] a factual claim" about the sufficiency of the agents' and officers' training, "'the truth of which can only be assessed by examination of a privileged communication.'" *See In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2025 WL 860505, at *3 (N.D. Cal. Mar. 19, 2025) (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 488 (S.D.N.Y. 1993)). Defendants repeatedly argued in opposing interim relief that their agents' actions were consistent with the

Fourth Amendment precisely because of the training those agents received. *See* ECF 170 at 2, 5, 21; ECF 178 at 4 ("DHS ensured agents in the Los Angeles operation received proper training and resources to interpret and apply the TRO"); *see also* ECF 285 at 5 (explaining how Defendants waived the privilege because Defendants "have placed the adequacy of their training at the center of their defense to the Fourth Amendment claim"). The third element is also satisfied, because Plaintiffs need to access these training materials in order to test and rebut Defendants' claim that the trainings were adequate and disprove a pattern or practice of violating the Fourth Amendment. No alternative forms of evidence are available for this purpose, as the trainings at issue are internal government documents. *See Amlani*, 169 F.3d at 1195.

Judge Pym correctly determined as much when she noted that, "[c]ontrary to defendants' attempts to downplay their defense, they raised training as a defense in the opposition motions and therefore put the training materials at issue." ECF 338 at 11. Yet Defendants now *again* contend that "[r]eferences to training appeared only as background context explaining that officers receive instruction on constitutional requirements." ECF 380 at 5–6. The record plainly refutes this argument. Defendants repeatedly relied on training in their opposition to Plaintiffs' preliminary injunction briefing:

> 12    In accordance with 8 U.S.C. § 1357(a)(1), 8 C.F.R. § 287.5, and the limits imposed by the Fourth
> 13    Amendment, Officers in ICE's Los Angeles Enforcement and Removal Operations ("ERO Los Angeles")
> 14    receive Ninth Circuit–specific immigration enforcement training, including instruction on Fourth
> 15    Amendment requirements, twice annually. Quinones Decl. ¶ 5. They are trained that reasonable suspicion
> 16    and probable cause are evaluated under the totality of the circumstances standard. Quinones Decl. ¶¶ 5-
> 17    6. ERO Los Angeles officers also receive training on the statutory and regulatory provisions of the
> 18    Immigration and Nationality Act ("INA") and are instructed to follow ICE procedures emphasizing
> 19    targeted investigations and arrests of aliens with final removal orders and/or serious criminal histories.
> 20    *Id.* ¶ 7. For non-targeted individuals, officers are trained to develop reasonable suspicion through
> 21    consensual encounters. *Id* ¶ 7. The ICE Office of the Principal Legal Advisor ("OPLA") also provides
> 22    Ninth Circuit–specific immigration enforcement training, including Fourth Amendment and INA
> 23    requirements, to local law enforcement partners within the U.S. Department of Justice. ECF 94-1 ¶¶ 10-

ECF 170 at 2.

Defendants allege that the Order is contrary to law by relying on a number of cases where courts have "reject[ed] implied waiver where a party does not rely on the substance of privileged communications themselves." ECF 380 at 6. Yet that factual situation is inapposite: the record demonstrates that Defendants *did* rely on the allegedly privileged materials, and Judge Pym made an explicit finding of as much. ECF 338 at 11. That factual finding is not clearly erroneous and Judge Pym's ruling is entirely consistent with the law of this circuit.

### D.    Any Alleged Factual Misunderstanding Has No Bearing on the Outcome

Defendants contend that because "the Order discounts CBP's privilege assertions based on the misunderstanding that the supporting declaration addressed unrelated documents," the Order rests on "a clearly erroneous factual premise," which "materially affected the outcome." ECF 380 at 9–10. But any alleged misunderstanding was in no way central to Judge Pym's determination that the materials were not privileged and if they were, Defendants waived that privilege. Judge Pym herself later made that clear. *See* ECF 351 at 2–3.

The crux of Defendants' complaint is that the declaration and logs "addressed the correct materials," and because the Court understood the CBP declaration to address unrelated documents, it led the Court "to conclude that Defendants had failed to meet their burden." ECF 380 at 9. But this is simply untrue. For one, the Order clarified that, "[b]ased on government counsel's comments . . . at the December 30 hearing," the Court would "allow[] for the possibility that the documents discussed in the M.B.C. declaration were in fact produced in this case." ECF 338 at 5–6 n.4. The Order thus considered the fact that these documents may have been produced in the case and nonetheless concluded that this was insufficient to establish privilege.

But even if there was a factual misunderstanding of what the declaration was referring to, "review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). And any error was invited by Defendants. *Defendants* submitted a declaration referring to different Bates numbers than those in the briefing, and failed to explain how the Bates numbers the declaration referenced

related to the documents discussed in the briefing.  The blame for any resulting misunderstanding rests entirely with them.

Finally, Judge Pym expressly clarified that any misunderstanding was immaterial.  In a subsequent January 9, 2026 order, Judge Pym stated that "[e]ven accepting that the M.B.C. declaration did discuss the documents at issue . . . the court's finding it did not was not the only basis for the court's overruling of defendants' privilege assertions."  ECF 351 at 2.  Judge Pym emphasized that the Order relied on the fact that the materials "are generally not privileged" and that separately, that "defendants implicitly waived the privileges."  *Id.* at 3.  In case there was any remaining uncertainty, the Court expressly resolved it: "the January 5 order's conclusion *does not depend* on the court's finding with respect to the M.B.C. declaration."  *Id.* (emphasis added).

