STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRÁN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
DIANA SÁNCHEZ (SBN 338871)
*dianasanchez@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br>Plaintiffs, <br><br>v. <br><br>Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security; | Case No.: 2:25-cv-05605-MEMF-SPx <br><br>***DISCOVERY MATTER*** <br><br>**PLAINTIFFS' BRIEF IN SUPPORT OF ENFORCEMENT OF VERIFICATION ORDER IN ECF 305** <br><br>Hon. Maame Ewusi-Mensah Frimpong <br><br>Referred to Hon. Sheri Pym <br> United States Magistrate Judge |

| | |
|---|---|
| 1 | Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California, |
| | Defendants. |

PLAINTIFFS' BRIEF IN SUPPORT OF ENFORCEMENT OF VERIFICATION ORDER IN ECF 305

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
DAVID FRY (SBN 189276)
david.fry@mto.com
SARA H. WORTH (SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER (SBN 343388)
henry.shreffler@mto.com
LAURA R. PERRY (SBN 342504)
laura.perrystone@mto.com
LAUREN E. KUHN (SBN 343855)
lauren.kuhn@mto.com
MAGGIE BUSHELL (SBN 354048)
maggie.bushell@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS (SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

The Court should order compliance with ECF 305. Defendants have defied a court order requiring them to explain in sworn statements why they defied an earlier court order. They have instead provided unsworn statements advancing conflicting but equally troubling justifications for noncompliance—justifications that raise serious questions about the basis for representations they had made to the District Judge in opposing Plaintiffs' motion for preliminary injunction. Plaintiffs moved for and obtained this precise form of relief in order to obtain clarity. If, as Defendants' counsel has maintained, Defendants violated the scheduling order because they misconstrued its plain language, then Defendants should be able to swear to that; if the reason for noncompliance was something else, then Defendants should swear to whatever that reason was. Whatever the reason, Plaintiffs—and this Court, and the District Judge—are entitled to exactly what this Court ordered in ECF 305: a sworn statement attesting to the reason for noncompliance. Defendants' failure to comply with that order suggests they are unwilling to commit to *any* explanation. The passage of time cannot cure Defendants' failure to heed the order, and it should be enforced.

## I.  BACKGROUND

Judge Frimpong held that expedited discovery was appropriate in part because Defendants had submitted "sworn declarations about the stops and … signed briefs explaining that all of the stops were legal," so they must have searched for and collected materials on which to base those representations to the Court. ECF 223 at 9. She therefore held that "Defendants can start by producing that collected material." *Id*. Following that guidance, this Court "ordered defendants to 'produce documents and other materials responsive to the RFPs on a rolling basis, with production of documents they relied on in opposing the motions for a temporary restraining order and preliminary injunction to be made no later than November 4, 2025.'" ECF 305 at 3-4.

On November 4, Defendants produced only training and guidance about stops and arrests generally, raising two possibilities: either Defendants relied only on training materials, in which case their representations about particular stops had no basis; or Defendants did rely on other materials but failed to produce them, in which case Defendants violated the scheduling order.

At a November 14 status conference, Defendants represented to the Court that they had produced by November 4 those materials that were "most easily obtainable," while other reliance

PLAINTIFFS' BRIEF IN SUPPORT OF ENFORCEMENT OF VERIFICATION ORDER IN ECF 305

materials were in the hands of agency personnel (apparently uncollected). ECF 261 at 14:19-15:8; 21:13-15. Defendants did not explain how counsel could have filed the declarations and signed the briefs stating particular stops were legal without collecting any of the relevant evidence.

