| | |
|---|---|
| STACY TOLCHIN (SBN 217431) | MARK ROSENBAUM (SBN 59940) |
| *stacy@tolchinimmigration.com* | *mrosenbaum@publiccounsel.org* |
| LAW OFFICES OF STACY TOLCHIN | REBECCA BROWN (SBN 345805) |
| 776 E. Green St., Suite 210 | *rbrown@publiccounsel.org* |
| Pasadena, CA 91101 | SOPHIA WRENCH (SBN 354416) |
| Tel: 213-622-7450; Fax: 213-622-7233 | *swrench@publiccounsel.org* |
| | RITU MAHAJAN (SBN 252970) |
| MOHAMMAD TAJSAR (SBN 280152) | *rmahajan@publiccounsel.org* |
| *mtajsar@aclusocal.org* | GINA AMATO (SBN 215519) |
| MAYRA JOACHIN (SBN 306065) | *gamato@publiccounsel.org* |
| *mjoachin@aclusocal.org* | AMANDA MANGASER SAVAGE |
| EVA BITRÁN (SBN 302081) | (SBN 325996) |
| *ebitran@aclusocal.org* | *asavage@publiccounsel.org* |
| DAE KEUN KWON (SBN 313155) | PUBLIC COUNSEL |
| *akwon@aclusocal.org* | 610 South Ardmore Avenue |
| STEPHANIE PADILLA (SBN 321568) | Los Angeles, CA 90005 |
| *spadilla@aclusocal.org* | Tel: 213-385-2977 |
| DIANA SÁNCHEZ (SBN 338871) | |
| *dianasanchez@aclusocal.org* | *Counsel for All Plaintiffs* |
| ACLU FOUNDATION OF | |
| SOUTHERN CALIFORNIA | ANNE LAI (SBN 295394) |
| P.O. Box 811370 | *alai@law.uci.edu* |
| Los Angeles, CA 90081 | UC IRVINE SCHOOL OF LAW |
| Telephone: (213) 977-9500 | IMMIGRANT AND RACIAL JUSTICE |
| Fax: (213) 915-0219 | SOLIDARITY CLINIC |
| | P.O. Box 5479 |
| *Counsel for Stop/Arrest Plaintiffs* | Irvine, CA 92616-5479 |
| (*Additional counsel listed on next page*) | Tel: 949-824-9894; Fax: 949-824-2747 |
| | |
| | *Counsel for Stop/Arrest Plaintiffs* |

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br>    Plaintiffs, <br><br>  v. <br><br> Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his | Case No.: 2:25-cv-05605-MEMF-SP <br><br> **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> *[Filed concurrently with Declaration of Laura R. Perry Stone; Ex. 1 (Second Amended Complaint); Ex. 2 (Page and Line Changes); Ex. 3 (Redline)]* <br><br> Date: April 9, 2026 <br> Time: 10:00 a.m. <br> Place: Courtroom 8B <br><br> First Am. Compl. Filed: July 2, 2025 |

| | | |
|---|---|---|
| 1 | official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California, | Hon. Maame Ewusi-Mensah Frimpong |
| 12 | Defendants. | |

