# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER,

      Plaintiffs,

  v.

Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as  Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official

Case No.: 2:25-cv-05605-MEMF-SP

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Hon. Maame Ewusi-Mensah Frimpong

capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

Defendants.

## [PROPOSED] ORDER

On February 26, 2026, Plaintiffs filed their Motion for Leave to File Second Amended Complaint. Plaintiffs sought an order granting their Motion to file an amended complaint to add two new causes of action—a claim for violation of the Fifth Amendment Due Process Clause's guarantee of equal protection and a claim for violation of the Fourth Amendment's guarantee against unreasonable seizures. Justice requires this amendment so that Plaintiffs may seek the relief afforded to them under the law.

The Federal Rules of Civil Procedure provide that a party may amend a pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has likewise instructed district courts that this policy favoring amendment "is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Courts generally consider five factors—known as the *Foman* factors—when deciding whether to grant leave to amend: (1) prejudice to the opposing party, (2) bad faith, (3) undue delay, (4) futility of amendment, and (5) whether the party has previously amended the pleadings. *Foman*, 371 U.S. at 182

The Court agrees that the five *Foman* factors favor granting Plaintiffs leave to amend. First, Defendants will not be prejudiced by amendment, as only limited, expedited discovery for purposes of the Fourth Amendment preliminary injunction proceedings has occurred, and plenary discovery recently opened on January 30, 2026. Moreover, the proposed amendments are predicated on the same set of facts underlying Plaintiffs' existing stop/arrest causes of action in the first amended complaint. The proposed amendments merely supplement the complaint with allegations about Defendants' ongoing egregious conduct in this District. Nor is there any evidence of bad faith on behalf of Plaintiffs in moving to amend their complaint. During the course of expedited discovery, including through the depositions of immigration agents, Plaintiffs have obtained new information that warrants adding additional claims and moved as expeditiously as possible to amend their complaint to add these claims. There is also no undue delay, as trial in this case is not imminent.

Plaintiffs' equal protection claim is not futile.  The Supreme Court has long held that race cannot be used as a stereotype or to otherwise negatively treat individuals.  *See, e.g.*, *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 218 (2023).  Here, Defendants are targeting Latino individuals in this District based on "noxious" stereotypes that all persons of Latino ethnicity are presumptively unauthorized to be in the United States.  *Shaw v. Reno*, 509 U.S. 630, 643 (1993).  Plaintiffs' allegations that Defendants are engaged in a policy and practice of intentionally stopping individuals on the basis of apparent Latino ethnicity thus violates the Constitution's guarantee of equal protection.  Nor is Plaintiffs' additional Fourth Amendment claim futile.  Plaintiffs allege that Defendants are engaged in a policy and practice of conducting stops in a highly intrusive manner that exceeds the reasonable bounds of a *Terry* stop.  Defendants' tactics transform investigatory stops into de facto arrests requiring and lacking, probable cause, or in the alternative, otherwise render the seizures unreasonable.  These new allegations sufficiently state a claim that Defendants' policy and practice of highly intrusive stops converts the purported stops into de facto arrests requiring probable cause and violates the Fourth Amendment's requirement that seizures be reasonable under the totality of the circumstances.  This is the first time Plaintiffs seek to amend their complaint, as their previous amendment was *as a matter of right*.

Therefore, the Court, having considered Plaintiffs' Motion and finding good cause therefor, hereby **GRANTS** the Motion and **ORDERS** that Plaintiffs file the proposed second amended complaint.

IT IS SO ORDERED.

DATED:

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT