STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRÁN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
DIANA SÁNCHEZ (SBN 338871)
*dianasanchez@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER,

　　　　Plaintiffs,

　　v.

Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration

Case No.: 2:25-cv-05605-MEMF-SP

*DISCOVERY MATTER*

**AMENDED DECLARATION OF SARA WORTH IN SUPPORT OF PLAINTIFFS' MOTION TO REMOVE CONFIDENTIALITY DESIGNATION FROM GOV_VID_001**

Hon. Maame Ewusi-Mensah Frimpong

Referred to Hon. Sheri Pym
United States Magistrate Judge

Date:  March 17, 2026
Time: 11:00 a.m.

---

and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

     Defendants.

Discovery Cutoff:  None set
Pre-Trial Conf.:  None set
Trial:  None set

-2-
AMENDED DECLARATION OF SARA WORTH RE: JOINT STIPULATION

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
DAVID FRY (SBN 189276)
david.fry@mto.com
SARA H. WORTH (SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER (SBN 343388)
henry.shreffler@mto.com
LAURA R. PERRY (SBN 342504)
laura.perrystone@mto.com
LAUREN E. KUHN (SBN 343855)
lauren.kuhn@mto.com
MAGGIE BUSHELL (SBN 354048)
maggie.bushell@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS (SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane
Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant
Defenders Law Center*

* Admitted pro hac vice

-3-

AMENDED DECLARATION OF SARA WORTH RE: JOINT STIPULATION

**DECLARATION OF SARA WORTH**

I, Sara Worth, declare the following:

1. I am an attorney at Munger, Tolles & Olson LLP and counsel of record to the Stop/Arrest Plaintiffs in the above-captioned action.

2. Unless otherwise indicated, I make this declaration from my personal knowledge and if called to testify to these facts could and would do so competently.

3. This declaration summarizes Plaintiffs' efforts to meet and confer with counsel for Defendants regarding removing the confidentiality designation from GOV_VID_001, a recording of body worn camera video that was taken on June 12, 2025 by the Customs and Border Protection ("CBP") agent Defendants have identified as C217.

4. On January 21, 2026, counsel for Plaintiffs sent an email to counsel for Defendants stating that, pursuant to the terms of the Protective Order, Plaintiffs intended to seek to remove the confidentiality designation Defendants had given to a video produced as GOV_VID_001. *See* Ex. 11 to this declaration. Plaintiffs' counsel also requested a meet and confer on the topic on January 26, 2026. Defendants' counsel responded the following day stating that Defendants opposed the challenge to the confidentiality designation based on "safety and operational concerns" and were available for a meet and confer on January 26, 2026. *Id.*

5. The parties held a telephonic conference on January 26, 2026. Plaintiffs' counsel asked Defendants' counsel to elaborate on the "safety and operational concerns" that Defendants had referenced in their email response. Before explaining those concerns, Defendants' counsel explained that, under the terms of the Protective order, there was a timeline for this process and, in their reading, they had to communicate their response within 20 days of receiving notice and that they would communicate their "final decision" within 20 days of the notice.

6. Defendants' counsel then addressed the "safety and operational concerns" that merited designation. Defendants' counsel noted that it is possible to see the screen of an agent's mobile phone and asserted that the screen contained privileged information. Defendants' counsel further stated that there were tactical and strategy elements to where agents were physically positioning themselves—their "formation and layout." Defendants' counsel noted that an ID is

visible.  Defendants' counsel also noted that the name of Agent C217 is briefly visible on his gun at the end of the video.

7.    Plaintiffs' counsel asked for further information regarding Defendants' counsel's comments.  First, Plaintiffs' counsel asked what was sensitive about the phone screen that Defendants' counsel had referenced.  Defendants' counsel said that it showed an internal government database.  Plaintiffs' counsel asked whether sensitive data was disclosed or if it was just the format of the screen that Defendants contended was sensitive.  Defendants' counsel said that text screens *usually* contain a lot of personal information about people being apprehended and *could* present a PII issue.  I followed up to ask why in *this case* the text screen was confidential.  Defendants' counsel said that it was designated "because it's a text screen."

8.    Plaintiffs' counsel next asked about the reference to tactics and formations.  Defendants' identified as concerning the way agents position themselves, as well as their body type and voice which could lead to identification and "doxxing."  Plaintiffs' counsel asked again about the expressed concern about the positioning of agents.  Defendants' counsel indicated that agents are trained in how to position themselves in a situation where things are increasingly loud and confrontational.  Defendants' counsel stated that if the video were publicly disseminated, it could be studied for how to defeat these safety measures.  Plaintiffs' counsel asked if Defendants' counsel understood that the agents were doing this stuff out in public.  Defendants' counsel stated that the video started out on private grounds.  Plaintiffs' counsel asked if Defendants' counsel was referring to inside the agents' vehicle.  Defendants' counsel responded: "The tow yard."

9.    Plaintiffs' counsel asked for clarification regarding the reference to identifications and whether that concern seeing people's faces.  Defendants' counsel said that referred to an actual Real ID shown on the video.  Plaintiffs' counsel asked if Defendants were aware that the Real ID shown was that of Plaintiff Brian Gavidia.

