UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF HOMELAND SECURITY, et al., <br><br> Defendants. | Case No. 2:25-cv-05605-MEMF-SP <br><br> **SUPPLEMENTAL DECLARATION OF H.B. RESPONDING TO ORDER DIRECTING DEFENDANTS TO COMPLY WITH 12.12.25 ORDER** |

**SUPPLEMENTAL DECLARATION OF H.B.**

I, H.B., declare and affirm that the following is true to the best of my knowledge, information, and belief:

1. I am the Associate Chief Counsel of the West Region of the Office of Chief Counsel (OCC) for U.S. Customs and Border Protection (CBP). The mission of CBP includes the enforcement and administration of customs, immigration, and agriculture laws and regulations of the United States, as well as the enforcement of numerous other laws on behalf of other federal agencies. OCC provides legal advice to, and legal representation of, CBP officials in matters relating to the activities and functions of CBP. OCC also reviews proposed policies and actions to advise agency officials regarding applicable legal requirements; preparing legal opinions for issuance to the CBP agency client; and rendering litigation assistance to the U.S. Department of Justice in criminal or civil court actions involving CBP. OCC operates under the umbrella of the Department of Homeland Security's (DHS) Office of General Counsel.

2. As the Associate Chief Counsel for the West Region, and on behalf of the CBP Chief Counsel, I oversee and provide legal guidance to all CBP officials within my assigned geographic region, covering a broad range of legal practice areas, including

both affirmative and defensive litigation involving customs, immigration, and other federal laws. I have held the position of Associate Chief Counsel for the West Region since 2024. Prior to this role, I served as Assistant Chief Counsel and Chief of Staff for OCC from 2020 to 2024.  Since 2007, I have held various attorney positions within OCC, and since 1997, I have served in legal roles with the Department of Justice, Immigration and Customs Enforcement, and Citizenship and Immigration Services.

3. As the Associate Chief Counsel for the West Region, I provide strategic oversight and direction for the litigation team assigned to this matter. Under my leadership, two Deputies and a Team Lead manage and coordinate a team of attorneys who are responsible for all aspects of discovery in this case, including the identification, collection, verification, and production of responsive records.

4. I provide this declaration based on my personal knowledge, reasonable inquiry, and information obtained from various records and other CBP employees in the regular course of business.

5. I previously submitted a declaration on December 22, 2026 Dkt. 317-4 ("First CBP Verification Statement") in response to the December 12, 2025 order requiring Defendants to submit a "verified statement, certifying they have produced all reliance materials and explaining their production process for the reliance materials…" (Dkt. 305).  I hereby incorporate the contents of that prior declaration herein.  I have now re-reviewed the Order Directing Defendants to Comply with December 12, 2025 Order (Dkt. 443).

6. As noted in my prior declaration, First CBP verification Statement ¶¶ 6-7, I reviewed Plaintiff CHIRLA's Expedited Requests for Production, Set One; Plaintiff CHIRLA's Expedited Interrogatories, Set One ("Discovery Requests"); and the October 7, 2025 discovery (Dkt. 223) and October 23, 2025 discovery schedule orders (Dkt. 227) requiring Defendants to produce documents and other materials responsive to Plaintiffs' Requests for Production on a rolling basis, with the production of documents relied on in opposing the motions for a temporary restraining order and preliminary injunction to be

made no later than November 4, 2025.

7. The government initially understood "reliance documents" to be training materials that had been referenced in the declarations filed by various CBP personnel in support of the government's responsive pleadings to Plaintiffs' motions for temporary restraining order and preliminary injunction. *See* First CBP Verification Statement ¶¶ 8-11. The government construed the Court's orders to allow for production on a rolling basis after November 4, 2025, but that the bulk of reliance documents were to be produced by then.

8. In the face of the impending compressed deadline, CBP focused its efforts on collecting those documents that, at the time, the government understood to be of most concern for the court—specifically, the training materials—in order to produce those by November 4, 2025. *Id.*

9. Following briefing and requests for clarification from the Court, it became apparent that the government, in its haste to comply with the Court's November 4th deadline, had misread and misunderstood the requirements under the Court's initial discovery orders. Upon making this realization, CBP quickly pivoted to prioritizing the collection and production of the operational documents relied upon in the CBP declarations that were responsive to RFP No. 2. As explained in my prior declaration, First CBP Verification Statement ¶ 9, collecting, reviewing, redacting, and producing documents is not a simple or quick process. Despite this, CBP was still able to produce the majority of the responsive documents in its next production on November 13, 2025.[1] *See* First CBP Verification Statement, ¶¶ 13-15. Body Worn Cameras (BWC) are also difficult to collect, review, redact, and produce. Review and redaction of body worn camera footage is materially more time consuming and labor intensive than review of written documents. Despite this difficulty, all but one of the relevant BWC relied on in the declarations was produced on November 26, 2025. *Id*. at ¶ 15. The one BWC not

---

[1] In the prior verification statement, the government mistakenly asserted the date of production as November 14, instead of November 13. First CBP Verification Statement ¶ 15.

produced on November 26, 2025 was a mistaken oversight which was remedied immediately after it was brought to CBP's attention on December 4, 2025. *Id.*

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this 11th day of March, 2026, at San Francisco, California.

H.B.

H.B.
Associate Chief Counsel, West Region
Office of Chief Counsel
U.S. Customs and Border Protection