BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
JONATHAN A. ROBBINS
Assistant Director
NANCY N. SAFAVI (SBN 24042342)
Senior Trial Attorney
ANIELLO DESIMONE
JACOB A. BASHYROV
JASON K. ZUBATA
TOLA M. MYCZKOWSKA
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 514-9875
Email: Nancy.Safavi@usdoj.gov

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (SBN 335008)
PAULINE H. ALARCON (SBN 345785)
Assistant United States Attorneys
  Federal Building, Suite 7516
  300 North Los Angeles Street
  Los Angeles, California 90012
  Tel: (213) 894-5557 | 3992
  E-mail:    Alexander.Farrell@usdoj.gov
             Pauline.Alarcon@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PEDRO VASQUEZ PERDOMO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br> Defendants. | No. 2:25-cv-05605-MEMF-SP <br><br> **DEFENDANTS' ANSWER TO INTERVENORS' FIRST AMENDED COMPLAINT [DKT. NO. 141]** <br><br> Hon. Maame Ewusi-Mensah Frimpong <br> United States District Judge <br><br> Hon. Sheri Pym <br> United States Magistrate Judge |

Defendants Kristi Noem, in her official capacity as Secretary, Department of Homeland Security ("DHS"); Todd Lyons, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement ("ICE"); Rodney Scott, in his official capacity as Commissioner, U.S. Customs and Border Protection ("CBP") (erroneously sued as "U.S. Customs and Border Patrol"); Michael W. Banks, in his official capacity as Chief of U.S. Border Patrol; Kash Patel, in his official capacity as Director, Federal Bureau of Investigation ("FBI"); Pam Bondi, in her official capacity as U.S. Attorney General; Ernesto Santacruz Jr., in his official capacity as Acting Field Office Director for ICE Los Angeles; Eddy Wang, in his official capacity as Special Agent in Charge for the Los Angeles, Homeland Security Investigations ("HSI"); Gregory K. Bovino, in his official capacity as Chief Patrol Agent for the El Centro Sector of the U.S. Border Patrol; Jeffrey D. Stalnaker, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil Davis, in his official capacity as Assistant Director in Charge, FBI Los Angeles Field Office; Bilal A. Essayli, in his official capacity as U.S. Attorney for the Central District of California (collectively, "Defendants") respond to the allegations in the First Amended Complaint (Dkt. 141) ("FAC") of Intervenors the City of Los Angeles, the County of Los Angeles, the City of Anaheim, the City of Bell Gardens, the City of Beverly Hills, the City of Carpinteria, the City of Culver City, the City of Huntington Park, the City of Long Beach, the City of Lynwood, the City of Montebello, the City of Monterey Park, the City of Oxnard, the City of Paramount, the City of Pasadena, the City of Pico Rivera, the City of Pomona, the City of Santa Ana, the City of Santa Barbara, the City of Santa Monica, the City of South Gate, and the City of West Hollywood (collectively, "Intervenors") as follows:

**INTRODUCTION[1]**

1.      The allegations that Defendants' conduct is "illegal" and "unconstitutional" are legal conclusions to which no response is required. The first sentence also contains Intervenors' characterization of facts to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegations.

2.      The allegation that Defendants' conduct is "illegal" is a legal conclusion to which no response is required. The remaining allegations are characterization of fact for which no response is required.

---

[1] Defendants have included the headings listed in the Complaint to assist in reading the pleadings and do not admit the accuracy or appropriateness of the headings.

DEFENDANTS' ANSWER TO INTERVENORS' FIRST AMENDED COMPLAINT [ECF.NO. 141]

1

Alternatively, to the extent a response is deemed required, Defendants deny the allegations.

3.    The allegations in paragraph 3 constitute Intervenors' characterizations of a television interview, to which no response is required. To the extent that a response is required, Defendants refer to the referenced interview for an accurate and complete statement of its contents. Defendants deny engaging in a pattern or practice of racial profiling. Defendants also deny any remaining allegations in paragraph 3.

4.    Paragraph 4 contains Intervenors' characterization of the facts. Defendants deny engaging in a pattern of arresting people because they appear to be immigrants. Defendants admit that a U.S. citizen was arrested and held in custody for three days, and deny that he was arrested because of any perceived immigration status, race, or ethnicity. Defendants admit that ICE briefly detained and then released Andrea Velez but deny that she was detained because of "the color of her skin." Furthermore, Defendants deny that Brian Gavidia, a U.S. citizen, was detained because of any perceived immigration status, race, or ethnicity. The allegations in paragraph 4 rely on Intervenors' characterization of facts and the contents of media articles to which no response is required. Unless otherwise admitted, Defendants deny any remaining allegations in paragraph 4.

5.    The allegations in paragraph 5 constitute a characterization of the action to which no response is required. To the extent a response is required, Defendants deny the mischaracterizations of its operations and any factual allegations in paragraph 5.

