BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
JONATHAN A. ROBBINS
Assistant Director
NANCY N. SAFAVI (SBN 24042342)
Senior Trial Attorney
ANIELLO DESIMONE
JACOB A. BASHYROV
JASON K. ZUBATA
TOLA M. MYCZKOWSKA
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 514-9875
Email: Nancy.Safavi@usdoj.gov

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (SBN 335008)
PAULINE H. ALARCON (SBN 345785)
Assistant United States Attorneys
  Federal Building, Suite 7516
  300 North Los Angeles Street
  Los Angeles, California 90012
  Tel: (213) 894-5557 | 3992
  E-mail:    Alexander.Farrell@usdoj.gov
             Pauline.Alarcon@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PEDRO VASQUEZ PERDOMO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. NO. 16]**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge<br><br>Hon. Sheri Pym<br>United States Magistrate Judge |

Defendants Kristi Noem, in her official capacity as Secretary, Department of Homeland Security ("DHS"); Todd Lyons, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement ("ICE"); Rodney Scott, in his official capacity as Commissioner, U.S. Customs and Border Protection ("CBP") (erroneously sued as "U.S. Customs and Border Patrol"); Michael W. Banks, in his official capacity as Chief of U.S. Border Patrol; Kash Patel, in his official capacity as Director, Federal Bureau of Investigation ("FBI"); Pam Bondi, in her official capacity as U.S. Attorney General; Ernesto Santacruz Jr., in his official capacity as Acting Field Office Director for ICE Los Angeles; Eddy Wang, in his official capacity as Special Agent in Charge for the Los Angeles, Homeland Security Investigations ("HSI"); Gregory K. Bovino, in his official capacity as Chief Patrol Agent for the El Centro Sector of the U.S. Border Patrol; Jeffrey D. Stalnaker, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil Davis, in his official capacity as Assistant Director in Charge, FBI Los Angeles Field Office; Bilal A. Essayli, in his official capacity as U.S. Attorney for the Central District of California (collectively, "Defendants") respond to the allegations in Plaintiffs' First Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("FAC"). Dkt. No. 16 as follows, and deny any allegations that are not explicitly admitted:

**INTRODUCTION**[1]

1.      Paragraph 1 consists of Plaintiffs' characterization of this action to which no response is required. Defendants deny engaging in a pattern and practice of flouting the Constitution and federal law. Defendants deny that their federal immigration enforcement operations are "raids." Defendants admit that federal immigration enforcement operations have occurred in the Los Angeles area.

2.      Paragraph 2 consists of Plaintiffs' characterization of this action to which no response is required. To the extent a response is deemed required, Defendants admit that they have engaged in federal immigration enforcement at the locations alleged in paragraph 2 and that some federal agents and officers wore masks during such enforcement operations. Defendants deny the remaining allegations and Plaintiffs' characterizations therein.

---

[1] Defendants have included the headings listed in the FAC to assist in reading the pleadings and do not admit the accuracy or appropriateness of the headings.

3.        Paragraph 3 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny all of the allegations contained in this paragraph.

4.        Paragraph 4 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that individuals have been held at a short-term processing center and ICE basement holding area in downtown Los Angeles, known as "B-18". Defendants deny all other remaining allegations in paragraph 4.

5.        Paragraph 5 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Sentence two of paragraph 5 cites a *New York Post* article. The Court respectfully is referred to the article for complete and accurate statements of its contents. To the extent a response is deemed required, Defendants admit that federal immigration enforcement is constrained by law. Defendants deny all of the remaining allegations in this paragraph.

6.        Paragraph 6 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Sentences 1 and 4 of paragraph 6 cite a *Wall Street Journal* article. The Court respectfully is referred to the article for complete and accurate statements of it contents. To the extent a response is deemed required, Defendants deny the allegations contained in this paragraph.

7.        Paragraph 7 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Sentences 1 and 2 of paragraph 7 cite DHS and *LA Times* articles. The Court respectfully is referred to the articles for complete and accurate statements of their contents. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

8.        Paragraph 8 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Paragraph 8 also consists of Plaintiffs' requested relief, which Defendants oppose and to which no response is required. To the extent a response is deemed required, Defendants deny all allegations in paragraph 8 and deny knowledge or information sufficient to form a belief as to why Plaintiffs brought this action.

## JURISDICTION AND VENUE

9.      This is a legal conclusion to which no response is required. Alternatively, to the extent that a response is deemed required, Defendants acknowledge that this Court has found it has jurisdiction in this matter. Defendants filed a motion to dismiss on October 29, 2025 (Dkt. No. 235), and the Court denied that motion on February 19, 2026. (Dkt. No. 419), but dismissed Count 8 of the FAC concerning 28 U.S.C §2241 (federal habeas statute). However, Defendants deny the Court has jurisdiction. Defendants preserve all previously raised challenges to the Court's jurisdiction.

