MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

March 19, 2026

Writer's Direct Contact
(213) 683-9599
(213) 683-9599 FAX
Sara.Worth@mto.com

**VIA E-MAIL**

The Honorable Sheri Pym
U.S. Magistrate Judge
United States District Court for the Central
District of California
George E. Brown, Jr. Federal Building and
United States Courthouse
3470 Twelfth Street
Riverside, CA 92501-3801

> Re:   Request for Status Conference in *Vazquez Perdomo v. Noem*, Case No. 2:25-cv-05605-MEMF-SPx

Dear Judge Pym:

On behalf of the Stop/Arrest Plaintiffs in the above-referenced action, I write to request a status conference with Your Honor on Friday, March 20, to address an urgent matter regarding potential non-compliance with an operative order.

On Monday, March 16, it was reported that Gregory Bovino would leave the employment of the Department of Homeland Security as soon as the end of March—in less than two weeks.  Mr. Bovino was the Chief Patrol Agent for the El Centro Sector of the U.S. Border Patrol, erstwhile leader of "Operation At Large," and a Defendant in this action.  His documents and communications will be crucial evidence of the policies and practices at issue in this case.

Mr. Bovino was also one of the Border Patrol agents present at one of the 15 operations at issue in expedited discovery—specifically, the "Trojan Horse" raid on a Home Depot in the Westlake neighborhood of Los Angeles.  Defendants are therefore under a court order to forensically image his government-issued and personal cell phones.  *See* ECF 370 at 9.

On Wednesday, March 18, we sent Defendants' counsel of record, Jonathan Robbins, a letter (1) reminding him of Defendants' duty to preserve Mr. Bovino's ESI before his departure; (2) reminding him that this Court's order requires forensic imaging of Mr. Bovino's mobile devices; and (3) requesting Mr. Robbins's confirmation that he is "taking immediate steps to ensure the preservation of Mr. Bovino's documents, including ESI stored on his government-issued and personal devices, and that [he] ha[s] forensically imaged or will image [Mr. Bovino's] work and personal devices on or before Wednesday, March 25."  *See* Exhibit 1.

Rather than so confirming, Mr. Robbins responded that he "forwarded" my letter to an unidentified recipient, and that "the agency"—presumably CBP—"is aware of its preservation and discovery obligations under the Federal Rules and the Court's discovery

MUNGER, TOLLES & OLSON LLP

Hon. Sherri Pym
March 19, 2026
Page 2

orders." *See* Exhibit 2. I had a brief follow-up discussion with Mr. Robbins this morning, who again stated that he had forwarded my communication and would ask the agency for answers.

This response is insufficient. In fact, CBP has proven itself to be unaware of (or indifferent to) its preservation obligations under the Federal Rules, and unaware of (or indifferent to) this Court's discovery orders. CBP's agents have testified that they did not preserve documents and could not say if or when they were asked to do so. ECF 329 at 4. And this Court is well aware of CBP's perennial violations of the plain language of discovery orders. *See, e.g.,* ECF 370, ECF 443. Given that history, Defendants' counsel must take action to ensure that their client *in fact* fulfills its obligations to preserve Mr. Bovino's documents and comply with this Court's order requiring forensic imaging of Mr. Bovino's devices.

Defendants' response is especially troubling because the deadlines for Defendants to forensically image Mr. Bovino's government-issued and personal cell phones had *already passed*. *See* ECF 414 (order granting stipulation to extend deadline for imaging of cell phones to March 16), ECF 465 (minute order memorializing March 17 oral order terminating partial stay of order as to imaging of personal cell phones).[1] Yet, Plaintiffs have not received a single production of ESI from Mr. Bovino's accounts or devices; Plaintiffs have received no assurance that imaging of Mr. Bovino's devices has been completed or even scheduled; and Plaintiffs received no substantive response when they attempted to verify that Defendants were complying with the Federal Rules and would comply with this Court's order before it is too late.

Because this matter is urgent, Plaintiffs respectfully request a status conference tomorrow, Friday, March 19, to discuss this issue with Your Honor. At the conference, Plaintiffs will request that the Court direct Defendants to expressly confirm to Your Honor—since they would not so confirm to Plaintiffs—that they are (1) taking immediate steps to ensure the preservation of Mr. Bovino's documents, including ESI stored on his government-issued and personal devices, and (2) have forensically imaged or will image Mr. Bovino's government-issued and personal mobile devices on or before Wednesday, March 25.

Very truly yours,

Sara Worth

---

[1] This morning, Your Honor granted two stipulations extending the deadlines into early and mid-April for Defendants to collect ESI and image government-issued devices, respectively. ECF 468, 469. Plaintiffs entered into those stipulations before news broke of Mr. Bovino's imminent departure before the end of March. Plaintiffs will ask the Court to make clear that those extensions do *not* apply to the collection of ESI and imaging of devices of Mr. Bovino.