# EXHIBIT 1

MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

March 18, 2026

Writer's Direct Contact
(213) 683-9599
(213) 683-9599 FAX
Sara.Worth@mto.com

**VIA E-MAIL**

Jonathan Robbins
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878, Benjamin Franklin Station
Washington, D.C. 20044
Phone: 202-305-8275

Re:    Preservation of Defendant Gregory Bovino's Electronically Stored Information and Imaging of Mr. Bovino's Government-Issued and Personal Cell Phones

Dear Jonathan:

We write to seek confirmation that your office is taking immediate steps to ensure that Defendant Gregory Bovino's records and electronically stored information (ESI) are preserved for potential use by Plaintiffs in this litigation, and to comply with ECF 370.

On Monday, March 16, it was reported that Mr. Bovino will very soon retire from U.S. Border Patrol, likely before the end of March. That evening, I sent you an email stating:

> **We trust that, in light of today's news, the agency is taking immediate steps to preserve, <u>in a forensically sound manner</u>, all of Gregory Bovino's devices, including any <u>potentially responsive ESI</u> and/or federal records stored on his <u>personal devices</u>.**

We have not received a response.

*First*, you have a duty under the Federal Rules to preserve relevant information and ESI that is potentially relevant to this lawsuit—including the proposed Second Amended Complaint. You also have a duty to comply with ECF 370, including the imaging of Mr. Bovino's devices.

Mr. Bovino is a departing employee, and it is your duty to preserve his ESI "before it [leaves] [Defendants'] custody and control." *Deerpoint Grp., Inc. v. Agrigenix, LLC*, No. 118CV00536AWIBAM, 2022 WL 16551632, at *17 (E.D. Cal. Oct. 31, 2022); *see also id.* ("The Court agrees with Plaintiff's argument that by allowing the computers to leave Defendants' control, and not preserving the data or ensuring that it existed in the cloud, and by giving the computers to departing employees over whom they no longer had authority, Defendants affirmatively failed to preserve."). That requires the suspension of any document retention policies, *see Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 991 (N.D. Cal.

MUNGER, TOLLES & OLSON LLP

Jonathan Robbins
March 18, 2026
Page 2

2012), such as any policy that might otherwise call for the destruction of a departing employee's ESI or the resetting of his devices.

That duty to preserve also applies to any ESI relevant to this lawsuit that may be found on Mr. Bovino's *personal devices*. Courts do not distinguish between information stored on employer-owned and employee-owned devices for purposes of determining whether the information is ESI subject to Federal Rule 37. *See Colonies Partners, L.P. v. Cnty. of San Bernardino*, 2020 WL 1496444, at *4 (C.D. Cal. Feb. 27, 2020) ("The emails stored in the mike@joinmikeramos.com e-mail account and text messages stored on Ramos's personal phone constitute ESI for purposes of a Rule 37 analysis."), *report and recommendation adopted*, 2020 WL 1491339 (C.D. Cal. Mar. 27, 2020); *id*. at *8 ("[A]lthough the County did not necessarily have direct access to the personal emails and text messages, Ramos was an employee of the County engaging in County business and business that implicated Plaintiffs on his devices and campaign email."); e.*g*., *Hunters Cap., LLC v. City of Seattle*, 2023 WL 184208, at *7 (W.D. Wash. Jan. 13, 2023) (holding, as to text messages that included texts on City-owned and personal phones, were deleted in violation of Rule 37's preservation obligation for ESI).

Plaintiffs will be severely prejudiced if you do not fulfill your duty to preserve Mr. Bovino's documents or communications. Mr. Bovino was the head of the El Centro Sector for the relevant time period, the initial Incident Commander for Operation At Large in the Los Angeles area, and later its nationwide Incident Commander. Mr. Bovino's documents and communications are core evidence in this case. If lost, his communications—including information that may be found only on his personal devices—cannot be restored or replaced through other discovery. *See Hunters Cap.*, 2023 WL 184208, at *7 (holding that text messages between high-level policy makers were "lost and cannot be restored or replaced through additional discovery").

*Second*, under ECF 370, Defendants are obligated to forensically image Mr. Bovino's cell phones, including his personal cell phone, and collect any other reports, notes, or communications Mr. Bovino possesses relating to the 15 operations at issue in ECF 370. At a minimum, Mr. Bovino was an "agent present" at the Westlake Home Depot operation on August 6, 2025. *See, e.g.*, GOV-P16-009, GOV-P19-021. You must comply with ECF 370 before Mr. Bovino's imminent departure.

Please confirm by tomorrow at noon Pacific that you are taking immediate steps to ensure the preservation of Mr. Bovino's documents, including ESI stored on his government-issued and personal devices, and that you have forensically imaged or will image his work and personal devices on or before Wednesday, March 25. If you do not so confirm by tomorrow at noon, we will ask Judge Pym to set an emergency status conference about this issue.

MUNGER, TOLLES & OLSON LLP

Jonathan Robbins
March 18, 2026
Page 3

Very truly yours,

Sara Worth