# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

Pedro VASQUEZ PERDOMO, *et al.*,

    Plaintiffs,

    v.

Kristi NOEM, in her official capacity as Secretary, Department of Homeland Security, *et al.*,

    Defendants.

Case No.: 2:25-cv-05605-MEMF-SP

*DISCOVERY MATTER*

**DECLARATION OF MATTHEW J. CRAIG**

Hon. Maame Ewusi-Mensah Frimpong

Referred to Hon. Sheri Pym
United States Magistrate Judge

I, Matthew J. Craig, declare as follows:

1.    I am a member of the bar of the State of California and am admitted to appear before this Court. I am a partner in the law firm Hecker Fink LLP and counsel for Plaintiffs Coalition for Humane Immigrant Rights and Immigrant Defenders Law Center (together, the "Access/Detention Plaintiffs") in above-captioned action. I submit this declaration in support of the Access/Detention Plaintiffs' *ex parte* application for a preservation order.

2.    On September 12, 2025, Plaintiffs sent Defendants a letter reminding Defendants about their preservation obligations in this action. The letter specifically stated that "Defendants' preservation obligations in this matter extend to," among other things, "all photographs and videos of [B-18]." A true and correct copy of that letter is attached hereto as Exhibit A.

3.    That same day, counsel for Defendants responded to Plaintiffs' letter by email in which they stated that "Defendants' counsel timely sent a litigation hold to Defendants in connection with this litigation and Defendants are complying with their preservation obligations under the Federal Rules of Civil Procedure." A true and correct copy of that email is attached hereto as Exhibit B.

4.    On February 4, 2026, Plaintiffs sent Defendants a draft ("Plaintiffs' February 4 Draft") of a Joint Stipulation Regarding Discovery of Electronically Stored Information (the "ESI Protocol"). Plaintiffs' February 4 Draft included "[a] non-inclusive list of ESI that the parties believe should be preserved." This list referenced, among other things, "[a]ll video recordings (with audio, if applicable), and metadata, depicting the inside and surrounding areas of B-18, including the perimeter of and parking, loading ramp, and pedestrian entrances to the Federal Building at 300 N. Los Angeles St., Los Angeles, CA 90012, holding cells adjacent to B-18, hallways leading to B-18, and any and all other areas surrounding B-18 through which detainees have been processed or held."

5.    On February 23, 2026, Plaintiffs received from Defendants a revised draft ("Defendants' February 23 Draft") of the ESI Protocol. In Defendants' February 23 Draft, Defendants proposed deleting the aforementioned language relating to B-18 video footage. In the margins, Defendants left an accompanying comment that stated: "Defendants cannot agree to this language as it exceeds the scope of Plaintiffs' operative complaint. Further, the production of all video recordings of security cameras is disproportionate to the needs of the case." Below is a true and correct screen capture depicting Defendants' edit and accompanying comment:

2

DECLARATION OF MATTHEW J. CRAIG

6. On March 12, 2026, Plaintiffs sent Defendants a further revised draft ("Plaintiffs' March 12 Draft") of the ESI Protocol. In Plaintiffs' March 12 Draft, Plaintiffs left a comment in the margins responding to Defendants' proposed deletion of the B-18 video footage provision in Defendants' February 23 Draft. In the comment, Plaintiffs stated: "This needs to be restored. Plaintiffs do not agree that this language exceeds the scope of the operative complaint. Nor does this language purport to require 'the **production** of all video recordings of security cameras'; it merely describes one category of materials that 'the parties currently anticipate . . . may contain potentially relevant ESI' and for which Defendants 'will evaluate reasonable preservation steps.' This section also expressly states that it is 'without prejudice to later objections to discoverability' and therefore production" (emphasis and ellipses in original).

7. On March 25, 2026, I sent a letter to Defendants expressing "serious concerns about Defendants' preservation of evidence that is relevant to this action." A true and correct copy of that letter is attached hereto as Exhibit C.

8. Following transmission of my letter, counsel for the Access/Detention Plaintiffs sought additional information about Defendants' preservation of evidence via email. A true and correct copy of emails exchanged among counsel between March 25, 2026 and April 9, 2026 is attached hereto as Exhibit D.

9. On April 10, 2026, at approximately 3:15 pm PT, I participated in a meet-and-confer using Microsoft Teams with Defendants' counsel Nancy Safavi, Jason Zubata, Jacob Bashyrov, and Aniello DeSimone. Other counsel for Plaintiffs and counsel for Intervenor County of Los Angeles also joined.

10. During that meet-and-confer, I asked whether Defendants had turned off the automatic deletion function of the video camera system at B-18, and whether Defendants

3

DECLARATION OF MATTHEW J. CRAIG

had backed up any existing video footage. Ms. Safavi referred me to an April 9, 2026 email from counsel for Defendants, which stated that "the automatic deletion component cannot be suspended, turned off, or changed." Ex. D at 1.

11.    Because Defendants have not taken measures to prevent further destruction of video footage from cameras inside and around B-18—and given the irreparable harm to the Access/Detention Plaintiffs—I advised counsel for Defendants that the Access/Detention Plaintiffs intended to file an *ex parte* application seeking emergency relief from the Court. I explained that the Access/Detention Plaintiffs would request that the Court order Defendants to (1) immediately preserve video footage inside and around B-18 and transfer any existing footage to an external storage drive for preservation; (2) immediately issue a litigation hold to all agencies and/or individuals with custody and/or control of video cameras inside or around B-18; and (3) certify to the Court compliance with its order.

12.    At 7:06 pm PT on the same day, Defendants' counsel advised by email: "At this time, Defendants take no position on your Ex Parte Motion. We reserve our right to file our response with our position upon a complete review of your filing tonight."

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 10, 2026

_____
MATTHEW J. CRAIG

*Counsel for Plaintiffs Coalition for Humane Immigrant Rights and Immigrant Defenders Law Center*

4

DECLARATION OF MATTHEW J. CRAIG