BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
JONATHAN A. ROBBINS
Assistant Director
JASON K. ZUBATA
NANCY N. SAFAVI
ANIELLO DESIMONE
TOLA M. MYCZKOWSKA
JACOB A. BASHYROV
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-8275
Email: Jonathan.A.Robbins@usdoj.gov

*Counsel for Defendants*

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (SBN 335008)
PAULINE H. ALARCON (SBN 345785)
Assistant United States Attorneys
  Federal Building, Suite 7516
  300 North Los Angeles Street
  Los Angeles, California 90012
  Tel: (213) 894-5557 | 3992
  E-mail:      Alexander.Farrell@usdoj.gov
               Pauline.Alarcon@usdoj.gov

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Pedro Vasquez Perdomo, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Kristi Noem, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>**Defendants' Response to Plaintiffs Coalition for Humane Immigrant Rights and Immigrant Defenders Law Center's *Ex Parte* Application for Preservation Order**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge<br><br>Referred to Hon. Sheri Pym<br>United States Magistrate Judge<br><br>*Counsel for Defendants* |

# DEFENDANTS' RESPONSE

Defendants do not oppose, in principle, Plaintiffs Coalition for Humane Immigrant Rights and Immigrant Defenders Law Center's (collectively the "Access/Detention Plaintiffs") *Ex Parte* application for preservation order (ECF No. 487) with respect to the following:

(1) Immediately preserve all video footage from cameras inside and around B-18 in the custody and control of Defendants, and take all necessary technical measures to suspend the automatic deletion and/or overwriting of existing footage and retrieve any footage that may yet to be recoverable, including but not limited to searching back-up drives and/or servers. Any existing footage shall be immediately transferred to and preserved on an external storage device.

(2) Immediately issue a litigation hold to all component agencies of DHS and/or individuals with custody and/or control of video cameras inside or around B-18 located on the property of the Federal Building at 300 North Los Angeles Street, Los Angeles, CA 90012, directing that those component agencies, such as Immigration and Customs Enforcement ("ICE") and Federal Protective Services ("FPS"), or individuals preserve video footage from those cameras, including by suspending any applicable retention policies that may result in the routine deletion of video footage.[1]

(3) Certify to the Court compliance with the above-listed requirements no later than three days from the issuance of the Court's order on this *ex parte* application. Such certification shall include a list identifying all video cameras inside or around B-18 located on the property of the Federal Building by serial number or other unique identifier and stating the agency or individual with custody or control over each camera. *Id*. at 26-27.

As a threshold matter, Defendants agree regarding the preservation of video footage

---

[1] A component agency is a distinct division, bureau, or office within a larger department or cabinet-level agency. These units, such as ICE and FPS within DHS, are legally separate from other components but function under the parent agency's authority.

from cameras "in" B-18 where detainees may be present.  However, Defendants' agreement with Plaintiffs' proposed preservation order is subject to reasonable concerns over the broad language used in Plaintiffs' proposed order, the potential burden, and proportionality.  Regarding the broad language concern, "around B-18" is vague and Plaintiffs do not define this ambiguous term. B-18 is housed within a large federal building at 300 N. Los Angeles Street that contains numerous other federal offices, including, *inter alia*, a United States Probation and Pretrial Services Office, an Internal Revenue Service office, and a U.S. immigration court.[2]  It is unclear what, within this entire federal building, Plaintiffs are asserting is "around" B-18.  But much of the building will undoubtedly be irrelevant and thus disproportionate to the needs of the case under the Federal Rule Civil Procedure 34.  Federal Protective Services ("FPS"), a component agency of Defendant DHS, which is not a party to this litigation, maintains and controls a number of cameras at the 300 N. Los Angeles Street building outside of B-18.  For purposes of this litigation, Defendants construe the term "around B-18" to be the cameras that have a vantage point showing coverage of common transport of detainees or people that are detained via vehicle or pedestrian access to the facility. Defendants agree to the reasonable retention of this camera footage.

