STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRÁN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br> Plaintiffs, <br><br> v. <br><br> Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and | Case No.: 2:25-cv-05605-MEMF-SP <br><br> ***DISCOVERY MATTER*** <br><br> **DECLARATION OF SARA WORTH IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF ECF 370** <br><br> Hon. Maame Ewusi-Mensah Frimpong <br><br> Referred to Hon. Sheri Pym <br> United States Magistrate Judge <br><br> Date:  May 26, 2026 <br> Time: 11:00 a.m. |

DECLARATION OF SARA WORTH IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE

Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Todd BLANCHE, in his official capacity as Acting U.S. Attorney General; Jaime RIOS, in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Dean T. SORENSON, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Justin DE LA TORRE, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as First Assistant U.S. Attorney for the Central District of California,

    Defendants.

Discovery Cutoff:  March, 24, 2027
Pre-Trial Conf.:  August 4, 2027
Trial:  August 23, 2027

-ii-
DECLARATION OF SARA WORTH IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
DAVID FRY (SBN 189276)
david.fry@mto.com
SARA H. WORTH (SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER (SBN 343388)
henry.shreffler@mto.com
LAURA R. PERRY (SBN 342504)
laura.perrystone@mto.com
LAUREN E. KUHN (SBN 343855)
lauren.kuhn@mto.com
MAGGIE BUSHELL (SBN 354048)
maggie.bushell@mto.com
ANGELA URIBE (SBN 353579)
angela.uribe@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

JESSICA KARP BANSAL (SBN 277347)
Jessica@ndlon.org
LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

BREE BERNWANGER (SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS (SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane
Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant
Defenders Law Center*

* Admitted pro hac vice

-iii-

**DECLARATION OF SARA WORTH**

I, Sara Worth, declare the following:

1.      I am an attorney at Munger, Tolles & Olson LLP and counsel of record to the Stop/Arrest Plaintiffs in the above-captioned action.

2.       Unless otherwise indicated, I make this declaration from my personal knowledge and if called to testify to these facts could and would do so competently.

3.      This declaration summarizes the parties' telephonic conference regarding Plaintiffs' motion for an order to show cause why Defendants should not be held in civil contempt, and it authenticates exhibits relied upon in Plaintiffs' portion of the parties' joint stipulation.

4.      On April 16, 2026, I sent Defendants' counsel a letter with the subject line "LR-37 Meet and Confer Letter Regarding Motion for Sanctions." *See* Ex. 19 (email) at 6 & Ex. 20 (letter attachment).  I requested a telephonic meet and confer on April 21.  Counsel for Defendants, Jonathan Robbins, confirmed receipt the same day.  On April 20, I followed up on Mr. Robbins's availability to confer.  Ex. 19 at 4.  Mr. Robbins responded, and the parties scheduled a meet and confer for April 21.  *Id.* at 203.

5.      On April 21, 2026, the parties held a Microsoft Teams conference regarding Plaintiffs' anticipated motion.  Part of the call concerned Plaintiffs' anticipated request for monetary sanctions in connection with three motions to compel on which Plaintiffs had prevailed.  Defendants' counsel took the position that litigating such a request would be premature, because Defendants have pending objections to the Magistrate Judge's orders before the District Judge, and the outcome of those objections could shed light on whether Defendants' prior positions were substantially justified.  Plaintiffs advised that they would consider that position.  (On a subsequent meet and confer on other ESI matters, Plaintiffs informed Defendants that they would defer the motion for monetary sanctions due to the pending objections but pursue the motion for civil contempt to obtain compliance with the imaging order.)

6.      The rest of the April 21 call concerned Plaintiffs' anticipated request for the sanction of civil contempt due to Defendants' noncompliance with the Court's forensic imaging order in ECF 370.  Defendants' counsel, Mr. Robbins, stated that DHS "has been attempting to

-1-
DECLARATION OF SARA WORTH IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE

collect the personal information … in a way short of imaging." He represented that the agency does not "have the ability" to comply with the imaging order as to personal phones because it is "beyond our ability to compel personal phones." In response to repeated questions as to whether the agency had *attempted* to image any personal phone, Mr. Robbins simply repeated that the agency "has attempted to comply to the best of its ability and within its ability." I asked, "So the answer is no?" Mr. Robbins responded, "My answer is not no but you could take my answer as you would like."

7. My co-counsel, Mohammad Tajsar, asked Mr. Robbins if Defendants had an obligation to seek relief from the order if it determined it could not comply. Mr. Robbins responded that he would "defer" answering that question because Defendants "do not owe an answer in the context of" Plaintiffs' sanctions motion. He referred Plaintiffs to the Defendants' pending objections to the order—notwithstanding the fact that disagreeing with whether an order should have issued is different from being unable to comply with it.

