STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRÁN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br> Plaintiffs, <br><br> v. <br><br> Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and | Case No.: 2:25-cv-05605-MEMF-SP <br><br> ***DISCOVERY MATTER*** <br><br> **SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF ECF 370** <br><br> Hon. Maame Ewusi-Mensah Frimpong <br><br> Referred to Hon. Sheri Pym <br> United States Magistrate Judge <br><br> Date: May 26, 2026 <br> Time: 11:00 a.m. |

56217530.2

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE

Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Todd BLANCHE, in his official capacity as Acting U.S. Attorney General; Jaime RIOS, in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Dean T. SORENSON, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Justin DE LA TORRE, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as First Assistant U.S. Attorney for the Central District of California,

       Defendants.

Discovery Cutoff:  March, 24, 2027
Pre-Trial Conf.:  August 4, 2027
Trial:  August 23, 2027

-ii-
SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
DAVID FRY (SBN 189276)
*david.fry@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
LAURA R. PERRY (SBN 342504)
*laura.perrystone@mto.com*
LAUREN E. KUHN (SBN 343855)
*lauren.kuhn@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
ANGELA URIBE (SBN 353579)
*angela.uribe@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

JESSICA KARP BANSAL (SBN 277347)
*Jessica@ndlon.org*
LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

BRISA VELAZQUEZ OATIS
(SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane
Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant
Defenders Law Center*

* Admitted pro hac vice

-iii-

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE

This motion concerns only Defendants' refusal to comply with that portion of ECF 370 that required imaging of personal phones used by agents present at 15 specified operations. Contrary to their claims of immense effort and good faith, Defendants took *no steps* to image any personal devices until receiving Plaintiffs' letter saying they intended to seek contempt—nearly three months after the order issued. Defendants still have not imaged a single personal phone, despite conceding that responsive information exists (or existed) on personal phones. Joint Stipulation ("JS") at 24 n.4 (noting that messages involving personal phones have been identified on government phones that have been imaged). Because Plaintiffs have shown that the Court should issue the order to show cause, the only question is whether Defendants have met their burden to prove that sanctions should not issue. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010). They have not.

***First***, Defendants have not "taken all reasonable steps to comply with the Court's order" as they claim. JS at 15. Defendants nowhere suggest that they have told the relevant agents that they have to allow the agency (their employer) to image their personal devices. That is what any reasonable employer would do in this circumstance.

ICE does not suggest that it has even asked its agents if they are willing to voluntarily allow the agency to image their phone. Rather, ICE asserts that it "requir[ed]" the relevant agents to "state whether they used their personal phone for government business while participating in" the relevant operations. JS at 12. If ICE had done that, it would not address the Court's order, which requires the imaging of devices used by agents who were "present at any of the 15 operations"—not devices that were "used" only during the few minutes that the operation took place. ECF 370 at 9; *see* ECF 503 at 4. The reason for the imaging requirement was that Defendants' choice to rely on agents to make a self-assessment whether they had responsive materials on their phones had failed.[1] The result was that WhatsApp messages were repeatedly produced only late on the night before, and in one case shortly after, agents' depositions (ECF 370

---

[1] Defendants confirm the propriety and importance of personal-phone imaging by asserting that "at least some of the communications within the government phones overlap with communications made on personal phones." ECF 503 at 24 n.4.

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE

at 7)—plainly because those documents had been identified only during deposition preparation. Clearly, none of the agents involved in those messages actually had done self-collection, or that self-collection was wholly inadequate. The suggestion that ICE could *comply with* ECF 370 by relying on their agents' representations defies reason. But it appears ICE did not even do what it claims: The sample declaration the agency has provided to the Court says *both* that the agent did not use his personal phone *and* that, if he did use his personal phone, he searched it for responsive documents. JS Ex. A at ¶¶ 3-5. Due to this ambiguity, the declaration cannot show that the agent did not use his phone.[2] ICE clearly has not taken all reasonable steps to comply.

