# EXHIBIT 22

*** CONFIDENTIAL UNDER PROTECTIVE ORDER ***

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

_____

PEDRO VASQUEZ PERDOMO, et )
al.,                      )
                          )
        vs.               )No. 2:25-cv-05605-MEMF-SPX
                          )
KRISTI NOEM, Secretary,   )
Department of Homeland    )
Security, et al.,         )
                          )
        Defendants.       )
_____)

*** CONFIDENTIAL UNDER PROTECTIVE ORDER ***

VIDEOTAPED DEPOSITION OF ████████████████

Los Angeles, California

Tuesday, December 16, 2025

Volume I

Stenographically Reported By:

Melissa M. Villagran, RPR

CSR No. 12543

Job No. 7784354

PAGES 1 - 332

Page 1

*** CONFIDENTIAL UNDER PROTECTIVE ORDER ***

Q   Do you have more than one phone?

A   No.

Q   So you don't have a separate personal phone?

A   I have a government phone that I use for
government official business.                          09:33:22

Q   And then do you have a personal phone
separate from that?

A   I don't believe that's relevant to the
question.

Q   Do you ever use your personal phone for          09:33:29
government business?

A   Occasionally, yes.

Q   You occasionally do use your personal phone
for government business?

A   If my government phone is out of cell           09:33:41
service.

Q   And did you search your personal phone for
anything related to this case?

A   No.

Q   And did you search your government phone for     09:33:55
text messages?

A   Yes.

Q   What apps do you use for communicating about
your work on your government phone?

A   Google Maps.                                      09:34:12

Page 29

*** CONFIDENTIAL UNDER PROTECTIVE ORDER ***

Q    Well, my question is just whether you would deliberately block exits to prevent people from leaving?

MS. SAFAVI:  Objection; form.

THE DEPONENT:  No.                                                06:01:05

BY MR. KREILKAMP:

Q    All right.  Now, before the break, I had asked you some questions about searches about the WhatsApp messages on your phone.

Did you ever collect messages from your                    06:01:19
WhatsApp and produce those to counsel in the last several months?

MS. SAFAVI:  And I'm going to instruct the witness that this is a yes-or-no question.

THE DEPONENT:  All right.                                   06:01:34

No.

BY MR. KREILKAMP:

Q    Did you ever use Signal to communicate about your work, the Signal app?

A    No.                                                      06:01:48

Q    But you do sometimes use the -- your WhatsApp app to communicate about your -- your work, correct?

A    Not in my current duties, no.

Q    Did you, as part of your work on Operation At Large, ever use your WhatsApp messages?          06:02:02

Page 285

*** CONFIDENTIAL UNDER PROTECTIVE ORDER ***

A    Yes.

Q    Yes.

And after you've sent or received messages through WhatsApp, do they remain on your phone?

A    They automatically delete themselves.    06:02:18

Q    And how often do they automatically delete?

A    I believe after a week.

Q    Now, is it your practice to take screenshots of certain WhatsApp messages that are on your phone?

MS. SAFAVI:  Objection; form.    06:02:37

THE DEPONENT:  No.

BY MR. KREILKAMP:

Q    Have you taken any steps to ensure that work-related WhatsApp communications you've had are preserved?    06:02:52

A    Yes.

Q    And what steps have you taken?

A    I looked for information relevant to June 18th and did not find anything relevant.

Q    Do you know what a "federal record" is?    06:03:06

A    I don't know the official definition.

Q    What is your understanding of what a federal record is?

A    It may sound silly, but a record that's officially federal.    06:03:28

Page 286

*** CONFIDENTIAL UNDER PROTECTIVE ORDER ***

Q    And have you ever been told or instructed that you need to take screenshots of electronic messages that constitute federal records and forward them to your work e-mail address?

MS. SAFAVI:  Objection; form.                    06:03:40

THE DEPONENT:  Just kind of going back to where we were at earlier whether to answer or not at attorney-client privilege.

BY MR. KREILKAMP:

Q    There was no instruction not to answer there.    06:03:57

So you can answer the question.

MS. SAFAVI:  Well, so I'm going to object that he said he doesn't know what a federal record is.  So --

BY MR. KREILKAMP:                                06:04:05

Q    Well, this is a different question.

My question is now:  Have you ever been told or instructed that you need to take screenshots of all electronic messages that constitute federal records and forward them to your work e-mail    06:04:17 address?

MS. SAFAVI:  Objection; form.

THE DEPONENT:  Can you explain the official definition of federal record?

///

Page 287

*** CONFIDENTIAL UNDER PROTECTIVE ORDER ***

BY MR. KREILKAMP:

Q   I don't know, actually, I'm just trying to understand if you have ever gotten an instruction to take screenshots of work-related communications you had on WhatsApp so that they were not -- be automatically deleted?                                    06:04:37

A   Yeah, I don't use that term, ever.  So I'm not sure.  But safe to say, my answer is, I didn't screenshot or save any WhatsApp information.

Q   Okay.                                            06:04:55

    Including WhatsApp messages that you sent as part of your work on Operation At Large, correct?

A   Correct.

    MR. KREILKAMP:  Okay.  Let's mark Exhibit 103.                                          06:05:09

    (Exhibit 103 was marked for

    identification and is attached

    hereto.)

BY MR. KREILKAMP:

Q   This is a transcript produced to us from the   06:05:48 government dated June 18th, Car Wash Whittier BPA ███████████ .

    So take a moment to review it and then I'll ask you a few questions about it.

    And I'm just going to ask you about the few      06:06:51

                                                    Page 288

*** CONFIDENTIAL UNDER PROTECTIVE ORDER ***

I, the undersigned, a Certified Shorthand Reporter of the State of California, Registered Professional Reporter, Certified Live Note Reporter, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were duly sworn; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is a true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [ XX ] was [  ] was not requested.

I further certify I am neither financially interested in the action nor a relative or employee of any attorney or party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: December 17, 2025

MELISSA M. VILLAGRAN

CSR No. 12543 RPR

Page 331