STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRÁN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081
Telephone: (213) 977-9500
Fax: (213) 915-0219

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi NOEM, in her official capacity as Secretary, Department of Homeland | Case No.: 2:25-cv-05605-MEMF-SPx <br><br> ***DISCOVERY MATTER*** <br><br> **DECLARATION OF ANNE LAI IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY** <br><br> *[Filed concurrently with Joint Stipulation re: Plaintiffs' Motion to Compel Discovery]* <br><br> Hon. Maame Ewusi-Mensah Frimpong |

DECLARATION OF ANNE LAI IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Referred to Hon. Sheri Pym

Date:  June 16, 2026
Time: 11:00 a.m.
Discovery Cutoff: March 24, 2027
Pre-Trial Conf.: August 4, 2027
Trial: August 23, 2027

United States Magistrate Judge

Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Ernesto SANTACRUZ JR., in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Jeffrey D. STALNAKER, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

        Defendants.

DECLARATION OF ANNE LAI IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
DAVID FRY (SBN 189276)
*david.fry@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
LAURA R. PERRY (SBN 342504)
*laura.perrystone@mto.com*
LAUREN E. KUHN (SBN 343855)
*lauren.kuhn@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane
Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant
Defenders Law Center*

* Admitted pro hac vice

DECLARATION OF ANNE LAI IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY

**DECLARATION OF ANNE LAI**

I, Anne Lai, declare the following:

1.      I make this declaration based on my personal knowledge.  If called, I could and would competently testify hereto.  This declaration is made in support of Plaintiffs' Motion to Compel Discovery.

2.      I currently serve as Clinical Professor of Law, Co-Associate Dean of Experiential Learning, and Director of the Immigrant and Racial Justice Solidarity Clinic at the University of California, Irvine School of Law ("UCI Law").  I am duly licensed to practice law in the State of California and have been a practicing attorney for approximately 19 years, and I am counsel of record to the Stop/Arrest Plaintiffs in the above-captioned case.

3.      This declaration summarizes Plaintiffs' efforts to meet and confer with counsel for Defendants regarding Plaintiffs' Requests for Production ("RFPs"), sets One through Three.

4.      Plaintiff United Farm Workers served three sets of RFPs on Defendants: Set One, on January 30, 2026; Set Two, on February 13, 2026; and Set Three, on March 2, 2026.  In response, Defendants served Responses and Objections ("R&Os") to the RFPs on Plaintiffs on March 2, March 16, and April 1, 2026, respectively.

5.      On Friday, March 6, David Fry, counsel of record for Plaintiffs, requested via email to meet and confer about Defendants R&Os to RFPs Set One.  Following this initial outreach, Plaintiffs initiated meet and confer efforts on the RFP issues with Defendants on numerous occasions.  In total, the parties met and conferred via Teams about these RFPs on five separate occasions: March 16, March 25, March 27, April 7, and May 11, 2026.

6.      At each telephonic conference, counsel for Plaintiffs raised concerns about Defendants' unilateral narrowing of RFP responses and posed questions to try and better understand Defendants' positions and the possibilities for resolution between the parties.  At the close of each meet and confer, Defendants requested additional time to solicit information from their agency clients and to follow up with Plaintiffs.

7.      At each telephonic meet and confer, Defendants were consistently unprepared to discuss the issues on the agenda of the meet and confer.   Defendants also routinely requested

-1-
DECLARATION OF ANNE LAI IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs' counsel provide a written summary of the inquiries made on the call, despite having multiple counsel on the call who could take notes, a request which Plaintiffs' counsel routinely accommodated.  Defendants further requested that Plaintiffs provide a list of specific questions Plaintiffs intended to ask in advance of each conference, otherwise it would be hard for Plaintiffs to receive substantive responses to their inquiries on the call.

8.    On the April 7, 2026 call about Defendants' R&Os to United Farm Workers' RFPs Set Three, counsel for Plaintiffs asked lead counsel for Defendants to explain the limitations Defendants purported to impose on custodians and date ranges in Defendants' R&Os.  Counsel for Defendants could not explain these limitations, even after counsel for Plaintiffs pointed out that counsel had signed those R&Os.

