STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRÁN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br>        Plaintiffs, <br><br>    v. <br><br> Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and | Case No.: 2:25-cv-05605-MEMF-SP <br><br> ***DISCOVERY MATTER*** <br><br> **JOINT STIPULATION RE: JOINT MOTION FOR ENTRY OF ESI PROTOCOL** <br><br> Referred to Hon. Sheri Pym <br> United States Magistrate Judge <br><br> Date:  June 16, 2026 <br> Time: 11:00 a.m. <br><br> Discovery Cutoff:  March, 24, 2027 <br> Pre-Trial Conf.:  August 4, 2027 <br> Trial:  August 23, 2027 |

Case No.: 2:25-cv-05605-MEMF-SP

JOINT STIPULATION RE: MOTION FOR ENTRY OF ESI PROTOCOL

Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Todd BLANCHE, in his official capacity as Acting U.S. Attorney General; Jaime RIOS, in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Dean T. SORENSON, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Justin DE LA TORRE, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as First Assistant U.S. Attorney for the Central District of California,

Defendants.

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
DAVID FRY (SBN 189276)
david.fry@mto.com
SARA H. WORTH (SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER (SBN 343388)
henry.shreffler@mto.com
LAURA R. PERRY (SBN 342504)
laura.perrystone@mto.com
LAUREN E. KUHN (SBN 343855)
lauren.kuhn@mto.com
MAGGIE BUSHELL (SBN 354048)
maggie.bushell@mto.com
ANGELA URIBE (SBN 353579)
angela.uribe@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

JESSICA KARP BANSAL (SBN 277347)
Jessica@ndlon.org
LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

BREE BERNWANGER (SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS (SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane
Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant
Defenders Law Center*

* Admitted pro hac vice

JOINT STIPULATION RE: MOTION FOR ENTRY OF ESI PROTOCOL

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on June 16, 2026, at 11:00 a.m. or as soon thereafter as counsel may be heard, before the Honorable Sheri Pym in Courtroom 4 of the United States District Court for the Central District of California, 3470 Twelfth Street, Riverside, California 92501, Plaintiffs, Intervenors, and Defendants will, and hereby do, move the Court for an order entering an ESI protocol to govern the production of ESI during plenary discovery in this action. While Plaintiffs, Intervenors, and Defendants all agree that an ESI protocol should be entered, the parties disagree on certain limited terms of that protocol and have agreed, after months of meeting and conferring, to submit their remaining disputes to the Court for resolution.

This Motion is based upon this Notice of Motion, the Joint Stipulation, the Declaration of Sara Worth and exhibits thereto, and any other papers or argument of counsel that may be filed or submitted in connection with this Motion.

Pursuant to L.R. 7-3, this Motion is made following a conference of counsel which took place between the parties on April 23, 2026.

DATED:  May 26, 2026                MUNGER, TOLLES & OLSON LLP


By:     _/s/ Jacob S. Kreilkamp_____
            JACOB S. KREILKAMP
            *Counsel for Stop/Arrest Plaintiffs*

DATED:  May 26, 2026                HECKER FINK LLP


By:     _/s/ DRAFT_____
            MATTHEW CRAIG
            *Counsel for Access/Detention Plaintiffs*

Case No.: 2:25-cv-05605-MEMF-SP

JOINT STIPULATION RE: MOTION FOR ENTRY OF ESI PROTOCOL

DATED:  May 26, 2026                    MUNGER, TOLLES & OLSON LLP


By:      */s/ E. Martin Estrada*
                E. MARTIN ESTRADA
         *Counsel for Intervenors Cities of Los Angeles, Anaheim, Bell Gardens, Beverly Hills, Carpinteria, Culver City, Huntington Park, Long Beach, Lynwood, Montebello, Monterey Park, Oxnard, Paramount, Pico Rivera, Pomona, Santa Ana, Santa Barbara, Santa Monica, South Gate, and West Hollywood*


OFFICE OF THE LOS ANGELES CITY ATTORNEY


By:      */s/ Hydee Feldstein Soto*
                Hydee Feldstein Soto
         *Counsel for Intervenor City of Los Angeles*


OFFICE OF THE COUNTY COUNSEL


By:      */s/ Brigit Greeson Alvarez*
                Brigit Greeson Alvarez
         *Counsel for Intervenor County of Los Angeles*


OFFICE OF THE CITY ATTORNEY OF PASADENA


By:      */s/ Arnold F. Lee*
                Arnold F. Lee
         *Counsel for Intervenor City of Pasadena*


DATED:  May 26, 2026                    UNITED STATES DEPARTMENT OF JUSTICE


By:      */s/ Jonathan A. Robbins*
                JONATHAN A. ROBBINS
                Assistant Director
                Office of Immigration Litigation
         *Counsel for Defendants*

Case No.: 2:25-cv-05605-MEMF-SP

JOINT STIPULATION RE: MOTION FOR ENTRY OF ESI PROTOCOL

## <u>JOINT STIPULATION RE: ESI PROTOCOL</u>

The parties jointly submit this report regarding outstanding disputes concerning the entry of an ESI protocol.  The parties agree that an ESI protocol is appropriate in this action and they ask that the Court enter one as soon as possible.  The parties have exchanged multiple drafts of a proposed ESI protocol and met and conferred on April 23, 2026, regarding outstanding disputes.  Notwithstanding the parties' efforts to reach agreement on a stipulated ESI protocol, there remain 5 disputes that the parties ask the Court to resolve.  These disputes are briefly described below in the order in which the relevant provisions appear in the proposed ESI protocol attached hereto as Exhibit A.  The parties' proposed ESI protocol reflects the areas where the parties have reached agreement.  Where the parties continue to disagree, the proposed ESI protocol contains highlighted inserts reflecting the language proposed by each party: yellow for Defendants, green for Plaintiffs and Intervenors.

\* \* \*

**<u>DISPUTE 1:</u>**  Whether preservation obligations under the ESI obligation should extend to agents' personal cell phones or recording devices used when conducting immigration operations and whether those preservation obligations should require forensic imaging of those agents' and officers' personal cell phones.

### <u>PLAINTIFFS' POSITION</u>

This issue has been repeatedly decided by the Court with respect to expedited discovery, and Defendants seek to use negotiations over the parties' ESI protocol as a vehicle to again relitigate the need to forensically image agents' and officers' personal cell phones.  The Court has emphasized that, to the extent that agents relied on personal devices for work, including during immigration operations, those devices should be forensically imaged and responsive documents produced.  *See* ECF 370 at 8, ECF 478 at 9:16-19 (the Court confirming at a hearing that "I certainly agree that the Order required the personal phones to be imaged, regardless of whether the agent or officer, whoever it was, said that they had used the phone at the operation").  Deposition testimony confirms that agents and officers regularly use their personal cell phones for work, including during immigration operations.  *See* ECF 503 at 7-8 (summarizing deposition

testimony).  Plaintiffs refer the Court to the parties' recent joint stipulation on whether Defendants should be held in contempt for failing to comply with the Court's order compelling forensic imaging of personal cell phones for further detail on why the Court's order was correct and should be memorialized in the parties' ESI protocol.  *See* ECF 503 at 13-15.

**INTERVENORS' POSITION**

Intervenors join Plaintiffs' position regarding Dispute 1.

**DEFENDANTS' POSITION**

Plaintiffs misconstrue the ESI protocol's function.  The protocols are intended to govern preservation and the manner of production of ESI, not to excuse production of evidence that already exists or to recast ordinary discovery obligations.  Simply put, the protocols govern discovery conduct, not just later disputes about already produced materials. While Plaintiffs contend that preservation and collection obligations under the proposed order should extend to preserve ESI on agents' personal devices because some of the agents relied on their devices for work, their blanket request is not proportional to the needs of the case, places undue burden on Defendants to monitor preservation and collection of data from personal phones, and does not take into consideration agents' privacy interests in their personal devices.  *See* Fed. R. Civ. Pro. 26(b)(1) (which expressly provides that "whether the burden or expense of the proposed discovery outweighs its likely benefit" is a consideration in evaluating proportionality); *Riley v. California*, 573 U.S. 373, 403 (2014) ("Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'") (internal citation omitted)); *Hespe v. City of Chicago*, No. 13 C 7998, 2016 WL 7240754, at *3 (N.D. Ill. Dec. 15, 2016) (affirming the order denying request to inspect plaintiff's personal computer and cell phone because the evidence offered in support of the request was "sparse at best" when it was "weighed against (1) plaintiff's interest in protecting her privacy rather than allowing unfettered access to her personal devices and (2) the generic and apparently inconclusive nature of the unspecified ESI for which defendants want to search"); *Henson v. Turn, Inc.*, No. 15-CV-01497-JSW (LB), 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) ("Just as a hypothetical request from the plaintiffs for [defendant] to allow them to directly inspect its emails servers (or

produce complete forensic image of its servers) would likely sweep in numerous emails that are not relevant to this action, [defendant's] request for the plaintiffs to allow it to directly inspect their mobile devices (or produce complete forensic images of their devices) would likely sweep in numerous irrelevant documents as well.").

**DISPUTE 2:**  Whether the Court should adopt Plaintiffs' proposed guidance concerning the use of artificial intelligence tools.

**PLAINTIFFS' POSITION**

The parties negotiated an AI provision over the course of several weeks, and Defendants accepted Plaintiffs' proposed language.  Defendants revoked that acceptance on the designated filing date for this joint motion, for unexplained reasons.  Defendants' proposal is vague and ambiguous, and even contradictory, and Plaintiffs cannot agree to such language.

**INTERVENORS' POSITION**

Intervenors join Plaintiffs' position regarding Dispute 2.

**DEFENDANTS' POSITION**

Defendants want to ensure that: (1) public AI tools cannot have access to any received discovery material; (2) private AI tools cannot have access to confidential/AEO received discovery material; (3) if a party properly uses an AI tool on received discovery, it can't use it to train models and must delete info in accordance with PO.  Defendant's proposed language ensures that agency documents are protected. To the extent Plaintiffs are willing to agree to use only Relativity's AI tools, Defendants agree that both parties can use Relativity's AI tools.

Given the nature of this litigation and the likelihood of overlapping facts and legal issues with other pending matter in other districts, Defendants are concerned about the possibility of discovery from this litigation being fed into AI system in a way that extends its use beyond this case. Specifically, if produced data is used to train or prompt LLMs, the insight and strategies derived from that process could inform about work product in separate litigation and work against Defendants in other cases—an outcome that goes beyond the intend scope of discovery here.  For

JOINT STIPULATION RE: MOTION FOR ENTRY OF ESI PROTOCOL

that reason, Defendants believe that the ESI protocols should include a clear language addressing this issue.

**DISPUTE 3:**  Whether the parties may use search terms to cull documents prior to making a collection of custodial ESI, such as from email servers.

**PLAINTIFFS' POSITION**

Defendants, and specifically CBP, have taken the position that they should be permitted to use search terms to identify potentially responsive documents for collection.  (ICE, for its part, has agreed to identify potentially responsive documents for collection using only objective criteria, such as by custodian and date range.)  As Plaintiffs understand CBP's position and process, CBP intends to run keyword searches within the Microsoft 365 server environment to identify potentially responsive emails and attachments, and plans to then upload only those emails and attachments which hit on CBP's search terms to a review platform for a responsiveness review. The problem with CBP's approach is that due to technical limitations within the Microsoft 365 platform, Microsoft 365 does not fully index certain data such as password protected data or encrypted data.  This means that accurate and complete keyword searching functionality will be limited to the portion of Microsoft 365 data that is fully indexed.  Because of these limitations, a discovery Special Master has concluded that keyword searches within the Microsoft 365 do not "generate reliable search results" and do not "satisfy the Rule 26(g) reasonable inquiry standard." *See Deal Genius, LLC v. O2COOL, LLC*, No. 21 C 2046, 2022 WL 17418933, at *2 (N.D. Ill. Oct. 24, 2022).  Plaintiffs have repeatedly asked CBP to demonstrate that their proposed methodology allows for full indexing, and CBP has declined to do so.  CBP should not be permitted to run keyword searches within Microsoft 365 in order to identify potentially responsive documents for collection and then review.

To be sure, Plaintiffs understand and agree that Defendants should be permitted to run agreed-upon keyword searches to identify potentially responsive documents in a discovery database, such as Relativity, once documents have been collected based on objective criteria, such as by date range and custodian.  But what CBP may not do is artificially constrain its review set by

insisting that the parties negotiate keyword searches for use on a platform that is known to have deficiencies in its keyword searching capabilities.

**INTERVENORS' POSITION**

Intervenors join Plaintiffs' position regarding Dispute 3.

**DEFENDANTS' POSITION**

Plaintiffs position fails to account for the substantial volume of data that would be generated if CBP were prohibited from first applying keyword searches withing the Microsoft 365 environment to identify potentially responsive information and attachments.  Given the high number of custodians requested by Plaintiffs and the broad date range for each search, Defendants cannot agree to solely use "objective criteria" (custodian and date range) in Archive 360 and Purview for merits discovery.  A pull with only "objective criteria" would require a pull of all email and Microsoft 365 data associated with each custodian during the agreed upon date range. The volume of this data would significantly burden the agency's systems and would have a negative impact on the work of the rest of the agency, e.g. other discovery requirements for other cases in federal courts, Freedom of Information Act (FOIA) requests, Congressional requests, and other administrative cases. Hence, without this target filter step, the agency would be required to review and undifferentiated and expansive datasets, dramatically increasing the burned, time, and cost of production, while reducing efficiency and precision in collection of information.  The initial keyword searching is a reasonable and necessary method to narrow the scope of potentially relevant materials for review. Defendants are willing to agree to pull both fully and partially indexed data for merits discovery, if Plaintiffs are willing to agree to reasonable search terms. Plaintiffs claim that "keyword searches within the Microsoft 365 do not generate reliable search results" because the data, such as password protected or encrypted files, is not fully indexed. However, Plaintiffs fail to acknowledge that a keyword search of the same data within Relativity would produce the same result. *See* Microsoft, Introduction to malware scanning, https://learn.microsoft.com/en-us/azure/defender-for-cloud/introduction-malware-scanning (password protected files always require decryption before processing and indexing) (last visited May 21, 2026). Plaintiffs' concerns do not outweigh Defendants' need to ensure its resources are

JOINT STIPULATION RE: MOTION FOR ENTRY OF ESI PROTOCOL

used wisely. To that end, Defendants remain willing to meet and confer with Plaintiffs to negotiate what those terms would be.

**DISPUTE 4:**  Whether the parties agree that short-form chat messaging, such as iMessage, SMS, or MMS, is impractical to collect in a manner that preserves underlying metadata and may be collected and produced as a screenshot or other available format.

And, in particular, whether the Protocol should include Defendants' proposed subsection G(3) in Part IX that provides for alternative means of production of iMessage, Short Message Service, and Multimedia Messaging Service Messages, when forensic collection, preservation, and production of this data in a manner that preserves the ESI's underlying data is impractical.

**PLAINTIFFS' POSITION**

Defendants have agreed to forensically image government-owned devices and have agreed to produce responsive information from those devices in the RSMF format, which preserves the underlying metadata contained on the devices for production.  Plaintiffs therefore do not agree that it is appropriate to include this language in the ESI protocol, as it provides a backdoor that would permit Defendants to renege on their agreement to produce responsive short form chat messages in the RSMF format.  Indeed, in early productions of government cell phones, Defendants attempted to produce data from phones in an unwieldy PDF report format.  Defendants themselves acknowledged, however, that format proved burdensome to review and have since agreed to produce cell phone data in RSMF format.  Defendants should be held to their prior agreement and should not be permitted to resort to screenshot or other non-standard production formats as a general rule.

Further, Defendants have not explained why a departure from DOJ's standard production specifications, which requires the production of certain metadata fields, is necessary or appropriate in this action.  *See* Specifications for Production of ESI and Digitized ("Scanned") Images. Defendants state that "mobile data collection is fraught with challenges," but they do not elaborate, and they do not explain why such challenges would arise uniquely in this case and not

in DOJ's numerous other cases.  Plaintiffs should not be deprived of forensically sound collection or the production of metadata.

**INTERVENORS' POSITION**

Intervenors join Plaintiffs' position regarding Dispute 4.

**DEFENDANTS' POSITION**

Defendants agree to produce responsive information from image government-owned devices in the RSMF format when such production is feasible and reasonably supported by the source systems.  In circumstances where RSMF format is not available, or cannot be generated due to technical limitations, system constraints, or lack of native support, Defendants will instead produce the data in a reasonable usable, universally viewable format, including native exports of chats or messaging data where applicable.  Defendants are willing to meet and confer in good faith with Plaintiffs regarding any instances in which RSMF production is not feasible to discuss appropriate alternative formats that preserve the usability and integrity of the data.

While Plaintiffs oppose the inclusion of this sub-section in the ESI protocols because this provision is inconsistent with DOJ's Specifications for Production of ESI and Digitized ("Scanned") Images (2022), which contemplates full forensic production from cell phones and requires extensive production of metadata, it is Defendants' position that this subsection should be nevertheless included because mobile data collection is generally fraught with challenges that, in certain situations, making collection, preservation of ESI and metadata, and production of iMessages, SMS, and MSMS, technically infeasible.  Under these circumstances, alternative formats for production (e.g., rendered, searchable export (PDF or HTML) displaying messages in native thread view with all available metadata fields) should be used to collect and produce ESI as screenshots, export reports, or another available format.  To that end, Defendants agree to meet and confer with Plaintiffs to discuss how such evidence will be produced.

**DISPUTE 5:**  Whether Defendants should be required to provide custodian information for ESI in an "ALL CUSTODIAN" metadata field.

**PLAINTIFFS' POSITION**

JOINT STIPULATION RE: MOTION FOR ENTRY OF ESI PROTOCOL

Defendants have taken the position that they will not provide a standalone metadata field that permits the parties to identify all custodians who maintain a given document in their custodial files.  That files directly in the face of the Department of Justice's own ESI production specifications, which requires parties producing documents *to the Department of Justice* to identify, in standalone metadata fields, the Primary Custodian of a given document, as well as "All Custodians" of the document.  *See* Department of Justice, July 2022 Specifications for Production of ESI and Digitized ("Scanned") Images, at __.  Instead, Defendants suggest that they will provide custodian information in a "DEDUPECUSTODIAN FILE PATH" field that will contain the custodial information, buried in a longer file path.  That is not the same as a standalone field for All Custodians.  For one, it is far more burdensome to use a file path to identify, e.g., all documents in a production that have a specific individual as a custodian than it is to use a standalone metadata field because, while parties can apply filters to a standalone field to identify all instances in the database where a custodian is listed, paths will likely be unique to each document and will require significantly more review.  Defendants should be obliged to follow their own production specifications and list All Custodians in a standalone metadata field, rather than in a file path.

**INTERVENORS' POSITION**

Intervenors join Plaintiffs' position regarding Dispute 5.

**DEFENDANTS' POSITION**

Defendants will preserve the "PRIMARY CUSTODIAN" and "ALL CUSTODIANS" production fields (Schedule A), which are based on Civil Division's 2022 Specifications for Productions of ESI.[1]  However, while the agency is preserving this data, when this data is produced, the actual custodian's names and any duplicated custodians' names (if applicable) will appear in the "ALL PATHS" field (CBP metadata field) and the "DUPECUSTODIAN FILE

---

[1] In the Civil Division 2022 Production Specifications, the metadata fields "Custodian" and "Dupe Custodian" refer to the same information as "Primary Custodian" and "Custodian" fields, respectively, and should be treated as the same data points.  "Primary Custodian" is the main custodian, and "Dupe Custodian" is the duplicate or additional custodian associated with the same record.

PATH" field.  This is because CBP manages this litigation in a workspace configured to support multiple cases in the same portfolio simultaneously.  The producing parties populate the "dupecustodian file path" and related fields using the custodian's UPN (user principal name in Microsoft/Archive directory) associated with each individual, and where feasible, the custodian's actual name.  Plaintiffs will receive the same underlying custodian and path information that would ordinarily be reflected in the "Primary Custodian," "All Custodians," and "Dupecustodian File Path" fields, inter alia.  Accordingly, while there may be slight technical variations in how the information is presented in the productions, the substantive data provided to Plaintiffs will be the same as the preserved data.  This approach is generally accepted in such situations, so long as the produced data will include the equivalent custodian and path information fields even if the workspace uses slightly different field names or structures.  *See, e.g.*, *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-CV-854-ORL-28, 2013 WL 5781274, at *9 (M.D. Fla. Oct. 25, 2013) ("This requires a party to organize its production in such a way as to enable the requesting party to substantially replicate the system used by the producing party, whether the production is ESI or paper documents."). Indeed, Rule 34(b)(2)(E)(ii) only requires ESI to be produced in a reasonable usable form and producing standard metadata, such as custodian and path fields, satisfies that requirement because here it preserves functional utility of the information. *See Teledyne Instruments, Inc.*, 2013 WL 5781274, at *9 ("To satisfy the usual course of business requirement, the mode of production should preserve the functional utility of the electronic information produced. As the following discussion shows, this normally requires (1) preserving the format of the ESI and (2) providing sufficient information about the context in which it is kept and used.").

DATED:  May 26, 2026                    MUNGER, TOLLES & OLSON LLP


By:    _____/s/ Jacob S. Kreilkamp_____
            JACOB S. KREILKAMP
            *Counsel for Stop/Arrest Plaintiffs*

DATED: May 26, 2026        HECKER FINK LLP

By:     */s/ Matthew Craig*
        MATTHEW CRAIG
        *Counsel for Access/Detention Plaintiffs*

DATED: May 26, 2026        MUNGER, TOLLES & OLSON LLP

By:     */s/ E. Martin Estrada*
        E. MARTIN ESTRADA
        *Counsel for Intervenors Cities of Los Angeles, Anaheim, Bell Gardens, Beverly Hills, Carpinteria, Culver City, Huntington Park, Long Beach, Lynwood, Montebello, Monterey Park, Oxnard, Paramount, Pico Rivera, Pomona, Santa Ana, Santa Barbara, Santa Monica, South Gate, and West Hollywood*

OFFICE OF THE LOS ANGELES CITY ATTORNEY

By:     */s/ Hydee Feldstein Soto*
        Hydee Feldstein Soto
        *Counsel for Intervenor City of Los Angeles*

OFFICE OF THE COUNTY COUNSEL

By:     */s/ Brigit Greeson Alvarez*
        Brigit Greeson Alvarez
        *Counsel for Intervenor County of Los Angeles*

OFFICE OF THE CITY ATTORNEY OF PASADENA

By:     */s/ Arnold F. Lee*
        Arnold F. Lee
        *Counsel for Intervenor City of Pasadena*

DATED:  May 26, 2026

UNITED STATES DEPARTMENT OF JUSTICE

By: _____*/s/ Jonathan A. Robbins*_____
JONATHAN A. ROBBINS
Assistant Director
Office of Immigration Litigation
*Counsel for Defendants*

JOINT STIPULATION RE: MOTION FOR ENTRY OF ESI PROTOCOL

## ATTESTATION OF FILER

I attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED: May 26, 2026                    MUNGER, TOLLES & OLSON LLP


By:    _/s/ Jacob S. Kreilkamp_____
            JACOB S. KREILKAMP
            *Counsel for Stop/Arrest Plaintiffs*

JOINT STIPULATION RE: MOTION FOR ENTRY OF ESI PROTOCOL