STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRÁN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081-0007
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, <br><br> Plaintiffs, <br><br> v. <br><br> Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and | Case No.: 2:25-cv-05605-MEMF-SP <br><br> ***DISCOVERY MATTER*** <br><br> **PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING ARTIFICIAL INTELLIGENCE PROVISION OF ESI PROTOCOL** <br><br> Hon. Maame Ewusi-Mensah Frimpong <br><br> Referred to Hon. Sheri Pym <br> United States Magistrate Judge <br><br> Date:  TBD <br> Time: TBD <br><br> Discovery Cutoff:  March, 24, 2027 <br> Pre-Trial Conf.:  August 4, 2027 |

Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Todd BLANCHE, in his official capacity as Acting U.S. Attorney General; Jaime RIOS, in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Dean T. SORENSON, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Justin DE LA TORRE, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as First Assistant U.S. Attorney for the Central District of California,

     Defendants.

Trial:  August 23, 2027

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
DAVID FRY (SBN 189276)
*david.fry@mto.com*
ADAM B. WEISS (SBN 296381)
*adam.weiss@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
LAURA R. PERRY (SBN 342504)
*laura.perrystone@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
LAUREN E. KUHN (SBN 343855)
*lauren.kuhn@mto.com*
ANGELA URIBE (SBN 353579)
*angela.uribe@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

JESSICA KARP BANSAL (SBN 277347)
*Jessica@ndlon.org*
LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

BRISA VELAZQUEZ OATIS
(SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane
Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant
Defenders Law Center*

* Admitted pro hac vice

-iii-

Plaintiffs and Defendants reached agreement on the language of the AI provision of the proposed ESI protocol until Defendants insisted on new ambiguous, contradictory language on the day that the joint stipulation was set to be filed.  Defendants have not provided a coherent explanation for the change or explained why the previous language was insufficient to address their concerns.  It seems that this dispute has arisen because Defendants do not believe that Plaintiffs will abide by the terms of the Protective Order, which does not permit discovery from this litigation to be used in other litigation.  Joint Stip. at 3, ECF No. 511.  Plaintiffs fully intend to comply with the Protective Order, including while using AI tools.

This dispute is about language governing the use of enterprise AI tools.  An enterprise AI tool is a paid tool specifically licensed by an organization for internal use within the organization—similar to how a company might have a license for Microsoft Word.  Enterprise AI tools are separate from publicly-available tools.  Importantly, unlike publicly-available options, enterprise versions of AI tools do not train on information entered by the enterprise users.  In other words, the data that is input into private enterprise AI is not used to train either the publicly-available model *or* the organization's enterprise model.  For example, if a company is using an enterprise version of ChatGPT, the information entered into the enterprise ChatGPT does not train the underlying ChatGPT model and is not accessible by other ChatGPT users, including other users in the same organization using the same enterprise model.  This is especially significant for lawyers, who are able to maintain client confidentiality by using only enterprise AI tools instead of publicly-available AI tools so that the tools are not training on client data.  The Parties agree that received discovery materials should not be fed into publicly-available AI models; the *only* dispute is about the use of enterprise AI.

There are a number[1] of different enterprise AI tools, each of which operates in a slightly different way.  For example, an enterprise version of ChatGPT operates similarly to the publicly-available ChatGPT, where the user inputs prompts and the AI responds.  Relativity's AI program allows users to input a prompt that allows the model to conduct first-level document coding.

---

[1] This is not intended to be an exhaustive list of AI tools.

SUPPLEMENTAL BRIEF RE ESI PROTOCOL

Harvey is a tool similar to ChatGPT that allows users to create "vaults" of documents that the model can draw upon when responding to a prompt by that user.  These vaults can be individual or shared with a team.  Access to a shared vault is limited to the people who have specifically been given access to that vault; the information is not available to everyone in the organization and the information is not used to train the underlying model.  This is similar to how file management systems like iManage operate—only the people with access to a particular matter are able to view that matter's documents (or, in the case of Harvey, the files that have been uploaded to that matter's vault).  These enterprise tools are able to search across documents, including deposition transcripts, more efficiently than keyword searches.  Plaintiffs are not proposing to use AI in a way that would allow users beyond people on the case team to access received discovery materials.  In other words, even other users in the same organization who are not working on this case will not have access to materials from this case—just as other Relativity users in the same organization do not have access to this case's instance of Relativity. Received discovery in this case will be used only for this case.

Defendants' proposal makes one major objectionable change from the previously-agreed language: it does not contain an affirmative statement allowing received discovery materials— even those not designated "Confidential" or "AEO"—to be imported into private, closed-environment enterprise AI.  Instead, it contains language prohibiting any received discovery material from being fed into publicly available LLMs (as does Plaintiffs' proposal) and language stating that private AI tools shall not be given access to "Confidential" or "AEO" information in a way that would violate the Protective Order (mirroring similar language in Plaintiffs' proposal).  It can be inferred from Defendants' proposed language that *some* enterprise AI use is allowed, although the extent of allowable use is not clear.  By contrast, Plaintiffs' proposed language contains a clear statement that received discovery materials may be entered into private AI tools that do not feed data into broader environments.  Defendants have removed that statement, creating unnecessary confusion.  It is not clear why this statement is objectionable to Defendants, who have not included a blanket prohibition on private AI tools.  Indeed, Defendants explicitly state that they are willing to agree to use of Relativity's AI tools, which are private, closed-

environment tools.  There is no reason not to include a clear statement that enterprise AI use is permitted consistent with the Protective Order.

| Plaintiffs' Proposed Language re: Importing Material into Private AI | Defendants' Proposed Language re: Importing Material into Private AI |
|---|---|
| The parties agree that artificial intelligence tools shall not be given access to received discovery materials designated as "Confidential Information" or "Confidential--Attorneys' Eyes Only Information" in such a way that would violate the Protective Order in this action or result in access to such discovery material by any person or entity not subject to the Protective Order.  The parties further agree that data produced by another party may not be entered into any publicly accessible Large Language Model (LLM) or AI platform, but may be entered into an artificial intelligence tool deployed as a closed environment that does not feed data back into any shared or global environment in accordance with this provision. | The parties agree that publicly accessible artificial intelligence tools, including but not limited to Large Language Model(s) (LLM), shall not be given access to received discovery material…The parties further agree that artificial intelligence tools deployed as a private instance in a closed environment that does not feed data back into any shared or global environment shall not be given access to received discovery materials designated as "Confidential Information" or "Confidential—Attorneys' Eyes Only Information" in such a way that would violate the Protective Order in this action or result in access to such discovery material by any person or entity not subject to the Protective Order. |

Defendants claim to have three goals related to the AI provision, which are "to ensure that: (1) public AI tools cannot have access to any received discovery material; (2) private AI tools cannot have access to confidential/AEO received discovery material; (3) if a party properly uses an AI tool on received discovery, it can't use it to train models and must delete info in accordance with the PO."  Joint Stip. at 3.  Each of these goals is already accomplished by the language the Parties previously agreed on (which is now Plaintiffs' proposed language).  Defendants' language

3

does nothing to advance these goals, and in some cases further confuses them.  For instance, Defendants' position in the joint stipulation references a "party properly us[ing] an AI tool," but their language has removed any reference to allowable uses of AI tools.

For the foregoing reasons, the Court should use Plaintiffs' proposed language on the use of AI for the ESI protocol.

DATED:  June 1, 2026                          MUNGER, TOLLES & OLSON LLP


By:        */s/ Jacob S. Kreilkamp*
                JACOB S. KREILKAMP
                *Counsel for Stop/Arrest Plaintiffs*

4