STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRÁN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*

RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER,<br><br>     Plaintiffs,<br><br>  v.<br><br>Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his | Case No.: 2:25-cv-05605-MEMF-SP<br><br>***DISCOVERY MATTER***<br><br>**JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY**<br><br>*[Filed concurrently with Declaration of Anne Lai and Exhibits thereto]*<br><br>Referred to Hon. Sheri Pym<br>United States Magistrate Judge<br><br>Date:  June 23, 2026<br>Time: 11:00 a.m.<br><br>Discovery Cutoff:  March, 24, 2027<br>Pre-Trial Conf.:  August 4, 2027<br>Trial:  August 23, 2027 |

official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Todd BLANCHE, in his official capacity as Acting U.S. Attorney General; Jaime RIOS, in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Dean T. SORENSON, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Justin DE LA TORRE, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as First Assistant U.S. Attorney for the Central District of California,

Defendants.

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
DAVID FRY (SBN 189276)
david.fry@mto.com
SARA H. WORTH (SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER (SBN 343388)
henry.shreffler@mto.com
LAURA R. PERRY (SBN 342504)
laura.perrystone@mto.com
LAUREN E. KUHN (SBN 343855)
lauren.kuhn@mto.com
MAGGIE BUSHELL (SBN 354048)
maggie.bushell@mto.com
ANGELA URIBE (SBN 353579)
angela.uribe@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

JESSICA KARP BANSAL (SBN 277347)
Jessica@ndlon.org
LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

BREE BERNWANGER (SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS (SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on June 23, 2026, at 11:00 a.m. or as soon thereafter as counsel may be heard, before the Honorable Sheri Pym in Courtroom 4 of the United States District Court for the Central District of California, 3470 Twelfth Street, Riverside, California 92501, Plaintiffs Pedro Vasquez Perdomo, Carlos Alexander Osorto, Isaac Villegas Molina, Jorge Hernandez Viramontes, Jason Brian Gavidia, the Los Angeles Worker Center Network, United Farm Workers, Coalition for Humane Immigrant Rights, and Immigrant Defenders Law Center (collectively, "Plaintiffs") will, and hereby do, move the Court for an order compelling Defendants to produce documents responsive to Plaintiffs' and Intervenors' Requests for Production.

This Motion is based upon this Notice of Motion, the Joint Stipulation, the Declaration of Anne Lai and exhibits thereto, and any other papers or argument of counsel that may be filed or submitted in connection with this Motion.

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37-1, counsel for Plaintiffs and Defendants' counsel have met and conferred via teleconference and exchanged written correspondence in an attempt to resolve their disputes. The parties held telephonic conferences on May 11 and May 15, 2026. The parties have been unable to reach agreement regarding the subject matter of this Motion. This Motion is based upon this Notice of Motion, the Joint Stipulation, and any other papers or argument of counsel that may be filed or submitted in connection with this Motion.

DATED: June 1, 2026                    MUNGER, TOLLES & OLSON LLP


By:     /s/ Jacob S. Kreilkamp
        JACOB S. KREILKAMP
        *Counsel for Stop/Arrest Plaintiffs*

DATED:  June 1, 2026

HECKER FINK LLP

By:    /s/ Matthew Craig
MATTHEW CRAIG
*Counsel for Access/Detention Plaintiffs*

DATED:  June 1, 2026

MUNGER, TOLLES & OLSON LLP

By: */s/ E. Martin Estrada*
E. MARTIN ESTRADA
*Counsel for Intervenors Cities of Los Angeles, Anaheim, Bell Gardens, Beverly Hills, Carpinteria, Culver City, Huntington Park, Long Beach, Lynwood, Montebello, Monterey Park, Oxnard, Paramount, Pico Rivera, Pomona, Santa Ana, Santa Barbara, Santa Monica, South Gate, and West Hollywood*

OFFICE OF THE LOS ANGELES CITY ATTORNEY

By:    */s/ Hydee Feldstein Soto*
Hydee Feldstein Soto
*Counsel for Intervenor City of Los Angeles*

OFFICE OF THE COUNTY COUNSEL

By:    */s/ Brigit Greeson Alvarez*
Brigit Greeson Alvarez
*Counsel for Intervenor County of Los Angeles*

OFFICE OF THE CITY ATTORNEY OF PASADENA

By:    */s/ Arnold F. Lee*
Arnold F. Lee
*Counsel for Intervenor City of Pasadena*

DATED:  June 1, 2026

UNITED STATES DEPARTMENT OF JUSTICE

By:     */s/ Jonathan A. Robbins*

JONATHAN A. ROBBINS
Assistant Director
Office of Immigration Litigation
*Counsel for Defendants*

# TABLE OF CONTENTS

**Page**

I.    PLAINTIFFS' INTRODUCTORY STATEMENT ......................................................5

II.   INTERVENORS' INTRODUCTORY STATEMENT ............................................5

III.  DEFENDANTS' INTRODUCTORY STATEMENT ..............................................5

IV.   PLAINTIFFS' CONTENTIONS AND POINTS AND AUTHORITIES...........................6

V.    DEFENDANTS' CONTENTIONS AND POINTS AND AUTHORITIES.......................10

JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY (BOVINO RFPS)

## I.      PLAINTIFFS' INTRODUCTORY STATEMENT

Gregory Bovino was, until recently, the "Commander at Large" of "Operation At Large." The *New York Times* has labeled him the "face of the Trump administration's mass deportation campaign."  Katie J.M. Baker and Hamed Aleaziz, "Gregory Bovino's Final Days: Harsh Words and Few Regrets," *New York Times* (Mar. 24, 2026) ("Bovino's Final Days").  Bovino reportedly planned and participated in operations at issue in this case—and he defended them in the media. *See* https://www.youtube.com/watch?v=RyS9_vOdxXo (Fox News segment titled "WATCH: Inside the 'Trojan Horse' Raid at a California Home Depot").  Bovino is as central a witness in this case as anyone, but in response to document requests served in connection with Bovino's deposition notice, Defendants are seeking to drastically limit the documents they produce from him by using demonstrably unreliable collection methods and unreasonable search terms. Defendants should be ordered to collect documents in a manner that complies with the requirements of Rule 26.

## II.     INTERVENORS' INTRODUCTORY STATEMENT

Intervenors join Plaintiffs' position in full.

## III.    DEFENDANTS' INTRODUCTORY STATEMENT

From the service of Plaintiffs' and Interventors' Notice of Videotaped Deposition of Gregory K. Bovino and Requests for Production of Documents ("Bovino RFPS") on March 27, 2026, through the present, Defendants have collaboratively engaged in general discovery with Plaintiffs and, as such, any order to compel discovery is unwarranted. While continuing to fulfill Plaintiffs' limited, expedited discovery requests and negotiating the parties' ESI protocol, Defendants have timely provided responses and objections ("R&Os") to Plaintiff and Intervenors Bovino RFPs, participated in two meet and confers, engaged in detailed email and letter correspondence, as part of ongoing, joint negotiations to ensure that general discovery is relevant, proportional, and not unduly burdensome. *See generally* fed. R. Civ. P. 26(b)(1). As part of the meet and confer negotiations to date, Defendants have been able to reach agreement on many

points, an indication of its good faith efforts to comply with its discovery obligations. In fact, Defendants have agreed to certain proposals of Plaintiffs, only to have Plaintiffs alter their requests once the Defendants agree to the original proposal.  Defendants maintain that any order regarding Bovino RFPs is unwarranted, as Defendants expect to continue to work cooperatively and expeditiously to resolve the parties' general discovery disputes.

## IV.   PLAINTIFFS' CONTENTIONS AND POINTS AND AUTHORITIES

### A.   Factual Background

#### 1.   Plaintiffs' and Intervenors' Requests for Production

On March 27, 2026, Plaintiffs and Intervenors served a Notice of Videotaped Deposition of Gregory K. Bovino and Requests for Production of Documents ("Bovino RFPs") pursuant to Federal Rule of Civil Procedure 34.  The Bovino RFPs contained 11 requests for production specific to Defendant Gregory K. Bovino and related to his time as the Commander-at-Large of Operation at Large.  Declaration of Anne Lai ("Lai Decl."), Ex. A.

#### 2.   Defendants' Responses and Objections

On April 27, 2026, Defendants served their Responses and Objections ("Responses") to the Bovino RFPs.  Lai Decl., Ex. B.  The Responses to nearly all of the Bovino RFPs indicate that Defendants intend to collect documents through a process that will omit large numbers of relevant documents.  *Id.* at 6, 7, 10, 11, 13, 14, 16, 18.

***Document Collection***.  For most of the Bovino RFPs (RFPs 2, 3, 4, 5, 6, 7, 9, and 11), Defendants propose a collection process with two fundamental defects:

*First*, they intend to collect only those documents that contain one of the following four terms:  "Operation At Large", "Op at Large", "OAL", or "Los Angeles".  On its face, that restriction is indefensible.  These inappropriate limiting terms are the same ones that Defendants have proposed for all document collection and Plaintiffs have already briefed the issues with these terms in their Motion to Compel Discovery related to other RFPs (ECF No. 510) and in the Joint Motion for Entry of ESI Protocol (ECF No. 511).  These terms are especially inappropriate in connection with the Bovino RFPs.  There is no reason to think that Bovino and those he

communicated with would have included one of those terms in every one of their communications concerning the operation—or anything close to that.  For months, Bovino was in Los Angeles running Operation At Large, and the vast majority of his communications would have concerned that operation.  It makes no sense to expect that he would include the name of the operation in all of his communications regarding it (or that he would always spell out "Los Angeles," rather than saying "LA").  Defendants' proposed limitation is calculated to omit the great majority of responsive documents from the collection.

*Second*, Defendants propose to search for those four terms using Microsoft Purview.  Essentially, Defendants would pull from Bovino's Microsoft 365 environment (emails, slides, word processing documents) only those documents that Purview identifies as having one of the four terms mentioned above.  It is not appropriate to search in Microsoft Purview at all because, as Microsoft itself has stated publicly, the software does not index adequately, and thus will not reliably return every document that contains a search term.  All term searches should be run *only* in Relativity, which does not have this problem and will identify every document with the searched term.

**Search Terms for Bovino RFP 7.**  Defendants do not propose to produce, or even to review, all of the documents that hit on the four "collection" search terms referenced above.  Rather, they want to apply additional search terms to further narrow the universe for review.  The parties have reached agreement as to the additional search terms to be used for all RFPs except RFP 7, which requests communications concerning B-18.  If a proper collection was done (i.e., if all of Bovino's data were loaded in Relativity to be searched), the application of search terms might be appropriate.  But which search terms are appropriate—if any—necessarily depends on the number of documents there are to review and how the proposed terms would affect the burden.  Defendants have provided no information regarding how many documents there are in total or the number that are responsive to search terms for RFP 7, so have not justified narrowing the universe of documents to review.

JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY (BOVINO RFPS)

### 3.    Meet and Confer Efforts

Plaintiffs have made numerous attempts to meet and confer with Defendants on these issues to try to reach resolution.  Plaintiffs sent Defendants a 5-page letter on May 1, 2026, setting forth their disagreement with Defendants' Responses.  Lai Decl., Ex. C.  The parties then met and conferred about the Bovino RFPs on Monday, May 11 and Friday, May 15.  Lai Decl., ¶ 7.  The parties further exchanged additional e-mail correspondence and came to agreement on a number of issues, but were unable to resolve their disputes about the initial search terms or the additional search terms for RFP 7.

### B.    Argument

### 1.    Defendants' Proposed Document Collection Process Is Inappropriate.[1]

Defendants insist on a search process that will predictably omit most of the responsive documents by limiting the universe of documents that are collected and loaded into Relativity for further searching to those that include one of these four terms: "Operation at Large", "Op At Large", "OAL", or "Los Angeles".  That limitation is unreasonable.  It simply is not plausible that Bovino or people with whom he communicated would have included one of those four specific terms in every communication concerning Operation At Large in Los Angeles, particularly during the months that Bovino was in Los Angeles running that operation.  Presumably, a large majority of Bovino's communications during that time concerned the operation, and there is no reason to expect he or any of his colleagues would have felt compelled to specify the operation in their messages (or that they would write out "Los Angeles" rather than saying "LA," even if they did).  Defendants' proposed approach of initial filtering for nearly all the RFPs using these terms appears calculated to eliminate the vast majority of responsive documents even before review begins.

Making matters worse, Defendants propose to do this filtering process using Microsoft Purview, despite the software's well-documented limitations.  Specifically, Microsoft does not

---

[1] The  arguments in this section reflect a broader dispute about document collection for this case. *See* Joint Stipulation re: Joint Motion for Entry of ESI Protocol at pp. 4–6, ECF No. 511. Plaintiffs maintain that this is an inadequate collection process for *any* custodian.

completely "index" documents in its system, and so searching using Microsoft Purview will omit some documents even though they contain a searched term. *See Deal Genius, LLC v. O2COOL, LLC*, No. 21 C 2406, 2022 WL 17418933, at *2 (N.D. Ill. Oct. 24, 2022) (listing several limitations of Microsoft, including that Microsoft 365 does not fully index data, does not accommodate complex Boolean searches, and does not allow users to validate search and production results). Defendants' proposed use of search terms therefore will not result in a reasonable inquiry under Rule 26(g). *Id.*, at *2 ("Microsoft 365 has functionality that allows users to conduct searches for particular information. However, Microsoft 365 has technological limitations that may not allow a responding party to generate reliable search results—as would typically be possible with an electronic discovery platform that has a fully indexed database and an advanced search engine—and thus satisfy the Rule 26(g) reasonable inquiry standard.").

The correct approach is to use criteria that can reliably be applied to Microsoft data—custodian and date range—to do the initial collection of documents. Those documents should then be loaded into Relativity, which fully indexes documents and allows for a reliable term search. This will not create additional document review burden for Defendants—except to the extent that their proposed approach would have improperly omitted responsive documents.

### 2. Defendants' Proposed Search Terms for RFP 7 Are Inadequate.

RFP 7 asks for communications "concerning B-18, including Border Patrol's roles, responsibilities, and functions at or around B-18, and/or the transportation of individuals for Title 8 arrest processing to B-18 or other facilities in connection with Operation at Large in the Central District of California." Lai Decl., Ex. A at 4. Defendants have proposed searching for "B-18," "300 N. Los Angeles," "the Federal Building," "Santa Ana," and "Adelanto"—all within 5 words of ("transport!" or "mov!" or "transfer!" or "process!"). Lai Decl., Ex. D at 1. These terms are too narrow for "B-18," "300 N. Los Angeles," and "the Federal Building." The use of the additional limiters "transport!", "mov!", "transfer!", and "process!" would mean that Defendants would not produce any documents regarding Border Patrol's roles, responsibilities, and functions at or around B-18 except as those related to transportation or processing. Plaintiffs have proposed: "B18," "B-18," "300 N. Los Angeles," and "the Federal Building" *without* the use of additional

limiters, as these terms are more likely to encompass the universe of documents responsive to this RFP.

Defendants' objections to the B-18 related search terms without limiters are simply far-fetched.  Defendants have objected to searching for "B18" and "B-18" as standalone terms because they refer, respectively, to "industrial fasteners that are often discussed in the tariff issues that CBP handles" and "a style of women's shoe."  Lai Decl., Ex. D at 7.  But Defendants have not provided any indication that Bovino's inbox is populated with a high volume of irrelevant emails concerning "B18" fastener tariffs or "B-18" women's shoes.  Defendants have also objected to the use of "300 N. Los Angeles Street" and "the Federal Building" on the ground that they would sweep in irrelevant communications concerning CBP's assistance protecting that location.  Lai Decl., Ex. D at 7.  But Defendants have consistently argued that restrictions on legal access at B-18 resulted from concern about the physical security of the Federal Building during protest activity.  *See, e.g.*, ECF 168 at 11–12.  CBP's assistance protecting that location is therefore directly relevant to the lawsuit—and therefore so are any emails discussing that topic.

## V.   DEFENDANTS' CONTENTIONS AND POINTS AND AUTHORITIES

### A.   Factual Background

On April 27, 2026, Defendants served their Responses and Objections ("Responses") to the Bovino RFPs.  Lai Decl., Ex. B.

Subsequently, the Parties meet and confer efforts on May 11 and May 15, 2026, and accompanying email and letter correspondence sought to jointly resolve Defendants' objections to and narrow the scope of Bovino RFPs to be relevant and proportional to the needs of the litigation. The Defendants propose the following compromises.

JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY (BOVINO RFPS)

B.    **Argument**

1.    **Defendants' Proposals to Narrow Plaintiffs' Overbroad, Disproportionate, and Unduly Burdensome Discovery Requests are Proper**

"Federal rule of civil procedure 26(b)(1) governs the scope of discovery … and provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Cooper v. Cnty. Of San Luis Obispo*, 350 F.R.D. 625, 630 (C.D. Cal. 2025). Additionally, "Rule 26(b)(1) requires that discovery be proportional to the needs of the case." *Id.* "Proportionality is determined by a consideration of the following factors: 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)). Additionally, "[d]istrict courts need not condone the use of discovery to engage in 'fishing expeditions.'" *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).

Defendants have thoughtfully considered the scope of the litigation as currently understood from Plaintiffs' complaint and the considerable discovery already produced through expedited discovery. Based upon those facts, Defendants offer ways to narrow Plaintiffs' overly broad and burdensome requests, while still providing Plaintiffs the information they are seeking through discovery. For example, Defendants reviewed when it was most likely that Chief Bovino was in Los Angeles and directly and daily handling the operations in Los Angeles. Despite that thoughtful research and the unlikelihood of the need for such an expansive timeframe, Defendants have agreed to expand the timeframe to May 19, 2025 to March 24, 2026 for all RFPs except for RFPs 4 and 10.

2.    **Defendants' Proposed Document Collection Process:**

***Document Collection and Search Terms***: Defendants continue to argue that it is

appropriate to pull documents from Bovino's Microsoft 365 environment which includes, for example: emails and all attachments, slides, TEAMs chats, pdfs, spreadsheets, and word processing documents using the timeframe and broad, basic search terms.  Given the high number of custodians requested by Plaintiffs for all discovery requests both in expedited discovery and merits discovery and the broad date range for each custodian search, Defendants cannot agree to solely use "objective criteria" (custodian and date range) in Archive 360 and Purview for merits discovery.  A pull with only "objective criteria" would require a pull of all email and Microsoft 365 data associated with each custodian during the agreed upon date range.  The volume of this data would significantly burden the agency's systems and would have a negative impact on the work of the rest of the agency, e.g., other discovery requirements for other cases in federal courts, Freedom of Information Act (FOIA) requests, Congressional requests, and other administrative cases. Hence, without this target filter step, the agency would be required to review an undifferentiated and expansive datasets, dramatically increasing the burned, time, and cost of production, while reducing efficiency and precision in collection of information.  The initial keyword searching is a reasonable and necessary method to narrow the scope of potentially relevant materials for review.  As defendants have consistently said throughout the meet and confer process, we are more than willing to consider additional search terms.  Despite this willingness, opposing counsel has offered no additional search terms.

*Time Limitations*: Defendants continue to argue that the relevant time frame of the document requests should be limited to June 6, 2025 to February 10, 2026, which encompasses the timeframe of "Operation at Large" in Los Angeles.  That said, as set forth below, Defendants have negotiated to expand this range for all of the RFPs except RFP 4 and RFP 10 in the interest of reaching a mutually agreeable solution with Plaintiffs. For all RFPs except RFP 4 and 10, defendants agree to expand the timeframe to May 19, 2025 to March 25, 2026.  Even if the court agrees to expand this time frame beyond what Defendants have already agreed to expand,

JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY (BOVINO RFPS)

Plaintiffs do not offer strong arguments for why the document production request should go back to January 20, 2025, and continue to the present.  Mr. Bovino is no longer the Border Patrol commander-at-large and there is no reason to believe that Defendant CBP would  have relevant documents after his departure from the agency.

*Production of Videos*: Defendants still object to RFP 10 which requests "All body camera footage or other video or audio recordings taken by YOU concerning IMMIGRATION ENFORCEMENT OPERATIONS in the Central District of California."

Defendants object to this RFP as vague and overly broad. Defendants agree to produce Mr. Bovino's body-worn camera footage from June 6, 2025 to September 1, 2025, the dates for which Mr. Bovino was physically in Los Angeles.  However, Defendants will not agree to produce all video or audio recordings that Mr. Bovino made as not all the video may be responsive to this litigation.  Additionally, plaintiffs will receive responsive records from Mr. Bovino's government phone and government computer through expedited discovery, because the court already ordered defendants to forensically image his government phone and government laptop and produce the responsive records.

*Specifically Disputed RFPs*: Defendants have been working in good faith to narrow the disputes pertaining to specific RFPs.  The parties have reached agreement on most of the issues, but a handful remain disputed.

### (a)    RFP 1:

Plaintiffs requested: All COMMUNICATIONS with former Secretary of Homeland Security Kristi Noem, Corey Lewandowski, Stephen Miller, Tom Homan, and/or U.S. Border Patrol Chief Michael W. Banks concerning YOUR role as Incident Commander for Operation At Large or IMMIGRATION ENFORCEMENT OPERATIONS in the Central District of California.

Defendants agreed to Plaintiffs' initial proposed date range of June 1, 2025 – March 24, 2026 timeframe, proposed during the meet and confer process.  After Defendants agreed to that date range compromise, Plaintiffs rescinded that proposal and have altered their proposed date range to May 19, 2025 – March 24, 2026.  Defendants believe the initial compromise is an

appropriate, proportionate date range which captured the relevant discoverable information. However in the spirit of compromise, Defendants will agree to their broader timeframe beginning at May 19, 2025.

The parties also appear to agree on the other issues implicated in this RFP. CBP agreed – per Plaintiffs' request in the meet and confer process – to do a separate pull from Purview and A360 using the timeframe and the emails of the individuals named in the RFP.  Once we know the amount of the items pulled, Defendants may have to negotiate further limiting terms with opposing counsel.  If the amount is low, Defendants are willing to review all items.

Defendant CBP also reserves the right to re-visit any and all search terms should Plaintiffs negotiate the search terms for A360/Purview or should the motion to compel be granted that CBP must pull all of the ESI within that timeframe without its proposed filters.  The search terms to be used in RelOne will need limiting terms to ensure Defendant CBP is not required to review every single email, email attachment, TEAMs chat, slides, pdfs, spreadsheets, and word processing documents that happens to be pulled based only on timeframe and custodian and most of those items will not be related to this litigation.

### (b)    RFP 2:

Plaintiffs requested: All COMMUNICATIONS concerning IMMIGRATION ENFORCEMENT OPERATIONS in the Central District of California containing the terms "turn and burn," "Alley Cat," "day labor," "day work," "illegals," "tonc," "tonk," "wet," "beaner," "invade," "invasion," "scum," "filth," "dirty," "garbage," "poison," "animals," "dark," "roving patrol" and/or reasonable variations on these root words and terms.

Defendant CBP will use the following search terms to pull initial documents from purview and Microsoft 365 with Mr. Bovino as the custodian: "Operation At Large" or "Op at Large" or "OAL" or "Los Angeles".  As discussed above, this point remains in dispute (as it does for many

of the RFPs) given the extraordinary amount of data implicated by the number of custodians and wide-ranging dates pertaining to this case.

Though as discussed above, the parties dispute the terms of the initial pull, with respect to the refining search terms, the parties have reached agreement. Defendant CBP agreed to use the following search terms to further refine the search:

"turn and burn," "Alley Cat," "day labor," "day work," ("tonc" or "tonk"), ("wetback or "wet" /2 "back), "beaner," ("invade" or "invasion"), ("scum" or "filth" or "dirty" or "garbage"), "poison," "roving patrol," "illegals".

Defendant CBP reserves the right to re-visit any and all search terms should Plaintiffs negotiate the search terms for A360/Purview or should the motion to compel be granted that CBP must pull all of the ESI within that timeframe without its proposed filters. The search terms to be used in RelOne will need limiting terms to ensure Defendant CBP is not required to review every single email, email attachment, TEAMs chat, slides, pdfs, spreadsheets, and word processing documents that happens to be pulled based only on timeframe and custodian and incredibly expansive search terms. Due to the expansive search terms and timeframe, it is likely most documents will not be related to the litigation, which will require more time to review all documents.

### (c)    RFP 4:

Plaintiffs requested: All COMMUNICATIONS concerning the Temporary Restraining Order issued in this action.

Defendant CBP will use the following search terms to pull initial documents from purview and Microsoft 365 with Chief Bovino as the custodian: "Operation At Large" or "Op at Large" or "OAL" or "Los Angeles".

Though as discussed above, the parties dispute the terms of the initial pull, with respect to the refining search terms, the parties have reached agreement.  The search will only be from June 13, 2025 to September 1, 2025 and only use the refining terms "Temporary Restraining Order" or "TRO".

Defendant CBP reserves the right to re-visit any and all search terms should Plaintiffs negotiate the search terms for A360/Purview or should the motion to compel be granted that CBP must pull all of the ESI within that timeframe without its proposed filters.  The search terms to be used in RelOne will need limiting terms to ensure Defendant CBP is not required to review every single email, email attachment, TEAMs chat, slides, pdfs, spreadsheets, and word processing documents that happens to be pulled based only on timeframe and custodian and incredibly expansive search terms.  Due to the expansive search terms and timeframe, it is likely most documents will not be related to the litigation, which will require more time to review all documents.

**(d)    RFP 5:**

Plaintiffs requested: All COMMUNICATIONS concerning any allegation that any Border Patrol agent(s) violated the Constitution, statutes, or agency policy regarding stops or arrests, or were encouraged to engage in actions that violated the Constitution, statutes, or agency policy regarding stops or arrests, during the course of Operation At Large in the Central District of California.

JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY (BOVINO RFPS)

Defendant CBP will use the following search terms to pull initial documents from purview and Microsoft 365 with Chief Bovino as the custodian: "Operation At Large" or "Op at Large" or "OAL" or "Los Angeles".

Though as discussed above, the parties dispute the terms of the initial pull, with respect to the refining search terms, the parties have reached agreement.  Defendant CBP will use the following search terms to further refine the search: "violat!" w/5 ("Constitution" or "statute" or "policy")

Defendant CBP reserves the right to re-visit any and all search terms should Plaintiffs negotiate the search terms for A360/Purview or should the motion to compel be granted that CBP must pull all of the ESI within that timeframe without its proposed filters.  The search terms to be used in RelOne will need limiting terms to ensure Defendant CBP is not required to review every single email, email attachment, TEAMs chat, slides, pdfs, spreadsheets, and word processing documents that happens to be pulled based only on timeframe and custodian and incredibly expansive search terms.  Due to the expansive search terms and timeframe, it is likely most documents will not be related to the litigation, which will require more time to review all documents.

### (e)    RFP 7:

Plaintiffs requested: All COMMUNICATIONS concerning B-18, including Border Patrol's roles, responsibilities, and functions at or around B-18, and/or the transportation of individuals for Title 8 arrest processing to B-18 or other facilities in connection with Operation At Large in the Central District of California.

Defendant CBP will agree to a date range of May 19, 2025 – March 24, 2026, per Plaintiffs latest proposal.  Defendant CBP maintains its search terms for the A360 and Purview pull.

-17-    Case No.: 2:25-cv-05605-MEMF-SP

JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY (BOVINO RFPS)

Knowing they had already started the motion to compel process, Plaintiffs provided their latest proposal for this RFP on May 29, 2026.  Defendants appreciate that Plaintiffs have agreed to a timeframe of May 19, 2025 to March 24, 2026.  In the spirit of compromise, Defendants have accepted some of their new proposals.  Although Plaintiffs maintain that "B-18", "B18", and "300 N. Los Angeles" should remain standalone, CBP will compromise with a larger within limitation. Defendants will also accept "the Federal Building" as a term with limiting words.  Lastly, Defendants accept expanding the within limitation to w/5 for "Adelanto" and "Santa Ana".

Defendant CBP will use the following search terms to pull initial documents from purview and Microsoft 365 with Mr. Bovino as the custodian: "Operation At Large" or "Op at Large" or "OAL" or "Los Angeles".  Though as discussed above, the parties dispute the terms of the initial pull, with respect to the refining search terms, the parties have reached agreement.  Defendant CBP will then use the following search terms to further refine the search:

("B-18" or "B18") w/5 ("transport!" OR "mov!" OR "transfer!" OR "process!")

"300 N. Los Angeles" w/5 ("transport!" OR "mov!" OR "transfer!" OR "process!")

"Adelanto" w/5 ("transport!" OR "mov!" OR "transfer!" OR "process!")

"Santa Ana" w/5 ("transport!" OR "mov!" OR "transfer!" OR "process!")

"the Federal Building" w/5 ("transport!" OR "mov!" OR "transfer!" OR "process!")

Defendant CBP reserves the right to re-visit any and all search terms should Plaintiffs negotiate the search terms for A360/Purview or should the motion to compel be granted that CBP must pull all of the ESI within that timeframe without its proposed filters.  The search terms to be used in RelOne will need limiting terms to ensure Defendant CBP is not required to review every single email, email attachment, TEAMs chat, slides, pdfs, spreadsheets, and word processing documents that happens to be pulled based only on timeframe and custodian and incredibly expansive search terms.  Due to the expansive search terms and timeframe, it is likely most

documents will not be related to the litigation, which will require more time to review all documents.

### (f)    RFP 9:

Plaintiffs requested: All notes, talking points, slide presentations, and/or prepared remarks for any interviews, speeches, or Border Patrol meetings, briefings, or musters at which you spoke concerning IMMIGRATION ENFORCEMENT OPERATIONS in the Central District of California.

Defendant will use the following search terms to pull initial documents from purview and Microsoft 365 with Chief Bovino as the custodian: "Operation At Large" or "Op at Large" or "OAL" or "Los Angeles" or "LA".  Though as discussed above, the parties dispute the terms of the initial pull, with respect to the refining search terms, the parties have reached agreement.  CBP Defendants will use the following search terms to further refine the search:

("interview" or "speech") w/5 ("media" or "journalist" or "news")

("talking point" or "PowerPoint" or "presentation" or "slides") w/5 ("muster" or "briefing").

Defendant CBP reserves the right to re-visit any and all search terms should Plaintiffs negotiate the search terms for A360/Purview or should the motion to compel be granted that CBP must pull all of the ESI within that timeframe without its proposed filters.  The search terms to be used in RelOne will need limiting terms to ensure Defendant CBP is not required to review every single email, email attachment, TEAMs chat, slides, pdfs, spreadsheets, and word processing documents that happens to be pulled based only on timeframe and custodian and incredibly expansive search terms.  Due to the expansive search terms and timeframe, it is likely most documents will not be related to the litigation, which will require more time to review all documents.

### (g)    RFP 11:

JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY (BOVINO RFPS)

Plaintiffs requested: All COMMUNICATIONS concerning any of the Plaintiffs in this action.

As with the RFPs listed above, Defendant CBP will use the following search terms to pull initial documents from purview and Microsoft 365 with Mr. Bovino as the custodian: "Operation At Large" or "Op at Large" or "OAL" or "Los Angeles".

Defendants have worked diligently with Plaintiffs to reach agreement on the terms used to further refine the search and agreed to all reasonable proposals from plaintiffs:

("Perdomo") w/10 ("June" or ("Pasadena" and "bus stop"))

("Osorto") w/10 ("June" or ("Pasadena" and "bus stop"))

("Molina") w/10 ("June" or ("Pasadena" and "bus stop"))

("Viramontes") w/10 ("June" or "Car Touch and Flow" or "carwash" or "car wash" or "Touch and Glow")

("Gavidia") w/10 ("June" or "junkyard" or "Olympic" ).

Defendant CBP reserves the right to re-visit any and all search terms should Plaintiffs negotiate the search terms for A360/Purview or should the motion to compel be granted that CBP must pull all of the ESI within that timeframe without its proposed filters.  The search terms to be used in RelOne will need limiting terms to ensure Defendant CBP is not required to review every single email, email attachment, TEAMs chat, slides, pdfs, spreadsheets, and word processing documents that happens to be pulled based only on timeframe and custodian and incredibly expansive search terms.  Due to the expansive search terms and timeframe, it is likely most documents will not be related to the litigation, which will require more time to review all documents.

JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY (BOVINO RFPS)

### 3.   Defendants ask the Court to set reasonable deadlines for the resolution of the Parties' outstanding discovery issues.

Defendants are committed to continuing to meet and confer with Plaintiffs to resolve their outstanding discovery disputes and do not believe that a process or timeline imposed by this Court is necessary. As set forth above, the parties have been diligently negotiating and remain hopeful that there are some areas where the Parties may be able to reach consensus.

If the Court so orders, Defendants will require more than seven days to pull all of Mr. Bovino's documents from January 20, 2025 through March 24, 2026 into Relativity.  Defendants require 15 days, in case there are any issues with the pulls.  Defendants, though, will attempt to provide it sooner.

Further, Defendants will require at least seven business days to produce the first search term hit reports.  Although, given that Defendants have largely agreed to all of the search terms that Plaintiffs requested, Defendants do not think this additional step is necessary unless the search terms return a burdensome amount of documents to review.

Defendants respectfully remind Plaintiffs that this litigation now implicates several arms of the executive branch and numerous agency components. Each of these entities represent numerous clients who possess different equities in the progress of this litigation, including discovery. Coordination amongst these stakeholders inevitably requires time, and despite Plaintiffs representations otherwise, Defendants have taken all steps to ensure that discovery requests and other requests for information are dealt with quickly, comprehensively, and in a manner that preserves Defendants' interests. This is especially true here, where plaintiffs only served these RFPs on March 27, 2026.  In only 2 months, the parties have come to agreement on most terms for these RFPs.  An order compelling defendants to accelerate this coordination will face the same logistical constraints that Defendants are already navigating in their efforts to comply in good faith with this matter's general discovery process.

DATED:  June 1, 2026                MUNGER, TOLLES & OLSON LLP


By:  _____/s/ Jacob S. Kreilkamp_____
JACOB S. KREILKAMP
*Counsel for Stop/Arrest Plaintiffs*


DATED:  June 1, 2026                HECKER FINK LLP


By:  _____/s/ Matthew Craig_____
MATTHEW CRAIG
*Counsel for Access/Detention Plaintiffs*


DATED:  June 1, 2026                MUNGER, TOLLES & OLSON LLP


By:  _____/s/ E. Martin Estrada_____
E. MARTIN ESTRADA
*Counsel for Intervenors Cities of Los Angeles, Anaheim, Bell Gardens, Beverly Hills, Carpinteria, Culver City, Huntington Park, Long Beach, Lynwood, Montebello, Monterey Park, Oxnard, Paramount, Pico Rivera, Pomona, Santa Ana, Santa Barbara, Santa Monica, South Gate, and West Hollywood*

OFFICE OF THE LOS ANGELES CITY ATTORNEY


By:  _____/s/ Hydee Feldstein Soto_____
Hydee Feldstein Soto
*Counsel for Intervenor City of Los Angeles*


OFFICE OF THE COUNTY COUNSEL


By:  _____/s/ Brigit Greeson Alvarez_____
Brigit Greeson Alvarez
*Counsel for Intervenor County of Los Angeles*


OFFICE OF THE CITY ATTORNEY OF PASADENA

By:      /s/ Arnold F. Lee
         Arnold F. Lee
         *Counsel for Intervenor City of Pasadena*

DATED:  June 1, 2026          UNITED STATES DEPARTMENT OF JUSTICE


By:      /s/ Jonathan A. Robbins
         JONATHAN A. ROBBINS
         Assistant Director
         Office of Immigration Litigation
         *Counsel for Defendants*

JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY (BOVINO RFPS)

## ATTESTATION OF FILER

I attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

DATED:  June 1, 2026                         MUNGER, TOLLES & OLSON LLP


By:    */s/ Jacob S. Kreilkamp*
                JACOB S. KREILKAMP
                *Counsel for Stop/Arrest Plaintiffs*

JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY (BOVINO RFPS)