STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRÁN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081-0007
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER,<br><br>    Plaintiffs,<br><br>  v.<br><br>Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official | Case No.: 2:25-cv-05605-MEMF-SP<br><br>***DISCOVERY MATTER***<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING MOTION TO COMPEL**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>Referred to Hon. Sheri Pym<br>United States Magistrate Judge<br><br>Date:  TBD<br>Time: TBD<br><br>Discovery Cutoff:  March, 24, 2027<br>Pre-Trial Conf.:  August 4, 2027 |

SUPPLEMENTAL BRIEF RE: MOTION TO COMPEL DISCOVERY

capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Todd BLANCHE, in his official capacity as Acting U.S. Attorney General; Jaime RIOS, in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Dean T. SORENSON, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Justin DE LA TORRE, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as First Assistant U.S. Attorney for the Central District of California,

  Defendants.

Trial:  August 23, 2027

-ii-

SUPPLEMENTAL BRIEF RE MOTION TO COMPEL DISCOVERY

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
DAVID FRY (SBN 189276)
david.fry@mto.com
ADAM B. WEISS (SBN 296381)
adam.weiss@mto.com
SARA H. WORTH (SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER (SBN 343388)
henry.shreffler@mto.com
LAURA R. PERRY (SBN 342504)
laura.perrystone@mto.com
LAUREN E. KUHN (SBN 343855)
lauren.kuhn@mto.com
ANGELA URIBE (SBN 353579)
angela.uribe@mto.com
MAGGIE BUSHELL (SBN 354048)
maggie.bushell@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

JESSICA KARP BANSAL (SBN 277347)
Jessica@ndlon.org
LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

BREE BERNWANGER (SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS (SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

SUPPLEMENTAL BRIEF RE MOTION TO COMPEL DISCOVERY

Plaintiffs submit this supplemental brief in support of their Motion to Compel Discovery as to United Farm Workers RFPs, Sets One to Three. ECF 510. As the Court is aware, this is a pattern and practice lawsuit where voluminous discovery is necessary and to be expected. Plaintiffs have sought to work with Defendants to narrow the universe of materials to be produced, but Defendants have refused to provide the information necessary to ensure that the narrowing process does not skew the evidence in the case. Defendants have also sometimes refused to compromise and/or have forced Plaintiffs to go through a lengthy game of telephone to get answers. Defendants' foot-dragging is prejudicing Plaintiffs. Defendants should either be ordered to immediately produce the responsive documents or to immediately provide the information necessary and work with Plaintiffs to narrow and/or sequence production in an informed way.

## I.      Production of Body Camera Videos

Body camera videos are an essential source of evidence in this case.  Such videos can—and have—demonstrated that agents have misrepresented their encounters. *See*, *e.g.*, ECF 430, 492 (discussing body camera footage of incident involving Brian Gavidia). Often, body camera footage is the only documentation of an encounter because Defendants generally do not prepare narratives or other documentation of a stop that does not result in arrest. *See* ECF 510-11 (also filed as ECF 178-1).

Defendants' briefing focuses largely on the alleged burden of producing a large number of videos. *See* ECF 510 at 19–20. But Defendants clearly do not believe that the burden associated with producing their proposed 4,685 videos is too great. *See id.* at 20. The issue is that Defendants want to narrow the universe of videos produced using an internal categorization of the videos without giving Plaintiffs the information necessary to understand how that categorization is applied. Plaintiffs asked, for instance, how the body camera videos that have already been produced in this case were categorized, see ECF 510 at 10, but Defendants would not share that information.  Plaintiffs are concerned that Defendants are willing to produce the 4,685 tagged videos because the tags mean they omit most stops of citizens and people with lawful status.

The Court should order Defendants to produce all of the video immediately. They do not need to be reviewed for privilege, as Defendants' previous privilege assertions with respect to

-1-

body camera footage failed. Short of that, Defendants should be ordered to immediately share non-privileged information about their record keeping systems. Without disclosure of such information, Plaintiffs cannot reasonably agree to any proposed subset/sample of videos. *See DeLuca v. Farmers Ins. Exch.,* 2019 WL 4307940, at *5 (N.D. Cal. Sept. 11, 2019) ("Sampling is a methodology … [whereby] one may *confidently* draw inferences about the whole from a representative sample.") (emphasis added) (internal citation omitted); *see also Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1151 (D.C. Cir. 1991).[1]

## II.      Defendants' Inappropriate Date Limitations

### a.   End Date of Searches/Productions

To clarify, Plaintiffs' dispute is with Defendants' imposition of an end date of February 10, 2026 for RFPs 2, 3, 6, 7, 8, 9, 11, 12, 13, 14, 16, 17(a), (b), (c), and (e), 20, 21, and 23. *See* ECF 510 at 11.[2] Defendants contend that February 10, 2026 is appropriate because that is the date they claim Border Patrol's involvement in Operation At Large in the Central District of California ended. *Id.* at 22. But in Defendants' briefing, they point to no additional proof of this "end" beyond their own counsel's assertions, and their statement does not include ICE. *Id.* There is no reason to believe that the challenged policies and practices in this case ended on February 10, 2026—certainly, that is not an established fact.  If Defendants want to argue that they ceased those policies and practices on February 10, 2026, that assertion itself would be subject to the discovery process. A party cannot unilaterally declare that its unlawful conduct ended on a particular date and cut off discovery as of that date.

---

[1] Defendants claim such information is "not relevant to any claim or defense at issue in the instant litigation." ECF 510 at 20. This is plainly incorrect, but it is also beside the point. Defendants also make a generalized assertion that the body camera video tagging information sought could be "possibly protected by the law enforcement privilege." *Id.* Defendants, however, have provided no information as to what, if any, harm would result to law enforcement interests, and further fail to explain how any such harm would result from disclosure in *this* instance, given the existence of a protective order in this case. This failure is striking given that Defendants have already lost previous assertions of the law enforcement privilege in this case. *See* ECF 365 at 11.

[2] After Plaintiffs transmitted their portion of the joint stipulation for this motion to Defendants, the parties subsequently agreed as part of a separate stipulation that Defendants would search for documents responsive to RFP Nos. 7 and 9 up to May 9, 2026. ECF 508.

Plaintiffs do not dispute Defendants' application of an end date of September 30, 2025 or December 16, 2025 for other RFPs. *Cf.* ECF 510 at 22. However, Plaintiffs do object to Defendants' proposal to apply an end date of September 8, 2025 to RFP 17(g), which seeks communications about the Temporary Restraining Order (TRO) in this case. *Id.* at 21–22. Instead, Plaintiffs ask the Court to order Defendants to apply an end date of September 30, 2025, which was Defendants' original proposal in their Objections and Responses to this RFP, ECF 510-07 at 8–10, to capture relevant communications immediately following the stay of the TRO.

### b. Start Date of Searches/Productions

To clarify, Plaintiffs only dispute Defendants' proposal for a start date for searching—of June 6, 2025 (and July 2, 2025 in the case of RFP 17(g))—for RFPs 19 and 14, 16, 17, and 20. ECF 510 at 12–13. As Plaintiffs have explained, a better date for these RFPs would be January 1, 2025,[3] which would capture policy discussions, planning, and guidance in the period between January and June 2025 that would have impacted operations after June 6, 2025. *See id.* Defendants have no answer to this.

### III. Defendants' Inappropriate Custodian Limitations

Defendants suggest that the only alternative to their position on custodians is to be resigned to open-ended and cumulative/duplicative discovery. ECF 510 at 23–24. Not so. Plaintiffs disagreed with Defendants' unilateral approach to identifying custodians and suggested that while narrowing custodians may be reasonable at the outset, that cannot be the end. *Id.* at 13. Defendants must be willing to seek documents from additional custodians as needed depending on how the search progresses. Plaintiffs also pointed to examples where Defendants' proposed custodian list was clearly too narrow. *Id.* at 13–14.

To the extent Defendants are now saying their position on custodians is not fixed, ECF 510 at 19, and the Court is inclined to directly order an initial set of custodians, Plaintiffs propose the below:

---

[3] Defendants' briefing states January 5, 2025, but Plaintiffs' RFPs identify a starting date of January 1, 2025. *See* ECF 510-02 at 4; ECF 510-03 at 5; ECF 510-04 at 5.

SUPPLEMENTAL BRIEF RE MOTION TO COMPEL DISCOVERY

| RFP No. | Defendants' Proposal | Plaintiffs' Proposal |
|---|---|---|
| 3 [Set Two] (seeking narratives) | Limited to narrative mailbox and arresting agents, ECF 510-10 at 1 | Add incident command leadership and staff to capture template and model narratives. |
| 4 [Set Two] (seeking documents relating to intelligence gathering or surveillance) | Limited to members of intelligence units and direct action teams, ECF 510-10 at 1 | Add members of incident command leadership to capture directives, guidelines, protocols. |
| 5 [Set Two] (seeking documents relating to decision to conduct intelligence gathering, surveillance, or enforcement at locations) | Limited to Chief Bovino, ECF 510-10 at 2. | Add incident command leadership and staff. |
| 6 [Set Two] (seeking briefing presentations) | Limited to custodians who created briefings, ECF 510-10 at 2. | Add those who were responsible for approving briefings. |
| 7 [Set Two] (end of shift reports, summaries, or the like) | Limited to incident command leadership, ECF 510-10 at 2. | Add incident command leadership staff and ERO field office leadership. |
| 9 [Set Two] (daily apprehension logs, arrests lists or tallies, etc.), 10 [Set Two] (seeking documents identifying location of operations), 11 [Set Two] (rosters, etc.), 12 [Set Two] (documents depicting command structure) | Limited to incident command leadership, ECF 510-10 at 2. | Add incident command leadership staff, and for RFP No. 9, ERO field office leadership. |
| 13 [Set Two] (deployment instructions, training, and the like) | Limited to incident command leadership and/or their staff, ECF 510-10 at 2. | No objection. |
| 16 [Set Three] (communications soliciting personnel) | Limited to sector and field office leadership for CBP and ERO and HSI field office leadership, ECF 510-07 at 8. | Add team supervisors. |
| 17 [Set Three] (communications related to various substantive topics) | Limited to CBP headquarters custodians and ERO and HSI field office leadership for (a), (b), (c), (e), and CBP incident command leadership and ERO and HSI field office leadership for (c), (f), and (g), ECF 510-07 at 9–10. | For (a), (b), (c), (e), add team supervisors.<br><br>For (c), (f), (g), add DHS leadership. |
| 19 [Set Three] (communications related to | For CBP, limited to ICC and NICC Commander, Chief of | For CBP, add staff of custodians identified by |

SUPPLEMENTAL BRIEF RE MOTION TO COMPEL DISCOVERY

| | | |
|---|---|---|
| National Incident Command Center (NICC)) | Staff, and Deputy Senior Coordinating Official, ECF 510-07 at 12. | Defendants. Add DHS leadership. |
| 20 [Set Three] (communications with Stephen Miller and/or Tom Homan related to various topics) | Limited to CBP headquarters and incident command leadership and ERO and HSI leadership, ECF 510-07 at 13–14. | Add DHS leadership.[4] |
| 21 [Set Three] (communications related to changes in training) | Limited to the CBP Office of Chief Counsel and ICE Office of the Principal Legal Advisor, ECF 510-07 at 14–15. | Add CBP incident command leadership and ERO and HSI field office leadership. |

## IV.   Transcripts From Other Cases

Defendants' position is that they do not need to turn over a single document in response to RFP 15 seeking transcripts from other cases. ECF 510 at 24–25. That is untenable. Defendants do not deny that their campaign of immigration raids in this District is part of a national effort and there are cases in this District and elsewhere where DHS personnel have offered testimony about Operation At Large and related operations. Plaintiffs are entitled to any materials if they are in Defendants' possession, custody, or control.

Defendants cite cases where courts have evaluated requests for "cloned" discovery, ECF 510 at 24–25, but this is not a request for cloned discovery. It is more analogous to a request for prior statements a party has made or testimony a party has given on a subject, which is routine in discovery. *See, e.g., Rogers v. Weaver,* 2024 WL 4290285, at *4 (W.D. Wash. Sept. 25, 2024). If such materials have been sealed and/or are designated by Defendants as confidential, Plaintiffs by definition do not have equal access to them. The protective order in this case, ECF 247, is strict and should be sufficient to address any confidentiality concerns.

---

[4] For this RFP Defendants have already agreed as part of a separate stipulation to search for responsive communications among former DHS Secretary Noem, former Acting Director Lyons, and the ICE ERO LA Field Office Director(s) for an initial date range of May 19, 2025 to September 15, 2025. ECF 508.

DATED:  June 2, 2026

UC IRVINE IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC


By:        */s/ Anne Lai*
           ANNE LAI
           *Counsel for Stop/Arrest Plaintiffs*

-6-
SUPPLEMENTAL BRIEF RE MOTION TO COMPEL DISCOVERY

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Central District of California using the CM/ECF system, which provided notification of such filing to all registered CM/ECF users, including all adverse parties. L.R. 65-1.

DATED:  June 2, 2026                        UC IRVINE IMMIGRANT AND RACIAL JUSTICE
                                            SOLIDARITY CLINIC


By:      _/s/ Anne Lai_
         ANNE LAI
         _Counsel for Stop/Arrest Plaintiffs_

SUPPLEMENTAL BRIEF RE MOTION TO COMPEL DISCOVERY