STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
EVA BITRÁN (SBN 302081)
*ebitran@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081-0007
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER,

Plaintiffs,

v.

Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security; David VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as

Case No.: 2:25-cv-05605-MEMF-SP

**NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Hon. Maame Ewusi-Mensah Frimpong

Date: August 13, 2026
Time: 10:00 a.m.
Place: Courtroom 8B

Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Todd BLANCHE, in his official capacity as Acting U.S. Attorney General; Thomas GILES, in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Dean T. SORENSON, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Daniel PARRA, in his official capacity as Acting Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Justin DE LA TORRE, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as First Assistant U.S. Attorney for the Central District of California,

Defendants.

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
DAVID FRY (SBN 189276)
*david.fry@mto.com*
ADAM B. WEISS (SBN 296381)
*adam.weiss@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
LAURA R. PERRY (SBN 342504)
*laura.perrystone@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
LAUREN E. KUHN (SBN 343855)
*lauren.kuhn@mto.com*
ANGELA URIBE (SBN 353579)
*angela.uribe@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS (SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

JESSICA KARP BANSAL (SBN 277347)
*jessica@ndlon.org*
LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
JIA FU*
*jennifer@ndlon.org*
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on August 13, 2026 at 10:00 a.m., before the Honorable Maame Ewusi-Mensah Frimpong, in Courtroom 8B, Eighth Floor, 350 West First Street, Los Angeles, CA, 90012, Plaintiffs Coalition for Humane Immigrant Rights (CHIRLA), Los Angeles Worker Center Network (LAWCN), and United Farm Workers (UFW) (collectively, the "Warrantless Arrest Plaintiffs" or "Plaintiffs") will, and hereby do, respectfully move the Court for an order certifying a class of plaintiffs as defined herein, appointing the Warrantless Arrest Plaintiffs as class representatives, and appointing as class counsel the American Civil Liberties Union Foundation of Southern California, the American Civil Liberties Union Foundation of Northern California, the American Civil Liberties Union Foundation of San Diego and Imperial Counties, the UC Irvine School of Law Immigrant and Racial Justice Solidarity Clinic, Munger, Tolles & Olson, LLP, the National Day Laborer Organizing Network, the Law Offices of Stacy Tolchin, and Public Counsel (collectively, the "Stop/Arrest Plaintiffs' Class Counsel"). The proposed class definition is as follows:

> **Warrantless Arrest Class:** All persons, since June 6, 2025, who have been arrested or will be arrested in this District for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses a likelihood of escape.

This motion is made pursuant to Rule 23 of the Federal Rules of Civil Procedure on the grounds that the proposed class meets the requirements for class certification under Rule 23(a) and Rule 23(b)(2), and members of the proposed class are similarly situated and have been or will be subjected to the same unconstitutional policy and practice challenged in Counts Two and Three of Plaintiffs' Second Amended Complaint.

The motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the declarations and corresponding exhibits filed concurrently herewith, including attachments, all pleadings and other papers on file in this action, and such further evidence and argument as may be presented to the Court at or prior to the hearing on this motion.

The motion is made following the conference of counsel pursuant to L.R. 7-3 which took place with Defendants on June 2, 2026. Defendants oppose the motion.

DATED: June 9, 2026

MUNGER, TOLLES & OLSON LLP

By: */s/ Jacob S. Kreilkamp*
JACOB S. KREILKAMP
Attorneys for the Central District of California

# TABLE OF CONTENTS

Page


I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 2

A. Defendants' Officially-Sanctioned Pattern and Practice of Warrantless Arrests ........ 2

B. Proposed Class Representatives ........ 3

III. LEGAL STANDARD ........ 5

IV. ARGUMENT ........ 5

A. Plaintiffs Have Standing ........ 6

B. The Proposed Class Meets the Requirements of Rule 23(a) ........ 6

1. The Warrantless Arrest Class is numerous, and joinder is impracticable. ........ 6

2. The Warrantless Arrest Class shares common questions of law or fact. ........ 8

3. The named Plaintiffs' claims are typical of the Warrantless Arrest Class members ........ 11

4. The proposed class representatives and class counsel will fairly and adequately protect the interests of the class. ........ 14

C. The Proposed Class Meets the Requirements of Rule 23(b)(2) ........ 15

D. Courts Across the Country Have Certified District-Wide Classes Challenging the Very Same Practice of Illegal Warrantless Arrests. ........ 17

V. CONCLUSION ........ 18

ATTESTATION OF FILER ........ 20

CERTIFICATE OF COMPLIANCE ........ 21

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*A.B. v. Hawaii St. Dep't of Educ.*,
30 F.4th 828 (9th Cir. 2022)....8

*Ali v. Ashcroft*,
213 F.R.D. 390 (W.D. Wash. 2003)....8

*Ambrosia v. Cogent Commc'ns, Inc.*,
312 F.R.D. 544 (N.D. Cal. 2016)....6

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)....14, 15, 16

*Armstrong v. Davis*,
275 F.3d 849 (9th Cir. 2001)....9, 12

*B.K. ex rel. Tinsley v. Snyder*
922 F.3d 957 (9th Cir. 2019)....5

*Baby Neal for & by Kanter v. Casey*,
43 F.3d 48 (3d Cir. 1994)....13

*C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*,
317 F.R.D. 91 (N.D. Cal. 2016)....7

*Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*,
917 F.2d 1171 (9th Cir. 1990)....12

*Cruz v. MM 879, Inc.*,
329 F.R.D. 639 (E.D. Cal. 2019)....9

*Doe #1 v. Trump*,
335 F.R.D. 416 (D. Or. 2020)....9, 18

*Doe v. Wolf*,
424 F. Supp. 3d 1028 (S.D. Cal. 2020)....8

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011)....8

*Escobar Molina*,
No. CV 25-3417 (BAH), 2026 WL 1256234 (D.D.C. May 7, 2026)....2

*Escobar Molina v. U.S. Dep't of Homeland Sec.*,
811 F. Supp. 3d 1 (D.D.C. 2025)....2, passim

*Evon v. Law Offices of Sidney Mickell*,
688 F.3d 1015 (9th Cir. 2012) ........ 11, 14

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982) ........ 14

*Gibson v. Local 40, Supercargoes & Checkers*,
543 F.2d 1259 (9th Cir. 1976) ........ 17

*Gonzalez v. U.S. Immigr. & Customs Enf't*,
975 F.3d 788 (9th Cir. 2020) ........ 9, 12, 13, 18

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ........ 8, 14

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ........ 13

*Harris v. Palm Springs Alpine Ests., Inc.*,
329 F.2d 909 (9th Cir. 1964) ........ 6

*J.D. v. Azar*,
925 F.3d 1291 (D.C. Cir. 2019) ........ 8

*Johnson v. City of Grants Pass*,
50 F.4th 787 (9th Cir. 2022) ........ 6

*Just Film, Inc. v. Buono*,
847 F.3d 1108 (9th Cir. 2017) ........ 13

*Kidd v. Mayorkas*,
343 F.R.D. 428 (C.D. Cal. 2023) ........ 6, 12, 18

*Lynch v. Rank*,
604 F. Supp. 30 (N.D. Cal. 1984) ........ 15

*M-J-M-A- v. Hermosillo*,
No. 6:25-CV-02011-MTK, 2026 WL 562063 (D. Or. Feb. 27, 2026) ........ 1, 11, 16, 18

*Maney v. Brown*,
516 F. Supp. 3d 1161 (D. Or. 2021) ........ 5

*Melendres v. Arpaio*,
784 F.3d 1254 (9th Cir. 2015) ........ 16

*Ms. L. v. U.S. Immigr. & Customs Enf't*,
331 F.R.D. 529 (S.D. Cal. 2018) ........ 9, 18

*Nightingale v. U.S. Citizenship & Immigr. Servs.*,
333 F.R.D. 449 (N.D. Cal. 2019) ........ 15

*One Unnamed Deputy Dist. Att'y v. Cnty. of Los Angeles*,
No. CV 09-7931 ODW (SSX), 2011 WL 13128375 (C.D. Cal. Jan. 24, 2011) ........................12

*Orantes-Hernandez v. Smith*,
541 F. Supp. 351 (C.D. Cal. 1982).........................................................................6, 8, 11

*Ortega-Melendres v. Arpaio*,
836 F. Supp. 2d 959 (D. Ariz. 2011)..................................................................10, 16, 18

*Parsons v. Ryan*,
754 F.3d 657 (9th Cir. 2014)............................................................................ 9, passim

*Perez-Olano v. Gonzalez*,
248 F.R.D. 248 (C.D. Cal. 2008) ..................................................................................9

*Ramirez Ovando v. Mullin*,
No. 25-03183 (D. Colo. May 12, 2026) ........................................................................2

*Ramirez Ovando v. Noem*,
810 F. Supp. 3d 1209 (D. Colo. 2025) ...................................................2, 8, 16, 18

*Rannis v. Recchia*,
380 F. App'x 646 (9th Cir. 2010).................................................................................6

*Rodriguez v. Hayes*,
591 F.3d 1105 (9th Cir. 2010)......................................................................................9

*Rodriguez Vazquez v. Bostock*,
349 F.R.D. 333 (W.D. Wash. 2025)......................................................................8, 14

*Sali v. Corona Reg'l Med. Ctr.*,
909 F.3d 996 (9th Cir. 2018)........................................................................................5

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
559 U.S. 393 (2010) .....................................................................................................5

*Spann v. J.C. Penney Corp.*,
307 F.R.D. 508 (C.D. Cal. 2015) ................................................................................10

*Sueoka v. United States*,
101 F. App'x 649 (9th Cir. 2004)..................................................................................7

*United Farm Workers v. Noem*,
785 F. Supp. 3d 672 (E.D. Cal. 2025)...................................................................1, 16, 18

*Vietnam Veterans of Am. v. C.I.A.*,
288 F.R.D. 192 (N.D. Cal. 2012) ................................................................................12

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ........................................................................................9, 10, 11, 16

*Walters v. Reno*,
145 F.3d 1032 (9th Cir. 1998) ............ 11, 16, 17

*Wolin v. Jaguar Land Rover N. Am., LLC*,
617 F.3d 1168 (9th Cir. 2010) ............ 13

**FEDERAL STATUTES**

8 U.S.C. § 1357(a) ............ 1, 5

8 U.S.C. § 1357(a)(2) ............ 8, 10

Administrative Procedures Act ............ 11

Immigration and Nationality Act (INA) ............ 10, 16

**FEDERAL RULES**

Fed. R. Civ. P. 23 ............ 1, 2, 7, 17

Fed. R. Civ. P. 23(a) ............ 2, passim

Fed. R. Civ. P. 23(a)(1) ............ 6, 8

Fed. R. Civ. P. 23(a)(2) ............ 8, 9, 11

Fed. R. Civ. P. 23(a)(3) ............ 11

Fed. R. Civ. P. 23(a)(4) ............ 14, 15

Fed. R. Civ. P. 23(b) ............ 5

Fed. R. Civ. P. 23(b)(2) ............ 1, passim

Fed. R. Civ. P. 23(g) ............ 2, 15, 18

**FEDERAL REGULATIONS**

8 C.F.R. § 287.8(c)(2)(i)–(ii) ............ 10

8 C.F.R. § 287.8(c)(2)(ii) ............ 1, 5

**OTHER AUTHORITIES**

1 Newberg on Class Actions § 3.10, at 3-50 (1992) ............ 13

Advisory Committee Note to Subdivision (b)(2), 39 F.R.D. 102 (1996) ............ 17

*ICE arrests tripled last year in LA-and more than half of those arrested had no criminal record*, LAist (Mar. 31, 2026), https://laist.com/news/ice-arrests-tripled-los-angeles-immigration-customs-enforcement-data ............ 3

1 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 3:12 (6th ed.)........8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs have moved for a preliminary injunction to end the federal government's pervasive and illegal practice of arresting individuals throughout this District without a warrant and without a determination that arrested individuals are likely to escape before a warrant can be obtained. *See* ECF 529. This practice violates 8 U.S.C. § 1357(a) and its implementing regulation, 8 C.F.R. § 287.8(c)(2)(ii), as alleged in Counts Two and Three of Plaintiffs' Second Amended Complaint. ECF 485, ¶¶ 268–76. By this companion Motion, Plaintiffs seek to certify a class to bring relief to the thousands of individuals in Southern California who have been subjected to these unlawful arrests, are at a substantial likelihood of being arrested in the future without an escape risk determination, or both. Plaintiffs propose the following Warrantless Arrest Class: "All persons, since June 6, 2025, who have been arrested or will be arrested in this District for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses a likelihood of escape."

The Warrantless Arrest Plaintiffs meet all requirements of Rule 23 necessary to certify the proposed class. First, Defendants have arrested at least hundreds of individuals without warrants and without assessing whether they pose a likelihood of escape, satisfying the requirement of numerosity and rendering joinder impracticable. Second, the Warrantless Arrest Class shares common questions of law and fact arising out of a system-wide practice to dispense with the requirement for an escape risk determination, and to place as many individuals as possible under arrest. Third, the Warrantless Arrest Plaintiffs' members have been directly and substantially harmed by this practice in a manner typical of the entire class. Fourth, both the Warrantless Arrest Plaintiffs and their counsel will fairly represent and protect the interests of the class. Finally, this action meets the requirements of Rule 23(b)(2), as Defendants' illegal practice applies generally to the entire class and is susceptible to classwide treatment.

Four other district courts have already certified similar district-wide classes that challenge the same practice conducted by the same federal defendants. *M-J-M-A- v. Hermosillo*, No. 6:25-CV-02011-MTK, 2026 WL 562063 (D. Or. Feb. 27, 2026); *United Farm Workers v. Noem*, 785 F.

Supp. 3d 672, 714 (E.D. Cal. 2025); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 54 (D.D.C. 2025); *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1228 (D. Colo. 2025). The records amassed in these four cases together with the one presented in Plaintiffs' accompanying Motion for Preliminary Injunction paint a stark picture of Defendants' widespread noncompliance with the law. Yet notwithstanding the preliminary injunctions already imposed in these four cases, Defendants continue their illegal warrantless arrest policy both where the injunctions have already been issued, and in this District.[1] Class certification therefore is not only authorized by Rule 23, but necessary to stop the grievous and irreparable harm Defendants continue to cause. This Court should certify the Warrantless Arrest Class, appoint the Warrantless Arrest Plaintiffs as class representatives, and appoint Stop/Arrest Plaintiffs' Class Counsel as class counsel under Rule 23(a), (b)(2), and (g).

## II. FACTUAL BACKGROUND

### A. Defendants' Officially-Sanctioned Pattern and Practice of Warrantless Arrests

On June 8, 2026, the Warrantless Arrest Plaintiffs moved to enjoin Defendants' policy and practice of conducting warrantless arrests without a pre-arrest, individualized assessment of probable cause that the person poses a likelihood of escape. ECF 529. That motion contains extensive evidence of Defendants' practice. To avoid the duplicative presentation of evidence already before the Court, Plaintiffs hereby incorporate by reference the Motion for Preliminary Injunction and accompanying evidence. ECF 529.

To summarize, Defendants are conducting a widespread campaign to illegally stop and arrest as many individuals as possible in pursuit of mass deportations. ECF 529 at 2. Since June 2025 and continuing to this day, Defendants' immigration agents have trawled the Central District of California making indiscriminate stops and arrests of predominantly Latino individuals whom they call "collaterals"—their term for people not identified as targets in advance of an operation,

[1] *Escobar Molina*, No. CV 25-3417 (BAH), 2026 WL 1256234, at *3 (D.D.C. May 7, 2026) (granting motion to enforce injunction after finding Defendants continued their unlawful arrest policy even after a court-imposed injunction); *Ramirez Ovando v. Mullin*, No. 25-03183 (D. Colo. May 12, 2026), Dkt. No. 112, at 30 (same).

but who are arrested without a warrant in the field. *Id.* Defendants have arrested, and continue to arrest, individuals without agents or officers conducting a meaningful assessment of the individual's likelihood of escape. Such an assessment ordinarily requires an investigation into an individual's community ties, family life, and employment status, but Defendants are not conducting this analysis as a matter of practice. Officers and agents often do not address escape risk at all in the corresponding Record of Deportable/Inadmissible Alien or other narrative of the arrest. *Id.* at 5–7. In some cases, they instead copy boilerplate language into the narrative that demonstrates they never conducted any such individualized assessment; or they simply misrepresent an individual's conduct during an arrest as an attempt to evade or flee. *Id.* This practice is consistent with instructions from the Acting Associate Director of ICE to field offices that "[a]nyone who is found amenable to removal needs to be arrested," *id.* at 5, and in line with deposition testimony from Defendants confirming that it is consistent with agency policy *not* to perform an escape risk analysis prior to effectuating an arrest, *id.* at 8–9. As a result of this illegal pattern and practice, immigration arrest numbers within the District have increased dramatically. In 2025, ICE alone arrested a total of 14,394 individuals (39% of whom lacked any criminal history), up from 4,684 during the 2024 calendar year.[2] Defendants' practice is sanctioned by leadership and continues in this District to this day, while numerous putative class members suffer unlawful deprivation of their freedom. *Id.*

### B. <u>Proposed Class Representatives</u>

The Warrantless Arrest Plaintiffs—CHIRLA, LAWCN, and UFW—bring claims under Counts Two and Three of the Second Amended Complaint on behalf of their members and the putative class. ECF 485, ¶¶ 268–76. Members of the Plaintiff organizations have been arrested pursuant to Defendants' policy and fear being subject to the policy in the future.

**LAWCN** is a multi-racial, multi-ethnic, and multi-industry organization made up of eight worker centers and labor organizations, including the CLEAN Carwash Worker Center, the

[2] Elly Yu and Jordan Rynning, *ICE arrests tripled last year in LA—and more than half of those arrested had no criminal record*, LAist (Mar. 31, 2026), https://laist.com/news/ice-arrests-tripled-los-angeles-immigration-customs-enforcement-data.

Garment Worker Center, the Koreatown Immigrant Workers Alliance, the Los Angeles Black Worker Center, the Pilipino Workers Center, and the Warehouse Worker Resource Center. ECF 529-75 (Gudino Decl.), ¶¶ 6, 13. The CLEAN Carwash Worker Center, a member of LAWCN, has over 2,000 car wash worker members across the District. ECF 529-74 (Fourth Melendrez Decl.), ¶ 1. Because LAWCN coordinates efforts to address issues affecting low wage workers across industries in the greater Los Angeles area, and has a long-term and sustained focus related to immigrant workers, ECF 529-75 (Gudino Decl.), ¶¶ 8–12, it is well-positioned to represent the Warrantless Arrest Class. It has a demonstrated interest in ending the unlawful practices that are harming its members. *Id.*, ¶¶ 25–30.

**UFW** is the largest farm worker union in the country, with approximately 10,000 members, and more members in California than in any other state. ECF 529-76, (Third Strater Decl.), ¶¶ 4–6. Plaintiff UFW has multiple members, both citizens and noncitizens, who are particularly vulnerable to unlawful immigration enforcement and who live in continued fear that they will be racially profiled and arrested by agents who patrol the areas where they live, work, and commute. *Id.*, ¶¶ 16–19, 21–28. Given its long history of advocacy to improve the lives, wages, and working conditions of agricultural workers and their families, and a track record of working closely with members on issues including those related to immigrants' rights, *id.*, ¶¶ 4, 11–14, UFW is well-qualified to represent the Warrantless Arrest Class. It is willing to participate in this lawsuit to end the unlawful practices harming its members. *Id.*, ¶ 44.

**CHIRLA** is a membership-based organization with approximately 49,000 members in the District who are predominantly Latino, many of whom work in sectors of the labor market that have been impacted by Defendants' raids. ECF 529-73 (Sixth Salas Decl.), ¶ 4. CHIRLA is the largest statewide immigrant rights organization in California, and provides services to tens of thousands of residents each year and reaches hundreds of thousands through its educational programs and events. *Id.*, ¶ 3. CHIRLA also operates a hotline where community members can call to ask questions and seek direct assistance, and it coordinates the Los Angeles Rapid Response Network. *Id.*, ¶¶ 10–11. It is therefore well-prepared to represent the Warrantless

Arrest Class. It understands the responsibilities of being a class representative and is prepared to take on the role. *Id.*, ¶¶ 37–38.

## III. LEGAL STANDARD

A party moving for class certification must show under Federal Rule of Civil Procedure 23(a) that: (1) the class is so numerous that joinder of all members is impracticable, (2) questions of law or fact exist that are common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In addition, the party or parties must meet the criteria of at least one subsection of Rule 23(b). A plaintiff whose suit satisfies these requirements has a "categorical" right "to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

"In resolving a dispute about whether class certification is proper, the district court may consider material beyond the pleadings." *Maney v. Brown*, 516 F. Supp. 3d 1161, 1172 (D. Or. 2021); *see also Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1004–05 (9th Cir. 2018) (holding that the "evidentiary proof" submitted in support of class certification "need not be admissible evidence" at this stage); *cf. B.K. ex rel. Tinsley v. Snyder* 922 F.3d 957, 974 (9th Cir. 2019) (holding that "plaintiffs can meet their evidentiary burden in part through allegations when the allegations are detailed and supported by additional materials" and that even "thin" evidence is "sufficient to corroborate the allegations at [the class certification] stage").

## IV. ARGUMENT

Plaintiff organizations satisfy the requirements of Rule 23(a) and Rule 23(b)(2). Plaintiffs' members and unnamed class members alike require a uniform answer to the question at the heart of this case: whether Defendants' policy and practice of conducting warrantless arrests without a pre-arrest determination of probable cause of escape risk violates 8 U.S.C. § 1357(a)(2) and its implementing regulation, 8 C.F.R. § 287.8(c)(2)(ii), as well as the Administrative Procedure Act, ("APA") 5 U.S.C. § 706(2)(A). Class treatment serves the interests of judicial efficiency, ensures the parties receive complete relief, and prevents potentially inconsistent decisions in materially identical cases.

**A. <u>Plaintiffs Have Standing</u>**

As discussed in Plaintiffs' Motion for a Preliminary Injunction, Warrantless Arrest Plaintiffs have Article III standing to seek injunctive relief for their warrantless arrest claims. ECF 529 at 11–13. This Court has repeatedly recognized Plaintiffs' standing to bring their Stop/Arrest Claims. *See* ECF 484 at 11 ("This Court has already considered and rejected Defendants' standing and jurisdictional arguments in the MTD Order [ECF 419]."). For the reasons set forth in the accompanying Motion for Preliminary Injunction and in this Court's prior decisions, the Court should reach the same conclusion here.

**B. <u>The Proposed Class Meets the Requirements of Rule 23(a)</u>**

**1. The Warrantless Arrest Class is numerous, and joinder is impracticable.**

The proposed class easily satisfies Rule 23(a)(1)'s requirement that a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "'[I]mpracticability' does not mean 'impossibility'"—only that joining all class members would be difficult or inconvenient. *Johnson v. City of Grants Pass*, 50 F.4th 787, 803 (9th Cir. 2022) (quoting *Harris v. Palm Springs Alpine Ests., Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964)). Although there is no fixed number that renders joinder impracticable, courts have found the "numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010). *See also Ambrosia v. Cogent Commc'ns, Inc.*, 312 F.R.D. 544, 552 (N.D. Cal. 2016) ("as a general matter, a class greater than forty often satisfies the requirement"). Where the precise class size is unknown, but "general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *Kidd v. Mayorkas*, 343 F.R.D. 428, 437 (C.D. Cal. 2023) (quoting *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982)).

Here, the proposed Warrantless Arrest Class numbers in the hundreds, if not thousands, and is large enough to make joinder impracticable.[3] The consequence of Defendants' push to increase non-targeted arrests while dispensing with the requirement to determine escape risk is a

[3] Warrantless Arrest Plaintiffs' membership exceeds 61,000 individuals. *See* ECF 529 at 9.

skyrocketing of arrest numbers within the District, far exceeding what Rule 23 requires to establish numerosity. According to ICE arrest data from its Los Angeles Area of Responsibility (coextensive with the Central District of California) for the period August 6, 2025 to May 6, 2026, which includes some Border Patrol arrests, the agency categorized 1,843 (22.7%) of 8,116 "non-custodial" arrests[4] as "collateral." Declaration of Anne Lai ("Lai Decl."), ¶¶ 14-17. In the month of April 2026 alone, there were 86 such arrests. *Id.*, ¶ 17.[5] Agents make a "collateral" arrest when they arrest someone other than the person whom they are targeting in a given operation, making it extremely unlikely they have a warrant for the arrestee. ECF 529 at 2–5. The Court can reasonably conclude that a large proportion of the individuals in these categories are likely to be within the proposed Warrantless Arrest Class. *C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 317 F.R.D. 91, 100 (N.D. Cal. 2016) (where declaratory or injunctive relief is sought, "plaintiffs may rely on [] reasonable inference[s] arising from plaintiffs' other evidence that the number of unknown and future members" renders joinder impracticable) (internal quotation marks omitted) (citing *Sueoka v. United States*, 101 F. App'x 649, 653 (9th Cir. 2004)); *see Escobar Molina*, 811 F.Supp.3d at 57–58 (numerosity demonstration "straightforward" when presented with evidence of 1,200 ICE arrests, even if the number of arrests made pursuant to the illegal practice is unknown). Indeed, the warrantless arrest narratives analyzed by Plaintiffs in their Motion for Preliminary Injunction exceed 100. *See* ECF 529 at 6; *see also id.* at 5–7 (citing community members' declarations describing 24 incidents).

Beyond the documented instances of warrantless arrests, at least several hundred—and possibly more—class members likely exist, further supporting a finding of impracticability. The proposed class includes numerous unnamed future members who are likely to be subjected to the same unlawful warrantless arrests in this District, as Defendants continue to press forward with their blanket warrantless arrest policy without determining escape risk. ECF 529 at 8–9

---

[4] This likely refers to individuals who were not already in law enforcement custody at the time of arrest.

[5] Plaintiffs are aware of several arrests described by Defendants as non-targeted and/or warrantless in their narratives that have been categorized by officers in this data as "targeted." Lai Decl., ¶ 18. These numbers therefore likely represent an undercount of warrantless arrests.

(describing ongoing nature of warrantless arrest policy). The inclusion of unknown or future members strongly favors a finding of impracticability. *See Doe v. Wolf*, 424 F. Supp. 3d 1028, 1040 (S.D. Cal. 2020) ("'[W]here the class includes unnamed, unknown future members, joinder of such unknown individuals is impracticable and the numerosity requirement is therefore met, regardless of class size.'") (citation omitted); *Ali v. Ashcroft*, 213 F.R.D. 390, 408–09 (W.D. Wash. 2003) (same). Given that the challenged practice of conducting warrantless arrests in the District continues, there are sure to be unnamed future claimants. *See Ramirez Ovando*, 810 F. Supp. 3d at 1228 (existence of approximately 169,000 undocumented people within the district means those who have been arrested pursuant to the illegal policy and those "likely to be arrested under similar circumstances based on ICE's continued practice of disregarding the § 1357(a)(2) inquiry" exceed the numerosity threshold). And when a "class's membership changes continually over time, that factor weighs in favor of concluding that joinder of all members is impracticable." *A.B. v. Hawaii St. Dep't of Educ.*, 30 F.4th 828, 838 (9th Cir. 2022); *see also J.D. v. Azar*, 925 F.3d 1291, 1322 (D.C. Cir. 2019) ("classes including future claimants generally meet the numerosity requirement due to the impracticality of counting such members, much less joining them") (internal quotation marks omitted); *cf. Orantes-Hernandez*, 541 F. Supp. at 370. Finally, additional factors further support impracticability: Class members are geographically dispersed across seven Southern California counties; many have limited financial means and face barriers to bringing individual suits; and judicial economy weighs in favor of class treatment. *See* 1 William B. Rubenstein*, Newberg and Rubenstein on Class Actions* § 3:12 (6th ed.).

For all these reasons, the Warrantless Arrest Class satisfies the numerosity requirement of Rule 23(a)(1).

**2. The Warrantless Arrest Class shares common questions of law or fact.**

This case presents "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "The commonality requirement is 'construed permissively.'" *Rodriguez Vazquez v. Bostock*, 349 F.R.D. 333, 353 (W.D. Wash. 2025) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)); *see Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (emphasizing the permissive construction of Rule 23(a)(2)). A "single common issue of

law or fact is sufficient to satisfy the commonality requirement." *Perez-Olano v. Gonzalez*, 248 F.R.D. 248, 257 (C.D. Cal. 2008)); *see also, e.g.*, *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) ("[T]he commonality requirements asks us to look only for some shared legal issue or a common core of facts"). This means Plaintiffs' claims "must depend upon a common contention," and that contention must be "capable of classwide resolution"—meaning that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

It is not necessary for "[a]ll questions of fact and law . . . [to] be common to satisfy the commonality requirement. The existence of shared legal issues with divergent factual predicates is sufficient." *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 807 (9th Cir. 2020) (citation modified). "Thus, '[w]here the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists.'" *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014). The critical issue for class certification thus "is not the raising of common 'questions' . . . but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (citation omitted).

This standard is readily met where, as here, Plaintiffs seek prospective relief "challeng[ing] a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *see also* 7A Wright & Miller's Federal Practice & Procedure § 1763, at 226 (4th ed. 2026 update) ("[C]lass suits for injunctive or declaratory relief by their very nature often present common questions satisfying Rule 23(a)(2)."); *see also Cruz v. MM 879, Inc.*, 329 F.R.D. 639, 645–46 (E.D. Cal. 2019) (finding commonality requirement satisfied where plaintiffs challenged compensation scheme and meal break policy); *Doe #1 v. Trump*, 335 F.R.D. 416, 433–34 (D. Or. 2020) (finding commonality requirement satisfied "in cases involving challenges to systemic immigration *policies and procedures*, even though immigration *decisions* ultimately involve discretionary decisions by consular officers"); *Ms. L. v. U.S. Immigr. & Customs Enf't*, 331 F.R.D. 529, 539 (S.D. Cal. 2018) (finding commonality requirement satisfied where plaintiffs challenged government's "practice of separating migrant parents and children and

keeping them separate without a showing the parent is unfit"); *Ortega-Melendres v. Arpaio*, 836 F. Supp. 2d 959, 989 (D. Ariz. 2011) (finding commonality requirement satisfied where plaintiffs challenged government racial-profiling policy and practice for conducting vehicle stops).

The Warrantless Arrest Class satisfies the commonality requirement because all class members are subject to the same challenged practice, namely, Defendants' practice of conducting warrantless arrests without an assessment of escape risk prior to the arrest, and the challenged practice in turn infringes on putative class members' statutory and regulatory rights in substantially similar ways. "Commonality requires plaintiff to demonstrate that her claims 'depend upon a common contention . . . [whose] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 517 (C.D. Cal. 2015), *modified*, 314 F.R.D. 312 (C.D. Cal. 2016) (quoting *Wal-Mart*, 564 U.S. at 350). Common questions of law and fact present here include:

- Whether Defendants have a policy and practice of conducting warrantless arrests for alleged immigration violations without making an individualized determination of probable cause that an individual is likely to escape before a warrant can be obtained for the arrests;
- Whether Defendants' policy and practice of conducting warrantless arrests for alleged immigration violations without making an individualized determination of probable cause that an individual is likely to escape before a warrant can be obtained for the arrests violates the INA, specifically 8 U.S.C. § 1357(a)(2);
- Whether Defendants' policy and practice of conducting warrantless arrests for alleged immigration violations without making an individualized determination of probable cause that an individual is likely to escape before a warrant can be obtained for the arrests violates DHS regulations, specifically 8 C.F.R. § 287.8(c)(2)(i)–(ii); and
- Whether Defendants' policy and practice of conducting warrantless arrests for alleged immigration violations without making an individualized determination of

probable cause that an individual is likely to escape before a warrant can be obtained for the arrests violates the Administrative Procedures Act.

That class members' individual immigration status and arrest experiences may vary does not defeat the commonality among them, because the core common questions presented do not necessitate a type of inquiry that would prevent a "classwide resolution." *Wal-Mart*, 564 U.S. at 350; *see also, e.g.*, *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012) ("Where the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists." (citation omitted)); *Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998) (finding commonality based on plaintiffs' common challenge to INS procedures, and noting that "[d]ifferences among the class members with respect to the merits of their actual document fraud cases . . . are simply insufficient to defeat the propriety of class certification"); *Orantes-Hernandez*, 541 F. Supp. at 370 (certifying a class in challenge to common government practices in asylum cases, even though the outcome of individual asylum cases would depend on individual class members' varying entitlement to relief). Thus, the specific circumstances of each proposed class member's warrantless arrest are irrelevant to the claims presented. What matters is that Defendants arrest them without individually assessing whether they pose an escape risk, as required by the statute and its implementing regulation. *Escobar Molina*, 811 F. Supp. 3d at 58 (certifying a class in part because plaintiffs "do not challenge whether the agents actually had probable cause to arrest each putative class member, but rather whether defendants were making pre-arrest individualized assessments for 'flight risk *at all*, across the entire class'"); *M-J-M-A-*, 2026 WL 562063, at *17 ("Although the individual facts surrounding each case may differ, M-J-M-A- and C.G.'s claims are typical of the class in that they each challenge ICE's practice of arrests without a probable cause determination of escape risk."). The proposed class satisfies the commonality requirement of Rule 23(a)(2).

**3. The named Plaintiffs' claims are typical of the Warrantless Arrest Class members.**

The three Warrantless Arrest Plaintiffs and their members meet the Rule 23(a)(3) requirement that their claims be "typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3).

"Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Parsons*, 754 F.3d at 685 (the test for typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.") (citations omitted). "This inquiry focuses on the nature of the claim of the class representative, and not the specific facts from which it arose." *Gonzalez*, 975 F.3d at 809 (cleaned up); *see, e.g.*, *Armstrong*, 275 F.3d at 868 (typicality is "'satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'").

As an initial matter, the Warrantless Arrest Plaintiffs may serve as class representatives because each has associational standing to bring claims on behalf of its members, many of whom are putative class members who are currently or stand to be harmed by the challenged practices absent judicial intervention. "[M]any courts have held that organizations with associational standing may serve as class representatives." *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 204–07 & n.6 (N.D. Cal. 2012) (citations omitted) ("[T]he VVA has associational standing to represent the class, as long as some of its members would otherwise have standing to sue in their own right," which at least three did); *Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171, 1174–75 (9th Cir. 1990) (rejecting challenge to typicality because "in their associational capacity, the unions are acting on behalf of" members, which included putative class members); *Kidd*, 343 F.R.D. at 443 (appointing Coalition Plaintiffs as class representatives in case challenging home arrest practices). And Warrantless Arrest Plaintiffs may represent a class that comprises both members of their organizations and non-members. *See One Unnamed Deputy Dist. Att'y v. Cnty. of Los Angeles*, No. CV 09-7931 ODW (SSX), 2011 WL 13128375, at *1 (C.D. Cal. Jan. 24, 2011) (unions may represent class that includes non-union members); *Cal. Rural Legal Assistance*, 917 F.2d at 1175 (same).

The Warrantless Arrest Plaintiffs' claims on behalf of their members are typical of those of the proposed class here. As with commonality, the typicality requirement "is permissive and

requires nothing more than that a class plaintiff's claims be reasonably coextensive with those of absent class members." *Gonzalez*, 975 F.3d at 809 (internal quotation marks omitted). That is so here for Plaintiffs' members who have been and/or are at imminent risk of being subjected to the same unlawful policy and practice of warrantless arrests that is challenged by the putative class. For example, a member of CLEAN was arrested earlier this year at Fullerton Car Wash without a warrant and without any assessment of escape risk. ECF 529-74 (Fourth Melendrez Decl.), ¶ 14; *id.*, ¶ 7 ("I am aware of dozens of CLEAN's members that have been stopped and arrested by federal agents . . . seemingly without a warrant"); *id.* ¶ 16 (discussing M.D.L. who was arrested and remains detained). Similarly, Defendants arrested a CHIRLA member pursuant to their warrantless arrest policy while she was selling tamales in the parking lot of a strip mall. ECF 529-73 (Sixth Salas Decl.), ¶ 20. Prior to her arrest, federal agents asked her only whether she had papers, and no other questions. *Id.* And Warrantless Arrest Plaintiffs each have members who, whether documented or not, have deep roots in the community and face an imminent risk of arrest or re-arrest under Defendants' policy. *Id.*, ¶¶ 13–17, 19–20, 22–32; ECF 529-74 (Fourth Melendrez Decl.), ¶¶ 13, 18–21; ECF 529-76 (Third Strater Decl.), ¶¶ 29–43.

Despite the particularized differences in their experience, all these members' interests "align[] with the interests of the class." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). They all challenge the same system-wide course of conduct and seek the same form of relief—declaratory and injunctive relief—to stop the same future harm of unlawful arrests. *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) (typicality "is not primarily concerned with whether each person in a proposed class suffers the same type of damages; rather, it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class."). Indeed, "[c]ommentators have noted that cases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims." *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994) (citing 1 Newberg on Class Actions § 3.10, at 3-50 (1992)). Plaintiffs' claims are therefore typical.

### 4. The proposed class representatives and class counsel will fairly and adequately protect the interests of the class.

Under Rule 23(a)(4), the Court must be satisfied that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This determination turns on two questions: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[,] and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Evon*, 688 F.3d at 1031 (quoting *Hanlon*, 150 F.3d at 1020). This adequacy requirement "'tend[s] to merge' with the commonality and typicality criteria of Rule 23(a)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (alteration in original); *see Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982) (explaining commonality and typicality "serve as guideposts" to ensure "the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence").

***Named Warrantless Arrest Plaintiffs*:** The proposed class representatives satisfy the adequacy requirement because their interests align with, and are not adverse to, the interests of the class. ECF 529-75 (Gudino Decl.) at ¶¶ 7–12, 30–31; ECF 529-73 (Sixth Salas Decl.), ¶¶ 2–11, 37–38; ECF 529-76 (Third Strater Decl.), ¶ 44. The Warrantless Arrest Plaintiffs are motivated to pursue this action on behalf of their members who have been, will be, and/or reasonably fear being detained after a warrantless arrest without ever having been determined to be an escape risk. ECF 529-75 (Gudino Decl.), ¶¶ 25–31; ECF 529-74 (Fourth Melendrez Decl.), ¶¶ 3–21; ECF 529-73 (Sixth Salas Decl.), ¶¶ 13–32; ECF 529-76 (Third Strater Decl.), ¶¶ 20, 29–43. Warrantless Arrest Plaintiffs seek declaratory and injunctive relief against the government's policies. As a result, there is no potential conflict between the interests of the Warrantless Arrest Plaintiffs and members of the proposed class. *See Rodriguez Vazquez*, 349 F.R.D. at 362 (no conflict of interest where class representative "has a 'mutual goal' with the other class members to challenge the allegedly unlawful practices and to 'obtain declaratory . . . relief that would not only cure this illegality but remedy the injury suffered by all current and future class member'" (quoting

*Nightingale v. U.S. Citizenship & Immigr. Servs.*, 333 F.R.D. 449, 462 (N.D. Cal. 2019))). Accordingly, Plaintiffs are adequate representatives of the proposed Warrantless Arrest Class.

***Stop/Arrest Plaintiffs' Class Counsel:*** Plaintiffs' counsel also meet the adequacy requirement. Counsel are qualified when they can establish experience in previous class actions and cases involving the same area of law. *See Lynch v. Rank*, 604 F. Supp. 30, 37 (N.D. Cal. 1984), *aff'd*, 747 F.2d 528 (9th Cir. 1984), *amended on reh'g*, 763 F.2d 1098 (9th Cir. 1985). Plaintiffs are represented by experienced attorneys from the ACLU Foundations of Southern California, Northern California, and San Diego and Imperial Counties; the University of California, Irvine School of Law Immigrant and Racial Justice Solidarity Clinic; Munger, Tolles & Olson LLP; the National Day Laborer Organizing Network; Law Offices of Stacy Tolchin; and Public Counsel. Counsel have deep knowledge of immigration law and extensive experience litigating class actions protecting the constitutional and statutory rights of immigrants, as well as in other complex federal cases. *See generally* Declaration of Jacob Kreilkamp (MTO); Declaration of Mohammad Tajsar (ACLU); Declaration of Anne Lai (UCI); Declaration of Stacy Tolchin (Law Offices of Stacy Tolchin); Declaration of Jessica Karp Bansal (NDLON); Declaration of Rebecca Brown (Public Counsel). Counsel also have the necessary resources, expertise, and commitment to adequately prosecute this case on behalf of Warrantless Arrest Plaintiffs and the proposed Warrantless Arrest Class. And proposed class counsel have identified no conflict of interest with any Warrantless Arrest Plaintiff or any identified member of the proposed class. Therefore, Stop/Arrest Plaintiffs Class Counsel meet the adequacy requirements set forth in both Rules 23(a)(4) and 23(g), and are qualified to serve as class counsel in this case.

### C. <u>The Proposed Class Meets the Requirements of Rule 23(b)(2)</u>

In addition to satisfying the requirements of Rule 23(a), the Warrantless Arrest Class meets the requirements of Rule 23(b)(2). "[T]he primary role of [Rule 23(b)(2)] has always been the certification of civil rights class actions." *Parsons*, 754 F.3d at 686 (quoting *Amchem Prods.*, 521 U.S. at 614). Under Rule 23(b)(2), class certification is warranted when the opposing party "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or

corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

"The key to [a] (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart*, 564 U.S. at 360. This standard is "unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole," even where the class ultimately seeks to challenge more than one policy or practice. *See Parsons*, 754 F.3d at 667–68, 688–89 (discussing (b)(2) class that challenged 15 discrete policies or practices of state prison system, seeking "uniform changes in statewide ADC policy and practice"); *see also Melendres v. Arpaio*, 784 F.3d 1254, 1258-59 (9th Cir. 2015) (injunction in (b)(2) class case addressing multiple aspects of sheriff's office policy and practice).

This is a quintessential case for Rule 23(b)(2) treatment. The proposed Warrantless Arrest Class seeks to challenge the federal government's policy and practice of effectuating warrantless immigration arrests without a pre-arrest determination of escape risk. This policy and practice applies to all members of the proposed class. Accordingly, a "single injunctive or declaratory judgment"—holding that Defendants' pattern or practice of warrantless arrests violates the INA, its implementing regulation, and the APA—"would provide relief to each member of the class." *Wal-Mart*, 564 U.S. at 360; *see also Amchem Prods.*, 521 U.S. at 614 (explaining that "[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of 23(b)(2) class actions). For the same reasons, courts across the country in similar warrantless arrest cases have certified or provisionally certified similar classes. *See Ramirez Ovando*, 810 F. Supp. 3d at 1229-30; *Escobar Molina*, 811 F. Supp. 3d at 60-61; *United Farm Workers*, 785 F. Supp. 3d at 730; *M-J-M-A-*, 2026 WL 562063, at *17; *see also Walters*, 145 F.3d at 1047 (upholding certification under Rule 23(b)(2)); *Ortega-Melendres*, 836 F. Supp. 2d at 990–91 (finding certification under Rule 23(b)(2) proper).

As with the commonality requirement under Rule 23(a), that individual class members may be affected by Defendants' practices in different ways does not undermine the case for Rule

23(b)(2) class treatment. There is no predominance requirement under Rule 23(b)(2); the rule "asks only whether 'the party opposing the class has acted or refused to act on grounds that apply generally to the class.'" *Parsons*, 754 F.3d at 688. As such, certification under Rule 23(b)(2) is proper even where "each of the certified . . . policies and practices may not affect every member of the proposed class . . . in exactly the same way" so long as the defendant acted on grounds that "appli[ed] generally to the proposed class." *Id.* at 688-89 (systemic policies and practices placed "every inmate in [Arizona Department of Corrections] custody in peril" and defendants' deliberate indifference to the "resulting risk of serious harm" applied generally to the proposed class); *see also Gibson v. Local 40, Supercargoes & Checkers,* 543 F.2d 1259, 1264 (9th Cir. 1976) ("A class action may be maintained under [Rule] 23(b)(2), alleging a general course of racial discrimination by an employer or union, though the discrimination may have been manifested in a variety of practices affecting different members of the class in different ways . . . ."). "It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole." *Walters*, 145 F.3d at 1047.

Class members here seek class-wide relief from Defendants' unlawful warrantless arrest policy and practice. That is sufficient for this civil rights action. *Parsons*, 754 F.3d at 686; Advisory Committee Note to Subdivision (b)(2), 39 F.R.D. 102 (1996) ("Illustrative [of the purpose of Rule 23(b)(2)] are" civil rights actions, usually those "whose members are incapable of specific enumeration.").

* * *

The Warrantless Arrest Plaintiffs therefore satisfy all requirements of Rule 23 to certify a class to challenge Defendants' illegal warrantless arrests.

### D. Courts Across the Country Have Certified District-Wide Classes Challenging the Very Same Practice of Illegal Warrantless Arrests.

Courts routinely certify classes in systemic civil rights challenges to law enforcement policies and practices. Indeed, "the primary role of [Rule 23(b)(2)] has always been the certification of civil rights class actions." *Parsons*, 754 F.3d at 686. Doing so here will break no new ground. Rather, certification is necessary to safeguard the rights of putative class members in

this District and ensure government compliance with applicable regulations and statutes. Courts in the four parallel cases discussed *supra* have granted preliminary injunctions and provisionally certified similar district-wide classes challenging similar policies and practices to the one at issue here. *See M-J-M-A-*, 2026 WL 562063, at *16; *United Farm Workers*, 785 F. Supp. 3d at 714; *Escobar Molina*, 811 F. Supp. 3d at 54; *Ramirez Ovando*, 810 F. Supp. 3d at 1228.

These rulings are the latest in the long tradition of certifying classes in immigration cases. *See, e.g.*, *Gonzalez v. ICE*, 975 F.3d 788, 808 (9th Cir. 2020) (upholding certification of class of persons subjected to immigration detainers based on ICE's practice of making probable cause determinations based on "only a check of an online database"); *Kidd*, 343 F.R.D. at 443 (certifying two classes corresponding to alleged ICE warrantless home arrest practices); *Ortega-Melendres*, 836 F.Supp.2d at 992 (certifying a class of "[a]ll Latino persons who . . . have been or will be in the future, stopped, detained, questioned or searched" unlawfully); *see also Ms. L.*, 331 F.R.D. at 539 (certifying a class where plaintiffs challenged government's "practice of separating migrant parents and children"); *Doe #1*, 335 F.R.D. at 433–34 (certifying a class in a case challenging "systemic immigration policies and procedures" and raising constitutional, statutory, and APA questions).

## V. CONCLUSION

The Court should certify the proposed Warrantless Arrest Class under Federal Rules of Civil Procedure 23(a) and 23(b)(2). Additionally, Plaintiffs request that the Court appoint the Stop/Arrest Plaintiffs' Class Counsel as class counsel pursuant to Rule 23(g).

DATED: June 9, 2026

ACLU OF SOUTHERN CALIFORNIA

By: */s/ Mohammad Tajsar*

MOHAMMAD TAJSAR
*Counsel for Stop/Arrest Plaintiffs*

DATED: June 9, 2026

UC IRVINE IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC

By: *Is/ Anne Lai*

ANNE LAI

*Counsel for Stop/Arrest Plaintiffs*

DATED: June 9, 2026

MUNGER, TOLLES & OLSON LLP

By: *Is/ Jacob S. Kreilkamp*

JACOB S. KREILKAMP

*Counsel for Stop/Arrest Plaintiffs*

**ATTESTATION OF FILER**

I attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

DATED: June 9, 2026

MUNGER, TOLLES & OLSON LLP

By: */s/ Jacob S. Kreilkamp*
JACOB S. KREILKAMP
*Counsel for Stop/Arrest Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record certifies that this filing is 12 point font and 6,719 words, which complies with this Court's standing order and Local Rule 11-6.1.

DATED: June 9, 2026

MUNGER, TOLLES & OLSON LLP

By: */s/ Jacob S. Kreilkamp*
JACOB S. KREILKAMP
*Counsel for Stop/Arrest Plaintiffs*