**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER,<br><br>    Plaintiffs,<br><br>    v.<br><br>Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security; David VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Todd BLANCHE, in his official capacity as Acting U.S. Attorney General; Thomas GILES, in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Dean T. SORENSON, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Daniel PARRA, in his official | Case No.: 2:25-cv-05605-MEMF-SP<br><br>**[PROPOSED] ORDER GRANTING CLASS CERTIFICATION**<br><br>Hon. Maame Ewusi-Mensah Frimpong |

capacity as Acting Chief Border Patrol Agent for El Centro Sector of the U.S. Border Patrol; Justin DE LA TORRE, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as First Assistant U.S. Attorney for the Central District of California

Defendants.

On June 8, 2026, Plaintiffs Coalition for Humane Immigrant Rights (CHIRLA), Los Angeles Worker Center Network (LAWCN), and United Farm Workers (UFW) (collectively, the "Warrantless Arrest Plaintiffs" or "Plaintiffs") moved for preliminary injunctive relief. ECF No. 529. Plaintiffs have now sought certification of one class, the Warrantless Arrest Class. ECF No. ___. For the reasons stated herein, the Court hereby GRANTS the motion for class certification.

Having considered the parties' papers and the arguments of counsel, the Court finds that Plaintiffs have demonstrated that the Warrantless Arrest Class is so numerous that joinder of all members is impracticable; that questions of law or fact exist that are common to the Warrantless Arrest Class; that the claims or defenses of the Warrantless Arrest Plaintiffs are typical of the claims or defenses of the Warrantless Arrest Class; that the Warrantless Arrest Plaintiffs will fairly and adequately protect the interests of the Class; and that Class Counsel is adequate. Fed. R. Civ. P. 23(a). The Court further finds that certification is warranted because Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

## I.      LEGAL STANDARD

A party moving for class certification must show under Federal Rule of Civil Procedure 23(a) that: (1) the class is so numerous that joinder of all members is impracticable, (2) questions of law or fact exist that are common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In addition, the party

or parties must meet the criteria of at least one subsection of Rule 23(b).  Plaintiffs whose suit satisfies these requirements have a "categorical" right "to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

## II.    STANDING

This Court affirms its prior conclusion that Plaintiffs have standing.  "This Court has already considered and rejected Defendants' standing and jurisdictional arguments in the MTD Order [ECF 419]."  ECF 484 at 11; *see also Vasquez Perdomo v. Noem*, 148 F.4th 656, 673-77 (9th Cir. Aug. 1, 2025) (concluding that "all Plaintiffs—the individuals and associations—have established their standing to seek prospective equitable relief.").  Plaintiffs most recently presented evidence and argument in support of their motion for a preliminary injunction support that conclusion.  *See* ECF No. 529 at 11–13.  Consistent with its prior orders, the Court concludes Warrantless Arrest Plaintiffs have standing.

## III.   CLASS CERTIFICATION
### A.    Rule 23(a)

Plaintiffs have demonstrated that the Warrantless Arrest Class meets the requirements of Federal Rule of Civil Procedure 23(a).

#### 1.    Numerosity

The proposed class easily satisfies Rule 23(a)(1)'s requirement that a class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "'[I]mpracticability' does not mean 'impossibility'"—only that joining all class members would be difficult or inconvenient.  *Johnson v. City of Grants Pass*, 50 F. 4th 787, 803 (9th Cir. 2022) (quoting *Harris v. Palm Springs Alpine Ests., Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964)).  Although there is no fixed number that renders joinder impracticable, courts have found the "numerosity requirement satisfied when a class includes at least 40 members."  *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010).  *See also Ambrosia v. Cogent Commc'ns, Inc.*, 312 F.R.D. 544, 552 (N.D. Cal. 2016) ("as a general matter, a class greater than forty often satisfies the requirement").  Where the precise class size is unknown, but "general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied.'"  *Kidd v. Mayorkas*, 343

F.R.D. 428, 437 (C.D. Cal. 2023) (quoting *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982)).  Additionally, where declaratory or injunctive relief is sought, "plaintiffs may rely on [] reasonable inference[s] arising from plaintiffs' other evidence that the number of unknown and future members" renders joinder impracticable.  *C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 317 F.R.D. 91, 100 (N.D. Cal. 2016) (alterations in original) (internal quotation marks omitted) (citing *Sueoka v. United States*, 101 F. App'x 649, 653 (9th Cir. 2004)).

The Warrantless Arrest Class is large enough to make joinder impracticable.  Plaintiffs' evidence demonstrates that the Class numbers in the hundreds, if not thousands, and is large enough to make joinder impracticable.  According to ICE arrest data from its Los Angeles Area of Responsibility (coextensive with the Central District of California), which includes some Border Patrol arrests, for the period August 6, 2025 to May 6, 2026, 1,843 (22.7%) of 8,116 "non-custodial" arrests were categorized by the agency as "collateral."  ECF ___ (Declaration of Anne Lai in Support of Plaintiffs' Motion for Class Certification) ¶¶ 14-17.  In the month of April 2026 alone, there were 86 such arrests.  *Id.*, ¶ 17.  Agents make a "collateral" arrest when they arrest someone other than the person they are targeting in a given operation, making it extremely unlikely they have a warrant for the arrestee. 2. The Court can reasonably conclude that a large proportion of the individuals in these categories are likely to be within the proposed Warrantless Arrest Class.  *C.R. Educ. & Enf't Ctr*, 317 F.R.D. at 100 (where declaratory or injunctive relief is sought, "plaintiffs may rely on [] reasonable inference[s] arising from plaintiffs' other evidence that the number of unknown and future members" renders joinder impracticable) (internal quotation marks omitted) (citing *Sueoka*, 101 F. App'x at 653); *see Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F.Supp.3d 1, 57-58 (D.D.C. 2025) (numerosity demonstration "straightforward" when presented with evidence of 1,200 ICE arrests, even if without identification of exactly how many of these arrests were made pursuant to the illegal practice).

Additional factors further support the Court's finding of impracticability: class members are geographically dispersed across seven Southern California counties; many have limited financial means and face barriers to bringing individual suits; and judicial economy weighs in favor of class treatment.  *See* 1 William B. Rubenstein, *Newberg and Rubenstein on Class Actions*

§ 3:12 (6th ed.). The proposed class also includes numerous unnamed future members who are likely to be subjected to the same unlawful practices. The inclusion of unknown or future members strongly favors a finding of impracticability. *See Doe v. Wolf*, 424 F. Supp. 3d 1028, 1040 (S.D. Cal. 2020) ("'[W]here the class includes unnamed, unknown future members, joinder of such unknown individuals is impracticable and the numerosity requirement is therefore met, regardless of class size.'") (citation omitted); *Ali v. Ashcroft*, 213 F.R.D. 390, 408–09 (W.D. Wash. 2003) (same). When a "class's membership changes continually over time, that factor weighs in favor of concluding that joinder of all members is impracticable." *A.B. v. Hawaii St. Dep't of Educ.*, 30 F.4th 828, 838 (9th Cir. 2022); *see also J.D. v. Azar*, 925 F.3d 1291, 1322 (D.C. Cir. 2019) ("classes including future claimants generally meet the numerosity requirement due to the impracticality of counting such members, much less joining them.") (internal quotation marks omitted); *cf. Orantes-Hernandez*, 541 F. Supp. at 370.

Accordingly, the proposed class satisfies the numerosity requirement of Rule 23(a)(1).

### 2. Commonality

This case presents "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "The commonality requirement is 'construed permissively.'" *Rodriguez Vasquez v. Bostock*, 349 F.R.D. 333, 353 (W.D. Wash. 2025) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)); *see Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (emphasizing the permissive construction of Rule 23(a)(2)). A "single common issue of law or fact is sufficient to satisfy the commonality requirement." *Perez-Olano v. Gonzalez*, 248 F.R.D. 248, 257 (C.D. Cal. 2008)); *see also, e.g., Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) ("[T]he commonality requirements asks us to look only for some shared legal issue or a common core of facts"). Plaintiffs' claims "must depend upon a common contention," and that contention must be "capable of classwide resolution"—meaning that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Further, "[a]ll questions of fact and law need not be common to satisfy the commonality requirement. The existence of shared legal issues with divergent factual predicates is sufficient."

*Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 807 (9th Cir. 2020) (internal quotation marks and alterations omitted).  "Thus, '[w]here the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists.'"  *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014).  The critical issue for class certification thus "is not the raising of common 'questions' . . . but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation."  *Id.* (citation omitted).

This standard is readily met where, as here, plaintiffs seek prospective relief "challeng[ing] a system-wide practice or policy that affects all of the putative class members."  *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *see also* 7A Wright & Miller's Federal Practice & Procedure § 1763, at 226 (4th ed. 2026 update) ("[C]lass suits for injunctive or declaratory relief by their very nature often present common questions satisfying Rule 23(a)(2)."); *see also Cruz v. MM 879, Inc.*, 329 F.R.D. 639, 645–46 (E.D. Cal. 2019) (finding commonality requirement satisfied where Plaintiffs challenged compensation scheme and meal break policy); *Doe #1 v. Trump*, 335 F.R.D. 416, 433–34 (D. Or. 2020) (finding commonality requirement satisfied "in cases involving challenges to systemic immigration *policies and procedures*, even though immigration *decisions* ultimately involve discretionary decisions by consular officers"); *Ms. L. v. U.S. Immigr. & Customs Enf't*, 331 F.R.D. 529, 539 (S.D. Cal. 2018) (finding commonality requirement satisfied where plaintiffs challenged government's "practice of separating migrant parents and children and keeping them separate without a showing the parent is unfit"); *Ortega-Melendres v. Arpaio*, 836 F.Supp.2d 959, 989 (D. Ariz. 2011) (finding commonality requirement satisfied where plaintiffs challenged government racial-profiling policy and practice for conducting vehicle stops).

The Warrantless Arrest Class satisfies the commonality requirement because all class members are subject to the same challenged practice, namely, Defendants' practice of conducting warrantless arrests without an assessment of escape risk prior to the arrest, and the challenged practice in turn infringes on putative class members' statutory and regulatory rights in substantially similar ways.  "Commonality requires plaintiff to demonstrate that her claims

'depend upon a common contention . . . [whose] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 517 (C.D. Cal. 2015), *modified*, 314 F.R.D. 312 (C.D. Cal. 2016) (quoting *Wal-Mart*, 564 U.S. at 350).  Common questions of law and fact present here include:

- Whether Defendants have a policy and practice of conducting warrantless arrests for alleged immigration violations without making an individualized determination of probable cause that an individual is likely to escape before a warrant can be obtained for the arrests;

- Whether Defendants' policy and practice of conducting warrantless arrests for alleged immigration violations without making an individualized determination of probable cause that an individual is likely to escape before a warrant can be obtained for the arrests violates the INA, specifically 8 U.S.C. § 1357(a)(2);

- Whether Defendants' policy and practice of conducting warrantless arrests for alleged immigration violations without making an individualized determination of probable cause that an individual is likely to escape before a warrant can be obtained for the arrests violates DHS regulations, specifically 8 C.F.R. § 287.8(c)(2)(i)–(ii); and

- Whether Defendants' policy and practice of conducting warrantless arrests for alleged immigration violations without making an individualized determination of probable cause that an individual is likely to escape before a warrant can be obtained for the arrests violates the Administrative Procedures Act.

That class members' individual immigration status and arrest experiences may vary does not defeat the commonality among them, because the core common questions presented do not necessitate a type of inquiry that would prevent a "classwide resolution." *Wal-Mart*, 564 U.S. at 350; *see also, e.g.*, *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012) ("Where the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists." (citation omitted)); *Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998) (finding commonality based on plaintiffs' common challenge to INS procedures, and noting that "[d]ifferences among the class members with respect

to the merits of their actual document fraud cases . . . are simply insufficient to defeat the propriety of class certification"); *Orantes-Hernandez*, 541 F. Supp. at 370 (certifying a class in challenge to common government practices in asylum cases, even though the outcome of individual asylum cases would depend on individual class members' varying entitlement to relief).  Thus, the specific circumstances of each proposed class members' warrantless arrest are irrelevant to the claims presented.  What matters here is that Defendants arrest them without individually assessing whether they pose an escape risk, as required by the statute and its implementing regulation. *Escobar Molina*, 811 F. Supp. 3d at 58 (certifying a class in part because plaintiffs "do not challenge whether the agents actually had probable cause to arrest each putative class member, but rather whether defendants were making pre-arrest individualized assessments for 'flight risk *at all*, across the entire class'"); *M-J-M-A- v. Hermosillo*, __F. Supp. 3d __, No. 6:25-CV-02011-MTK, 2026 WL 562063, at *17 (D. Or. Feb. 27, 2026) ("Although the individual facts surrounding each case may differ, M-J-M-A- and C.G.'s claims are typical of the class in that they each challenge ICE's practice of arrests without a probable cause determination of escape risk.").

The proposed class satisfies the commonality requirement of Rule 23(a)(2).

#### 3. Typicality

The three Warrantless Arrest Plaintiffs and their members meet the Rule 23(a)(3) requirement that their claims be "typical of the claims . . . of the class."  Fed. R. Civ. P. 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Parsons*, 754 F.3d at 685 (the test for typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.") (citations omitted).  "This inquiry focuses on the nature of the claim of the class representative, and not the specific facts from which it arose." *Gonzalez*, 975 F.3d at 809 (cleaned up); *see, e.g.*, *Armstrong*, 275 F.3d at 868 (typicality is "'satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'").

As an initial matter, the Warrantless Arrest Plaintiffs may serve as class representatives because each has associational standing to bring claims on behalf of its members, many of whom are putative class members who are currently or stand to be harmed by the challenged practices absent judicial intervention. "[M]any courts have held that organizations with associational standing may serve as class representatives." *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 204-07 & n.6 (N.D. Cal. 2012) (citations omitted) ("[T]he VVA has associational standing to represent the class, as long as some of its members would otherwise have standing to sue in their own right," which at least three did); *Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171, 1174-75 (9th Cir. 1990) (rejecting challenge to typicality because "in their associational capacity, the unions are acting on behalf of" members, which included putative class members); *Kidd*, 343 F.R.D. at 443 (appointing Coalition Plaintiffs as class representatives in case challenging home arrest practices). And Warrantless Arrest Plaintiffs may represent a class that comprises both members within their organizations and non-members. *See One Unnamed Deputy Dist. Att'y v. Cnty. of Los Angeles*, No. CV 09-7931 ODW (SSX), 2011 WL 13128375, at *1 (C.D. Cal. Jan.24, 2011) (unions may represent class that includes non-union members); *Cal. Rural Legal Assistance,* 917 F.2d at 1175 (same).

The Warrantless Arrest Plaintiffs' claims on behalf of their members are typical of those of the proposed class here. As with commonality, the typicality requirement "is permissive and requires nothing more than that a class plaintiff's claims be reasonably coextensive with those of absent class members." *Gonzalez* at 809 (internal quotation marks omitted). That is so here for Plaintiffs' members who have been and/or are at imminent risk of being subjected to the same unlawful policy and practice of warrantless arrests that is challenged by the putative class. For example, a member of CLEAN was arrested earlier this year at Fullerton Car Wash without a warrant and without any assessment of flight risk. ECF 529-74 (Fourth Melendrez Decl.), ¶ 14; *id*., ¶ 7 ("I am aware of dozens of CLEAN's members that have been stopped and arrested by federal agents . . . seemingly without a warrant"). Similarly, a CHIRLA member was arrested pursuant to Defendants' warrantless arrest policy while selling tamales in the parking lot of a strip mall. ECF 529-73 (Sixth Salas Decl.), ¶ 20. Prior to her arrest, federal agents asked her only

whether she had papers, and no other questions. *Id.* And Warrantless Arrest Plaintiffs each have members who, whether documented or not, have deep roots in the community and face an imminent risk of arrest or re-arrest under Defendants' policy. *Id.*, at ¶¶ 13-17, 19-20, 22-32; ECF 529-74 (Fourth Melendrez Decl.), ¶¶ 13, 18-21; ECF 529-76 (Third Strater Decl.), ¶¶ 29-43.

Despite the particularized differences in their experience, all these members' interests "align[] with the interests of the class." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). They all challenge the same system-wide course of conduct and seek the same form of relief—declaratory and injunctive relief—to stop the same future harm of unlawful arrests. *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) (typicality "is not primarily concerned with whether each person in a proposed class suffers the same type of damages; rather, it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class."). Indeed, "[c]ommentators have noted that cases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims." *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994) (citing 1 Newberg on Class Actions § 3.10, at 3-50 (1992)). Warrantless Arrest Plaintiffs' claims are therefore typical.

4.    Adequacy

The Warrantless Arrest Plaintiffs and the Stop/Arrest Plaintiffs' Class Counsel will fairly and adequately protect the interests of the Class. Under Rule 23(a)(4), the Court must be satisfied the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This determination turns on two questions: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[,] and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Evon*, 688 F.3d at 1031 (quoting *Hanlon*, 150 F.3d at 1020). This adequacy requirement "'tend[s] to merge' with the commonality and typicality criteria of Rule 23(a)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (alteration in original); *see Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982) (explaining commonality and typicality "serve as guideposts" to ensure "the

named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence").

***Named Warrantless Arrest Plaintiffs***: The proposed class representatives satisfy the adequacy requirement because their interests align with, and are not adverse to, the interests of the class.  ECF 529-75 (Gudino Decl.), ¶¶ 7-12, 30-31; ECF 529-73 (Sixth Salas Decl.), ¶¶ 2-11, 37-38; ECF 529-76 (Third Strater Decl.), ¶ 44.  The Warrantless Arrest Plaintiffs are motivated to pursue this action on behalf of their members who have been, will be, and/or reasonably fear being detained after a warrantless arrest without ever having been determined to be an escape risk.  ECF 529-75 (Gudino Decl.), ¶¶ 25-31; ECF 529-74 (Fourth Melendrez Decl.), ¶¶ 3-21; ECF 529-73 (Sixth Salas Decl.), ¶¶ 13-32; ECF 529-76 (Third Strater Decl.), ¶¶ 20, 29-43.  Warrantless Arrest Plaintiffs seek declaratory and injunctive relief against the government's policies.  As a result, there is no potential conflict between the interests of the Warrantless Arrest Plaintiffs and members of the proposed class.  *See Rodriguez Vazquez*, 349 F.R.D. at 362 (no conflict of interest where class representative "has a 'mutual goal' with the other class members to challenge the allegedly unlawful practices and to 'obtain declaratory . . . relief that would not only cure this illegality but remedy the injury suffered by all current and future class member'" (quoting *Nightingale v. U.S. Citizenship & Immigr. Servs.*, 333 F.R.D. 449, 462 (N.D. Cal. 2019))).  Accordingly, Plaintiffs are adequate representatives of the proposed Warrantless Arrest Class.

***Stop/Arrest Plaintiffs' Class Counsel:***  Plaintiffs' counsel also meet the adequacy requirement.  Counsel are qualified when they can establish experience in previous class actions and cases involving the same area of law.  *See Lynch v. Rank*, 604 F. Supp. 30, 37 (N.D. Cal. 1984), *aff'd*, 747 F.2d 528 (9th Cir. 1984), *amended on reh'g*, 763 F.2d 1098 (9th Cir. 1985).  Plaintiffs are represented by experienced attorneys from the ACLU Foundations of Southern California, Northern California, and San Diego and Imperial Counties; the University of California, Irvine School of Law Immigrant and Racial Justice Solidarity Clinic; Munger, Tolles & Olson LLP; the National Day Laborer Organizing Network; Law Offices of Stacy Tolchin; and Public Counsel.  Counsel have deep knowledge of immigration law and extensive experience litigating class actions protecting the constitutional and statutory rights of immigrants, as well as

in other complex federal cases.  *See generally* Declaration of Jacob Kreilkamp (MTO), ECF _; Declaration of Mohammad Tajsar (ACLU), ECF __; Declaration of Anne Lai (UCI), ECF __; Declaration of Stacy Tolchin (Law Offices of Stacy Tolchin), ECF __; Declaration of Jessica Karp Bansal (NDLON), ECF __; Declaration of Rebecca Brown (Public Counsel), ECF __.  Counsel also have the necessary resources, expertise, and commitment to adequately prosecute this case on behalf of Warrantless Arrest Plaintiffs and the proposed Warrantless Arrest Class.  And proposed class counsel have identified no conflict of interest with any Plaintiff or any identified member of the proposed class.  Therefore, Stop/Arrest Plaintiffs Class Counsel meet the adequacy requirements set forth in both Rules 23(a)(4) and 23(g), and are qualified to serve as class counsel in this case.

### B.    Rule 23(b)(2)

The Warrantless Arrest Class warrants certification because it meets the requirements of Rule 23(b)(2). "[T]he primary role of [Rule 23(b)(2)] has always been the certification of civil rights class actions." *Parsons*, 754 F.3d at 686 (quoting *Amchem Prods.*, 521 U.S. at 614). Under Rule 23(b)(2), class certification is warranted when the opposing party "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

"The key to [a] (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'"  *Wal-Mart*, 564 U.S. at 360. This standard is "unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole," even where the class seeks to ultimately challenge more than one policy or practice. *See Parsons*, 754 F.3d at 667–68, 688–89 (discussing (b)(2) class that challenged 15 discrete policies or practices of state prison system, seeking "uniform changes in statewide ADC policy and practice"); *see also Melendres v. Arpaio*, 784 F.3d 1254, 1258–59 (9th Cir. 2015) (injunction in (b)(2) class case enjoining sheriff's office from engaging in multiple practices).

This is a quintessential case for Rule 23(b)(2) treatment.  The proposed Warrantless Arrest Class seeks to challenge the federal government's policy and practice of effectuating warrantless arrests without a pre-arrest determination of escape risk.  This policy and practice applies to all members of the proposed class.  Accordingly, a "single injunctive or declaratory judgment"— holding that Defendants' pattern or practice of warrantless arrests violates the INA and APA— "would provide relief to each member of the class."  *Wal-Mart*, 564 U.S. at 360; *see also Amchem Prods.*, 521 U.S. at 614 (explaining that "[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of 23(b)(2) class actions).  For the same reasons, courts across the country in similar warrantless arrest cases have certified or provisionally certified similar classes.  *See Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1229–30 (D. Colo. 2025); *Escobar Molina*, 811 F. Supp. 3d at 60–61; *United Farm Workers v. Noem*, 785 F. Supp. 3d 672, 730 (E.D. Cal. 2025); *M-J-M-A-*, 2026 WL 562063, at \*17; *see also Walters*, 145 F.3d at 1047 (upholding certification under Rule 23(b)(2)); *Ortega-Melendres*, 836 F. Supp. 2d at 990–91 (finding certification under Rule 23(b)(2) proper).

As with the commonality requirement under Rule 23(a), that individual class members may be affected by Defendants' practices in different ways does not undermine the case for (b)(2) class treatment.  There is no predominance requirement under Rule 23(b)(2); the rule "asks only whether 'the party opposing the class has acted or refused to act on grounds that apply generally to the class.'"  *Parsons*, 754 F.3d at 688.  As such, certification under Rule 23(b)(2) is proper even where "each of the certified . . . policies and practices may not affect every member of the proposed class . . . in exactly the same way" so long as the defendant acted on grounds that "appli[ed] generally to the proposed class."  *Id.* at 688–89 (systemic policies and practices placed "every inmate in [Arizona Department of Corrections] custody in peril" and defendants' deliberate indifference to the "resulting risk of serious harm" applied generally to the proposed class)*; see also Gibson v. Local 40, Supercargoes & Checkers,* 543 F.2d 1259, 1264 (9th Cir. 1976) ("A class action may be maintained under [Rule] 23(b)(2), alleging a general course of racial discrimination by an employer or union, though the discrimination may have been manifested in a variety of practices affecting different members of the class in different ways . . . .").  "It is sufficient if class

members complain of a pattern or practice that is generally applicable to the class as a whole." *Walters*, 145 F.3d at 1047.

Class members here seek class-wide relief from Defendants' unlawful warrantless arrest policy and practice.  That is sufficient for this civil rights action.  *Parsons*, 754 F.3d at 686; Advisory Committee Note to Subdivision (b)(2), 39 F.R.D. 102 (1996) ("Illustrative [of the purpose of Rule 23(b)(2)] are" civil rights actions, usually those "whose members are incapable of specific enumeration.").

***

The Court, having considered Plaintiffs' Motion for Class Certification, the parties' filings, the arguments of counsel, and the record in this case, and finding good cause therefor, hereby **GRANTS** the Motion and **ORDERS** that the Warrantless Arrest Class be defined as follows:

> All persons, since June 6, 2025, who have been arrested or will be arrested in this District for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses a likelihood of escape.

The Court further ORDERS that Plaintiffs Los Angeles Worker Center Network (LAWCN), United Farm Workers (UFW), and the Coalition for Humane Immigrant Rights (CHIRLA) are appointed representatives of the Warrantless Arrest Class, and that the American Civil Liberties Union Foundation of Southern California, the American Civil Liberties Union Foundation of Northern California, the American Civil Liberties Union Foundation of San Diego and Imperial Counties, the UC Irvine School of Law Immigrant and Racial Justice Solidarity

Clinic, Munger, Tolles & Olson, LLP, the National Day Laborer Organizing Network, the Law Offices of Stacy Tolchin, and Public Counsel are appointed as class counsel for the Warrantless Arrest Class.

IT IS SO ORDERED.

Dated: _____, 2026          _____

Hon. Maame Ewusi-Mensah Frimpong
United States District Judge