UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | June 11, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) Certification of Facts and Order to Show Cause Why Defendants Should Not Be Held in Contempt [503]**

## I.   INTRODUCTION

On May 12, 2026, plaintiffs filed a Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt for Violation of ECF 370.  Docket no. 503. Plaintiffs ask the court to issue an order to show cause why the court should not hold defendants in contempt for failing to comply with the portion of the court's January 16, 2026 order ("January 16 Order") requiring them to forensically image any cell phone used by an agent present at any of 15 identified operations and order defendants to pay $500 per day until they comply with the court's order.  *Id.*  The parties' positions are set forth in a Joint Stipulation ("JS").  *Id.*  Plaintiff's arguments are supported by the declaration of Sara Worth ("Worth Decl.") and exhibits.  *Id.*  Defendants' arguments are supported by the declarations of D.S. ("D.S. Decl.") and J.R., and exhibits.  *Id.*

Plaintiffs filed a supplemental brief on May 18, 2026 ("P. Supp."), supported by another declaration of Sara Worth ("Supp. Worth Decl.") and exhibits.  Docket no. 506. Defendants filed a supplemental brief on May 19, 2026 ("D. Supp.").[1]  Docket no. 507.

---

[1]   On May 20, 2026, plaintiffs filed an objection to defendants' supplemental brief on the ground that it was untimely.  Docket no. 509.  Plaintiffs argue that the court's October 23, 2025 order requires supplemental briefs be filed within four business days of the filing of the joint stipulation.  *Id.*  Plaintiffs are incorrect.  The October 23, 2025 order states that parties "may file supplemental memoranda no later than 7 days before the hearing date."  Docket no. 227 at 5.  Defendants filed their supplemental memorandum

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | June 11, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al. | | |

The court held a hearing on May 26, 2026.  After considering the parties' written and oral arguments, the court grants plaintiffs' motion and orders defendants to appear before the Honorable Maame Ewusi-Mensah Frimpong to show cause why they should not be found in contempt of court and fined $500 per day until they fully comply with the court's January 16 Order.

## II.   CERTIFICATION OF FACTS

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the court hereby certifies the following facts to the Honorable Maame Ewusi-Mensah Frimpong.

1.   On June 20, 2025, three of the plaintiffs (then petitioners) filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Complaint, as well as an ex parte application for temporary restraining order ("TRO") enjoining respondents from transferring them outside of this judicial district.  Docket nos. 1, 4.  Later that same day, petitioners agreed to withdraw the TRO application after respondents agreed to the requested relief.   Docket no. 9.

2.   On July 2, 2025, plaintiffs filed the First Amended Complaint.  Docket no. 16.

3.   On October 17, 2025, the District Judge granted Plaintiffs' and Intervenors' Joint Motion for Limited, Expedited Discovery, ordering that they may serve their proposed Interrogatory Nos. 1-4 and Request for Product ("RFP") Nos. 1-4, which concern agent training and 15 specific immigration operations.  Docket no. 223; *see* docket no. 211-1, Exs. 1-2.

4.   RFP No. 3 calls for "COMMUNICATIONS through messaging of any kind (including text messaging, chats, or messaging through a mobile application) from or to PERSONS identified in YOUR response to Plaintiff CHIRLA's Expedited Interrogatories No. 1 concerning the operations referenced in Plaintiff CHIRLA's Expedited Interrogatories No. 1."  Docket no. 211-1, Ex. 2.

---

seven days before the hearing date and it is therefore timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | June 11, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al. | | |

5.  On October 23, 2025, the court issued an order setting the expedited discovery schedule and terms for expedited discovery.  Docket no. 227.  In relevant part, the court ordered defendants to complete the production of materials responsive to the RFPs by November 21, 2025.  *Id*. at 4.

6.  On December 10, 2025, the parties met and conferred, during which defendants stated that agents' mobile phones had not been imaged and claimed that agents do not use the native texting function on their mobile phones as part of their job.  Docket no. 320-1 ¶¶ 10-11.

7.  Meanwhile, between December 8 and 19, 2025, plaintiffs took the depositions of six officers and agents who participated in the 15 operations at issue.  *See* Worth Decl., Exs. 8-13.

8.  At 11:56 p.m. on the night prior to the December 8, 2025 deposition, defendants served a production of text messages from the supervisory border patrol agent who was to be deposed.  Docket no. 320-1 ¶ 6, Exs. C-D; *see* Worth Decl., Ex. 8.

9.  On December 15, 2025, at 10:46 p.m., defendants served a production of text messages from a border patrol agent whose deposition was noticed for December 16, 2025, at 9:00 a.m.  *Id*. ¶ 7, Exs. E-F; *see* Worth Decl., Ex. 10.

10.  Five of the six officers and agents deposed in December 2025 testified that they used their personal phones for work.  Worth Decl., Ex. 8 at 27:8-17; Ex. 9 at 24:11-21; Ex. 10 at 29:3-16; Ex. 11 at 74:12-75:6; Ex. 12 at 29:11-18.  In addition to testifying to the use of personal phones for work, one testified he did not receive a written litigation hold related to this case.  *Id*., Ex. 13 at 32:17-19, 38:17-23. Another testified that he recalled receiving a litigation hold after September 20, 2025, but he is not sure it is related to this case and he did not take any steps to preserve documents.  *Id*., Ex. 11 at 75:16-78:21, 84:7-11.  Another testified that he did not search his personal phone and although he used WhatsApp for work, he did not produce messages to counsel or save any messages.  Supp. Worth Decl., Ex. 22 at 29:17-19, 285:10-16, 285:24-286:11, 288:8-13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | June 11, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al. | | |

11.   On December 23, 2025, plaintiff CHIRLA filed a motion to compel defendants to fully respond to the RFPs, including to forensically image any cell phone used by any agent present at any of the 15 operations at issue in expedited discovery. Docket no. 320.  Among the examples plaintiffs cited to support their argument of a deficient production was defendants' failure to produce text messages that body camera footage established were sent.  Docket no. 320-1 ¶ 8.

12.   On January 16, 2026, the court granted plaintiffs' motion to compel and ordered defendants to, inter alia, "[f]orensically image any cell phone used by an agent present at any of the 15 operations and review these devices for material responsive to RFP Nos. 2 and No. 3" by January 30, 2026.  Docket no. 370 at 9.

13.   On January 20, 2026, defendants filed an ex parte application to stay the January 16 Order, asserting, among other things, that it was unclear as to whether the January 16 Order includes personal devices.  Docket no. 379.

14.   On January 22, 2026, the court denied the January 20 ex parte application in large part but granted defendants an extension of the production deadline to February 13, 2026.  Docket no. 387.

15.   On January 30, 2026, defendants filed objections to the January 16 Order, arguing, inter alia, the forensic imaging requirement is burdensome and not routine, as well as imposing substantial logistical and privacy burdens.  Docket no. 395.

16.   During a February 12, 2026 status conference, defendants stated they started the process to forensically image government phones, read the January 16 Order as applying to any phone, and asked the court to reconsider its order to forensically image all phones.  Docket no. 423 at 43:23-44:4, 45:11-20.  The court clarified the January 16 Order included any personal phones that were used during the operation, but agreed to stay the portion of the order as to personal devices for 14 days while the parties met and conferred as to the scope of the imaging.  *Id*. at 48:15-20, 49:12-15, 51:22-25.  The following day, the court extended the deadline for the forensic imaging and review of the cellphones to March 16, 2026.  Docket no. 414.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | June 11, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al. | | |

17.  On March 5, 2026, plaintiffs proposed limiting the scope of the forensic imaging of personal phones if defendants' counsel conducts custodial interviews of the agents involved in the 15 operations that are the subject of RFP Nos. 1-4 and provides declarations to plaintiffs stating, among other things, whether the agent's personal phone was used for work purposes and whether the auto-delete settings have been turned off. Worth Decl., Ex. 18. With such interviews and declarations, plaintiffs stated they were willing to stipulate to the forensic imaging of the personal cell phones of up to 50 custodians of their choosing. *See id.*

18.  At the March 6, 2026 status conference, defendants represented that they were "reviewing the [personal] phones with the ICE agents" and the agents "are signing declarations . . . with respect to the collection of the information of these phones." Docket no. 453 at 6:22-24, 10:14-11:2. Defendants stated that "[t]hese are not federal records" on these personal phones. *Id*. at 10:9-11. As for the government issued phones, defendants stated they "are currently complying" with their obligations to forensically image them. *Id*. at 18:10-14.

19.  In a March 16, 2026 joint status report regarding imaging of cell phones, defendants represented that they had been forensically imaging government-issued phones. Docket no. 462 at 9, n.4. Defendants stated they had proposed the following collection framework for personal phones: "(1) the agencies *will* ask the agents present at any of the 15 specified operations to identify if they used a personal phone during any operations; (2) the agencies *will* ask the agents present and who said they used their personal phones to conduct a reasonable search of their personal phone and capture complete screenshots of any responsive materials for transmission to agency counsel; and (3) the agency *will* have all agents present separately complete a short declaration, stating whether they used a personal phone at the 15 specified operations, whether they conducted a search for any materials relating the 15 specified operations, and whether they collected and provided screenshots of any such materials." *Id*. at 10 (emphasis added). Plaintiffs rejected this proposal as "a woefully insufficient alternative" that "would do nothing to address the endemic problem of non-preservation and deletion of relevant data." *Id*. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | June 11, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al. | | |

20. On March 17, 2026, the court lifted the partial stay of the January 16 Order. Docket nos. 465, 475 at 23:1-3.

21. At a March 20, 2026 status conference, defendants yet again represented they understood the January 16 Order to include personal phones. Docket no. 478 at 6:22-7:2 ("And so the Agency has been acting swiftly to make sure that it complies with the Court's order, as Your Honor made clear that it is now obligated under that Order to produce what it can with respect to the personal phones. And the Agency is committed to doing everything it can to comply with that Order.").

22. Also during the March 20, 2026 status conference, defendants confirmed that they had not yet collected or forensically imaged the government and personal phones of defendant Gregory Bovino, who was also present at one of the 15 operations. *Id*. at 5:1-4, 6:17-18, 14:5-7, 15:1-8, 16:6-11, 17:7-8.

23. On April 6, 2026, defendants informed plaintiffs that Bovino lost his previously issued work phone in January 2026 and Customs and Border Protection ("CBP") issued him a new phone on January 27, 2026. Worth Decl., Ex. 19.

24. On April 10, 2026, defendants responded to plaintiffs' March 5 proposal regarding the personal phones, stating they could not agree to it where it requires the forensic imaging of personal phones because those are outside the agency's possession, custody, and control and therefore the agency requires the person's consent. *Id.* Defendants also declined to conduct custodial interviews. *Id*.

25. On April 16, 2026, plaintiffs sent defendants a meet and confer letter regarding their intent to file a motion for sanctions. Worth Decl. ¶ 4, Exs. 19-20.

26. The parties met and conferred on April 21, 2026, during which defendants stated that they have been "attempting to collect the personal information . . . in a way short of imaging" and the agency does not have the ability to comply with the January 16 Order as to personal phones. *Id*. ¶ 6. Defendants confirmed they would not conduct custodial interviews and had asked employees to provide relevant information on their phones. *Id*. ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | June 11, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al. | | |

27.    On April 21, 2026, CBP notified its unions that it would send questionnaires to its employees and provided the unions a seven to ten-day window to respond.  JS, Ex. C ("D.S. Decl.") ¶ 6.

28.    On April 22, 2026, Immigration and Customs Enforcement ("ICE") emailed declarations to the law enforcement officers involved in the 15 operations.[2]  JS, Ex. B.

29.    The Acting Deputy Executive Assistant Commissioner for the CBP Office of Field Operations declared that it was his "understanding" that the questionnaire "was rolled out" to its employees on May 4, 2026, providing them seven days to respond.  D.S. Decl. ¶¶ 7-8; *see also* JS, Ex. E.

30.    At the May 26, 2026 hearing, defendants represented that CBP sent questionnaires to 1,462 agents associated with Operation at Large Los Angeles and CBP received 1,253 agents completed questionnaires.  Docket 515 at 13:22-14:5.  Of the 1,253 received responses, 885 individuals indicated they use their personal phones for work and 88 individuals indicated they would consent to the forensic imaging of their personal phones.  *Id*. at 14:4-18.

31.    As of May 26, 2026, defendants had not forensically imaged any personal phones. *See* docket no. 515.

## III.    DISCUSSION

"The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on the other Branches." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796 (1987).  Where, as here, a party fails to obey a court order compelling discovery, the court may issue sanctions, including "treating as contempt of court the

---

[2]    As discussed in greater detail *infra*, neither the attached ICE declaration nor the attached CBP questionnaire has been authenticated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | June 11, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al. | | |

failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2) (A)(vii). Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). A sanction for civil contempt is intended to coerce the party in contempt to comply with the court's order in the future, with the sanction conditioned on continued noncompliance. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992). Thus, a party imprisoned for contempt "carries the keys of his prison in his own pocket because civil contempt is intended to be remedial by coercing the defendant to do what he had refused to do." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (quotation marks and citation omitted).

"The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). To establish that civil contempt is appropriate, plaintiffs must demonstrate "(1) that [defendants] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *U.S. v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010). Once plaintiff makes this showing, the burden shifts to defendants to demonstrate they "took all reasonable steps within [their] power to insure compliance with" the court's order. *Hook v. Ariz. Dept. of Corrs.*, 107 F.3d 1397, 1403 (9th Cir. 1997) (quotation marks and citation omitted).

"The choice among the various sanctions rests within the discretion of the district court" (*U.S. v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980)), and the Ninth Circuit "defer[s] considerably to the judgment of the district court in fashioning the appropriate sentence because of its proximity to the events out of which contempt springs." *U.S. v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980). Nonetheless, a "district court should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders." *Id.* (quotation marks and citation omitted).

Where a magistrate judge has been designated to determine a pretrial matter such as a discovery dispute and is faced with an act that "constitutes a civil contempt, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | | Date | June 11, 2026 |
|---|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al. | | | |

magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6)(B)(iii). At the hearing, "[t]he district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before the district judge." *Id.*

As recounted in the facts certified above, plaintiffs have established that defendants violated the January 16 Order to forensically image any cell phone used by an agent at any of the 15 operations and review these devices for material responsive to RFP Nos. 2 and No. 3. Defendants' failure specifically pertains to agents' personal cell phones. The court issued the January 16 Order because the record reflected defendants' collection and preservation efforts were insufficient. The January 16 order initially required all imaging by January 30, but the court subsequently stayed the imaging of personal cell phones until March 17 while the parties met and conferred about the scope of the imaging to possibly reduce the number of personal phones that would need to be imaged. The parties having not reached an agreement, the court lifted the stay on March 17, allowing the January 16 order on this point to again take effect.

Despite the court's repeated clarifications that the order required forensic imaging of personal phones, and despite plaintiffs' proposal to streamline the process so as to limit the number of phones that would need to be imaged, and despite the stay on personal cell phone imaging having been lifted since March 17, defendants' conduct evidences they took minimal to no action to comply with the January 16 Order. Indeed, it is unclear when defendants even informed the ICE and CBP agents about the litigation hold and January 16 Order. It was only after plaintiffs informed defendants of their intent to file for civil contempt that defendants took some actions toward compliance in late April.

Although defendants contend they have been acting in good faith and taken reasonable steps to comply, they have not provided any authenticated evidence to support their assertions of the steps they took and the constraints they face, including the CBP

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | | Date | June 11, 2026 |
|---|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al. | | | |

collective bargaining agreements.[3]  This does not mean the court fails to appreciate either the substantial burden on defendants imposed by the January 16 order or the challenges of imaging agents' personal phones.  But these difficulties do not excuse defendants' failure to image a single personal phone by the May 26 hearing.  Defendants argue they lack a procedure to seize the personal phones, however, the record reflects they have not taken even the basic step of informing agents there is a court order requiring their personal phones to be imaged.  Instead, defendants apparently sent CBP employees a questionnaire, which seems to instruct employees what they must do to avoid having their phones imaged, in apparent defiance of the court's order.  *See* JS, Ex. E, question 46.

Given this record, plaintiffs reasonably request a contempt sanction of $500 per day until defendants fully comply with the January 16 Order to forensically image personal phones, to be paid jointly and severally.  The court also notes that, in lieu of or in addition to other sanctions, where a party has failed to obey a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Based on the facts certified above, and for the reasons stated herein, the court orders defendants to appear before Judge Frimpong to show cause why they should not be held in contempt.

---

[3]    Defendants attach to the JS what they purport is a sample ICE Personal Phone Declaration (JS, Ex. A), an ICE email requesting employees complete the Personal Phone Declaration (*id.*, Ex. B), and what appears to be a questionnaire to CBP employees regarding the use of personal phones during "Operation at Large – Los Angeles" (*id.*, Ex. E).  In response to the court's request for defendants to submit evidence to support their contentions – in particular litigation holds – defendants submitted what appears to be a CBP litigation hold dated August 28, 2025 (docket no. 518-1) and a distribution list (docket no. 518-2).  None of these exhibits is authenticated as required by Rule 901(a) of the Federal Rules of Evidence.  Defendants do not even explain what some of these exhibits are (*e.g.*, docket no. 518-2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | June 11, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al. | | |

## IV.   <u>ORDER</u>

IT IS THEREFORE ORDERED that defendants appear before the Honorable Maame Ewusi-Mensah Frimpong in courtroom 8B of the Felicitas and Gonzalo Mendez United States Courthouse, located at 350 W. 1st Street, Los Angeles, California, to show cause why they should not be adjudged in contempt by reason of the facts certified herein.  Counsel for the parties are directed to contact Judge Frimpong's courtroom deputy clerk to schedule the date and time of the order to show cause hearing.