HYDEE FELDSTEIN SOTO
(SBN 106866)
City Attorney
hydee.feldsteinsoto@lacity.org
VALERIE L. FLORES (SBN 138572)
valerie.flores@lacity.org
MICHAEL J. DUNDAS (SBN 226930)
mike.dundas@lacity.org
MARIA LOUISE COUSINEAU
(SBN 122280)
maria.cousineau@lacity.org
RANDALL G. SOMMER
(SBN 214099)
randall.sommer@lacity.org
SHUBHRA SHIVPURI (SBN 295534)
shubhra.shivpuri@lacity.org
OFFICE OF THE LOS ANGELES
CITY ATTORNEY
City Hall 200 North Spring Street
21st Floor
Los Angeles, CA 90012-4130
Tel.: 213-922-8382; Fax: 213-978-7957

*Attorneys for Intervenor
City of Los Angeles*

E. MARTIN ESTRADA
(SBN 223802)
martin.estrada@mto.com
DANIEL B. LEVIN (SBN 226044)
daniel.levin@mto.com
JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
V. GRACE DAVIS (SBN 336732)
grace.davisfisher@mto.com
V. ROMAN LEAL (SBN 348892)
roman.leal@mto.com
WENDY QIUYU XIAO (SBN 342702)
wendy.xiao@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, California 90071
Tel.: 213-683-9100; Fax: 213-687-3702

*Attorneys for Intervenors Cities of Los
Angeles, Anaheim, Bell Gardens, Beverly
Hills, Carpinteria, Culver City,
Huntington Park, Long Beach, Lynwood,
Montebello, Monterey Park, Oxnard,
Paramount, Pico Rivera, Pomona, Santa
Ana, Santa Barbara, Santa Monica,
South Gate, and West Hollywood*

NICOLE DAVIS TINKHAM (SBN 229592)
ntinkham@counsel.lacounty.gov
LILIANA CAMPOS (SBN 255753)
lcampos@counsel.lacounty.gov
BRIGIT GREESON ALVAREZ (SBN 237301)
bgreesonalvarez@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
648 Kenneth Hahn Hall of Admin.,
500 West Temple Street
Los Angeles, California 90012-2713
Tel.: 213-808-8736; Fax: 213-633-1915

*Attorneys for Intervenor County of Los
Angeles*

MICHELE BEAL BAGNERIS (SBN 115423)
City Attorney
mbagneris@cityofpasadena.net
ARNOLD F. LEE (SBN 278610)
aflee@cityofpasadena.net
ANDREW AARONIAN (SBN 318245)
aaaronian@cityofpasadena.net
OFFICE OF THE CITY ATTORNEY
OF PASADENA
100 N Garfield Ave, Rm N-210
Pasadena, CA 91101
Tel.: 626-744-4141; Fax: 626-744-4190

*Attorneys for Intervenor City of Pasadena*

NORMAN L. EISEN*
Norman@democracydefenders.org
STEPHEN A. JONAS (SBN 542005)
Steve@democracydefenders.org
JOSHUA G. KOLB*
Joshua@democracydefenders.org
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave. SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958

*Admitted *Pro Hac Vice*

*Attorneys for Intervenor City of Los
Angeles*

DECLARATION OF ALEXANDER KARKANEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER,

*Plaintiffs*,

v.

Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Pam BONDI, in her official capacity as U.S. Attorney General; Jaime RIOS, in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Dean T. SORENSON, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Gregory K. BOVINO, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Justin DE LA TORRE, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California.

*Defendants*,

Case No.: 2:25-cv-05605-MEMF-SP

**DECLARATION OF ALEXANDER KARKANEN**

-2-

DECLARATION OF ALEXANDER KARKANEN

## DECLARATION OF ALEXANDER KARKANEN

I, Alexander Karkanen, do declare or state pursuant to 28 U.S.C. § 1746 as follows:

1.    I am a witness for Intervenor the County of Los Angeles ("County") in the above-captioned case of *Perdomo, et al. v. Mullin, et al.*, Case No. 25-cv-05605-MEMF, in the U.S. District Court for the Central District of California. I make this declaration based on personal knowledge – except for those facts specifically stated to be based on information and belief – my professional duties, and my review of official records, in support of a Motion for Joinder in the Plaintiffs' Motion for a Preliminary Injunction in the *Perdomo* case. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2.    I am the Head Deputy District Attorney for the Consumer Protection Division of the Los Angeles County District Attorney's Office. Through April 15, 2026, I served as the Head Deputy District Attorney for the Preliminary Hearing Division of the Los Angeles County District Attorney's Office. I am licensed to practice law by the State of California.

3.    While serving as Head Deputy District Attorney for the Preliminary Hearing Division, I supervised the Deputy District Attorneys who staff nine courtrooms in the Clara Shortridge Foltz Criminal Justice Center where preliminary hearings are conducted for all criminal cases feeding into Central Trials Divisions 11, 13, and 15. The courtrooms I supervised handle approximately one third of the preliminary hearings conducted within the County of Los Angeles. In my role as supervisor, 1 was regularly present in the courtrooms and participated in the preliminary hearing process. In the course and scope of my employment, I directed

-3-
DECLARATION OF ALEXANDER KARKANEN

and supervised the prosecution of all cases filed through the Downtown Charge Evaluation Division.

4. Beginning on June 6, 2025, I noted that some witnesses on some cases began refusing to comply with subpoenas to appear in court to testify for fear that they might encounter officers employed by Immigration and Customs Enforcement (ICE) at the courthouse. Other witnesses indicated they may refuse to comply with a subpoena to appear in court in the future, based on the same fear. This is having an ongoing negative impact on criminal prosecutions.

5. For example, the case of PEOPLE v. DELACERDA (24CJCF05618) concerned an "Offer-Up scam" where the defendant contacted his victims through an internet marketplace. The purpose of the scam was to lure victims to a known location and rob them. The defendant met with (Victim #1) EV and his brother-in-law (Victim #2) KR. Once the bogus "transaction" had begun, the defendant produced a handgun and attempted to rob them. The victims ran for their car and drove away. As they left the scene, the defendant fired at the fleeing victims, hitting the car five times, with one bullet striking and injuring EV. The defendant was arrested and charged with two counts of attempted murder, shooting at an occupied vehicle, assault with a semiautomatic firearm, and attempted robbery. The victims in this case were undocumented and refused to come to court for fear of being arrested and deported by ICE. As a result, the attempted murder charges and the assault charges were dismissed, and the defendant pled to the lesser charge of attempted robbery.

6. Another example is PEOPLE v. STEWART and WILSON (25CJCF01751), a pending case involving Rolling 60s gang members who robbed a

-4-
DECLARATION OF ALEXANDER KARKANEN

7-11 convenience store. The security guard at the 7-11 is a key witness. Unfortunately, he is also undocumented and has been very afraid to come to court to testify due to his fear of arrest by ICE. Without his participation, this case will likely be dismissed. Currently, the case is still trailing since the Defendant has a second case in San Fernando.

7.    A third example is PEOPLE v. JACKSON (25CJCF0244 I), a case in which the defendant broke into Victim YV's home while she was inside sleeping. The defendant was arrested at the scene and charged with residential burglary. YV was very afraid to come to court for fear of arrest and deportation. Because of the reluctance of the victim, we were forced to resolve the case in a way in which we did not gain additional jail time for the defendant.

8.    As these examples illustrate, the failure of victims and witnesses to come to court since the commencement on June 6, 2025 of the federal immigration enforcement actions due to fear of immigration enforcement action has already prevented successful criminal prosecutions and is currently threatening future prosecutions. I personally witnessed this and had the relevant conversations.

9.    From June 6, 2025 to present, our Office has encountered victims and witnesses unwilling to come forward due to fear of federal immigration enforcement at least twice a week, and sometimes every day. I have witnessed this during my time in the courtrooms. Witnesses and victims which have been impacted or fear being impacted by immigration enforcement are largely Latino, but a substantial number have been Asian, and some have been Eastern European. The number of cases that have been dismissed by our Office due to the raids has also increased dramatically. This has led to victims being re-victimized as some offenders are not

DECLARATION OF ALEXANDER KARKANEN

sufficiently being held accountable. I know this from my conversations with victims who were afraid to cooperate and were in situations where there was a likelihood of repeated danger.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of June, 2026 in Los Angeles, California.

ALEXANDER KARKANEN

-6-
DECLARATION OF ALEXANDER KARKANEN