UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER, | Case No.: 2:25-cv-05605-MEMF-SP |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING INTERVENORS' JOINDER IN PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION** |
| v. | Hon. Maame Ewusi-Mensah Frimpong |
| Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security; David VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W. BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Todd BLANCHE, in his official capacity as Acting U.S. Attorney General; Thomas GILES, in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Dean T. SORENSON, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Daniel PARRA, in his | |

official capacity as Acting Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Justin DE LA TORRE, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

      Defendants.

On June 26, 2026, Intervenors filed a Joinder in Plaintiffs' Motions for Preliminary Injunction Re: Warrantless Arrests.

The Court, having considered Plaintiffs' Motion for Preliminary Injunction and Intervenors' Joinder therein, the parties' filings, the arguments of counsel, and the record in this case, and finding good cause therefore, hereby **GRANTS** the Motion and Joinder and **ORDERS** as follows:

1. Defendants are enjoined from enforcing their policy and practice of making warrantless civil immigration arrests in this District without a pre-arrest individualized determination by the arresting agent or officer of probable cause that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. 1357(a)(2) and 8 C.F.R. § 287.8(c)(2).

   a. In considering the likelihood of a person's escape before a warrant can be obtained for their arrest, an immigration agent or officer must consider the totality of the circumstances known to the agent or officer before making the arrest. These include circumstances the agent or officer learns or can discover between first encountering a person and arresting them without a warrant. Factors relevant to the determination include prior court attendance or other compliance with authorities, and ties to the community (including family circumstances, residence, or employment). The particular circumstances before an agent or officer are not to be viewed singly; they must be considered as a whole. Mere presence within the United States in violation of United States immigration law is not, by itself, sufficient to conclude that a person is likely to escape before a warrant for arrest can be obtained.

2. Defendants are further enjoined from relying on the escape risk standard or analytical approach set forth in the five-page memorandum from former Acting Director of ICE, Todd Lyons, Senior Off. Performing Duties of Dir., Re: Civil Immigration Arrest Authority: Administrative Arrest Warrants and Warrantless Arrests (Jan. 28, 2026).

3. Defendants shall track the encounters they have in this District in which they do not proceed with a civil immigration arrest because they determined that an individual was not likely to escape before a warrant could be obtained.

-1-

4.      In cases where Defendants proceed to make a warrantless civil immigration arrest in this District, Defendants must document, as soon as practicable, the facts and circumstances surrounding the warrantless civil immigration arrest in narrative form, including:

a.      That the individual was arrested without a warrant;

b.      The specific, particularized facts that supported the agent's or officer's pre-arrest probable cause to believe that the person was likely to escape before a warrant could be obtained, including information concerning the individual's ties to the community.

5.      When completing the above documentation, Defendants must include the date, time, and location of the arrest, and the date and time the agent or officer completed the documentation.

6.      Any agent or officer of Defendants shall not use boilerplate language when describing the individualized assessment of likelihood of escape in the documentation ordered above.  The use of boilerplate language may indicate noncompliance.

7.      Within 30 days of this Order and every 30 days thereafter until this litigation is terminated or the Court rules otherwise, Defendants shall provide to Plaintiffs' and Intervenors' counsel the documentation describing any civil immigration arrest made by Defendants' and their agents within this District where no warrant existed at the time agents encountered the individual, or if requested by Plaintiffs' or Intervenors' counsel concerning any such specific individual, no later than seven days after the request.  Within 30 days of this Order and every 30 days thereafter until this litigation is terminated or the Court rules otherwise, Defendants shall also provide to Plaintiffs' and Intervenors' counsel documentation of instances where they do not proceed with a civil immigration arrest because they determined that an individual was not likely to escape before a warrant could be obtained in this District.

The Court, having found a strong likelihood of success on the merits and that the balance of equities overwhelmingly favors Plaintiffs, further **ORDERS** that no security shall be required under Federal Rule of Civil Procedure 65(c).

IT IS SO ORDERED.

-2-

[PROPOSED] ORDER GRANTING INTERVENORS' JOINDER IN PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION RE: WARRANTLESS ARRESTS

DATED: _____, 2026

_____

HON. MAAME EWUSI-MENSAH FRIMPONG

[PROPOSED] ORDER GRANTING INTERVENORS' JOINDER IN PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION RE: WARRANTLESS ARRESTS