UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | July 1, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al.* | | |

Present:   The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' OBJECTIONS [DKT. NO. 395] TO THE MAGISTRATE JUDGE'S ORDERS [DKT. NOS. 370, 387]**

On January 16, 2026, the assigned Magistrate Judge issued an Order Granting Plaintiff CHIRLA's Motion to Compel Discovery. Dkt. No. 370 ("January 16 Order"). The Court is in receipt of Defendants' Objections to the January 16 Discovery Order, Dkt. No. 395 ("Defendants' Objections" or "Obj."), the Plaintiffs' Opposition to the Defendants' Objections, Dkt. No. 411, and the parties' Joint Status Report Re: Defendants' Objections to Magistrate Judge's Orders. Dkt. No. 498 ("JSR").

This Order concerns the Defendants' objection "pertaining to the Magistrate Judge's order to forensically image cellular phones of agents/officers in expedited discovery (ECF No. 370 at 9)," which the parties advise is not moot. JSR at 1. For purposes of this Order, the Court will refer to this portion of the Magistrate's Order as the "January 16 Forensic Imaging Order."

For the reasons below, Defendants' objections as related to the January 16 Forensic Imaging Order are DENIED WITHOUT PREJUDICE, and the matter is referred to the Magistrate Judge for further proceedings.

**Background**

The Court's prior order at Dkt. No. 418, which this Court hereby incorporates by reference, details the factual allegations at issue in this matter. This Court discusses the background of this case only as relevant to Defendants' Objections.

On December 23, 2025, Plaintiff CHIRLA filed a motion to compel Defendants' responses to two of CHIRLA's Expedited Requests for Production ("RFPs"). Dkt. No. 320. The two RFPs at issue were as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-5605-MEMF-SP                    Date   July 1, 2026

Title   *Pedro Vasquez Perdomo et al v. Kristi Noem et al.*

> **RFP No. 2**: ALL DOCUMENTS RELATING TO the operations below, including Field Operations Worksheets (FOWs), targeting sheets, operations plans, pre-operations briefings and/or intelligence reports, targeting packages, notes, videos (including body camera footage), Forms I-213s, database entries, post-operation briefings, after-action reports, other COMMUNICATIONS describing or characterizing the operation, DOCUMENTS reflecting review of the operation, and DOCUMENTS reflecting any arrest quotas or goals. [list of 15 operations omitted]

> **RFP No. 3**: COMMUNICATIONS through messaging of any kind (including text messaging, chats, or messaging through a mobile application) from or to PERSONS identified in YOUR response to Plaintiff CHIRLA's Expedited Interrogatories No. 1 concerning the operations referenced in Plaintiff CHIRLA's Expedited Interrogatories No. 1.

Dkt. No. 320-2 (Plaintiff CHIRLA's Expedited Requests for Production to Defendants, Set One); *see also* January 16 Order at 1–2. The parties fully briefed the Motion to Compel. *See* Dkt. No. 320. And the parties filed supplemental memoranda. *See* Dkt. No. 329 (Plaintiffs' memorandum); Dkt. No. 330 (Defendants' memorandum).

In the January 16 Discovery Order, the Magistrate Judge detailed relevant findings and conclusions. In summary, the January 16 Discovery Order concluded as follows: First, Defendants unreasonably limited the scope of RFP No. 2 and may have unreasonably limited the scope of RFP No. 3. *See* January 16 Discovery Order § III.A. Second, Defendants were required to reconduct their searches and provide affidavits detailing the steps taken. *See id.* § III.B. Third, Defendants could not withhold documents based on their invocation of the qualified law enforcement privilege. *See id.* § III.C. For those reasons, the January 16 Discovery Order granted the Motion to Compel. *See id.* § IV.

On January 30, 2026, Defendants filed their Objections. *See* Obj. Defendants clarified that they objected to sections III.A, III.B, III.C, and IV of the January 16 Order. *Id.* at 1. Defendants also object to the Magistrate Judge's Order filed on January 22, 2026. Dkt. No. 387 ("January 22 Order"). This objection is "to the extent [the January 22 Order] explains, clarifies, or modifies the [January 16 Order]'s requirements to collect, identify, produce, and image." Obj. at 1.

Plaintiffs have filed an Opposition to Defendants' Objections. Dkt. No. 411 ("Opp.").

Upon the conclusion of the expedited discovery period and the commencement of full discovery, this Court ordered the parties to outline the nature of the outstanding disputes to the extent they were not mooted by the case's posture. Dkt. No. 490. The parties did so via joint status report. Dkt. No. 498 ("JSR").

This Court held a hearing on Defendants' Objections on Thursday, June 25, 2026, after which it took the matter under submission. Dkt. No. 569.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | July 1, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al.* | | |

**Legal Standard**

When a nondispositive matter is referred to a magistrate judge, "the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). The district judge in the case must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "Regardless of whether a motion for review has been filed, the Magistrate Judge's ruling remains in effect unless the ruling is stayed or modified by the Magistrate Judge or the District Judge." L.R. 72-2.2.

In federal court, the scope of discovery (unless limited by court order) is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Courts must limit the extent of discovery otherwise allowed upon a determination that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

*Id.* 26(b)(2)(C).

**Discussion**

Defendants' Objections raise three primary arguments. First, Defendants argue that the Magistrate Judge's January 16 Discovery Order is contrary to law because it fails to enforce the District Court's express limits on expedited discovery. Obj. at 5–9. Second, Defendants argue that the January 16 Discovery Order fails to apply Rule 26(b)(2)(C)'s mandatory limiting requirement—namely, that the "discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i); *see also* Obj. at 9–14. Third, and relatedly, Defendants argue that the January 16 Discovery Order is contrary to law because it compels discovery disproportionate to the limited purpose for which this Court authorized expedited discovery. Obj. at 14–16.

Defendants' first and third arguments are moot. JSR at 1 ("The parties . . . agree that Defendants' objections pertaining to the scope of expedited discovery generally are moot."). As this case has now progressed past limited expedited discovery and is now at the full discovery stage, the Court need not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-5605-MEMF-SP | Date | July 1, 2026 |
|---|---|---|---|
| Title | *Pedro Vasquez Perdomo et al v. Kristi Noem et al.* | | |

determine whether Defendants' expedited discovery scope objections are meritorious. *See* Dkt. No. 483 (Civil Trial Order).

As for Defendants' second argument, they explain that the Magistrate Judge failed to consider—as required by Rule 26(b)(1)—whether the discovery at issue was "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Specifically, they argue that the Orders are "categorically disproportionate" and impose logistical, technical, legal, and privacy burdens that are disproportionate to their likely benefit. Obj. at 9.

In particular, they argue, in their Objections and at the hearing, that the personal phones at issue—and the responsive documents contained therein—are beyond their obligations under Rule 26 because they are not within their possession, custody, or control, or within their legal right to obtain. They further argue that, to the extent the Magistrate Judge *did* consider the proportionality of discovery to the needs of the case, her determination that it was proportional constitutes clear error, and this Court should set aside or modify the Orders accordingly.

It appears, however, that the parties are in agreement that the objection to the January 16 Forensic Imaging Order is not ripe for this Court's consideration at this time. At the hearing, in their Opposition, and in the Joint Status Report, Plaintiffs represent that an objection on this basis was not properly presented to the Magistrate Judge. *See* Opp. at 8 ("Defendants' arguments that the Order is contrary to Rule 26(b)(2)(C) and that it compels discovery disproportionate to the case . . . should be disregarded because they were not presented to the Magistrate Judge."); *see also* Status Report at 4. This Court is inclined to agree that the Ninth Circuit's holding in *Greenhow v. Secretary of Health and Human Services* is instructive. 863 F.2d 633, 638 (9th Cir. 1988) ("We do not believe that the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."), *overruled in part on other grounds*, *United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992).

And Defendants do not contest or distinguish *Greenhow.* Indeed, they appear to concur in part: At the hearing, Defendants explained the position that they had no meaningful opportunity to present their proportionality arguments regarding the January 16 Forensic Imaging Order to the Magistrate Judge. According to Defendants, at the time of the January 16 Discovery Order and at the time their objections were filed, they did not realize that the January 16 Forensic Imaging Order covered personal phones. They assert that when this was clarified for them and they tried to raise concerns with the Magistrate Judge, the Magistrate Judge explained that she was disinclined to consider these arguments since the order was already before this Court on the Defendants' original objections. In addition, the Court appreciates that at the time of the January 16 Forensic Imaging Order, full discovery had not yet begun.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    2:25-cv-5605-MEMF-SP                          Date      July 1, 2026

Title       *Pedro Vasquez Perdomo et al v. Kristi Noem et al.*


Given this posture, this Court is satisfied that the most appropriate course would be to refer the matter of the January 16 Forensic Imaging Order back to the Magistrate Judge for further briefing and proceedings. The Defendants shall be permitted to present to the Magistrate Judge any arguments they wish concerning the propriety of this order, and the Magistrate Judge shall consider them and determine whether to modify or clarify the order in any way. The Defendants shall not be required to meet the requirements for a motion for reconsideration, and the order shall remain in full effect unless and until it is modified or clarified.

**Conclusion**

> For the reasons outlined above, the Court hereby ORDERS:
> 1. Defendants' Objections with respect to the January 16 Forensic Imaging Order, Dkt. No. 395, are DENIED WITHOUT PREJUDICE.
> 2. This Court hereby refers the matter of the January 16 Forensic Imaging Order to the Magistrate Judge for briefing and, if ordered, a hearing.
> 3. The Magistrate Judge's orders at Dkt. No. 370 and Dkt. No. 387 remain in full effect.
> 4. A separate order regarding the Order to Show Cause at Dkt. No. 538, also discussed at the June 25 hearing, will issue separately.

**IT IS SO ORDERED.**

                                                                          :

                          Initials of Deputy Clerk              DBE