UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | July 2, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**    **(In Chambers) Order Granting Joint Motion for Entry of ESI Protocol [511]**

On May 26, 2026, the parties filed a Joint Motion for Entry of ESI Protocol. Docket no. 511. The motion includes a joint stipulation setting forth the parties' respective positions on five issues in dispute ("JS"). The motion is supported by exhibits, including a draft Joint Stipulation Regarding Discovery of Electronically Stored Information ("Draft Order 1"), which contains the language the parties agree on as well as highlighted information reflecting their competing proposed language pertaining to the issues in dispute.

Plaintiffs filed a supplemental brief regarding the artificial intelligence provision on June 1, 2026, but later withdrew it after the parties reached agreement on that provision. As stated in the Joint Supplemental Brief filed on June 4, 2026 (docket no. 526), with the parties' agreement on the artificial intelligence provision, Dispute 2 became moot. Thus, Disputes 1, 3, 4, and 5 remain for the court to decide. The Joint Supplemental Brief is accompanied by a revised version of the draft Joint Stipulation Regarding Discovery of Electronically Stored Information ("Draft Order 2") (docket no. 526-1), which contains an updated version of the language the parties agree on, as well as their competing proposed language pertaining to Disputes 1, 3, 4, and 5.

The court vacated the hearing on this motion that was noticed for June 16, 2026 and took the motion under submission. After considering the parties' arguments, the court grants the parties' motion for entry of an ESI protocol order, and rules on the remaining issues in dispute as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | July 2, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

**Dispute 1**

As argued by the parties, Dispute 1 is over whether the ESI protocol order should extend its preservation obligations to agents' personal cell phones or recording devices used in conducting immigration operations, and whether those preservations obligations should require forensic imaging of those phones. JS at 1-3. As an initial matter, the court notes that it has already ruled that such phones must be forensically imaged, although this is a matter that the court will be revisiting pursuant to the District Judge's recent order. *See* docket no. 579. At this point, however, the court's order for forensic imaging (docket no. 370) remains in effect, and the court decides Dispute 1 with that understanding.

Because the forensic imaging of phones is covered by a separate order, and because the court finds it is not appropriate to require forensic imaging as a general matter in this case as part of the ESI protocol order, the court rejects plaintiffs' apparent argument that a forensic imaging requirement should be included among the preservation obligations in the ESI protocol order. But the court does agree with plaintiffs that the preservation obligations in the ESI protocol order should include agents' personal devices used in conducting immigration obligations. At a minimum, this would require agencies to inform agents of such preservation obligation (as they should already have done, given the court's order in place).

That said, the court sees no proposed language from plaintiffs in Draft Order 2 that would extend the preservation obligation to agents' personal devices. The only language at issue that pertains to Dispute 1 appears to be defendants' proposal to add "or agency-authorized" at two points in the Preservation section. *See* Draft Order 2, § VI.d.i, iii. The court agrees such language should be added, but to the court's reading it does not necessarily encompass agents' personal devices. Accordingly, to the extent there was proposed language from plaintiffs that would clearly extend preservation obligations to agents' personal devices, but that was inadvertently not included in Draft Order 2, such language should be submitted in the final version to be submitted to the court, as set forth below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | July 2, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |


### Dispute 3

Dispute 3 concerns whether the parties may cull documents by use of keyword searches prior to ESI collection.  Among other things, plaintiffs argue that technical limitations in the Microsoft 365 platform result in a lack of full indexing of certain data, and so such data would be excluded from keyword searches.  JS at 4.  But at the June 23, 2026 hearing, defendants stated the current version of Microsoft Purview Premium they are using does not suffer from the same technical problem.  This is a matter the parties need to meet and confer about.

For purposes of the ESI protocol order, the court need only decide whether culling prior to collection should be permitted at all, not the precise culling method or search terms to be used.  The court agrees with defendants that, given the volume of ESI at issue here, pre-collection culling is warranted and proportional to the needs of the case.  Accordingly, the final version of the ESI protocol order submitted to the court should not include the words "after collection" as plaintiffs propose in Draft Order 2, § VIII.

### Dispute 4

Dispute 4 is whether to include proposed language from defendants that would permit short-form chat messaging to be collected and produced without metadata when it is impractical to do so.  Plaintiffs argue that defendants can and have agreed to produce such messaging in RSMF format and should not be permitted to get out of this agreement.  JS at 6.  Defendants state they are still willing to produce in RSMF format when feasible to do so, but otherwise want to meet and confer as to alternative formats for production.  JS at 7.

The court finds the language defendants have proposed to be overly permissive and unnecessary.  Messaging should be produced with metadata when possible, not just when practical in the judgment of the producing party.  To the extent significant problems arise in the course of producing messaging, the parties of course should meet and confer regarding the options available, as provided in Draft Order 2, § IX.B.  But at this point the court is not persuaded that the language defendants propose is warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | July 2, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

Accordingly, the final version of the ESI protocol order submitted to the court should not include defendants' proposed subsection IX.G.3.

### **Dispute 5**

Dispute 5 is whether defendants must provide ESI custodian information in a standalone "ALL CUSTODIAN" metadata field.  Defendants agree to produce the substantive custodian information, but want the option to produce it in ALL PATHS and DUPCUSTODIAN FILE PATH fields.  JS at 8-9.  Plaintiffs object to this, contending that identifying custodian information when buried in a longer file path is more burdensome, and point out that paths will likely be unique to each document and so will require more review.  JS at 8.  Defendants acknowledge "there may be slight technical variations in how the information is presented in the productions."  JS at 9.

Rule 34 provides that a party producing ESI "must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms."  Fed. R. Civ. P. 34(b)(2)(E)(ii).  Defendants argue that their proposed production format will be reasonably usable because their production of "standard metadata, such as custodian and path fields, . . . preserves functional utility of the information."  JS at 9.  Plaintiffs dispute the extent of functional utility in defendants' proposal, and point out that the Department of Justice's own Specifications for Production of ESI requires a standalone Custodian metadata field.  JS at 8; *see* docket no. 511-2, Ex. B at 4.

The court finds that defendants must comply with their own standards and provide custodian information in a standalone field.  Although the court appreciates that defendants' proposal would contain the metadata plaintiffs seek, there are real doubts it would rise to the reasonably usable standard.  Accordingly, the final version of the ESI protocol order submitted to the court should contain the "designated ALL CUSTODIAN list" language as plaintiffs propose in Draft Order 2, § IX.D.

## **ORDER**

For the foregoing reasons, the court GRANTS the parties' Joint Motion for Entry of ESI Protocol (docket no. 11), and resolves the disputes regarding the language in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | July 2, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

ESI protocol order as set forth above.  The parties are directed to prepare a final version of the Joint Stipulation Regarding Discovery of Electronically Stored Information consistent with the foregoing findings and submit it to the court.