BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
JASON K. ZUBATA
NANCY N. SAFAVI
ANIELLO DESIMONE
TOLA M. MYCZKOWSKA
JACOB A. BASHYROV
Trial Attorneys
JONATHAN A. ROBBINS
Assistant Director
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-8275
Email: Jonathan.A.Robbins@usdoj.gov

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (SBN 335008)
PAULINE H. ALARCON (SBN 345785)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Tel: (213) 894-5557 | 3992
E-mail: Alexander.Farrell@usdoj.gov
Pauline.Alarcon@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

PEDRO VASQUEZ PERDOMO, *et al.*,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,

Defendants.

No. 2:25-cv-05605-MEMF-SP

**SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER ENFORCING ECF 370 AND FOR SANCTIONS**

Hearing Date: July 14, 2026
Hearing Time: 11:00 a.m.

Hon. Maame Ewusi-Mensah Frimpong
United States District Judge

Referred to Hon. Sheri Pym
United States Magistrate Judge

Defendants do not oppose entry of an order memorializing a deadline for completion of Immigration and Customs Enforcement's (ICE) supplemental production. Defendants ask for an August 15, 2026 deadline due to a volume of data that needs to be processed. Defendants have already agreed to undertake the additional collection and production efforts necessary to meet it. To that extent, the parties' dispute is already resolved. The principal disagreement concerns Plaintiffs' attempt to transform an inadvertent oversight into findings of misconduct, directives concerning discovery methodology, and a basis for future sanctions against not only Defendant ICE, but counsel of record. Those sanctions can only fairly be described as punitive given the government's agreement that the material should be produced (as well as the proposed timeline for production).

Defendants have conceded that a mistake occurred in their internal discovery review process. Contrary to Plaintiffs' unfounded assertions that counsel of record is not reviewing the methods and process of discovery in this matter, that review process in this instance fell short due to a miscommunication between the agency and counsel of record, as detailed in the June 23, 2026, Joint Stipulation. Defendants already acknowledge that ICE's original collection methodology did not fully satisfy the requirements of ECF 370, have never attempted to argue otherwise, and are already taking corrective action to be completed by Plaintiffs' requested deadline. The purpose of a compliance order is to ensure compliance. Here, Defendants are already undertaking the very remedial measures Plaintiffs seek, also making motions practice on the issue unnecessary.

Plaintiffs nevertheless request that the Court impose additional directives concerning the precise scope and methodology of ICE's collection efforts. Such directives are unnecessary. Defendants already represented to Plaintiffs that ICE is conducting a renewed collection effort designed to address the deficiencies identified in the original production. To the extent disputes remain concerning those issues, they are appropriately addressed through the ordinary meet-and-confer process rather than through broadly-sought prospective directives untethered to any demonstrated willful noncompliance.

As explained in Joint Stipulation filed June 23, 2026, Defendants acknowledge that ICE's original collection methodology did not fully capture the scope of materials required by ECF 370. Defendants do

not dispute that supplemental collection efforts are appropriate. Indeed, after learning of the mistake made in ICE's collection process on June 2, 2026, Defendants promptly informed Plaintiffs of ICE's collection process on June 4, 2026, and that ICE would undertake a renewed processing and production effort, specifically working towards reproduction of responsive materials from government-issued devices without the previously utilized search terms, produce any additional standardized documentation, including outstanding I-200s discovered through this additional review, provide the information in RSMF format as requested by Plaintiffs, and supplement declarations submitted to Plaintiffs concerning the collection process—with an understanding that these efforts should be completed by August 15, 2026.

Indeed, Defendants have consistently indicated to Plaintiffs they would accede to their requests for the reproduction. On June 16, 2026 Defendants indicated ICE would stipulate to Plaintiffs' requested reproduction deadline of July 31, 2026.[1] *See* Ex. A (June 16, 2026 email). *Id.* Defendants also indicated they would reproduce the forensically imaged phone in RSMF format, per Plaintiffs' request. Defendants further indicated they would accede to Plaintiffs' proposed expanded date ranges (despite having no limiting search terms) from June 5, 2025 to September 4, 2025. *Id.*

After Defendants agreed to everything Plaintiffs requested to complete the reproduction, Plaintiffs asked for confirmation of the following five obligations:

"(1) ICE must image and search any cell phone of any officers who were present at any of the 15 operations at issue, regardless of whether those officers used the phone during the course of physically executing such operations;

(2) ICE must search data from all apps that might include responsive information, which would include apps like WhatsApp and Signal;

(3) ICE must produce information in useable, standard format—which for some of this data means RSMF—and produce all metadata, which includes metadata reflecting deletion of ESI;

[1] Though Defendants acceded to the initial July 31 date, because they agreed to expansive date ranges with no search terms, the amount of volume coming in for the forensic imaging of the phones is quite large. Accordingly, Defendants are requesting a deadline of August 15, to avoid the need to ask for any extension of time to complete the review. Defendants have enlisted additional manpower to help with the substantial amount of review needed to complete the production, and the new requested deadline will still be far ahead of the overall discovery in the case.

(4) ICE must conduct an adequate search for, and produce, all documents required by the Court's order but unaddressed in the ICE Declarations—including standard documentation relating to the operations and all documentation concerning the arrests of anyone arrested during the operations; and

(5) ICE must provide affidavits explaining its document collection processes."

*See* Ex. A. Defendants responded that "notwithstanding the issue of personal phones (which is the subject of the upcoming order to show cause hearing), it is working to achieve all five obligations."

Thus, unlike many Rule 37 disputes, the parties agree regarding Defendant agency's obligations to supplement their productions and affidavits to ensure a comprehensive response to ECF 370. In short, the primary issue before the Court is not whether Defendants will comply with their discovery obligations under the Court's orders as Defendants have already agreed to undertake the supplemental production sought by Plaintiffs. The question is whether the circumstances surrounding the original production warrant sanctions. They do not. Defendants made an inadvertent mistake under the strain of significant discovery obligations with respect to one small aspect of discovery. This has not resulted in any substantial delay given that discovery is ongoing – indeed, the imaging of phones for the primary agency involved – CBP – will take many months, and completing the ICE production by mid-August will put that part of the process well ahead of the overall discovery effort. Defendants have taken responsibility for the mistake, never tried to dispute the existence of the mistake, and acceded to Plaintiffs' terms to correct the mistake.

For the foregoing reasons, the Court should deny Plaintiffs' motion.

//

//

Dated: July 7, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

JASON K. ZUBATA
NANCY N. SAFAVI
ANIELLO DESIMONE
JACOB A. BASHYROV
TOLA M. MYCZKOWSKA
Trial Attorneys

*/s/ Jonathan Robbins*
JONATHAN ROBBINS
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-8275
Email: Jonathan.A.Robbins@usdoj.gov

*Counsel for Defendants*