UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendant:

None                                                                            None

**Proceedings:**          **(In Chambers) Order Granting in Large Part Plaintiffs' Motion to Compel Discovery Requested in Notice of Deposition of Gregory Bovino [522]**

## I.    **INTRODUCTION**

On June 1, 2026, plaintiffs (joined by intervenors) filed a motion to compel defendants to produce documents responsive to Plaintiffs' and Intervenors' Notice of Videotaped Deposition of Gregory K. Bovino and Requests for Production of Documents ("RFPs").  Docket no. 522.  The parties' positions are set forth in a Joint Stipulation ("JS").  *Id*.  Plaintiffs' arguments are supported by the declaration of Annie Lai ("Lai Decl.") and exhibits.  *Id*.

The court held a hearing on June 23, 2026.  After considering the parties' written and oral arguments, the court grants plaintiff's motion to the extent discussed below, and directs the parties to further meet and confer.

## II.    **BACKGROUND**

This action raises challenges to defendants' ongoing immigration operations in this district, beginning in summer 2025.  *See* docket no. 485.

On March 27, 2026, plaintiffs and intervenors served the deposition notice with the RFPs at issue.  Lai Decl. ¶ 4, Ex. A.  Defendants served their responses and objections on April 27, 2026.  *Id*. ¶ 5, Ex. B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

On May 1, 2026, plaintiffs sent defendants a Local Rule 37-1 letter, setting forth their disagreements with defendants' responses and objections. *Id*. ¶ 6, Ex. C.  The parties met and conferred on May 11 and 15, 2026. *Id.* ¶ 7.  The parties continued to negotiate via email through May 29, 2026. *See id*., Ex. D.

### III.    DISCUSSION

Plaintiffs move to compel defendants to produce documents responsive to the RFPs without the limitations and methods defendants propose.  JS at 5.  Plaintiffs contend the parties are unable to resolve three disputes: (1) defendants' proposal that the collection of documents responsive to RFP Nos. 2-7, 9, and 11 be limited to those that contain at least one of four terms – "Operation At Large," "Op At Large," "OAL," or "Los Angeles"; (2) the eDiscovery software to be used for the searches; and (3) defendants' proposed search terms for RFP No. 7.  JS at 6-10.  Defendants contend this motion is unwarranted because they expect to continue to "work cooperatively."  JS at 6.

### A.    RFP Nos. 2-7, 9, and 11

Plaintiffs argue defendants' proposed search limitation for RFP Nos. 2-7, 9, and 11 is inappropriate.  In each of these RFPs, defendants insist on using "Operation At Large," "Op At Large," "OAL," or "Los Angeles" to limit the initial pull.  JS at 6-8; *see* JS at 14-20.  Plaintiffs contend that requiring one of these four terms is an unreasonable limitation because it is implausible that Bovino and those who he communicated with would have used one of these four terms in all of their relevant communications.  JS at 7-8.  Thus, this limitation would exclude the vast majority of responsive documents. *Id*.

"[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *U.S. v. McGraw-Hill Cos., Inc.*, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted); *see DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").  Here, defendants provide no response to plaintiffs' argument except to acknowledge it is in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

dispute.  *See* JS at 14-15.  At the hearing, defendants simply argued they need limiting terms to make the production manageable, but still have not shown why these terms are appropriate.

There is no dispute that RFP Nos. 2-7, 9, and 11 seek relevant information. Defendants' proposed limitation would exclude a large number, if not the vast majority, of responsive documents.  Accordingly, the court orders defendants to conduct searches for responsive documents without requiring that they include the terms "Operation At Large," "Op At Large," "OAL," or "Los Angeles."

## B.      eDiscovery Software

Plaintiffs contend defendants' insistence on using Microsoft Purview to pull from the Microsoft 365 environment instead of Relativity is inappropriate because the software does not index adequately.  JS at 7-9; *see Deal Genius LLC v. O2Cool, LLC*, 2022 WL 17418933, at *2 (N.D. Ill. Oct. 24, 2022) (listing the limitations with Microsoft Purview). In the papers on this motion, defendants do not dispute plaintiff's claims about Microsoft Purview's lack of reliability or adequately explain why they used Relativity during expedited discovery but want to switch to Purview for merits/general discovery.

At the hearing on this motion, however, defendants represented that the current version of Microsoft Purview Premium they are using does not suffer from the same technical problems as the earlier version.  Plaintiffs indicated this was the first they had heard of this.  Thus, as stated in the court's July 2, 2026 Order Granting Joint Motion for Entry of ESI Protocol, this is a matter the parties must meet and confer about.  Among other things, on the present record the court lacks sufficient information to evaluate the adequacy of Microsoft Purview Premium, and it may be that the parties can reach agreement with a further exchange of information.

## C.      RFP No. 7

Plaintiffs assert the parties have not reached an agreement on additional search terms for RFP No. 7.  JS at 7.  RFP No. 7 requests all communications "concerning B-18, including Border Patrol's roles, responsibilities, and functions at or around B-18, and/or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |


the transportation of individuals for Title 8 arrest processing to B-18 or other facilities in connection with Operation At Large in the Central District of California."  Lai Decl., Ex. A.

As discussed above, defendants propose conducting an initial pull of documents with Purview from Microsoft 365 with the terms "Operation At Large," "Op At Large," "OAL," or "Los Angeles."  JS at 18.  Defendants then propose using the following additional search terms to further refine the search: ("B-18" OR "B18" OR "300 N. Los Angeles" OR "Adelanto" OR "Santa Ana" OR "the Federal Building") w/5 ("transport!" OR "mov!" OR "transfer!" OR "process!").  *Id*.  Defendants argue the use of these search terms will ensure they do not have to review documents most likely not related to this litigation.  JS at 18-19; Lai Decl., Ex. D at 1.

Plaintiffs contend defendants' approach is inadequate and propose using "B18, "B-18," "300 N. Los Angeles," and "the Federal Building" without additional limiting terms. JS at 7, 9-10.  First, plaintiffs note that defendants have not justified further narrowing the universe of documents to review as they have not provided any information regarding how many documents there are in total or the number that are responsive to the search terms for RFP No. 7.  JS at 7.  Second, plaintiffs maintain defendants' proposed terms are too narrow because they would not capture any documents regarding CBP's roles, responsibilities, and functions at or around B-18, except as related to transportation or processing.   JS at 9-10.  Finally, plaintiffs argue defendants' objections to the use of "B18, "B-18," "300 N. Los Angeles," and "the Federal Building" as standalone terms are unfounded.  Plaintiffs state defendants object to the use of "B18" and "B-18" as standalone terms because they refer, respectively, to "industrial fasteners that are often discussed in the tariff issues that CBP handles" and "a style of women's shoe," but defendants have provided no indication that Bovino's inbox is populated with a high volume of emails concerning B18 fastener tariffs and B-18 shoes.   JS at 10; *see* Lai Decl., Ex. D at 7.   And defendants' objection to "300 N. Los Angeles" and "the Federal Building" as standalone terms on the ground that they would include irrelevant communications about CBP's assistance protecting that location is similarly unpersuasive given that defendants consistently argue that restrictions on legal access at B-18 resulted from concerns about the physical security of the Federal Building during protests.  JS at 10; *see* Lai Decl., Ex. D at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

At the hearing, the parties indicated – albeit somewhat uncertainly – that they may have reached agreement on this dispute.  In particular, they suggested they may have reached agreement that the terms "B-18" and "B18" – and possibly also the terms "300 N. Los Angeles" and "the Federal Building" – would be searched on their own; but that "Adelanto" and "Santa Ana" would be searched with the additional w/5 ("transport!" OR "mov!" OR "transfer!" OR "process!") limitation.  Whether or not the foregoing is precisely what the parties discussed, this seems reasonable to the court.

Defendants have not met their burden of explaining why their additional search terms should be used with respect to "B-18," "B18," "300 N. Los Angeles," and "the Federal Building."  Plaintiffs correctly note that defendants have not demonstrated that a narrowing is justified, particularly since the requests at issue here are just for documents that have been in the possession, custody, or control of Mr. Bovino or his agents or representatives.  In addition, defendants' proposed search terms would exclude relevant documents, and defendants' arguments against using "B18, "B-18," "300 N. Los Angeles," and "the Federal Building" as standalone search terms are far-fetched or inconsistent with their other arguments.  Defendants must therefore conduct a search for documents responsive to RFP No. 7 with the standalone search terms "B18, "B-18," "300 N. Los Angeles," and "the Federal Building."  They must also conduct a search using ("Adelanto" OR "Santa Ana") w/5 ("transport!" OR "mov!" OR "transfer!" OR "process!").

## IV. <u>ORDER</u>

For the foregoing reasons, the court GRANTS plaintiff's motion to compel in large part (docket no. 522), as set forth above.