# EXHIBIT 79

## SEALED VERSION FILED SEPARATELY

Assistant Director in Charge,
Los Angeles Office, Federal Bureau
of Investigation; Bilal A. ESSAYLI,
in his official capacity as U.S.
Attorney for the Central District
of California.

Defendants.

__________________________________________________

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

VIDEOTAPED DEPOSITION OF C[redacted] C[redacted]

LOS ANGELES, CALIFORNIA

WEDNESDAY, MAY 20, 2026

VOLUME I

Reported by
Daryl Baucum, RPR, CRR, RMR, CSR No. 10356

Job No. 8036035, PAGES 1 - 321

the street. That would still be proximity. We wouldn't talk to him because he wasn't a part of that arrest. 11:43

Q Did you provide any other guidance about the implementation of the policy? 11:43

MS. SAFAVI: Objection; vague.

THE WITNESS: Probably just reiterated that over the course of the year since we have been doing this.

BY MX. WILFONG: 11:44

Q Reiterated what?

A Proximity, interview techniques. If the person doesn't talk to you or doesn't provide ID, that you cannot continue interviewing them or just take them into custody. 11:44

Q And why did you reiterate that?

A I like to ensure that the officers are up to date.

Q Did you have any concerns about whether the officers were complying with that guidance? 11:44

MS. SAFAVI: Objection; objection; form and ambiguous.

THE WITNESS: No.

BY MX. WILFONG:

Q And did this change in policy impact the 11:45

work of your team? 11:45
A Yes.
Q How so?
A We started doing collateral arrests versus just the targeted enforcement. 11:45
Q And of the ten to fifteen arrests your team is making per week, how many would you say are collateral arrests?
A Maybe four. Just a rough number, maybe four. 11:45
As a supervisor, I don't keep the individual stats and break individual stats down. That is more of a stat unit or headquarters thing.
Q So as supervisor, you are not tracking which of the arrests are targets versus collaterals? 11:46
A Right.
MX. WILFONG: Pardon me?
MS. SAFAVI: We have a lot of empathy for bad tech.
Counselor, would now be a good time to ask when we would be going on lunch? 11:46
MX. WILFONG: Yes, I was thinking since we are getting close to 12:00, probably the next break would be the lunch break if that works for folks.
MS. SAFAVI: Yes. 11:46

STATE OF ________________________________)
                                                                                    ) Ss.
COUNTY OF _______________________________)

I, DARYL BAUCUM, a Certified Shorthand Reporter of the State of California, do hereby certify;

That the foregoing proceedings were taken before me at the time and place herein set forth, at which time the witness named in the foregoing proceeding was placed under oath; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; and that the foregoing pages contain a full, true and accurate record of all proceedings and testimony to the best of my skill and ability.

I further certify that I am neither financially interested in the outcome nor a relative or employee of any attorney or any party to this action.

IN WITNESS WHEREOF, I have subscribed my name this 27th day of May 2026.

_________________________________
DARYL BAUCUM, CSR No. 10356