STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ALYSSA MORONES (SBN 343358)
*amorones@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081-0007
Tel: 213-977-9500; Fax: 213-915-0219

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Pedro VASQUEZ PERDOMO, et al.*,*<br><br>    Plaintiffs,<br><br>  v.<br><br>Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security, et al.*,*<br><br>    Defendants. | No.: 2:25-cv-05605-MEMF-SP<br><br>**PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION**<br><br>*Filed concurrently with Declaration of Anne Lai and Proposed Order*<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge |

Case No. 2:25-cv-05605-MEMF-SP

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
DAVID FRY (SBN 189276)
david.fry@mto.com
ADAM B. WEISS (SBN 296381)
adam.wess@mto.com
SARA H. WORTH (SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER (SBN 343388)
henry.shreffler@mto.com
LAURA R. PERRY STONE (SBN 342504)
laura.perrystone@mto.com
LAUREN E. KUHN (SBN 343855)
lauren.kuhn@mto.com
MAGGIE BUSHELL (SBN 354048)
maggie.bushell@mto.com
ANGELA URIBE (SBN 353579)
angela.uribe@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

JESSICA KARP BANSAL (SBN 277347)
Jessica@ndlon.org
LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
JIA FU*
jennifer@ndlon.org
NATIONAL DAY LABORER ORGANIZING
NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS (SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane
Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant
Defenders Law Center*

* Admitted pro hac vice
** Pro hac vice pending

-2-    Case No. 2:25-cv-05605-MEMF-SP

PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR
PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs, by and through their counsel of record, request leave pursuant to Local Rule 79-5.2.2(a) and (b) to file under seal certain documents that have been produced and designated as "Confidential Information" pursuant to the Protective Order in this case, and other documents containing confidential information.  Plaintiffs seek leave pursuant to Local Rule 79-5.2.2(a) to file under seal certain exhibits to Plaintiffs' Motion for Preliminary Injunction, with redacted copies of those exhibits to be filed publicly.

DATED:  July 27, 2026                    Respectfully submitted,

UC IRVINE IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC

By:        _/s/ Anne Lai_____
           ANNE LAI
           *Counsel for Stop/Arrest Plaintiffs*

PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION

Plaintiffs request leave pursuant to Local Rule 79-5.2.2(b) to file under seal certain exhibits referencing information that Defendants have designated as "Confidential Information" under the Protective Order (ECF 247).  Plaintiffs also request leave pursuant to Local Rule 79-5.2.2(a) to file limited information under seal in two documents.  Plaintiffs intend to file redacted copies of the sealed exhibits publicly.

## I.   PLAINTIFFS REQUEST LEAVE TO PROVISIONALLY FILE UNDER SEAL CERTAIN DOCUMENTS DESIGNATED BY OTHER PARTIES AS "CONFIDENTIAL"

Pursuant to Local Rule 79-5.2.2(b), Plaintiffs have met and conferred with Defendants in an attempt to minimize the material that Defendants have designated as "Confidential" or "Confidential-Attorneys' Eyes Only" under the Protective Order (ECF 247) that needs to be filed under seal.  Declaration of Anne Lai in Support of Plaintiffs' Application to File Under Seal ("Lai Decl.") ¶¶ 3-9.  To try to reduce the amount of material requiring sealing, Plaintiffs have also redacted material that the Court does not need to review in order to decide Plaintiffs' Motion for Preliminary Injunction Re: Suspicionless Stops and Violation of Equal Protection, including personally identifiable information ("PII") of individuals encountered by Defendants' agents and officers or targets for enforcement who are not named plaintiffs in the case and phone numbers of DHS personnel.

Plaintiffs provide two charts below reflecting exhibits where Defendants have maintained their designations as to information that appears in exhibits beyond information Plaintiffs have already redacted and that, as such, are exhibits that require filing under seal in compliance with Local Rule 79-5.2.2(b):

**(a) Information Requested to Be Sealed by Defendants, Sealing Opposed by Plaintiffs**

The first chart below reflects exhibits (or portions of exhibits) where Plaintiffs do not believe sealing is necessary.  Plaintiffs do not agree that Defendants have established justification to limit the public's right of access as to the designated material appearing in those exhibits and that such material should be redacted and sealed from the public record.  *See Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178-89 (9th Cir. 2006).  Nonetheless, Plaintiffs file this application to file the relevant information in those materials under seal consistent with their

-4-                                              Case No. 2:25-cv-05605-MEMF-SP

PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION

obligations under the Protective Order and Local Rule 79-5.2.2(b).  For the Court's convenience, Plaintiffs have highlighted information that Plaintiffs oppose sealing of in **yellow** in the sealed exhibits.

| Exhibit [Description] | Material Defendants Want to Seal | Defendants' Claimed Basis for Sealing | Plaintiffs' Position |
|---|---|---|---|
| Ex. 2 [SDDO CC Dep.] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal.[1] |
| Ex. 3 [Kerlikowske Decl.]<br><br>**Note**: This document has not itself been designated by Defendants, but information referenced in it has been. | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| | Material implicating "operational decisions and training" and "intelligence" gathering | Law enforcement sensitive | Defendants have not shown how disclosure of such information would be harmful. Information does not reveal details of any ongoing investigation.[2] |
| Ex. 4 [CBP 30(b)(6) Dep.] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| | Surveillance methods | Law enforcement sensitive | Defendants have not shown how disclosure of such information would be harmful. Information does not reveal details of any ongoing investigation. |

---

[1] The Court already previously ruled in this case that officers' identifying information need not be sealed.  *See* ECF 257; *see also* ECF 492.

[2] The Magistrate Judge in this case has previously rejected Defendants' effort to withhold information from the public absent such a showing.  *See* ECF 492.

| | | | |
|---|---|---|---|
| Ex. 5 [DO E.O. Dep.] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| Ex. 6 [agents' text chain] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| Ex. 12 [SBPA V.S. Dep.] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| Ex. 15 [BPA J.M. Dep.] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| Ex. 17 [End of Shift Report] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| | Surveillance methods | Law enforcement sensitive | Defendants have not shown how disclosure of such information would be harmful. Information does not reveal details of any ongoing investigation. |
| Ex. 20 [HSI SA G.A. Dep.] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| Ex. 21 [Westlake HD and Paramount HD Report of Investigation] | Surveillance methods, dates, and results, photos of vehicles | Law enforcement sensitive | Plaintiffs already redacted PII from the document. Defendants have not shown how disclosure of the additional information would be harmful. Information does not |

Case No. 2:25-cv-05605-MEMF-SP

PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION

| | | | reveal details of any ongoing investigation.<br><br>Photos of vehicles do not need to be sealed as license plates are not readable, but if the Court decides to allow sealing of such information in an abundance of caution, Plaintiffs do not oppose. |
|---|---|---|---|
| Ex. 22 [Magnolia CW, Etc. Report of Investigation] | Surveillance methods, dates, and results, photos of vehicles | Law enforcement sensitive | Plaintiffs already redacted PII from the document. Defendants have not shown how disclosure of the additional information would be harmful. Information does not reveal details of any ongoing investigation.<br><br>Photos of vehicles do not need to be sealed as license plates are not readable, but if the Court decides to allow sealing of such information in an abundance of caution, Plaintiffs do not oppose. |
| Ex. 23 [SBPA I.F. Dep.] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| Ex. 24 [BPA J.C. Dep.] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| Ex. 25 [SBPA J.E. Dep.] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| Ex. 26 [agents' text chain] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |

PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION

| Ex. 27 [DO C.C. Dep.] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
|---|---|---|---|
| Ex. 28 [J.A.S. I-213]<br><br>**Note**: This document has not itself been designated by Defendants, but Plaintiffs indicate in their Motion for Preliminary Injunction that officers are from the same team that stopped and arrested Plaintiffs; thus filing the document on the public docket would reveal identities of officers on that team, which is information Defendants have designated elsewhere. | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| Ex. 39 [agents' text chain] | Officer/agent name down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| Ex. 41 [Magnolia CW PPT Briefing] | Dates and times of surveillance operations as well as aerial surveillance photos | Law enforcement sensitive | Plaintiffs already redacted PII from the document. Defendants have not shown how disclosure of the additional information would be harmful. Information does not reveal details of any ongoing investigation. |
| Ex. 55 [CBP 30(b)(6) Dep. Ex. 150 (excerpts from SBPA V.S. Dep.)] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |

-8-                                    Case No. 2:25-cv-05605-MEMF-SP

PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR
PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION

| Ex. 62 [CBP 30(b)(6) Dep. Ex. 160 (excerpts from SBPA I.F. Dep.)] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
|---|---|---|---|
| Ex. 64 [agents/officers' text chain] | Officer/agent names down to initials | PII | The names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Defendants have not established why these names are necessary to seal. |
| Ex. 66 [E.C.P. Narrative] | Reference to agency system/database | Law enforcement sensitive | Defendants have not shown how disclosure of the additional information would be harmful. Information does not reveal details of any ongoing investigation. |
| Ex. 68 [E.L.R. Narrative] | Reference to agency system/database | Law enforcement sensitive | Defendants have not shown how disclosure of the additional information would be harmful. Information does not reveal details of any ongoing investigation. |
| | Full names of individuals identified as "targets" | PII, law enforcement sensitive | Plaintiffs agree that the names of third-party individuals should not be in the publicly filed document, but believe it is sufficient to redact names down to initials. |
| Ex. 71 [E.M.L.H. Narrative] | Reference to agency system/database | Law enforcement sensitive | Defendants have not shown how disclosure of the additional information would be harmful. Information does not reveal details of any ongoing investigation. |
| Ex. 72 [R.H. Narrative] | Reference to agency system/database | Law enforcement sensitive | Defendants have not shown how disclosure of the additional information would be harmful. Information does not reveal details of any ongoing investigation. |
| Ex. 73 [F.M.F. Narrative] | Reference to agency system/database | Law enforcement sensitive | Defendants have not shown how disclosure of the additional information would be harmful. Information does not reveal details of any ongoing investigation. |
| Ex. 74 [L.D.S. Narrative] | Reference to agency system/database | Law enforcement sensitive | Defendants have not shown how disclosure of the additional information would be harmful. Information does not reveal details of any ongoing investigation. |

Case No. 2:25-cv-05605-MEMF-SP

PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION

| | | | |
|---|---|---|---|
| Ex. 75 [J.G.V. Narrative] | Reference to agency system/database | Law enforcement sensitive | Defendants have not shown how disclosure of the additional information would be harmful. Information does not reveal details of any ongoing investigation. |
| Ex. 76 [S.B.B.H. Narrative] | Reference to agency system/database | Law enforcement sensitive | Defendants have not shown how disclosure of the additional information would be harmful. Information does not reveal details of any ongoing investigation. |
| Ex. 80 [GOV-P17-008 (video)] | Faces of officers/agents and tattoo | PII | Defendants have not established why agents' faces are necessary to blur, especially because videos capture how agents chose to appear in public. Further, the identities of law enforcement officers/agents acting in their official capacities are not properly subject to sealing.[3] |
| Ex. 82 [GOV-P19-044 (video)] | Officer/agent names down to initials | PII | Defendants have not established why agents' faces are necessary to blur, especially because videos capture how agents chose to appear in public. Further, the identities of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. |
| Ex. 83 [GOV-P17-048 (video)] | Faces of officers/agents | PII | Defendants have not established why agents' faces are necessary to blur, especially because videos capture how agents chose to appear in public. Further, the identities of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. |

[3] For all videos, where applicable, Plaintiffs already have blurred faces of individuals encountered/arrested by Defendants, other third-party individuals, and applied other blurring as necessary to protect the privacy of those individuals. The only question is whether Defendants should be able to apply additional blurring and (in some cases) muting to withhold officers/agents' identities.

PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION

| | | | |
|---|---|---|---|
| Ex. 85 [GOV-P17-076] | Faces of officers/agents | PII | Defendants have not established why agents' faces are necessary to blur, especially because videos capture how agents chose to appear in public. Further, the identities of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. |
| Ex. 86 [GOV-P16-006] | Faces of officers/agents | PII | Defendants have not established why agents' faces are necessary to blur, especially because videos capture how agents chose to appear in public. Further, the identities of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. |
| Ex. 87 [GOV-P19-060] | Faces of officers/agents | PII | Defendants have not established why agents' faces are necessary to blur, especially because videos capture how agents chose to appear in public. Further, the identities of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. |
| Ex. 89 [Redacted_AXON_Body_4_Video_2025-08-22_I_F[] (video)] | Faces of officers/agents | PII | Defendants have not established why agents' faces are necessary to blur, especially because videos capture how agents chose to appear in public. Further, the identities of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. |
| Ex. 91 [GOV-P17-006 (video)] | Faces of officers/agents | PII | Defendants have not established why agents' faces are necessary to blur, especially because videos capture how agents chose to appear in public. Further, the identities of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. |
| Ex. 92 [GOV-P17-045 (video)] | Faces of officers/agents, phone screen of agent | PII | Defendants have not established why agents' faces are necessary to blur, especially because videos capture how agents chose to appear in public. Further, the identities of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. |

-11-                                                    Case No. 2:25-cv-05605-MEMF-SP

PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION

| Exhibit [Description] | Content Designated | Basis | |
|---|---|---|---|
| Ex. 94 [Redacted_ Clip_1_1_Axon_ Body_4_Video_2025-08-05_1311_VS[] (video)] | Faces of officers/agents | PII | Defendants have not established why agents' faces are necessary to blur, especially because videos capture how agents chose to appear in public. Further, the identities of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. |
| Ex. 95 [GOV-P17-059 (video)] | Faces of officers/agents | PII | Defendants have not established why agents' faces are necessary to blur, especially because videos capture how agents chose to appear in public. Further, the identities of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. |

**b. Information Designated Confidential by Defendants, Sealing Supported by Plaintiffs**

The second chart, below, reflects exhibits (or portions of exhibits), where Plaintiffs and Defendants' jointly request to seal this material from the public record. Plaintiffs did not redact this information from the exhibits because the information is necessary for the Court to consider to rule on the Motion; however, the information should be sealed to protect the privacy of the individuals who are the subject of the information. For the Court's convenience, Plaintiffs have highlighted information that Plaintiffs support sealing of in **orange** in the sealed exhibits.

| Exhibit [Description] | Content Designated | Basis for Sealing |
|---|---|---|
| Ex. 35 [G.V.C. I-213] | Photo of G.V.C. | PII |
| Ex. 63 [Field Operations Worksheet] | Street address and employer of "target" | PII |
| Ex. 64 [agents/officers' text chain] | Photo of "target" | PII |

There are compelling reasons to seal this information. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016) (explaining "compelling reasons" and "good

cause" standards for sealing judicial records and noting that a preliminary injunction motion falls under the "compelling reasons" standard).  Exhibit 35 is a Form I-213 for G.V.C. It contains, as relevant here, a photo of G.V.C.  Exhibit 63 is a Field Operations Worksheet for O.W.W., the claimed "target" of the operation that led to the stop and arrest of F.H.S.  It contains the home address of O.W.W. and name/information about his employer. Exhibit 64 is a true and correct copy of an officers' text chain that includes a "baseball card" for the claimed "target" of the operation that led to the stop and arrest of G.V.C.  It contains a photo of the "target."

Courts in the Ninth Circuit have consistently recognized that personally identifiable information from individuals can warrant sealing where disclosure could be harmful, particularly for vulnerable members of the immigrant community.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1095 (E.D. Cal. 2025) (finding compelling reasons to seal information and proceed under pseudonym where there was threat of retaliation from third parties and petitioner presented evidence of "the reasonableness of his fears"); *Doe v. Noem*, 781 F. Supp. 3d 1055, 1063 (E.D. Cal. 2025) (finding compelling reasons to seal any information identifying plaintiff based on "public shame, potential vigilante justice by community members with anti-immigrant sentiment, reputational harm, and possible detention and removal").  The same is true for other information, such as an address or employer, that could be used to harass or retaliate against individuals.  There are thus compelling reasons to seal such information from public record.

## II.  PLAINTIFFS REQUEST LEAVE TO PROVISIONALLY FILE UNDER SEAL CERTAIN DOCUMENTS POSSESSING PERSONAL INFORMATION

Pursuant to Local Rule 79-5-2.2(a), Plaintiffs also request leave to file under seal certain information not designated by Defendants.  The third chart, below, reflects exhibits (or portions of exhibits), where Plaintiffs request to seal material from the public record.  Plaintiffs did not redact this information from the exhibits because the information is necessary for the Court to consider to rule on the Motion; however, the information should be sealed to protect the privacy of the individuals who are the subject of the information.  For the Court's convenience, Plaintiffs have highlighted information that Plaintiffs request sealing of in **<u>green</u>** in the sealed exhibits.

Case No. 2:25-cv-05605-MEMF-SP

PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION

Defendants do not oppose Plaintiffs' request to seal this information from the public record. *See* Lai Decl. ¶¶ 8, 22.

| Exhibit [Description] | Content Requested to Be Sealed | Basis for Sealing |
| --- | --- | --- |
| Ex. 31 [R.M.D. Decl.] | Address | PII |
| Ex. 32 [R.M.D. I-213] | Address | PII |

Plaintiffs submit that there are "compelling reasons" to seal this information. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 at 1102. Exhibit 31 is a declaration filed in this case that reveals the address of the mobile home park where the declarant, a putative class members, lives. Exhibit 32 is a Form I-213 for the same declarant and putative class member's arrest revealing the same address of the mobile home park.

Courts in the Ninth Circuit have consistently recognized that personally identifiable information from individuals can warrant sealing where disclosure could be harmful, particularly for vulnerable members of the immigrant community. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1095 (E.D. Cal. 2025) (finding compelling reasons to seal information and proceed under pseudonym where there was threat of retaliation from third parties and petitioner presented evidence of "the reasonableness of his fears"); *Doe v. Noem*, 781 F. Supp. 3d 1055, 1063 (E.D. Cal. 2025) (finding compelling reasons to seal any information identifying plaintiff based on "public shame, potential vigilante justice by community members with anti-immigrant sentiment, reputational harm, and possible detention and removal"). The same is true for other information, such as an address, that could be used to harass or retaliate against individuals. There are thus compelling reasons to seal such information from public record.

Plaintiffs' compelling reasons to seal this information outweigh the public's general interest in access to judicial documents, particularly in light of the narrow redactions Plaintiffs propose. Plaintiffs propose redacting only that information which could reveal sensitive details about non-party individuals and otherwise seek to file the exhibits on the public docket. *See J.N.*

PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION

*v. Or. Dep't of Educ.*, 2020 WL 589534, at *2 (D. Or. Feb. 5, 2020) (finding requested redactions were "narrowly tailored to balance [the interests of the party seeking to seal records] and the public's access to judicial records" where the applicant "redacted only information necessary to protect the named plaintiffs' identities from public disclosure" and otherwise left the document "accessible to the public"). Plaintiffs' respectfully request the Court grant their request to seal this information.

DATED:  July 27, 2026                                    Respectfully submitted,

                                                         UC IRVINE IMMIGRANT AND RACIAL JUSTICE
                                                         SOLIDARITY CLINIC

                                                         By: _____/s/ Anne Lai_____
                                                               ANNE LAI
                                                               *Counsel for Stop/Arrest Plaintiffs*

Case No. 2:25-cv-05605-MEMF-SP

PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION