STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ALYSSA MORONES (SBN 343358)
*amorones@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081-0007
Tel: 213-977-9500; Fax: 213-915-0219

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security, et al.,<br><br>    Defendants. | Case No.: 2:25-cv-05605-MEMF-SP<br><br>**NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>Date:   September 24, 2026<br>Time:   10:00 a.m.<br>Place:   Courtroom 8B |

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL
FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
DAVID FRY (SBN 189276)
david.fry@mto.com
ADAM B. WEISS (SBN 296381)
adam.weiss@mto.com
SARA H. WORTH (SBN 341088)
sara.worth@mto.com
LAURA R. PERRY (SBN 342504)
laura.perrystone@mto.com
HENRY D. SHREFFLER (SBN 343388)
henry.shreffler@mto.com
LAUREN E. KUHN (SBN 343855)
lauren.kuhn@mto.com
ANGELA URIBE (SBN 353579)
angela.uribe@mto.com
MAGGIE BUSHELL (SBN 354048)
maggie.bushell@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174
*Counsel for Plaintiff United Farm Workers*

JESSICA KARP BANSAL (SBN 277347)
jessica@ndlon.org
LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
JIA FU*
jennifer@ndlon.org
NATIONAL DAY LABORER ORGANIZING
NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS (SBN 242101)
mjenkins@heckerfink.com
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane
Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant
Defenders Law Center*

* Admitted pro hac vice

Case No. 2:25-cv-05605-MEMF-SP

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL
FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on September 24, 2026, at 10:00 a.m., before the Honorable Maame Ewusi-Mensah Frimpong, in Courtroom 8B, Eighth Floor, 350 West First Street, Los Angeles, CA, 90012, Stop/Arrest Plaintiffs will and hereby do move the Court for an order certifying the Suspicionless Stops Class and First Discriminatory Treatment Class pursuant to Fed. R. Civ. P. 23(b)(2), appointing Plaintiffs Pedro Vasquez Perdomo, Carlos Alexander Osorto, Isaac Villegas Molina, Jorge Hernandez Viramontes, Jason Brian Gavidia (the "Individual Plaintiffs"), and  Los Angeles Worker Center Network, United Farm Workers, and Coalition for Humane Immigrant Rights (the "Organizational Plaintiffs," and collectively with Individual Plaintiffs, the "Stop/Arrest Plaintiffs" or "Plaintiffs") as class representatives, and appointing as class counsel the American Civil Liberties Union Foundation of Southern California, the American Civil Liberties Union Foundation of Northern California, the American Civil Liberties Union Foundation of San Diego and Imperial Counties, the UC Irvine School of Law Immigrant and Racial Justice Solidarity Clinic, Munger, Tolles & Olson LLP, the National Day Laborer Organizing Network, the Law Offices of Stacy Tolchin, and Public Counsel (collectively, the "Stop/Arrest Plaintiffs' Class Counsel") under Rule 23(a), (b)(2), and (g). The proposed class definitions are as follows:

**Suspicionless Stops Class:** All persons who, since June 6, 2025, have been or will be subjected to a detentive stop by federal agents or officers for purposes of immigration enforcement in this District, other than at a port of entry, checkpoint, or other functional equivalent of the border, based on their apparent status as low-income or working-class and Latino, instead of a pre-stop, individualized assessment of reasonable suspicion that the person to be stopped (1) is engaged in an offense against the United States or (2) is a noncitizen unlawfully present in the United States.

**First Discriminatory Treatment Class:** All persons in this District who, since June 6, 2025, have been or will be subjected to a detentive stop by federal agents or officers at least in part because of their apparent Latino race, color, and/or ethnicity,

-3-

Case No. 2:25-cv-05605-MEMF-SP

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

other than at a port of entry, checkpoint, or other functional equivalent of the border, or in connection with a known target description if there are other objective bases to believe that the individual is the target.

This motion is made pursuant to Rule 23 of the Federal Rules of Civil Procedure on the grounds that the two proposed classes respectively meet the requirements for class certification under Rule 23(a) and Rule 23(b)(2).  Members of the proposed Suspicionless Stops Class are similarly situated and have been or will be subjected to the same unconstitutional policies and practices challenged in Count One of Plaintiffs' Second Amended Complaint.  Members of the proposed First Discriminatory Treatment Class are similarly situated and have been or will be subjected to the same unconstitutional policies and practices challenged in Count Eight of Plaintiffs' Second Amended Complaint.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations and corresponding exhibits filed concurrently herewith, including attachments, all pleadings and other papers on file in this action, and such further evidence and argument as may be presented to the Court at or prior to the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place with Defendants on July 16, 2026.  Defendants oppose the motion.

Respectfully submitted,

DATED:  August 4, 2026                    ACLU OF SOUTHERN CALIFORNIA

By:   _/s/ Mohammad Tajsar_
Mohammad Tajsar
*Counsel for Stop/Arrest Plaintiffs*

-4-                    Case No. 2:25-cv-05605-MEMF-SP

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   FACTUAL BACKGROUND ...............................................................................3

    A.    Defendants' Conduct ................................................................................3

    B.    Proposed Class Representatives ...............................................................5

        1.    Individual Plaintiffs .....................................................................5

        2.    Organizational Plaintiffs .............................................................6

III.  LEGAL STANDARD ...........................................................................................7

IV.   ARGUMENT ........................................................................................................7

    A.    Plaintiffs Have Standing to Seek Equitable Relief...................................7

    B.    Each Proposed Class Meets the Requirements of Rule 23(a) ...................8

        1.    Each Class Satisfies the Numerosity Requirement ......................8

        2.    Each Class Satisfies the Commonality Requirement ..................10

        3.    Each Class Satisfies the Typicality Requirement........................13

        4.    The Proposed Class Representatives and Class Counsel of Each Class Satisfy the Adequacy Requirement ...................................15

    C.    Each Proposed Class Meets the Requirements of Rule 23(b)(2) .............17

V.    CONCLUSION ...................................................................................................19

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*A.B. v. Hawaii St. Dep't of Educ.*,
30 F.4th 828 (9th Cir. 2022)..................................................................................................10

*Ali v. Ashcroft*,
213 F.R.D. 390 (W.D. Wash. 2003)........................................................................................10

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ...........................................................................................................17, 18

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013) ................................................................................................................7

*Armstrong v. Davis*,
275 F.3d 849 (9th Cir. 2001) ...................................................................................11, 13, 14

*Baby Neal for & by Kanter v. Casey*,
43 F.3d 48 (3d Cir. 1994).........................................................................................................15

*C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*,
317 F.R.D. 91 (N.D. Cal. 2016)...............................................................................................8

*Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*,
917 F.2d 1171 (9th Cir. 1990)................................................................................................14

*Daniels v. City of New York*,
198 F.R.D. 409 (S.D.N.Y. 2011)............................................................................................13

*Doe #1 v. Trump*,
335 F.R.D. 416 (D. Or. 2020) ................................................................................................11

*Doe v. Wolf*,
424 F. Supp. 3d 1028 (S.D. Cal. 2020) ...............................................................................10

*DZ Reserve v. Meta Platforms, Inc.*,
96 F.4th 1223 (9th Cir. 2024)..................................................................................................14

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011)..................................................................................................10

*Evon v. Law Offices of Sidney Mickell*,
688 F.3d 1015 (9th Cir. 2012)...........................................................................................12, 15

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982) ................................................................................................................18

*Gibson v. Local 40, Supercargoes & Checkers*,
543 F.2d 1259 (9th Cir. 1976)................................................................................................18

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

*Gonzalez v. U.S. Immigr. & Customs Enf't*,
  975 F.3d 788 (9th Cir. 2020)...................................................................................11, 13, 14

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992)...................................................................................15

*Harris v. Palm Springs Alpine Ests., Inc.*,
  329 F.2d 909 (9th Cir. 1964)...................................................................................8

*J.D. v. Azar*,
  925 F.3d 1291 (D.C. Cir. 2019) ...............................................................................10

*Johnson v. City of Grants Pass*,
  50 F.4th 787 (9th Cir. 2022)....................................................................................8

*Just Film, Inc. v. Buono*,
  847 F.3d 1108 (9th Cir. 2017)..................................................................................15

*Kidd v. Mayorkas*,
  343 F.R.D. 428 (C.D. Cal. 2023) .............................................................................8, 13

*Lynch v. Rank*,
  604 F. Supp. 30 (N.D. Cal. 1984) ...........................................................................17

*Melendres v. Arpaio*,
  784 F.3d 1254 (9th Cir. 2015)..................................................................................18

*Ms. L. v. U.S. Immigr. & Customs Enf't*,
  331 F.R.D. 529 (S.D. Cal. 2018)..............................................................................11

*Nightingale v. U.S. Citizenship & Immigr. Servs.*,
  333 F.R.D. 449 (N.D. Cal. 2019) .............................................................................16

*Orantes-Hernandez v. Smith*,
  541 F. Supp. 351 (C.D. Cal. 1982)...........................................................................8, 10

*Ortega-Melendres v. Arpaio*,
  836 F. Supp. 2d 959 (D. Ariz. 2011).........................................................................13, 18

*Parsons v. Ryan*,
  754 F.3d 657 (9th Cir. 2014)............................................................................. 11, passim

*Perez-Olano v. Gonzalez*,
  248 F.R.D. 248 (C.D. Cal. 2008) .............................................................................11

*Rannis v. Recchia*,
  380 F. App'x 646 (9th Cir. 2010)..............................................................................8

*Rodriguez v. Bostock*,
  349 F.R.D. 333 (W.D. Wash. 2025)..........................................................................16

*Rodriguez v. Hayes*,
  591 F.3d 1105 (9th Cir. 2010)..................................................................................11

-iii-                                    Case No. 2:25-cv-05605-MEMF-SP

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS
AND FIRST DISCRIMINATORY TREATMENT CLASSES

*Sali v. Corona Reg'l Med. Ctr.*,
  909 F.3d 996 (9th Cir. 2018) ..................................................................................7

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010) ..............................................................................................7

*United Farm Workers v. Noem*,
  785 F. Supp. 3d 672 (E.D. Cal. 2025) ..................................................................14

*Vietnam Veterans of Am. v. C.I.A.*,
  288 F.R.D. 192 (N.D. Cal. 2012) .........................................................................14

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) .........................................................................10, 12, 14, 18

*Walters v. Reno*,
  145 F.3d 1032 (9th Cir. 1998) ..............................................................................12

*Wolin v. Jaguar Land Rover N. Am., LLC*,
  617 F.3d 1168 (9th Cir. 2010) ..............................................................................15

**FEDERAL RULES**

Fed. R. Civ. P. 23(a) ...............................................................................3, 7, 15, 17

Fed. R. Civ. P. 23(a)(1) ...........................................................................................8

Fed. R. Civ. P. 23(a)(2) ....................................................................................10, 13

Fed. R. Civ. P. 23(a)(3) .........................................................................................13

Fed. R. Civ. P. 23(a)(4) .........................................................................................15

Fed. R. Civ. P. 23(b) ...............................................................................................7

Fed. R. Civ. P. 23(b)(2) .......................................................................2, 3, 17, 18

Fed. R. Civ. P. 23(g) ......................................................................................3, 19

**OTHER AUTHORITIES**

7A Wright & Miller's Federal Practice & Procedure § 1763 (4th ed. 2026 update) ......................11

Elly Yu and Jordan Rynning, *ICE arrests tripled last year in LA-and more than
  half of those arrested had no criminal record*, LAist (Mar. 31, 2026),
  https://laist.com/news/ice-arrests-tripled-los-angeles-immigration-customs-
  enforcement-data ....................................................................................................8

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS
AND FIRST DISCRIMINATORY TREATMENT CLASSES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Stop/Arrest Plaintiffs have moved for a preliminary injunction to end Defendants' policy and practice of suspicionless and discriminatory detentive stops until a trial can be held in this matter.  ECF 632.  Plaintiffs allege that Defendants, in lieu of developing individualized and particularized suspicion that the person to be stopped is not lawfully present in the United States, are seizing citizens and non-citizens alike based on a general demographic profile: people who appear Latino and low-income or working-class.  This violates the Fourth Amendment prohibition on unreasonable seizures as well as the guarantee of equal protection under the Fifth Amendment.  Through this companion motion, Plaintiffs seek to certify two classes, corresponding to each of their respective constitutional claims: (1) the Suspicionless Stops Class and (2) the First Discriminatory Treatment Class.[1]  Plaintiffs propose the following class definitions:

> **Suspicionless Stops Class:** All persons who, since June 6, 2025, have been or will be subjected to a detentive stop by federal agents or officers for purposes of immigration enforcement in this District, other than at a port of entry, checkpoint, or other functional equivalent of the border, based on their apparent status as low-income or working-class and Latino, instead of a pre-stop, individualized assessment of reasonable suspicion that the person to be stopped (1) is engaged in an offense against the United States or (2) is a noncitizen unlawfully present in the United States.

---

[1] On June 8, 2026, Stop/Arrest Plaintiffs moved to certify a class of individuals who have been or will be arrested in this District for immigration law violations without a warrant and without a pre-arrest determination of their risk of escape.  *See* ECF 539-9 [Motion for Class Certification].  That motion, along with its companion request for a preliminary injunction, is pending with arguments set to be heard on August 13.  *See* ECF 539-8 [Motion for Preliminary Injunction].  This Motion seeks to certify two additional classes, for a total of three classes between both motions.

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS
AND FIRST DISCRIMINATORY TREATMENT CLASSES

**First[2] Discriminatory Treatment Class:** All persons in this District who, since June 6, 2025, have been or will be subjected to a detentive stop by federal agents or officers at least in part because of their apparent Latino race, color, and/or ethnicity, other than at a port of entry, checkpoint, or other functional equivalent of the border, or in connection with a known target description if there are other objective bases to believe that the individual is the target.

Both proposed classes satisfy Rule 23's requirements for class certification. As discussed in Plaintiffs' preliminary injunction papers, the post-TRO record establishes that Defendants are engaged in the widespread violation of Fourth and Fifth Amendment rights. *See* ECF 632 at 16–25. At least hundreds, if not thousands, of residents of this District already have been harmed by Defendants' constitutional violations, and many more stand to be harmed absent intervention by the Court, thus satisfying the requirement of numerosity by making joinder impracticable. Members of the proposed classes are subject to the same pattern of conduct, and the resolution of each class's claim plainly will require answering common questions of law and fact, thus satisfying the commonality requirement. Plaintiffs' claims are typical of unnamed class members: they share the same injury and seek the same relief. As demonstrated through their respective declarations, Plaintiffs and their counsel will fairly represent and protect the interests of the classes. Finally, this action meets the requirements of Rule 23(b)(2), as Defendants' unlawful policy and practice applies generally to the entirety of each class and is susceptible to class-wide treatment.

The record submitted with Plaintiffs' preliminary injunction motion establishes that Defendants are not only engaged in a pattern of widespread, unlawful detentive stops, but also that Defendants' use of demographic profiling to stop non-targets is officially sanctioned. *See* ECF 632 at 11–12. And despite Defendants' claims of changes to their ongoing pattern and practice, that conduct continues. Certification of the two classes is necessary for the Court to protect

---

[2] Plaintiffs' Second Amended Complaint contains class allegations regarding two discriminatory treatment classes. *See* ECF 485 at 68. This motion seeks certification of the first of those two classes.

putative class members from further irreparable harm.  The Court should certify the Suspicionless Stops  and First Discriminatory Treatment Classes, appoint the Stop/Arrest Plaintiffs as class representatives, and appoint Stop/Arrest Plaintiffs' counsel as class counsel under Rule 23(a), (b)(2), and (g).

## II.    FACTUAL BACKGROUND

On July 27, 2026, the Stop/Arrest Plaintiffs filed a motion for preliminary injunction seeking to enjoin Defendants' policy and practice of conducting suspicionless and discriminatory detentive stops based on apparent Latino ethnicity.  ECF 632.  With that motion, Plaintiffs submitted a plethora of evidence, including testimony from DHS witnesses, text messages, emails, videos, arrest records, operational reports and briefings, and plaintiff and putative class member declarations.  To avoid duplicative presentation of evidence already before the Court, Plaintiffs hereby incorporate by reference the Motion for Preliminary Injunction, ECF 632, and its accompanying exhibits.

### A.    Defendants' Conduct

As detailed further at ECF 632, since June 2025, Defendants have conducted a campaign of suspicionless stops in this District.  They have carried out this campaign across different types of operations, which Defendants call "roving patrols," "targeted area" operations, and "targeted" operations.  ECF 632 at 3–7.  Regardless of the operation name and the specific federal personnel involved, Defendants' policy and practice has remained constant. *Id.* at 2.  Even during "targeted-area" operations, where Defendants have supposedly identified individual "targets," Defendants in fact stop Latino *non*-targets en masse. *Id.* at 4–5.  And during so-called "targeted operations," Defendants use a single "target" as a pretense to stop other Latino individuals in the claimed vicinity of the "target's" location, including unlawfully extending vehicle stops after officers have already determined the individual in the vehicle is not the "target." *Id.* at 5–7, 20–21, 23.

Extensive evidence shows Defendants making stops predominantly based on a person's ethnicity. *See, e.g.*, ECF 632 at 3 (text chains about "soft counts" of "possibles" based on location drive-bys), 8 (body camera footage and text messages referring to individuals using racialized epithets such as "tonks" or "wet" based on appearance); ECF 529-57 [H.S.H. Decl.], ¶¶ 9–12

-3-    Case No. 2:25-cv-05605-MEMF-SP

(officer pulling over individual because he looks like a "paisa").  And DHS witnesses, including supervisory agents and officers, have admitted under oath to relying on race to determine whom to stop.  ECF 632-12 [SBPA V.S. Dep.], at 125:2-173, 134:6-20, 187:16-192:14; ECF 632-23 [SBPA I.F. Dep.], at 137:10-139:1; ECF 632-27 [DO C.C. Dep.], at 158:3-162:17, 247:2-249:8; ECF 632-2 [SDDO C.C. Dep.], at 240:13-241:3; ECF 644-2 [DO E.O. Dep.], at 267:2-24, 300:8-13.  Although some agents have claimed that they are instead targeting "day laborers," the evidence shows that Defendants use "day laborer" as shorthand for low-income or working-class *Latinos*.  Defendants lump "day laborer" with other occupations that do not regularly offer daily-paid work, and have admitted to stopping individuals—including when they were not at work or trying to obtain work—based on their purported appearance as a "day laborer," an appearance that one officer testified meant an "older Hispanic male[]."  ECF 632 at 9–10 (citing ECF 632-27 [DO C.C. Dep.], at 158:3-162:17).  Defendants have even seized Latino customers of businesses while ignoring non-Latino individuals *working alongside* those stopped.  *Id.* at 10.

The evidence shows that Defendants' policy and practice is endorsed by agency leadership.  *See* ECF 632 at 11–12 (discussing, among other evidence, testimony by 30(b)(6) witnesses endorsing the manner in which agents have conducted operations).  From directives to depart from historically targeted enforcement to systematically arrest non-targets (whom Defendants call "collaterals"), to the deployment of Border Patrol under the leadership of Chief Bovino even after his operations were enjoined as unlawful, to the expansion of ICE field officer ranks without a commensurate increase in supervision, and to the lack of tracking and internal accountability, leadership has encouraged and empowered agents and officers to engage in unconstitutional race-based profiling.  *Id.* at 12 & n. 11.

Defendants' policy and practice is continuing.  ECF 632 at 4 (roving patrols continuing), 6–7 (so-called "targeted" operations continuing), 7 (officers testifying they continue to routinely stop non-targets).  Leadership has made clear that their plan is to increase the tempo of immigration enforcement, including through non-targeted enforcement.  *Id.* at 26–27.

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

**B.  Proposed Class Representatives**

**1.  *Individual Plaintiffs***

The experiences of the Individual Plaintiffs are representative of the Suspicionless Stops Class and the First Discriminatory Treatment Class.

On June 18, 2025, Plaintiffs Vasquez Perdomo, Villegas Molina, and Osorto were waiting at a bus stop when they were ambushed by ICE officers in unmarked vehicles.  ECF 529-16 [Villegas Molina Decl.], ¶¶ 2, 5–6; ECF 529-15, [Vasquez Perdomo Decl.], ¶¶ 4–7; ECF 529-17 [Osorto Decl.], ¶¶ 4–6.  Defendants asserted that they stopped the three Plaintiffs "in connection with a targeted enforcement operation" and that they approached Plaintiffs to question them about their "target's" whereabouts, ECF 632 at 5–6, 14, but discovery revealed the officers' intention that day always was to arrest "collaterals."  *Id.* at 6.  Officers had no information about the three Plaintiffs other than what they could see—that they appeared to be Latino and were dressed in work clothes.  *Id.* at 10.  Plaintiffs Vasquez Perdomo, Villegas Molina, and Osorto fear being targeted again.  ECF 529-15, [Vasquez Perdomo Decl.], ¶14; ECF 529-16 [Villegas Molina Decl.], ¶ 13; ECF 529-17 [Osorto Decl.], ¶ 13.

Plaintiff Hernandez Viramontes, a Latino U.S. citizen, was detained on June 18, 2025, while working at a car wash in Whittier that Defendants had already raided multiple times.  ECF 632-14 [Hernandez Viramontes Decl.], ¶¶ 3–10.  Agents went to the car wash on a "roving patrol" after Googling nearby car washes.  ECF 632-15 [BPA J.M. Dep.], at 217:16–219:22.  Defendants previously attempted to characterize agents' contact with Hernandez Viramontes as "consensual," ECF 170 at 3–4, but the agent who questioned him later admitted the encounter was "a detention." ECF 632-15 [BPA J.M. Dep.], at 261:14–25; *see also* ECF 632-14 [Hernandez Viramontes Decl.], ¶¶ 8–10 (explaining that he was surrounded, interrogated, and ultimately taken away from the car wash for about 20 minutes to "verif[y]" his citizenship).  He fears being stopped again on account of his Latino ethnicity and accent.  ECF 632-14 [Hernandez Viramontes Decl.], ¶ 15.

Plaintiff Gavidia, a Latino U.S.-born citizen, was detained on June 12, 2025, while working on his vehicle at Yank Towing.  ECF 632-13 [Gavidia Decl.], ¶¶ 6–11.  Agents went to the location on a "roving patrol."  ECF 632-12 [SBPA V.S. Dep.] at 85:8–90:4, 144:7–148:5.

Despite the fact that Gavidia had done nothing to provoke the incident, agents ordered him to "stop right there," slammed him against a fence, and demanded the name of the L.A. hospital where he was born. ECF 632-13 [Gavidia Decl.], ¶¶ 6–11; *see also* ECF 632 at 22. Gavidia fears being stopped again on account of his Latino ethnicity and being dressed in work clothes. ECF 632-13 [Gavidia Decl.], ¶¶ 12–13.

### 2. *Organizational Plaintiffs*

The Organizational Plaintiffs—LAWCN, UFW, and CHIRLA—bring claims on behalf of their members and the putative classes. ECF 16, ¶¶ 17–19. The experiences of their members are representative of the Suspicionless Stops Class and the First Discriminatory Treatment Class.

**LAWCN:** LAWCN is an organization made up of eight worker centers and labor organizations, including the CLEAN Carwash Worker Center, the Garment Worker Center, the Koreatown Immigrant Workers Alliance, the Los Angeles Black Worker Center, the Pilipino Workers Center, and the Warehouse Worker Resource Center. ECF 529-75 [Gudino Decl.], ¶¶ 6, 13–24. The CLEAN Carwash Worker Center, a member of LAWCN, has over 2,000 car wash worker members across the District, many of whom identify as Latino. ECF 529-74 [Melendrez Decl.], ¶ 1. Because LAWCN regularly coordinates efforts to address issues affecting low-wage workers across industries in the greater Los Angeles area, it is well-positioned to represent the proposed classes and has a demonstrated interest in ending the practices challenged here. ECF 529-75 [Gudino Decl.], ¶¶ 8–12, 25–30.

**UFW:** Plaintiff UFW is the largest farm worker union in the country, with approximately 10,000 members, and more members in California than in any other state. ECF 529-76 [Strater Decl.], ¶¶ 4–6. UFW has multiple members, both citizens and noncitizens, many of whom identify as Latino, are particularly vulnerable to unlawful immigration enforcement, and live in continual fear that they will be racially profiled and arrested by agents who roam the areas where UFW's members live, work, and commute. *Id.*, ¶¶ 16–19, 21–28. Given its long history of advocating for agricultural workers and their families, UFW is well-positioned to represent the proposed classes. UFW is participating in this lawsuit to end the unlawful practices harming its members. *Id.*, ¶¶ 4, 11–14, 44.

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

**CHIRLA:** Plaintiff CHIRLA is a membership-based organization with approximately 49,000 members in the District who are predominantly Latino, including many low-income workers such as day laborers, car wash workers, and street vendors of varying immigration status. ECF 529-73 [Salas Decl.], ¶ 4.  CHIRLA is the largest statewide immigrant rights organization in California, serving tens of thousands of residents each year, reaching hundreds of thousands through its educational programs and events, operating a hotline where members of the community can seek assistance, and coordinating the Los Angeles Rapid Response Network.  *Id.*, ¶¶ 3, 10–11.  CHIRLA is therefore well-positioned to represent the proposed classes.  It has an interest in ending the unlawful practices that are harming its members.  *Id.*, ¶ 37.

## III.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 23(a) requires that a party moving for class certification show that: (1) the class is so numerous that joinder of all members is impracticable, (2) questions of law or fact exist that are common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  The party must also meet the criteria of at least one subsection of Rule 23(b).  Fed. R. Civ. P. 23(b).  A plaintiff whose suit satisfies these requirements has a "categorical" right "to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

At the class certification stage, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013).  Additionally, "evidentiary proof" submitted in support of class certification "need not be admissible evidence." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1004–05 (9th Cir. 2018).

## IV.    <u>ARGUMENT</u>

### A.    <u>Plaintiffs Have Standing to Seek Equitable Relief</u>

As a preliminary matter, and as discussed in Stop/Arrest Plaintiffs' Motion for a Preliminary Injunction, both the Individual and Organizational Plaintiffs have standing to seek injunctive relief.  ECF 632 at 11-16.  This Court has repeatedly recognized Plaintiffs' standing to

bring their Stop/Arrest Claims.  ECF 484 at 11 ("This Court has already considered and rejected Defendants' standing and jurisdictional arguments in the MTD Order [ECF 419].").  For the reasons set forth in Plaintiffs' Motion for Preliminary Injunction, the Court should reach the same conclusion here as to Plaintiffs and the proposed class members.

### B.    Each Proposed Class Meets the Requirements of Rule 23(a)

#### 1.    Each Class Satisfies the Numerosity Requirement

The proposed classes easily satisfy Rule 23(a)(1)'s requirement that a class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  In assessing Rule 23(a)(1)'s numerosity requirement, "'impracticability' does not mean 'impossibility.'" *Johnson v. City of Grants Pass*, 50 F.4th 787, 803 (9th Cir. 2022) (quoting *Harris v. Palm Springs Alpine Ests., Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964)).  Impracticability means only that joining all class members would be difficult or inconvenient.  *Id.*  There is no fixed number that renders joinder impracticable, but courts have found the "numerosity requirement satisfied when a class includes at least 40 members."  *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010); *see also Kidd v. Mayorkas*, 343 F.R.D. 428, 437 (C.D. Cal. 2023) (quoting *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982) ("[W]here the exact class size is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied.")).  Additionally, where declaratory or injunctive relief is sought, "plaintiffs may rely on [] reasonable inference[s] arising from plaintiffs' other evidence that the number of unknown and future members" renders joinder impracticable.  *C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 317 F.R.D. 91, 100 (N.D. Cal. 2016) (alterations in original).

The proposed Suspicionless Stops Class and First Discriminatory Treatment Class each are large enough to make joinder impracticable, because they each likely contain thousands of members.  Since June 6, 2025, Defendants have arrested thousands of people in the District.[3]

---

[3] In 2025, ICE alone arrested a total of 14,394 individuals in the greater Los Angeles area (39% of whom lacked any criminal history), up from 4,684 during the 2024 calendar year.  Elly Yu and Jordan Rynning, *ICE arrests tripled last year in LA—and more than half of those arrested had no criminal record*, LAist (Mar. 31, 2026), https://laist.com/news/ice-arrests-tripled-los-angeles-immigration-customs-enforcement-data.

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

According to data for the period of August 6, 2025, through May 6, 2026, ICE Enforcement and Removal Operations ("ERO") categorized 1,843 (22.7%) of 8,116 "non-custodial" arrests as "collateral."[4]  ECF 531-2 ¶¶ 14-17.  And notwithstanding any claim by Defendants that "Operation at Large" ended in February 2026, ICE's data showed an *upward* trend of total non-custodial arrests in the District from February to April 2026.  Lai Decl., ¶¶ 15–17.[5]  Of these, a significant percentage were non-targeted.  *See* ECF 539-3 [DO E.O. Dep.], at 145:7–146:3 (officer testifying he stops persons who are not his "target" at least several times a week); ECF 632-2 [SDDO C.C. Dep.], at 95:25–96:13 (supervisor estimating that non-target arrests comprise about 4 out of every 10–15 arrests his team currently makes).  Thousands of people thus have been arrested in this District as a result of a non-targeted detentive stop.  Indeed, Defendants' arrest data does not even capture the full universe of detentive stops at issue, because Defendants do not document stops that do not result in arrest.[6]

The Court need not look further than the companion Motion for Preliminary Injunction to find numerosity satisfied.  Plaintiffs have submitted *55* sworn declarations with that Motion alone about suspicionless and discriminatory detentive stops, including from numerous U.S. citizens and lawfully present individuals.[7]  From this, and the evidence of widespread race-based profiling, the

[4] "Collateral" arrests are field arrests of individuals who are not a pre-identified "target" of an operation.  ECF 632 at 2.

[5] Defendants have not produced complete data for the month of May or any data after May in discovery.  Lai Decl., ¶ 20.

[6] *See, e.g.*, ECF 644-1 [CBP 30(b)(6) Dep.] at 208:6–209:5, 235:5–241:9; ECF 632-40 [ICE 30(b)(6) Dep.] at 167:3–172:25.  This includes numerous U.S. citizens and lawfully present individuals who are stopped and eventually released.  *See, e.g.*, ECF 632 at 14–16.

[7] *See* ECF 632-7 [D.V.V. Decl.]; ECF 632-10 [J.L.M. Decl.]; ECF 632-13 [Gavidia Decl.]; ECF 632-14 [Hernandez Viramontes Decl]; ECF 632-16 [Reyes Romo Decl.]; ECF 632-18 [I.U.V. Decl.]; ECF 632-31 [R.M.D. Decl.]; ECF 632-36 [J.A.P. Decl.]; ECF 632-37 [D.O.A. Decl.]; ECF 632-42 [Zuniga Decl.]; ECF 632-43 [Santiago Tafolla Decl.]; ECF 632-44 [A.V. Decl.]; ECF 632-45 [N.B. Decl.]; ECF 632-46 [Gutierrez Reyes Decl.]; ECF 632-47 [Ayala Decl.]; ECF 632-48 [J.G.S.C. Decl.]; ECF 632-49 [F.F.L. Decl.]; ECF 632-50 [Luna Maciel Decl.]; ECF 632-52 [Castillo Decl.]; ECF 632-53 [M.A.R.C. Decl.]; ECF 632-54 [E.L.L. Decl.]; ECF 632-56 [Anderson Decl.]; ECF 632-57 [H.A. Decl.]; ECF 632-58 [V.M.C. Decl.]; ECF 632-59 [Ortiz Decl.]; ECF 632-60 [Zapata Santiago Decl.]; ECF 632-61 [Johnson Decl.]; ECF 632-67 [Hernandez Viramontes Third Decl.]; ECF 529-27 [M.F.R. Decl.]; 529-26 [M.D.L. Decl.]; ECF 529-28 [Chapman Decl.]; ECF 529-16 [Villegas Molina Decl.]; ECF 529-15, [Vasquez Perdomo

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

Court can reasonably conclude that a large number of individuals—and certainly more than 40—falls within the proposed Suspicionless Stop Class and First Discriminatory Treatment Class.

The proposed classes also include numerous unnamed future members who are likely to be subjected to the same unlawful practices in this District, as Defendants continue their policy of race-based profiling. *See supra* at 10. The inclusion of unknown or future members strongly favors a finding of impracticability. *See Doe v. Wolf*, 424 F. Supp. 3d 1028, 1040 (S.D. Cal. 2020) ("'[W]here the class includes unnamed, unknown future members, joinder of such unknown individuals is impracticable and the numerosity requirement is therefore met, regardless of class size.'") (citation omitted); *Ali v. Ashcroft*, 213 F.R.D. 390, 408–09 (W.D. Wash. 2003) (same). And when a "class's membership changes continually over time, that factor weighs in favor of concluding that joinder of all members is impracticable." *A.B. v. Hawaii St. Dep't of Educ.*, 30 F.4th 828, 838 (9th Cir. 2022); *see also J.D. v. Azar*, 925 F.3d 1291, 1322 (D.C. Cir. 2019) ("classes including future claimants generally meet the numerosity requirement due to the impracticality of counting such members, much less joining them") (internal quotation marks omitted); *cf. Orantes-Hernandez*, 541 F. Supp. at 370.

### 2. Each Class Satisfies the Commonality Requirement

The claims at issue here present "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Plaintiffs' claims "must depend upon a common contention," and that contention must be "capable of classwide resolution," meaning that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Courts construe this requirement permissively. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). A "single common issue

---

Decl.]; ECF 529-17 [Osorto Decl.]; ECF 529-53 [F.H.S. Decl.]; ECF 529-57 [H.S.H. Decl.]; ECF 529-58 [J.C. Decl.]; 529-60 [E.C.H. Decl.]; ECF 529-59 [G.N.L. Decl.]; ECF 529-55 [G.V.C. Decl.]; ECF 539-06 [W.C. Decl.]; ECF 529-61 [E.M.M. Decl.]; ECF 529-62 [A.G. Decl]; ECF 529-65 [V.M.B. Decl.]; ECF 529-68 [J.D.S. Decl.]; ECF 529-54 [E.C.P. Decl.]; ECF 529-23 [Tijerino Garmendia Decl.]; 529-63 [R.C.N.G. Decl.]; ECF 529-64 [L.C.C. Decl.]; ECF 529-66 [H.S.P. Decl.]; ECF 529-74 [Melendrez Decl.]; ECF 529-73 [Salas Decl.]; ECF 529-76 [Strater Decl.]; 529-75 [Gudino Decl.]; ECF 529-70 [M.L.S. Decl.].

Case No. 2:25-cv-05605-MEMF-SP

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

of law or fact is sufficient to satisfy the commonality requirement." *Perez-Olano v. Gonzalez*, 248 F.R.D. 248, 257 (C.D. Cal. 2008); *see also, e.g.*, *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) ("[T]he commonality requirements asks us to look only for some shared legal issue or a common core of facts").

It is not necessary for "*[a]ll* questions of fact and law . . . [to] be common to satisfy the commonality requirement. The existence of shared legal issues with divergent factual predicates is sufficient." *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 807 (9th Cir. 2020) (internal quotation marks and alterations omitted) (emphasis added). "Thus, '[w]here the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists.'" *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014). The critical issue for class certification "is not the raising of common 'questions' . . . but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (citation omitted).

This standard is readily met where, as here, Plaintiffs seek prospective relief "challeng[ing] a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis,* 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *see also* 7A Wright & Miller's Federal Practice & Procedure § 1763, at 226 (4th ed. 2026 update) ("[C]lass suits for injunctive or declaratory relief by their very nature often present common questions satisfying Rule 23(a)(2)."); *Doe #1 v. Trump*, 335 F.R.D. 416, 433–34 (D. Or. 2020) (finding commonality requirement satisfied "in cases involving challenges to systemic immigration *policies and procedures*, even though immigration *decisions* ultimately involve discretionary decisions by consular officers"); *Ms. L. v. U.S. Immigr. & Customs Enf't*, 331 F.R.D. 529, 539 (S.D. Cal. 2018) (finding commonality requirement satisfied where plaintiffs challenged government's "practice of separating migrant parents and children and keeping them separate without a showing the parent is unfit").

The Suspicionless Stops Class and First Discriminatory Treatment Class satisfy the commonality requirement. All members of both classes are subject to Defendants' policy and practice of making detentive stops in the District based on broad demographic profiling, rather

-11-    Case No. 2:25-cv-05605-MEMF-SP

than investigation. This practice infringes on putative class members' Fourth and Fifth Amendment rights in substantially similar ways. Common questions of law and fact for the Suspicionless Stops Class include:

- Whether Defendants have a policy and practice across their operations of effecting seizures of individuals that are based on a demographic profile rather than on individualized, particularized suspicion;

- Whether Defendants have departed from the totality-of-the-circumstances approach in favor of race-based profiling;

- Whether reliance on other purported factors such as "day laborer" status is genuine or adds anything to the reasonable suspicion analysis (as opposed to being a proxy for apparent ethnicity); and

- Whether Defendants' policy or practice violates the Fourth Amendment.

Common questions of law and fact for the First Discriminatory Treatment Class include:

- Whether Defendants' policy and practice of relying on apparent Latino ethnicity in determining whom to stop, in whole or in part, constitutes an express racial classification;

- Whether Defendants' express racial classification triggers strict scrutiny analysis;

- Whether there can be any compelling interest that justifies race-based decision-making in interior immigration enforcement, and if so, whether Defendants' reliance on apparent Latino ethnicity is narrowly tailored to meet that interest; and

- Whether Defendants' policy or practice violates the Fifth Amendment.

That the factual circumstances of class members' stops and their immigration statuses may vary does not defeat the commonality among them. *See Wal-Mart Stores*, 564 U.S. at 350; *see also, e.g.*, *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012) ("Where the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists." (citation omitted)); *Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998) (finding commonality based on plaintiffs' common challenge to INS procedures and noting that "[d]ifferences among the class members with respect to the merits

-12-                                    Case No. 2:25-cv-05605-MEMF-SP

of their actual document fraud cases . . . are simply insufficient to defeat the propriety of class certification"). Indeed, "[a]s other courts have noted, commonality in cases alleging racial profiling is satisfied when 'the injuries complained of by the named plaintiffs allegedly resulted from the same unconstitutional practice or policy that allegedly injured or will injure the proposed class members.'" *Ortega-Melendres v. Arpaio*, 836 F. Supp. 2d 959, 989 (D. Ariz. 2011) (quoting *Daniels v. City of New York*, 198 F.R.D. 409, 418 (S.D.N.Y. 2011)). Similarly, cases involving Fourth Amendment violations satisfy commonality when they challenge the infirmities of systematic policies and procedures that apply universally. *See Gonzalez*, 975 F.3d at 809 ("Fourth Amendment claims concerning government policies, practices or procedures for probable cause determinations are plainly suitable for classwide resolution."); *see, e.g.*, *Kidd*, 343 F.R.D. at 438–39 (finding commonality where plaintiffs sought "declaratory or injunctive relief to stop ICE from engaging in certain systemwide practices and policies in conducting home arrests in" its Los Angeles Area of Responsibility). For these reasons, both proposed classes satisfy the commonality requirement of Rule 23(a)(2).

### 3.    *Each Class Satisfies the Typicality Requirement*

Individual and Organizational Plaintiffs' claims are "typical of the claims . . . of the class[es]." Fed. R. Civ. P. (a)(3). "[R]epresentative claims are 'typical' if they are reasonably coextensive with those of absent class members." *Parsons*, 754 F.3d at 685 (the test for typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct") (citations omitted). "This inquiry focuses on the *nature of the claim* of the class representative, and not the specific facts from which it arose." *Gonzalez*, 975 F.3d at 809 (citation modified); *see also, e.g.*, *Armstrong*, 275 F.3d at 868 (typicality is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability"). As with commonality, typicality serves "as [a] guidepost[] for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

the class members will be fairly and adequately protected in their absence." *Parsons*, 754 F.3d at 685 (quoting *Wal-Mart Stores*, 564 U.S. at 349 n. 5).

The typicality requirement "is permissive and requires nothing more than that a class plaintiff's claims be reasonably coextensive with those of absent class members." *Gonzalez*, 975 F.3d at 809 (internal quotation marks omitted). "Where the challenged conduct is a policy or practice that affects all class members . . . the typicality inquiry involves comparing the injury asserted in the claims raised by the named plaintiffs with those of the rest of the class." *Parsons*, 754 F.3d at 685 (quoting *Armstrong*, 275 F.3d at 868–69). But there is no requirement that the injury be "substantially identical." *DZ Reserve v. Meta Platforms*, *Inc.*, 96 F.4th 1223, 1238 (9th Cir. 2024) (citation omitted). Unnamed class members need only "have injuries similar to those of the named plaintiffs" that are a "result [of] the same, injurious course of conduct." *Armstrong*, 275 F.3d at 869.

Individual Plaintiffs' claims and Organizational Plaintiffs' claims[8] on behalf of their members are "reasonably coextensive" with those of proposed class members. *Gonzalez*, 975 F.3d at 809. Because the class representatives have been and/or are at imminent risk of being subjected to Defendants' unlawful policy and practice of suspicionless and discriminatory detentive stops, they suffer, and are likely to suffer, the same injuries as the members of the proposed classes. *See* ECF 632 at 12–14; *Parsons*, 754 F.3d at 678; *United Farm Workers v. Noem*, 785 F. Supp. 3d 672, 726–27 (E.D. Cal. 2025) (finding typicality as to similar claims, despite Defendants' assertions that individualized determinations were necessary, and explaining that "Plaintiffs are not asserting Border Patrol made *incorrect* reasonable suspicion findings . . . Plaintiffs are asserting that Border Patrol agents did not make [individualized] reasonable

---

[8] Organizational Plaintiffs may serve as class representatives because each has associational standing to bring claims on behalf of its members, many of whom are putative class members who are currently or stand to be harmed by the challenged practices absent judicial intervention. *See, e.g.*, *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 204–07 & n.6 (N.D. Cal. 2012) ("[M]any courts have held that organizations with associational standing may serve as class representatives." (cleaned up)); *Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171, 1174–75 (9th Cir. 1990) (rejecting challenge to typicality because "in their associational capacity, the unions are acting on behalf of" members, which included putative class members).

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

suspicion determinations related to the detentive stops"). For example, a member of CLEAN has already been stopped twice and fears being stopped again in the future. ECF 529-74 [Melendrez Decl.], ¶ 13, ¶ 7 ("I am aware of dozens of CLEAN's members that have been stopped and arrested by federal agents[]"). Similarly, Defendants stopped a CHIRLA member, who is a legal resident, while driving. ECF 529-73 [Salas Decl.], ¶¶ 18–21 (discussing other members stopped while selling food or driving). All Stop/Arrest Plaintiffs (including the members of Organizational Plaintiffs) fit the profile Defendants are targeting. ECF 632 at 12–13 nn. 12, 13.

Notwithstanding any individual variations in their experiences, all Stop/Arrest Plaintiffs' interests "align[] with the interests of the class[es]." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)); *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) (typicality "is not primarily concerned with whether each person in a proposed class suffers the same type of damages; rather, it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class"). Indeed, "[c]ommentators have noted that cases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims." *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994)). Rule 23(a)'s typicality requirement is satisfied here.

### 4. The Proposed Class Representatives and Class Counsel of Each Class Satisfy the Adequacy Requirement

Plaintiffs satisfy Rule 23(a)(4) because they will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This determination turns on two questions: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[,] and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Evon*, 688 F.3d at 1031. Named Plaintiffs do not have any conflicts of interest with other class members that would interfere with their ability to fairly and adequately protect the classes' interests, and they and Stop/Arrest Counsel will "prosecute the action vigorously on behalf of the class[es]." *Id.* at 1031.

-15-    Case No. 2:25-cv-05605-MEMF-SP

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

**Named Plaintiffs for the Suspicionless Stops Class:** The proposed class representatives satisfy the adequacy requirement because their interests align with, and are not adverse to, the interests of the class. Plaintiffs are motivated to pursue this action on behalf of others like themselves—or, in the case of Organizational Plaintiffs, on behalf of their members—who have been or reasonably fear being subjected to suspicionless stops under the same unlawful policy or practice. *See* Vasquez Perdomo Decl., ¶ 16; Villegas Molina Decl., ¶ 15; Osorto Decl., ¶ 4; Hernandez Viramontes Decl., ¶ 5; Gavidia Decl., ¶ 3; ECF 529-75 [Gudino Decl.], ¶¶ 30–31; ECF 529-76 [Strater Decl.] ¶ 44; ECF 529-73 [Salas Decl.] ¶¶ 37–38; *see also supra* at 12–13 (discussing why the Organizational Plaintiffs will be adequate class representatives).

Further, Plaintiffs seek declaratory and injunctive relief against the government's policies. There is thus no potential conflict between the interests of Plaintiffs and members of the proposed class. *See Rodriguez v. Bostock,* 349 F.R.D. 333, 362 (W.D. Wash. 2025) (no conflict of interest where class representative "has a 'mutual goal' with the other class members to challenge the allegedly unlawful practices and to 'obtain declaratory . . . relief that would not only cure this illegality but remedy the injury suffered by all current and future class member[s]'") (quoting *Nightingale v. U.S. Citizenship & Immigr. Servs.*, 333 F.R.D. 449, 462 (N.D. Cal. 2019)).

**Named Plaintiffs for the First Discriminatory Treatment Class:** As with the Suspicionless Stops Class, the interests of named Plaintiffs are not adverse to the interests of the First Discriminatory Treatment Class. Named Plaintiffs seek declaratory and injunctive relief against the government's policy and practice of discriminatory treatment of Latino-appearing individuals, so there is no potential conflict with proposed class members. The named Plaintiffs are motivated to pursue this action on behalf of themselves and other class members who have been or will be subjected to detentive stops based at least in part on their apparent Latino race, ethnicity, or color. *See* Vasquez Perdomo Decl., ¶ 16; Villegas Molina Decl., ¶ 15; Osorto Decl., ¶ 4; Hernandez Viramontes Decl., ¶ 5; Gavidia Decl., ¶ 3; *see also supra* at 12–13 (discussing why the Organizational Plaintiffs will be adequate class representatives).

**Stop/Arrest Plaintiffs' Class Counsel:** Plaintiffs' counsel meet the adequacy requirement. Counsel are qualified to represent a class when they can establish experience in

previous class actions and cases involving the same area of law. *See Lynch v. Rank*, 604 F. Supp. 30, 37 (N.D. Cal. 1984), *aff'd*, 747 F.2d 528 (9th Cir. 1984), *amended on reh'g*, 763 F.2d 1098 (9th Cir. 1985).

Plaintiffs are represented by experienced attorneys from the ACLU Foundations of Southern California, Northern California, and San Diego and Imperial Counties; the University of California, Irvine School of Law Immigrant and Racial Justice Solidarity Clinic; Munger, Tolles & Olson LLP; the National Day Laborer Organizing Network; Law Offices of Stacy Tolchin; and Public Counsel. These attorneys each have deep knowledge of immigration law and extensive experience litigating class actions protecting the constitutional and statutory rights of immigrants, as well as in other complex federal cases. *See generally* Declaration of Mohammad Tajsar (ACLU); Declaration of Anne Lai (UCI); Declaration of Jacob Kreilkamp (MTO); Declaration of Jessica Karp Bansal (NDLON); Declaration of Stacy Tolchin (Law Offices of Stacy Tolchin); Declaration of Rebecca Brown (Public Counsel).

Proposed counsel have the necessary resources, expertise, and commitment to adequately prosecute this case on behalf of Named Plaintiffs and the proposed Suspicionless Stops Class and First Discriminatory Treatment Class. Proposed class counsel have not identified any conflicts of interest with any Named Plaintiff or any identified member of the proposed classes.

**C.    Each Proposed Class Meets the Requirements of Rule 23(b)(2)**

In addition to satisfying the requirements of Rule 23(a), the proposed Suspicionless Stops Class and proposed First Discriminatory Treatment Class satisfy the requirements of Rule 23(b)(2). Under Rule 23(b)(2), class certification is warranted when the opposing party "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "[T]he primary role of [Rule 23(b)(2)] has always been the certification of civil rights class actions." *Parsons*, 754 F.3d at 686 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)).

"The key to [a] (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

only as to all of the class members or as to none of them.'" *Wal-Mart Stores*, 564 U.S. at 360. This standard is "unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole," even where the class ultimately seeks to challenge more than one policy or practice. *See Parsons*, 754 F.3d at 667–68, 688–89 (upholding certification of a (b)(2) class that challenged 15 discrete policies or practices of state prison system and sought "uniform changes in statewide ADC policy and practice"); *see also Melendres v. Arpaio*, 784 F.3d 1254, 1258–59 (9th Cir. 2015) (injunction in (b)(2) class case addressing multiple aspects of sheriff's office policy and practice).

The policy and practice being challenged by the proposed Suspicionless Stops Class and First Discriminatory Treatment Class applies to all members of each proposed class. Because Defendants have "acted or refused to act on grounds that apply generally to the class," *Parsons*, 754 F.3d at 689, certification under Rule 26(b)(2) is appropriate. For the Suspicionless Stops Class, a "single injunctive or declaratory judgment" establishing that Defendants' pattern or practice of suspicionless stops violates the Fourth Amendment "would provide relief to each member of the class." *See Amchem Prods.*, 521 U.S. at 614 (explaining that "[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of 23(b)(2) class actions); *see, e.g.*, *Ortega-Melendres*, 836 F. Supp. 2d at 990–91 (finding certification under Rule 23(b)(2) proper where plaintiffs sought injunctive and declaratory relief against sheriff's vehicle stop practices, including on Fourth Amendment grounds). Likewise, there is an "underlying [] across-the-board rule . . . that racial discrimination is by definition class discrimination." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982). And just as with the commonality requirement, the fact that individual class members may face different or additional downstream effects of Defendants' practices does not undermine (b)(2) class treatment. *See Gibson v. Local 40, Supercargoes & Checkers*, 543 F.2d 1259, 1264 (9th Cir. 1976) ("A class action may be maintained under [Rule] 23(b)(2), alleging a general course of racial discrimination . . . though the discrimination may have been manifested in a variety of practices affecting different members of the class in different ways . . . ."). Class certification under Rule 23(b)(2) is therefore appropriate.

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

## V.    **CONCLUSION**

For the foregoing reasons, the Court should certify the proposed Suspicionless Stops Class and First Discriminatory Treatment Class and appoint the Stop/Arrest Plaintiffs' Counsel as class counsel pursuant to Rule 23(g).

Respectfully submitted,

DATED:  August 4, 2026   NATIONAL DAY LABORER ORGANIZING NETWORK

By:  */s/  Jia Fu*
   JIA FU
   *Counsel for Stop/Arrest Plaintiffs*

DATED:  August 4, 2026   ACLU OF SOUTHERN CALIFORNIA

By:  */s/ Mohammad Tajsar*
   MOHAMMAD TAJSAR
   *Counsel for Stop/Arrest Plaintiffs*

DATED:  August 4, 2026   MUNGER, TOLLES & OLSON LLP

By:  */s/ Jacob S. Kreilkamp*
   JACOB S. KREILKAMP
   Attorneys for Stop/Arrest Plaintiffs

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2026, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Central District of California using the CM/ECF system, which provided notification of such filing to all registered CM/ECF users.

DATED:  August 4, 2026                MUNGER, TOLLES & OLSON LLP

By:     /s/ Jacob S. Kreilkamp
          JACOB S. KREILKAMP
          *Counsel for Stop/Arrest Plaintiffs*

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certifies that this brief contains 6,806 words, which complies with the word limit of L.R. 11-6.1.

DATED:  August 4, 2026                    MUNGER, TOLLES & OLSON LLP

By:      /s/ Jacob S. Kreilkamp
         JACOB S. KREILKAMP
         *Counsel for Stop/Arrest Plaintiffs*

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES

## ATTESTATION OF FILER

I attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

DATED:  August 4, 2026                    MUNGER, TOLLES & OLSON LLP


By:    _/s/ Jacob S. Kreilkamp_____
        JACOB S. KREILKAMP
        Attorneys for Stop/Arrest Plaintiffs

MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL FOR SUSPICIONLESS STOPS AND FIRST DISCRIMINATORY TREATMENT CLASSES