MOLLY MAUCK (SBN 344278)
*Molly.Mauck@ilag.gov*
VIKAS DIDWANIA (IL BAR 6299645) (*pro hac vice* application forthcoming)
*Vikas.Didwania@ilag.gov*
Office of the Illinois Attorney General
115 S. LaSalle Street, 31st Floor
Chicago, IL 60603
(312) 814-3000
*Counsel for the State of Illinois*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re Subpoena to Coalition for Humane Immigrant Rights**<br><br>Served in the United States District Court for the Northern District of Illinois (Case No. 26-cv-321)<br><br>STATE OF ILLINOIS, *et al.*,<br><br>               Plaintiffs,<br><br>      v.<br><br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>               Defendants. | Case No.: 2:25-cv-05605-MEMF-SP<br><br>**DISCOVERY MATTER**<br><br>**REPLY IN SUPPORT OF STATE OF ILLINOIS'S MOTION TO TRANSFER UNITED STATES'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA ISSUED BY STATE OF ILLINOIS AND CITY OF CHICAGO TO COALITION FOR HUMANE IMMIGRANT RIGHTS AND UNOPPOSED MOTION TO STAY RESPONSE DEADLINE** |

1

**REPLY**[1]

Rule 45(f) allows for the transfer of a subpoena-related motion to the issuing court—here, Judge Ellis of the Northern District of Illinois—where the subpoena recipient consents. CHIRLA, the subpoena recipient, has consented. Defendants' motion to quash and for a protective order should be transferred. Defendants' suggestion that their consent is required is meritless; no case supports their efforts to reword the rule's plain language requiring consent only of "the person subject to the subpoena." The rule aims to protect *nonparties* from the burdens of litigation. Defendants are *parties* and, in any case, have not suggested that litigating in Chicago would be more burdensome than in Los Angeles. It would not.

The remaining factors, if the Court reaches them, support a transfer, as set forth in Illinois's motion to transfer. Defendants instead ask the Court to prematurely evaluate the substance of their motion to quash, focusing on their interest in the information being sought. But the only question before this Court is one of transfer. Defendants' arguments as to transfer lack merit. Therefore, the Court should grant the motion to transfer.

**ARGUMENT**

**I.     CHIRLA's Consent is a Sufficient Basis for Transfer.**

As Defendants themselves note, Federal Rule of Civil Procedure 45(f) provides for transfer "if the person subject to the subpoena consents." Dkt. 639, at 10. CHIRLA, the entity subject to the subpoena, has consented, so transfer is proper under Rule 45(f). Defendants are not the subpoena's recipients, and the documents sought are in the custody or control of CHIRLA. Thus, Defendants' consent is not needed.

Defendants attempt to require *their* consent, as opposed to CHIRLA's, because their "interests are implicated by the subpoena." Dkt. 639, at 13. But this argument is an effort to alter the plain language of the rule, which contains no requirement for consent of those with an "interest" in the

---

[1] Although oral argument currently is set for September 8, 2026, Illinois waives oral argument on this motion, pursuant to L.R. 7-15, if the Court determines the briefs are adequate and therefore is able to rule before the hearing date. Moreover, if the Court denies the transfer, Illinois requests that the Court set a briefing schedule on the Defendants' motion to quash, Dkt. 578.

subpoena or an "interest" in the material sought. In other places, the rule refers to those "subject to *or affected by* a subpoena," showing that the drafters knew how to distinguish between those subject to the subpoena, like CHIRLA, and others, when they wanted. *See* Fed. R. Civ. P. 45(d)(3)(B) (emphasis added). Under the Rule's plain language, only CHIRLA's consent is needed, which it has given.

As Defendants note, Rule 45(f) was added in 2013 because the "prime concern should be avoiding burdens on local nonparties subject to subpoenas." Dkt. 639, at 10 (quoting Fed. R. Civ. P. 45(f), Advisory Committee Note (2013 Amendment)). Thus, the rule is intended to prevent burdens on the *non-party*—not to protect the asserted interests of a party such as Defendants. Moreover, the rule is intended to prevent *location-based* burdens—where the motion should be litigated—and so does not turn on "interests" in the underlying material. That is a separate merits question about an entity's standing to seek to quash and the ultimate propriety of quashing the subpoena.

None of the cases cited by Defendants supports their desired outcome. Contrary to Defendants' characterization, *In re Google* demonstrates Plaintiffs' proposition that consent of the subpoena recipient supports transfer. *In re Google LLC,* No. 24-MC-80009-VKD, 2024 WL 217842, at *2 (N.D. Cal. Jan. 19, 2024). In that case, Google was the subpoena's recipient and therefore fell squarely within Rule 45(f)'s protection. *Id.* at *1. Defendants note, consistent with Illinois's position, that the district court made no mention of the view on transfer of the defendant in the litigation underlying the subpoena at issue. But that is because there was no reason for that defendant's position to bear on the transfer, as the defendant was not the recipient of the subpoena. So too here. Defendants' position on transfer has no place in the inquiry under Rule 45(f). The third party here is CHIRLA, which consents.

The same was true in *B&G Foods N. Am., Inc. v. Embry*, where the court granted transfer because "both Nicholas, the person subject to the subpoena, and B&G, the subpoenaing party, consent to the transfer of resolution of a motion challenging the pending subpoena to the Eastern District of California, the issuing court." No. 24-CV-1779-AJB-MMP, 2024 WL 4631280, at *1 (S.D. Cal. Oct. 30, 2024). The same is true here. Defendants again perplexingly note the lack of consideration of the position of the defendant in the underlying litigation. But again, that case goes to show that only the subpoena recipient's position is dispositive under Rule 45(f). *See Mirza v. Yelp, Inc.*, No. 21-MC-80077-TSH, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) ("Rule 45(f) presents no bar

whatsoever to the return of the matter to the Issuing Court where . . . the nonparties subject to the subpoena consent to the transfer."). Similarly, *Cattle & Beef Antitrust Litig. v. JBS S.A.*, No. 8:22CV204, 2022 WL 17718553, at *4 (D. Neb. Dec. 15, 2022), is no help to Defendants, as the subpoena recipient did not consent, so the Court did not opine on this basis for transfer.

Defendants cite no case where a court based its decision on the consent, or lack thereof, of a party that did not receive the subpoena, as Defendants would have the Court do here. Instead, Defendants offer a straw man hypothetical about Boeing and Airbus to insist that their views must matter. Dkt. 639, at 15. But they are confusing the motion to transfer with the motion to quash. The transfer inquiry is merely about the nonparty's burdens and does not foreclose Defendants' views on the substance of the subpoena. Their hypothetical also suffers from a glaring omission—the authorization of the court. Here, the Illinois court heard argument on, carefully considered, and provided authorization for the subpoena at issue. *See* Tr., Dkt. 639-1. That consideration is precisely why the subpoena is appropriate, and should be litigated before that court.

Defendants' decision to oppose a subpoena which they did not receive does not allow them to upend the straightforward terms of Rule 45(f). Their effort to rewrite the rule to disregard the position of the party subject to the subpoena, the only party the rule was written to protect, is misplaced, and the Court should not depart from the rule as written and consistently applied. Thus, CHIRLA's consent is a sufficient basis to grant the transfer.

## II.    Exceptional Circumstances Also Warrant Transfer.

Plaintiffs are not required to demonstrate exceptional circumstances because the recipient of the subpoena has consented to transfer. *See* Fed. R. Civ. P. 45(f) (noting a transfer may occur based on consent *or* exceptional circumstances). But even if the Court does consider the exceptional circumstances prong, Plaintiffs have demonstrated that the particular facts of this case warrant transfer.

As Defendants note, the primary concern in considering a motion to transfer is to "avoid[] burdens on local nonparties subject to subpoenas." Dkt. 639, at 10 (quoting Fed. R. Civ. P. 45(f), Advisory Committee Note (2013 Amendment)); *see E4 Strategic Sols.*, 2015 WL 12746706, at *2. Defendants assert that "local nonparties" "in this context is properly understood as Defendants because it is their information that the Illinois Plaintiffs are seeking from CHIRLA." Dkt. 639, at 11–12. Simply

put, Defendants are not nonparties. They are parties in both the California and Illinois actions. And their reliance on their purported interest in the information sought is misplaced. The burden in question on a motion to transfer is that of litigating in a particular forum—not any burden that may arise with respect to the production itself, which is a merits question for the motion to quash. Here, no party is burdened by litigating in Illinois. CHIRLA has consented. And although Defendants' burdens are irrelevant under Rule 45(f), even Defendants have identified no location-based burdens to them. Far from any subpoenaed non-party, the federal government Defendants are parties to both actions and can easily litigate in either forum.

In any case, the circumstances clearly favor transfer. The issues raised by the motion to quash as to the scope of the issuing court's authorization and the relevance of the materials sought are better handled by Judge Ellis. A transfer also would aid the Illinois district court's case management. In fact, the issuing court authorized the subpoena with the intention of resolving questions such as those Defendants raise in their motion to quash, and did so in the interest of efficiently progressing the underlying Illinois litigation. Judge Ellis explained, in authorizing Plaintiffs to serve this subpoena, "I would anticipate that if claims survive the motion to dismiss that plaintiffs would be essentially asking for this same discovery anyway, correct? . . . So, you know, it's like do I have some of these fights now or do I have some of these fights [later]. If I'm going to have to deal with fights, it's, you know . . . ." Tr., Dkt. 639-1 at 15 line 8. The purpose of the subpoena, then, is "more to allow [Plaintiffs] to get their ducks in a row." *Id.* at 17, line 6. The Illinois district court anticipated resolving Defendants' objections, noting that "the government obviously is free to make any objections to those subpoenas or quash those subpoenas on any basis that it thinks is appropriate." *Id.* at 20, line 2.

Defendants suggest that Judge Ellis is merely "generally familiar" with the underlying Illinois litigation, so this factor should not support transfer. Dkt. 639, at 16. That is not so. She is the judge most familiar with the 103-page complaint and the 160 pages of briefing. She has overseen the discovery and case management of the Illinois litigation. And Defendants ignore the fact that she oversaw a related case arising out of Operation Midway Blitz asserting similar claims. *See Chicago Headline Club v. Noem*, 810 F. Supp. 3d 842 (N.D. Ill. 2025), *opinion vacated, appeal dismissed*, 168 F.4th 1033 (7th Cir. 2026). In that case, she personally reviewed mountains of discovery (which have

now been produced in this underlying Illinois litigation), entered a protective order, oversaw discovery and resolved discovery disputes, took in-court testimony, and wrote an 80-page opinion. *See id.* at 860. Given Judge Ellis's deep familiarity with the facts and the nature of the case, and in light of the issues raised in the motion to quash, a transfer best serves the interests of judicial economy and prompt resolution.

**III.     The Court Need Not Decide Defendants' Premature Merits Arguments.**

Defendants' remaining argument is that compliance with the subpoena will be burdensome, which, in turn, will have negative consequences. But Defendants are asking the Court to jump to the merits of their motion to quash, which are not at issue on this procedural motion to transfer. Argument in favor of or against the scope of the subpoena are properly raised once this Court has determined in which forum they should be heard.

In addition to being premature, Defendants' argument regarding the protection of confidential information fails for several reasons. First, Plaintiffs have negotiated with Defendants a protective order in the underlying Illinois litigation which will protect any confidential information. *See Illinois v. Department of Homeland Security*, No. 26-cv-321 (N.D. Ill.), Dkt. 66. Second, Defendants misrepresent their own protective order in *Vasquez Perdomo*, which provides:

> If a party . . . receives a subpoena under Federal Rule of Civil Procedure 45 (or an equivalent mechanism under state law) seeking Confidential Information or Confidential–Attorneys' Eyes Only Information as designated in this Action, the party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information or Confidential–Attorneys' Eyes Only Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person . . . that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production.  If the Designating Party timely seeks a protective order, the party served with the subpoena shall not disclose the Confidential Information *before a determination by the body from which the subpoena issued*.

Dkt. 247, at 14 (emphasis added). Therefore, contrary to Defendants' assertion, an order by the Illinois district court is consistent with the protective order in this case.[2]

Defendants provided CHIRLA with the documents under a protective order that anticipated these very circumstances, setting out specific procedures for sharing documents in response to a Rule 45 subpoena. *Cf. Chinn v. Blankenship*, No. 09-5119 RJB, 2010 WL 11591399, at \*5 (W.D. Wash. Feb. 26, 2010) (denying motion to compel production because plaintiff had not followed procedures for disclosure of the documents in question set out in federal law, depriving the court of jurisdiction to compel the information). Plaintiffs and CHIRLA are following these procedures, providing the federal government with notice of the subpoena and the opportunity to object to the requests and, in response to those objections, seeking an order from the issuing court. *See* Dkt. 247, at 14. No more is required under the agreed protective order in *Vasquez Perdodmo*. Thus, any lingering federal government interest has been addressed.

Although Defendants have not asserted privilege in their motion to quash, their fundamental opposition to transfer is based on their claim that inconsistent privilege rulings will cause an unacceptable burden for them. But it is Defendants who seek inconsistent rulings, having lost in California. Plaintiffs offered to abide by all agreements reached in *Vasquez Perdomo*, including instituting an identical clawback procedure and operating under a protective order to which Defendants have agreed. Defendants have rejected this offer, however, to preserve their opportunity to receive a different ruling on privilege in the Illinois district court—which will ultimately require the very transfer sought here. This Court should not allow Defendants to engage in every stalling tactic conceivable to prevent Plaintiffs from efficiently accessing documents which have already been produced, which are subject to numerous layers of protection, and which require no action by Defendants.

---

[2] Defendants also claim that if the motion to quash is transferred and the Illinois Court denies it, "the parties would again have to return to this tribunal for further proceedings." Dkt. 639, at 4. That is not so. As noted above, the protective order already contemplates an order from the issuing court. So does Rule 45(f), which allows for an order from the issuing court resolving a motion to quash to be transferred to this Court for enforcement, should that be required.

The State of Illinois respectfully requests that this Court grant its motion and transfer Defendants' motion to quash and motion for protective order to the Northern District of Illinois for resolution by Judge Ellis.

Dated: August 11, 2026                                    STATE OF ILLINOIS

                                    BY:    /s/ *Molly Mauck*_____
                                           MOLLY MAUCK
                                           Molly.Mauck@ilag.gov
                                           VIKAS DIDWANIA* (IL BAR 6299645)
                                           Vikas.Didwania@ilag.gov
                                           Office of the Illinois Attorney General
                                           115 S. LaSalle Street, 31st Floor
                                           Chicago, IL 60603
                                           (312) 814-3000
                                           *Counsel for the State of Illinois*

                                           **Pro hac vice* application forthcoming

## CERTIFICATE OF COMPLAINCE

I certify that this brief, in relevant part, contains fewer than 7,000 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 11, 2026                           BY:    /s/ *Molly Mauck*_____
                                                        MOLLY MAUCK