UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | August 10, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order Granting in Large Part Plaintiffs' Motion to Compel Discovery [510]**

## I.     INTRODUCTION

On May 26, 2026, the Stop/Arrest Plaintiffs filed a motion to compel defendants to produce documents responsive to plaintiff United Farm Workers' requests for production ("RFP"), Sets One through Three.[1]  Docket no. 510.  The parties' positions are set forth in a Joint Stipulation ("JS").  *Id*.  Plaintiffs' arguments are supported by the declaration of Anne Lai ("Lai Decl.") and exhibits.  *Id*.  On June 2, 2026, plaintiffs filed a supplemental memorandum.  Docket no. 523 ("P. Supp.").  Plaintiffs also filed a fairly substantive proposed order on June 22, 2026.  Docket no. 551 ("Proposed Order").

The court held a hearing on June 23, 2026.  As permitted by the court at the hearing, defendants filed a response to the proposed order on June 29, 2026.  Docket no. 574 ("D. Supp.").

After considering the parties' written and oral arguments, the court now grants plaintiff's motion in large part, as discussed below.

---

[1]     The Stop/Arrest Plaintiffs are Pedro Vasquez Perdomo, Carlos Alexander Osorto, Isaac Villegas Molina, Jorge Hernandez Viramontes, Brian Gavidia, the Los Angeles Worker Center Network, United Farm Workers ("UFW"), and the Coalition for Humane Immigrant Rights.  Docket No. 485 ¶¶ 11, 15-22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | August 10, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

## II.   BACKGROUND

This action challenges defendants' ongoing immigration operations in this district, beginning in summer 2025.  *See* docket no. 485.

On January 30, February 13, and March 2, 2026, plaintiff UFW served RFPs, Sets One through Three on defendants.  Lai Decl. ¶ 4, Exs. A-C.  RFPs, Set One ("Set One") contains only RFP No. 1, which seeks the production of all video footage relating to "Operation At Large" in this judicial district.  *See id.*, Ex. A.  RFPs, Set Two ("Set Two") contains RFP Nos. 2-15, which largely request intelligence and operational documents. *See id.*, Ex. B.  RFPs, Set Three ("Set Three") contains RFP Nos. 16-24, which largely seek communications and arrest information.  *See id.*, Ex. C.

Defendants served their written responses and objections to Set One on March 2, 2026, Set Two on March 16, 2026, and Set Three on April 1, 2026.  *Id.* ¶ 4, Exs. D-F. The parties met and conferred on March 16, 25, 27 and April 7, 2026.  *Id.* ¶ 5.

On May 11, 2026, plaintiffs sent defendants a Local Rule 37-1 letter which summarized the four meet and confer sessions and identified their issues with defendants' responses and objections, primarily defendants' unilaterally limiting the scope of the requests.  *Id.* ¶ 12, Ex. G.  Plaintiffs also expressed concerns with defendants' lack of preparation at each of the meet and confer sessions, delay tactics, and lack of effort.  *See id.*  Plaintiffs noted that despite the fact that defendants had multiple counsel on each call, they asked plaintiffs to follow up in writing to identify the issues discussed and to identify with particularity every question plaintiffs intended to ask.  *See id.*  The parties then met and conferred a fifth time that same day.  *Id.* ¶ 5; *see id.*, Ex. G

During the discussions, plaintiffs indicated they were willing to compromise in order to limit the size of the production, but requested information to ensure they would receive representative samples.  *See id.* ¶¶ 11, 24.  With respect to the body camera videos, plaintiffs requested information about how the body camera videos were tagged but defendants declined to provide that information.  *Id.* ¶¶ 11-12.  As for the operational documents, plaintiffs indicated a willingness to accept a production of sample I-213s, narratives, and other operational documents on the condition that defendants would share

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | August 10, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

certain information to allow an appropriate method for representative sampling. *Id*. ¶ 24. On May 14, 2026, defendants produced a sample of arrests logs and rosters pertaining to a small time period (but did not provide OM2 data), as well as defendant United States Customs and Border Protection ("CBP") "stratcom" footage of two operations in June 2025. *Id.* ¶ 25.

Plaintiffs filed the instant motion on May 26, 2026. Docket no. 510.

## III.   **DISCUSSION**

Plaintiffs argue defendants have failed to produce documents responsive to UFW's RFPs, except for a small sample. JS at 1. Plaintiffs assert that defendants have improperly limited the scope of the RFPs and continuously delayed the discovery process by, inter alia, being unprepared for meet and confer sessions, refusing to provide basic information, and failing to respond in a timely fashion. *See* JS at 1, 4-8; Lai Decl. ¶¶ 7-9.

### A.   **Legal Standard**

Rule 26(b) of the Federal Rules of Civil Procedure allows a party to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). To be relevant, the information sought "need not be admissible in evidence"; however, it must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining the needs of the case, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Rule 34 provides that a party may serve a request on another party to produce documents or electronically stored information in the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a). The responding party must provide in writing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | August 10, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

its responses and objections, stating whether materials will be produced and any objections to the requests.  Fed. R. Civ. P. 34(b)(2)(B).  The responding party must produce responsive documents that are in its possession, custody, or control.  *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006).   If the responding party withholds any responsive documents, it must state it in its objection that "responsive documents are being withheld on the basis of that objection."  Fed. R. Civ. P. 34(b)(2)(C).

When a responding party fails to produce documents as requested under Rule 34, the requesting party may move to compel such production.  Fed. R. Civ. P. 37(a)(3)(b)(iv).  "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence."  *U.S. v. McGraw-Hill Cos.*, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted); *see DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").

## B.	<u>Defendants Improperly Limited the Scope of RFP No. 1</u>

RFP No. 1 seeks "[a]ll recorded video footage RELATING TO 'Operation At Large' in the Central District of California, including but not limited to body-worn camera footage and small unmanned aircraft footage."  Lai Decl., Ex. A.

### 1.	<u>CBP</u>

Plaintiffs ask the court to order defendants to produce all body camera videos responsive to RFP No. 1 or, in the alternative, require the parties to reach a "mutually agreeable approach" to identifying a subset of videos for defendants to produce.  JS at 8-9.

Plaintiffs argue defendant CBP is arbitrarily capping the number of responsive materials it will produce.  JS at 9.  In their written responses, dated March 2, 2026,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | August 10, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

defendants stated they would produce a random sampling of 500 videos but were willing to meet and confer.  JS at 9; *see* Lai Decl., Ex. D.  At the March 16 meet and confer, defendants informed plaintiffs that there were more than 11,000 body camera videos associated with Operation At Large.  Lai Decl. ¶ 10.  Subsequently, defendants proposed producing a subset of 4,685 videos tagged with an "Arrest/Apprehension" tag.  *Id.* Plaintiffs assert they are amenable to CBP producing a subset of the responsive documents, but defendants must cooperate with plaintiffs to ensure that the subset is representative of the videos, which should include videos of stops and questioning by CBP agents that did not lead to an arrest.  *See id.* ¶ 11; JS at 5, 8-11.  Plaintiffs state the body camera footage is often the only evidence of an encounter because defendants generally do not document stops that do not result an arrest.  JS at 10; P. Supp. at 1; *see* Lai Decl., Ex. J ¶ 10.  Thus, plaintiffs asked defendants for additional information about the videos, specifically: (1) information about what other tags defendants use in their system to categorize body camera videos, including whether there is an "investigations" tag; and (2) information about which videos produced to plaintiffs in expedited discovery were tagged as "Arrests/Apprehension."  Lai Decl. ¶ 12; JS at 10-11.  Defendants declined to provide the information.  Lai Decl. ¶¶ 11, 13; JS at 11.

Defendants disagree that they unilaterally limited the scope of RFP No. 1.  JS at 19.  Defendants contend the production of the videos is disproportionate to the needs of the case and burdensome, and thus they engaged in a meet and confer to limit the scope. JS at 15-16, 19.  Defendants further assert that the information plaintiffs request – namely, information about the organization and process of categorizing the videos – is not relevant to plaintiffs' claims and "possibly protected" by the law enforcement privilege ("LEP").  JS at 20.

There is no dispute the body camera videos are relevant and responsive to RFP No. 1.  There is also no dispute that 11,000 videos is a large number of videos to produce. Plaintiffs said they would agree to allow defendants to produce a large subset of the videos, namely, 4,685 videos as defendants proposed, but do not agree to a subset limited to those with an "Arrest/Apprehension" tag.  Plaintiffs want a random sample that includes footage of stops that do not result in arrests.  Defendants agreed to this at the hearing and after.  *See* D. Supp. at 1-2.  Given that the parties need to agree to a sampling procedure, plaintiffs' request for information about the organization and categorization of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | | Date | August 10, 2026 |
|---|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | | |

videos is reasonable.  Moreover, notwithstanding the court's prior rejections of defendants' assertions of law enforcement privilege, defendants have provided no explanation of why this information would be subject to LEP or a declaration supporting such assertion.

Accordingly, to the extent they have not done so already, the parties must promptly (and no later than August 18, 2026) meet and confer about the terms of the random sampling, which should include an exchange of information.  Upon reaching agreement on the sampling procedure, defendants must begin production of the 4,685 videos on a rolling basis, with the first batch to be produced no later than September 4, 2026, and the production to be completed by November 6, 2026.

> **2.     ICE**

Plaintiffs request the court to order defendants to produce all responsive footage.

Defendant United States Immigration and Customs Enforcement ("ICE") initially responded that it did not have any video footage responsive to the RFP No. 1.  *See* Lai Decl., Ex. D.  At the March 16 meet and confer, defendants conveyed to plaintiffs that ICE officers did not wear body cameras.  *Id*. ¶ 16.  Subsequently, defendants acknowledged that ICE possesses video footage that was used for social media and other purposes.  *Id*.  Plaintiffs asked defendants to confirm that ICE intends to produce this footage, but defendants have neither responded nor produced the footage.  *Id*.

Defendants fail to address why they have neither supplemented their responses nor produced the responsive footage.  The court therefore orders defendants to supplement their responses to RFP No. 1 and produce the footage by August 28, 2026.

**C.     Defendants' Date Ranges Are Too Narrow**

Plaintiffs contend defendants may not unilaterally limit the relevant time period for Sets Two and Three.  JS at 11-13.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | August 10, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

In Set Two, plaintiffs seek operational documents relating to Operation At Large and transcripts of court proceedings, evidentiary hearings, and depositions from matters filed in Article III courts relating to Operation At Large or Operation At Large nationwide. Lai Decl., Ex. B. Operation At Large refers to immigration enforcement field operations within the Central District of California beginning in early June 2025. *Id*. at 4. In Set Three, plaintiffs seek the production of: communications; a report from the ICE module/database called OM2; and manuals, directives, or guidance relating to the use of personal phones, Zello, and/or WhatsApp. *Id.*, Ex. C. Unless otherwise specified, the applicable time period for Sets Two and Three is from January 1, 2025. *Id*., Ex. B at 5 and Ex. C at 5.

Defendants objected to the time period set forth in Sets Two and Three as overbroad, unduly burdensome, not proportional, and not relevant because the First Amended Complaint[2] alleges that plaintiffs' claims arise from actions that occurred from June 6, 2025 to the present. *Id*., Ex. E at 6 and Ex. F at 6. Defendants stated they therefore limited their responses to the period from June 6, 2025 to the present, unless otherwise specified. *Id*., Ex. E at 6 and Ex. F at 6. Additionally, defendants stated in their responses and objections to Set Three that they were furthering limiting the time period for certain RFPs, including setting an end date of February 10, 2026 for RFP Nos. 16-17, 20-21, and 23. *See id*., Ex. F. Subsequently, on April 8, 2026, defendants informed plaintiffs they intended to impose a similar end date for Set Two. *See id*., Ex. H. On April 13, 2026, defendants explained that Operation At Large ended on February 10, 2026, when the Incident Command Post in Law Angeles demobilized. *See id.*

//
//
//

---

[2]    The Second Amended Complaint was filed on April 9, 2026. Docket no. 485.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | August 10, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

1.      **<u>End Date for RFP Nos. 2-3, 6, 8, 11-14, 16-17, 21, and 23</u>**[3]

Plaintiffs ask the court to order defendants to search for and produce documents responsive to RFP Nos. 2-3, 6, 8, 11-14, 16-17, 21, and 23 without the end date of February 10, 2026.  JS at 11.  Defendants argue that limiting the time period of these RFPs to an end date of February 10, 2026 is relevant and proportional to the claims because February 10, 2026 marks the end of CBP's involvement in Operation At Large. JS at 22.  Plaintiffs argue that defendants' assertion that February 10, 2026 is the end date of Operation At Large is inconsistent with the record.  *Id*. at 11-12.  Plaintiffs contend that at the March 25 meet and confer session, defendants acknowledged plaintiffs' definition of Operation At Large included collateral encounters not labeled as associated with the operation in defendants' documents, and defendants agreed they would not construe Operation At Large as being limited to operations coordinated through the National Incident Command Center ("NICC").  *Id.*; Lai Decl. ¶ 18.  Further, defendants conceded the nature of ICE's enforcement operations has not fundamentally changed since February 10, 2026.  *See id*., Ex. H.

The court agrees that in general defendants inappropriately limited the end date of RFP Nos. 2-3, 6, 8, 11-14, 16-17, 21, and 23 to February 10, 2026.  First, defendants have provided no evidence that CBP's involvement in Operation At Large ended on February 10, 2026.  If CBP's involvement indeed ended on February 10, 2026, the responsive documents will reflect the end of its involvement and there should not be a significant number of responsive documents after that date.  There is therefore no reason for defendants to unilaterally limit its search and production to February 10, 2026. Second, defendants only acknowledge CBP's involvement in Operation At Large and omit ICE's continuing enforcement operations.  The fact that one defendant may no longer be involved in enforcement operations in this district does not obviate defendants' obligation to produce responsive documents that ICE possesses.

---

[3]      Plaintiffs included RFP Nos. 7, 9, and 20 in the portions of their motion concerning the date ranges, but the date range aspect of these requests appears no longer to be at issue, since the parties appear to have resolved their dispute as to these RFPs by stipulation.  *See* docket nos. 508, 527.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | | Date | August 10, 2026 |
|---|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | | |

The exception to this is parts (d) and (g) of RFP No. 17, calling for Operation At Large communications concerning the decision to utilize Border Patrol for interior enforcement in June 2025 and the temporary restraining order in this case. The parties reasonably agree to an end date of September 30, 2025 for these requests. *See* Proposed Order at 3; D. Supp. at 3.

Accordingly, the court orders defendants to search for and produce documents responsive to RFP Nos. 2-3, 6, 8, 11-14, 16-17, 21, and 23 without an end date, except that an end date of September 30, 2025 should be used in searching for documents responsive to RFP No. 17(d) and (g).

## 2. <u>Start Date for RFP Nos. 14, 16-17, and 19</u>

Plaintiffs ask the court to order defendants to search for and produce documents responsive to RFP Nos. 14, 16-17, and 19 without the start date of June 6, 2025. JS at 11-12. These RFPs seek policy documents and communications relating to Operation At Large. *See* Lai Decl., Exs. B-C. Defendants contend June 6, 2025 is the relevant start date because that day marks the beginning of the challenged immigration enforcement activities. JS at 21. Plaintiffs assert that a start date of June 6, 2025 ignores the fact that there were communications and likely policy changes in the lead-up to Operation At Large. JS at 12. In recognition of this, defendants offer instead a start date of May 1, 2025 for RFP Nos. 14, 16, and 17, while agreeing to a January 1, 2025 start date for RFP No. 19. D. Supp. at 2-3.

Defendants' proposed limitation to the start date for most of these requests is still unwarranted. Logically, there are relevant communications and policy documents preceding the start of the operations themselves, and those likely began more than a month in advance. The court therefore orders defendants to search for and produce documents responsive to RFP Nos. 14, 16-17, and 19 with a start date of January 1, 2025.[4]

---

[4]     The court notes that plaintiffs do not dispute defendants' application of an end date of December 16, 2025 for RFP No. 19, which seeks all communication for the National Incident Command Center ("NICC") relating to Operation At Large or policy changes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | August 10, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

### 3. RFP No. 22

RFP No. 22 seeks all communications between defendants and any person relating to Jason Brian Gavidia, Jorge Viramontes, Pedro Vasquez Perdomo, Carlos Osorto, or Isaac Villegas Molina. Lai Decl., Ex. C. Plaintiffs ask the court to order defendants to search for and produce documents responsive to RFP No. 22 without a limitation to a timeframe of one day prior and one week after each respective encounter. JS at 11. Defendants do not provide any justification for their unilateral limitation.

Accordingly, the court orders defendants to search for and produce documents responsive to RFP No. 22 for the time period specified in Set Three.

### D. Defendants May Not Unilaterally Limit the Custodians[5]

Plaintiffs ask the court to prohibit defendants from limiting the custodians from whom they will search for responsive documents and work with plaintiffs to develop a reasonable approach. JS at 13. In their responses to Set Three, defendants stated they would limit their production to a select group of custodians for RFP Nos. 16-21. *See* Lai Decl., Exs. F and I. Subsequently, defendants stated they will also limit the custodians to be searched for RFP Nos. 3-7 and 9-13. *See id.*, Ex. I. Defendants argue these limitations on custodians are justified because they will render the RFPs "proportional to the needs of general discovery." JS at 23. Defendants assert that by limiting the

---

affecting immigration enforcement. Lai Decl., Ex. C. Nonetheless, the court is troubled by defendants' suggestion that they may not be able to produce certain responsive documents because NICC's December 16, 2025 cessation of operations "shut[] down a significant source of documents and communications contemplated by RFPs Sets Two and Three." JS at 22.

[5] Plaintiffs included RFP No. 20 in the portion of their motion concerning custodians, but as discussed above with the date ranges, the parties appear to have reached agreement on the custodian files to be searched for RFP No. 20. *See* docket nos. 508, 527.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | August 10, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

custodians to those in leadership positions, they will avoid cumulative and duplicative documents. *Id*. Plaintiffs contend that defendants' approach is inappropriate because, while starting the searches with certain custodians is acceptable, unilaterally stating they will not search for documents from other custodians as an absolute matter is not. JS at 13. Plaintiffs argue that, at a minimum, the court should not allow defendants' limitation of custodians to defendant Gregory Bovino for RFP No. 5 and centralized mailboxes for RFP No. 3. JS at 13-14.

If a responding party believes a discovery request is unduly burdensome or disproportionate, it should object and meet and confer with the requesting party. *See Reed v. Sci. Games Corp.*, 2021 WL 4806520, at *2 (W.D. Wash. Oct. 14, 2021) (parties should meet and meet and confer if a responding party believes a request is unduly burdensome, disproportionate to the needs of the case, or identifies improper custodians). Here, defendants simply objected and unilaterally limited the custodians. This approach is inappropriate. Since then, however, the parties appear to have largely reached agreement. *See* D. Supp. at 3.

To the extent any disagreement remains, the court orders the parties to promptly meet and confer to discuss how to limit the custodians whose files must be searched. The court notes that plaintiff proposed what generally appear to be reasonable groups of custodians for each RFP. *See* P. Supp. at 4-5; Proposed Order at 4-5. If the parties cannot reach agreement on the custodians by August 20, 2026, plaintiffs' proposal in the Proposed Order, with defendants' clarifications (*see* D. Supp. at 3) shall govern.

With the custodians and date ranges established as set forth above, defendants must begin producing documents responsive to RFP Sets Two and Three, including ESI, on a rolling basis, no later than August 28, 2026, with production to be completed by October 23, 2026.

### E.   **Transcripts**

Plaintiffs ask the court to order defendants to produce transcripts responsive to RFP No. 15 in their possession, custody, or control. JS at 14. RFP No. 15 seeks "[a]ll transcripts of court proceedings, evidentiary hearings, and/or depositions from matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | August 10, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

filed in Article III courts RELATING TO OPERATION AT LARGE or Operation At Large operations nationwide." Lai Decl., Ex. B. Defendants argue plaintiffs are not entitled to production of these transcripts because they are equally accessible to plaintiffs, some of the transcripts are filed under seal or subject to a protective order, and plaintiffs have failed to demonstrate this case presents any overlap with the other litigation related to Operation At Large, in this district or nationwide. JS at 24-25.

Courts have allowed discovery of documents produced in other litigation when the present case and other litigation have significant factual and legal overlap. *See Jane Doe v. Mind Geek, et al.* , 2024 WL 7043699, at *1 (C.D. Cal. Mar. 1, 2024) (listing cases). But RFP No. 15 is not confined to a particular overlapping case. It is quite a broad request that places the burden on defendants to first identify which lawsuits qualify, and then identify the relevant transcripts. Further, while defendants likely have access to all the responsive transcripts, to the extent the transcripts are publicly available, plaintiffs also have access to them. *See Gomez v. McDonald*, 2015 WL 402729, at *4 (E.D. Cal. Jan. 29, 2015) (court will not "order defendants to produce documents that are equally accessible to plaintiff") (citations omitted). Some of these transcripts may be sealed or otherwise unavailable to plaintiffs, but in some such cases, defendants may be prohibited from producing them even under the protective order.

For these reasons, the court will not issue a blanket order requiring defendants to identify, locate, and produce all transcripts responsive to RFP No. 15. Defendants ask the court to limit plaintiffs to the transcripts from three cases (D. Supp. at 3), but the court will not impose such a limitation either, which does not appear to have a rational basis. Instead, plaintiffs must identify the overlapping cases with transcripts they want. Defendant shall produce the transcripts from the identified cases that either are already in their possession or that plaintiffs are unable to access, subject to any production restrictions established by the courts in those cases. To the extent there are problems or disputes regarding the production of these transcripts, the parties shall meet and confer. The production of these transcripts shall be completed within three weeks of plaintiffs' identification of the overlapping lawsuits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | August 10, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

### F.       **Deadlines**

Plaintiffs ask the court to set specific deadlines for the finalization of any methodology for collection or production.  JS at 14.  Plaintiffs contend progress "has been unacceptably slow."  *Id.*  Defendants does not oppose the court setting deadlines but contends that coordination "requires time" and "an order compelling seeking to accelerate this coordination will face the same logistical constraints that [they] are already navigating" in their efforts to comply with their discovery obligations.  JS at 25.

The court is concerned that while defendants state they do not oppose the court setting deadlines, they also are effectively asserting that the setting of deadlines will not change matters because they are purportedly already dealing with the discovery requests "quickly."  While the court appreciates the difficulties of coordinating with multiple entities, plaintiffs' assertions of defendants' lack of preparation and "foot dragging" are troubling.  Given the fact that plaintiffs served their discovery requests at the end of January and defendants have thus far only produced a relatively small number of documents, plus their still incomplete expedited discovery production, and given the numerous other indications of delay in the record, the court finds that defendants have not been fully diligent in the discovery process.

With this in mind, but also with an effort to be realistic, the court set deadlines as stated above.

## IV. **ORDER**

For the foregoing reasons, the court GRANTS in large part plaintiff's motion to compel (docket no. 510), as set forth above.

---