BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
DANIEL F. MUMMOLO
Counsel to the Assistant Attorney General
JONATHAN A. ROBBINS
Assistant Director
NANCY N. SAFAVI (SBN 24042342)
Senior Trial Attorney
ANIELLO DESIMONE
JACOB A. BASHYROV
JASON K. ZUBATA
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (540) 968-2522
Email: Jonathan.A.Robbins@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PEDRO VASQUEZ PERDOMO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM[1], in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. NO. 485]**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge<br><br>Hon. Sheri Pym<br>United States Magistrate Judge |

[1] Pursuant to FRCP 25(d), Markwayne Mullin is automatically substituted for Kristi Noem.

Defendants Markwayne Mullin, in his official capacity as Secretary, Department of Homeland Security ("DHS"); David J. Venturella[2], in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement ("ICE"); Rodney Scott, in his official capacity as Commissioner, U.S. Customs and Border Protection ("CBP") (erroneously sued as "U.S. Customs and Border Patrol"); Rosario Pete Vasquez[3], in his official capacity as Chief of U.S. Border Patrol; Kash Patel, in his official capacity as Director, Federal Bureau of Investigation ("FBI"); Todd Blanche[4], in his official capacity as U.S. Attorney General; Thomas Giles[5], in his official capacity as Acting Field Office Director for ICE Los Angeles; Eddy Wang, in his official capacity as Special Agent in Charge for the Los Angeles, Homeland Security Investigations ("HSI"); Tom Homan[6], in his official capacity as Chief Patrol Agent for the El Centro Sector of the U.S. Border Patrol; Jeffrey D. Stalnaker, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil Davis, in his official capacity as Assistant Director in Charge, FBI Los Angeles Field Office; Bilal A. Essayli, in his official capacity as U.S. Attorney for the Central District of California (collectively, "Defendants") respond to the allegations in Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief ("SAC"), Dkt. No. 485, as follows, and deny any allegations that are not explicitly admitted:

## INTRODUCTION[7]

1. Paragraph 1 consists of Plaintiffs' characterization of this action to which no response is required. To the extent a response is required, Defendants admit that federal immigration enforcement operations have occurred in the Los Angeles area. Defendants deny the remaining allegations and Plaintiffs' characterizations therein, including that Defendants are engaging in a pattern and practice of flouting the Constitution and federal law and that Defendants' federal immigration enforcement operations are "raids."

---

[2] Pursuant to FRCP 25(d), David J. Venturella is automatically substituted for Todd Lyons.
[3] Pursuant to FRCP 25(d), Rosario Pete Vasquez is automatically substituted for Michael W. Banks.
[4] Pursuant to FRCP 25(d), Todd Blanche is automatically substituted for Pamela Bondi.
[5] Pursuant to FRCP 25(d), Thomas Giles is automatically substituted for Ernesto Santacruz Jr.
[6] Pursuant to FRCP 25(d), Tom Homan is automatically substituted for Gregory Bovino.
[7] Defendants have included the headings listed in the SAC to assist in reading the pleadings and do not admit the accuracy or appropriateness of the headings.

2. Paragraph 2 consists of Plaintiffs' characterization of this action to which no response is required. To the extent a response is deemed required, Defendants admit that they have engaged in federal immigration enforcement at the locations alleged in paragraph 2 and that some federal agents and officers wore masks during such enforcement operations. Defendants deny the remaining allegations and Plaintiffs' characterizations therein.

3. Paragraph 3 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny all of the allegations contained in this paragraph.

4. Paragraph 4 consists of Plaintiffs' characterization of this action, their legal claims, and legal conclusions, to which no response is required. To the extent a response is required, the cited legal authorities speak for themselves, and Defendants deny all remaining allegations in paragraph 4.

5. Paragraph 5 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Sentence one of paragraph 5 cites a *New York Post* article; sentence two cites a *Washington Post* article; and sentence three cites an *American Psychology Association* article. The Court respectfully is referred to the articles for complete and accurate statements of their contents. Defendants deny all of the remaining allegations in this paragraph.

6. Paragraph 6 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that individuals have been held at a short-term processing center and ICE basement holding area in downtown Los Angeles, known as "B-18". Defendants deny all other remaining allegations in paragraph 6.

7. Paragraph 7 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Sentence two of paragraph 7 cites a *New York Post* article. The Court respectfully is referred to the article for complete and accurate statements of its contents. To the extent a response is deemed required, Defendants admit that federal immigration enforcement is constrained by law. Defendants deny all of the remaining allegations in this paragraph.

8. Paragraph 8 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Sentences 1 of paragraph 8 cites a *Wall Street Journal* article. Sentence 4 of paragraph 8 cites a *New York Times* article. Sentences 2 and 3 reference an X account. The Court respectfully is referred to the articles and account for complete and accurate statements of its contents. To the extent a response is deemed required, Defendants deny the allegations contained in this paragraph.

9. Paragraph 9 consists of Plaintiffs' characterization of this action, their claims, and citations to news articles and press releases, which speak for themselves. To the extent a response is required, Defendants deny the allegations contained in paragraph 9.

10. Paragraph 10 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny all allegations in paragraph 10.

11. Paragraph 11 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Paragraph 11 also consists of Plaintiffs' requested relief, which Defendants oppose and to which no response is required. To the extent a response is deemed required, Defendants deny all allegations in paragraph 11 and deny knowledge or information sufficient to form a belief as to why Plaintiffs brought this action.

## JURISDICTION AND VENUE

12. This is a legal conclusion to which no response is required. Alternatively, to the extent that a response is deemed required, Defendants acknowledge that this Court has found it has jurisdiction in this matter. Defendants filed a motion to dismiss on April 21, 2026 (Dkt. No. 494), and the Court denied that motion on August 11, 2026. (Dkt. No. 658). However, Defendants deny the Court has jurisdiction. Defendants preserve all previously raised challenges to the Court's jurisdiction.

13. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants are entitled to sovereign immunity with respect to Plaintiffs' claims.

14. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants admit that venue is proper.

**PARTIES**

**A. Plaintiffs**

15. Defendants admit that Pedro Vasquez Perdomo was arrested at a bus stop on June 18, 2025, and that he was held at B-18 from June 18, 2025 to June 19, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

16. Defendants admit that Carlos Alexander Osorto was arrested at a bus stop on June 18, 2025, and that he was held at B-18 from June 18, 2025 to June 19, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny those allegations.

17. Defendants admit that Isaac Villages Molina was arrested at a bus stop on June 18, 2025, and that he was held at B-18 from June 18, 2025 to June 19, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

18. Defendants admit on June 18, 2025, Plaintiff Viramontes was questioned by immigration agents at a car wash. Defendants lack knowledge or information sufficient to form a belief as Plaintiff Viramontes' residence or fear as alleged in paragraph 15 and on that basis deny those allegations. As to the remainder of the allegations, Defendants deny them.

19. Defendants admit that Plaintiff Gavidia was questioned by immigration agents outside a tow yard in Los Angeles County on June 12, 2025. Defendants admit that agents had a physical interaction with Plaintiff Gavidia and deny the characterizations of that interaction as alleged. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Gavidia's mental state and on that basis deny those allegations. As to the remainder of the allegations, Defendants deny them.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

**B. Defendants**

24. Defendants admit Kristi Noem was the Secretary of Homeland Security at the time this lawsuit was filed, though respectfully note she is no longer in that position.

25. Defendants admit Todd Lyons was the Acting Director of U.S. Immigration and Customs Enforcement at the time this lawsuit was filed, though respectfully note he is no longer in that position.

26. Defendants admit that Rodney Scott is the Commissioner of CBP and that CBP is an agency within DHS that is responsible for enforcing immigration laws. Defendants deny the allegations that its enforcement responsibility is only at or close to the U.S. border. Defendants admit the Commissioner Scott has direct authority over all CBP policies, procedures, and practices related to stops, arrests, and detentions.

27. Defendants admit Michael W. Banks was Chief of the U.S. Border Patrol at the time this lawsuit was filed, though respectfully note he is no longer in that position.

28. Admit.

29. Defendants admit Pam Bondi was the U.S. Attorney General, though respectfully note she is no longer in that position.

30. Admit.

31. Defendants admit Pam Bondi was the U.S. Attorney General at the time this lawsuit was filed, though respectfully note she is no longer in that position.

32. Defendants admit Gregory Bovino was Chief Patrol Agent for the El Centro Sector of CBP at the time this lawsuit was filed, though respectfully note he is no longer in that position.

33. Admit.

34. Admit.

35. Admit.

## FACTUAL ALLEGATIONS

36. Paragraph 36 consists of Plaintiffs' characterization of this action and a legal conclusion, to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny this allegation. Defendants also deny the remaining allegations in paragraph 36.

**A. Suspicionless Stops Based on Racial Profiling**

37. Paragraph 37 consists of Plaintiffs' characterization of certain legal authorities, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 37 that are contrary to the cited authority's plain meaning and contents.

38. Deny.

39. Paragraph 39 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Sentence 1 of paragraph 39 cites a *LA Times* article. The Court respectfully is referred to the article for complete and accurate statements of its contents. Alternatively, to the extent a response is required, Defendants deny the allegations contained in this paragraph.

40. Deny.

41. To the extent that the allegations in this paragraph recite the contents of news articles, the news articles speak for themselves. Defendants admit that immigration enforcement operations took place in June 2025 in various locations in and around Los Angeles. Unless otherwise admitted, Defendants deny any remaining allegations in paragraph 41.

42. Defendants admit that immigration enforcement operations took place in June 2025 in various locations in and around Los Angeles and that individuals were arrested as a result. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

43. Paragraph 43 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Paragraph 40 cites a news article. The Court respectfully is referred to the article for complete and accurate statements of its contents. To the extent that a response is deemed required, Defendants admit that immigration enforcement operations took place in June 2025 in Ventura County and that those operations resulted in arrests. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

44. These allegations call for legal conclusions to which no response is required. To the extent a response is required to these allegations and as to any remaining allegations that do not call for a legal conclusion, Defendants deny the allegations.

45. Paragraph 45 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Paragraph 45 cites to numerous news articles. The Court respectfully is referred to the articles for complete and accurate statements of their contents. To the extent a response is deemed required, Defendants admit that Homeland Security Investigations ("HSI") conducts enforcement operations, including the execution of search warrants, and when authorized by law, the questioning and arrest of individuals encountered during such operations. Defendants admit enforcement operations have been conducted in different locations within Southern California. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny those allegations.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and on that basis, deny these allegations.

47. Defendants admit immigration enforcement operations took place in June 2025 in Santa Ana. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

48. Paragraph 48 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Sentence 2 of paragraph 48 cites to a news article. The Court respectfully is referred to the article for complete and accurate statements of its contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

49. Paragraph 49 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Paragraph 49 cites to a news article. The Court respectfully is referred to the article for complete and accurate statements of its contents. To the extent that a response is deemed required, Defendants admit to conducting an enforcement operation at the Santa Fe Springs swap meet on June 14, 2025. Defendants lack knowledge or sufficient information to form a belief as to the truth of the remainder of the allegations' characterizations made in this paragraph, and on that basis deny these allegations.

50. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required to these allegations and as to any remaining allegations that do not call for a legal conclusion, Defendants deny the remaining allegations.

51. Paragraph 51 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. Paragraph 51 cites to a news article. The Court respectfully is referred to the article for complete and accurate statements of its contents. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

52. Defendants admit that Andrea Velez was arrested on June 24, 2025, in downtown Los Angeles under 18 U.S.C. § 111 for obstruction of justice. Defendants lack knowledge or information sufficient to

form a belief as to the truth of the remainder of the allegations contained in this paragraph and on that basis deny these allegations.

**B. A Show of Force: Intimidation, Violence, and Anonymity**

53. Paragraph 53 consists of Plaintiffs' characterization of this action, their claims, and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny these allegations.

54. Defendants deny the allegations contained in the first and second sentences in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph including allegations concerning the number of officers present, their appearance, the precise manner of any approach, and the specific events alleged to have occurred at a swap meet in Los Angeles on June 15, 2025, and on that basis deny these allegations.

55. Deny.

56. Deny.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

59. Paragraph 59 consists of Plaintiffs' characterization of a news article, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

60. Paragraph 60 consists of Plaintiffs' characterization of a news article, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

61. Paragraph 61 consists of Plaintiffs' characterization of news articles, which speak for themselves and are the best evidence of their contents, and to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny these allegations.

62. Defendants admit that agents arrested Narcisco Barranco. The remaining allegations in this paragraph are Plaintiffs' characterizations of the incident to which no response is required. To the extent a response is required, the article cited speaks for itself, and Defendants deny the remaining allegations.

63. Paragraph 63 consists of Plaintiffs' characterization of a news article, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

64. Paragraph 64 consists of Plaintiffs' characterization of a social media post, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

65. Paragraph 65 consists of Plaintiffs' characterization of this action, legal conclusion, and a news article—which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in this paragraph.

**C. The Particular Role of Race/Ethnicity**

66. Paragraph 66 consists of legal conclusions and Plaintiffs' characterization of this action and certain legal authorities, which speak for themselves and are the best evidence of their contents, and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph 66, including any allegations that are contrary to the cited authority's plain meaning and contents.

67. Paragraph 67 consists of legal conclusions and Plaintiffs' characterization of certain legal authorities, which speak for themselves and are the best evidence of their contents, and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph 67 that are contrary to the cited authority's plain meaning and contents.

68. Paragraph 68 consists of legal conclusions and Plaintiffs' characterization of this action and certain legal authorities, which speak for themselves and are the best evidence of their contents, and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph 68, including any allegations that are contrary to the cited authority's plain meaning and contents.

69. Paragraph 69 consists of Plaintiffs' characterization of this action, certain legal authorities, and a news article, which speak for themselves and are the best evidence of their contents, and to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and on that basis deny these allegations.

70. Paragraph 70 consists of Plaintiffs' characterization of this action and certain legal authorities, which speak for themselves and are the best evidence of their contents, and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph 70, including any allegations that are contrary to the cited authority's plain meaning and contents.

71. Paragraph 71 consists of legal conclusions and Plaintiffs' characterization of legal authorities, which speak for themselves and to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 71.

72. Defendants admit that Javier Ramirez was arrested. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 72 , and on that basis deny those allegations, except to acknowledge that Plaintiff Gavidia was questioned outside a tow yard.

73. Paragraph 73 consists of Plaintiffs' characterization of social media posts and news articles, which speak for themselves and are the best evidence of their contents, and to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 73.

74. Paragraph 74 consists of legal conclusions and Plaintiffs' characterization of Defendants' actions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

75. Paragraph 75 consists of legal conclusions and Plaintiffs' characterization of Defendants' operations, to which no response is required. To the extent a response is required, Defendants deny the allegations.

76. Defendants deny that they fail to provide sufficient training or oversight to prevent impermissible racial profiling or to safeguard constitutional rights. Defendants admit that ICE training schedules and formats have been updated in accordance with operational requirements and applicable law. Defendants deny any remaining allegations in paragraph 76.

77. Paragraph 77 consists of Plaintiffs' characterization of public reports, news articles, and legal filings, which speak for themselves, and to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 77.

78. Paragraph 78 consists of Plaintiffs' characterization of executive orders, public statements, and news articles, which speak for themselves, and to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 78.

79. Paragraph 79 consists of legal conclusions and Plaintiffs' characterization of social media posts and public statements by officials, which speak for themselves, and to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 79.

80. Paragraph 80 cites reports and articles that speak for themselves, to which no response is required. To the extent a response is required, Defendants admit that ICE and CBP conduct enforcement operations in accordance with federal law and lack knowledge or information sufficient to form a belief as to the statistical assertions in paragraph 80, and on that basis deny them.

81. Paragraph 81 consists of legal conclusions and Plaintiffs' characterization of Defendants' policies, to which no response is required. To the extent a response is required, Defendants deny the allegations.

82. Paragraph 82 consists of Plaintiffs' characterization of statements by government officials and court filings, which speak for themselves, and to which no response is required. To the extent a response is required, Defendants deny the allegations.

83. Paragraph 83 consists of legal conclusions to which no response is required. To the extent a response is required, the cited legal authorities speak for themselves, and Defendants deny the allegations.

84. Paragraph 84 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

85. Paragraph 85 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

86. Paragraph 86 cites public demographic statistics and news reports, which speak for themselves, and to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 86.

87. Paragraph 87 consists of Plaintiffs' characterization of community impacts, news articles, and subjective fears, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Hernandez Viramontes' personal application for or possession of a passport card or quotes from third parties, and on that basis deny those allegations.

89. Paragraph 89 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

90. Paragraph 90 consists of legal conclusions and Plaintiffs' characterization of Defendants' operations, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 90.

**D. Defendants' Unreasonable Manner of Seizures**

91. Paragraph 91 consists of legal conclusions and Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph 91 that are contrary to the cited authority's plain meaning and contents.

92. Defendants deny the allegations of unreasonable force or militarized tactics. As to specific allegations regarding Plaintiff Osorto, Defendants admit that Carlos Alexander Osorto was arrested at a bus stop on June 18, 2025, and that he was held at B-18 from June 18, 2025 to June 19, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations. Defendants deny all remaining allegations in paragraph 92.

93. As to specific allegations in paragraph 93 regarding Plaintiff Gavidia and Andrea Velez, Defendants admit that Andrea Velez was arrested on June 24, 2025, in downtown Los Angeles under 18 U.S.C. § 111 for obstruction of justice. Defendants admit that Plaintiff Gavidia was questioned by immigration agents outside a tow yard in Los Angeles County on June 12, 2025. Defendants admit that agents had a physical interaction with Plaintiff Gavidia and deny the characterizations of that interaction as alleged. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph and on that basis deny these allegations. Defendants deny the remaining allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants deny engaging in unlawful searches, property confiscation, or retention of personal property as a matter of policy or practice. As to Plaintiff Gavidia, Defendants admit his REAL ID was taken, though it has since been returned to Plaintiffs. Defendants deny all remaining allegations in paragraph 95.

96. Paragraph 96 consists of Plaintiffs' characterization of enforcement procedures and legal conclusions, to which no response is required. As to Plaintiff Hernandez Viramontes, Defendants admit

on June 18, 2025, Plaintiff Viramontes was questioned by immigration agents at a car wash. Defendants deny all remaining allegations in paragraph 96.

97. Defendants deny that individuals are held longer than necessary to conduct lawful investigations. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding physical, mental, or emotional harm and on that basis deny them.

98. Paragraph 98 consists of legal conclusions and Plaintiffs' characterization of Defendants' policies, to which no response is required. To the extent a response is required, Defendants deny the allegations.

99. Paragraph 99 consists of legal conclusions and Plaintiffs' characterization of Defendants' policies and operations, to which no response is required. To the extent a response is required, Defendants deny the allegations.

100. Paragraph 100 consists of legal conclusions and Plaintiffs' characterization of case law, which speaks for itself, and to which no response is required. To the extent a response is required, Defendants deny the allegations.

101. Paragraph 101 consists of legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent a response is required, Defendants deny the allegations.

102. Paragraph 102 consists of legal conclusions and Plaintiffs' characterization of legal authorities, to which no response is required. To the extent a response is required, Defendants deny the allegations, including allegations in paragraph 102 that are contrary to the cited authority's plain meaning and contents.

**E. Warrantless Arrests Without and Individualized Determination of Flight Risk**

103. Paragraph 103 consists of Plaintiffs' characterization of certain legal authorities, which speak for themselves and are the best evidence of their contents, and to which no response is required. To the extent a response is required, Defendants deny any allegations in this paragraph that are contrary to the cited authority's plain meaning and contents.

104. Paragraph 104 consists of Plaintiffs' characterization of certain legal authorities, which speak for themselves and are the best evidence of their contents, and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph 104 that are contrary to the cited authority's plain meaning and contents.

105. Deny.

106. Paragraph 106 consists of Plaintiffs' characterization of a news article, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

107. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of this paragraph and on that basis deny those allegations. Defendants admit that Plaintiff Cruz Uitz was arrested without a warrant, but deny such arrest was made without the required analysis for a warrantless arrest. To the extent any allegation is not expressly admitted, Defendants deny the allegations.

108. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

109. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

**F. Arrests Without Identification of Authority or Reason**

110. Paragraph 110 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph 110 that are contrary to the cited authority's plain meaning and content.

111. Deny.

**G. Conditions at B-18 and the Denial of Access to Counsel**

112. Paragraph 112 consists of Plaintiffs' characterization of a news article, which speaks for itself and

is the best evidence of its contents, and to which no response is required. To the extent that a response is deemed required, Defendants deny that the ethos of what James Pendergraph once said is animating Defendants' Los Angeles operations today. Mr. Pendergraph's statements were made in 2008.

113. Paragraph 113 consists of legal conclusions and Plaintiffs' characterization of certain legal authorities, which speak for themselves and are the best evidence of their contents, and to which no response is required. To the extent a response is deemed required, Defendants deny the paragraph in its entirety.

114. Defendants deny engaging in a policy and pattern of unlawful stops and arrests. Defendants admit that they have taken individuals to the federal building at 300 North Los Angeles Street in Los Angeles, commonly referred to as "B-18." Defendants admit that B-18 is a facility for immigrant detainees designed to hold a limited number of individuals temporarily so they can be processed and released, or processed and transported to a long-term detention facility. Defendants admit that B-18 does not have beds, showers, or extensive medical facilities. Except as expressly admitted herein, Defendants deny the allegations in this paragraph.

115. Paragraph 115 cites to *Castellano v. Napolitano*, No. 2:09-CV-02281 (C.D. Cal. Sept. 16, 2009), which speaks for itself, and to which no response is required. To the extent that a response is required, Defendants admit to the Court's findings cited in paragraph 115.

116. Paragraph 116 refers to a settlement agreement reached in *Castellano v. Napolitano*, No. 2:09-CV-02281 (C.D. Cal. Sept. 16, 2009), which speaks for itself, and to which no response is required. To the extent that a response is required, Defendants admit to the settlement agreement's expiration and deny all of the other allegations in paragraph 116.

117. Paragraph 117 consists of Plaintiffs' characterization of their claims, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 117 and on that basis deny these allegations. Defendants deny the remainder of the allegations made in paragraph 117.

118. Defendants admit that B-18 is meant to be a processing center, not a detention facility. Defendants deny that individuals are being held at B-18 for longer than twelve (12) hours, often for days on end. Defendants lack knowledge or sufficient information to form a belief as to Plaintiffs' characterization of how B-18 has been historically used, and Defendants deny Plaintiffs' allegation on how B-18 is currently being used. If an allegation has not been expressly admitted, it is denied.

119. Deny.

120. Deny.

121. The allegations that Defendants' conduct was "unconstitutional" are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny these allegations. Defendants deny the remaining allegations in this paragraph.

122. Defendants admit that on June 6, 2025, large protests took place in downtown Los Angeles, at the Federal Building located at 300 N. Los Angeles St, and at B-18's entrance, and for the safety of all persons in the immediate area and inside both B-18 and the Federal Building, both areas were closed to the public until the protest could be controlled. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations on whether legal representatives from CHIRLA and ImmDef were present at B-18 on June 6, 2025. Defendants deny all other allegations not expressly admitted.

123. Defendants admit that individuals who were previously held at B-18 on June 6, 2025, were transferred to Santa Ana, CA temporarily while large protests continued at the Los Angeles Federal Building and at B-18's entrance on June 7, 2025. Defendants admit DHS law enforcement personnel remained present to protect the building from the large protest gathered. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 123 and on that basis deny these allegations.

124. Defendants admit that individuals held at B-18 were transferred temporarily to Santa Ana holding facility on June 7, 2025, due to the large crowd of protesters gathered near the entrance of B-18 and surrounding the Los Angeles Federal Building. Defendants deny the remainder of the allegations contained in paragraph 124.

125. Defendants admit that individuals who were previously held at B-18 on June 6, 2025, were transferred to another holding facility on June 7, 2025, due to the large crowd of protesters at the Los Angeles Federal Building and B-18 entrance and therefore B-18 was closed to the public. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations whether an ImmDef attorney had arrived at B-18 on June 7, 2025, and on that basis deny these allegations.

126. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and on that basis deny these allegations.

127. Deny.

128. Deny.

129. Deny.

130. Defendants admit that on June 16, 2025, ImmDef attorneys, as well as Congressman Jimmy Gomez, arrived at B-18, but lack knowledge or information sufficient to form a belief as to the truth of the allegations on what time they had arrived and on that basis deny these allegations. Defendants admit that during the months of June and July 2025, due to the multiple protests at the Los Angeles Federal Building, B-18 was closed to the public on several occasions during this period, and individuals held at B-18 were sometimes moved from B-18 to Santa Ana holding facility temporarily due to such protests.

131. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 131 and on that basis deny these allegations.

132. Deny.

133. Defendants deny that B-18 is used as a makeshift, long-term detention center for hundreds of individuals and that it has and continues to cause significant, ongoing harm. Defendants deny that they have intentionally restricted detainees' access to those who may be able to intervene on their behalf at a critical time when they are likely to face imminent government action in their case. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 133 and on that basis deny these allegations.

134. The allegations in the first sentence of paragraph 134 contain legal conclusions to which no response is required. Defendants deny the remaining allegations in this paragraph.

135. The allegation that Defendants have committed "legal violations" is a legal conclusion to which no response is required. Defendants deny the remaining allegations in this paragraph.

**H. Defendants' Pattern of Illegal Conduct is Officially-Sanctioned**

136. Deny.

137. To the extent that the allegations in this paragraph cite the contents of news articles, the news articles speak for themselves, and no response is required. To the extent a response is required, Defendants deny all allegations.

138. Defendants deny that there is a quota for immigration arrests. Defendants admit that the administration has granted immigration enforcement powers to agencies outside of DHS. Defendants deny any other allegations in this paragraph.

139. The allegations in this paragraph reference news articles and Defendants' official guidance or policies. The articles, guidance, and policies speak for themselves, and no response is required. To the extent that a response is required, Defendants deny the allegations.

140. This paragraph cites news articles which speak for themselves, and no response is required. Defendants admit that ICE investigates and conducts targeted enforcement operations on individuals present in the United States in violation of U.S. immigration laws. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and Plaintiffs' characterizations of ICE's enforcement processes made in paragraph 140. On that basis, Defendants deny these allegations.

141. To the extent that the allegations in this paragraph cite the contents of news articles, the news articles speak for themselves, and no response is required. To the extent a response is required, Defendants deny that the administration has set an arrest quota of 3,000 arrests per day. Defendants deny all remaining allegations.

142. Deny.

**I. Defendant Agencies Have a History of Unconstitutional and Unlawful Conduct**

143. This paragraph cites news articles which speak for themselves, and no response is required. Defendants admit that the Los Angeles area immigration enforcement operations have involved ICE ERO, ICE HSI, and U.S. Border Patrol—as well as Department of Justice ("DOJ") law enforcement agencies, including the FBI, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and the Drug Enforcement Administration ("DEA"). Defendants deny that a number of these agencies have a history of engaging in unconstitutional and unlawful stops and arrests. Defendants deny any other allegations that are not expressly admitted.

144. The allegations in this paragraph call for a legal conclusion and cite legal opinions to which no response is required. To the extent that a response is required, Defendants deny the allegations.

145. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and as to the legal opinions cited in this paragraph, those opinions speak for themselves. Defendants also deny all remaining allegations in the paragraph.

146. Defendants admit that ICE conducts enforcement operations within the United States to investigate, to encounter, to arrest, to detain, and to enforce U.S. immigration laws against violators present therein. Defendants admit that ICE assists in facilitating the removal process of those who have been ordered removed by an immigration judge. Defendants deny that ICE as an agency has been found to violate the Fourth Amendment, statutory, and regulatory rights of individuals it encounters in the field. Defendants deny any other allegation not expressly admitted.

147. This paragraph cites case law which speaks for itself and contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

148. This paragraph cites news articles and case law which speak for themselves and calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

149. This paragraph contains a legal conclusion, legal authorities, and public reports to which no response is required. The case law and public reports speak for themselves. To the extent a response is deemed required, Defendants deny any allegations.

150. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the paragraph.

**J. Experiences of Individual Plaintiffs**

*Plaintiff Pedro Vasquez Perdomo*

151. Defendants admit that Plaintiff Pedro Vasquez Perdomo was present at a bus stop in Pasadena, California near a Winchell's Donuts. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny these allegations.

152. Deny.

153. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and on that basis deny these allegations.

154. This is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegation.

155. Defendants admit that Plaintiff Perdomo was questioned by law enforcement for his identification.

156. Defendants admit that the arrest of Plaintiff Perdomo was not made with an administrative warrant.

157. Deny.

158. Defendants lack knowledge or information sufficient to form a belief as to the truth to the allegations about Plaintiff Perdomo's residence and on that basis deny those allegations. Defendants deny the remaining allegations made in paragraph 158.

159. Deny.

160. Defendants admit that they transported Plaintiff Perdomo to B-18 holding facility located at 300 North Los Angeles St. Defendants deny the remaining allegations made in paragraph 160.

161. Admit.

162. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny those allegations.

163. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny those allegations.

*Petitioner-Plaintiff Carlos Alexander Osorto*

164. Defendants admit that Plaintiff Carlos Alexander Osorto was at a bus stop in Pasadena, CA on June 18, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 164 and on that basis deny those allegations.

165. Defendants deny that agents used a weapon against Plaintiff Osorto. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny those allegations.

166. Defendants admit that on June 18, 2025, Plaintiff Osorto was arrested, detained, and transported to B-18.

167. This is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegation.

168. Deny.

169. Defendants admit that the arrest of Plaintiff Osorto was not made with an administrative warrant.

170. Deny.

171. Defendants lack knowledge or information sufficient to form a belief as to the truth as to the allegations that Plaintiff Osorto had lived in Pasadena for more than a decade and has seven (7) U.S. citizen grandchildren and on that basis deny those allegations. Defendants deny the remaining allegations made in paragraph 171.

172. Deny.

173. Defendants admit that Plaintiff Osorto was detained and transferred to B-18 holding facility located at 300 North Los Angeles St. Defendants admit that Plaintiff Osorto was transferred to Adelanto

Processing Center and released on August 5, 2025. Defendants deny the remaining allegations in this paragraph.

174. Admit.

175. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny those allegations.

176. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny those allegations

*Petitioner-Plaintiff Isaac Antonio Villegas Molina*

177. Defendants admit that Plaintiff Isaac Antonio Villegas Molina was at a bus stop in Pasadena, CA on June 18, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

178. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny those allegations.

179. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny those allegations.

180. This is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegation.

181. Defendants admit that the arrest of Plaintiff Villegas Molina was not made with an administrative warrant.

182. Defendants deny the allegations made in paragraph 182.

183. Defendants deny the allegations made in paragraph 183. Defendants lack knowledge or information sufficient to form a belief as to the truth to the remaining the allegations in this paragraph and on that basis deny those allegations.

184. Deny.

185. Defendants admit Plaintiff Villegas Molina was detained, transported, and then held at the Los Angeles Federal Building in B-18. Defendants lack knowledge or sufficient information to form a belief

as to the truth that Plaintiff Molina had slept on the floor. Defendants admit that Plaintiff Molina has since been released from Adelanto Processing Center on July 8, 2025.

186. Admit.

187. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny those allegations.

*Plaintiff Jorge Hernandez Viramontes*

188. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

189. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and on that basis deny these allegations. Defendants admit they did not show a warrant to Plaintiff Viramontes on June 18, 2025. Defendants deny the remaining allegations contained in this paragraph.

190. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

191. Defendants admit that Plaintiff Viramontes said he was a dual citizen. Defendants deny the remaining allegations contained in this paragraph.

192. Defendants admit that Plaintiff Viramontes was put in a vehicle and transported to another location. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny these allegations.

193. Defendants admit that they brought Plaintiff Viramontes back to the car wash. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny these allegations.

194. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny these allegations.

195. Defendants admit that agents went to this carwash again after their interaction with Plaintiff Viramontes. Defendants deny the remaining allegations in this paragraph.

196. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

*Plaintiff Jason Brian Gavidia*

197. Defendants admit to being at a tow yard in Los Angeles County on June 12, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Gavidia's citizenship and on that basis deny these allegations. Defendants deny remaining allegations in this paragraph.

198. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

199. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

200. Defendants admit the agent was masked. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny these allegations.

201. Defendants admit that Plaintiff Gavidia told agents that he was an American multiple times. Defendants admit that an agent asked Plaintiff Gavidia what hospital he was born in. Defendants admit that Plaintiff said he did not know. Defendants admit they took his phone from his hand. Defendants deny the remaining allegations in the paragraph.

202. Defendants admit Plaintiff Gavidia told them he was an American and that the agents were hurting him. Defendants admit that the agent asked Plaintiff Gavidia what hospital he was born in. Defendants admit that Plaintiff Gavidia told agents he did not know what hospital he was born in, but that he was born in East L.A. Defendants admit Plaintiff Gavidia offered to show agents his identification. Defendants admit they did not ask to see Plaintiff Gavidia's identification. Defendants deny the remaining allegations in this paragraph.

203. Defendants admit Plaintiff Gavidia showed his identification to the agents and that one of them took possession of it. Defendants deny it took Plaintiff Gavidia 20 minutes to get his phone back. Defendants admit they did not return Plaintiff Gavidia's identification that day.

204. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

**K. Harms to Organizational Plaintiffs and/or Their Members**

205. The first two sentences of this paragraph call for legal conclusions to which Defendants need not respond. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the harm caused to individuals and communities, and the effects. To the extent that the allegations in paragraph 205 rely on the contents of a news article, the article speaks for itself and no response is required. Defendants deny any remaining allegations in this paragraph.

206. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny these allegations.

***Plaintiff Los Angeles Worker Center Network (LAWCN)***

207. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

208. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

209. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

210. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

211. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

212. Defendants admit that they have conducted immigration enforcement at carwashes. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny those allegations.

213. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and on that basis deny those allegations. The second sentence of this paragraph calls for a legal conclusion to which no response is required. To the extent to which a response is required Defendants deny the allegations.

214. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

***Plaintiff United Farm Workers (UFW)***

215. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

216. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

217. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

218. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

219. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations call for a legal conclusion to which no response is required, and on that basis deny those allegations.

220. Defendants admit that UFW has a lawsuit against DHS and Border Patrol, filed on February 26, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

221. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations. The allegation that

Defendants' practices are "unlawful" is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation.

***Plaintiff the Coalition for Humane Immigrant Rights (CHIRLA)***

222. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

223. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

224. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

225. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

226. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

227. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

228. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

229. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

230. Defendants admit that CHIRLA's attorneys and representatives have been permitted access to and have been able to communicate with individuals at B-18. Defendants admit that at times between June 2025 and July 2025 due to large protests taking place at the Los Angeles Federal Building and at B-18's entrance, that the B-18 was closed to visitation. Defendants deny the remaining allegations made in paragraph 230.

***Plaintiff Immigrant Defenders Law Center (ImmDef)***

231. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

232. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

233. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

234. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

**L. Defendants' Illegal Conduct Will Continue if Not Enjoined**

235. The allegation that Defendants' stops, arrests, and detentions are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation. The allegation that Defendants' policies and practices are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

236. The allegation that Defendants' immigration enforcement operations are "unlawful" is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

237. To the extent the allegations in this paragraph restate the contents of news articles, the news articles speak for themselves. As to any remaining allegations, Defendants deny these allegations.

238. The allegations in this paragraph are legal conclusions to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegations.

## CLASS ACTION ALLEGATIONS

239. Paragraph 239 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class

certification. *See* Defendants' August 25, 2026, Opposition to Class Certification ("OCC"), Dkt. No. To Be Determined. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

**The Suspicionless Stop Class**

240. Paragraph 240 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

241. *Numerosity*. Paragraph 241 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification. Defendants admit they have arrested more than 1,500 people within the Central District of California as part of Operation at Large Los Angeles since June 6, 2025.

242. *Common Question of Law and Fact.* Paragraph 242 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

**The Discriminatory Treatment Class**

243. Paragraph 243 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class

certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

244. *Numerosity.* Paragraph 244 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

245. *Common Question of Law and Fact.* Paragraph 245 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

*The Unreasonable Manner of Seizure Class*

246. Paragraph 246 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

247. *Numerosity.* Paragraph 247 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification. Defendants admit they have arrested more than 1,500 people within the Central District of California as part of Operation at Large Los Angeles since June 6, 2025.

248. *Common Question of Law and Fact.* Paragraph 248 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

*The Warrantless Arrest Class*

249. Paragraph 249 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

250. *Numerosity.* Paragraph 250 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification. Defendants admit they have arrested more than 1,500 people within the Central District of California as part of Operation at Large Los Angeles since June 6, 2025.

251. *Common Question of Law and Fact.* Paragraph 251 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

**The Failure to Identify Class**

252. Paragraph 252 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required,

Defendants maintain that this case is not appropriate as a class action and will oppose any requested certification of such a class. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

253. Paragraph 253 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action and will oppose any requested certification of such a class. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification. Defendants admit they have arrested more than 1,500 people within the Central District of California as part of Operation at Large Los Angeles since June 6, 2025.

254. Paragraph 254 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action and will oppose any requested certification of such a class. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

***Allegations Common to All Classes***

255. Paragraph 255 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

256. Paragraph 256 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

257. Paragraph 257 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

258. Paragraph 258 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

259. Paragraph 259 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

260. Paragraph 260 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

261. Paragraph 261 consists of characterizations of this action, legal conclusions, and claims for relief, which Defendants oppose, and to which no response is required. To the extent one is deemed required, Defendants maintain that this case is not appropriate as a class action as asserted in its opposition to class certification. *See* OCC. Alternatively, to the extent a response is deemed required, Defendants deny that Plaintiffs have met the requirements for class certification.

**CAUSES OF ACTION**

**COUNT ONE**

**Violation of Fourth Amendment:**

**Suspicionless Seizures**

**On Behalf of the Stop/Arrest Plaintiffs and the Suspicionless Stop Class**

**Against All Defendants**

262. Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs 1-261 as if fully set forth herein.

263. Paragraph 263 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 263 that are contrary to the cited authority's plain meaning and contents.

264. Paragraph 264 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 264 that are contrary to the cited authority's plain meaning and contents.

265. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

266. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

267. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

**COUNT TWO**

**Violation of 8 U.S.C. § 1357(a)(2)**

**Warrantless Arrests Without Probable Cause of Flight Risk**

**On Behalf of Plaintiffs LAWCN, UFW, CHIRLA,**

**and the Warrantless Arrest Class**

**Against All Defendants**

268. Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs as if fully set forth herein.

269. Paragraph 269 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 269 that are contrary to the cited authority's plain meaning and contents.

270. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

271. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

272. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

**COUNT THREE**

**Violation of 8 C.F.R. § 287.8(c)(2)(ii)**

**Standards for Stops and Warrantless Arrests**

**On Behalf of Plaintiffs LAWCN, UFW, CHIRLA, and the Warrantless Arrest Class**

**Against All Defendants**

273. Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs as if fully set forth herein.

274. Paragraph 274 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 274 that are contrary to the cited authority's plain meaning and contents.

275. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

276. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

## COUNT FOUR

***Violation of 8 C.F.R. § 287.8(c)(2)(iii)***

***Failure to Identify Authority and Reason for Arrest***

***On Behalf of Plaintiffs LAWCN, UFW, CHIRLA***

***Against All Defendants***

277. Insofar as Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here, Defendants incorporate the responses in the paragraphs above as though fully set forth here.

278. Paragraph 278 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 278 that are contrary to the cited authority's plain meaning and contents.

279. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

280. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

**COUNT FIVE**

***Violation of the Fifth Amendment:***

***Access to Counsel***

***On Behalf of the Access/Conditions Plaintiffs***

***Against Defendants Noem, Lyons, and Rios.***

281. Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs as if fully set forth herein.

282. Paragraph 282 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 282 that are contrary to the cited authority's plain meaning and contents. Moreover, Defendants deny that they have a policy, pattern, and practice of turning away attorneys at the door of B-18. Defendants also deny that they have a policy, pattern, and practice of depriving detainees of access to confidential legal consultations by phone. Additionally, Defendants deny that detainees are forced to interact with federal immigration officials without the benefit of legal advice even though it is readily available. Any other allegation that has not been expressly admitted is denied.

283. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

**COUNT SIX**

***Violation of 8 U.S.C. § 1362***

***Access to Counsel***

***On Behalf of the Access/Conditions Plaintiffs***

***Against Defendants Noem, Lyons, and Rios.***

284. Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs as if fully set forth herein.

285. Paragraph 285 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 238 that are contrary to the cited authority's plain meaning and contents.

286. Paragraph 286 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 286 that are contrary to the cited authority's plain meaning and contents.

287. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

288. This is a legal conclusion to which no response is required. Alternatively, to the extent a response is deemed required, Defendants deny the allegation.

**COUNT SEVEN**

***Violation of the Fifth Amendment:***

***Conditions of Confinement***

***On Behalf of the Access/Conditions Plaintiffs***

***Against Defendants Noem, Lyons, and Rios.***

289. Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs as if fully set forth herein.

290. Paragraph 290 consists of Plainitiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a

response is required, Defendants deny any assumed allegations in paragraph 290 that are contrary to the cited authority's plain meaning and contents.

291. Deny.

**COUNT EIGHT**

***Violation of Fifth Amendment:***

***Due Process***

***On Behalf of the Stop/Arrest Plaintiffs and the Discriminatory Treatment Class***

***Against All Defendants.***

292. Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs as if fully set forth herein.

293. Paragraph 293 consists of Plaintiffs' characterization of a certain legal authority, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny any assumed allegations in paragraph 293 that are contrary to the cited authority's plain meaning and contents.

294. Paragraph 294 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny those allegations.

295. Paragraph 295 is a legal conclusion and consists of Plaintiffs' characterization of this action to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph.

296. Paragraph 296 is a legal conclusion to which no response is required, and consists of Plaintiffs' characterization of this action and legal authorities, which speak for themselves and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph.

297. Paragraph 297 is a legal conclusion and consists of Plaintiffs' characterization of this action to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph.

298. Paragraph 298 is a legal conclusion and consists of Plaintiffs' characterization of this action to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph.

299. Paragraph 299 is a legal conclusion and consists of Plaintiffs' characterization of this action to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph.

## COUNT NINE

***Violation of Fourth Amendment:***

***Unreasonable Manner of Seizure***

***On Behalf of the Stop/Arrest Plaintiffs and the Unreasonable Manner of Seizure Class***

***Against All Defendants***

300. Insofar as Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein, Defendants also repeat, re-respond, and incorporate by reference each and every response in the preceding paragraphs as if fully set forth herein.

301. Paragraph 301 consists of Plaintiffs' characterization of a legal authority, which speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph.

302. Paragraph 302 is a legal conclusion to which no response is required, and consists of Plaintiffs' characterization of this action and legal authorities, which speak for themselves and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph.

303. Paragraph 303 is a legal conclusion to which no response is required, and consists of Plaintiffs' characterization of this action and legal authorities, which speak for themselves and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph.

304. Paragraph 304 is a legal conclusion to which no response is required, and consists of Plaintiffs' characterization of this action and legal authorities, which speak for themselves and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph.

305. Paragraph 305 is a legal conclusion to which no response is required, and consists of Plaintiffs' characterization of this action and legal authorities, which speak for themselves and to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph.

306. Paragraph 306 is a legal conclusion and consists of Plaintiffs' characterization of this action to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph.

307. Paragraph 307 is a legal conclusion and consists of Plaintiffs' characterization of this action to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph.

**PRAYER FOR RELIEF**

1. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

2. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

3. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

4. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

5. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

6. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

7. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

8. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

9. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

10. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

11. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

12. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

13. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

14. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

15. This paragraph constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

## AFFIRMATIVE DEFENSES

Any allegations to which a response is deemed necessary, and which have not been admitted, denied, or otherwise responded to herein, are hereby denied. All actions taken by Defendants were grounded in good faith and are not in violation of any federal law or the United States Constitution. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this SAC become known to Defendants through the course of this litigation. Without waiver of their Answer and without conceding any issues regarding burden of proof, Defendants assert the following affirmative defenses:

1. Plaintiffs are not entitled to relief, attorneys' fees, costs of suit, or damages whatsoever.
2. Plaintiffs lack standing to seek the relief requested in the SAC.
3. Plaintiffs are barred from bringing any claims over which the Court lacks subject matter jurisdiction.
4. The SAC fails to state a claim upon which relief may be granted against Defendants.
5. The challenged agency decision was not arbitrary, capricious, in excess of statutory jurisdiction, authority, or limitations, or without observance of procedure required by law.
6. Under the Administrative Procedure Act, 5 U.S.C. § 501 et seq. ("APA"), judicial review of a final agency decision is limited to the administrative record of the proceedings below.

7. The actions alleged to have been taken by Defendants are not "final agency actions" within the meaning of the APA, and, thus, this Court lacks subject matter jurisdiction to review the alleged actions.

8. The Government of the United States has broad undoubted power over the subject of immigration and the status of alien." *See* ECF No. 236 citing *Arizona*, 567 U.S. at 394.

9. Plaintiffs' claims are moot.

11. Plaintiffs' claims are barred to the extent they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.

12. Plaintiffs are not entitled to declaratory relief, injunctive relief, attorneys' fees, costs of suit, or any damages whatsoever.

13. Plaintiffs cannot demonstrate the existence of a reasonable likelihood of success on the merits.

14. Plaintiffs cannot demonstrate the existence of irreparable harm in the absence of injunctive relief.

15. Plaintiffs have not demonstrated that the balance of equities or the public interest favor permanent injunctive relief.

**DEFENDANTS' REQUEST FOR RELIEF**

WHEREFORE, Defendants, having fully answered Plaintiffs' SAC, respectfully pray for judgment denying each and every prayer for relief, dismissing the action, granting Defendants' their costs, and granting such other and further relief as this Court deems just and proper.

Dated: August 25, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
DANIEL F. MUMMOLO
Counsel to the Assistant Attorney General

*/s/ Jonathan A. Robbins*
JONATHAN A. ROBBINS
Assistant Director
Tel: (202) 305-8275
Email: Jonathan.A.Robbins@usdoj.gov

ANIELLO DESIMONE
JACOB A. BASHYROV
JASON K. ZUBATA
NANCY N. SAFAVI
Trial Attorneys
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2026, I served DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. NO. 485] on all counsel of record by means of the Court's CM/ECF electronic filing system.

*/s/ Jonathan Robbins*
Jonathan Robbins
Assistant Director
Office of Immigration Litigation
Department of Justice
(202) 305-8275
Jonathan.A.Robbins@usdoj.gov
*Counsel for Defendants*