UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

| | |
|---|---|
| Pedro VASQUEZ PERDOMO, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, Secretary of Department of Homeland Security, *et al.*,<br><br>*Defendants* | No. 2:25-cv-05605-MEMF-SP<br><br>**Declaration of E[redacted] B[redacted]** |

**DECLARATION OF E[redacted] B[redacted]**

I, E[redacted] B[redacted], pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am employed by the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) Los Angeles as the Acting Special Agent in Charge. My responsibilities include overseeing HSI criminal investigations and enforcement and support activities conducted in Los Angeles, Orange, Riverside, San Bernardino, Ventura, Santa Barbara, and San Luis Obispo Counties and the State of Nevada. During criminal investigations, pursuant to judicially authorized warrants and/or consent, HSI special agents seize digital evidence that require technical extraction by which specially trained HSI Los Angeles personnel forensically collect, preserve, and produce digital data from mobile devices, including, but not limited to, media, documents, and text messages. I make the following statements based upon information furnished to me in the course of my official duties.

If called as a witness, I could and would testify thereto.

2. I read and understand the Court's January 16, 2026, order, Dkt. 370, and the Court's August 14, 2026, order, Dkt. 668. I submit this declaration to describe, at a high level, the process and coordination required to collect each officer's cell phone and the software technology used to extract, organize, and create reports from the data. .

3. On June 17, 2026, the Office of the Principal Legal Advisor (OPLA) requested that HSI Los Angeles re-process the forensically imaged phones. In response to Plaintiffs' June 17th deficiencies letter relating to the Government's alleged non-compliance with the Court's January 16, 2026, order, Dkt. 370. ICE found a technical solution to produce the responsive data that would be in their requested format.

4. ICE searched iOS messaging and third-party apps, where applicable, such as Signal, WhatsApp, and Zello, if applicable, by custodian names with a date range from June 5, 2025, to September 4, 2025, from the 22 identified law enforcement personnel in accordance with Plaintiffs' request.

5. Final results were produced in Relativity Short Message Format (RSMF).

6. HSI used two forensic tools for extracting data and developing reports based on the extraction: (1) Magnet Forensics Graykey ("Graykey"), which was used to forensically extract the data from each cell phone, and (2) Cellebrite Inseyets Physical Analyzer ("Inseyets"), which was used to process, search, and produce reports from the extracted data. The original extractions created in January and February 2026 were used. Note that analysts did not re-extract the data from the phones with GrayKey.

7. The extracted cell phone data is then processed with Inseyets. Inseyets is a widely recognized forensics software application used for the analysis of data acquired from digital devices, including cell phones. Analysts then created an Inseyets Reader report

that limited the data to a date range of June 7, 2025, to September 4, 2025, for each phone extraction. When an Inseyets Reader report is generated, it creates a "UFDR" file with a ".ufdr" file extension. After the report is in UFDF format, the data can be converted into Relativity Short Message Format (RSMF). These files were provided to OPLA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day August 2026.

E[redacted]
B[redacted]

Digitally signed by E[redacted] B[redacted]
Date: 2026.08.28 10:17:07 -07'00'

E[redacted] B[redacted]
Acting Special Agent in Charge
Homeland Security Investigations (HSI) Los Angeles
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security