BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
DANIEL F. MUMMOLO
Counsel to the Assistant Attorney General
AUGUST E. FLENTJE
Deputy Director
JONATHAN A. ROBBINS
Assistant Director
JASON K. ZUBATA
ANIELLO DESIMONE
JACOB A. BASHYROV
NANCY N. SAFAVI
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-8275
Email: Jonathan.A.Robbins@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PEDRO VASQUEZ PERDOMO; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; *et al.*,<br><br>Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>**DEFENDANTS' REQUEST TO PAUSE DAILY SANCTIONS AND HOLD RULING ON ATTORNEYS' FEES**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge |

Defendants respectfully request the Court pause its July 28, 2026 Order imposing daily sanctions in connection with the collection of personal phones because it has completed the forensic imaging of the personal devices specified in the Order to the extent agents consented to such imaging. Further, to the extent Defendants have obtained consent to image additional personal phones since the Court's Order, Defendants are complying with the Order to image such personal phones. The government also requests that the Court hold off on ruling on the related fee dispute pending the completion of fee litigation before the Magistrate Judge in a separate dispute over attorneys' fees.

**STATEMENT**

**1.** On July 28, 2026 this Court issued a ruling imposing a sanction on the government of "five hundred dollars per day until it complies with the Magistrate Judge's Order" regarding personal phone collection and production. Order (ECF 635) at 2. The Court also ordered the government to reimburse plaintiffs for related attorneys' fees. *Id*.

This Court explained that civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." Order at 6. Under precedent, if a party is able to "'demonstrate why they were unable to comply'" with an order to avoid contempt sanction. *Id*. (quoting *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)).

This that point, this Court explained that if Defendants could show "an inability to comply," contempt would not be appropriate. *Id.* at 10. And in holding the government in contempt, the Court focused on the fact that "[e]ighty-eight agents have now consented to imaging of their personal phones, meaning that imaging those phones would have no Fourth Amendment implications and are within the Defendants' legal right to obtain." *Id*. at 11. This Court remanded "back to the Magistrate Judge for her to consider" along with the issue of what to do when the government lacked a "legal right to obtain" personal property for circumstances where agents did not consent to the forensic imaging of their personal devices. *Id*. at 10. This Court ultimately imposed a contempt sanction of $500 per day as the "'least coercive sanction . . . reasonably calculated to win compliance.'" *Id*. at 13 (quoting *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980)). The Court explained that "the Government's pending objections do not apply" with respect to agents who consented to imaging of their personal phones

because those phones were not beyond government control as being litigated before the Magistrate. *Id.* at 14. Thus, "[s]hould the Government believe that it has fully complied aside from its pending objections concerning possession, custody, and control, it may file a request to have the payments pause." *Id.*

The Court also awarded attorneys fees, and the parties have filed briefs addressing the amount of fees. ECF 672. In an unrelated order regarding separate discovery sanctions, the Magistrate Judge has also ordered the payment of attorneys fees, and the parties have been instructed to meet and confer regarding the amount of fees and to report to the Court by September 4, 2026. *See* ECF 668 at 13.

**2.** As this Court explained, the government endeavored to image personal phones of CBP agents by first conducting a questionnaire among agents who may have been at one of the operations in Los Angeles. The questionnaire was issued on May 4, 2026 and, as of May 26, 2026 "1,253 CBP agents who completed questionnaires, 885 indicated that they use their personal phones for work and 88 indicated that they would consent to the forensic imaging of their personal phones." Order at 4-5; *see* Ex. 1, H.B. Decl. ¶ 6.

The government discussed the complications of obtaining personal phones at the hearing that required time to sort out, Order at 9 n.4, and took further steps to forensically image the phones in early July. On July 2, 2026, "the 88 employees who indicated a willingness to provide consent [in the online questionnaire] were asked to sign consent forms for their personal phones as the next step in the process of obtaining temporary custody of the phones for forensic imaging." H.B. Decl. ¶ 7. Of the 88, "83 decided not to provide consent" on the signed consent form. *Id.* ¶ 8. As the H.B. declaration explains, "not all employees provided a reason for not providing their consent, but a few provided reasons" that "include, but are not limited to, not understanding from the Questionnaire that their entire personal phone would be forensically imaged, thinking they were consenting for their government phone and not personal phone, and accidentally clicking 'yes' in the Questionnaire." *Id.* Of the five agents who signed consent forms, all "those phones have been imaged as of August 13, 2026." *Id.* ¶ 9.

The H.B. declaration also explains that additional questionnaire responses have been received since the latest update. As of August 28, "approximately 1,349 employees answered the Questionnaire." *Id.* ¶ 12. The computer responses to the questionnaire are reflected in the attachment to the H.B.

declaration. Importantly, "approximately 7 additional people have provided a willingness to have their personal phones imaged" since the prior update. *Id.* ¶ 14. Those employees have now been asked to sign consent forms. *Id.* Some employees have still not answered the questionnaire, and CBP continues to follow up with those employees. *Id.* ¶ 15.

The questionnaire also encouraged agents to upload government records from their personal devices. Question 46 stated that "you must export any and all information concerning your official duties and government operations from your personal phone or any other personal device used to your official CBP e-mail." H.B. Decl., attachment at 12. The questionnaire asked agents to indicate that they "have provided the government records to my official CBP email." *Id.* Of the respondents, "736 . . . answered 'yes.'" H.B. Decl. ¶ 13.

**ARGUMENT**

This Court should pause the $500 per day sanction order. This Court's order focuses on the imaging of phones where agents have consented. As explained, only five agents of the original 88 agreed to sign consent forms, and those agent phones have all now been imaged as of August 13, 2026. H.B. Decl. ¶ 9. This Court explained that "[s]hould the Government believe that it has fully complied aside from its pending objections concerning possession, custody, and control, it may file a request to have the payments pause." Order at 13. The government has now complied with respect to all phones where consent has been obtained.

As explained, efforts to obtain completed questionnaires have resulted in an additional seven agents indicating that personal phones could be imaged. Now that there is a process for providing consent forms and imaging, Defendants anticipate additional phones will be imaged more promptly than before. But these new questionnaire responses do not justify retaining the $500/day sanction. The government is willing to file periodic updates with the Court regarding the imaging of any additional personal phones. Additionally, now that the five phones have been imaged, they have been added to the normal discovery queue, which involves production from hundreds of CBP government phones. The government is willing to meet and confer with Plaintiffs regarding prioritization of the imaged personal phones.

This Court ordered the payment of attorneys' fees and the parties submitted a statement on the amount of fees. ECF 672. In the meantime, the Magistrate Judge has issued an order requiring the payment of fees with a meet and confer deadline of September 4, 2026. *See* ECF 668. We request that this Court hold off resolving the fee issue until after the Magistrate Judge addresses fees in connection with that dispute. Such a process may facilitate resolution of the fee dispute, and will provide the Magistrate Judge's views on overlapping fee issues which may save the Court time if it looks at both fee requests together.

**CONCLUSION**

For the reasons explained above, Defendants request the Court pause the $500/day sanction relating to personal phone imaging and hold resolution of the fee dispute.

Dated: August 31, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

TIBERIUS DAVIS
DANIEL F. MUMMOLO
Counsel to the Assistant Attorney General

*/s/ August E. Flentje*
AUGUST E. FLENTJE
Deputy Director
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-3309
Email: August.Flentje@usdoj.gov

JONATHAN A. ROBBINS
Assistant Director

JASON K. ZUBATA
ANIELLO DESIMONE
JACOB A. BASHYROV
LAURIE WIESNER
NANCY N. SAFAVI
Trial Attorneys

*Counsel for Defendants*