BRETT A. SHUMATE
Assistant Attorney General, Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
DANIEL F. MUMMOLO
Counsel to the Assistant Attorney General
AUGUST FLENTJE
Deputy Director
JONATHAN A. ROBBINS
Assistant Director
ANIELLO DESIMONE
JACOB A. BASHYROV
STEPHANIE L. GROFF
LAURIE WIESNER
Trial Attorneys
JASON K. ZUBATA
Trial Attorney
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4143
Email: Jason.k.zubata@usdoj.gov
*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

PEDRO VASQUEZ PERDOMO, *et al.*,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,

Defendants.

No. 2:25-cv-05605-MEMF-SP

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Hon. Maame Ewusi-Mensah Frimpong
United States District Judge

Defendants advise the Court of a recent decision of the U.S. Court of Appeals for the Ninth Circuit that is directly relevant to Plaintiffs' motions for preliminary injunction ("PI Motion") as to their stop and arrest claims, ECF Nos. 529, 632. Defendants have already filed their opposition to both Motions. The Court heard argument on Plaintiffs' arrest PI Motion on August 13, 2026, and the Court is expected to hear argument on Plaintiffs' stop PI Motion on September 24, 2026.

On August 24, 2026, the Ninth Circuit lifted and remanded an order granting a preliminary injunction in *United Farmworkers of America v. Mullin*, holding that the district court had considered only the plaintiffs' allegations of past harm, which "does not, on its own, establish standing to seek prospective relief." No. 25-4047, 2026 U.S. App. LEXIS 25727, at *7 (9th Cir. Aug. 24, 2026). Similarly decided in the preliminary-injunction posture, the Ninth Circuit's reasoning applies with equal force here and reinforces a core jurisdictional defect in Plaintiffs' claims. Defendants have repeatedly argued that Plaintiffs' purported past exposure to alleged illegal conduct does not create standing for prospective injunctive relief. Plaintiffs have never shown that immigration officers would stop any Plaintiff again, let alone based on a purely discriminatory basis. ECF No. 678 at 1, 7-16. Nor have Plaintiffs shown that an immigration officer would subject any of them to a future warrantless arrest without probable cause of illegal presence and likely escape. ECF No. 582 at 4-8

The Ninth Circuit's decision confirms that Plaintiffs lack Article III standing. Therefore, the Court should deny both of Plaintiffs' PI Motions.

Dated: September 1, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

TIBERIUS DAVIS
DANIEL F. MUMMOLO
Counsel to the Assistant Attorney General

AUGUST FLENTJE
Deputy Director

JONATHAN A. ROBBINS
Assistant Director

ANIELLO DESIMONE
JACOB A. BASHYROV
STEPHANIE L. GROFF
NANCY N. SAFAVI
LAURIE WIESNER
Trial Attorneys

*/s/ Jason K. Zubata*
JASON K. ZUBATA
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4143
Email: Jason.K.Zubata@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2026, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Central District of California using the CM/ECF system, which provided notification of such filing to all registered CM/ECF users.

Dated: September 1, 2026

Respectfully submitted,

*/s/ Jason K. Zubata*
JASON K. ZUBATA
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice

*Counsel for Defendants*