**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation

*Washington, D.C. 20530*

VIA CM/ECF

September 2, 2026

To: The Honorable Magistrate Judge Pym

Re: Perdomo, et al. v. Mullin, et al.,
2:25-cv-05605-MEMF-SPx

Dear Your Honor:

Pursuant to ECF 696, Defendants hereby submit their proposal regarding a sampling method for the Body Worn Cameras videos. Pursuant to the express language of the Court's Order at ECF No. 655, Defendants met and conferred with Plaintiffs repeatedly "about the terms of the random sampling." Despite significant concessions by the government to allow a sampling that is far more targeted than an actual "random" sampling would entail, Plaintiffs refuse to agree to a sampling method that does not entitle them to pick an enormous number of the exact videos they want. Thus, the parties have reached an impasse, and Defendants therefore submit their proposal for sampling.

Defendants' proposal:

Defendants respectfully propose the parties randomly sample 4,485 videos (of the overall 4,685 videos to be sampled) from the universe of videos categorized as "ZZ_Operation-at-Large-LA" (a pool of more than 11,000 videos) and any of the following categories:

- Arrest/Apprehension
- Investigation
- Hostile/Possible Complaint

- Mass Encounter
- Vehicle Stop
- Assault Against Officer/Agent
- Significant Incident
- Non-Evidentiary Encounter
- Accidental/Unintentional Recording

To be clear, these categories were the ones requested by *Plaintiffs* during the meet and confer process, and Defendants have agreed to sample from only these categories as they requested. By agreeing to Plaintiffs' proposed categories, and not demanding any in return, Defendants have attempted a meaningful compromise to allow Plaintiffs to significantly narrow the universe of videos in their favor. There are more than 60 standardized categories associated with the videos, so this concession knocks an enormous amount of videos from the overall pool in the manner Plaintiffs desired.

The agency also agreed to Plaintiffs' proposed sampling methodology to exclude any Body Worn Camera videos produced in expedited discovery, which can be done by moving to the next number in random sampling if the video selected is one Defendants have already produced. Defendants agreed to this request as it is obviously reasonable.

Additionally, despite the Court's call to determine a "random" sampling method, the agency also proposed to set aside **200** videos, to be produced later, that Plaintiffs could request on an individual incident basis. Defendants request that Plaintiffs make the request no later than 60 days before the close of discovery and CBP will produce within 30 days of the request. Again, this is a significant concession by the government, as it does not involve "random" sampling, and allows Plaintiffs to keep a large number of videos in reserve that is not random at all.

<u>Plaintiffs' demands to this point have not been reasonable</u>

Plaintiffs' demands are not proportional to the needs of the litigation under Rule 26(b)(1). Their most recent proposal sought production of entire categories of videos they selected, including more than 1,300 videos from a two-week period they believe favors their position. This is not a sampling method at all, let alone a random or fair one. Plaintiffs have consistently insisted on obtaining the full universe of videos they want before agreeing to any sampling, which undermines

the very purpose of a representative sample. Defendants have already agreed to narrow categories and allow Plaintiffs to select a reasonable number of specific videos in addition to an already favorable sampling framework. The Court should adopt Defendants' proposal, which ensures a fair and balanced sampling process.

Sincerely,

s/Jonathan Robbins
JONATHAN ROBBINS
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, D.C. 20044
(202) 305-8275