STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ALYSSA MORONES (SBN 343358)
*amorones@aclusocal.org*
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE (SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Pedro VASQUEZ PERDOMO, et al.,

Plaintiffs,

v.

Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security, et al.,

Defendants.

Case No.: 2:25-cv-05605-MEMF-SP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST TO PAUSE DAILY SANCTIONS AND HOLD RULING ON ATTORNEYS' FEES [ECF 700]**

Hon. Maame Ewusi-Mensah Frimpong

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
DAVID FRY (SBN 189276)
*david.fry@mto.com*
ADAM B. WEISS (SBN 296381)
*adam.weiss@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
LAURA R. PERRY (SBN 342504)
*laura.perrystone@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
LAUREN E. KUHN (SBN 343855)
*lauren.kuhn@mto.com*
ANGELA URIBE (SBN 353579)
*angela.uribe@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174
*Counsel for Plaintiff United Farm Workers*

JESSICA KARP BANSAL (SBN 277347)
*jessica@ndlon.org*
LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
JIA FU*
*jennifer@ndlon.org*
NATIONAL DAY LABORER ORGANIZING
NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

Defendants' Request to Pause Daily Sanctions and Hold Ruling on Attorneys' Fees [ECF 700] ("Request") should be denied in its entirety. Not only have Defendants failed to comply with the Court's Contempt Order [ECF 635], they have acted affirmatively to obstruct it. If the Court were to take any action based on Defendants' submission, it should be to increase the daily contempt fine in light of the evident insufficiency of the existing fine to compel compliance. With respect to the fees issue, Defendants offer no cogent reason why this Court should delay its decision for the outcome of an unrelated fee issue before the Magistrate Judge. Defendants simply want to delay paying the fees they owe.

The Court's Contempt Order clearly held that "[e]ighty-eight agents have now consented to imaging of their personal phones, meaning that imaging those phones would have no Fourth Amendment implications and are within the Defendants' legal right to obtain." ECF 635 ("Contempt Order") at 11. Defendants' Request papers make clear that Defendants have not imaged 88 personal phones or anything remotely close to that number: it appears that they have actually imaged only *five* such phones, with another seven potentially coming in the future. Request at 2. They have not imaged more because, notwithstanding the clear language of the Court's Contempt Order and the fact that these agents *already consented* to imaging of their phones, Defendants are now requiring that those agents sign a consent form before their phones are imaged—giving them yet *another* opportunity to opt out of imaging. Request at 2-3.

The Magistrate Judge has already chastised CBP for offering its employees an off-ramp from having their phones imaged. In her Certification of Facts and Order to Show Cause Why Defendants Should Not Be Held in Contempt [ECF 538], Judge Pym found that "defendants apparently sent CBP employees a questionnaire, which seems to instruct employees what they must do to avoid having their phones imaged, in apparent defiance of the court's order." ECF 538 at 10. Requiring employees who already consented to sign a consent form is, if anything, an even more transparent instruction to employees on how to avoid having their phones imaged—indeed it is an encouragement for them to reconsider the consent they previously gave. Defendants have identified no legal basis to require a consent form—no contractual basis, no statutory basis, no regulatory basis, and certainly no basis in the Court's order. And at the hearing on the order to

show cause, Defendants *agreed* with the Court that they could "forensically image and review the forensic images for those [88] agents who have agreed to this." ECF 571 at 87:5-8. The consent form requirement constitutes open defiance of the Court's Order.

Defendants should not be relieved of the contempt fines. After finding Defendants in contempt and ordering them to pay $500 per day until they fully comply with the January 16 Order, the Court stated that "[s]hould the Government believe that it has fully complied aside from its pending objections concerning possession, custody, and control, it may file a request to have the payments pause." ECF 635 at 14. Defendants have not "fully complied" and so are not entitled to have the payments pause. Nor can Defendants show that compliance is impossible, because they have not taken reasonable steps to comply. As *Defendants'* counsel noted at a recent hearing before the Magistrate Judge, employees who have work-related material on their phones and withhold it from the Government "could be subject to disciplinary proceedings or maybe even termination." ECF 676 at 30:17-22. Defendants have not directed employees to hand over their phones for imaging and have not taken any disciplinary measures against employees who have refused. In the absence of such steps, they cannot, by definition, show compliance is impossible.[1]

Furthermore, Defendants' Request demonstrates why imaging the personal phones matters. The questionnaire responses submitted with the H.B. declaration reveal that only 55% of employees have complied with their obligations and uploaded government records from their personal devices to their official CBP email. ECF 700 at 3; ECF 700-1 at 16-17. The responses

[1] Plaintiffs understand this issue is currently pending before the Magistrate Judge, but note that the law supports employers' Rule 34 "control" over the content of employees' personal devices when those devices are used for work. *Oracle Am., Inc. v. Procore Techs., Inc.*, 2025 WL 2112708, at *2 (N.D. Cal. July 28, 2025) ("Under Rule 34, a party has custody or control of documents if it has actual possession or the legal right to obtain them on demand, including work-related information on current employees' personal devices. . . . Privacy concerns are addressed through targeted search terms and third-party vendors."). If the rule were otherwise, it "would gut Rule 34 and make it way too easy for [employees] to hide evidence." *Tradeshift Inc. v. BuyerQuest, Inc.*, 2021 WL 1586283, at *2 (N.D. Cal. Apr. 23, 2021). Defendants' Fourth Amendment arguments against imaging suffer from even more defects, but the fact that those arguments would—if correct—prevent law enforcement agencies in criminal cases from obtaining and producing *Brady* material from officers' personal phones illustrates how untenable Defendants' position is.

also show that 49% of employees used WhatsApp on their personal phones during Operation at Large, and 24% of employees have not turned off auto-delete features on their government *or* personal phones. ECF 700-1 at 14, 16.

In fact, the Court should *increase* the daily contempt fine in order to obtain compliance, as the existing fine has proved inadequate to the task. For agencies that were recently appropriated $70 billion, the existing fine of $500 per day is symbolic. But such a nominal fine should have been sufficient to obtain compliance due to the incongruity of *the Government* being in ongoing contempt of a federal court order. *See United States v. Sumitomo Marine & Fire Ins. Co., Ltd.*, 617 F.2d 1365, 1370 (9th Cir. 1980) ("The effectiveness of and need for harsh measures is particularly evident when the disobedient party is the government. The public interest requires not only that Court orders be obeyed but further that Governmental agencies which are charged with the enforcement of laws should set the example of compliance with Court orders."). Defendants' conduct suggests, however, that any embarrassment stemming from their defiance is outweighed by the potential dissatisfaction of their employees that would come with compliance. *See* ECF 507 at 3-4 (ECF pagination) (asserting that CBP "had to" consider reaction of employee unions when deciding how to comply—or not comply—with the Magistrate Judge's imaging order). A greater financial incentive appears, therefore, to be necessary. When a contempt fine proves insufficient to bring about compliance, courts may, and commonly do, increase the fine. *See In the Matter of Grand Jury Impaneled January 21, 1975*, 529 F.2d 543, 551 (3d Cir. 1976) ("The court should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders. *If compliance is not forthcoming, the initial penalty may be increased*, or a new penalty appropriate under the circumstances may be selected." (emphasis added)); *United States v. Bright*, No. 07–00311 ACK–KSC, 2009 WL 529153, at *13-15 (D. Haw. Feb. 27, 2009) (adopting the Magistrate Judge's recommendation to increase daily sanctions for defendant from $500 to $750 per day "until [defendant] and/or Respondents fully comply with the Summons Order or they satisfactorily explain why they are unable to do so"); *State v. Rosa*, No. 2:23-cv-00743-KJM-SCR, 2025 WL 2808444, at *1, *3 (E.D. Cal. Oct. 2, 2025) (agreeing with the State that "in light of continued noncompliance, the prospective sanctions order provided by

the court was not sufficiently coercive to ensure compliance with the court's preliminary injunction," and allowing the State to file a revised prospective sanctions order). Plaintiffs respectfully request that the Court consider doubling the daily fine to $1,000 if Defendants have not complied with the Contempt Order within 14 days of the Court's order as to the Request, and then doubling it again after each subsequent 14-day period in which Defendants have not demonstrated compliance (perhaps up to a maximum, such as $32,000 per day, to avoid the fine becoming punitive, rather than coercive).

Finally, the Court should deny Defendants' request that this Court delay its determination of the fees Defendants owe to Plaintiffs pursuant to the Court's Contempt Order [ECF 635]. This Court's Contempt Order and the Magistrate Judge's Sanctions Order [ECF 668] address different ways in which Defendants violated the Magistrate Judge's January 16, 2026 order, and there is no overlap of the fees at issue. This Court's order granting fees was issued more than two weeks before the Magistrate Judge's order and the fees issue before this Court was fully-briefed on August 17, 2026. ECF 672. In contrast, briefing on the fees issue before the Magistrate Judge will not be completed until more than four weeks later, September 15, 2026. ECF 668 at 13. Defendants simply want to delay paying the fees owed under this Court's Order, compounding the prejudice caused by their contempt. Defendants' request should be denied.

DATED: September 8, 2026

MUNGER, TOLLES & OLSON LLP

By: *_/s/ David H. Fry_*
DAVID H. FRY
*Counsel for Stop/Arrest Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Central District of California using the CM/ECF system, which provided notification of such filing to all registered CM/ECF users.

DATED: September 8, 2026 MUNGER, TOLLES & OLSON LLP

By: */s/ David H. Fry*
DAVID H. FRY
*Counsel for Stop/Arrest Plaintiffs*