STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ALYSSA MORONES (SBN 343358)
*amorones@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081-0007
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Pedro VASQUEZ PERDOMO, *et al.*,

Plaintiffs,

v.

Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security, *et al.*,

Defendants.

Case No.: 2:25-cv-05605-MEMF-SP

**PLAINTIFFS' RESPONSE REGARDING EVIDENCE DISCUSSED AT PRELIMINARY INJUNCTION HEARING**

Hon. Maame Ewusi-Mensah Frimpong

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
DAVID FRY (SBN 189276)
*david.fry@mto.com*
ADAM B. WEISS (SBN 296381)
*adam.weiss@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
LAURA R. PERRY (SBN 342504)
*laura.perrystone@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
LAUREN E. KUHN (SBN 343855)
*lauren.kuhn@mto.com*
ANGELA URIBE (SBN 353579)
*angela.uribe@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS
(SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

JESSICA KARP BANSAL (SBN 277347)
*jessica@ndlon.org*
LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
NATIONAL DAY LABORER ORGANIZING
NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE IMMIGRANT
RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

Plaintiffs respectfully submit this supplemental brief in response to Defendants' supplemental brief regarding evidence not cited in Plaintiffs' briefing that Plaintiffs identified at the preliminary injunction hearing in response to the Court's tentative ruling. *See* ECF 756 at 1; ECF 757 (Hr. Tr.) at 132:18-133:2 (identifying statements by former Border Patrol Chief Bovino, cited in the Second Amended Complaint at ECF 485 ¶ 82); *id*. at 133:24-134:2 (identifying ICE and CBP training regarding documentation, filed at ECF 529-29 at p. 70 and 529-30 at p. 36). Defendants insist that the materials must be assessed in "the proper context" but misunderstand the context in which Plaintiffs cited the materials.

**1. <u>The Bovino quote offers additional support that Defendants' practice of racial profiling is officially sanctioned.</u>**

At the hearing, Plaintiffs pointed to the interview Bovino gave to WBEZ reporter Chip Mitchell last September as additional evidence to support the finding that Defendants' pattern and practice of racial profiling is officially sanctioned. Plaintiffs identified this interview not as the sole evidence of official sanction, but as part of a body of evidence—including agent and officer testimony and 30(b)(6) testimony—supporting official sanction.

Defendants respond that "context" is important. Plaintiffs agree. The context here is that Bovino, who had previously been installed by Defendants as commander over Operation At Large in Los Angeles after his operations in the Eastern District of California were enjoined as unlawful, was making a statement about why agents seize certain individuals. He was making the statement to a reporter and knew that what he said likely would be published for the world—and agents—to hear.

Defendants refer the Court to a WBEZ article in which the interview is described.[1] That page links to the transcript and unedited audio of the interview.[2] Referring to an individual with black hair and brown skin who had just been stopped, Mitchell asks Bovino if the man was

---

[1] There appears to have been a typo in the link Defendants provided. The full link to the article is here: https://www.wbez.org/immigration/2025/09/29/feds-march-into-downtown-chicago-top-border-agent-says-people-are-arrested-based-on-how-they-look.

[2] *See* https://www.wbez.org/immigration/2025/09/30/transcript-audio-gregory-bovino-immigrant-arrests-downtown-chicago-chosen-how-they-look.

stopped because he ran. Bovino says "[n]o, there's various indicators," and that the man "exhibited articulable facts that made us take a look." Then, when asked how "how you can tell [status] by appearance," Bovino goes on to discuss "indicators" of unlawful presence:

> **Bovino**: You know, there's many different factors that go into something like that. It would be agent experience, intelligence that indicates there's illegal alienage in a particular place or location. Then, obviously, the particular characteristics of an individual, how they look. How do they look compared to, say, you? What's your name again?
>
> **Mitchell**: Chip.

Plaintiffs already address in detail in their briefing what Defendants mean when they refer to agent "experience" or "intelligence" about undocumented individuals being at a place or location. *See* ECF 632 at 4-5, 9, 19-20; ECF 710 at 17 n.13. The fact that Bovino doesn't say that agents are relying solely on race is not dispositive—that is not Plaintiffs' claim anyway.[3] Read in context, the Court can find that the strong implication of Bovino's statement to the reporter is that agents are relying on race to determine whom to stop and that this meets with leadership's approval.

**2. <u>Defendants' training materials further show that documenting all encounters involving questioning and the reasons for stops is not unduly burdensome.</u>**

As conveyed at the hearing, Plaintiffs appreciate the Court's careful consideration of the proposed documentation requirements and the opportunity to return to the Court at a later date if the Court declines to impose documentation requirements at this time. If the Court declines to impose documentation requirements at this time, Plaintiffs request that the Court also decline to make a finding that the proposed documentation requirements would be unduly burdensome or interfere with lawful enforcement operations. No evidence in the record suggests that such documentation would be problematic. Defendants did not dispute that such documentation is

[3] Plaintiffs' claim is not that race is necessarily the sole factor, but that Defendants are relying on a demographic profile of Latino ethnicity and apparent low-income or working-class status, where race is the predominant and essential factor. *See* ECF 632 at 1, 18; ECF 710 at 8, 16.

standard for modern police practice and important for accountability. *See* ECF 710 at 24 (citing ECF 632-3 [Kerlikowske Decl.], refiled at ECF 753-1).

At the hearing, Plaintiffs cited two DHS training documents for the purpose of explaining why there should be no finding of burden or interference. Plaintiffs argued that because Defendants' own official trainings instruct agents to document the circumstances of all stops and consensual encounters, it cannot be the case that such documentation would thwart the agency's law enforcement mission. *See* ECF 757 (Hr. Tr.) at 32:6-33:5; 96:12-13.

In response, Defendants concede that the trainings require officers and agents to document the reasons justifying stops and/or the basis for any assertion that an encounter was consensual. ECF 763 at 3-4. They dispute only whether the cited trainings instruct immigration enforcement agents to document such consensual encounters or stops *that do not lead to arrest*.

After reviewing the record and Defendants' supplemental brief, Plaintiffs agree that the ICE training speaks to the importance of documenting the basis for a stop or consensual encounter in "the I-213"—thus, in circumstances when the stop or consensual encounter leads to the kind of custodial arrest that would result in the creation of such an I-213 report. *See* ECF 529-29 at p. 70. Plaintiffs therefore withdraw the suggestion that the ICE training itself requires documentation of stops that do not lead to an arrest. To be sure, there is no evidence that ICE has determined that documenting such encounters would be unduly burdensome or otherwise problematic, but Plaintiffs' reliance on this training for the contrary proposition was mistaken.

The CBP training, by contrast, clearly instructs agents to "[b]e sure to carefully document all: consensual encounters; detentions; arrests; [and] Incidents involving use of force"—not merely stops or consensual encounters that lead to an arrest. ECF 529-30 at p. 36 (bulleted list format modified). Defendants' gloss on the CBP training is at war with the document. There is no "ambiguity" about whether consensual encounters must be documented. *Contra* ECF 763 at 4. The training enumerates four things that must be documented, including "all" "consensual encounters" and "all" "arrests." Defendants suggest that a "verbal training" given by the teacher might contradict the document, but they do not point to any evidence of this.

ICE and CBP are two DHS components engaged in Title 8 enforcement operations. The evidence shows that CBP headquarters has determined, consistent with Plaintiffs' position, that documentation of field encounters helps, not hinders, effective and lawful Title 8 enforcement.

Respectfully submitted,

DATED: October 1, 2026

UC IRVINE IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC

By: *\/s/ Anne Lai*
ANNE LAI
*Counsel for Stop/Arrest Plaintiffs*

DATED: October 1, 2026

MUNGER, TOLLES & OLSON LLP

By: *\/s/ Sara H. Worth*
SARA H. WORTH
*Counsel for Stop/Arrest Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2026, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Central District of California using the CM/ECF system, which provided notification of such filing to all registered CM/ECF users, including all adverse parties. L.R. 65-1.

DATED: October 1, 2026 MUNGER, TOLLES & OLSON LLP

By: */s/ Sara H. Worth*
SARA H. WORTH
*Counsel for Stop/Arrest Plaintiffs*