BRETT A. SHUMATE
Assistant Attorney General, Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
TIBERIUS DAVIS
DANIEL F. MUMMOLO
Counsel to the Assistant Attorney General
AUGUST FLENTJE
Deputy Director
JONATHAN A. ROBBINS
Assistant Director
JACOB A. BASHYROV
ANIELLO DESIMONE
STEPHANIE L. GROFF
JASON K. ZUBATA
STEPHANIE L. GROFF
Trial Attorney
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-8275
Email: Jonathan.A.Robbins@usdoj.gov
*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

PEDRO VASQUEZ PERDOMO; *et al.*,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; *et al.*,

Defendants.

No. 2:25-cv-05605-MEMF-SP

**DEFENDANTS' EX PARTE APPLICATION FOR STAY OF MAGISTRATE JUDGE'S SEPTEMBER 21, 2026 ORDER [ECF NO. 750] PENDING RESOLUTION OF DEFENDANTS' OBJECTIONS**

Hon. Maame Ewusi-Mensah Frimpong
United States District Judge

Referred to Hon. Sheri Pym
United States Magistrate Judge

**NOTICE OF APPLICATION**

**AND DECLARATION OF JONATHAN ROBBINS**

PLEASE TAKE NOTICE that, in accordance with Civil Local Rules 6-1 and 7-19, and this Court's Standing Order, Defendants, by and through their counsel of record, respectfully apply to the Court on an *ex parte* basis for an order staying the Magistrate Judge's September 21, 2026 Order (ECF No. 750) to the extent it requires Defendants to forensically image agents' personal cell phones, pending resolution of Defendants' objections before the District Judge. ECF No. 772. Defendants have filed their objections and seek this limited stay solely to preserve their rights and avoid the substantial burdens associated with personal-device forensic imaging while the District Judge reviews the Order.

Defendants' *ex parte* application is based on this Notice, the Proposed Order, all records and papers filed in this action, and any other evidence that the Court may consider in ruling on Defendants' requested relief.

Defendants acted in good faith by promptly notifying Plaintiffs and Intervenors of this request via email and telephonically on October 5, 2026 and October 6, 2026. Defendants' counsel Jacob Bashyrov provided oral notice to Plaintiffs' counsel at 4:52pm ET on October 6, 2026. He also provided oral notice via telephonic message to Intervenors' counsel on the same day at approximately 5:00pm ET. Additionally, Defendants' counsel Jacob Bashyrov provided written notice to both Intervenors' and Plaintiffs' counsel at approximately 8:05 am ET on October 5, 2026 and again at 3:21 ET on October 6, 2026. Plaintiffs' counsel Sara Worth communicated that they oppose Defendants' application. Intervenors' counsel Roman Leal communicated they took no position on this application at this time.

Counsel for Defendants complied with the requirements of Local Rules 7-19 and 7-19.1, as well as this Court's Standing Order, in submitting this *ex parte* application. Specifically, counsel included a supporting memorandum stating the grounds for the requested relief, provided the known contact information for opposing counsel, and lodged

a proposed order for the Court's consideration. In addition, counsel made reasonable, good faith efforts to notify opposing counsel of the date and substance of this application prior to filing and has submitted a declaration detailing those notice efforts and stating whether any opposition exists.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Jonathan Robbins*
JONATHAN ROBBINS
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice

*Counsel for Defendants*

**Notice:** Plaintiffs and Intervenors oppose this *ex parte* application and intend to file an opposition within 24 hours. Plaintiffs are represented by a large team of attorneys from multiple organizations.

STACY TOLCHIN
(SBN 217431)
stacy@tolchinimmigration.com
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450;
Fax: 213-622-7233

MOHAMMAD TAJSAR
(SBN 280152)
mtajsar@aclusocal.org
MAYRA JOACHIN
(SBN 306065)
mjoachin@aclusocal.org
EVA BITRÁN (SBN 302081)
ebitran@aclusocal.org
DAE KEUN KWON
(SBN 313155)
akwon@aclusocal.org
OLIVER MA (SBN 354266)
oma@aclusocal.org
STEPHANIE PADILLA
(SBN 321568)
spadilla@aclusocal.org
DIANA SÁNCHEZ
(SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017-4022
Tel: 213-977-5232;
Fax: 213-201-7878

MARK ROSENBAUM
(SBN 59940)
mrosenbaum@publiccounsel.org

REBECCA BROWN
(SBN 345805)
rbrown@publiccounsel.org
SOPHIA WRENCH
(SBN 354416)
swrench@publiccounsel.org
RITU MAHAJAN (SBN 252970)
rmahajan@publiccounsel.org
GINA AMATO (SBN 215519)
gamato@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977
*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
alai@law.uci.edu
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894;
Fax: 949-824-2747

JACOB S. KREILKAMP
(SBN 248210)
jacob.kreilkamp@mto.com
JAMIE LUMA (SBN 331610)
jamie.luma@mto.com
SARA H. WORTH
(SBN 341088)
sara.worth@mto.com
HENRY D. SHREFFLER
(SBN 343388)
henry.shreffler@mto.com
MAGGIE BUSHELL
(SBN 354048)
maggie.bushell@mto.com
KYLE A. GROVES
(SBN 358085)
kyle.groves@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100;
Fax: 213-683-9100
*Counsel for Stop/Arrest Plaintiffs*

LAUREN M. WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

BREE BERNWANGER
(SBN 331731)
bbernwanger@aclunc.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

BRISA VELAZQUEZ OATIS
(SBN 339132)
bvoatis@aclu-sdic.org
ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

MATTHEW J. CRAIG
(SBN 350030)
mcraig@heckerfink.com
MACK E. JENKINS
(SBN 242101)
mjenkins@heckerfink.com

HECKER FINK LLP
1150 South Olive Street,
Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883;
Fax: 212-564-0883
*Counsel for Access/Conditions Plaintiffs*

EDGAR AGUILASOCHO
(SBN 285567)
eaguilasocho@farmworkerlaw.com
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

CARL BERGQUIST*
cbergquist@chirla.org
COALITION FOR HUMANE IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025
ALVARO M. HUERTA
(SBN 274787)
ahuerta@immdef.org
BRYNNA BOLT (SBN 339378)
bbolt@immdef.org
ALISON STEFFEL
(SBN 346370)
asteffel@immdef.org
IMMIGRANT DEFENDERS

634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

# INTRODUCTION

On September 21, 2026, the Magistrate Judge denied Defendants' request for protective relief from an order requiring Defendants to forensically image agents' personal cell phones. ECF No. 750. Defendants have timely filed objections to that Order pursuant to Federal Rule of Civil Procedure 72(a). ECF No. 772. Pending the District Judge's resolution of those objections, Defendants respectfully seek a limited stay of the personal-cell-phone forensic-imaging requirement.

Defendants readily satisfy the requirements for a stay. Their objections raise a substantial threshold question whether Rule 34 permits Defendants to be required to obtain and forensically image privately owned devices that are not within the agencies' possession, custody, or control merely because potentially responsive federal records may reside on those devices. The objections also raise critical Fourth Amendment and privacy concerns. The Magistrate Judge's Order did not address the constitutional issues Defendants identified with seizing agents' personal phones, holding that the "January 16 Order only requires forensic imaging of phones, not their forcible seizure." ECF No. 750 at 17. But absent consent voluntarily given by the owners of devices, forensically imaging personal devices requires a seizure that implicates substantial constitutional privacy considerations. Finally, the objections demonstrate that forensic imaging on the scale ordered here is enormously burdensome and disproportionate to the needs of the case, particularly where alternative, less intrusive methods remain available to collect work-related communications. These concerns warrant provisional relief pending resolution of Defendants' objections before the District Judge.

The remaining stay factors likewise favor interim relief. Forensic imaging of hundreds of personal devices requires substantial agency resources to communicate with affected custodians, coordinate access and imaging (which Defendants maintain they lack the legal authority to carry out), process large volumes of extracted data (most of which would not be responsive), conduct relevance and privilege review, and produce what little

of the data that is responsive. The burden is not avoided by simply "instruct[ing agents] that they are required to" hand their personal phones over for forensic imaging" (ECF No. 370 at 17), as the Court has suggested; Defendants must contact agents and inform union representatives, obtain and track responses, address individuals who withdraw consent, and coordinate appointments. Imaging itself consumes significant agency resources and that is before the technical collection and review even begins. And because full-device imaging necessarily captures the entire device, which includes vast quantities of private and nonresponsive information, continuing that process while the District Judge reviews the objections poses logistical concerns as Defendants still lack possession, custody, or control to demand the devices; would be unduly burdensome; and raises substantial privacy and Fourth Amendment concerns.

In contrast, a short stay of personal-device forensic imaging will not halt discovery. Defendants continue to preserve and produce responsive ESI, image government-issued devices, and use available alternative collection methods while the District Judge considers the objections. A stay therefore avoids substantial and unnecessary expense and intrusion without depriving Plaintiffs of potentially responsive information. The Court should accordingly grant Defendants' limited stay request.

## LEGAL STANDARD

The Court considers four factors in determining whether a stay is warranted: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). Where the Government is a party, the balance of equities and public interest factors merge. *Id.* at 435.

A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Under the three-factor test set

forth in *Landis*, courts examine (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## ARGUMENT

## I. THE COURT SHOULD GRANT A STAY PENDING RESOLUTION OF DEFENDANTS' OBJECTIONS

### A. The Government Is Likely To Succeed On The Merits.

#### 1. The Order Exceeds Rule 34 Because Defendants Do Not Have Possession, Custody, or Control Over Agents' Personal Cell Phones.

Rule 34 limits production to documents and ESI within the responding party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The Magistrate Judge explained in her Order that "[t]here is no dispute that defendants do not have possession or custody of the records contained on agents' personal cell phones" and that the "only question is whether they have control[.]" ECF No. 750 at 5. Defendants do not possess any control (i.e., legal authority) to demand or seize agents' personal phones for forensic imaging.

The Ninth Circuit defines "control" as "the legal right to obtain documents upon demand," and has rejected theoretical control as insufficient. *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999); *see United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). Consistent with that rule, courts have declined to compel materials from personally owned employee devices where the employer lacks the requisite control. *See Goolsby v. Cnty. of San Diego*, 2019 WL 3891128, at *4 (S.D. Cal. Aug. 19, 2019); *Krishnan v. Cambia Health Solutions*, 2021 WL 3129940, at *1-2 (W.D. Wash. July 23, 2021).

Defendants do not dispute their obligation to preserve and produce responsive federal records, including work-related ESI located on agents' personal devices. But the agencies' authority to require employees to preserve or deposit government records into agency repositories does not give them a legal right or otherwise empower them to demand surrender of the privately owned device that may contain responsive ESI for full forensic imaging. DHS policy requires the agencies to "capture and manage" federal records; it does not make an employee's personal phone government property or require that the device itself be relinquished on demand. ECF No. 750 at 7. Yet, the Magistrate Judge's Order conflates control over responsive federal records with control over the privately owned medium on which those records may reside.

That distinction is reinforced by *Larios v. Lunardi*, 856 F. App'x 704, 705 (9th Cir. 2021). There, the employee had expressly acknowledged in writing that work stored on any electronic device was State property and "must be relinquished on demand." No comparable DHS policy or acknowledgement exists here. And the Ninth Circuit expressly declined to decide whether the search and seizure in *Larios* was constitutional. *Id*. Thus, neither Rule 34 nor controlling Ninth Circuit precedent establishes that an agency's control over work records authorizes compelled forensic imaging of the employee's entire personal device.

**2. Full-Device Imaging Is Unduly Burdensome and Disproportionate to the Needs of the Case.**

Rule 26 permits discovery only if it is "proportional to the needs of the case" and requires courts to consider whether the burden or expense outweighs the likely benefit. Fed. R. Civ. P. 26(b)(1). It likewise requires limitation of discovery where the information can be obtained from a source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C). Consistent with those principles, courts may prescribe a discovery method other than the one selected by the requesting party where the evidence can be obtained through less burdensome means. *See Blue Spike LLC v. Universal Music*

*Grp., Inc.*, No. 2:22-cv-06331-GW-SSCx, 2024 U.S. Dist. LEXIS 130440, at *8 (C.D. Cal. June 5, 2024).

Here, the Magistrate Judge acknowledged that forensic imaging of hundreds of personal cell phones is a "substantial undertaking" involving "significant privacy interests." ECF No. 750 at 12. The record identifies at least 442 CBP agents present at one or more of the fifteen operations at issue. The Court's Order requires Defendants to collect (not only the government-issued phones but also) the personal phones of hundreds of agents (which Defendants do not possess or have custody or control over), image them, review millions of pages of documents for relevance (many of which will not be) and privilege, and produce them. ECF 370 at 8. Even assuming Defendants had legal authority to require these devices to be submitted for forensic imaging, which they maintain they do not, undertaking this process for several hundred personal devices—on top of the government-issued phones already being imaged—would impose extraordinary logistical, technical, and legal burdens. ECF No. 503, Ex. D (J.R. declaration detailing the extensive procedures required to forensically image personal phones). The Moss Declaration similarly explains that forensic imaging is "a highly intrusive process that captures the entire contents of a device," including substantial volumes of personal, nonresponsive, and privileged material, and can result in an enormous expenditure of time for comparatively few responsive documents. ECF No. 379-1 ¶¶ 8, 13.

The magnitude of those burdens, weighed against the likely incremental benefit of personal-device imaging, renders the ordered discovery disproportionate. Full-device imaging necessarily captures a broad universe of information before responsive material can be identified, much of which will be personal, nonresponsive, privileged, or duplicative of communications collected from other custodians or sources. Defendants would thus be required to devote substantial agency resources to collecting, processing, and reviewing data from hundreds of additional devices to identify the comparatively

limited subset of material, if any, that is potentially responsive and not otherwise available through existing discovery.

The availability of less intrusive collection methods further supports that proportionality analysis. The agencies have used questionnaires to identify agents who used personal devices, instructed employees to deposit government records into agency repositories, continued forensic imaging of government-issued devices, and proposed targeted methods including interviews, supervised collection, and sworn declarations. *See* Fed. R. Civ. P. 26(c)(1)(C). Those methods provide alternative avenues for collecting potentially responsive work-related communications without the extraordinary additional burden of wholesale forensic imaging of personal devices. Accordingly, the burden and expense imposed by personal-device imaging substantially outweigh its likely incremental benefit.

**3. Full-Device Forensic Imaging Raises Substantial Fourth Amendment and Privacy Concerns.**

Government employees retain Fourth Amendment protections in their private property. *O'Connor v. Ortega*, 480 U.S. 709, 715 (1987). And cell phones implicate uniquely substantial privacy interests because they contain a digital record of the most intimate aspects of modern life. *Riley v. California*, 573 U.S. 373, 393–97, 405 (2014). The Magistrate Judge herself acknowledged that agents "arguably" retain a reasonable expectation of privacy in personal content stored on their phones even when those phones are used in part for work. ECF No. 750 at 16.

The concern is especially acute because forensic imaging captures the entire contents of the device before responsive and nonresponsive data can be separated. Agents' personal phones may contain private images, medical records, financial information, location histories, communications with personal counsel, and private family communications that are wholly unrelated to this litigation. Yet full-device imaging necessarily captures that information before any targeted search can be applied to identify

responsive material. Other courts have recognized constitutional problems where public employers conduct overly broad searches or extractions of employees' personal phones. *See Turiano v. City of Phoenix*, 562 F. Supp. 3d 261, 271, 274-77 (D. Ariz. 2022); *Wolski v. Gardner Police Department*, 560 F. Supp. 3d 387, 396 (D. Mass. 2021); *Hibbert v. Schmitz*, 2017 WL 59075, at *5-6 (C.D. Ill. Jan. 5, 2017). These authorities reinforce that wholesale forensic imaging of personally owned devices raises substantial constitutional concerns where the imaging necessarily encompasses large amounts of private information having no relationship to the litigation. Partial work use of a personal cell phone does not extinguish the employee's substantial privacy interest in the remainder of the device.

Those concerns are particularly significant here because the Magistrate Judge expressly did not resolve Defendants' threshold argument that "it would be unconstitutional and they lack authority to forcibly seize agents' personal phones." ECF No. 750 at 17. The Magistrate Judge reasoned that there was no need to reach that issue because the January 16 Order requires forensic imaging rather than forcible seizure. That is plainly erroneous – forensic imaging of a personal device *amounts* to a seizure. *See United States v. Ganias*, 755 F.3d 125, 136 (2d Cir. 2014), (ruling that making a forensic mirror image of a hard drive constitutes a seizure of the data itself), *overruled en banc on other grounds*, 824 F.3d 199 (2d Cir. 2016); *see also Riley*, 573 U.S. at 393-97 (electronic devices hold vast quantities of highly personal data, demanding distinct, heightened Fourth Amendment protection); *United States v. Cotterman*, 709 F.3d 952, 962-63 (9th Cir. 2013) (*en banc*) (forensic examination at the border constitutes a Fourth Amendment search requiring reasonable suspicion). But Defendants' objections challenge the broader authority to require the agencies to obtain and forensically image privately owned devices that are not within their possession, custody, or control. The scope of the agencies' authority to carry out the ordered imaging, and the constitutional implications of doing so, therefore remain substantial questions for the District Judge to resolve.

At minimum, the constitutional question is sufficiently serious to favor preserving the status quo until the District Judge reviews the objections. Continuing full-device imaging in the interim would require Defendants to administer and conduct the very process whose legality is being challenged, while acquiring comprehensive copies of personally owned devices containing overwhelmingly private and nonresponsive information. Temporarily holding personal-device forensic imaging in abeyance would preserve the practical value of the District Judge's review while allowing the remainder of discovery to continue.

**B. The Remaining Stay Factors Favor The Government**

The balance of harms, equities, and public interest overwhelmingly favor a stay pending resolution of Defendants' objections. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). Continuing personal-device forensic imaging while those objections are under review would impose substantial burdens on Defendants. The process requires contacting agents (and their union representatives) who possess implicated devices, coordinating access to devices (that Defendants lack any legal authority to demand or seize), arranging technical imaging, processing the resulting data, reviewing potentially large volumes of personal, nonresponsive, and privileged material, and producing what little responsive information is discovered that has not already been collected and/or produced through the agencies' own self-collection efforts that have been refined during the course of discovery in this litigation. Given the number of agents potentially implicated and the substantial expedited and plenary discovery obligations already underway, requiring those efforts to continue before the District Judge rules on the propriety of personal-device imaging would impose significant unnecessary costs and administrative burdens.

The privacy interests implicated by full-device imaging further tip the equities in Defendants' favor. Personal cell phones contain substantial amounts of private information wholly unrelated to this litigation, including personal communications and other sensitive data. Even if targeted searches later limit the information reviewed or

produced, forensic imaging captures the entire contents of the device before responsive material can be searched and isolated. In light of the substantial privacy and Fourth Amendment concerns raised in Defendants' objections, including the unaddressed argument that it would be "unconstitutional and [that] they lack authority to forcibly seize agents' personal phones," ECF No. 750 at 17, the equities favor temporarily holding personal-device imaging in abeyance while the District Judge considers whether that discovery mechanism should remain in force.

Plaintiffs, by contrast, will not suffer substantial prejudice from a short stay of this single discovery requirement. Defendants are not asking to halt discovery. Indeed, Defendants have and continue to forensically image, review, and produce responsive ESI from agents' government-issued phones. They will also continue preserving and producing responsive ESI, collecting federal records from agency repositories, and pursuing other available collection methods while the District Judge considers the objections. Plaintiffs therefore will continue receiving substantial discovery during the requested stay; only intrusive and unconstitutional forensic imaging of personal phones will temporarily be paused.

The public interest likewise favors a brief stay. There is a strong public interest in complete and orderly discovery, but also in ensuring any person's constitutional rights are respected. It is also important to ensure that discovery remains proportional to the needs of the case, proceeds through methods authorized by the Federal Rules, and appropriately accounts for substantial privacy interests in personally owned digital devices. A stay limited to personal-device forensic imaging will permit the District Judge to resolve Defendants' objections, which include serious constitutional questions that must be resolved before this irreversible process is underway, without disrupting the broader discovery process or materially delaying the litigation. Because the requested stay is limited in both scope and duration, the balance of harms, equities, and public interest weigh strongly in favor of granting Defendants' application.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay the Magistrate Judge's September 21, 2026 Order (ECF No. 750) pending the District Judge's resolution of Defendants' Rule 72(a) objections.

Dated: October 6, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

TIBERIUS DAVIS
DANIEL F. MUMMOLO
Counsel to the Assistant Attorney General

STEPHANIE L. GROFF
JACOB A. BASHYROV
JASON K. ZUBATA
ANIELLO DESIMONE
Trial Attorneys

*/s/ Jonathan Robbins*
JONATHAN ROBBINS
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-8275
Email: Jonathan.A.Robbins@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record certifies that this filing is 3,975 words, which complies with L.R. 11-6.1.

Dated: October 6, 2026

Respectfully submitted,

/s/ Jonathan Robbins
JONATHAN ROBBINS
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2026, I served **DEFENDANTS' *EX PARTE* APPLICATION FOR STAY OF ORDER DENYING DEFENDANTS' REQUEST FOR A PROTECTIVE ORDER LIMITING THE JANUARY 16, 2026 ORDER [ECF NO. 750]** on all counsel of record by means of the Court's CM/ECF electronic filing system.

*/s/ Jonathan Robbins*
Jonathan Robbins
Assistant Director
Office of Immigration Litigation
Department of Justice
(202) 305-8275
Jonathan.A.Robbins@usdoj.gov
*Counsel for Defendants*