STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ALYSSA MORONES (SBN 343358)
*amorones@aclusocal.org*
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081
Tel: 213-977-5232; Fax: 213-201-7878

*Counsel for Stop/Arrest Plaintiffs*

(*Additional counsel listed on next page*)

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE (SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Pedro VASQUEZ PERDOMO, et al.,

Plaintiffs,

v.

Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security, et al.,

Defendants.

Case No.: 2:25-cv-05605-MEMF-SP

***DISCOVERY MATTER***

**OPPOSITION TO *EX PARTE* MOTION TO STAY ECF 750**

Hon. Maame Ewusi-Mensah Frimpong

Referred to Hon. Sheri Pym
United States Magistrate Judge

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
DAVID FRY (SBN 189276)
*david.fry@mto.com*
ADAM B. WEISS (SBN 296381)
*adam.weiss@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
LAURA R. PERRY (SBN 342504)
*laura.perrystone@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
LAUREN E. KUHN (SBN 343855)
*lauren.kuhn@mto.com*
ANGELA URIBE (SBN 353579)
*angela.uribe@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

BRISA VELAZQUEZ OATIS (SBN 339132)
*bvoatis@aclu-sdic.org*
ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174
*Counsel for Plaintiff United Farm Workers*

JESSICA KARP BANSAL (SBN 277347)
*jessica@ndlon.org*
LAUREN MICHEL WILFONG*
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice

# TABLE OF CONTENTS

I. INTRODUCTION .......... II

II. PROCEDURAL HISTORY .......... 1

III. ARGUMENT .......... 3

A. Defendants Are Not Entitled to Proceed on an *Ex Parte* Basis. .......... 3

B. Defendants' *Ex Parte* "Stay" Application Is an Improper Motion for Reconsideration. .......... 4

C. Even If It Were Possible to "Stay" an Order Denying a Motion for Protective Order, Such Relief Would Not Be Warranted Here. .......... 6

1. Defendants Have Not Demonstrated Any Likelihood of Success. .......... 6

2. Defendants Cannot Show Irreparable Harm. .......... 9

3. Plaintiffs Have Been and Will Be Injured By Delay. .......... 10

# TABLE OF AUTHORITIES

***Cases***

*Agerkop v. Sisyphian LLC*, 2021 WL 4348734 (C.D. Cal. July 26, 2021) ........ 10

*Alvantor Indus. Co. v. Shenzhen Jorda Trading Co., Ltd.*, 2023 WL 10368068 (C.D. Cal. Oct. 27, 2023) ........ 5

*Alvarez v. Larose*, 2020 WL 5632659 (S.D. Cal. Sep. 21, 2020) ........ 6

*Artist Revenue Advocs., LLC v. West,* 2025 WL 2946981 (C.D. Cal. July 31, 2025) ........ 7

Civ. L.R. 7-17 ........ 6

Civ. L.R. 7-18 ........ 5

*Competitive Enter. Inst. v. Office of Sci. & Tech. Pol'y*, 827 F.3d 145 (D.C. Cir. 2016) ........ 8

*Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr.*, 508 U.S. 602 (1993) ........ 8

*Consumer Fin. Prot. Bureau v. D & D Mktg., Inc.*, 2017 WL 5974248 (C.D. Cal. Mar. 21, 2017) ........ 10

*Estate of Rupard v. County of San Diego*, 2024 WL 790904 (S.D. Cal. Feb. 26, 2024) ........ 6

Fed. R. Civ. P. 26(b)(1) ........ 9

*Flexport, Inc. v. Freightmate AI, Inc.*, 2026 WL 266453 (N.D. Cal. Feb. 2, 2026) ........ 7

*Goolsby v. Cnty. of San Diego*, 2019 WL 3891128 (S.D. Cal. Aug. 19, 2019) ........ 7

*Hyundai Motor Co. v. Hyundai Tech. Grp.*, 2024 WL 3468824 (C.D. Cal. April 22, 2024) ........ 8

*In re Republic of Ecuador*, 2012 WL 13187177 (N.D. Cal. Mar. 30, 2012) ........ 6

*In re Ring LLC Privacy Litig.*, 2021 WL 4557222 (C.D. Cal. Sept. 3, 2021) ........ 10

*Nalco Co. LLC v. Carota*, 2022 WL 2189361 (C.D. Cal. Mar. 22, 2022) ........ 5

*Nken v. Holder*, 556 U.S. 418 (2009) ........ 4, 6

*Nken*, 556 U.S. at 433-34 ........ 6

*Oracle Am., Inc. v. Procore Techs., Inc.*, 2025 WL 2112708 (N.D. Cal. July 28, 2025) ........ 8

*PlayUp Inc. v. Mintas*, 635 F. Supp. 3d 1087 (D. Nev. 2022) ........ 10

*POP MART Americas Inc. v. 7-Eleven, Inc.*, 809 F. Supp. 3d 980 (C.D. Cal. 2025) ........ 3

*Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174 (N.D. Cal. Aug. 25, 2023) ........ 7

*Tradeshift Inc. v. BuyerQuest, Inc.*, 2021 WL 1586283 (N.D. Cal. Apr. 23, 2021) ........ 8

*U.S. Aviation Underwriters Inc. v. Aerospike Iron, LLC*, 2023 WL 1090873 (S.D. Cal. Jan. 26, 2023) ........ 6

*U.S. Aviation Underwriters*, 2023 WL 1090873 ........ 6

*Zhulinska v. Niyazov Law Grp., P.C.*, 2021 WL 5281115 (E.D.N.Y. Nov. 12, 2021) ........ 7

**Rules**

Civ. L.R. 7-17 ........ 8

Civ. L.R. 7-18 ........ 7

Fed. R. Civ. P. 26(b)(1) ........ 11

Fed. R. Civ. P. 26(g) ........ 7

## I. INTRODUCTION

Defendants' *ex parte* application to stay this Court's September 21, 2026 order (ECF 750 [the "September 21 Order"]) is not a motion for a "stay" at all. There is nothing in the September 21 Order to "stay," because that order does not alter the status quo. The Court simply declined to relieve Defendants of their obligations under an order issued nearly ten months ago: the January 16, 2026 order requiring forensic imaging of cell phones (ECF 370 [the "Imaging Order"]). Defendants' request that the Court "stay" its order *denying* a protective order is nonsensical.

In the first paragraph of their brief, Defendants effectively concede that they are actually requesting a stay of the *Imaging Order*, asserting that they "seek a limited stay of the personal-cell-phone forensic-imaging requirement." ECF 774 at 1. That requirement was imposed by the Imaging Order, not by the September 21 Order they are now seeking to stay. And the District Judge has confirmed that the Imaging Order "remain[s] in full effect." ECF 579 at 5; *see also* ECF 635 (reiterating that the Imaging Order "shall remain in full effect unless and until it is modified or clarified" [quoting *id.*]). Indeed, Defendants *already have been held in contempt* by the District Judge for their failure to comply with that order. ECF 635. Defendants' request to stay the Imaging Order should be denied for numerous, independent reasons, including:

- Defendants do not satisfy the requirements to bring an *ex parte* motion;
- The *ex parte* motion improperly seeks reconsideration of both the Court's prior denial of a stay of the Imaging Order (ECF 387) and the September 21 Order;
- Defendants are not entitled to a stay because they cannot show a strong likelihood of success before the District Court; and
- Defendants are not entitled to a stay because they cannot show irreparable injury if the Court denies a stay, and Plaintiffs continue to be prejudiced by Defendants' defiance of the Imaging Order and ongoing delay in producing responsive material.

## II. PROCEDURAL HISTORY

On December 23, 2025, Plaintiff CHIRLA filed its third motion to compel. *See* ECF 320 (Joint Stipulation). That motion sought several corrective remedies for discovery misconduct and misfeasance, including an order requiring Defendants to "forensically image any cell phone used

by an agent present at any of the 15 operations and review these devices for material responsive to RFPs 2 and 3." *Id*. at 11. This Court granted Plaintiff's motion and ordered Defendants to "[f]orensically image any cell phone used by an agent present at any of the 15 operations and review these devices for material responsive to RFP Nos. 2 and 3." ECF 370 at 9.

On January 20, 2026, Defendants filed an *ex parte* application to stay ECF 370, including the Imaging Order, "pending resolution of Defendants' forthcoming objections." ECF 379. That motion complained that the order required the government to "undertake irreversible discovery measures—such as forensic device imaging," particularly "the forensic imaging of any cell phone used by any agent present" at operations. ECF 379 at 1. Defendants argued that "the requirement to forensically image any cell phone used by any agent present at fifteen operations entails a highly intrusive process that captures the entire contents of a device, including personal, non-responsive, and potentially privileged material." *Id*. at 4. They also contended that the Imaging Order was "unclear as to whether it includes personal devices" and contended that they lacked "possession, custody, or control" over those devices. *Id*. at 6. The Court denied the request for a stay but granted a brief extension of time for compliance. ECF 387 at 4–5.

After Defendants made clear that they had not complied and would not comply with the Imaging Order with respect to personal phones, Plaintiffs filed a motion for an order to show cause why Defendants should not be held in contempt and the Court granted that motion. ECF 538. The District Court set hearings for June 25, 2026 on both Defendants' Objections to the Imaging Order and the Order to Show Cause. ECF 548, 549. The District Court denied Defendants' Objections without prejudice and referred the matter back to this Court for further briefing and proceedings. ECF 579 at 5. The District Court stated "the order shall remain in full effect unless and until it is modified or clarified." *Id.* The District Court subsequently found Defendants in contempt of the Imaging Order (because they had not imaged the personal phones of the 88 agents who had consented to such imaging) and reiterated that the Imaging Order remains "in full effect." ECF 635 at 5.

On July 14, 2026, Defendants filed their request for "tailored protective relief" from the Imaging Order. ECF 607 at 1. Specifically, Defendants requested "that the Court enter a

protective order limiting any compelled collection from personal devices to a narrowly tailored protocol" that did not involve "downloading of entire devices." *Id.* at 11. The September 21 Order denied that request. ECF 750 at 17.

## III. ARGUMENT

### A. Defendants Are Not Entitled to Proceed on an *Ex Parte* Basis.

Defendants' *ex parte* application does not satisfy the stringent requirements for *ex parte* relief—in itself, a sufficient basis to deny the motion.

In the Central District, "ex parte applications are solely for extraordinary relief and are rarely justified." *POP MART Americas Inc. v. 7-Eleven, Inc.*, 809 F. Supp. 3d 980, 988 (C.D. Cal. 2025) (Frimpong, J.) (cleaned up). "A party filing an ex parte application must support its request for emergency relief with evidence that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures, and a showing that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* (cleaned up).

Defendants make no attempt to satisfy those standards. The *ex parte* application does not acknowledge, much less address, those requirements. The only evidence Defendants submit—the Declaration of Jonathan Robbins (*see* ECF 774 at ECF pages 2–3)—discusses only the giving of notice of the *ex parte*, not any need for "emergency relief" or any irreparable harm that supposedly would result from denial of the request. Defendants' brief contains no discussion of irreparable prejudice to their case if the motion were heard as a regularly noticed motion.[1] Nor does the brief claim that Defendants are without fault in creating the (unidentified) circumstances that they contend justify *ex parte* relief.

Even if they tried to do so, Defendants could not meet the standards for *ex parte* relief. Defendants cannot point to any irreparable prejudice to their case that would result from

[1] The word "irreparably" appears only once in the *ex parte* application—in quoting the standard for issuance of a stay from *Nken v. Holder*. ECF 774 at 2. The word "irreparable" never appears. Defendants fail to address *irreparable* injury with respect to either *ex parte* relief or standards for a stay.

proceeding with a noticed motion. The Imaging Order has been in force for nearly ten months—and it has been more than three months since the District Judge made clear that it remains "in full effect"—and Defendants have not complied with it. They nowhere suggest that will change as a result of the September 21 Order. And if it did—if Defendants actually started imaging personal phones that were not volunteered by the agents—that would show that their substantive argument that they lack control over those phones is false, which would certainly render a stay inappropriate. In short, Defendants' substantive position makes it impossible for them to show irreparable harm from the order remaining in effect.

The lack of actual urgency is further evidenced by Defendants' conduct. The September 21 Order was issued more than two weeks ago. ECF 750. Defendants took no action in response to that order until the deadline for filing merits objections pursuant to Local Rule 72-2.1, and took another day beyond that deadline to file this *ex parte* application. If the September 21 Order created an emergency, surely Defendants would have acted swiftly to avoid irreparable harm. They did not, and they identify no harm that has befallen them in the intervening two weeks.[2]

### B. **<u>Defendants' *Ex Parte* "Stay" Application Is an Improper Motion for Reconsideration.</u>**

Defendants' *ex parte* is a procedurally improper motion for reconsideration. Defendants are not seeking a "stay" of the September 21 Order. As Defendants concede, the September 21 Order merely "denied Defendants' request for protective relief" from the Imaging Order. ECF 772 (Objections) at 4. A stay is an order that "hold[s] a ruling in abeyance" to allow another court to review it. *Nken v. Holder*, 556 U.S. 418, 421 (2009). To hold the Court's ruling denying

---

[2] Defendants' conduct also highlights the profound unfairness of applying *ex parte* procedures when no actual urgency exists. Defendants have had (at least) two weeks to prepare their *ex parte* papers, but Plaintiffs are afforded only 24 hours to respond. That may be an inevitable hardship in the case of an actual "emergency," but it is simply inequitable when the moving party has taken its time to file.

Defendants' request for a protective order in abeyance would do nothing—ECF 370 would remain in effect and Defendants would remain under an obligation to image the personal phones.[3]

Defendants are instead asking for a stay of the Imaging Order in ECF 370. Defendants admit as much at page 1 of their brief: "Defendants respectfully seek a limited stay of the personal-cell-phone forensic-imaging requirement." ECF 774 at 1. That requirement was imposed by the Imaging Order in January, not by the September 21 Order; it has been in effect for nearly ten months and the District Court specifically made clear (more than three months ago) that it remains in force. Accordingly, this *ex parte* application is asking for the same relief Defendants requested in the motion to stay the Imaging Order that the Court denied in February (*see* ECF 387 at 5), and at least a temporary version of the relief that the Court denied in the September 21 Order. That makes the *ex parte* application a motion for reconsideration. *See Alvantor Indus. Co. v. Shenzhen Jorda Trading Co., Ltd.*, 2023 WL 10368068, at *3 (C.D. Cal. Oct. 27, 2023) ("Courts should not exalt form over substance and permit a party to circumvent the applicability of Local Rule 7-18 merely by avoiding the 'motion for reconsideration' label.") (cleaned up).

The *ex parte* application meets neither the substantive nor the procedural requirements for reconsideration. *See* Civ. L.R. 7-18. The *ex parte* does not even attempt to show any relevant change in law or fact since Defendants' earlier motion to stay was denied, much less in the two weeks since the September 21 Order was issued. Civ. L.R. 7-18. Nor does the motion assert that the Court manifestly failed to consider material facts presented to the Court before either ECF 387 or ECF 750 was issued. *Id.* Rather, the *ex parte* application improperly makes arguments that Defendants previously made to this Court. *See Nalco Co. LLC v. Carota*, 2022 WL 2189361, at *3 (C.D. Cal. Mar. 22, 2022) ("A motion for reconsideration may not be used to reargue the motion."); *see also* Civ. L.R. 7-18 (setting forth grounds for reconsideration). Procedurally, the motion is untimely because it was filed more than 14 days after both ECF 387 and ECF 750 and

---

[3] The Proposed Order Defendants have submitted, under which the Court would simply purport to "stay" ECF 750, would have no effect on Defendants' obligations under ECF 370. Plaintiffs nevertheless address the relief that Defendants characterize the *ex parte* application as seeking because, if the Court were to enter that Proposed Order, Defendants would presumably contend that its effect is to stay their obligation to image the personal phones.

does not even attempt to show good cause for the delay. *Id.* Moreover, Defendants failed to meet and confer seven days in advance of filing their motion. *See* Civ. L.R. 7-17.

**C. Even If It Were Possible to "Stay" an Order Denying a Motion for Protective Order, Such Relief Would Not Be Warranted Here.**

In addition to being procedurally improper in multiple respects, the *ex parte* application fails to meet the substantive requirements for a stay. Indeed, the Court has already analyzed whether a stay of the Imaging Order is warranted and correctly concluded that it is not. ECF 387 at 3–5.

The traditional standard for a stay pending further judicial review consists of a four-factor test: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 425-26. Of these, the first two factors are the most critical and the latter two are considered if the first two are satisfied. *Id*. at 434-35. This test has frequently been applied to determine whether a magistrate judge's order should be stayed pending an objection to the district court. *Estate of Rupard v. County of San Diego*, 2024 WL 790904, at *4 (S.D. Cal. Feb. 26, 2024); *see also In re Republic of Ecuador*, 2012 WL 13187177, at *2 (N.D. Cal. Mar. 30, 2012) (applying the four-factor test because the motion to stay the effect of the magistrate judge's order pending resolution of Rule 72 objections "is akin to a motion for stay pending appeal"); *U.S. Aviation Underwriters Inc. v. Aerospike Iron, LLC*, 2023 WL 1090873, at *2 (S.D. Cal. Jan. 26, 2023) (applying four-factor test); *Alvarez v. Larose*, 2020 WL 5632659, at *1 (S.D. Cal. Sep. 21, 2020) (same). "The requesting party bears the burden of demonstrating that the circumstances justify a stay." *U.S. Aviation Underwriters*, 2023 WL 1090873, at *2 (citing *Nken*, 556 U.S. at 433-34). Defendants cannot make that showing here.

**1. Defendants Have Not Demonstrated Any Likelihood of Success.**

Given "the broad discretion afforded judges resolving discovery disputes, along with the 'daunting' standard of review applied to nondispositive order, . . . a party seeking a stay pending resolution of its objection to a magistrate judge's non-dispositive ruling is generally unable to

make a strong showing of likely success on the merits of the objection." *Artist Revenue Advocs., LLC v. West,* 2025 WL 2946981, at *1 (C.D. Cal. July 31, 2025) (cleaned up). Defendants here are no exception. They have not made and cannot make a strong showing that their objections are likely to succeed before the District Court.

***Possession, Custody or Control***

Defendants cannot show a likelihood of success based on their contention that they lack possession, custody, or control over the personal devices. Defendants concede that they have "control" over the work-related information on the personal devices. ECF 774 at 4. They contend that, for purposes of Rule 34, they lack control over the devices themselves, but that distinction is false. As this Court recognized in the September 21 Order, courts have repeatedly held that the employer has possession, custody or control over its employees' personal *devices* if those devices are used for work. *Flexport, Inc. v. Freightmate AI, Inc.*, 2026 WL 266453, at *3 (N.D. Cal. Feb. 2, 2026) ("For an employee's personal device to be deemed subject to the possession, custody, or control of their employer, 'generally the [party seeking discovery] must show that personal devices were used for business purposes.'" (citation omitted)); *accord Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *3 (N.D. Cal. Aug. 25, 2023); *Goolsby v. Cnty. of San Diego*, 2019 WL 3891128, at *4 (S.D. Cal. Aug. 19, 2019). That is, in reality, the only way to exercise control over the electronically stored information on the device because: (1) much of that information cannot be obtained without access to the device itself—a screenshot does not contain the metadata associated with a message; and (2) the employer cannot assure production of responsive material if the employee is tasked with doing the collection, even if the information can be captured by a screenshot. *See Zhulinska v. Niyazov Law Grp., P.C.*, 2021 WL 5281115, at *3 n.2 (E.D.N.Y. Nov. 12, 2021) ("'Self-collection' by ESI custodians is strongly disfavored.") (cleaned up).

As one court put it with respect to review of a personal email account: "This review cannot be done by [the employee] himself. Rule 26(g) places not only on the parties but also specifically on counsel an obligation to certify that a document production is complete. . . . Because Tradeshift is seeking evidence of alleged wrongdoing committed by [the employee], asking [the employee] to

search his own emails to see if he can find any wrongdoing he committed is ridiculous." *Tradeshift Inc. v. BuyerQuest, Inc.*, 2021 WL 1586283, at *2 (N.D. Cal. Apr. 23, 2021). It is equally ridiculous here, where the record of Defendants' attempts to gather information from agents' phones to date demonstrates the utter inadequacy of that process. Privacy concerns, such as those raised by Defendants, "are addressed through targeted search terms and third-party vendors." *Oracle Am., Inc. v. Procore Techs., Inc.*, 2025 WL 2112708, at *2 (N.D. Cal. July 28, 2025).

It is equally clear that a federal agency cannot satisfy its statutory obligations by relying on employees to forward whatever documents they deem appropriate to the agency. Under the Freedom of Information Act, an agency must search the personal email accounts of agency personnel who use those accounts for agency business. *Competitive Enter. Inst. v. Office of Sci. & Tech. Pol'y*, 827 F.3d 145, 149 (D.C. Cir. 2016). And CBP's policies give notice to its employees that if they "intermingle" personal records and official records, the agency may need to review the personal records in order to segregate out the official records. *See* ECF 613-24 at 19–20.

***Undue Burden***

A magistrate judge's determination whether particular discovery poses an undue burden or is not proportional to the case is subject to clear error review. *Hyundai Motor Co. v. Hyundai Tech. Grp.*, 2024 WL 3468824, at *4 (C.D. Cal. April 22, 2024). That standard is "significantly deferential" and requires "a definite and firm conviction that a mistake has been committed" in order to overturn a decision. *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 622 (1993). There is no reasonable possibility—much less a likelihood—that Defendants could meet that standard here.

The Court ably laid out the reasons why Defendants' burden and proportionality arguments fail: this case presents issues of "extreme importance," many or most of the phones contain responsive communications, Plaintiffs do not have access to those communications, Defendants provided no evidence of the burden they claim would be imposed, the evidence Defendants did point to was boilerplate or affirmatively undermined Defendants' position, Plaintiffs offered to narrow the number of phones at issue and Defendants rejected the offer, and Defendants' proposed

alternative of self-collection had already proved itself to be inadequate, at best. ECF 750 at 12–13. Defendants have no answer other than to point again to the conclusory declarations that the Court noted do not support the burdens that Defendants are claiming. ECF 774 at 5. And, of course, Defendants are possibly the most well-resourced litigants in existence, which weighs against a finding of undue burden. *See* Fed. R. Civ. P. 26(b)(1) (listing "the parties' resources" as a factor to be considered in weighing burden).

***Fourth Amendment***

Defendants further implausibly suggest that they will prevail on their argument that imaging their employees' devices would violate the Fourth Amendment. For the multiple reasons outlined by the Court in the September 21 Order, that argument is wrong. *See* ECF 750 at 15–17. Defendants make the obtuse assertion that the Court somehow erred in stating that nothing in ECF 370 required them to "forcibly seize" the phones because, according to Defendants, forensic imaging "*amounts* to a seizure," citing several Fourth Amendment cases. ECF 774 at 7 (emphasis in orig.). Forensic imaging may amount to a Fourth Amendment seizure in some circumstances, but a Fourth Amendment seizure is not synonymous with forcibly seizing the devices. The Court fully analyzed whether what ECF 370 actually requires would be a Fourth Amendment violation and correctly found it would not. What the Court declined to do was to analyze whether an order requiring Defendants to forcibly seize the phones—which was not before the Court—would pose a Fourth Amendment problem. Because Defendants' argument rests on blatant mischaracterizations of both the Imaging Order and the September 21 Order, it has no likelihood of success before the District Court.

**2. Defendants Cannot Show Irreparable Harm.**

Defendants argue that "[c]ontinuing personal device forensic imaging while [Defendants'] objections are under review would impose substantial burdens on Defendants," such as conducting the imaging, processing the data, and reviewing documents—*i.e.*, standard discovery burdens and obligations that Defendants have flouted for nearly a year. ECF 774 at 8. This argument suffers from multiple fatal defects.

*First*, "personal device forensic imaging" is not continuing—Defendants have been under an obligation to image these phones for months and they have imaged only 5 of them. *See* ECF 700 at 2. Defendants make no claim that they are *currently* undertaking to do any of the things that they claim they would have to do in the absence of a stay—even though the Imaging Order remains in effect (as repeatedly noted by the District Court) and this Court issued the September 21 Order more than two weeks ago. They contend that imaging the phones will impose burdens, but do not actually say that, if the Court denies the requested stay, they will finally start imaging the phones—and there is no reason why the Court should expect they will given their track record of defying the Imaging Order. And, finally, Defendants (once again) provide no *evidence* to support their claims of burden. In short, the burden argument is completely disingenuous.

*Second*, even if Defendants' burden claim were not fictional, the argument would fail as a matter of law because the burden of complying with discovery obligations is not irreparable harm. "Ample case law finds that the burden of meeting one's discovery obligations does not generally constitute irreparable injury." *PlayUp Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1103 (D. Nev. 2022); *see In re Ring LLC Privacy Litig.*, 2021 WL 4557222, at *4 (C.D. Cal. Sept. 3, 2021) (finding that burden of being subject to discovery is not irreparable harm and stating that "[n]early all courts have concluded that incurring litigation expenses does not amount to an irreparable harm") (cleaned up); *Agerkop v. Sisyphian LLC*, 2021 WL 4348734, at *4 (C.D. Cal. July 26, 2021) (incurring litigation expense and burden is not irreparable injury); *Consumer Fin. Prot. Bureau v. D & D Mktg., Inc.*, 2017 WL 5974248, at *6 (C.D. Cal. Mar. 21, 2017) (noting that "mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury") (cleaned up).

**3. Plaintiffs Have Been and Will Be Injured By Delay.**

Plaintiffs already are prejudiced by the loss and destruction of relevant evidence in this case. Defendants concede that hundreds of agents have used their personal phones during field operations in this District, yet Defendants took no steps even to identify those agents, much less to preserve their ESI, until nearly a full year after Defendants launched the operations at issue in this case. ECF 635 (Contempt Order) at 11. Indeed, Defendants have demonstrated almost no effort

to ensure the preservation of evidence, on personal phones or otherwise. No agency besides CBP—not ICE, not DHS—submitted a litigation hold notice for the Court's review, and CBP's litigation hold appears to have been sent only in August 2025—before many agents even joined the operations at issue. *See* ECF 519 (Plaintiffs' Supplemental Brief Re: Litigation Hold Notices) at 1. All the while, even as they defy the Imaging Order, Defendants' counsel has also steadfastly refused to conduct even custodial interviews to ensure preservation of ESI on their agents' personal devices. *See* ECF 503-19 (Kuhn Ltr.); ECF 503-1 (Worth Decl.) ¶ 8.

Meanwhile, Defendants' officers and agents have confirmed in sworn testimony that they took no steps to preserve potentially relevant documents for this litigation. *See* ECF 503-14 (C.C. Depo.) at 32:24-33:4 ("Q: Did you stop deleting e-mails, files, or other documents? A: No."); 503-12 (I.F. Depo.) at 84:9-11 ("Q: And you didn't turn off any auto delete functions on your personal device? A: No, sir."). One agent who confirmed he used his personal cell phone during Operation At Large testified that he had taken no steps to preserve documents after he received a litigation hold. *See id*. at 74:12-78:15. Another agent "testified that he did receive a written litigation hold, but that he was not sure it was related to this case, and that he took no steps to preserve documents." ECF 635 (Contempt Order) at 5.

This Court noted in the September 21 Order that "discovery has been beset by defendants' persistent deficient productions, failures to preserve, undue delays, misconduct, and evidence of spoliation." ECF 750 at 9. Each day that Defendants continue to refuse to comply with the Court's Imaging Order, more ESI will become lost and potentially unrecoverable even through forensic imaging. Enough is enough.

DATED: October 7, 2026 MUNGER, TOLLES & OLSON LLP

By: */s/ David H. Fry*
DAVID H. FRY
*Counsel for Stop/Arrest Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record certifies that this filing is 4,233 words, which complies with L.R. 11-6.1.

DATED: October 7, 2026

MUNGER, TOLLES & OLSON LLP

By: */s/ David H. Fry*
DAVID H. FRY
*Counsel for Stop/Arrest Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Central District of California using the CM/ECF system, which provided notification of such filing to all registered CM/ECF users.

DATED: October 7, 2026

MUNGER, TOLLES & OLSON LLP

By: */s/ David H. Fry*
DAVID H. FRY
*Counsel for Stop/Arrest Plaintiffs*