UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05605-MEMF-SPx | Date | October 13, 2026 |
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

| | | |
|---|---|---|
| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:** **(In Chambers) Order Denying Defendants' Renewed Ex Parte Application to Stay Forensic Imaging Order [774]**

## I. INTRODUCTION

On October 6, 2026, defendants filed an ex parte application to stay the September 21, 2026 order (docket no. 750). Docket no. 774 ("App."). The September 21 order denied defendants' request for a protective order that would have limited the aspect of the court's January 16, 2026 order (docket no. 370) that requires defendants to forensically image the personal cell phones of agents present at certain operations. As plaintiffs point out, defendants' request to stay an order that denies a protective order does not really make sense. What defendants are actually seeking with their instant application is "a limited stay of the personal-cell-phone forensic-imaging requirement" in the January 16 order. App. at 1.

Plaintiffs filed an opposition to the ex parte application on October 7, 2026. Docket no. 779. Plaintiffs contend the instant application is an improper motion for reconsideration, and dispute defendants' arguments regarding likelihood of success on the merits and the harm defendants face.

For the reasons that follow, the court denies defendants' application for a stay.

//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05605-MEMF-SPx | Date | October 13, 2026 |
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

## II. DISCUSSION

### A. Defendants Do Not Address the Need for Relief on an Ex Parte Basis

"Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify ex parte relief, the moving party must, at a minimum, show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492; *see also* L.R. 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.").

Here, defendants do not address these factors or why they seek relief by way of an ex parte application rather than a regularly noticed motion. Further, not only do defendants fail to show they face irreparable prejudice, but based on the record of this case, the court cannot find that defendants would be irreparably prejudiced if the matter were heard on regular noticed motion procedures. This is so because the order defendants are really challenging – that is, the aspect of the January 16 order requiring defendants to forensically image agents' personal cell phones – has been in place for almost ten months, and even in referring the matter back to the Magistrate Judge for further briefing, the District Judge stated that the January 16 order would "remain in full effect." Docket no. 579 at 5. The court's September 21 order did not change this status quo. For months defendants have been, and still remain, under an obligation to forensically image agents' personal cell phones. The court cannot see how they will be irreparably prejudiced if the court does not immediately grant them a stay of this long-pending obligation. Accordingly, defendants have not met the standard for ex parte relief here.

### B. Defendants Have Not Shown Reconsideration Is Warranted

As plaintiffs point out, defendants' instant application to stay the September 21 order – or, really, to stay the January 16 order – is effectively a request for

reconsideration of the court's January 22, 2026 order denying defendants' previous ex parte application to stay the January 16 order. *See* docket no. 387. But defendants have not shown reconsideration is warranted.

Local Rule 7-18 provides that a motion for reconsideration "may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." Local Rule 7-18. Defendants do not argue that any of these grounds is present here, and the court finds none is. Although the record concerning what will be involved in carrying out the forensic imaging has been significantly developed since January 22, the court's greater appreciation for what defendants will be required to do to carry out the order does not change its analysis as to whether the order should be stayed pending further review by the District Judge. Accordingly, defendants have not shown reconsideration of the court's January 22 order denying a stay of the January 16 order is warranted.

## C. <u>A Stay Is Not Warranted in Any Event</u>

Even if defendants had shown proper grounds exist for their application to be decided on an ex parte basis and for reconsideration, the court finds a stay is not warranted in any event.

When determining whether it is appropriate to grant a stay pending appeal, courts consider the following four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Mi Familia Vota v. Fontes*, 111 F.4th 976, 981 (9th Cir. 2024) (quoting *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)); *see Canchola v. Allstate Ins. Co.*, 2025 WL 1377817, at *3 (C.D. Cal. Apr. 17, 2025) (applying the same standard to a request to stay a magistrate judge's discovery order pending review). "The likelihood of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05605-MEMF-SPx | Date | October 13, 2026 |
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

success and irreparable injury are the most critical factors." *Mi Familia Vota*, 111 F.4th at 981 (citation and internal quotation marks omitted). The party requesting the stay "bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (citation and internal quotation marks omitted).

Considering these factors, the court again finds a stay is not warranted. First, the court finds defendants have not made a strong showing that they are likely to succeed in reversing or limiting the January 16 order. Defendants essentially reiterate the arguments they made in support of a protective order to limit the forensic imaging aspect of the January 16 order. This court considered and rejected those arguments in its September 21 order. This court recognizes that the District Judge may ultimately disagree, but at this point finds defendants have not shown a likelihood of success on the merits.

Second, defendants argue they would be prejudiced if a stay is not granted because of the enormous burden and cost of the forensic imaging requirement, which will be unnecessarily expended if the District Judge later grants them relief. But just as defendants have not been irreparably prejudiced to date by their forensic imaging obligations since the January 16 order issued, the court finds defendants will not suffer irreparable prejudice if a stay of the order is not now granted. As previously noted, being required to engage in discovery typically does not constitute irreparable harm. *See In re Social Media Adolescent Addiction/Personal Injury Prods. Liability Litig.*, 2024 WL 4495810, at *4 (N.D. Cal. Oct. 15, 2024) ("it is well-settled that the ordinary burdens of discovery do not constitute an irreparable injury"); *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1095 (D. Nev. 2022) ("irreparable harm is generally not established based on the burden or expense of providing discovery"); *but see Canchola*, 2025 WL 1377817, at *3 (requiring defendant to produce the disputed discovery prior to review would effectively deny the relief sought in the motion). Although the court appreciates that the burden of the forensic imaging requirement is substantial, and also recognizes the agents' privacy interests, the court nonetheless found in its September 21 order that requiring such imaging is not disproportionate to the needs of the case. The court here finds it will not cause defendants irreparable harm absent a stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05605-MEMF-SPx | Date | October 13, 2026 |
| Title | Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al | | |

Finally, the remaining factors also weigh against a stay. Plaintiffs would be injured by a stay. They have been waiting for months for this discovery, and the discovery cutoff is rapidly approaching. A stay would only further delay their receipt of this information. In addition, public interest weighs in favor of prompt disclosure given the nature of the case. Accordingly, a stay of the forensic imaging requirement is not warranted.

## III. CONCLUSION

For these reasons, the court DENIES defendants' ex parte application for a stay (docket no. 774).