UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | October 27, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Markwayne Mullin et al.* | | |

Present: The Honorable: Maame Ewusi-Mensah Frimpong

| | |
|---|---|
| Damon Berry | |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**PROCEEDINGS: (IN CHAMBERS) ORDER OVERRULING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S SEPTEMBER 21, 2026 ORDER, DENYING DEFENDANTS' EX PARTE APPLICATION FOR A STAY, AND DENYING IN PART DEFENDANTS' REQUEST TO PAUSE DAILY SANCTIONS AND HOLD RULING ON ATTORNEYS' FEES [DKT. NOS. 772, 774, 700]**

Before this Court are the following submissions by Defendants: Objections to the Magistrate Judge's September 21, 2026 Order (Dkt. No. 772), Ex Parte Application for Stay of Magistrate Judge's September 21, 2026 Order Pending Resolution of Defendants' Objections (Dkt. No. 774), and Request to Pause Daily Sanctions and Hold Ruling on Attorneys' Fees (Dkt. No. 700).

The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

**Procedural Background**

The assigned Magistrate Judge issued an order (the "January 16 Order") requiring forensic imaging of certain cell phones as part of discovery in this case. *See* Dkt. No. 635 (describing the relevant procedural history).

The Court held Defendants in contempt for their failure to comply with the Magistrate Judge's January 16 Order and imposing daily sanctions. Dkt. No. 635. Defendants thereafter sought to have this Court pause their sanctions payments. Dkt. No. 700. That request is fully briefed. Dkt. Nos. 717, 721.

The Court denied without prejudice Defendants' objections to the forensic imaging portion of the January 16 Order, and referred the parties back to the Magistrate Judge. Dkt. No. 579.

The parties briefed the issues before the assigned Magistrate Judge, who then issued an order denying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | October 27, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Markwayne Mullin et al.* | | |

Defendants' Request for a Protective Order Limiting the January 16, 2026 Order. Dkt. No. 750 (the "September 21 Order"). Defendants filed Objections and an Ex Parte Application for a Stay in response. Dkt. Nos. 772, 774. Plaintiffs filed an Opposition to the Objections. Dkt. No. 800.

**Applicable Law**

Under Local Rule 72-2.1, parties may seek a review of a non-dispositive ruling issued by a magistrate judge:

> Any party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review by the assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection. Such motion shall be filed within fourteen (14) days of an oral ruling which the Magistrate Judge indicates will not be followed by a written ruling, or within fourteen (14) days of service of a written ruling.

C.D. Cal. L.R. 72-2.1.

A district court judge may reconsider a magistrate judge's order on a non-dispositive issue where the order is either clearly erroneous or contrary to law. *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022); 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard of review is "significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). As such, if the magistrate judge's order is reasonable in light of the record, the district judge cannot reverse the magistrate judge's ruling even if it would have weighed the evidence differently. *See Phoenix Eng'g & Supply Inc. v. Universal Elec. Co.*, 104 F.3d 1137, 1141 (9th Cir. 1997) (noting that under the clearly erroneous standard, "[i]f the [trial court's] account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." (quoting *Anderson v. Bessemer*, 470 U.S. 564, 573–74 (1985))).

A magistrate judge's order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022) (quoting *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)); *see also* 14 *Moore's Federal Practice* § 72.11 (3d ed. 2024) ("A determination is contrary to law if the magistrate judge misinterpreted or misapplied applicable law.").

**Discussion**

The Court has reviewed the record—which is extensive—and carefully considered the September 21 Order and Defendants' objections. Defendants' objections largely reiterate the arguments made before and rejected by the Magistrate Judge and considered by the Court earlier on the Order to Show Cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | October 27, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Markwayne Mullin et al.* | | |

Why Defendants Should Not Be Held in Contempt, Dkt. No. 538. The Court need not reiterate all the reasons why Defendants' arguments against the January 16 Order must be rejected as they are thoroughly addressed in the September 21 Order.

In short, Defendants have failed to show that the Magistrate Judge's September 21 Order is clearly erroneous or contrary to law.

**Conclusion**

For the reasons above, the Court ORDERS as follows:

1. Defendants' Objections, Dkt. No. 772, are OVERRULED.
2. Defendants' Request for a Protective Order, Dkt. No. 607, is DENIED, consistent with the Order at Dkt. No. 750.
3. In light of this, the Ex Parte Application to Stay, Dkt. No. 774, is DENIED AS MOOT.
4. The Request to Pause Daily Sanctions and Hold Ruling on Attorneys' Fees, Dkt. No. 700, is DENIED IN PART AS MOOT given that the Magistrate Judge has issued her ruling and the Court has overruled Defendants' objections. It is GRANTED IN PART as the Court finds that it would be helpful to have the Magistrate Judge's ruling on the disputed issues concerning the proper hourly rate (and any objections thereto by the parties) before addressing the attorneys' fees dispute that is currently before this Court.

**IT IS SO ORDERED.**

___ : ___

Initials of Deputy Clerk DBE