UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | October 27, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Markwayne Mullin et al.* | | |

Present: The Honorable: Maame Ewusi-Mensah Frimpong

| | |
|---|---|
| Damon Berry | |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**PROCEEDINGS: (IN CHAMBERS) ORDER OVERRULING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY WITHHELD UNDER LAW ENFORCEMENT PRIVILEGE [DKT. NO. 365]**

---

Before this Court are Defendants' Objections to the Magistrate Judge's Order Granting Plaintiffs' Motion To Compel Discovery Withheld Under Law Enforcement Privilege. Dkt. No. 365.

The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

**Procedural Background**

The parties brought before the assigned Magistrate Judge their dispute regarding whether certain documents are properly withheld and redacted pursuant to the law enforcement privilege. On January 14, 2026, the Magistrate Judge granted Plaintiffs' Motion To Compel Discovery Withheld Under Law Enforcement Privilege. Dkt. No. 365 (the "Order"). Defendants filed Objections in response. Dkt. No. 391. Plaintiffs filed an Opposition to the Objections. Dkt. No. 399.

At the Court's request, the parties filed a Joint Status Report regarding their discovery disputes May 1, 2026. Dkt. No. 498 ("Joint Status Report"). At that time, they stated as follows:

> The parties agree that Defendants' objections pertaining to the assertion of (1) attorney-client communications, (2) attorney work product, and (3) law enforcement privileges are not moot and are ripe for adjudication. The parties also agree that Defendants' objections pertaining to the scope of expedited discovery generally are moot.

Joint Status Report at 1.

Defendants also explained that the parties had reached an agreement to allow for production while the privilege disputes were resolved:

> In compliance with the Court's discovery orders, Defendants have continued to produce materials; however, those productions have been made subject to Defendants' preserved objections and the parties' clawback agreement, where should Defendants prevail on their objections, they would be entitled to clawback productions (to be reproduced subject to privilege redactions). As a result, Defendants' privilege objections remain live.

*Id.*

**Applicable Law**

Under Local Rule 72-2.1, parties may seek a review of a non-dispositive ruling issued by a magistrate judge:

> Any party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review by the assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection. Such motion shall be filed within fourteen (14) days of an oral ruling which the Magistrate Judge indicates will not be followed by a written ruling, or within fourteen (14) days of service of a written ruling.

C.D. Cal. L.R. 72-2.1.

A district court judge may reconsider a magistrate judge's order on a non-dispositive issue where the order is either clearly erroneous or contrary to law. *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022); 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard of review is "significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). As such, if the magistrate judge's order is reasonable in light of the record, the district judge cannot reverse the magistrate judge's ruling even if it would have weighed the evidence differently. *See Phoenix Eng'g & Supply Inc. v. Universal Elec. Co.*, 104 F.3d 1137, 1141 (9th Cir. 1997) (noting that under the clearly erroneous standard, "[i]f the [trial court's] account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." (quoting *Anderson v. Bessemer*, 470 U.S. 564, 573–74 (1985))).

A magistrate judge's order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022) (quoting *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)); *see also* 14 *Moore's*

*Federal Practice* § 72.11 (3d ed. 2024) ("A determination is contrary to law if the magistrate judge misinterpreted or misapplied applicable law.").

**Discussion**

The Court has reviewed the record and carefully considered the Order and Defendants' Objections. The Objections largely reiterate the arguments made before, and rejected by, the Magistrate Judge. The Court need not reiterate all the reasons why Defendants' arguments against the Order must be rejected as they are thoroughly addressed in the Order.

Plaintiffs argue that Defendants have raised a number of new arguments that should be disregarded. Defendants are not permitted to raise arguments before this Court that were not presented to the Magistrate Judge. However, because the Court finds all of the purportedly new arguments meritless, and because the Magistrate Judge directed the parties that the Order should govern future disputes regarding the law enforcement privilege, the Court will address these arguments.

Defendants fault the Magistrate Judge for failing to require that Defendants supplement their declarations or conducting an in camera view once she found that they had failed to meet their burden with respect this privilege. There is no requirement to do this where a party has met its burden. Declining to do so was neither clearly erroneous nor contrary to law.

Defendants fault the Magistrate Judge for failing to consider the limited scope of expedited discovery. Per the Joint Status Report, this issue is now moot.

Defendants point to "institutional harms" from disclosure. The declarations reviewed by the Magistrate Judge do not support the existence of such harms and therefore it was not clearly erroneous or contrary to law to not consider them.

Defendants argue that the Magistrate Judge failed to properly apply the law on waiver. Defendants are incorrect. Not only have they continued to defend the challenged conduct on the basis of the material they now seek to protect, *see, e.g.*, Dkt. No. 678 (asserting that immigration enforcement operations were based on "pre-gathered" and "targeted" "intelligence"), but that is at the heart of what constitutes waiver, as the Magistrate Judge properly found.

In short, Defendants have failed to show that the Order is clearly erroneous or contrary to law.

**Conclusion**

For the reasons above, the Court ORDERS as follows:

1. Defendants' Objections, Dkt. No. 391, are OVERRULED.
2. Plaintiffs' Motion to Compel Discovery Withheld Under Law Enforcement Privilege, Dkt. No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | October 27, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Markwayne Mullin et al.* | | |

306, is GRANTED consistent with the Order at Dkt. No. 365.

3. The Court understands that Defendants have already produced the materials at issue, but they are subject to a clawback pending this Court's resolution of the privilege dispute. Having determined that the materials are not privileged, no clawback is warranted and the parties shall proceed accordingly.
4. As directed by the Magistrate Judge, the parties shall continue to be governed by the Order—and by this order affirming the decision of the Magistrate Judge—in any future disputes regarding application of the law enforcement privilege.

**IT IS SO ORDERED.**

: 

Initials of Deputy Clerk DBE