UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | October 27, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Markwayne Mullin et al.* | | |

Present: The Honorable: Maame Ewusi-Mensah Frimpong

| | |
|---|---|
| Damon Berry | |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**PROCEEDINGS: (IN CHAMBERS) ORDER OVERRULING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER AT DKT. NO. 338 REGARDING ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGE [DKT. NO. 380]**

Before this Court are the Defendants' Objections to Magistrate Judge's Order at Dkt. No. 338. Dkt. No. 380.

The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

**Procedural Background**

The parties brought before the Magistrate Judge their dispute regarding whether certain training materials were properly protected by attorney-client or work product privilege. On January 5, 2026, the Magistrate Judge granted in large part Plaintiffs' and Intervenors' motion to compel with respect to attorney-client privilege and work product privilege, largely overruling Defendants' privilege assertions. Dkt. No. 338 (the "Order").

Defendants filed Objections to the Order. Dkt. No. 380. Plaintiffs and Intervenors then filed an Opposition to the Objections. Dkt. No. 397.

At the Court's request, the parties filed a Joint Status Report regarding their discovery disputes May 1, 2026. Dkt. No. 498 ("Joint Status Report"). At that time, they stated as follows:

> The parties agree that Defendants' objections pertaining to the assertion of (1) attorney-client communications, (2) attorney work product, and (3) law enforcement privileges are not moot and are ripe for adjudication. The parties also agree that Defendants' objections pertaining to the scope of expedited discovery generally are moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | October 27, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Markwayne Mullin et al.* | | |

Joint Status Report at 1.

Defendants also explained that the parties had reached an agreement to allow for production while the privilege disputes were resolved:

> In compliance with the Court's discovery orders, Defendants have continued to produce materials; however, those productions have been made subject to Defendants' preserved objections and the parties' clawback agreement, where should Defendants prevail on their objections, they would be entitled to clawback productions (to be reproduced subject to privilege redactions). As a result, Defendants' privilege objections remain live.

*Id.*

**Applicable Law**

Under Local Rule 72-2.1, parties may seek a review of a non-dispositive ruling issued by a magistrate judge:

> Any party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review by the assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection. Such motion shall be filed within fourteen (14) days of an oral ruling which the Magistrate Judge indicates will not be followed by a written ruling, or within fourteen (14) days of service of a written ruling.

C.D. Cal. L.R. 72-2.1.

A district court judge may reconsider a magistrate judge's order on a non-dispositive issue where the order is either clearly erroneous or contrary to law. *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022); 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard of review is "significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). As such, if the magistrate judge's order is reasonable in light of the record, the district judge cannot reverse the magistrate judge's ruling even if it would have weighed the evidence differently. *See Phoenix Eng'g & Supply Inc. v. Universal Elec. Co.*, 104 F.3d 1137, 1141 (9th Cir. 1997) (noting that under the clearly erroneous standard, "[i]f the [trial court's] account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." (quoting *Anderson v. Bessemer*, 470 U.S. 564, 573–74 (1985))).

A magistrate judge's order is contrary to law "when it fails to apply or misapplies relevant statutes, case

law, or rules of procedure." *adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022) (quoting *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)); *see also* 14 *Moore's Federal Practice* § 72.11 (3d ed. 2024) ("A determination is contrary to law if the magistrate judge misinterpreted or misapplied applicable law.").

**Discussion**

The Court has reviewed the record and carefully considered the Order and the Objections. The Objections largely reiterate the arguments made before and rejected by the Magistrate Judge. The Court need not reiterate all the reasons why Defendants' arguments against the Order must be rejected as they are thoroughly addressed in the Order itself.

Three issues bear brief discussion: (1) the alleged "confusion" regarding the documents at issue; (2) the Magistrate Judge's decision not to undertake in camera review; and (3) Defendants' alleged reliance on training documents to litigate this case.

First, Defendants assert that the Magistrate Judge erred in her determination that the M.B.C. Declaration (Dkt. No. 311-3) did not discuss the documents at issue in this case and, "[a]s such, defendants failed to meet their burden of demonstrating attorney-client privilege protects the training materials on the CBP privilege log." Order at 6. Even if this determination was erroneous, the Court has reviewed the M.B.C. Declaration assuming—but not deciding—that it concerns the documents at issue. Just as with the ICE documents, the declaration "does not demonstrate the communications rest on confidential information obtained from the client." Order at 6. Furthermore, because Defendants consistently oppose Plaintiffs' motions in this case on the ground that they have provided training materials, any privilege associated with these documents has been impliedly waived, as the Magistrate Judge properly found.

Next, Defendants fault the Magistrate Judge for declining to undertake an in camera review, but in camera review is not required. And in camera review is not warranted when a party has failed to meet its burden to demonstrate that privilege applies and/or to identify the documents or parts of documents to which they assert it applies. The Magistrate Judge did not clearly err or act contrary to law in declining to undertake this in camera review given her findings based upon the declarations. In camera review obviously could not provide the support missing from the declarations.

Finally, Defendants argue that they have not relied on the training materials to defend this case and that they "did not quote, summarize, or rely on the substance of attorney-authored legal analysis to justify the constitutionality of the challenged stops or arrests." Objs. at 5. Even assuming this was true at the time, it is clearly no longer the case. Defendants opposed a recent motion for preliminary injunction in part on the basis of the training the officers purportedly receive. *See* Dkt. No. 678 at 9–10, 27 (Opposition to Motion for Preliminary Injunction regarding Racially-Based Stops) (arguing that the training shows there is no officially sanctioned policy of violating the law and reiterating that Defendants properly employ reasonable suspicion "in accordance with training"); Dkt. No. 678-1 (attaching portion of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | October 27, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Markwayne Mullin et al.* | | |

training material). Therefore, the Magistrate Judge's determination regarding implied waiver shall not be disturbed.

In short, Defendants have failed to show that the Order is clearly erroneous or contrary to law.

**Conclusion**

For the reasons above, the Court ORDERS as follows:

1. Defendants' Objections, Dkt. No. 380, are OVERRULED.
2. The Motion to Compel, Dkt. No. 266, is GRANTED IN PART consistent with the Order at Dkt. No. 338.
3. The Court understands that Defendants have already produced the materials at issue, but they are subject to a clawback pending this Court's resolution of the privilege dispute. Having determined that the materials are not privileged, no clawback is warranted and the parties shall proceed accordingly.

**IT IS SO ORDERED.**

________ : ________

Initials of Deputy Clerk DBE