STACY TOLCHIN (SBN 217431)
*stacy@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: 213-622-7450; Fax: 213-622-7233

MOHAMMAD TAJSAR (SBN 280152)
*mtajsar@aclusocal.org*
MAYRA JOACHIN (SBN 306065)
*mjoachin@aclusocal.org*
DAE KEUN KWON (SBN 313155)
*akwon@aclusocal.org*
STEPHANIE PADILLA (SBN 321568)
*spadilla@aclusocal.org*
ALYSSA MORONES (SBN 343358)
*amorones@aclusocal.org*
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081-0007
Tel: 213-977-9500; Fax: 213-915-0219

*Counsel for Stop/Arrest Plaintiffs*

*(Additional counsel listed on next page)*

MARK ROSENBAUM (SBN 59940)
*mrosenbaum@publiccounsel.org*
REBECCA BROWN (SBN 345805)
*rbrown@publiccounsel.org*
SOPHIA WRENCH (SBN 354416)
*swrench@publiccounsel.org*
RITU MAHAJAN (SBN 252970)
*rmahajan@publiccounsel.org*
GINA AMATO (SBN 215519)
*gamato@publiccounsel.org*
AMANDA MANGASER SAVAGE
(SBN 325996)
*asavage@publiccounsel.org*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Counsel for All Plaintiffs*

ANNE LAI (SBN 295394)
*alai@law.uci.edu*
UC IRVINE SCHOOL OF LAW
IMMIGRANT AND RACIAL JUSTICE
SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Tel: 949-824-9894; Fax: 949-824-2747

*Counsel for Stop/Arrest Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Pedro VASQUEZ PERDOMO, et al.,

Plaintiffs,

v.

Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security, et al.,

Defendants.

No.: 2:25-cv-05605-MEMF-SP

**PARTIES' APPLICATION TO FILE PORTIONS OF JOINT APPENDIX OF DEPOSITION TESTIMONY CITED IN THE SUSPICIONLESS STOPS PRELIMINARY INJUNCTION ORDER UNDER SEAL**

*Filed concurrently with Supporting Declarations and Proposed Order*

Hon. Maame Ewusi-Mensah Frimpong
United States District Judge

JACOB S. KREILKAMP (SBN 248210)
*jacob.kreilkamp@mto.com*
DAVID FRY (SBN 189276)
*david.fry@mto.com*
ADAM B. WEISS (SBN 296381)
*adam.wess@mto.com*
SARA H. WORTH (SBN 341088)
*sara.worth@mto.com*
HENRY D. SHREFFLER (SBN 343388)
*henry.shreffler@mto.com*
LAURA R. PERRY STONE (SBN 342504)
*laura.perrystone@mto.com*
LAUREN E. KUHN (SBN 343855)
*lauren.kuhn@mto.com*
MAGGIE BUSHELL (SBN 354048)
*maggie.bushell@mto.com*
ANGELA URIBE (SBN 353579)
*angela.uribe@mto.com*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213-683-9100; Fax: 213-683-9100

*Counsel for Stop/Arrest Plaintiffs*

BREE BERNWANGER (SBN 331731)
*bbernwanger@aclunc.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel: 415-621-2493

*Counsel for Stop/Arrest Plaintiffs*

ANDRES HOLGUIN-FLORES (SBN 305860)
*aholguinflores@aclu-sdic.org*
ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: 619-398-4199

*Counsel for Stop/Arrest Plaintiffs*

EDGAR AGUILASOCHO (SBN 285567)
*eaguilasocho@farmworkerlaw.com*
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel: 661-859-1174

*Counsel for Plaintiff United Farm Workers*

JESSICA KARP BANSAL (SBN 277347)
*Jessica@ndlon.org*
LAUREN MICHEL WILFONG*
*lwilfong@ndlon.org*
JIA FU*
*jennifer@ndlon.org*
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Tel: 626-214-5689

*Counsel for Stop/Arrest Plaintiffs*

MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
MACK E. JENKINS (SBN 242101)
*mjenkins@heckerfink.com*
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Tel: 212-763-0883; Fax: 212-564-0883

*Counsel for Access/Conditions Plaintiffs*

CARL BERGQUIST*
*cbergquist@chirla.org*
COALITION FOR HUMANE IMMIGRANT RIGHTS
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

*Counsel for Plaintiff Coalition for Humane Immigrant Rights*

ALVARO M. HUERTA (SBN 274787)
*ahuerta@immdef.org*
BRYNNA BOLT (SBN 339378)
*bbolt@immdef.org*
ALISON STEFFEL (SBN 346370)
*asteffel@immdef.org*
IMMIGRANT DEFENDERS LAW CENTER
634 S. Spring St., 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

*Counsel for Plaintiff Immigrant Defenders Law Center*

* Admitted pro hac vice
** Pro hac vice pending

BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
DANIEL MUMMALO
TIBERIUS DAVIS
Counsel to the Assistant Attorney General
AUGUST FLENTJE
Deputy Director
JONATHAN A. ROBBINS
Assistant Director
STEPHANIE L. GROFF
JASON K. ZUBATA
ANIELLO DESIMONE
JACOB A. BASHYROV
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-8275
Email: *Jacob.Bashyrov@usdoj.gov*

*Counsel for Defendants*

The Parties hereby submit this application to seal certain information contained in the joint appendix containing all cited deposition in the Court's October 23, 2026 sealed Order Granting in Part Stop/Arrest Plaintiffs' Motion for Preliminary Injunction [Dkt. No. 632] and Granting Intervenors' Joinder [Dkt. No. 649], ECF 807.

Information that **Defendants propose to seal** in the deposition excerpts—highlighted in **yellow** in the sealed version of the joint appendix—is described in Part I below. Defendants seek sealing of such information for the reasons set forth below in Defendants' statement. Plaintiffs *oppose* sealing of such information for the reasons stated below in Plaintiffs' statement.

Information that **Plaintiffs propose to seal** in the deposition excerpts—highlighted in **green** in the sealed version of the joint appendix—is set forth in Part II below. Plaintiffs seek sealing of such information for the reasons set forth below in Plaintiffs' statement. Defendants *do not oppose* sealing of such information.[1]

## I. INFORMATION DEFENDANTS PROPOSE TO SEAL THAT PLAINTIFFS OPPOSE SEALING OF

The chart below lists information Defendants propose to seal in the deposition excerpts that Plaintiffs oppose sealing of. For the Court's convenience, the parties have highlighted this information in **yellow** in the sealed exhibits.

| Tab | Description | Material Defendants Propose to Seal |
|---|---|---|
| 1 | Excerpts from the 30(b)(6) deposition of G.L., taken February 2, 2026 | Officer/agent names down to initials (throughout)<br><br>Surveillance methods and database name (pp. 213-214, 280, 282), training (pp. 230-232) |
| 2 | Excerpts from the deposition of SBPA V.S., taken December 10, 2025 | Officer/agent names down to initials |

[1] To reduce the amount of material requiring sealing, the deposition transcripts at issue were originally filed by Plaintiffs with some personally identifiable information ("PII") of individuals not material to the issues in the Motion "hard-redacted"—in other words, that information did not appear in either the public or sealed versions of the transcripts filed with the Court and was not considered by the Court, even under seal. For consistency, the parties have retained those hard redactions in the joint appendix.

| | | |
|---|---|---|
| 3 | Excerpts from the deposition of BPA J.M., taken December 16, 2025 | Officer/agent names down to initials |
| 4 | Excerpts from the deposition of SBPA I.F., taken December 17, 2025 | Officer/agent names down to initials |
| 5 | Excerpts from the deposition of BPA J.C., taken December 19, 2025 | Officer/agent names down to initials |
| 6 | Excerpts from the deposition of SBPA J.E., taken December 8, 2025 | Officer/agent names down to initials |
| 7 | Excerpts from the deposition of DO E.O., taken May 22, 2026 | Officer/agent names down to initials (throughout)<br><br>Initials of enforcement target (p. 3) |
| 8 | Excerpts from the 30(b)(6) deposition of J.R., taken January 30, 2026 | Officer/agent names down to initials |
| 9 | Excerpts from the deposition of HSI SA G.A., taken July 10, 2026 | Officer/agent names down to initials |
| 10 | Excerpts from the deposition of DO C.C., taken December 12, 2025 | Officer/agent names down to initials |
| 11 | Excerpts from the deposition of SDDO C.C., taken May 20, 2026 | Officer/agent names down to initials |

**a. Defendants' Statement**

Defendants respectfully request limited sealing of portions of the Joint Appendix to protect the identities of federal law-enforcement officers and certain non-public operational information under the Court's Protective Order, ECF No. 247, and Law Enforcement Privilege. Consistent with the Court's Protective Order and supported by agency declarations, the proposed redactions are narrowly tailored to safeguard significant safety, privacy, and law-enforcement interests. Public disclosure of officer names and sensitive operational details—none of which is material to the Court's analysis—could expose officers to harassment or targeting and could compromise enforcement methods and decision-making processes. These considerations constitute compelling

reasons for sealing this information. *See Kidd v. Wolf*, No. 2:20-CV-03512-ODW (JPRX), 2023 WL 11884586 (C.D. Cal. July 5, 2023). Defendants seek only the least restrictive relief necessary, limiting redactions to names and operationally sensitive information while leaving the remainder of the materials fully accessible to the public.

**b. Plaintiffs' Statement**

Plaintiffs oppose sealing of all yellow-highlighted material because Defendants have not met their burden of establishing sufficient reason to limit the public's right of access as to the designated material appearing in the respective deposition excerpts. *See Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178-89 (9th Cir. 2006).

As an initial matter, Defendants seek to seal agent/officer names in four of the deposition excerpts—Tab 1 [G.L. 30(b)(6) Dep.] at 243; Tab 7 [E.O. Dep.] at 326-27; Tab 8 [J.R. 30(b)(6) Dep.] at 1-2; and Tab 11 [C.C. Dep.] at 118-120, 122—that they never designated as Confidential under the Protective Order, ECF ECF 247 in this case and therefore was ***already filed on the public docket in connection with Plaintiffs' preliminary injunction papers*** at ECF 644-1, ECF 644-2, ECF 632-40, and ECF 632-2, respectively. Indeed, Defendants did not designate any portion of the J.R 30(b)(6) deposition as Confidential, and the witness was at one time a publicly named party in the case. There is absolutely no justification for sealing agent/officer names that Defendants previously consented to have filed publicly because they did not designate that information as Confidential pursuant to the Protective Order.

Turning to agent/officer names generally, the names of law enforcement officers/agents acting in their official capacities are not properly subject to sealing. Plaintiffs incorporate by reference here the arguments set forth in Plaintiffs' portion of the Parties' Joint Statement Regarding Sealing of the Court's October 23, 2026 Orders Granting Class Certification and Preliminary Injunction [ECF Nos. 807 & 808]. Moreover, the Court already previously ruled in this case that officers' identifying information need not be sealed. *See* ECF 257; *see also* ECF 492. Defendants have not established why these names are necessary to seal.

Regarding the information about surveillance methods, a database name, and training in Tab 1 [G.L. 30(b)(6) Dep.], Defendants have not shown how disclosure of such information would

compromise law enforcement interests or otherwise be harmful. Such information does not reveal details of any ongoing investigation. Magistrate Judge Pym previously rejected Defendants' effort to withhold information of this kind from the public absent a specific showing of harm. *See* ECF 492. Defendants fail to explain why this information is subject to any applicable privilege or necessary to seal.

Further, regarding the initials of the individual that was Defendants' alleged enforcement target at Tab 7 [E.O. Dep.], Plaintiffs have already "hard-redacted" the name of the individual down to initials. Defendants have not established why it is necessary to withhold the initials from the public. Their supporting declarations do not address this.

## II. INFORMATION PLAINTIFFS PROPOSE TO SEAL THAT DEFENDANTS DO NOT OPPOSE SEALING OF

The chart below lists information Plaintiffs propose to seal in the deposition excerpts that Defendants do not oppose sealing of. For the Court's convenience, the parties have highlighted this information in **green** in the sealed exhibits.

| Tab | Description | Material Plaintiffs Propose to Seal |
|---|---|---|
| 5 | Excerpts from the deposition of BPA J.C., taken December 19, 2025 | Name of class member down to initials |
| 10 | Excerpts from the deposition of DO C.C., taken December 12, 2025 | Name of non-party (alleged target of enforcement) and private information about two Plaintiffs |

### a. Plaintiffs' Statement

Plaintiffs submit that there are "compelling reasons" and that "good cause" exists to seal this information. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 at 1102.

Courts in the Ninth Circuit have consistently recognized that personally identifiable information from individuals can warrant sealing where disclosure could be harmful, particularly for vulnerable members of the immigrant community. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1095 (E.D. Cal. 2025) (finding compelling reasons to seal information and proceed under pseudonym where there was threat of retaliation from third parties and petitioner presented

evidence of "the reasonableness of his fears"); *Doe v. Noem*, 781 F. Supp. 3d 1055, 1063 (E.D. Cal. 2025) (finding compelling reasons to seal any information identifying plaintiff based on "public shame, potential vigilante justice by community members with anti-immigrant sentiment, reputational harm, and possible detention and removal"). The same is true for other information that could be used to harass or retaliate against individuals. There are thus compelling reasons to seal such information from public record.

Good cause also exists for sealing portions of these exhibits. A party can establish good cause of sealing by showing that "specific prejudice or harm will result" if the documents are not sealed. *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003). Good cause exists here because it is necessary to seal such information to protect Plaintiff's privacy and because any public disclosure of such information, including information about individuals' names and information pertaining to their citizenship or immigration status, on the public docket would create an in terrorem effect on Plaintiffs' and other individuals' willingness to participate in civil rights actions such as this one. *See e.g.*, *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004) (discussing chilling effect created by disclosure of a worker's immigration status); *Macareno v. Thomas*, 2019 WL 355244, at *4 (W.D. Wash. Jan. 29, 2019) (recognizing that inquiries into immigration status can pose real harms).

Plaintiffs' compelling reasons and good cause to seal this information outweigh the public's general interest in access to judicial documents, particularly in light of the narrow redactions Plaintiffs propose. *See J.N. v. Or. Dep't of Educ.*, 2020 WL 589534, at *2 (D. Or. Feb. 5, 2020) (finding requested redactions were "narrowly tailored to balance [the interests of the party seeking to seal records] and the public's access to judicial records" where the applicant "redacted only information necessary to protect the named plaintiffs' identities from public disclosure" and otherwise left the document "accessible to the public"). Plaintiffs' respectfully request the Court grant their request to seal this information.

DATED: October 28, 2026

Respectfully submitted,

UC IRVINE IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC

By: *[/s/ Anne Lai]*
ANNE LAI

*Counsel for Stop/Arrest Plaintiffs*

DATED: October 28, 2026

UNITED STATES DEPARTMENT OF JUSTICE

By: */s/ Jacob Bashyrov*
JACOB BASHYROV
Trial Attorney
Office of Immigration Litigation

*Counsel for Defendants*

**ATTESTATION OF FILER**

I attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

DATED: October 28, 2026

UC IRVINE IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC

By: *\/s/ Anne Lai*

ANNE LAI
*Counsel for Stop/Arrest Plaintiffs*