BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
DANIEL F. MUMMOLO
Counsel to the Assistant Attorney General
AUGUST FLENTJE
Deputy Director
JONATHAN A. ROBBINS
Assistant Director
NANCY N. SAFAVI
Senior Trial Attorney
JACOB A. BASHYROV
ANIELLO DESIMONE
STEPHANIE L. GROFF
JASON K. ZUBATA
Trial Attorneys
JENNIFER ROSARIO (MN # 0300755)
Trial Attorney
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-5971
Email: Jennifer.M.Rosario@usdoj.gov
*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PEDRO VASQUEZ PERDOMO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,<br><br>Defendants. | No. 2:25-cv-05605-MEMF-SP<br><br>**DEFENDANTS' OPPOSTION TO PROPOSED INTERVENORS-PLAINTIFFS' MOTION TO INTERVENE (DKT. 794) AND MOTION FOR PRELIMINARY INJUNCTION (DKT. 795)**<br><br>**HEARING DATE: FEBRUARY 4, 2027**<br>**HEARING TIME: 10:00 A.M.**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge<br><br>Referred to Hon. Sheri Pym<br>United States Magistrate Judge |

## INTRODUCTION

Before this Court are Proposed Intervenors-Plaintiffs' ("Proposed Intervenors") motions to intervene and for preliminary injunction (Dkt. No. 794, 795). The Court should deny both motions as Proposed Intervenors, pro se litigants who were arrested in the Central District of California, alleging they are members of the mandatory Rule 23(b)(2) class this Court certified, *see* Dkt. No. 705 at 39 (certifying a class consisting of "All persons, since June 6, 2025, who have been arrested or will be arrested in this District for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses a likelihood of escape."). Proposed Intervenors therefore may not opt out of the class. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (recognizing Rule 23(b) "provides no opportunity for (b)(1) or (b)(2) class members to opt out."); *Hogarth v. Garland*, No. 5:21-cv-1497-DSF (MAR), 2021 U.S. Dist. LEXIS 174767, at *2 (C.D. Cal. Sep. 14, 2021) (same). But even if individual class members could opt out, which they cannot, Proposed Intervenors cannot establish that they are able to intervene as a matter of right because they fail to demonstrate that their interests are not adequately represented by the existing parties (and indeed, one requirement for certifying the class was a finding of adequate representation). Permissive intervention is also not warranted in this case as this would burden the Court with repetitive claims that mirror ongoing class litigation.

## BACKGROUND

On September 2, 2026, the Court certified Warrantless Arrest Plaintiffs' class, as defined to include:

> All persons, since June 6, 2025, who have been arrested or will be arrested in this District for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probably cause that the person poses a likelihood of escape.

Dkt. No. 705 at 39. The Court also issued a preliminary injunction requiring

individualized and documented likelihood of escape determinations before any warrantless arrest. Dkt. No. 738 at 53. That injunction applies to all class members which includes Proposed Intervenors according to their allegations.

Proposed Intervenors allege being arrested in the Central District of California on or about August 2026. Dkt. No. 794 at 8. They allege the arrests were "without probable cause that they were unlawfully present [and] without an individualized flight-risk finding. . . ." *Id.* They further assert that their arrests occurred under circumstances "substantially similar" to those addressed during certification. *Id*. Proposed Intervenors were then later transported to Adelanto, California where they remain detained. *Id.* On October 14, 2026, Proposed Intervenors filed their motions to intervene and for preliminary injunction, seeking "leave to intervene as plaintiffs" and to secure their immediate release from detention at the Adelanto Detention Center. Dkt. No. 794 at 3. In contravention of Local Rule 7-3, Proposed Intervenors did not meet and confer with the parties prior to filing their motion to intervene.

## LEGAL STANDARD

A movant may intervene as of right under Rule 24(a)(2) if: (1) the motion is timely; (2) the applicant has a "significant protectable interest" relating to the action; (3) disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest is inadequately represented by the parties to the action. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006). When evaluating these requirements, courts are guided by "practical and equitable considerations," and generally construe the Rule to apply "broadly in favor of proposed intervenors." *Wilderness Soc. v. U.S. Forest Serv*., 630 F.3d 1173, 1179 (9th Cir. 2011).

When an intervenor cannot satisfy the four-part test for intervention as of right, in limited circumstances, courts may still allow a party to intervene if they "ha[ve] a claim or defense that shares with the main action a common question of law or fact[.]" Fed. R.

Civ. P. 24(b)(1)(B). A party may permissively intervene where there is "(1) an independent ground for jurisdiction, (2) a timely motion, and (3) a common question between the movant's claim or defense" and the original action. *Blum v. Merrill Lynch Pierce Fenner & Smith, Inc*., 712 F.3d 1349, 1353 (9th Cir. 2013); see also Fed. R. Civ. P. 24(b)(1)(B). But courts may only grant such permissive intervention where the party shows, in addition to presenting a common question of law or fact, "(1) independent grounds for jurisdiction; [and that] (2) the motion is timely." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose*), 187 F.3d 1096, 1100 (9th Cir. 1999).

Classes certified under Rule 23(b)(2) are mandatory classes. *Wal-Mart*, 564 U.S. at 360. A Rule 23(b)(2) class involves conduct that can be "declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360. "The key to the (b)(2) class is, the indivisible nature of the injunctive or declaratory remedy warranted." *Id.* Rule 23(b)(2) classes are intentionally mandatory—absent class members have no right to opt out of the class and are bound to the Court's decisions as it pertains to the class—because the structure of a (b)(2) class is designed to prevent fragmented and inconsistent adjudications. Courts generally may dismiss motions for individual class members to intervene if a member of the class brings a separate, induvial suit for equitable relief involving the same claims as raised by the class. *Hogarth v. Garland,* 2 No. 5:21-CV-1497-DSF, 2021 U.S. Dist. Lexis 174767, at *3 (C.D. Cal. Sep. 14, 2021).

## ARGUMENT

### I. A member of a Rule 23(b)(2) certified class cannot opt out or pursue parallel litigation that seeks the same relief as the class they are a member thereof.

Proposed Intervenors fall squarely within the Rule 23(b)(2) Warrantless-Arrest certified class, which they cannot choose to opt out of to move for independent relief from the Court.

Any relief afforded to Rule 23(b)(2) classes is indivisible. *Wal-Mart*, 564 U.S.

360. Indeed, Ninth Circuit precedent discourages class members from bypassing the mandatory structure to pursue separate injunctions. *See Parsons v. Ryan*, 754 F.3d 657, 687–88 (9th Cir. 2014). To be sure, a judge in this District illustrates in *Hogarth,* 2021 U.S. Dist. LEXIS 174767, why intervention and issuance of a preliminary injunction here, independent of the class they are members thereof, are improper. In *Hogarth*, the petitioner—an alien also detained at Adelanto Detention Center—filed a habeas petition and a motion for a temporary restraining order challenging his continued confinement and raising due process claims based on alleged violations at the facility amidst the COVID-19 pandemic. *Hogarth*, 2021 U.S. Dist. LEXIS 174767, at *1-3. However, the court there recognized that these claims were improper because the petitioner's allegations mirrored the allegations raised by members in a Rule 23(b)(2) mandatory class in ongoing parallel litigation in the District. *Id.* ("The class members in *Roman* [also] seek release from custody based on Fifth Amendment due process violations at [Adelanto Detention Center] during the COVID-19 pandemic."). *Id.* at *4. The *Hogarth* court ruled out these independent motions because of the mandatory nature of Rule 23(b)(2) class membership, explaining that "[a] member of a class action certified under [Rule 23(b)(2)] cannot opt out." *Id.* at 2 (citing the Federal Rule and *Wal-Mart*, 564 U.S. at 360). Finding that the petitioner's claims were "controlled by a mandatory class action," the court concluded "the petition must be dismissed." *Id*. at *2. Because the petition "duplicates the allegations and prayer for relief in the class action," the court denied the motion for a temporary restraining order and dismissed the habeas petition in full. *Id.* at *5.

The court's reasoning in *Hogarth* applies with equal force here, as Proposed Intervenors' claims cannot be separated from those of the Warrantless Arrest class and must be addressed through the certified class framework, as the Federal Rules dictate and the Supreme Court has confirmed. Proposed Intervenors challenge the same alleged unlawful arrest and detention practices already addressed in this case's certified Rule

23(b)(2) class and seek injunctive relief identical to what was already requested—and already obtained—by the class through the recently granted preliminary injunction. Proposed Intervenors concede their arrests "in the Central District of California in or about August 2026" were "substantially similar" (Dkt. No. 794 at 8), to those addressed during certification, yet do not make any effort to distinguish their claims from the mandatory class they are members thereof. Proposed Intervenors requested relief is controlled and intertwined with the class - thus they must litigate exclusively within the Rule 23(b)(2) class framework.

This same structural bar applies with equal force to the Proposed Intervenors' request for a preliminary injunction. Because their claims and requested remedies fall entirely within the scope of the certified class and its existing injunction, their Motion for Preliminary Injunction seeks relief the Court cannot lawfully grant outside the mandatory class framework because, once a class is certified and a classwide injunction is entered, Rule 23(b)(2) requires that all equitable relief be administered through that uniform decree. *See Crawford v. Bell*, 599 F.2d 890, 892–93 (9th Cir. 1979) ((holding that district court correctly dismissed portions of the complaint that duplicated the allegations and prayer for relief in the class action).

For the same reasons, Proposed Intervenors' requests for individualized habeas relief or transfer-related protections cannot proceed here. Those requests merely repackage the same alleged harms already governed by the class injunction and granting them would fracture the uniformity of the remedy and create inconsistent obligations—precisely what Rule 23(b)(2) forbids. The existing classwide injunction already addresses the asserted harms on a systemic basis; any individualized order would exceed the Court's equitable authority and contravene the governing case law. To the extent Proposed Intervenors independently seek release from detention, which is not of the same subject matter as what is being litigated here, intervention is still not appropriate because they "can protect [their] interests and/or recover on [their] claim through some

other means." *See Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994) (citing *Diaz v. Southern Drilling Corp*., 427 F.2d 1118 (5th Cir.), *cert. denied*, 400 U.S. 878 (1970)). The proper course of action would be for the pro se litigants to seek relief from detention by filing individual habeas petitions, as opposed to seeking to intervene in litigation having nothing to do with improper detention. *See Roman v. Wolf,* No. 5: 20-cv-00768-TJC-PVC, Dkt. No. 1693 (C.D. Cal. 2020) (striking motion for preliminary injunction and temporary restraining order because class member cannot file documents in a class action); Dkt. No. 827 (striking motion for preliminary injunction because "movant is represented by class counsel and cannot file motions *pro se*."); and Dkt. No. 1845 (striking motions for preliminary injunction and temporary restraining order because "class member cannot file documents in a class action.").

The seven individuals are also not entitled to be released based on their claims. Habeas is the proper remedy for illegal detention, and habeas looks at the legality of current detention, not the propriety of the arrest. *See United States ex rel. Bilokumsky v. TOD*, 263 U.S. 149, 158 (1923) (habeas petition cannot be granted based solely on "defects in the original arrest"); *D.B. v. Cardall*, 826 F.3d 721, 734 n.10 (4th Cir. 2016) (focuses on lawfulness of current detention); *Alvarez-Mendez v. Stock*, 941 F.2d 956, 960 (9th Cir. 1991) ("Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [the petitioner's] detention is illegal today."). While it is well beyond the scope of the claims in this case, the detentions are lawful generally because the seven aliens are in removal proceedings at some stage of the process and detention decisions are governed by the immigration court and removal process. *See* 8 U.S.C. §§ 1226, 1226, 1231; *see, e.g.*, *INS v. Lopez Mendoza*, 468 U.S. 1032, 1040 (1984) ("[A]n illegal arrest has no bearing on a subsequent deportation proceeding."); *id.* at 1038-39 (noting that when an individual is in a civil proceeding, the "body" "is never itself suppressible" even if there was an unlawful arrest); *Lopez-Fernandez v. Holder*, 735 F.3d 1043, 1046 (8th Cir. 2013) ("The

exclusionary rule generally does not apply in civil deportation proceedings when there is a Fourth Amendment violation standing alone.").

## II. Proposed Intervenors fail to show that they are not adequately represented by the class representatives.

Even if Proposed Intervenors were not already barred from intervening as members of a mandatory Rule 23(b)(2) class, their request would still fail under Rule 24(a)(2). Proposed Intervenors conclude—without any evidence—that the "[e]xisting parties do not adequately represent Proposed Intervenors' interest." Dkt. No. 794 at 10. While Defendants opposed class certification on various grounds, Dkt. No. 577, the Court was "satisfied that both counsel and LAWCN and CHIRLA will adequately represent the interests of the proposed class." Dkt. No. 705. Proposed Intervenors do not provide any basis challenging certified class counsel's ability to adequality represent these aliens' interests. Because the class representatives and Proposed Intervenors pursue the same ultimate objective in challenging the arrests within this District, adequacy of representation is presumed. *Perry v. Prop. 8 et.al.*, 587 F.3d 947, 954 (9th Cir. 2009). Indeed, this Court's certification of the class directly contradicts Plaintiff Intervenor's concerns regarding adequate representation.

## III. Permissive intervention would impose substantial and unnecessary burdens on the Court and the parties.

Permissive intervention is equally unwarranted because to allow such intervention at this stage of the litigation would impose substantial and unnecessary burdens on the Court and the parties already part of this litigation.

When a party seeks to permissively intervene in an action, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Allowing seven individual class members to interject independent habeas and civil-rights claims into this certified Rule 23(b)(2) action—particularly while discovery, compliance monitoring, and enforcement

(and appeal) of the classwide injunction (Dkt. No. 738) are ongoing—would impose substantial and unnecessary burdens on the Court and the parties. *See Cooper v. Newsom,* 13 F.4th 857, 869-890 (9th Cir. 2021) (affirming district court's denial of permissive intervention when district court found that it "would delay the already long-drawn-out litigation. . . ."); *see also Montgomery v. Rumsfield,* 572 F.2d 250, 255 (9th Cir. 1978) (affirming district court's denial of permissive intervention because the additional intervening parties "would unnecessarily delay and complicate the case. . . ." ).

The Court has already recognized in this litigation that "resolution of class members' claims could rise or fall with a uniform answer" to the common questions raised by this action. Dkt. No. 705 at 26. Yet, to permit an additional seven class members to pursue individualized habeas relief, arrest-practice challenges, or transfer-related injunctions would undermine those findings and risk issuing inconsistent or conflicting directives—exactly the harm Rule 24(b) and Rule 23 mandatory classes are meant to avoid. The Ninth Circuit has likewise held that duplicative claims should be dismissed when they mirror a class action's allegations and remedies, as they do here. *Crawford v. Bell*, 599 F.2d 890, 892–93 (9th Cir. 1979).

At bottom, Proposed Intervenors advance no claim, legal theory, or requested relief that differs meaningfully from the certified class action, other than a habeas request that is not properly considered in this litigation. Their proposed pleadings merely restate, in individualized terms, the same alleged unlawful arrest practices and detention consequences already being litigated and remediated through the classwide injunction. Because permissive intervention would add no value, would duplicate—rather than supplement—the existing litigation, and would risk delay, prejudice, and structural incoherence, Rule 24(b) weighs decisively against intervention.

**CONCLUSION**

The Court should deny both motions as Proposed Intervenors have wholly failed to satisfy the requirements under the Federal Rules. Proposed Intervenors are members

of a certified Rule 23(b)(2) class, and the relief they seek is already governed by the classwide injunction this Court has entered. Rule 23(b)(2) does not permit pro se litigants here to opt out or to pursue parallel injunctive or habeas remedies that replicate the claims and relief being adjudicated on a classwide basis. Likewise, Proposed Intervenors also fail to satisfy Rule 24 for permissively intervening in this action because their interests, legal theories, and requested relief are aligned with those of the certified class. Rule 24(b) counsels against such fragmentation, and no circumstances justify departing from that principle here. Allowing such individualized litigation would undermine the uniformity and coherence the Court has already determined are essential to resolving these claims.

Because the certified class mechanism already provides the proper vehicle for adjudicating Proposed Intervenors' claims, and because individual intervention would compromise the efficient and uniform resolution of this matter, the Court should deny the Motion to Intervene and the Motion for Preliminary Injunction in full.

* * *

Dated: October 28, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

DANIEL F. MUMMOLO
Counsel to the Assistant Attorney General

AUGUST FLENTJE
Deputy Director

JONATHAN A. ROBBINS
Assistant Director

NANCY N. SAFAVI
Senior Trial Attorney

JACOB A. BASHYROV
ANIELLO DESIMONE
STEPHANIE L. GROFF
JASON K. ZUBATA
Trial Attorneys

*/s/ Jennifer M. Rosario*
JENNIFER M. ROSARIO
(MN Bar No. 0300755)
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-5971
Email: Jennifer.M.Rosario@usdoj.gov

*Counsel for Defendants*

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this filing contains 2542 words, which complies with L.R. 11-6.1 and this Court's Standing Order, Part VIII.C.

Dated: October 28, 2026

Respectfully submitted,

*/s/ Jennifer M. Rosario*

JENNIFER M. ROSARIO
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendants, certifies that on October 28, 2026, I electronically filed the foregoing document with the Clerk of Court, using the CM/ECF system. On that same day, a copy of the foregoing was placed in the Department of Justice mailroom for same or next- business day mailing via the U.S. Postal Service, first class mail, addressed to:

Arnoldo Antonio Garcia, A 073 929 240
Antonio de Jesus Rivera Gomez, A 204 735 125
Jorge Tejada Ruvalcaba, A 219 284 078
Angel Estrada, A 246 061 966
Rutilio Olivares Barajas, A 221 462 883
Jose Cruz Gomez Sanchez, A 246 062 037
Isias Huerta Martinez, A 221 462 907

Adelanto Detention Center
10400 Rancho Rd.
Adelanto, CA 92301.

Dated: October 28, 2026

Respectfully submitted,

*/s/ Jennifer M. Rosario*
JENNIFER M. ROSARIO
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice

*Counsel for Defendants*