UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Pedro VASQUEZ PERDOMO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security, et al., <br><br> Defendants. | No.: 2:25-cv-05605-MEMF-SP <br><br> **ORDER GRANTING IN PART PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH MOTION FOR PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION [DKT. NO. 629]** <br><br> Hon. Maame Ewusi-Mensah Frimpong <br> United States District Judge |

Before the Court is the Application to File Documents Under Seal filed by Plaintiffs. Dkt. 629. In their Application, Plaintiffs request to seal certain material and advise the Court that they oppose sealing of other material that Defendants request to seal. *Id.* This Court has reviewed the supporting declarations and materials submitted by Plaintiffs and Defendants. *See* Dkt. No. 630; 640. Upon due consideration, the Application is GRANTED IN PART.

**I. Applicable Law**

As this Court has previously explained, *see* Dkt. No. 257:

> "A common law right of access to records" exists in civil proceedings. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). In evaluating requests to seal court filings, courts "start with a strong presumption in favor of access." *Id.* This is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).The requesting party "bears the burden of overcoming this strong presumption." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-89 (9th Cir. 2006).
>
> To overcome that presumption, the requesting party "must 'articulate[] compelling reasons supported by specific factual findings'… that outweigh the general history of access and the public policies favoring disclosure." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Then, "[a]fter taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court*, 798 F.2d 1829, 1294 (9th Cir. 1986)). "Without articulable facts" supporting a court's decision to deny public access to its records, the court's "speculation [is] conjecture," and it may not seal the records. *Valley Broadcasting Co.*, 798 F.2d at 1297.

*Id.* at 1.

**II. Discussion**

The parties dispute whether a number of categories of materials should be sealed. The Court applies the standard set forth in the governing law to each category below.

First, Defendants seek to seal the identities of law enforcement officers and agents acting in their official capacities and the faces of agents as they appear in public. This Court has already addressed—and denied—a prior request by Defendants to seal the identities of law enforcement officers and agents acting in their official capacities and the faces of agents as they appear in

public. *See* Dkt. No. 257. The Court has reviewed the declarations presented in support of the current request to seal and finds them insufficient to justify sealing of this material under the applicable standard. The declarations largely point to threats or threatening activities against their agents, but they do not justify redacting the names of agents who operate in public. Further, the declarants do not point to any incidents concerning the agents whose names are at issue in the Application. The declarants reference the "personal identities" of the families of federal officers, Dkt. No. 640-3 ¶ 9, but no information regarding families of officers is at issue. They also make reference to "sensitive and private information of ICE employees," *id.* ¶ 11, but this is also not at issue—only their names and their faces as they appear in public are. The Court takes seriously the risk of harm to any federal employee, but the risks and threats identified do not entitle sealing of this limited material under governing law.

Second, Defendants seek to seal references to agency systems and databases. A mere reference to an agency system or database does not grant members of the public access to the contents of the database, and is not properly sealed from public disclosure.

Third, Defendants seek to seal training material. For many of the same reasons as Defendants training material is not properly considered attorney-client privileges or work product privileged material, Dkt. No. 812, it is not properly sealed from public disclosure.

Fourth, Defendants seek to seal material described as "surveillance methods." Much of what is so described is actually just a description of the factors that Defendants assert are lawfully considered under the Fourth Amendment, or general law enforcement methods (such as running license plates). *See, e.g.*, Ex. 4 at 213–14, 230. This can hardly be described as confidential and certainly does not qualify for sealing, particularly when the same factors are echoed in Defendants' briefing.

Finally, Defendants seek to seal details about specific operations contained within certain individual reports, including what is described as "surveillance methods, dates, and results, photos of vehicles" as well as "dates and times of surveillance operations as well as aerial surveillance photos." Given the ongoing nature of Defendants' operations and given the highly specific details

contained within some of these reports, they are properly sealed from public disclosure at this time for the reasons stated in the supporting declarations.

## III. Conclusion

For the foregoing reasons, the Court rules on the requests as set forth below.

| **Exhibit [Description]** | **Material Requested to Be Sealed** | **Court's Ruling** |
|---|---|---|
| Ex. 2 [SDDO C.C. Dep.] | Officer/agent names down to initials | Denied. |
| Ex. 3 [Kerlikowske Decl.] | Officer/agent names down to initials;<br><br>Material in paragraph 26 which Defendants assert implicates "operational decisions and training" and "intelligence" gathering | Denied.<br><br>Denied. This material is not properly considered privileged and does not otherwise meet the requirements for sealing. |
| Ex. 4 [CBP 30(b)(6) Dep.] [1] | Officer/agent names down to initials;<br><br>Surveillance methods and additional material identified in Dkt. No. 646-1. | Denied.<br><br>Granted as to material on pages 178, 270 (date only), 271, 277 (date and vehicle description only), 282 (date and vehicle description on lines 17-18 only), and 297 (lines 12-14 only). |
| Ex. 5 [DO E.O. Dep.] [2] | Officer/agent names down to initials<br><br>Target names | Denied.<br><br>Granted. |
| Ex. 6 [agents' text chain] | Officer/agent names down to initials | Denied. |

[1] This exhibit is also the subject of the Application to Seal at Dkt. No. 645. See Dkt. No. 646-1. The Court understands that Dkt. No. 645 contains an updated version of the redactions Defendants seek; that is, Defendants seek to seal additional material not requested to be sealed in Dkt. No. 629. *See* Dkt. No. 646-1. For the sake of completeness, the Court addresses the most recent request to seal this exhibit—that is, the request in Dkt. No. 645.

[2] This exhibit is also the subject of the Application to Seal at Dkt. No. 645. *See* Dkt. No. 646-2. The Court understands that Dkt. No. 645 contains an updated version of the redactions Defendants seek; that is, Defendants seek to seal additional material not requested to be sealed in Dkt. No. 629. *See* Dkt. No. 646-2. For the sake of completeness, the Court addresses the most recent request to seal this exhibit, that is the request in Dkt. No. 645.

| | | |
|---|---|---|
| Ex. 12 [SBPA V.S. Dep.] | Officer/agent names down to initials | Denied. |
| Ex. 15 [BPA J.M. Dep.] | Officer/agent names down to initials | Denied. |
| Ex. 17 [End of Shift Report] | Officer/agent names down to initials;<br><br>Material listed under "Future Operations" which Defendants characterize as surveillance methods | Denied.<br><br>Granted. |
| Ex. 20 [HSI SA G.A. Dep.] | Officer/agent names down to initials | Denied. |
| Ex. 21 [Westlake HD and Paramount HD Report of Investigation] | Surveillance methods, dates, and results, photos of vehicles | Granted. |
| Ex. 22 [Magnolia CW, Etc. Report of Investigation] | Surveillance methods, dates, and results, photos of vehicles | Granted. |
| Ex. 23 [SBPA I.F. Dep.] | Officer/agent names down to initials | Denied. |
| Ex. 24 [BPA J.C. Dep.] | Officer/agent names down to initials | Denied. |
| Ex. 25 [SBPA J.E. Dep.] | Officer/agent names down to initials | Denied. |
| Ex. 26 [agents' text chain] | Officer/agent names down to initials | Denied. |
| Ex. 27 [DO C.C. Dep.] | Officer/agent names down to initials | Denied. |
| Ex. 28 [J.A.S. I-213] | Officer/agent names down to initials | Denied. |
| Ex. 31 [RMD Decl.] | Address | Granted. |
| Ex. 32 [RMD I-213] | Address | Granted. |
| Ex. 35 [GVC I-213] | Photo of G.V.C. | Granted. |

| | | |
|---|---|---|
| Ex. 38 [JAS I-213] | Officer/agent names down to initials | Denied. |
| Ex. 39 [agents' text chain] | Officer/agent name down to initials | Denied. |
| Ex. 41 [Magnolia CW PPT Briefing] | Dates and times of surveillance operations as well as aerial surveillance photos | Granted. |
| Ex. 55 [CBP 30(b)(6) Dep. Ex. 150 (excerpts from SBPA V.S. Dep.)] | Officer/agent names down to initials | Denied. |
| Ex. 62 [CBP 30(b)(6) Dep. Ex. 160 (excerpts from SBPA I.F. Dep.)] | Officer/agent names down to initials | Denied. |
| Ex. 63 [Field Operations Worksheet] | Residential address and employer of "target" | Granted. |
| Ex. 64 [agents/officers' text chain] | Photo of "target" | Granted. |
| Ex. 66 [E.C.P. Narrative] | Reference to agency system/database | Denied. |
| Ex. 68 [E.L.R. Narrative] | Reference to agency system/database; full names of individuals identified as "targets" | Granted as to individuals identified as "targets"; otherwise denied. |
| Ex. 71 [E.M.L.H. Narrative] | Reference to agency system/database | Denied. |
| Ex. 72 [R.H. Narrative] | Reference to agency system/database | Denied. |
| Ex. 73 [F.M.F. Narrative] | Reference to agency system/database | Denied. |
| Ex. 74 [L.D.S. Narrative] | Reference to agency system/database | Denied. |
| Ex. 75 [J.G.V. Narrative] | Reference to agency system/database | Denied. |
| Ex. 76 [S.B.B.H. Narrative] | Reference to agency system/database | Denied. |

| | | |
|---|---|---|
| Ex. 80 [GOV-P17-008 (video)] | Faces of officers/agents and tattoo | Denied. |
| Ex. 82 [GOV-P19-044 (video)] | Officer/agent names down to initials | Denied. |
| Ex. 83 [GOV-P17-048 (video)] | Faces of officers/agents | Denied. |
| Ex. 85 [GOV-P17-076] | Faces of officers/agents | Denied. |
| Ex. 86 [GOV-P16-006] | Faces of officers/agents | Denied. |
| Ex. 87 [GOV-P19-060] | Faces of officers/agents | Denied. |
| Ex. 89 [Redacted_AXON_Body_4_Video_2025-08-22_I_F[] (video)] | Faces of officers/agents | Denied. |
| Ex. 91 [GOV-P17-006 (video)] | Faces of officers/agents | Denied. |
| Ex. 92 [GOV-P17-045 (video)] | Faces of officers/agents, phone screen of agent | Denied. |
| Ex. 94 [Redacted_Clip_1_1_Axon_Body_4_Video_2025-08-05_1311_VS[] (video)] | Faces of officers/agents | Denied. |
| Ex. 95 [GOV-P17-059 (video)] | Faces of officers/agents | Denied. |

**IT IS SO ORDERED.**

DATED: October 28, 2026.

Hon. Maame Ewusi-Mensah Frimpong
United States District Judge