**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Pedro VASQUEZ PERDOMO, et al.,

Plaintiffs,

v.

Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security, et al.,

Defendants.

Case No.: 2:25-cv-05605-MEMF-SP

**ORDER DENYING INTERVENORS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH JOINDER IN MOTION FOR PRELIMINARY INJUNCTION RE: SUSPICIONLESS STOPS AND VIOLATION OF EQUAL PROTECTION [DKT. NO. 650]**

Hon. Maame Ewusi-Mensah Frimpong
United States District Judge

On August 5, 2026, Intervenors filed an Application for Leave to File Documents Under Seal. Upon due consideration, the Application to File Documents Under Seal is DENIED.

## I. Applicable Law

As this Court has previously explained, *see* Dkt. No. 257:

> "A common law right of access to records" exists in civil proceedings. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). In evaluating requests to seal court filings, courts "start with a strong presumption in favor of access." *Id.* This is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).The requesting party "bears the burden of overcoming this strong presumption." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-89 (9th Cir. 2006).
>
> To overcome that presumption, the requesting party "must 'articulate[] compelling reasons supported by specific factual findings'… that outweigh the general history of access and the public policies favoring disclosure." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Then, "[a]fter taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court*, 798 F.2d 1829, 1294 (9th Cir. 1986)). "Without articulable facts" supporting a court's decision to deny public access to its records, the court's "speculation [is] conjecture," and it may not seal the records. *Valley Broadcasting Co.*, 798 F.2d at 1297.

*Id.* at 1.

## II. Discussion

The Application generally pertains to whether identifying information of Government employees—attorneys and officers—should be redacted. This Court concludes that it should not.

Defendants seek to seal the identities of law enforcement officers and agents acting in their official capacities and the faces of agents as they appear in public, and the names of attorneys who have attended depositions in this matter. This Court has already addressed—and denied—a prior request by Defendants to seal the identities of law enforcement officers and agents acting in their official capacities and the faces of agents as they appear in public. *See* Dkt. No. 257. The Court has reviewed the declarations presented in support of the current request to seal and finds them insufficient to justify sealing of this material under the applicable standard.

The declarations largely point to threats or threatening activities against their agents, but they do not justify redacting the names of agents who operate in public. Further, the declarants do not point to any incidents concerning the agents whose names are at issue in the Application. The declarants reference the "personal identities" of the families of federal officers, Dkt. No. 659-1 ¶ 10, but no information regarding families of officers is at issue. They also make reference to "sensitive and private information of ICE employees," *id.* ¶ 11, but this is also not at issue—only their names and their faces as they appear in public are. *See id.* ¶ 8; Dkt. No. 659-2 ¶¶ 7–10. The Court takes seriously the risk of harm to any federal employee, but the risks and threats identified do not entitle sealing of this limited material under governing law.

## III. Conclusion

For the foregoing reasons, the Court rules on the requests as set forth below.

| Exhibit [Description] | Material Defendants Seek to Seal | Court's Ruling |
|---|---|---|
| Ex. A [G.A. Dep. Tr.] | Officer/agent names down to initials | Denied. |
| Ex. A [G.A. Dep. Tr.] | The names of attorneys who attended the deposition | Denied. |
| Ex. B [V.S. Dep. Tr.] | Officer/agent names down to initials | Denied. |
| Ex. B [V.S. Dep. Tr.] | The name and contact information of an attorney who attended the deposition | Denied. |
| Ex. C [E.O. Dep. Tr.] | Officer/agent names down to initials | Denied. |
| Ex. C [E.O. Dep. Tr.] | The name of an attorney who attended the deposition | Denied. |

**IT IS SO ORDERED.**

DATED: October 28, 2026.

Hon. Maame Ewusi-Mensah Frimpong
United States District Judge