HYDEE FELDSTEIN SOTO (SBN 106866)
City Attorney
hydee.feldsteinsoto@lacity.org
VALERIE L. FLORES (SBN 138572)
valerie.flores@lacity.org
MICHAEL J. DUNDAS (SBN 226930)
mike.dundas@lacity.org
MARIA LOUISE COUSINEAU (SBN 122280)
maria.cousineau@lacity.org
RANDALL G. SOMMER (SBN 214099)
randall.sommer@lacity.org
SHUBHRA SHIVPURI (SBN 295534)
shubhra.shivpuri@lacity.org
OFFICE OF THE LOS ANGELES CITY ATTORNEY
City Hall 200 North Spring Street
21st Floor
Los Angeles, CA 90012-4130
Tel.: 213-922-8382; Fax: 213-978-7957

*Attorneys for Intervenor City of Los Angeles*

E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
DANIEL B. LEVIN (SBN 226044)
daniel.levin@mto.com
JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
V. GRACE DAVIS (SBN 336732)
grace.davisfisher@mto.com
V. ROMAN LEAL (SBN 348892)
roman.leal@mto.com
WENDY QIUYU XIAO (SBN 342702)
wendy.xiao@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, California 90071
Tel.: 213-683-9100; Fax: 213-687-3702

*Attorneys for Intervenors Cities of Los Angeles, Anaheim, Bell Gardens, Beverly Hills, Carpinteria, Culver City, Huntington Park, Long Beach, Lynwood, Montebello, Monterey Park, Oxnard, Paramount, Pico Rivera, Pomona, Santa Ana, Santa Barbara, Santa Monica, South Gate, and West Hollywood*

(*Additional counsel listed on next page*)

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Pedro VASQUEZ PERDOMO; Carlos Alexander OSORTO; and Isaac VILLEGAS MOLINA; Jorge HERNANDEZ VIRAMONTES; Jason Brian GAVIDIA; LOS ANGELES WORKER CENTER NETWORK; UNITED FARM WORKERS; COALITION FOR HUMANE IMMIGRANT RIGHTS; IMMIGRANT DEFENDERS LAW CENTER,

Plaintiffs,

v.

Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security; David VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Rodney S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Patrol; Michael W.

Case No.: 2:25-cv-05605-MEMF-SP

**INTERVENORS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR STAY OF ORDER GRANTING PRELIMINARY INJUNCTION AND FOR STAY OF PROCEEDINGS PENDING APPEAL**

BANKS, in his official capacity as Chief of U.S. Border Patrol; Kash PATEL, in his official capacity as Director, Federal Bureau of Investigation; Todd BLANCHE, in his official capacity as Acting U.S. Attorney General; Thomas GILES, in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Dean T. SORENSON, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Daniel PARRA, in his official capacity as Acting Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol; Justin DE LA TORRE, in his official capacity as Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol; Akil DAVIS, in his official capacity as Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation; Bilal A. ESSAYLI, in his official capacity as U.S. Attorney for the Central District of California,

Defendants.

NICOLE DAVIS TINKHAM (SBN 229592)
ntinkham@counsel.lacounty.gov
LILIANA CAMPOS (SBN 255753)
lcampos@counsel.lacounty.gov
BRIGIT GREESON ALVAREZ (SBN 237301)
bgreesonalvarez@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
648 Kenneth Hahn Hall of Admin.,
500 West Temple Street
Los Angeles, California 90012-2713
Tel.: 213-808-8736; Fax: 213-633-1915

*Attorneys for Intervenor County of Los Angeles*

MICHELE BEAL BAGNERIS (SBN 115423)
City Attorney
mbagneris@cityofpasadena.net
ARNOLD F. LEE (SBN 278610)
aflee@cityofpasadena.net
ANDREW AARONIAN (SBN 318245)
aaaronian@cityofpasadena.net
OFFICE OF THE CITY ATTORNEY OF PASADENA
100 N Garfield Ave, Rm N-210
Pasadena, CA 91101
Tel.: 626-744-4141; Fax: 626-744-4190

*Attorneys for Intervenor City of Pasadena*

NORMAN L. EISEN*
Norman@democracydefenders.org
STEPHEN A. JONAS*
Steve@democracydefenders.org
JOSHUA G. KOLB*
Joshua@democracydefenders.org
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave. SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958

*Admitted *Pro Hac Vice*

*Attorneys for Intervenor City of Los Angeles*

## I. INTRODUCTION

Intervenors join Plaintiffs' Opposition to Defendants' Ex Parte Application in full and submit this Opposition to address additional reasons that the public interest disfavors a stay. Defendants contend the Court's order "raises public safety concerns." *See* ECF No. 821 at 11. But Defendants again ignore the mountain of evidence showing that Defendants' lawless behavior impedes Intervenors' ability to provide vital local-government services to their residents. And Defendants forget "the regulation of . . . safety matters is primarily, and historically, a matter of *local* concern." *Hillsborough Cnty., Fla. v. Automated Med. Lab'ys, Inc.*, 471 U.S. 707, 719 (1985) (emphasis added). As Intervenors have demonstrated in dozens of sworn declarations, Defendants' lawless campaign of stops and arrests has caused chaos in Intervenors' communities. This Court's preliminary injunction safeguards the constitutional rights of Intervenors' millions of residents; moreover, it protects Intervenors' ability to maintain law and order, to administer justice through their court systems, to maintain public health, and to ensure access to critical public services. Intervenors therefore ask the Court to deny Defendants' application.

## II. THE PUBLIC INTEREST WEIGHS AGAINST A STAY

Defendants fail to meet their burden of showing the public interest favors a stay on the record in this case. A stay applicant must prove the circumstances warrant relief, and the Court must consider injuries to all "parties interested in the proceeding." *Nken v. Holder*, 556 U.S. 418, 433–35 (2009).[1] In addition to the grave harm a stay would cause to Plaintiffs, a stay would harm the public interest by undermining Intervenors' ability to maintain law and order; preserve necessary tax revenue to fund public services; address rampant fraud; and preserve access to core

[1] The Court correctly determined that Intervenors need not establish standing for a preliminary injunction because they sought the same relief as Plaintiffs, and Plaintiffs had independently established standing. *See* ECF No. 823 at 59. Nevertheless, Defendants' stay application requires a distinct equitable judgment, and the Court can consider the harm such relief would cause to Intervenors' sovereign interests in protecting the safety of Intervenors' residents. *See Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 580 (2017) ("Before issuing a stay, '[i]t is ultimately necessary . . . to balance the equities—to explore the relative harms to applicant and respondent, as well as the interests of the public at large.'" (quoting *Barnes v. E–Systems, Inc. Group Hospital Medical & Surgical Ins. Plan,* 501 U.S. 1301, 1305 (1991) (Scalia, J., in chambers))).

public functions in their communities. *See, e.g.*, *Kelley v. Johnson*, 425 U.S. 238, 247 (1976) (recognizing "promotion of safety of persons and property is unquestionably at the core of the State's police power"). The harm caused by Defendants' unlawful tactics is extensively detailed in the forty-seven declarations Intervenors filed in support of their joinder motions. *See generally* ECF Nos. 570, 649.

One important example is the harm to local law enforcement. Defendants' systemic racial profiling undermines the trust and relationships that Intervenors and local law enforcement have built with their communities. Impacted residents confuse Defendants' unlawful actions with the conduct of local first responders, jeopardizing Intervenors' ability to provide emergency services. *See* Hurtado Decl., ECF No. 570-3, ¶ 11; Kirby Decl., ECF No. 570-29, ¶¶ 6–9; O'Kelly Decl., ECF No. 570-15, ¶¶ 5–6; Scott Decl., ECF No. 570-31, ¶¶ 8–9; Wiese Decl., ECF No. 570-24, ¶¶ 5–6; Skeen Decl., ECF No. 570-12, ¶ 9; Ramos Decl., ECF No. 570-11, ¶¶ 9–12. Crime victims and witnesses hesitate to speak to law enforcement or appear in court due to fears that their involvement will lead to federal immigration enforcement, that their information will be shared with federal immigration agents, or that local officials themselves may be federal agents. *See* Hurtado Decl., ECF No. 570-3, ¶¶ 11–12; Karkanen Decl., ECF No. 570-10, ¶¶ 4, 8–9; Skeen Decl., ECF No. 570-12, ¶ 15; Carbajal Decl., ECF No. 570-6, ¶¶ 10, 13–15. This causes "ongoing negative impact[s] on criminal prosecutions," Karkanen Decl., ECF No. 570-10, ¶¶ 4, 8–9, thereby impeding Intervenors' ability to administer justice and protect public safety.

Moreover, Intervenors had to divert limited resources—including personnel hours, funds, equipment, and policy priorities—to respond to and manage the fallout from Defendants' now-enjoined actions. *See* ECF No. 649 at 5–6; *see also, e.g.*, Kirby Decl., ECF No. 570-29, ¶¶ 9–12; O'Kelly Decl., ECF No. 570-15, ¶ 10; Skeen Decl., ECF No. 570-12, ¶ 11; Scott Decl., ECF No. 570-31, ¶ 9; Hurtado Decl., ECF No. 570-3, ¶¶ 5, 11; Reyes Decl., ECF No. 570-20, ¶¶ 6, 9. That diversion of resources causes Intervenors irreparable harm. *See City & Cnty. of San Francisco v. Trump*, 783 F. Supp. 3d 1148, 1186 (N.D. Cal. 2025) (budgetary effects on law enforcement programs constitute irreparable harm warranting a preliminary injunction); *Garcia v. City of Los*

*Angeles*, 481 F. Supp. 3d 1031, 1049 (C.D. Cal. 2020), *aff'd*, 11 F.4th 1113 (9th Cir. 2021) (forcing a plaintiff to "divert resources from advancing its mission" constitutes irreparable harm).

Defendants attempt to justify a stay by asserting the "Los Angeles area remains a crucial priority" for Defendants' purported interests in immigration enforcement. *See* ECF No. 821 at 10. But Intervenors, not Defendants, represent the public interest in maintaining law and order in their own communities. *Cf. United States v. Morrison*, 529 U.S. 598, 618 (2000) (recognizing police power was "denied the National Government and reposed in the States").

In short, the dozens of declarations Intervenors submitted with their Joinder Motions prove that the public interest, for so many reasons, weighs against a stay. Here, the public interest favors protecting the constitutional rights of millions of Central District residents by keeping the Court's injunction in effect.

## III. <u>CONCLUSION</u>

For the reasons above, Intervenors respectfully ask the Court to deny Defendants' Ex Parte Application for a Stay.

DATED: October 30, 2026 MUNGER, TOLLES & OLSON LLP

By: */s/ E. Martin Estrada*
E. MARTIN ESTRADA

*Attorneys for Intervenors Cities of Los Angeles, Anaheim, Bell Gardens, Beverly Hills, Carpinteria, Culver City, Huntington Park, Long Beach, Lynwood, Montebello, Monterey Park, Oxnard, Paramount, Pico Rivera, Pomona, Santa Ana, Santa Barbara, Santa Monica, South Gate, and West Hollywood*

By: */s/ Michael J. Dundas*

MICHAEL J. DUNDAS
Assistant City Attorney

OFFICE OF THE LOS ANGELES CITY ATTORNEY

*Attorney for Intervenor City of Los Angeles*

By: */s/ Brigit Greeson Alvarez*

BRIGIT GREESON ALVAREZ
Deputy County Counsel

OFFICE OF THE COUNTY COUNSEL

*Attorney for Intervenor County of Los Angeles*

By: */s/ Arnold F. Lee*

ARNOLD F. LEE
Chief Assistant City Attorney

OFFICE OF THE CITY ATTORNEY OF PASADENA

*Attorney for Intervenor City of Pasadena*