UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | November 2, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Markwayne Mullin et al.* | | |

Present: The Honorable: Maame Ewusi-Mensah Frimpong

| | |
|---|---|
| Damon Berry | |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR STAY OF ORDER GRANTING PRELIMINARY INJUNCTION [DKT. NO. 821]**

Before this Court is Defendants' Ex Parte Application for Stay of Order Granting Preliminary Injunction and for Stay of Proceedings Pending Appeal. Dkt. No. 821 ("Application" or "App."). Plaintiffs filed an Opposition, Dkt. No. 831 ("Opp."), as did Intervenors, Dkt. No. 834 ("Int. Opp.").

The Application asks this Court to do two things: (1) stay the Racially Based Stops Policy Preliminary Injunction, Dkt. No. 823 ("PI Order"), and (2) stay all proceedings in this matter. App. at 3–13.

For the reasons that follow, both requests are DENIED.

**Background**

On July 27, 2026, Stop/Arrest Plaintiffs filed a motion for a preliminary injunction. Dkt. No. 632 ("PI Motion"). The PI Motion sought to enjoin what it alleged was the Government's practice of conducting detentive stops on the basis that a detainee appeared Latino, or Latino and working-class. *Id.* The parties fully briefed the Motion. *See* Dkt. No. 678 ("PI Opp."); Dkt. No. 710 ("PI Reply").

On October 23, 2026, this Court partially granted the PI Motion. *See* PI Order. It found that Plaintiffs had shown—for purposes of a preliminary injunction—that the Government engaged in an unlawful and officially sanctioned policy of stopping individuals for immigration enforcement based upon their appearance as Latino or Latino and working-class. PI Order at 35–57. It therefore enjoined the Government from relying on "racial stereotyping" or "solely on apparent status as low-income or working-class and Latino" in developing reasonable suspicion for detentive stops within this District. *Id.* at 83.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | November 2, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Markwayne Mullin et al.* | | |

**Applicable Law**

*Ex Parte Applications*

Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492.

*Requests to Stay*

A stay pending appeal is an "extraordinary remedy." *United States v. Mitchell*, 971 F.3d 993, 999 (9th Cir. 2020). As the proponents of a stay, Defendants bear the burden of demonstrating that one is warranted. *Id.* at 996. In determining whether to grant a stay, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009).

Because success on the merits and irreparable injury are "the most critical" factors, courts "consider the final two factors only '[o]nce an applicant satisfies the first two.'" *Mitchell*, 971 F.3d at 996 (quoting *Nken*, 556 U.S. at 434–35). A "stay is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433–34.

**Discussion**

*The Government fails to show ex parte relief is warranted.*

As a threshold matter, the Government does not show its entitlement to ex parte relief.

The Government does not attempt to show—as required by the *Mission Power* test—why it would be irreparably prejudiced by making this request through regular motions practice. Indeed, the Government already made a request to stay the PI through regular motions practice, *see* PI Opp. at 28, and this Court has already considered and rejected it in the context of regular motions practice, *see* PI Order at 81–93.[1] At best, the Government tries to explain that the Court's issued injunction is overbroad and will chill lawful immigration enforcement. *See* App. at 9–10. But this does not address the need for ex parte relief.

[1] Nor does the Government attempt to meet the standards for a motion for reconsideration. *See* L.R. 7-18.

The Government has failed to meet the requirements for ex parte relief under the *Mission Power* standard; this is fatal to the Application. Nevertheless, in the interest of judicial economy, the Court addresses the merits of the Application below.

*The Government's request for a stay of the PI Order fails.*

*First*, the Government is not likely to succeed on the merits.

As this Court has determined, Stop/Arrest Plaintiffs will likely prevail on several of the grounds they advance. The greater part of Defendants' arguments challenge this Court's findings regarding Article III standing, injunctive scope, and the precedential weight of appellate courts' previous interim orders in this case.[2] *See* App. at 3–9. To the extent that this Court has already disposed of these arguments, and their presentation has not changed at this stage, it will not repeat its reasoning here. *See* PI Order at 49, 53, 75–77. Needless to say, the Court, having considered these arguments anew, is not persuaded that the Government is likely to succeed on the merits.

In particular, Defendants argue that similar standing deficiencies to those alleged here recently led the Ninth Circuit to lift a preliminary injunction similar to this one. App. at 12 (citing *United Farm Workers v. Mullin*, No. 25-4047, 2026 WL 2754794, at *1 (9th Cir. Aug. 24, 2026)). There, the defendants raised arguments on appeal regarding the risk of future harm that had *not yet been raised*, and therefore *were not addressed*, by the District Court. *United Farm Workers*, 2026 WL 2754794 at *1. The Ninth Circuit therefore lifted the stay and remanded to the District Court to consider the risk of future harm. *Id.* at *2. Here, the Court thoroughly addressed the risk of future harm in granting the PI. And, on appeal, Defendants appear to dispute standing solely on grounds raised before this Court and addressed by this Court. *See* App. at 4–7; *see also* PI Order at 60–69. *United Farm Workers*, therefore, is distinguishable.

*Second*, the Government has not shown it will be irreparably injured absent a stay.

Defendants' arguments regarding irreparable injury continue to draw heavily on concerns arising from their misreading of the PI Order. They emphasize fears of "serious operational problems and public safety concerns" stemming from challenges in immigration enforcement personnel's attempts to

---

[2] On vagueness in the PI Order's language, Defendants claim that the Court's "failure to define "low-income or working class status… leav[es] officers to guess at the boundaries of permissible conduct." App. at 9. They reason that the PI Order "violates basic Fourth Amendment principles and common sense in evaluating the relevancy of the two factors at issue in this case (apparent Latino ethnicity and perceived low-income status)." *Id.*

These lines of argument warrant clarification on the proper reading of this Court's preliminary injunction. This injunction does not "sharply depart from the totality-of-the-circumstances inquiry," as Defendants allege. *Id.* In fact, this injunction *mandates* that agents consider the totality of the circumstances in determining reasonable suspicion for unlawful presence in the United States, as required by the Fourth Amendment. It does so by enjoining *sole* reliance on apparent status as low-income or working-class and Latino in developing reasonable suspicion. PI Order at 83. That is wholly consistent with governing precedent. *Id.* at 50–56.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | November 2, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Markwayne Mullin et al.* | | |

interpret the terms "Latino" and "low-income or working class." App. at 11. Defendants assert that legitimate immigration efforts will be chilled by the expectation that enforcement personnel "can ascertain an individual's economic status in the field." *Id.*; *see also* Quinones Decl. ¶¶ 8–11; Parra Decl. ¶ 10. The PI Order requires no such thing. Nowhere does it require officers to determine an individual's apparent ethnicity nor their economic status prior to making a stop. Further, there is no criterion that the order deems categorically improper to consider in developing reasonable suspicion. Despite Defendants' concerns regarding its implementation, the order is "specific about the specific activities it seeks to prevent." PI Order at 77.

Defendants "cannot reasonably assert that [they are] harmed in any legally cognizable sense by being enjoined from unlawful practices." *Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). Following the Constitution cannot harm Defendants. *Id.*; *see also* Opp. at 1. To be sure, Defendants' compliance with this Court's ordered injunction will require resources. But Defendants do not show that the effort would irreparably harm them.

Finding neither of the first two factors met—which carry the most weight—this Court need not reach the next two. *Mitchell*, 971 F.3d at 996; *Nken*, 556 U.S. at 434–35.

*The Government's request for a stay of all proceedings fails.*

Defendants next ask this Court to stay all proceedings in this case pending their appeal. App. at 11–14. This Court will not do so.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).[3] "[T]he suppliant for a stay must make out a *clear case of hardship or inequity in being required to go forward*, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* at 255 (emphasis added).

Defendants reason that a stay of all proceedings are warranted because

> (1) the Ninth Circuit just lifted a preliminary injunction in a case implicating materially similar claims [in *United Farm Workers*], (2) the Supreme Court stayed this Court's previous injunctive-relief order based on nearly the same record, (3) both courts expressed the importance of resolving Plaintiffs' standing in each case, and (4) multiple courts of appeals are currently resolving the same legal issues.

App. at 13.

As to Defendants' first argument, this Order has already addressed why the grounds for the Ninth

[3] This Court has already addressed why the *Nken* factors weigh against granting a stay, and so only addresses the arguments for a discretionary stay here.

Circuit's remand in *United Farm Workers* do not apply here.

As to the second, Defendants urge this Court to speculate as to the basis for the Supreme Court's stay of the July 2025 TRO—which was not accompanied by a majority opinion—and to attempt to apply that basis to the newly issued PI Order. This Court will not do so. For instance, it may well be that the record supporting the PI Order resolves the defects that formed the basis for the Supreme Court's stay of the July 2025 TRO. It would be improper for this Court to deduce binding reasoning where the Supreme Court did not provide it. Nor can this Court assume that the unstated reasoning for staying the past TRO would favor Defendants—or even that the Supreme Court had one unified reason for granting the stay.

As to the third, this argument misstates the record both for *United Farm Workers* and for the Supreme Court's stay order in this case. Because no majority decision exists—only one concurrence and one dissent—it would be inappropriate for this Court to assume that "resolving Plaintiffs' standing" was the reason for the stay. In any event, this Court has thoroughly discussed its reasons for concluding Stop/Arrest Plaintiffs have standing. *See, e.g.*, PI Order at 58–69.

As to the fourth, that other courts of appeal are considering similar questions is insufficient basis for this Court to stay active litigation. There is no principle identified by Defendants that would counsel this Court otherwise. To the contrary, permitting the further development of the record on these important questions will be beneficial to the answering of these questions. And though other circuits' decisions are entitled to respectful consideration, only the Ninth Circuit binds this Court.

Plaintiffs' Opposition gives additional basis to deny a stay of all proceedings in this case. The appeal only involves Plaintiffs' Fourth and Fifth Amendment–based causes of action for the Government's practice of conducting detentive stops. Opp. at 16–17. Even if Defendants' appeal is successful, there is no indication that Plaintiffs' other theories would necessarily be implicated. Further, given that this Court has found that the Government's ongoing conduct causes Plaintiffs irreparable harm, *see* PI Order at 71, it follows that a stay would create more than a "fair possibility" of harm for Plaintiffs. *Landis*, 299 U.S. at 255.

In sum, because the Government does not make out a clear case of hardship or inequity—and because a stay would irreparably harm Plaintiffs—the Government's request fails.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-5605-MEMF-SP | Date | November 2, 2026 |
| Title | *Pedro Vasquez Perdomo et al v. Markwayne Mullin et al.* | | |

**Conclusion**

The Application is DENIED, both with respect to a stay of the PI Order and a stay of all proceedings in this case.

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk DBE