### E.      In Camera Review Was Not Required

Defendants assert that the Order should be set aside because Judge Pym erred in foregoing an in camera review of the documents.  This decision was not clearly erroneous.  For one, even if a party makes an adequate factual showing in support of an in camera review, an actual in camera review is not mandatory: the decision whether to conduct one remains in the discretion of the judge.  *In re Grand Jury Investigation*, 974 F.2d 1068, 1072 (9th Cir. 1992).  A court "should make that decision in light of the facts and circumstances of the particular case, including, among other things, the volume of materials[,] … the relative importance to the case of the alleged privileged information, and the likelihood of [establishing the defense claim]."  *United States v. Zolin*, 491 U.S. 554, 572 (1989).

There was no clear error here, and Defendants' arguments alleging otherwise are disingenuous and misleading.  Notably, Defendants omit the fact that they *never argued* that in camera review was required.  *See In re Grand Jury Investigation*, 974 F.2d at 1074 (in camera review "must be justified").  Defendants made one offhand mention of the possibility of in camera review in their briefing: in the Joint Stipulation, ECF 266, Defendants requested that the court decline Plaintiffs' motion to compel, allow Defendants to "complete production" by the originally scheduled dates, and then after the fact, parties could "meet and confer to identify any specific documents remaining in dispute."  *Id.* at 23.  Only *then* did Defendants propose that the Court

"may consider targeted relief, including an *in-camera review or declarations* supporting the privilege assertions if necessary." *Id.* (emphasis added).  In other words, Defendants themselves suggested the Court could consider declarations supporting the assertion of privilege as an alternative to in camera review, and Judge Pym took them up on that suggestion, directing Defendants to file such declarations.

What's more, Defendants do not contest the central factual tenet of Judge Pym's holding, which is that the bulk of these documents are "training materials … to educate on the law and the agents' duties and obligations," ECF 338 at 9.  In camera review would simply have confirmed that the documents are what Judge Pym understood them to be.  It is not mandatory to conduct in camera review, especially if the "likelihood that *in camera* review would reveal relevant evidence . . . is low." *J.M. v. Major*, 2022 WL 1223725 at *3 (D. Or. Apr. 26, 2022) (finding proper exercise of discretion where judge declined in camera review).

Finally, Defendants disingenuously describe Judge Pym's approach as "all-or-nothing" and allege that the court ordered production of documents en masse without properly grappling with privilege considerations.  ECF 380 at 10.  Yet the Order itself lists "Specific Documents" that the court individually addresses, including a certain document that "does not appear to be a training document" and is thus determined to be "correctly withheld . . . and need not be produced."  ECF 338 at 12.  In camera review was not required here.

### F.    Any Relief Should Be Narrowly Drawn

For the reasons outlined above, Defendants are not entitled to any relief and the motion should be denied in its entirety.  If the Court were nevertheless to consider granting relief, it should be limited to clarifying the record regarding any factual misunderstanding regarding the Defendants' declaration.

DATED:  February 3, 2025          MUNGER, TOLLES & OLSON LLP


By:      /s/ Jacob S. Kreilkamp
          JACOB S. KREILKAMP
          *Counsel for Stop/Arrest Plaintiffs*

DATED:  February 3, 2025          MUNGER, TOLLES & OLSON LLP


By:      /s/ E. Martin Estrada
          E. MARTIN ESTRADA
          *Counsel for Intervenors Cities of Los Angeles,
          Anaheim, Bell Gardens, Beverly Hills,
          Carpinteria, Culver City, Huntington Park, Long
          Beach, Lynwood, Montebello, Monterey Park,
          Oxnard, Paramount, Pico Rivera, Pomona, Santa
          Ana, Santa Barbara, Santa Monica, South Gate,
          and West Hollywood*

DATED: February 3, 2025          OFFICE OF THE CITY ATTORNEY


By:      /s/ Hydee Feldstein Soto
          HYDEE FELDSTEIN SOTO
          *Counsel for Intervenor City of Los Angeles*

DATED:  February 3, 2025          OFFICE OF THE COUNTY COUNSEL


By:      /s/ Brigit Greeson Alvarez
          BRIGIT GREESON ALVAREZ
          Deputy County Counsel
          *Counsel for Intervenor County of Los Angeles*

DATED: February 3, 2025          OFFICE OF THE CITY ATTORNEY OF PASADENA


By:      /s/ Arnold F. Lee
          ARNOLD F. LEE
          City Attorney
          *Counsel for Intervenor City of Pasadena*

## **ATTESTATION OF FILER**

I attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 3, 2026                                                    _/s/ Jacob S. Kreilkamp_

                                                                          JACOB S. KREILKAMP

PLAINTIFFS' AND INTERVENORS' OPPOSITION TO DEFENDANTS' OBJECTIONS

1

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Stop/Arrest Plaintiffs, certifies that this brief contains 3,999 words, which complies with the word limit of L.R. 11.6-1.

DATED:  February 3, 2025          By:   */s/ Jacob S. Kreilkamp*

JACOB S. KREILKAMP

*Counsel for Stop/Arrest Plaintiffs*

PLAINTIFFS' AND INTERVENORS' OPPOSITION TO DEFENDANTS' OBJECTIONS