In their motion to compel, Plaintiffs explained why Defendants' delay had prejudiced Plaintiffs and asked the Court to "require Defendants to[] explain why they could not produce any operational documents by November 4." ECF 285 at 2. At the hearing, defense counsel stated that Defendants simply misconstrued the scheduling order, believing it required production only of training documents. ECF 298 (Hr. Tr.) at 23:23-24:2, 26:1-5. This Court concluded that this explanation "lack[ed] credibility," ECF 305 at 5, and then granted Plaintiffs' requested relief, ordering Defendants "to produce … a verified statement" explaining, among other things, "why they did not produce any responsive operational documents by November 4." *Id*. at 6.

Defendants' verified statements did not comply with that order. The declaration from in-house counsel at ICE (again) addressed only training materials. ECF 317-3 ¶¶ 4-8. Even though ICE made numerous representations to the District Judge about specific stops, the declaration was silent about materials relied upon to make those representations and why they were not produced by November 4. The CBP declaration stated that CBP relied on arrest narratives and body-worn camera footage but did not explain why those materials were not produced by November 4. ECF 317-4 ¶¶ 13-14. The declarant said that these materials had to be reviewed for privilege, but he did *not* aver that the documents were not produced by November 4 *because of that privilege review*. Neither the ICE nor CBP declaration corroborated defense counsel's representation that the delayed productions were attributable to a misinterpretation of the scheduling order.

At a status conference, counsel doubled down on the argument that Defendants simply misunderstood the scheduling order (ECF 345 at 29:1-10)—even though the verifications did not swear to that misunderstanding. Counsel represented that the agencies would submit supplemental verifications. *Id*. at 29:11-14. This Court accepted that representation, confirming "defendants will submit supplemental declarations addressing those [deficiencies]." *Id*. at 30:7-9.

ICE submitted a supplemental verification from a different declarant (not counsel) who himself had submitted a declaration in opposition to the TRO and PI. ECF 361-2. He averred that

he had relied on two operational documents that have since been produced. But he did not address "why [ICE] did not produce any responsive operational documents by November 4." ECF 305 at 6. CBP did not submit a supplemental verification at all and confirmed it does not intend to.

In summary: neither agency complied with the Court's scheduling order, neither agency complied with this Court's order requiring them to explain why they failed to comply with the scheduling order, and neither agency fulfilled defense counsel's express promise—and this Court's oral order—that they would finally produce compliant verifications.

II.   **ARGUMENT**

Defendants' repeated noncompliance with the plain text of court orders is a sufficient basis to order compliance with ECF 305. Again and again, Plaintiffs have had to file motions to obtain a semblance of compliance with this Court's directives. Defendants have (here) violated the plain text of ECF 227 and ECF 305. They then promised the Court they would comply, but haven't. Defendants should not be led to believe they can quietly ignore orders with which they disagree.

But there are other reasons to order compliance with ECF 305. Defense counsel has offered conflicting explanations for Defendants' failure to produce reliance materials by November 4 that are troubling in different ways. One reason (the misunderstanding) "lacks credibility." ECF 305 at 5. The other reason (only some materials were accessible) suggests that counsel did not collect and review the available evidence about the stops at issue when litigating the TRO and PI, raising questions about the basis for factual representations they made. If defense counsel relied entirely on agency counsel to oppose the motions, that would present a clearer picture, but it would raise separate questions about the reliability of Defendants' factual representations to the District Court. By way of illustration, CBP averred that the agency relied on body camera footage to prepare a declaration regarding the stop of Plaintiff Gavidia (ECF 317-4 ¶ 13); yet the agent involved ("C217") testified that he wrote that declaration without reviewing the footage, and that footage proves statements in the declaration objectively false. The District Judge should know whether counsel of record is relying entirely on representations made by the agencies, and whether those representations are based on any documentary or video evidence. The Court should put a stop to Defendants' obfuscation by ordering them to comply with ECF 305.

| | | |
|---|---|---|
| 1 | DATED: February 18, 2026 | MUNGER, TOLLES & OLSON LLP |

By:     */s/ Jacob S. Kreilkamp*
        JACOB S. KREILKAMP
      *Counsel for Stop/Arrest Plaintiffs*