| | |
|---|---|
| JACOB S. KREILKAMP (SBN 248210) | MATTHEW J. CRAIG (SBN 350030) |
| jacob.kreilkamp@mto.com | mcraig@heckerfink.com |
| DAVID FRY (SBN 189276) | MACK E. JENKINS (SBN 242101) |
| david.fry@mto.com | mjenkins@heckerfink.com |
| SARA H. WORTH (SBN 341088) | HECKER FINK LLP |
| sara.worth@mto.com | 1150 South Olive Street, Suite 10-140 |
| HENRY D. SHREFFLER (SBN 343388) | Los Angeles, CA 90015 |
| henry.shreffler@mto.com | Tel: 212-763-0883; Fax: 212-564-0883 |
| LAURA R. PERRY (SBN 342504) | |
| laura.perrystone@mto.com | *Counsel for Access/Conditions Plaintiffs* |
| LAUREN E. KUHN (SBN 343855) | |
| lauren.kuhn@mto.com | EDGAR AGUILASOCHO |
| MAGGIE BUSHELL (SBN 354048) | (SBN 285567) |
| maggie.bushell@mto.com | eaguilasocho@farmworkerlaw.com |
| MUNGER, TOLLES & OLSON LLP | MARTÍNEZ AGUILASOCHO LAW, INC. |
| 350 S. Grand Ave., 50th Floor | 900 Truxtun Ave, Suite 300 |
| Los Angeles, CA 90071 | Bakersfield, CA 93301 |
| Tel: 213-683-9100; Fax: 213-683-9100 | Tel: 661-859-1174 |
| | |
| *Counsel for Stop/Arrest Plaintiffs* | *Counsel for Plaintiff United Farm Workers* |
| | |
| LAUREN MICHEL WILFONG* | CARL BERGQUIST* |
| lwilfong@ndlon.org | cbergquist@chirla.org |
| NATIONAL DAY LABORER ORGANIZING NETWORK | COALITION FOR HUMANE IMMIGRANT RIGHTS |
| 1030 S. Arroyo Parkway, Suite 106 | 2351 Hempstead Road |
| Pasadena, CA 91105 | Ottawa Hills, OH 43606 |
| Tel: 626-214-5689 | Tel: 310-279-6025 |
| | |
| *Counsel for Stop/Arrest Plaintiffs* | *Counsel for Plaintiff Coalition for Humane Immigrant Rights* |
| | |
| BREE BERNWANGER (SBN 331731) | |
| bbernwanger@aclunc.org | ALVARO M. HUERTA (SBN 274787) |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA | ahuerta@immdef.org |
| | BRYNNA BOLT (SBN 339378) |
| | bbolt@immdef.org |
| 39 Drumm Street | ALISON STEFFEL (SBN 346370) |
| San Francisco, CA 94111 | asteffel@immdef.org |
| Tel: 415-621-2493 | IMMIGRANT DEFENDERS LAW CENTER |
| | 634 S. Spring St., 10th Floor |
| *Counsel for Stop/Arrest Plaintiffs* | Los Angeles, CA 90014 |
| | Tel: 213-634-0999 |
| BRISA VELAZQUEZ OATIS | |
| (SBN 339132) | *Counsel for Plaintiff Immigrant Defenders Law Center* |
| bvoatis@aclu-sdic.org | |
| ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES | * Admitted pro hac vice |
| P.O. Box 87131 | |
| San Diego, CA 92138-7131 | |
| Tel: 619-398-4199 | |
| | |
| *Counsel for Stop/Arrest Plaintiffs* | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on Thursday, April 9, 2026, at 10:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom 8B of the above-entitled Court, Plaintiffs Pedro Vasquez Perdomo, Carlos Alexander Osorto, Isaac Villegas Molina, Jorge Hernandez Viramontes, Jason Brian Gavidia, the Los Angeles Worker Center Network, United Farm Workers, Coalition for Humane Immigrant Rights, and Immigration Defenders Law Center (collectively, "Plaintiffs") will, and hereby do, move the Court for an order granting leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

Plaintiffs' Motion is based on this Notice of Motion and Motion for Leave to File Second Amended Complaint, the accompanying Memorandum of Points and Authorities, the Declaration of Laura R. Perry Stone attached hereto (together with all exhibits thereto, including the proposed Second Amended Complaint), any reply papers Plaintiffs may submit, oral argument of counsel, all pleadings and other papers on file in this action, and such additional matters as the Court may consider.

Pursuant to L.R. 7-3, this Motion is made following a conference of counsel which took place between the parties on February 17, 2026. Defendants oppose the motion.

Dated: February 26, 2026

Respectfully submitted,
MUNGER, TOLLES & OLSON

By: /s/ Jacob S. Kreilkamp
*Counsel for Stop/Arrest Plaintiffs*

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

By: /s/ Eva Bitran
*Counsel for Stop/Arrest Plaintiffs*

UC IRVINE SCHOOL OF LAW IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC

By: /s/ Anne Lai
*Counsel for Stop/Arrest Plaintiffs*

PUBLIC COUNSEL

By: /s/ Mark Rosenbaum
*Counsel for All Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The Court should grant the Motion for Leave to File a Second Amended Complaint ("2AC") under the liberal standards governing such motions. Following developments in expedited discovery, Plaintiffs seek to add two causes of action—a claim for violation of the Fifth Amendment Due Process Clause's guarantee of equal protection and a claim for violation of the Fourth Amendment's guarantee against unreasonable seizures. Justice requires this amendment so that Plaintiffs may seek the relief afforded to them under the law.

## II.  BACKGROUND

### A.   Procedural History

Plaintiffs filed the original complaint, a habeas petition and complaint for declaratory and injunctive relief, on June 20, 2025. ECF 1. On July 2, 2025, Plaintiffs filed the First Amended Complaint ("1AC") as a matter of right pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(1)(A). ECF 16. On October 29, 2025, Defendants moved to dismiss the 1AC. ECF 235. On February 19, 2026, the Court denied Defendants' motion to dismiss as to all claims except Count Eight. ECF 419.[1]

On September 22, 2025, Plaintiffs and Intervenors moved for limited, expedited discovery. ECF 211. On October 17, 2025, the Court granted Plaintiffs' and Intervenors' joint motion, which allowed for depositions of six agents and a Rule 30(b)(6) deposition, and required Defendants to produce documents showing the justification for Defendants' stops. ECF 223. On October 23, 2025, the Court set a discovery schedule. ECF 227. On October 31, 2025, Defendants moved for reciprocal expedited discovery, which the Court granted in part. ECF 243; 253. To date, Plaintiffs have taken the depositions of six agents and two Rule 30(b)(6) designees as part of expedited discovery. Expedited discovery remains ongoing because Defendants did not initially comply with all their document production obligations and thus are still in the process of making

---

[1] Plaintiffs requested that the Court dismiss Count Eight, which alleged that the detentions of Plaintiffs Vasquez Perdomo, Osorto, and Molina violate due process. *See* ECF 16, ¶¶ 245–47. All three individuals have now been released.

additional productions pursuant to Court orders. The parties held their Rule 26(f) conference on January 30, 2026, and the Court held the Rule 16 scheduling conference on February 19, 2026.

### B. Effect of the Amendment

The 2AC amends the 1AC in two respects. First, the 2AC asserts a cause of action for violation of the Fifth Amendment Due Process Clause's guarantee of equal protection. *See* Declaration of Laura R. Perry Stone ("Perry Stone Decl."), Ex. 1 ("2AC"), ¶¶ 292-99. This claim alleges that Defendants' policy and practice of relying on apparent Latino ethnicity when stopping individuals and in their selection of locations to raid, and their treatment of Latino individuals while conducting immigration enforcement operations in the Central District, violates the Constitution's guarantee of equal protection under the law. *Id.*

Second, the 2AC alleges a new cause of action under the Fourth Amendment that Defendants' conduct during stops exceed the reasonable bounds of a *Terry* stop. *See* 2AC ¶¶ 300-07. This claim alleges that Defendants maintain an ongoing policy and practice of utilizing highly intrusive tactics during detentive stops without an individualized assessment of need, thus converting the purported stops into de facto arrests requiring, and lacking, probable case, or in the alternative, otherwise rendering the seizures unreasonable. *Id.*

The 2AC makes other minor revisions to the 1AC, and otherwise remains substantially unchanged from the 1AC that Defendants moved to dismiss. This Court has already denied Defendants' motion to dismiss as to those prior claims. *See supra.*[2]

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a party may amend a pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has likewise instructed district courts that this policy favoring amendment "is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)

---

[2] Given the de minimis nature of the proposed changes to claims already addressed in the Court's recent decision on Defendants' motion to dismiss, there is no need to revisit those issues.

(quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)); *see also Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) (noting that Federal Rule of Civil Procedure 15(a) embodies a "policy favoring liberal amendment").

Courts generally consider five factors—known as the *Foman* factors—when deciding whether to grant leave to amend: (1) prejudice to the opposing party, (2) bad faith, (3) undue delay, (4) futility of amendment, and (5) whether the party has previously amended the pleadings. *Foman*, 371 U.S. at 182; *see also Schwartz v. Miller*, 153 F.4th 918, 932 (9th Cir. 2025). The Court should not give "equal weight" to these factors: "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (quoting *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV.  ARGUMENT

### A.  The Five *Foman* Factors Favor Granting Leave to Amend.

#### 1.  The Proposed Amendments Will Not Prejudice Defendants.

Defendants will not be prejudiced by amendment. Of the five *Foman* factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. "The non-moving party must do more than merely assert prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (internal quotation marks and citation omitted).

Defendants cannot carry that burden here, particularly at this early stage of litigation. Only limited, expedited discovery for purposes of the Fourth Amendment preliminary injunction proceedings has occurred. Plenary discovery just opened on January 30, 2026, and there is no trial date set. Under these circumstances, Defendants will not suffer prejudice; indeed, even when plenary discovery is well underway, courts still routinely find that the non-moving party does not

suffer prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987) ("Given that this case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled, there is no evidence that [the non-moving party] would be prejudiced by the timing of the proposed amendment."); *Veg Ex, LLC v. W. Cent. Produce, Inc.*, No. 2:22-cv-01587-MEMF-JC, 2023 WL 11983386, at *4 (C.D. Cal. Nov. 2, 2023) (finding any prejudice to Defendants was insufficient to deny motion for leave to amend even though trial was seven months away because "[i]f further discovery is necessary, there is time for the Court to order such discovery" and additional costs Defendants may incur "is always the case when a plaintiff adds new claims").

Nor would the proposed amendments "greatly change the nature of the litigation." *Morongo Band of Mission Indians*, 893 F.2d at 1079. The proposed amendments are predicated on the same set of facts underlying Plaintiffs' existing stop/arrest causes of action in the 1AC. The proposed amendments merely supplement the complaint with allegations about Defendants' ongoing egregious conduct in this District. Further, plenary discovery, which just opened, will not be greatly affected by the proposed amendments. *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("The County would not be prejudiced, because it should be fully prepared to litigate the substantive issues of the claim, given that both the theory and the operative facts of the claim remain the same." (internal quotation marks and citation omitted)).

### 2. There Is No Evidence Of Bad Faith.

Plaintiffs propose additional causes of action in good faith. During the course of expedited discovery, including through the depositions of immigration agents, Plaintiffs have obtained new information that warrants adding additional claims. For example, Defendants' agents have testified about the role of apparent ethnicity when conducting immigration enforcement operations in this District. *See Trump v. Illinois*, 146 S. Ct. 432, 436 n.4 (2025) (Kavanaugh, J., concurring) (Federal "officers must not make interior immigration stops or arrests based on race or ethnicity."). Defendants' agents have also testified about tactics they use on operations that appear to be routine.

Once Plaintiffs learned of this information, Plaintiffs moved expeditiously to amend their complaint to add these claims. Plaintiffs are seeking, in good faith, to rectify the constitutional violations they continue to suffer.

### 3. Leave to Amend Will Not Produce Any Undue Delay in the Litigation.

Amendment will not result in undue delay. The trial in this case is not imminent. Plaintiffs accounted for their anticipated amendment in their proposed case schedule in the joint Rule 26(f) report, including their request for a preliminary injunction hearing in early August.

Even if Defendants could show undue delay (which they cannot), it is well established that "[u]ndue delay by itself is insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *see also Howey*, 481 F.2d at 1190–92 (holding that the district court abused its discretion in denying leave to amend on the basis of delay alone despite the fact that the motion for leave to amend was made five years after the complaint was filed).

### 4. The Proposed Amendments Are Not Futile.

Amendment is not futile. Amendment is "futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Freedom Found. v. Turner*, 711 F. Supp. 3d 1172, 1182 (C.D. Cal. 2024) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Here, Plaintiffs' proposed amendment alleges sufficient facts to state additional claims under the Fourth and Fifth Amendments.

Plaintiffs' equal protection claim is not futile. Defendants' position is that the new Fifth Amendment claim is futile because "there is no basis to state a plausible claim on th[is] issue at this time." Perry Stone Decl. ¶ 7. Not so. The Supreme Court has long held that race cannot be used as a stereotype or to otherwise negatively treat individuals. *See, e.g., Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 218 (2023). Here, Defendants are targeting Latino individuals in this District based on "noxious" stereotypes that all persons of Latino ethnicity are presumptively unauthorized to be in the United States. *Shaw v. Reno*, 509 U.S. 630, 643 (1993). By "purposefully and systematically stopping individuals based on apparent race, color, and/or ethnicity, and/or selecting locations to raid, investigating,

questioning, arresting, and/or subjecting individuals to different, burdensome, stigmatizing and/or injurious treatment because of their apparent race, color and/or ethnicity," 2AC ¶ 296, Defendants are violating the Constitution's guarantee of equal protection.

Nor is Plaintiffs' additional Fourth Amendment claim futile. Defendants' position is that the new Fourth Amendment claim is futile "because the government's standing and jurisdictional arguments still apply." Perry Stone Decl. ¶ 7. But this Court, in its order denying Defendants' motion to dismiss, held that all "Plaintiffs have demonstrated standing to pursue injunctive relief" for their Fourth Amendment claims. ECF 419 at 17–18. The unreasonably intrusive stop claim alleges that "Defendants maintain an ongoing policy, pattern, or practice of routinely using highly intrusive tactics during detentive stops, including but not limited to, handcuffing, confinement, relocation, and prolonged detention." 2AC ¶ 302. Defendants systematically rely on these highly intrusive tactics without regard to whether the circumstances warrant them. *See id.* ¶¶ 303–05. These new allegations sufficiently state a claim that Defendants' policy and practice of highly intrusive stops converts the purported stops into de facto arrests requiring probable cause and violates the Fourth Amendment's requirement that seizures be reasonable under the totality of the circumstances.

### 5. Plaintiffs Seek Leave to Amend for the First Time.

Plaintiffs seek leave to amend for the first time to add two new causes of action. The final factor that courts consider is a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed." *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117 (quoting *Foman*, 371 U.S. at 182). Plaintiffs previously amended their complaint as a matter of right, and now seek leave to amend in response to new information they have gathered in expedited discovery. Accordingly, this factor weighs in favor of granting leave to amend here.

### B. Justice Requires Amendment So Plaintiffs Can Assert All Causes of Action Upon Which Relief May Be Granted.

The interests of justice favor amendment here. Fed. R. Civ P. 15(a)(2). This lawsuit arose from Defendants' ongoing policy, pattern, and practice of racial profiling and of violating individuals' constitutional rights. Absent a remedy from this Court, Plaintiffs will continue to

suffer egregious violation of their rights.  Justice therefore requires, at a minimum, that Plaintiffs be provided an opportunity to test their claims on the merits.  *See, e.g.*, *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987); *LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 291 (3d Cir. 2021) (noting that the principle of "justice so requires" is "particularly potent in civil rights cases").

## V.     CONCLUSION

For each of the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and allow Plaintiffs to file the proposed 2AC, a copy of which is lodged concurrently herewith.

Dated: February 26, 2026

Respectfully submitted,

MUNGER, TOLLES & OLSON

By:     */s/ Jacob S. Kreilkamp*
*Counsel for Stop/Arrest Plaintiffs*

ACLU FOUNDATION OF
SOUTHERN CALIFORNIA

By:     */s/ Eva Bitran*
*Counsel for Stop/Arrest Plaintiffs*

UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC

By:     */s/ Anne Lai*
*Counsel for Stop/Arrest Plaintiffs*

PUBLIC COUNSEL

By:     */s/ Mark Rosenbaum*
*Counsel for All Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Stop/Arrest Plaintiffs, certifies that this brief contains 3,405 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 26, 2026                                    MUNGER, TOLLES & OLSON


                                                            By:    /s/ Jacob S. Kreilkamp
                                                                   JACOB S. KREILKAMP
                                                            *Attorney for Stop/Arrest Plaintiffs*