10.    Plaintiffs' counsel asked if, other than the possibility of doxxing, there were any consequences Defendants' would anticipate flowing from the public disclosure of the video.  Defendants' counsel said that the video contained elements that were contemplated to be confidential by the existing protective order.  Plaintiffs' counsel responded that the existing

2

protective order determines only what parties can mark as confidential; it does not establish that any particular document meets the legal standard for non-disclosure.  Defendants' counsel stated that Defendants maintain that the video meets that standard.

11.     Plaintiffs' counsel stated that the legal standard requires the Defendants to show that something bad will happen as a result of disclosure and asked whether there were consequences other than doxxing that Defendants were concerned about.  Defendants' counsel indicated that doxxing is a general description and that people, including non-government non-parties have an interest in maintaining confidentiality.  In addition, Defendants' counsel stated that the text information and the tactical way the agents tried to maintain crowd control could lead to a "dissection of what CBP's best practices are," which could be used to harm agents in the future.

12.     At the end of the call, Plaintiffs' counsel asked whether, despite all that Defendants' counsel had said on the call, Defendants were in good faith considering not opposing de-designation, such that a 20-day delay was warranted.  Defendants' counsel stated that was correct.

13.     I am informed and believe that on February 6, 2026, during a different meet and confer telephone conference on other matters which I had to depart early, Plaintiffs advised Defendants that they would blur the faces of members of the public in response to Defendants' comments about their potential privacy concerns.  Counsel for Defendants advised that they would take this proposal under consideration.

14.     On February 10, 2026 (exactly 20 days after January 21), Defendants' counsel notified Plaintiffs via email that after conferring internally, Defendants maintained their position that the video was properly designated as confidential under the protective order.  *See* Ex. 9.

15.     A true and correct copy of a video file bearing control number GOV_VID_001, with blurring applied to members of the public other than Plaintiff Gavidia, will be filed manually.  It is submitted herewith as **Exhibit 1** with a slip sheet.

16.     A true and correct copy of an image of a message posted by @DHSgov on the X (formerly known as Twitter) social media platform on June 14, 2025 is attached as **Exhibit 2**.

17.     A true and correct copy of the online version of Brittny Mejia and Rachel Uranga,

3

"Fears of Racial Profiling Rise as Border Patrol Conducts 'Roving Patrols,' Detains U.S. Citizens," *Los Angeles Times*, June 15, 2025 (available at https://www.latimes.com/california/story/2025-06-15/latinos-targeted-in-raids-u-s-citizens-detained-indiscriminate-sweeps-home-depot-lots-targeted) (last visited Feb. 2, 2026) is attached as **Exhibit 3**.

18. A true and correct copy of the online version of Alisha Ebrahimji, "'We Are Not Safe in America Today:' These American Citizens Say They Were Detained by ICE," CNN, June 27, 2025 (available at https://www.cnn.com/2025/06/27/us/american-citizens-detained-ice-immigration) (last visited Feb. 2, 2026) is attached as **Exhibit 4**.

19. A true and correct copy of a version of an online release by the United States Department of Homeland Security, titled "DHS Debunks New York Times False Reporting: DHS Does NOT Deport U.S. Citizens," with a release date of October 1, 2025, obtained from the Internet Archive (aka The Wayback Machine), indicating that it is how the DHS website showed the release as of October 1, 2025 (available at https://web.archive.org/web/20251001165927/https://www.dhs.gov/news/2025/10/01/dhs-debunks-new-york-times-false-reporting-dhs-does-not-deport-us-citizens) (last visited Feb. 5, 2026) is attached as **Exhibit 5**.

20. A true and correct copy of an online release by the United States Department of Homeland Security, titled "DHS Debunks New York Times False Reporting: DHS Does NOT Deport U.S. Citizens," with a release date of October 1, 2025 as it appeared online on January 3, 2026 is attached as **Exhibit 6**.

21. Excerpts of the transcript of the deposition of a Supervisory Border Patrol Agent taken on December 10, 2025 in this action are attached as **Exhibit 7**.

22. Excerpts of the transcript of deposition of Border Patrol Agent "C217", taken on December 19, 2025 in this action are attached as **Exhibit 8**.

23. A true and correct copy of an email exchange between counsel in this action, with the subject line "Removal of Confidentiality Designation" and the most recent email being from Jason Zubata to Plaintiffs' counsel David Fry, dated February 10, 2026 is attached as redacted **Exhibit 9**.

24. A true and correct copy of ECF 45-9, the Declaration of Brian Gavidia in Support

4

of Plaintiffs' Motion for Temporary Restraining Order, dated June 30, 2025 and filed on July 3, 2025, is attached as **Exhibit 10**.

25.    A true and correct copy of ECF 170, Defendants' Opposition to Motion for Preliminary Injunction, filed August 29, 2025, is attached as **Exhibit 11**.

26.    A true and correct copy of ECF 170-1, Declaration of Border Patrol Agent C217 in Support of Defendants' Opposition to Motion for Preliminary Injunction, dated August 27, 2025 and filed August 29, 2025, is attached as **Exhibit 12**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th day of March, 2026, at Los Angeles, California.


        */s/ Sara Worth*
        Sara Worth
        MUNGER, TOLLES & OLSON LLP

5