6.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, on that basis, deny those allegations.

7.    Paragraph 7 contains Intervenors' characterization of their claims to which no response is necessary. To the extent a response is deemed required, Defendants deny all the allegations in paragraph 7.

8.    Defendants deny the allegation that their primary goal is not immigration enforcement. The allegations in paragraph 8 include Intervenors' characterization of social media postings to which no response is required. To the extent that a response is required, Defendants refer to the referenced social media posting for an accurate and complete statement of its contents. The allegations in paragraph 8 also include Intervenors' characterization of a news conference to which no response is required.  To the extent a response is required, Defendants refer to the referenced news conference for an accurate and

complete statement of its contents. Defendants deny all remaining allegations in paragraph 8.

9.       The allegation that Defendants' conduct is "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants deny that they violated the District Court's July 11 Temporary Restraining Order with their immigration enforcement operation at a Home Depot on August 6, 2025. Defendants admit that they conducted a "Trojan Horse" operation at a Home Depot in Los Angeles on August 6, 2025, in which federal law enforcement agents drove at least one Penske truck to the Home Depot, and then several federal agents exited the back of the truck and detained several individuals. Intervenors' allegations in paragraph 9 include their characterizations of statements by Defendants to which no response is required. To the extent a response is required, Defendants refer to the referenced statements for an accurate and complete statement of their contents. Unless expressly admitted, Defendants deny the allegations in paragraph 9.

10.      Defendants admit that they marched through MacArthur Park wearing uniforms and carrying official gear on July 7, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 relating to a playground and a summer day camp, and, on that basis, deny those allegations. The allegations in paragraph 10 include Intervenors' characterizations of statements from an interview to which no response is required. To the extent a response is required, Defendants refer to the referenced interview for an accurate and complete statement of its contents.

11.      The allegation that Defendants' immigration enforcement operations are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 11 and, on that basis, deny those allegations.

12.       The allegation that Defendants' conduct is "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 12 and, on that basis, deny those allegations.

13.      The allegations that Defendants' conduct is "unlawful" and "illegal" are legal conclusions to which no response is required. Alternatively, to the extent a response is deemed required, Defendants

deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 13, and, on that basis, deny those allegations.

14. Defendants admit that Intervenors have responsibilities for local affairs, public safety, public services, and the health and welfare of the residents within their municipal boundaries, but Defendants deny that Intervenors have sole responsibilities for these governmental functions. Defendants deny all remaining allegations in paragraph 14.

15. The allegation that each Intervenor is a local jurisdiction with compelling interests in the subject matter of this litigation is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny this allegation. Defendants admit (a) most of the cities are located within the County of Los Angeles, which is in the United States, (b) Anaheim and Santa Ana are located within Orange County, (c) Oxnard is located within Ventura County, and (d) Carpinteria and Santa Barbara are located within Santa Barbara County. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 15 and, on that basis, deny those allegations.

## JURISDICTION AND VENUE

16. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the Court has jurisdiction. Defendants filed a motion to dismiss on October 29, 2025 (Dkt. No. 236), and the Court denied the motion with respect to Intervenors' claims on February 18, 2026. (Dkt. No. 418).

17. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants are entitled to sovereign immunity. *See* Dkt. No. 236 at 17 citing *Massachusetts v. Mellon*, 262 U.S. 447, 485-86 (1923).

18. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants admit venue is proper.

## PARTIES IN INTERVENTION

19. Defendants' answers to the allegations regarding the parties in Plaintiffs' First Amended Petition and Complaint ("the Lead Complaint"), ECF No. 16 ¶¶ 12-32, are incorporated herein by reference.

**Intervenor-Plaintiff the City of Los Angeles**

20.    Defendants admit that the City of Los Angeles is a city within the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 20 and, on that basis, deny those allegations.

21.    Defendants admit that the Los Angeles Police Department is a law enforcement agency of the City of Los Angeles. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 21 and on that basis deny those allegations.

22.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and on that basis deny those allegations.

23.    Paragraph 23 contains Intervenors' characterization of the facts, to which no response is required. Defendants deny that their federal immigration enforcement operations are "raids." Defendants admit that they have conducted immigration enforcement operations without notice to or coordination with the Los Angeles Police Department.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and on that basis deny those allegations.

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and on that basis, deny those allegations.

26.    The allegation that Defendants' conduct is "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and, on that basis, deny those allegations.

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and on that basis deny those allegations.

28.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and on that basis deny those allegations.

**Intervenor-Plaintiff the County of Los Angeles**

29.    Defendants admit that Los Angeles County is a county located within the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of

DEFENDANTS' ANSWER TO INTERVENORS' FIRST AMENDED COMPLAINT [ECF.NO. 141]

5

the allegations in paragraph 29 and on that basis deny those allegations.

30.    Defendants admit that federal immigration officers and agents have conducted immigration enforcement operations within Los Angeles County both before and since June 7, 2025. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 30, including all characterizations of such operations and the locations, frequency, scale, and impacts alleged.

31.    To the extent that the allegations in paragraph 31 rely on Intervenors' characterization of the contents of social media postings or videos, no response is required. The second sentence of paragraph 31 relies on legal conclusions and argument to which no response is required. Defendants admit that a federal agent asked a U.S. citizen about what hospital he was born in or words with a similar content when he was temporarily detained and released. Unless otherwise admitted, Defendants deny any remaining allegations in paragraph 31.

32.    Defendants admit that federal immigration agents sometimes wear masks and plainclothes when conducting federal immigration enforcement operations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 about the fear or tension of Los Angeles County residents, and on that basis deny those allegations. Except as expressly admitted, Defendants deny any remaining allegations in paragraph 32.

33.    Paragraph 33 contains Intervenors' characterization of the facts, with no source citation, to which no response is required. To the extent a response is needed, Defendants deny that their federal immigration enforcement operations are "raids." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 33 and on that basis deny those allegations.

34.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and on that basis deny those allegations.

35.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and on that basis deny those allegations.

36.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and on that basis deny those allegations.

37.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 37 and on that basis deny those allegations.

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and on that basis deny those allegations.

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and on that basis deny those allegations.

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and on that basis deny those allegations.

41.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and on that basis deny those allegations.

42.    Defendants deny that their federal immigration enforcement operations are "raids" or were conducted with disregard for reasonable suspicion, probable cause, or, if applicable, warrant requirements. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 42 and on that basis deny those allegations.

43.    Defendants admit that immigration enforcement operations have occurred in Los Angeles County. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 43 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Anaheim**

44.    Defendants admit that the City of Anaheim is a city located within Orange County in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 44 and on that basis deny those allegations.

45.    The allegation that Defendant's immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants admit that immigration enforcement activities have occurred at locations in Anaheim. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 45 and on that basis deny those allegations.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and on that basis deny those allegations.

47.    The allegation that Defendants' conduct is "unlawful" and "illegal" is a legal conclusion to which

no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 47 and on that basis deny those allegations.

48.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Bell Gardens**

49.    Defendants admit that the City of Bell Gardens is a city located within Los Angeles County in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 49 and on that basis deny those allegations.

50.    Defendants admit that federal immigration enforcement actions have occurred in the City of Bell Gardens. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 50 and on that basis deny those allegations.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and on that basis deny those allegations.

52.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and on that basis deny those allegations.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and on that basis deny those allegations.

54.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Beverly Hills**

55.    Defendants admit that the City of Beverly Hills is a city located within Los Angeles County in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 55 and on that basis deny those allegations.

56.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and on that basis deny those allegations.

57.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and on that basis deny those allegations.

58.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and on that basis deny those allegations.

59.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Carpinteria**

60.    Defendants admit that the City of Carpinteria is a city located within Santa Barbara County in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 60 and on that basis deny those allegations.

61.    Defendants admit that they conducted three separate immigration enforcement actions in Carpinteria in July 2025, and these actions resulted in the arrest of at least a dozen individuals present in the United States without legal authorization. Defendants deny the remaining allegations in paragraph 61.

62.    Defendants deny that their federal immigration enforcement operations are "raids." Defendants deny that a series of operations have occurred in the City of Carpinteria. Defendants deny that individuals of Latino or Hispanic heritage have been stopped and detained during this series of operations regardless of citizenship or legal immigration status. Defendants admit federal agents conducted two targeted law enforcement operations on July 7, 2025 at Smart & Final in Carpinteria, CA and again on July 8, 2025 in El Carro, CA. Defendants admit that the driver was the subject of targeted operation on July 8, 2025, that agents had identified themselves as law enforcement while he was in his vehicle, that he was a person of interest, and that he had failed to adhere to law enforcement commands in both English and Spanish. Defendants deny that these encounters were conducted without reasonable suspicion of immigration law violations. Except as expressly admitted, Defendants deny any remaining allegations in paragraph 62.

63.    (a) Defendants admit that on July 10, 2025, they conducted a federal enforcement operation at Glass House Farms, a cannabis operation on Casitas Pass Road in Ventura County, as authorized by a federal judicial warrant.

(b) Defendants admit that they conducted the enforcement operation at Glass House Farms with support from the California National Guard while wearing uniforms and bulletproof vests.

(c) Defendants admit that they detained at least ten (10) employees of Glass House Farms who were present in the United States or employed by Glass House Farms in violation of federal law.

(d) Defendants admit that vehicle checkpoints were set up to secure the scene of the federal enforcement operation.

(e) Defendants lack knowledge or information sufficient to form a belief as to truth of statements allegedly made by witnesses to the federal enforcement operation at Glass House Farms and regarding their alleged injuries and on that basis deny those allegations.

(f) Except as expressly admitted, Defendants deny any remaining allegations in paragraph 63.

64. Defendants admit that Jaime Alanis fell approximately thirty (30) feet from a greenhouse roof at a Glass House Farms facility in Ventura County on July 10, 2025, and later died from his injuries. Defendants deny that his death occurred as part of the federal enforcement operation in Carpinteria on July 10, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 64 and on that basis deny those allegations.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and on that basis deny those allegations.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and on that basis deny those allegations.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Culver City**

68. Defendants admit that the City of Culver City is a city in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 68 and on that basis deny those allegations.

69. Defendants deny that their federal immigration enforcement operations are "raids." Defendants admit that immigration enforcement operations have occurred in Culver City since June 2025, including at the Culver City Express Hand Car Wash and on Culver City's streets. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 69 that all of the federal immigration officers and agents involved in the immigration enforcement operations were masked or lacked judicial or administrative warrants, and on that basis deny those allegations. Except as expressly admitted, Defendants deny any remaining allegations in paragraph 69.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and on that basis deny those allegations.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Huntington Park**

72.     Defendants admit that the City of Huntington Park is a city located within Los Angeles County in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 72 and on that basis deny those allegations.

73.     The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants admit that federal agents conducted authorized enforcement operations at or near the Huntington Park Home Depot that has resulted in arrest of immigration law violators. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 73.

74.     Defendants admit that federal agents served a criminal warrant on the subject on June 12, 2025, at her home. Defendants admit that DHS Secretary Kristi Noem was present at the home and deny any characterization and allegation that she took part in serving and executing the warrant. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 74 and on that basis deny those allegations.

75.     Defendants admit that on June 27, 2025, uniformed Border Patrol agents entered a residence to arrest a male occupant pursuant to a federal arrest warrant.  The agents forcibly entered the residence after its occupants failed to respond to verbal commands to exit the residence, and a door and window were damaged in the process. When the residence was searched, only a female occupant and children were discovered present. The male occupant being sought pursuant to the warrant later surrendered and was arrested. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 75.

76.     The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 76 and on that basis deny those allegations.

77.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and on that basis deny those allegations.

78.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and on that basis deny those allegations.

79.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and on that basis deny those allegations.

80.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Long Beach**

81.    Defendants admit that the City of Long Beach is a city in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 81 and on that basis deny those allegations.

82.    Defendants admit that federal immigration enforcement actions have occurred in various locations in the City of Long Beach that may be frequented by Long Beach residents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 82 and on that basis deny those allegations.

83.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and on that basis deny those allegations.

84.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Lynwood**

85.    Defendants admit that City of Lynwood is a city located within Los Angeles County in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 85 and on that basis deny those allegations.

86.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants admit that immigration enforcement activities have occurred in the City of Lynwood. Defendants lack knowledge or information sufficient to form a belief as to the

truth of the remainder of the allegations in paragraph 86 and on that basis deny those allegations.

87.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and on that basis deny those allegations.

88.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and on that basis deny those allegations.

89.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 89 and on that basis deny those allegations.

90.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 90 and on that basis deny those allegations.

91.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and on that basis deny those allegations.

92.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and on that basis deny those allegations.

### Intervenor-Plaintiff the City of Montebello

93.    Defendants admit that City of Montebello is a city located within Los Angeles County in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 93 and on that basis deny those allegations.

94.    The allegation that Defendant's immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants admit that a U.S. citizen was arrested for a violation of federal law at a tow yard in Montebello on June 12, 2025. Unless expressly admitted, Defendants deny the remaining allegations in paragraph 94.

95.     Defendants admit that federal immigration enforcement actions have occurred at commercial locations in Montebello. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 95 and on that basis deny those allegations

96.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and on that basis deny those allegations.

97.     The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 97 and on that basis deny those allegations.

98.     The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 98 and on that basis deny those allegations.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 and on that basis deny those allegations.

100.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 100 and on that basis deny those allegations.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 and on that basis deny those allegations.

102.    Paragraph 102 is a legal conclusion to which no response is required.  Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

103.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 103 and on that basis deny those allegations.

104.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal

conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 104 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Monterey Park**

105.    Defendants admit that City of Monterey Park is a city in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 105 and on that basis deny those allegations.

106.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and on that basis deny those allegations.

107.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and on that basis deny those allegations.

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and on that basis deny those allegations.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 and on that basis deny those allegations.

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and on that basis deny those allegations.

111.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 111 and on that basis deny those allegations.

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 and on that basis deny those allegations.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Oxnard**

114.    Defendants admit that the City of Oxnard is a city in the State of California.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in

paragraph 114 and on that basis deny those allegations.

115.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder allegations in paragraph 115 and on that basis deny those allegations.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and on that basis deny those allegations.

117.    (a)    Defendants admit that on July 10, 2025, they conducted a federal enforcement operation at Glass House Farms, a cannabis operation in Camarillo, California, as authorized by a federal judicial warrant.

(b)    Defendants admit that they blocked a road to secure the scene of the federal enforcement operation, and deny that they blocked the road with military-style vehicles, although the road was blocked with vehicles from protesters and media helicopters flew overhead.

(c)    Defendants admit that they and the California National Guard were wearing their uniforms at the enforcement operations, and Defendants possessed authorized weapons.

(d)    Defendants admit that some of the protesters were exposed to gas used by Defendants to disperse the crowds when the protesters were interfering with Defendants' operations, blocking vehicles, or engaging in riotous conduct.

(e)    Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations concerning OPD's conduct or Oxnard residents and officials and, on that basis, deny those allegations.

(f)    Except as expressly admitted, Defendants deny any remaining allegations in paragraph 117.

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 and on that basis deny those allegations.

119.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as

to the truth of the remainder of the allegations in paragraph 119 and on that basis deny those allegations.

120.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 120 and on that basis deny those allegations.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 and on that basis deny those allegations.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 and on that basis deny those allegations.

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 and on that basis deny those allegations.

### Intervenor-Plaintiff the City of Paramount

124.    Defendants admit that the City of Paramount is a city located within Los Angeles County in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 124 and on that basis deny those allegations.

125.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 and on that basis deny those allegations.

126.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 126 and on that basis deny those allegations.

127.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 and on that basis deny those allegations.

128.    The allegation that Defendant's immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants admit that immigration enforcement activities have occurred at a Paramount Home Depot. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 128 and on that basis deny those allegations.

129.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Pasadena**

130.    Defendants admit that the City of Pasadena is a city in the State of California.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 130 and on that basis deny those allegations.

131.    The allegation that Defendant's immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants admit that they have engaged in immigration enforcement activities within the jurisdictional borders of the City of Pasadena. Defendants admit that on June 18, 2025, Pedro Vasquez Perdomo, Carlos Alexander Osorto, and Isaac Villegas Molina were arrested at a Pasadena bus stop near Winchell's Donuts after ICE agents established valid probable cause to arrest. Defendants deny the remaining allegations made in paragraph 131.

132.    Paragraph 132 contains Intervenors' characterization of the facts to which no response is required. Defendants deny that they engaged in improper practices when conducting immigration enforcement activities in Pasadena. The allegation that Defendants' immigration enforcement activities are a "nuisance" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 132 and on that basis deny those allegations.

133.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 and on that basis deny those allegations.

134.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation in paragraph 134.

135.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 and on that basis deny those allegations.

136.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 and on that basis deny those allegations.

137.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Pico Rivera**

138.    Defendants admit that the City of Pico Rivera is a city located within Los Angeles County in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 138 and on that basis deny those allegations.

139.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 and on that basis deny those allegations.

140.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants admit that immigration enforcement activities have occurred at numerous locations throughout the City of Pico Rivera. Defendants also admit that federal agents arrested Adrian Martinez on June 17, 2025, near a Walmart in the City of Pico Rivera, and, as a result, Mr. Martinez was indicted, *USA v. Martinez*, Case No. 2:25-cr-00692-MEMF, by a grand jury for a violation of federal law. Defendants deny that this arrest was violent or unjustified. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 140 and on that basis deny those allegations.

141.    Defendants deny the allegations in paragraph 141.

142.    Defendants admit that on June 17, 2025, federal immigration enforcement personnel appear to have engaged in purported public urination at Ruben Salazar High School in Pico Rivera. Defendants deny that they were trespassing.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 142 and on that basis deny those allegations.

143.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 143 and on that basis deny those allegations.

144.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 and on that basis deny those allegations.

145.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 145 and on that basis deny those allegations.

146.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 146 and on that basis deny those allegations.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 and on that basis deny those allegations.

148.    Paragraph 148 is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants further deny any remaining allegations in paragraph 148.

149.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 and on that basis deny those allegations.

### Intervenor-Plaintiff the City of Pomona

150.    Defendants admit that the City of Pomona is a city in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 150 and on that basis deny those allegations.

151.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required.  Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants admit that immigration enforcement activities have occurred at numerous locations throughout the City of Pomona. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 151 and on that basis deny those allegations.

152.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 and on that basis deny those allegations.

153.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

DEFENDANTS' ANSWER TO INTERVENORS' FIRST AMENDED COMPLAINT [ECF.NO. 141]

allegations in paragraph 153 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Santa Ana**

154.    Defendants admit the City of Santa Ana is a city in the State of California.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 154 and on that basis deny those allegations.

155.    Defendants admit they have conducted federal immigration enforcement operations at various locations in the City of Santa Ana. Defendants deny that they have engaged in racial profiling. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 155 and on that basis deny those allegations.

156.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 156 and on that basis deny those allegations.

157.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 157 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Santa Barbara**

158.    Defendants admit that the City of Santa Barbara is a city located within Santa Barbara County in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 158 and on that basis deny those allegations.

159.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 and, on that basis, deny those allegations.

160.    Defendants admit that, on July 10, 2025, federal law enforcement agents conducted federal immigration enforcement operations at Glass House Farms in Carpinteria and Camarillo, California, pursuant to a federal judicial warrant.  Defendants admit that at least ten (10) people were detained during this operation in Carpinteria and at least three-hundred fifty (350) people were detained during this operation in Camarillo. Except as expressly admitted, Defendants deny any remaining allegations in

paragraph 160.

161.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 and on that basis deny those allegations.

162.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 and on that basis deny those allegations.

163.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 and on that basis deny those allegations.

164.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 and on that basis deny those allegations.

165.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 and on that basis deny those allegations.

166.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 and on that basis deny those allegations.

167.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 and, on that basis, deny those allegations.

168.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 and on that basis deny those allegations.

169.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 and on that basis deny those allegations.

170.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 and on that basis deny those allegations.

171.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 and on that basis deny those allegations.

172.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 172 and on that basis deny those allegations.

173.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal

conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 173 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of Santa Monica**

174.    Defendants admit that the City of Santa Monica is a city bordering the City of Los Angeles and located in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 174 and on that basis deny those allegations.

175.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 175 and on that basis deny those allegations.

176.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 and on that basis deny those allegations.

177.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 177 and on that basis deny those allegations.

178.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 and on that basis deny those allegations.

179.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 and on that basis deny those allegations.

180.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of South Gate**

181.    Defendants admit that the City of South Gate is a city located in Los Angeles County in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 181 and on that basis deny those allegations.

182.    Defendants admit that federal immigration enforcement activities have occurred at numerous

DEFENDANTS' ANSWER TO INTERVENORS' FIRST AMENDED COMPLAINT [ECF.NO. 141]

23

locations in the City of South Gate. Defendants can neither confirm nor deny based on the information available at this time whether they have conducted immigration enforcement at the locations alleged herein by Intervenors. Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 182.

183.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 and on that basis deny those allegations.

184.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 and on that basis deny those allegations.

185.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 and on that basis deny those allegations.

**Intervenor-Plaintiff the City of West Hollywood**

186.    Defendants admit that the City of West Hollywood is a city located within Los Angeles County in the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 186 and on that basis deny those allegations.

187.    Defendants admit that a federal immigration enforcement operation occurred in West Hollywood on July 4, 2025, at the Santa Palm Car Wash. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 187 and on that basis deny those allegations.

188.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 and on that basis deny those allegations.

189.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 and on that basis deny those allegations.

190.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190 and on that basis deny those allegations.

191.    The allegation that Defendants' immigration enforcement activities are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 191 and on that basis deny those allegations.

DEFENDANTS' ANSWER TO INTERVENORS' FIRST AMENDED COMPLAINT [ECF.NO. 141]

192.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 and on that basis deny those allegations.

193.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 and on that basis deny those allegations.

**FACTUAL ALLEGATIONS**

194.    Defendants admit that Plaintiffs filed the Lead Complaint on July 2, 2025. The allegations in paragraph 194 constitute a characterization of the Lead Complaint and legal argument to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegations in paragraph 194, except to admit that Defendants have conducted federal immigration enforcement operations in the Los Angeles region to enforce the United States' immigration laws.

195.    The allegations in paragraph 195 constitute characterizations of the Lead Complaint and the Amended Complaint in Intervention and legal argument to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegations in paragraph 195.

196.    Defendants deny the allegations in paragraph 196.

197.    The allegation that Defendants' conduct is "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 197 and on that basis deny those allegations.

198.    Defendants deny the allegations in paragraph 198.

199.    Defendants deny engaging in a pattern of arresting people because they appear to be immigrants. Defendants admit that Andrea Velez was arrested by ICE on June 24, 2025, in downtown Los Angeles under 18 U.S.C. § 111 for obstruction of justice and deny that she was arrested because of any perceived immigration status, race, or ethnicity. The allegations in paragraph 199 rely on Intervenors' characterization of the contents of media articles to which no response is required. Unless otherwise admitted, Defendants deny any remaining allegations in paragraph 199.

200.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 and on that basis deny those allegations.

201.    The allegation that Defendants' conduct is "unlawful" is a legal conclusion to which no response

is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 201 and on that basis deny those allegations.

202.    The allegation that Defendants' conduct is "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 202 and on that basis deny those allegations.

203.    The allegation that Defendants' immigration enforcement activities are "illegal" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 203 and on that basis deny those allegations.

204.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 204 and on that basis deny those allegations.

205.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205 and on that basis deny those allegations.

206.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206 and on that basis deny those allegations.

207.    The allegations in paragraph 207 include characterizations and legal arguments to which no response is required. To the extent a response is required, Defendants deny the characterizations and legal arguments but refer to the referenced law and statutes cited therein as they speak for themselves.

208.    Paragraph 208 is a legal argument to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegations.

209.    The first sentence of paragraph 209 is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of allegations in paragraph 209 and on that basis deny those allegations.

210.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210 and on that basis deny those allegations.

## CAUSES OF ACTION

## COUNT I

**Violation of the Fourth Amendment:**

**Detention Stop Without Reasonable Suspicion**

**(Asserted by Plaintiffs and Intervenor Plaintiffs)**

211.    Defendants incorporate by reference their responses in this Answer to paragraphs 1 through 210.

212.    Paragraph 212 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 212 that are contrary to the cited authority's plain meaning and contents.

213.    This is a legal conclusion to which no response is required. Paragraph 213 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph 213 that are contrary to the cited authority's plain meaning and contents.

214.    Denied.

215.    Denied.

216.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

217.    Paragraph 217 is Intervenors' characterization of their claims and a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

## COUNT II

**Violation of 8 U.S.C. § 1357(a)(2):**

**Warrantless Arrests Without Probable Cause of Flight Risk**

**(Asserted by Plaintiffs and Intervenor Plaintiffs)**

218.    Defendants incorporate by reference their responses in this Answer to paragraphs 1 through 217.

219.    Paragraph 219 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a

DEFENDANTS' ANSWER TO INTERVENORS' FIRST AMENDED COMPLAINT [ECF.NO. 141]

27

response is required, Defendants deny any assumed allegations in paragraph 219 that are contrary to the cited authority's plain meaning and contents.

220.    Denied.

221.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegations.

222.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegations.

223.    Paragraph 223 is a characterization of Intervenors' claims and a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

## COUNT III

### Violation of 8 C.F.R. § 287.8(c)(ii)

### Standards for Stops and Warrantless Arrests

### (Asserted by Plaintiffs and Intervenor Plaintiffs)

224.    Defendants incorporate by reference their responses in this Answer to paragraphs 1 through 223.

225.    Paragraph 225 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 225 that are contrary to the cited authority's plain meaning and contents.

226.    Denied.

227.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

228.    Paragraph 228 is a characterization of Intervenors' claims and a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

## COUNT IV

### Violation of 8 C.F.R. § 287.8(c)(2)(iii)

### Failure to Identify Authority and Reason for Arrest

### (Asserted by Plaintiffs and Intervenor Plaintiffs)

229. Defendants incorporate by reference their responses in this Answer to paragraphs 1 through 228.

230. Paragraph 230 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 230 that are contrary to the cited authority's plain meaning and contents.

231. Denied.

232. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

233. Paragraph 233 is a characterization of Intervenors' claims and a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

## COUNT V

### Administrative Procedure Act:

### Agency Action Exceeding Statutory Authority

### (Asserted by Intervenor Plaintiffs)

234. Defendants incorporate by reference their responses in this Answer to paragraphs 1 through 233.

235. Paragraph 235 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 235 that are contrary to the cited authority's plain meaning and contents.

236. Paragraph 236 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 236 that are contrary to the cited authority's plain meaning and contents.

237.    Paragraph 237 is a legal conclusion, and it consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph 237.

238.    Paragraph 238 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 238 that are contrary to the cited authority's plain meaning and contents.

239.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegations.

240.    Denied.

### COUNT VI

**Administrative Procedure Act:**

**Agency Action Contrary to Constitutional**

**Right, Power, Privilege, or Immunity**

**(Asserted by Intervenor Plaintiffs)**

241.    Defendants incorporate by reference their responses in this Answer to paragraphs 1 through 240.

242.    Paragraph 242 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 242 that are contrary to the cited authority's plain meaning and contents.

243.    Paragraph 243 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 243 that are contrary to the cited authority's plain meaning and contents.

244.    Paragraph 244 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 244 that are contrary to the cited authority's plain meaning and contents.

245. Paragraph 245 is a characterization of Intervenors' claims and a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

246. Denied.

247. Paragraph 247 is a characterization of Intervenors' claims and a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegations.

## COUNT VII

### Administrative Procedure Act:

### Arbitrary and Capricious Action

### (Asserted by Intervenor Plaintiffs)

248. Defendants incorporate by reference their responses in this Answer to paragraphs 1 through 247.

249. Paragraph 249 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 249 that are contrary to the cited authority's plain meaning and contents.

250. Paragraph 250 is a characterization of Intervenors' claims and a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

251. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

252. Denied.

253. Paragraph 253 is a characterization of Intervenors' claims and a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegations.

## COUNT VIII

### Tenth Amendment

### (Asserted by Intervenor Plaintiffs)

254.    Defendants incorporate by reference their responses in this Answer to paragraphs 1 through 253.

255.    Paragraph 255 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 255 that are contrary to the cited authority's plain meaning and contents.

256.    Paragraph 256 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 256 that are contrary to the cited authority's plain meaning and contents.

257.    Denied.

258.    Denied.

259.    Paragraph 259 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 259 that are contrary to the cited authority's plain meaning and contents.

260.    Paragraph 260 is a characterization of Intervenors' claims and a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegations.

### PRAYER FOR RELIEF

1.    This paragraph constitutes Intervenors' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Intervenors are entitled to the relief requested or to any relief from Defendants.

2.    This paragraph constitutes Intervenors' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Intervenors are entitled to the relief requested or to any relief from Defendants.

3.      This paragraph constitutes Intervenors' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Intervenors are entitled to the relief requested or to any relief from Defendants.

4.      This paragraph constitutes Intervenors' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Intervenors are entitled to the relief requested or to any relief from Defendants.

5.      This paragraph constitutes Intervenors' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Intervenors are entitled to the relief requested or to any relief from Defendants.

6.      This paragraph constitutes Intervenors' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Intervenors are entitled to the relief requested or to any relief from Defendants.

7.      This paragraph constitutes Intervenors' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Intervenors are entitled to the relief requested or to any relief from Defendants.

8.      This paragraph constitutes Intervenors' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Intervenors are entitled to the relief requested or to any relief from Defendants.

**AFFIRMATIVE DEFENSES**

Any allegations to which a response is deemed necessary, and which have not been admitted, denied, or otherwise responded to herein, are hereby denied. All actions taken by Defendants were grounded in good faith and are not in violation of any federal law or the United States Constitution. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this FAC become known to Defendants through the course of this litigation. Without waiver of their Answer and without conceding any issues regarding burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Intervenors, Defendants assert the following affirmative defenses:

1.      Intervenors lack standing to seek the relief requested in the FAC.

2.      Intervenors are barred from bringing any claims over which the Court lacks subject matter jurisdiction.

3.      The FAC fails to state a claim upon which relief may be granted against Defendants.

4.      The challenged agency decision was not arbitrary, capricious, in excess of statutory jurisdiction, authority, or limitations, or without observance of procedure required by law.

5.      Under the Administrative Procedure Act, 5 U.S.C. § 501 et seq. ("APA"), judicial review of a final agency decision is limited to the administrative record of the proceedings below.

6.      The actions alleged to have been taken by Defendants are not "final agency actions" within the meaning of the APA, and, thus, this Court lacks subject matter jurisdiction to review the alleged actions.

7.      Intervenors' claim that Defendants are violating California law prohibits the "civil arrest in a courthouse" of any person "attending a court proceeding or having legal business in the courthouse." Cal. Civ. Code § 43.54 are preempted by the Supremacy Clause and federal governments' broad power and discretion over immigration enforcement.

8.      "The Government of the United States has broad undoubted power over the subject of immigration and the status of aliens." *See* ECF No. 236 (citing *Arizona*, 567 U.S. at 394).

9.      Intervenors are barred by California law and, for some Intervenors, local laws, directives, or policies from assisting, cooperating with, or coordinating with Defendants concerning the enforcement of federal immigration laws, notwithstanding certain, limited exceptions.

10.     Intervenors' claims are moot.

11.     Intervenors' claims are barred by sovereign immunity.

12.     Intervenors' claims are barred to the extent they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.

13.     Intervenors are not entitled to declaratory relief, injunctive relief, attorneys' fees, costs of suit, or any damages whatsoever.

14.     Intervenors cannot demonstrate the existence of a reasonable likelihood of success on the merits.

15.     Intervenors cannot demonstrate the existence of irreparable harm in the absence of injunctive relief.

16.    Intervenors have not demonstrated that the balance of equities or the public interest favor permanent injunctive relief.

### DEFENDANTS' REQUEST FOR RELIEF

WHEREFORE, Defendants, having fully answered Intervenors' FAC, respectfully pray for judgment denying each and every prayer for relief, dismissing the action, granting Defendants their costs, and granting such other and further relief as this Court deems just and proper.


Dated: March 11, 2026                    Respectfully Submitted,

                                         BRETT A. SHUMATE
                                         Assistant Attorney General
                                         Civil Division

                                         DREW C. ENSIGN
                                         Deputy Assistant Attorney General

                                         TIBERIUS DAVIS
                                         SEAN SKEDZIELEWSKI
                                         Counsel to the Assistant Attorney General

                                         JONATHAN A. ROBBINS
                                         Assistant Director

                                         */s/ Nancy N. Safavi*
                                         NANCY N. SAFAVI
                                         Senior Trial Attorney
                                         (SBN 24042342)
                                         Tel: (202) 514-9875
                                         Email: Nancy.Safavi@usdoj.gov

                                         ANIELLO DESIMONE
                                         JACOB A. BASHYROV
                                         JASON K. ZUBATA
                                         TOLA M. MYCZKOWSKA
                                         Trial Attorneys

                                         U.S. Department of Justice, Civil Division
                                         Office of Immigration Litigation
                                         P.O. Box 868, Ben Franklin Station
                                         Washington, DC 20044

                                         *Counsel for Defendants*