10.     This is a legal conclusion to which no response is required.  Alternatively, to the extent a response is deemed required, Defendants are entitled to sovereign immunity with respect to Intervenors' claims.

11.     This is a legal conclusion to which no response is required.  Alternatively, to the extent a response is deemed required, Defendants admit that venue is proper.

## PARTIES

**A.      Plaintiffs**

12.     Defendants admit that Pedro Vasquez Perdomo was arrested at a bus stop on June 18, 2025, and that he was held at B-18 from June 18, 2025 to June 19, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

13.     Defendants admit that Carlos Alexander Osorto was arrested at a bus stop on June 18, 2025, and that he was held at B-18 from June 18, 2025 to June 19, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny those allegations.

14.     Defendants admit that Isaac Villages Molina was arrested at a bus stop on June 18, 2025, and that he was held at B-18 from June 18, 2025 to June 19, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

15.    Defendants admit on June 18, 2025, Plaintiff Viramontes was questioned by immigration agents at a car wash. Defendants lack knowledge or information sufficient to form a belief as Plaintiff Viramontes' residence or fear as alleged in paragraph 15 and on that basis deny those allegations. As to the remainder of the allegations, Defendants deny them.

16.    Defendants admit that Plaintiff Gavidia was questioned by immigration agents outside a tow yard in Los Angeles County on June 12, 2025. Defendants admit that agents had a physical interaction with Plaintiff Gavidia and deny the characterizations of that interaction as alleged. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Gavidia's mental state and on that basis deny those allegations. As to the remainder of the allegations, Defendants deny them.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

**B.    <u>Defendants</u>**

21.    Admit.

22.    Admit.

23.    Defendants admit that Rodney Scott is the Commissioner of CBP and that CBP is an agency within DHS that is responsible for enforcing immigration laws. Defendants deny the allegations that its enforcement responsibility is only at or close to the U.S. border. Defendants admit the Commissioner Scott has direct authority over all CBP policies, procedures, and practices related to stops, arrests, and detentions.

24.     Admit.

25.     Admit.

26.     Admit.

27.     Admit.

28.     Admit.

29.     Admit.

30.     Admit.

31.     Admit.

32.     Admit.

## FACTUAL ALLEGATIONS

33.     Paragraph 33 consists of Plaintiffs' characterization of this action and a legal conclusion, to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny this allegation. Defendants also deny the remaining allegations in paragraph 33.

**A.     Suspicionless Stops Based on Racial Profiling**

34.     Paragraph 34 consists of Plaintiffs' characterization of certain legal authorities, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 34 that are contrary to the cited authority's plain meaning and contents.

35.     Deny.

36.     Paragraph 36 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Sentence 1 of paragraph 36 cites a *LA Times* article. The Court respectfully is referred to the article for complete and accurate statements of its contents. Alternatively, to the extent a response is required, Defendants deny the allegations contained in this paragraph.

37.     Deny.

38.    To the extent that the allegations in this paragraph recite the contents of news articles, the news articles speak for themselves. Defendants admit that immigration enforcement operations took place in June 2025 in various locations in and around Los Angeles. Unless otherwise admitted, Defendants deny any remaining allegations in paragraph 38.

39.    Defendants admit that immigration enforcement operations took place in June 2025 in various locations in and around Los Angeles and that individuals were arrested as a result. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

40.    Paragraph 40 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Paragraph 40 cites a news article. The Court respectfully is referred to the article for complete and accurate statements of its contents. To the extent that a response is deemed required, Defendants admit that immigration enforcement operations took place in June 2025 in Ventura County and that those operations resulted in arrests. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

41.    These allegations call for legal conclusions to which no response is required. To the extent a response is required to these allegations and as to any remaining allegations that do not call for a legal conclusion, Defendants deny the allegations.

42.    Paragraph 42 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Paragraph 42 cites to numerous news articles. The Court respectfully is referred to the articles for complete and accurate statements of their contents. To the extent a response is deemed required, Defendants admit that Homeland Security Investigations ("HSI") conducts enforcement operations, including the execution of search warrants, and when authorized by law, the questioning and arrest of individuals encountered during such operations. Defendants admit enforcement operations have been conducted in different locations within Southern California. Except as

expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny those allegations.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and on that basis, deny these allegations.

44.     Defendants admit immigration enforcement operations took place in June 2025 in Santa Ana. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

45.     Paragraph 45 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Sentence 2 of paragraph 45 cites to a news article. The Court respectfully is referred to the article for complete and accurate statements of its contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

46.     Paragraph 46 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Paragraph 46 cites to a news article. The Court respectfully is referred to the article for complete and accurate statements of its contents. To the extent that a response is deemed required, Defendants admit to conducting an enforcement operation at the Santa Fe Springs swap meet on June 14, 2025. Defendants lack knowledge or sufficient information to form a belief as to the truth of the remainder of the allegations' characterizations made in this paragraph, and on that basis deny these allegations.

47.     This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required to these allegations and as to any remaining allegations that do not call for a legal conclusion, Defendants deny the remaining allegations.

48.     Paragraph 48 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Paragraph 48 cites to a news article. The Court respectfully is referred to the article for complete and accurate statements of its contents. To the extent that a response

is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

49.      Defendants admit that Andrea Velez was arrested on June 24, 2025, in downtown Los Angeles under 18 U.S.C. § 111 for obstruction of justice. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph and on that basis deny these allegations.

**B.      A Show of Force: Intimidation, Violence, and Anonymity**

50.      Paragraph 50 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny these allegations.

51.      Defendants deny the allegations contained in the first and second sentences in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph including allegations concerning the number of officers present, their appearance, the precise manner of any approach, and the specific events alleged to have occurred at a swap meet in Los Angeles on June 15, 2025, and on that basis deny these allegations.

52.      Deny.

53.      Deny.

54.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

55.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

56.      Paragraph 54 consists of Plaintiffs' characterization of a news article, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

57.    Paragraph 57 consists of Plaintiffs' characterization of a news article, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

58.    Paragraph 58 consists of Plaintiffs' characterization of news articles, which speaks for themselves and are the best evidence of their contents, and to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny these allegations.

59.    Defendants admit that agents arrested Narcisco Barranco. The remaining allegations in this paragraph are Plaintiffs' characterizations of the incident to which no response is required. To the extent a response is required, the article cited speaks for itself, and Defendants deny the remaining allegations.

60.    Paragraph 60 consists of Plaintiffs' characterization of a news article, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

61.    Paragraph 61 consists of Plaintiffs' characterization of a social media post, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

62.    Paragraph 62 consists of Plaintiffs' characterization of this action, legal conclusion, and a news article—which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in this paragraph.

**C.    Warrantless Arrests Without an Individualized Determination of Flight Risk**

63.    Paragraph 63 consists of Plaintiffs' characterization of certain legal authorities, which speaks for themselves and are the best evidence of their contents, and to which no response is required. To the extent

a response is required, Defendants deny any allegations in this paragraph that are contrary to the cited authority's plain meaning and contents.

64.    Paragraph 64 consists of Plaintiffs' characterization of certain legal authorities, which speaks for themselves and are the best evidence of their contents, and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph 64 that are contrary to the cited authority's plain meaning and contents.

65.    Deny.

66.    Paragraph 66 consists of Plaintiffs' characterization of a news article, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

67.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of this paragraph and on that basis deny those allegations. Defendants admit that Plaintiff Cruz Uitz was arrested without a warrant. To the extent any allegation is not expressly admitted, Defendants deny the allegations.

68.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

69.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

**D.    Arrests Without Identification of Authority or Reason**

70.    Paragraph 70 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph 70 that are contrary to the cited authority's plain meaning and contents.

71.    Deny.

**E.    Conditions at B-18 and the Denial of Access to Counsel**

72.     Paragraph 72 consists of Plaintiffs' characterization of a news article, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants deny that the ethos of what James Pendergraph once said is animating Defendants' Los Angeles operations today. Mr. Pendergraph's statements were made in 2008.

73.     Paragraph 73 consists of legal conclusions and Plaintiffs' characterization of certain legal authorities, which speaks for themselves and are the best evidence of its contents, and to which no response is required. To the extent a response is deemed required, Defendants deny the paragraph in its entirety.

74.     Defendants deny engaging in a policy and pattern of unlawful stops and arrests. Defendants admit that they have taken individuals to the federal building at 300 North Los Angeles Street in Los Angeles, commonly referred to as "B-18." Defendants admit that B-18 is a facility for immigrant detainees designed to hold a limited number of individuals temporarily so they can be processed and released, or processed and transported to a long-term detention facility. Defendants admit that B-18 does not have beds, showers, or medical facilities. Except as expressly admitted herein, Defendants deny the allegations in this paragraph.

75.     Paragraph 75 cites to *Castellano v. Napolitano*, No. 2:09-CV-02281 (C.D. Cal. Sept. 16, 2009), which speaks for itself, and to which no response is required. To the extent that a response is required, Defendants admit to the Court's findings cited in paragraph 75.

76.     Paragraph 76 refers to a settlement agreement reached in *Castellano v. Napolitano*, No. 2:09-CV-02281 (C.D. Cal. Sept. 16, 2009), which speaks for itself, and to which no response is required. To the extent that a response is required, Defendants admit to the settlement agreement's expiration and deny all of the other allegations in paragraph 76.

77.     Paragraph 77 consists of Plaintiffs' characterization of their claims, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 77

and on that basis deny these allegations. Defendants deny the remainder of the allegations made in paragraph 77.

78.     Defendants admit that B-18 is meant to be a processing center, not a detention facility. Defendants deny that individuals are being held at B-18 for longer than twelve (12) hours, often for days on end. Defendants lack knowledge or sufficient information to form a belief as to Plaintiff's characterization of how B-18 has been historically used, and Defendants deny Plaintiffs' allegation on how B-18 is currently being used. If an allegation has not been expressly admitted, it is denied.

79.     Deny.

80.     Deny.

81.     The allegations that Defendants' conduct was "unconstitutional" is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny these allegations. Defendants deny the remaining allegations in this paragraph.

82.     Defendants admit that on June 6, 2025, large protests took place in downtown Los Angeles, the Federal Building located at 300 N. Los Angeles St, and at B-18's entrance, and for the safety of all persons in the immediate area and inside both B-18 and the Federal Building, both areas were closed to the public until the protest could be controlled. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations on whether legal representatives from CHIRLA and ImmDef were present at B-18 on June 6, 2025. Defendants deny all other allegations not expressly admitted.

83.     Defendants admit that individuals who were previously held at B-18 on June 6, 2025, were transferred to Santa Ana, CA temporarily while large protests continued at the Los Angeles Federal Building and at B-18's entrance on June 7, 2025. Defendants admit DHS law enforcement personnel remained present to protect the building from the large protest gathered. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 83 and on that basis deny these allegations.

84.     Defendants admit that individuals held at B-18 were transferred temporarily to Santa Ana holding facility on June 7, 2025, due to the large crowd of protesters gathered near the entrance of B-18 and

surrounding the Los Angeles Federal Building. Defendants deny the remainder of the allegations contained in paragraph 84.

85.     Defendants admit that individuals who were previously held at B-18 on June 6, 2025, were transferred to another holding facility on June 7, 2025, due to the large crowd of protesters at the Los Angeles Federal Building and B-18 entrance and therefore B-18 was closed to the public. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations whether an ImmDef had arrived at B-18 on June 7, 2025, and on that basis deny these allegations.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and on that basis deny these allegations.

87.     Deny.

88.     Deny.

89.     Deny.

90.     Defendants admit that on June 16, 2025, ImmDef attorneys, as well as Congressman Jimmy Gomez, arrived at B-18, but lack knowledge or information sufficient to form a belief as to the truth of the allegations on what time they had arrived and on that basis deny these allegations. Defendants admit that during the months of June and July 2025, due to the multiple protests at the Los Angeles Federal Building, that B-18 was closed to the public on several occasions during this period, and individuals held at B-18 were sometimes moved from B-18 to Santa Ana holding facility temporarily due to such protest. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 90 and on that basis deny these allegations.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 and on that basis deny these allegations.

92.     Deny.

93.     Defendants deny that B-18 is used as a makeshift, long-term detention center for hundreds of individuals and that it has and continues to cause significant, ongoing harm. Defendants deny that they have intentionally restricted detainees' access to those who may be able to intervene on their behalf at a

critical time when they are likely to face imminent government action in their case. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 93 and on that basis deny these allegations.

94.    The allegations in the first sentence of paragraph 94 contain legal conclusions to which no response is required. Defendants deny the remaining allegations in this paragraph.

95.    The allegation that Defendants have committed "legal violations" is a legal conclusion to which no response is required. Defendants deny the remaining allegations in this paragraph.

**F.    Defendants' Pattern of Illegal Conduct is Officially-Sanctioned**

96.    Deny.

97.    To the extent that the allegations in this paragraph cite the contents of news articles, the news articles speak for themselves, and no response is required. To the extent a response is required, Defendants deny all allegations.

98.    Defendants deny that there is a quota for immigration arrests. Defendants admit that the administration has granted immigration enforcement powers to agencies outside of DHS. Defendants deny any other allegations in this paragraph.

99.    The allegations in this paragraph reference news articles and Defendants' official guidance or policies. The articles, guidance and policies speak for themselves, and no response is required. To the extent that a response is required, Defendants deny the allegations.

100.    This paragraph cites news articles which speak for themselves, and no response is required. Defendants admit that ICE investigates and conducts targeted enforcement operations on individuals present in the United States in violation of U.S. immigration laws. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and Plaintiffs' characterizations of ICE's enforcement processes made in paragraph 100. On that basis, Defendants deny these allegations.

101.    To the extent that the allegations in this paragraph cite the contents of news articles, the news articles speak for themselves, and no response is required. To the extent a response is required,

Defendants deny that the administration has set an arrest quota of 3,000 arrests per day. Defendants deny all remaining allegations.

102.    Deny.

**G.    Defendant Agencies Have a History of Unconstitutional and Unlawful Conduct**

103.    This paragraph cites news articles which speak for themselves, and no response is required. Defendants admit that the Los Angeles area immigration enforcement operations have involved ICE Enforcement and Removal Operations ("ERO"), ICE HSI, and U.S. Border Patrol—as well as the Department of Justice ("DOJ") law enforcement agencies, including the FBI, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and the Drug Enforcement Administration ("DEA"). Defendants deny that a number of these agencies have a history of engaging in unconstitutional and unlawful stops and arrests. Defendants deny any other allegations that are not expressly admitted.

104.    The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations.

105.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and as to the legal opinions cited in this paragraph, those opinions speak for themselves. Defendants also deny all remaining allegations in the paragraph.

106.    Defendants admit that ICE conducts enforcement operations within the United States to investigate, to encounter, to arrest, to detain, and to enforce U.S. immigration laws against violators present therein. Defendants admit that ICE assists in facilitating the removal process of those who have been found guilty by an immigration judge as violators of U.S. immigration laws. Defendants deny that ICE as an agency has been found to violate the Fourth Amendment, statutory, and regulatory rights of individuals it encounters in the field. Defendants deny any other allegation not expressly admitted.

107.    This paragraph cites case law which speaks for itself and contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

108.    This paragraph cites news articles and case law which speak for themselves and calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

109.    This paragraph contains a legal conclusion, legal authorities and public reports to which no response is required. The case law and public reports speak for themselves. To the extent a response is deemed required, Defendants deny any allegations.

110.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the paragraph.

**H.    Experiences of Individual Plaintiffs**

**Petitioner-Plaintiff Pedro Vasquez Perdomo**

111.     Defendants admit that Plaintiff Pedro Vasquez Perdomo was present at a bus stop in Pasadena, California near a Winchell's Donuts. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny these allegations

112.    Deny.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and on that basis deny these allegations.

114.    This is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegation.

115.     Defendants admit that Plaintiff Perdomo was questioned by law enforcement for his identification.

116.    Defendants admit that the arrest of Plaintiff. Perdomo was not made with an administrative warrant.

117.    Deny.

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth to the allegations about Plaintiff Perdomo's residence and on that basis deny those allegations. Defendants deny the remaining allegations made in paragraph 118.

119. Deny.

120. Defendants admit that they transported Plaintiff Perdomo to B-18 holding facility located at 300 North Los Angeles St. Defendants deny the remaining allegations made in paragraph 120.

121. Admit.

122. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny those allegations.

123. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny those allegations.

**Petitioner-Plaintiff Carlos Alexander Osorto**

124. Defendants admit that Plaintiff Carlos Alexander Osorto was at a bus stop in Pasadena, CA on June 18, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 124 and on that basis deny those allegations.

125. Defendants deny that agents used a weapon against Plaintiff Osorto. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny those allegations.

126. Defendants admit that on June 18, 2025, Plaintiff Osorto was arrested, detained, and transported to B-18.

127. This is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegation.

128. Deny.

129. Defendants admit that the arrest of Plaintiff Osorto was not made with an administrative warrant.

130. Deny.

131. Defendants lack knowledge or information sufficient to form a belief as to the truth as to the allegations that Plaintiff Osorto had lived in Pasadena for more than a decade and has seven (7) U.S. citizen grandchildren and on that basis deny those allegations. Defendants deny the remaining allegations made in paragraph 131.

132. Deny.

133. Defendants admit that Plaintiff Osorto was detained and transferred to B-18 holding facility located at 300 North Los Angeles St. Defendants admit that Plaintiff Osorto was transferred to Adelanto Processing Center and released on August 5, 2025. Defendants deny the remaining allegations in this paragraph.

134. Admit.

135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny those allegations.

136. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny those allegations.

**Petitioner-Plaintiff Isaac Antonio Villegas Molina**

137. Defendants admit that Plaintiff Isaac Antonio Villegas Molina was at a bus stop in Pasadena, CA on June 18, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

138. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations  in this paragraph and on that basis deny those allegations.

139. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny those allegations.

140. This is a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegation.

141. Defendants admit that the arrest of Plaintiff Villegas Molina was not made with an administrative warrant.

142. Defendants deny the allegations made in paragraph 142.

143. Defendants deny the allegations made in paragraph 143. Defendants lack knowledge or information sufficient to form a belief as to the truth to the remaining the allegations in this paragraph and on that basis deny those allegations.

144. Deny.

145. Defendants admit Plaintiff Villegas Molina was detained, transported, and then held at the Los Angeles Federal Building in B-18. Defendants lack knowledge or sufficient information to form a belief as to the truth that Plaintiff Molina had slept on the floor. Defendants admit that Plaintiff Molina has not since been released from Adelanto Processing Center on July 8, 2025.

146. Admit.

147. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny those allegations.

**Plaintiff Jorge Hernandez Viramontes**

148. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

149. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and on that basis deny these allegations. Defendants admit they did not show a warrant to Plaintiff Viramontes on June 18, 2025. Defendants deny the remaining allegations contained in this paragraph.

150. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

151. Defendants admit that Plaintiff Viramontes said he was a dual citizen. Defendants deny the remaining allegations contained in this paragraph.

152. Defendants admit that Plaintiff Viramontes was put in a vehicle and transported to another location. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny these allegations.

153. Defendants admit that they brought Plaintiff Viramontes back to the car wash. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny these allegations.

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny these allegations.

155.    Defendants admit that agents went to this carwash again after their interaction with Plaintiff Viramontes. Defendants deny the remaining allegations in this paragraph.

156.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

**Plaintiff Jason Brian Gavidia**

157.    Defendants admit to being at a tow yard in Los Angeles County on June 12, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Gavidia's citizenship and on that basis deny these allegations. Defendants deny remaining allegations in this paragraph.

158.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

159.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

160.    Defendants admit the agent was masked. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny these allegations.

161.    Defendants admit that Plaintiff Gavidia told agents that he was an American multiple times. Defendants admit that an agent asked Plaintiff Gavidia what hospital he was born in. Defendants admit that Plaintiff said he did not know. Defendants admit they took his phone from his hand. Defendants deny the remaining allegations in the paragraph.

162.    Defendants admit Plaintiff Gavidia told them he was an American and that the agents were hurting him.  Defendants admit that the agent asked Plaintiff Gavidia what hospital he was born in.  Defendants admit that Plaintiff Gavidia told agents he did not know what hospital he was born in, but that he was born in East L.A. Defendants admit Plaintiff Gavidia offered to show agents his identification.

Defendants admit they did not ask to see Plaintiff Gavidia's identification. Defendants deny the remaining allegations in this paragraph.

163.    Defendants admit Plaintiff Gavidia showed his identification to the agents and that one of them took possession of it. Defendants deny it took Plaintiff Gavidia 20 minutes to get his phone back. Defendants admit they have not returned Plaintiff Gavidia's identification that day.

164.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

**I.        Harms to Organizational Plaintiffs and/or Their Members**

165.    The first two sentences of this paragraph call for legal conclusions to which Defendants need not respond. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the harm caused to individuals and communities, and the effects. To the extent that the allegations in paragraph 165 rely on the contents of a news article, no response is required. Unless otherwise admitted, Defendants deny any remaining allegations in this paragraph.

166.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

**Plaintiff Los Angeles Worker Center Network (LAWCN)**

167.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

168.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

169.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

170.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

171.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

172.    Defendants admit that they have conducted immigration enforcement at carwashes. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny those allegations.

173.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and on that basis deny those allegations. The second sentence of this paragraph calls for a legal conclusion to which no response is required. To the extent to which a response is required Defendants deny the allegations.

174.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

**Plaintiff United Farm Workers (UFW)**

175.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

176.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

177.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

178.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

179.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

180.    Defendants admit that UFW has a lawsuit against DHS and Border Patrol, filed on February 26, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

181.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.   The allegation that

Defendants' practices are "unlawful" is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegation.

**Plaintiff the Coalition for Humane Immigrant Rights (CHIRLA)**

182.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

183.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

184.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

185.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

186.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

187.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

188.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

189.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

190.    Defendants admit that CHIRLA's attorneys and representatives have been permitted access to and have been able to communicate with individuals at B-18. Defendants admit that at times between June 2025 and July 2025 due to large protests taking place at the Los Angeles Federal Building and at B-18's entrance, that the B-18 was closed to visitation. Defendants deny the remaining allegations made in paragraph 190.

**Plaintiff Immigrant Defenders Law Center (ImmDef)**

191.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

192.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

193.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

194.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

**J.    Defendants' Illegal Conduct Will Continue if Not Enjoined**

195.    The allegation that Defendants' stops, arrests, and detentions are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. The allegation that Defendants' policies and practices are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

196.    The allegation that Defendants' immigration enforcement operations are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

197.    To the extent the allegations in this paragraph restate the contents of news articles, the news articles speak for themselves. As to any remaining allegations, Defendants deny these allegations.

198.    The allegations in this paragraph are legal conclusions to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegations.

**CLASS ACTION ALLEGATIONS**

199.    Paragraph 199 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class

certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

### The Suspicionless Stop Class

200.     Paragraph 200 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

201.     Paragraph 201 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

### The Warrantless Arrest Class

202.     Paragraph 202 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

203.     Paragraph 203 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

204.     Paragraph 204 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required,

Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

### The Failure to Identify Class

205.    Paragraph 205 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

206.    Paragraph 206 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

207.    Paragraph 207 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

### Allegations Common to All Classes

208.    Paragraph 208 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

209.    Paragraph 209 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

210.    Paragraph 210 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

211.    Paragraph 211 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

212.    Paragraph 212 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

213.    Paragraph 213 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

214.    Paragraph 214 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* Dkt. No. 159. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

## CAUSES OF ACTION

## COUNT ONE

**Violation of Fourth Amendment:**

**Unreasonable Seizures**

**On Behalf of the Stop/Arrest Plaintiffs and the Suspicionless Stop Class**

**Against All Defendants**

215.    Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs 1-214 as if fully set forth herein.

216.    Paragraph 216 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 216 that are contrary to the cited authority's plain meaning and contents.

217.    Paragraph 216 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 216 that are contrary to the cited authority's plain meaning and contents.

218.    This is a legal conclusion to which no response is required.  Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

219.    This is a legal conclusion to which no response is required.  Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

220.    This is a legal conclusion to which no response is required.  Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

**COUNT TWO**

**Violation of 8 U.S.C. § 1357(a)(2)**

**Warrantless Arrests Without Probable Cause of Flight Risk**

**On Behalf of Plaintiffs LAWCN, UFW, CHIRLA,**

**and the Warrantless Arrest Class**

**Against All Defendants**

221.    Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs as if fully set forth herein.

222.    Paragraph 222 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 222 that are contrary to the cited authority's plain meaning and contents.

223.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

224.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

225.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

**COUNT THREE**

**Violation of 8 C.F.R. § 287.8(c)(2)(ii)**

**Standards for Stops and Warrantless Arrests**

**On Behalf of Plaintiffs LAWCN, UFW, CHIRLA, and the Warrantless Arrest Class**

**Against All Defendants**

226.    Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs as if fully set forth herein.

227.    Paragraph 227 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 227 that are contrary to the cited authority's plain meaning and contents.

228.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

229.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

## COUNT FOUR

*Violation of 8 C.F.R. § 287.8(c)(2)(iii) Failure to Identify Authority and Reason for Arrest On Behalf of Plaintiffs LAWCN, UFW, CHIRLA*

*Against All Defendants*

230.    Insofar as Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here, Defendants incorporate the responses in the paragraphs above as though fully set forth here.

231.    Paragraph 231 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 231 that are contrary to the cited authority's plain meaning and contents.

232.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

233.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

### COUNT FIVE

***Violation of the Fifth Amendment:***

***Access to Counsel***

***On Behalf of the Access/Conditions Plaintiffs***

***Against Defendants Noem, Lyons, and Santacruz Jr.***

234.    Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs as if fully set forth herein.

235.    Paragraph 235 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 235 that are contrary to the cited authority's plain meaning and contents. Moreover, Defendants deny that they have a policy, pattern, and practice of turning away attorneys at the door of B-18. Defendants also deny that they have a policy, pattern, and practice of depriving detainees of access to confidential legal consultations by phone. Additionally, Defendants deny that detainees are forced to interact with federal immigration officials without the benefit of legal advice even though it is readily available. Any other allegation that has not been expressly admitted is denied.

236.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

### COUNT SIX

***Violation of 8 U.S.C. § 1362***

***Access to Counsel***

***On Behalf of the Access/Conditions Plaintiffs***

***Against Defendants Noem, Lyons, and Santacruz Jr.***

237.    Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs as if fully set forth herein.

238.    Paragraph 238 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 238  that are contrary to the cited authority's plain meaning and contents.

239.    Paragraph 239 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 239 that are contrary to the cited authority's plain meaning and contents.

240.    This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

241.    This is a legal conclusion to which no response is required.  Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

## COUNT SEVEN

### *Violation of the Fifth Amendment:*

### *Conditions of Confinement*

### *On Behalf of the Access/Conditions Plaintiffs*

### *Against Defendants Noem, Lyons, and Santacruz Jr.*

242.    Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs as if fully set forth herein.

243.    Paragraph 243 consists of Intervenors' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a

response is required, Defendants deny any assumed allegations in paragraph 243 that are contrary to the cited authority's plain meaning and contents.

244.    Deny.

## COUNT EIGHT

### *Violation of Fifth Amendment:*

### *Due Process*

### *On Behalf of Petitioner-Plaintiffs Perdomo, Osorto, and Molina*

### *Against Defendants Noem, Lyons, and Santacruz Jr.*

245.    Dismissed February 19, 2026. (Dkt. No. 419)

246.    Dismissed February 19, 2026. (Dkt. No. 419)

247.    Dismissed February 19, 2026. (Dkt. No. 419)

## PRAYER FOR RELIEF

1.    This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

2.    This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

3.    This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

4.    This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

5.      This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

6.      This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

7.      This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

8.      This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

9.      This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

10.      This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

11.      This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

12.      This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

13.    This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

14.    This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

15.    This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

16.    This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

### AFFIRMATIVE DEFENSES

Any allegations to which a response is deemed necessary, and which have not been admitted, denied, or otherwise responded to herein, are hereby denied. All actions taken by Defendants were grounded in good faith and are not in violation of any federal law or the United States Constitution. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this FAC become known to Defendants through the course of this litigation. Without waiver of their Answer and without conceding any issues regarding burden of proof, Defendants assert the following affirmative defenses:

1.    Plaintiffs are not entitled to relief, attorneys' fees, costs of suit, or damages whatsoever.

2.    Plaintiffs lack standing to seek the relief requested in the FAC.

3.    Plaintiffs are barred from bringing any claims over which the Court lacks subject matter jurisdiction.

4.    The FAC fails to state a claim upon which relief may be granted against Defendants.

5.    The challenged agency decision was not arbitrary, capricious, in excess of statutory jurisdiction, authority, or limitations, or without observance of procedure required by law.

6.    Under the Administrative Procedure Act, 5 U.S.C. § 501 et seq. ("APA"), judicial review of a final agency decision is limited to the administrative record of the proceedings below.

7.    The actions alleged to have been taken by Defendants are not "final agency actions" within the meaning of the APA, and, thus, this Court lacks subject matter jurisdiction to review the alleged actions.

8.    The Government of the United States has broad undoubted power over the subject of immigration and the status of alien." *See* ECF No. 236 citing *Arizona*, 567 U.S. at 394.

9.    Plaintiffs' claims are moot.

11.    Plaintiffs' claims are barred to the extent they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.

12.    Plaintiffs are not entitled to declaratory relief, injunctive relief, attorneys' fees, costs of suit, or any damages whatsoever.

13.    Plaintiffs cannot demonstrate the existence of a reasonable likelihood of success on the merits.

14.    Plaintiffs cannot demonstrate the existence of irreparable harm in the absence of injunctive relief.

15.    Plaintiffs have not demonstrated that the balance of equities or the public interest favor permanent injunctive relief.

**DEFENDANTS' REQUEST FOR RELIEF**

WHEREFORE, Defendants, having fully answered Plaintiffs' FAC, respectfully pray for judgment denying each and every prayer for relief, dismissing the action, granting Defendants' their costs, and granting such other and further relief as this Court deems just and proper.

Dated: March 12, 2026                              Respectfully Submitted,

                                                   BRETT A. SHUMATE
                                                   Assistant Attorney General
                                                   Civil Division

                                                   DREW C. ENSIGN
                                                   Deputy Assistant Attorney General
                                                   TIBERIUS DAVIS

DEFENDANTS' ANSWER TO PLAINTIFFS FIRST AMENDED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [ECF DKT. NO. 16]
CASE NO. 2:25-CV-05605-MEMF-SP

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

JONATHAN A. ROBBINS
Assistant Director


*/s/ Nancy N. Safavi*
NANCY N. SAFAVI
Senior Trial Attorney
(SBN 24042342)
Tel: (202) 514-9875
Email: Nancy.Safavi@usdoj.gov

ANIELLO DESIMONE
JACOB A. BASHYROV
JASON K. ZUBATA
TOLA M. MYCZKOWSKA
Trial Attorneys


Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044


*Counsel for Defendants*