Next, storing video footage for the duration of this case – which at minimum will extend at least through the currently scheduled August 2027 trial – will be extremely

---

[2] *See, e.g.*, Los Angeles - Federal Building | Central District of California; Executive Office for Immigration Review | Los Angeles - N. Los Angeles Street Immigration Court; United States Department Of The Treasury - Internal Revenue Service - Los Angeles

burdensome and onerous for Defendants for a multitude of reasons.  First, the current IT infrastructure only allows video storage for up to 30 days before it is overwritten. Defendants would have to expend additional resources to save each month's worth of video surveillance, either via external hard drives or obtaining new servers—which will likely be very costly for Defendants and will be disproportionate to the needs of the case. Plaintiffs have not provided information regarding the need for footage "around" B-18 and why all such footage must be preserved.  For example, for footage of a lobby, it is unclear why footage of individuals entering the building to visit other federal offices would be relevant to the case.  Instead, if, for example, they seek footage relevant to a specific transfer from the facility, what is proportionate to the needs of the case would be footage surrounding the date and time of that transfer.  Defendants propose that the Court order a more circumscribed timeframe for this video recording preservation to take place.

Finally, Defendants respectfully disagree that the Court should order preservation through specific means.  While Plaintiffs request that the Court order Defendants to "immediately transfer[] and preserve [footage] on an external storage device," the Court should decline such a prescriptive order.  Instead, Defendants should have the flexibility to preserve the data in the most feasible way possible—whether through an external hard drive, on a server, or through other means.

As to the footage inside the B-18 facility, Defendants acknowledge they failed to fully preserve the video footage from inside the B-18 facility and take responsibility for

this oversight.  Defendants wish to express that this failure was due to accidental oversight rather than any deliberate act of malfeasance on their part.  The video footage lost was as the result of realizing too late that the video in question was being overwritten.

Since March 27, when Plaintiffs inquired about footage preservation, ICE has taken steps to determine how to preserve any camera footage as expeditiously as possible.  ICE is still investigating options for preservation, but at this time understands that the automatic deletion component cannot be suspended, turned off, or changed by their IT staff, and ICE will likely need to hire a third-party company to assist in preserving such footage.  ICE has already contacted a contractor for additional information on the camera system to assist in preserving current footage and determining whether any footage is recoverable.  ICE is also considering whether it could procure an external hard drive that can save current camera footage.  Due to these system limitations and related burden of preservation, ICE will not attempt to preserve footage of spaces where detainees are not present–e.g., an employee supply room where detainees are not allowed to enter.  ICE can currently retrieve camera footage for the past 25-30 days, on average.

*//*

*//*

Dated: April 14, 2026                    Respectfully submitted,


                                         BRETT A. SHUMATE
                                         Assistant Attorney General
                                         Civil Division


                                         DREW C. ENSIGN
                                         Deputy Assistant Attorney General


                                         TIBERIUS DAVIS
                                         SEAN SKEDZIELEWSKI
                                         Counsel to the Assistant Attorney General


                                         JONATHAN A. ROBBINS
                                         Assistant Director


                                         JASON K. ZUBATA
                                         NANCY N. SAFAVI
                                         ANIELLO DESIMONE
                                         JACOB A. BASHYROV
                                         TOLA M. MYCZKOWSKA
                                         Trial Attorneys

                                         */s/ Jonathan Robbins*
                                         JONATHAN ROBBINS
                                         Assistant Director
                                         Office of Immigration Litigation
                                         U.S. Department of Justice
                                         P.O. Box 878, Ben Franklin Station
                                         Washington, D.C. 20044
                                         Tel: (202) 305-8275
                                         Email: Jonathan.A.Robbins@usdoj.gov

                                         *Counsel for Defendants*

DEFENDANTS' RESPONSE TO EX PARTE APPLICATION FOR PRESERVATION ORDER
5

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record certifies that this filing is 1,432 words, which complies with L.R. 11-6.1 and this Court's Standing Order, Part VIII.C.

Dated: April 14, 2026                    Respectfully submitted,

                                        */s/ Jonathan Robbins*
                                        JONATHAN ROBBINS
                                        Trial Attorney
                                        Office of Immigration Litigation
                                        U.S. Department of Justice

                                        *Counsel for Defendants*