8. During the April 21 call, Mr. Robbins also confirmed the agency's position, which had been set forth in an April 10 email (*see* Ex. 19 at 11), that it would not conduct custodial interviews with officers and agents concerning what information is present on their personal phones. He stated that "custodial interviews [with agents] would be burdensome and the agency has asked employees to provide information that was on their phones and was relevant to discovery." Mr. Robbins confirmed that he was referring to self-collection by the agents.

9. Plaintiffs have engaged forensic examiners to image custodians' personal mobile devices in this case at offices in Los Angeles, with the custodians onsite.

10. **Exhibit 1** to this declaration is a true and correct copy of ECF 370, the Court's January 16, 2026 Minute Order Granting Plaintiff CHIRLA's Motion to Compel Discovery [320].

11. **Exhibit 2** to this declaration is a true and correct copy of ECF 223, the Court's October 17, 2025 Order Granting Plaintiffs' and Intervenors' Joint Motion for Limited, Expedited Discovery.

12. **Exhibit 3** to this declaration is a true and correct copy of ECF 345, the reporter's transcript from a January 6, 2026 status conference.

2

13. **Exhibit 4** to this declaration is a true and correct copy of ECF 305, the Court's December 12, 2025 Minute Order Granting Plaintiffs' and Intervenors' Motion to Compel Discovery with Respect to Scope [226].

14. **Exhibit 5** to this declaration is a true and correct copy of ECF 320, the parties' December 23, 2025 Joint Stipulation Re: Plaintiffs' Motion to Compel Discovery.

15. **Exhibit 6** to this declaration is a true and correct copy of ECF 329, Plaintiffs' December 30, 2025 Supplemental Brief Re: Motion to Compel Discovery.

16. **Exhibit 7** to this declaration is a true and correct copy of ECF 330, Defendants' December 30, 2025 Supplemental Brief Re: Motion to Compel Discovery.

17. **Exhibit 8** to this declaration is a true and correct copy of excerpts from the deposition of J.C.E.

18. **Exhibit 9** to this declaration is a true and correct copy of excerpts from the deposition of V.A.S.

19. **Exhibit 10** to this declaration is a true and correct copy of excerpts from the deposition of J.M.

20. **Exhibit 11** to this declaration is a true and correct copy of excerpts from the deposition of I.F.

21. **Exhibit 12** to this declaration is a true and correct copy of excerpts from the deposition of J.C.

22. **Exhibit 13** to this declaration is a true and correct copy of excerpts from the deposition of C.C.

23. **Exhibit 14** to this declaration is a true and correct copy of ECF 395, Defendants' January 30, 2026 Objections to Magistrate Judge's Order.

24. **Exhibit 15** to this declaration is a true and correct copy of ECF 423, the reporter's transcript of a February 12, 2026 status conference.

25. **Exhibit 16** to this declaration is a true and correct copy of ECF 478, the reporter's transcript of a March 20, 2026 status conference.

26. **Exhibit 17** to this declaration is a true and correct copy of ECF 461, the parties'

3

Joint Stipulation to Extend Certain Production Deadlines Set Forth in ECF Nos. 370, 387, 414, and 441.

27.    **Exhibit 18** to this declaration is a true and correct copy of a letter transmitted to Defendants' counsel via email by my colleague Lauren Kuhn on March 5, 2026, with the subject line "Forensic Imaging of Personal Cell Phones."

28.    **Exhibit 19** to this declaration is a true and correct copy of email correspondence between Plaintiffs' counsel and Defendants' containing the subject lines re: "Meet and Confer re Discovery Sanctions Motion," "Perdomo - Bovino Questions and Personal Phones Proposal," and "**SERVICE** -- Notice of Deposition of Gregory K. Bovino and Requests for Production," which I downloaded from Microsoft Outlook and converted to PDF format.

29.    As of the date of execution of this declaration and service thereof on Defendants, I have received no response to my email dated April 29, 2026 in Exhibit 19.

30.    **Exhibit 20** to this declaration is a true and correct copy of a letter transmitted by me to Defendants' counsel via email on April 16, 2026, with the subject line "LR-37 Meet and Confer Letter Regarding Motion for Sanctions."

31.    **Exhibit 21** to this declaration is a true and correct copy of ECF 453, the reporter's transcript from a March 6, 2026 status conference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of May, at Los Angeles, California.

                                        _/s/ Sara Worth_
                                        Sara Worth
                                        MUNGER, TOLLES & OLSON LLP