CBP indicates that it very recently sent out a survey that does ask agents to voluntarily assent to imaging, but it did so only on May 4, 2026 (JS Ex. C ¶ 7)—months after ECF 370 was issued and weeks after Plaintiffs sent a letter saying they would seek contempt sanctions (Worth Decl. ¶ 4). And, of course, imaging only the phones of agents who volunteer—rather than telling all relevant agents they are required to provide their phone for imaging per court order—does not comply with the order. Again, the imaging requirement was imposed because relying on the agents themselves to provide evidence that might show they violated the law was not working.

In addition, neither agency claims to have done anything to verify that agents have disabled autodelete settings on their devices—and testimony suggests they have not. *See, e.g.*, ECF 503 at 304 (citing testimony); Ex. 22 to Second Worth Decl. [J.M. Depo.] at 29:10-12; 285:24-288:13 (testifying about personal phone use and auto-delete function for messages).

Critically, *all* of the steps Defendants cite to show their supposed "good faith" regarding compliance as to personal phones were taken only *after* Plaintiffs sent their April 16, 2026 letter indicating they would seek contempt. (ICE sent out the declaration to its agents on April 22, 2026 (JS Ex. B).) Waiting for notice of a contempt motion to do *anything* does not evidence "good faith efforts to comply." *See* JS at 15. Indeed, quite the opposite—the fact that Defendants took

---

[2] Plaintiffs object to Exhibits A and B submitted by Defendants in connection with the Joint Stipulation because they have not been authenticated. FRE 901; *United States v. Allen*, 159 F.4th 625, 633 (9th Cir. 2025) ("Authentication is a condition precedent to admissibility."). Defendants offered no authenticating declaration for Exhibits A and B, so the Court should disregard them.

none of these steps until Plaintiffs initiated the contempt process is compelling evidence that Defendants will not comply without the ongoing threat of contempt.  So, an OSC should issue.[3]

**Second**, Defendants' legal argument that they lack possession, custody, or control over the personal phones, and so cannot require agents permit imaging, also fails.  There is a high bar for a party to avoid contempt by arguing that compliance with an order is impossible.  *See United States v. Rylander*, 460 U.S. 752, 757 (1983); *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1240–41 (9th Cir. 1999).  They bear the burden of proving "'categorically and in detail' why [they are] unable to comply" with the order.  *Affordable Media*, 179 F.3d at 1241.  Defendants fall far short.

Defendants assert that employees "must" consent to the agency imaging their phones, but cite no basis for that requirement.  JS at 21 (citing Ex. D ¶ 9, a declaration from a technologist, which cites nothing and says only that consent is a step in the technological process CBP has adopted).  With respect to CBP, Defendants make numerous references to employee unions and CBAs, but do not assert that any union contract prevents them from imaging the phones (and it is difficult to see how CBP could enter into such a contract, given its statutory obligations to preserve government information).[4]  In short, Defendants offer no evidence (or even argument) showing *any* contractual or statutory limitation on their ability to tell their employees to turn over the phones for imaging, as any other employer would in this circumstance.

Under Rule 34, if employees use their personal phones for work (which most CBP agents attest that they do, *see* ECF 503 at 19), then the employer is deemed to have possession, custody, or control over those devices for purposes of discovery.  *Flexport, Inc. v. Freightmate AI, Inc.*, No. 25-CV-02500-RFL (PHK), 2026 WL 266453, at *3 (N.D. Cal. Feb. 2, 2026); *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *3 (N.D. Cal. Aug. 25, 2023); *Goolsby v. Cnty. of San Diego*, 2019 WL 3891128, at *4 (S.D. Cal. Aug. 19, 2019).  If the rule were otherwise, employers could evade discovery by having employees use their personal devices to do their work.

---

[3] CBP's suggestion that Plaintiffs asked the agency to re-image phones is false.  Plaintiffs asked for *exports* of collected ESI in the industry-accepted format rather than PDFs stripped of metadata.

[4] Plaintiffs asked to see any relevant CBA but received no response.  *See* Ex. 24 (email questions).

3

*See Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2972806, at *2 (N.D. Cal. July 12, 2017); ECF 453 at 6 (*Defendants*' counsel acknowledging that "you can't have some sort of, you know, environment where people can shield information from discovery just because they're using personal phones"). Defendants do not cite any law construing Rule 34 otherwise. Instead, they rely on cases applying the Fourth Amendment to limit government agencies' ability to investigate their own employees, and inaccurately characterize those decisions as concerning the scope of "possession, custody, or control" under Rule 34. That argument fails as well.

The Fourth Amendment imposes a two-part test in workplace investigations. The first issue is whether the employees have a reasonable expectation of privacy. *Larios v. Lunardi*, 442 F. Supp. 3d 1299, 1309 (E.D. Cal. 2020). If they do, the second issue is whether the search is nonetheless reasonable. *Id.*[5] Defendants do not actually address this test, presumably because they cannot meet it. Agents are issued government phones, so they need not use their personal phones for work—but if they choose to do so, they do not have a reasonable expectation that those phones will be free from the government searching them for work-related communications. CBP's records management policy—which Defendants cite in the Joint Statement (JS at 13), *see* Ex. 23 —demonstrates why. Among other things, it provides that:

- "All email and messaging created in the course of conducting CBP business is a record, and is treated like any other record." Ex. 23 at 41.

- "Records, information, data, and non-record materials are property of the Federal Government, not the property of individual employees, and may not be removed from CBP without proper authority." *Id.* at 28.

- "Regardless of how or where ESI is created or where it is stored, it must be protected and managed according to federal statutes, regulations, and approved [Records Control Schedules] throughout its life." *Id.* at 37.

- "ESI must be: Stored in a format and in a way that will ensure its protection and that allows efficient discovery, access, and use. *Id.* at 38.

[5] There is an argument that Justice Scalia's view that "government searches to retrieve work-related materials … do not violate the Fourth Amendment" is the controlling standard because his was the decisive vote in *O'Connor v. Ortega*, 480 U.S. 709, 732 (1987) (Scalia, J., concurring). *See Turiano v. City of Phoenix*, 562 F. Supp. 3d 261, 272 (D. Ariz. 2022). Imaging the phones would clearly be permitted under that test. Because the imaging required by ECF 370 satisfies the Fourth Amendment under either Justice Scalia's view or that of the *O'Connor* plurality (which is the standard addressed above), the Court need not decide which is controlling.

- "In situations where personal papers are found to be intermingled with official records, the agency may need to review and approve the removal of personal materials to ensure all federal records are properly preserved and agency policies are followed." *Id.* at 19-20.

Given these policies (and the statutory record-keeping obligations that animate them, *see* ECF 503 at 9), agents cannot use their personal phone for work and expect to be able to prevent the agency from accessing it to obtain work-related data and communications, and potentially seeing "personal materials" if they are "intermingled" with the work materials. And Defendants *do not claim otherwise*—nowhere do Defendants actually argue that their officers and agents have a reasonable expectation of privacy in personal phones they sometimes use for work.[6]

And even if there were a reasonable expectation of privacy, the search to be conducted here is reasonable. A search is reasonable "if it is justified at its inception and if the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the circumstances giving rise to the search." *City of Ontario, Cal. v. Quon*, 560 U.S. 746, 761-62 (2010) (citing *O'Connor*, 480 U.S. at 725-25). Here, the search is justified, as the Court has already determined. And the measures to be taken are reasonably related to the objectives of the search and not excessively intrusive under the circumstances. For instance, there is no contemplation that the data from the phones will be searched for anything other than discoverable information. Search terms and date ranges will be used to target responsive materials. While the agency will have a broader set of data, and it is possible that the search terms will hit on non-work documents, that is necessary in order to conduct the search for relevant materials. There is no reasonable alternative to the agency searching the entire contents of the devices because, as demonstrated by the failures of the original production process, there are predictable problems when agents themselves are tasked with collecting materials that may show that they violated the law. The agents' incentives are poorly aligned with the truth-seeking function of the discovery process.

For the foregoing reasons, the Court should issue the Order to Show Cause why civil contempt sanctions should not be issued.

---

[6] ICE did not submit any policy it believes shows employees' reasonable expectation of privacy.

DATED:  May 18, 2026                    MUNGER, TOLLES & OLSON LLP


By:      _/s/ Jacob S. Kreilkamp_____
                JACOB S. KREILKAMP
         _Counsel for Stop/Arrest Plaintiffs_