9.    Even when Defendants were able to provide responses to Plaintiffs' questions at later conferences or by email, the repeated need to request additional meet and confers and follow up with written correspondences resulted in additional expenditures of time by Plaintiffs' counsel and caused weeks-long delay.

10.    Plaintiffs attempted to reach resolution on a number of issues in the meet and confers.  For example, Plaintiffs attempted to reach resolution on the issue of body camera videos responsive to RFPs Set One.  At the March 16, 2026 meet and confer, Defendants represented that there were more than 11,000 body camera videos associated with Operation At Large.  At this meeting, Defendants represented a willingness to move away from their initial proposal of 500 CBP videos.  Defendants later proposed a subset of 4,685 videos tagged with an "Arrest/Apprehension" tag.

11.    Plaintiffs indicated a willingness to accept a compromise approach but requested additional information about how the body camera videos were tagged, due to concerns that Defendants' proposal could unfairly skew the production of videos toward only arrests, excluding encounters that did not lead to arrest.  Defendants declined to produce additional information about the tagging system they used.

12.    Plaintiffs issued a letter on May 11, 2026 to Defendants, stating their positions on a number of issues and indicating the need to file a motion to compel if these issues could not be

-2-
DECLARATION OF ANNE LAI IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY

resolved.  In this letter, Plaintiffs reiterated their request for information about other possible tags, including a possible "Investigations" tag in Defendants' system.  Plaintiffs also requested information about which videos were tagged as "Arrests/Apprehensions" among those produced to Plaintiffs in expedited discovery.

13. Plaintiffs also reiterated their request for this information after the May 11, 2026 letter, on a call on the same date.  Defendants have to date declined to provide the information requested by Plaintiffs in meet and confers, written email correspondence, and the May 11 letter.

14. Plaintiffs additionally proposed that apart from any broader subset of videos the parties might agree Defendants will produce, that Plaintiffs be able to request videos of a certain number of specific individual encounters involving class members in this case, and in an email from myself to Defendants dated May 12, 2026, I proposed to cap this number at 35 individual encounters.

15. Defendants expressed openness to such a proposal but have not, to date, agreed to the number of 35 encounters.

16. Plaintiffs additionally requested information about video footage held by ICE.  In the initial March 16, 2026 meet and confer, Defendants indicated that ICE officers did not wear body cameras.  Defendants later acknowledged that ICE possessed video footage that was used for social media or other purposes.  Plaintiffs attempted to confirm that ICE intends to produce such raw footage, whether it made it to ICE's social media account or not, but Defendants have not specifically responded to this question, nor have Plaintiffs received production of any such footage.

17. Plaintiffs also raised concern about date cutoffs in Defendants R&Os to RFPs Sets Two and Three.  Plaintiffs asked Defendants to explain their position regarding certain unilaterally-imposed date range cut-offs.

18. At the March 25, 2026 meet and confer, Defendants acknowledged that the "Operation At Large" definition as set forth by Plaintiffs included collateral encounters not labeled as associated with the operation in Defendants' documents.  As part of this conversation, Defendants agreed that they would not narrowly construe the definition as to limit the definition to

DECLARATION OF ANNE LAI IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY

operations coordinated through a command center. Plaintiffs are additionally aware of reports of Border Patrol activity in the Central District of California outside of ports of entry after February 10, 2026.

19. Defendants only detailed the rationale behind these date cut-offs for the first time on April 13, 2026. Among other things, Defendants stated that February 10, 2026 was the date when Border Patrol's involvement in Operation At Large ended.

20. Plaintiffs objected to the cut-off dates for certain RFPs in their May 11, 2026 letter. The majority of Plaintiffs' objections revolve around the February 10, 2026 cut-off for RFPs in Sets Two and Three. Plaintiffs also have some objections to the imposed start date of June 6, 2026 for some RFPs in Sets Two and Three.

21. Plaintiffs further objected to the assertion in Defendants' R&Os that searches in response to RFP 22 seeking communications regarding plaintiffs would be limited to day prior and one week after each Plaintiff's respective stop and/or arrest. For one, Defendants have already produced non-privileged communications about Plaintiffs and the Pasadena bus stop raid in June 2025 generated after the lawsuit was filed in July 2025 as part of expedited discovery.

22. To date, Defendants have not indicated a willingness to change the purported cut-off dates they imposed.

23. Additionally, Plaintiffs noted in meetings that they objected to Defendants' withholding of documents responsive to RFP 15, part of Set Two, which seeks access to court proceedings, evidentiary hearings, and/or deposition transcripts from other cases similar to this one. Plaintiffs assert that Defendants have superior access to such materials. Defendants to date have not indicated a willingness to alter their position on withholding these documents.

24. Finally, over the course of these discussions, Plaintiffs indicated a willingness to accept a production of a sample of I-213s, narratives, and other operational documents on the condition that Defendants would share certain information to allow an appropriate method for representative sampling. As with the body camera videos, Plaintiffs would also identify a certain number of specific incidents that Plaintiffs could seek documents for upon request.

25. Defendants were slow to produce information that would facilitate meaningful

DECLARATION OF ANNE LAI IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY

discussion about sampling of I-213s, narratives, other operational documents. Despite representing via email that certain data could be provided around the middle of the week of April 13, 2026, Plaintiffs did not receive any sample arrest logs and rosters until May 14, 2026 and they have yet to receive the expected OM2 data. The samples they did receive in a production on May 14, 2026 pertained only to a relatively small time period. On that date, Plaintiffs also received from Defendants CBP "stratcom" footage of two operations in June 2025.

26. The parties hope to resolve the issues relating to the ICE Fourth Amendment training and OM2 and related data described in Plaintiffs' May 11, 2026 letter as part of a separate stipulation regarding an extension of time on Defendants' government phone productions per ECF 370.

27. A true and correct copy of Plaintiff United Farm Workers' RFPs, Set One, served on Defendants on January 30, 2026, is attached as **Exhibit A.**

28. A true and correct copy of Plaintiff United Farm Workers' RFPs, Set Two, served on Defendants on February 13, 2026, is attached as **Exhibit B.**

29. A true and correct copy of Plaintiff United Farm Workers' RFPs, Set Three, served on Defendants on March 2, 2026, is attached as **Exhibit C.**

30. A true and correct copy of Defendants' R&Os to Plaintiff United Farm Workers' RFPs, Set One, served on Plaintiffs on March 2, 2026, is attached as **Exhibit D.**

31. A true and correct copy of Defendants' R&Os to Plaintiff United Farm Workers' RFPs, Set Two, served on Plaintiffs on March 16, 2026, is attached as **Exhibit E.**

32. A true and correct copy of Defendants' R&Os to Plaintiff United Farm Workers' RFPs, Set Three, served on Plaintiffs on April 1, 2026, is attached as **Exhibit F.**

33. A true and correct copy of Plaintiffs' Letter sent to Defendants on May 11, 2026, redacted to comply with the Protective Order in the present case, is attached as **Exhibit G.**

34. A true and correct copy of the email thread between counsel in this action, with the subject line "Vasquez Perdomo v. Noem | Outstanding Questions following 4/7 M&C" and the most recent email being from Jonathan Robbins to myself, dated May 14, 2026, is attached as **Exhibit H.**

DECLARATION OF ANNE LAI IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY

35. A true and correct copy of the email thread between counsel in this action, with the subject line "Vasquez Perdomo v. Noem | Outstanding Questions following 4/7 M&C" and the most recent email being from Jonathan Robbins to myself, dated April 30, 2026, is attached as **Exhibit I.**

36. A true and correct copy of ECF 178-1, Declaration of Manuel Molina Jr., dated and filed September 4, 2025, is attached as **Exhibit J.**

37. A true and correct copy of ECF 483, the Civil Trial Order in this case, is attached as **Exhibit K**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of May, 2026, in Santa Ana, California.


                                              */s/ Anne Lai*

Anne Lai
*Counsel for Stop/Arrest Plaintiffs*

DECLARATION OF ANNE LAI IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY