**Email to Employees re: Personal Phones and** Perdomo**.**

**EMPLOYEE NOTIFICATION REGARDING UNION REPRESENTATION: Pursuant to 5 U.S.C. § 7114(a)(2)(B) you have the right to be represented by a person designated by the exclusively recognized labor organization for the unit in which you work, if, (a) you reasonably believe that the results of this process may result in disciplinary action against you; and (b) you request representation.**

In *Perdomo v. Noem*, No. 2:25-cv-05605 (C.D. Cal), the magistrate judge in a federal district court in California ordered that any personal phone of any Border Patrol agents or CBP officers present at any of 15 specific encounters must be forensically imaged. The government challenged this decision. The government's position is that personal cell phones of government employees are not within the government's possession, custody, or control. Additionally, the government's position is that the Fourth Amendment prohibits the government from seizing these phones or forensically imaging their entire contents without consent of the owner of the phone. Currently, the order mandating forensics is in effect, and compliance with the order must continue while the government assesses litigation options.

Specifically, the court states in the attached September 21, 2026 order that the government should "inform their [officers and agents] that a court has ordered that they submit their personal phones for forensic imaging, and instruct them that they are required to do so. As sworn law enforcement agents, there is every reason to believe that most of them would comply with a court order when their employer directs them to do so." (*See* attached, p. 17.) The court clarified that it has not ordered CBP to forcibly seize the personal phones of Border Patrol agents and CBP officers for forensic imaging. (*See id.*)

The court also has not ordered CBP to take disciplinary action if you do not turn over your phone for forensic imaging. CBP is required to notify you of the order. CBP requests that you submit your phone to CBP for forensic imaging to comply with the order.

To submit your phone for forensic imaging by CBP, reach out to your first line supervisor by XXXDATE [two weeks from date the email is sent] to schedule an appointment. If you need additional time, please request an extension with your supervisor.

We encourage you to bring **any questions** regarding this process to your **first-line supervisor**. If you have any questions regarding your rights, you may contact your **union representative** or, at your own expense, consult with your own **personal lawyer**.

Of the 15 encounters, only 12 had CBP personnel present. The other encounters had ICE personnel present. According to CBP records, you were at one of the CBP encounters. If you do not think you were at any of the CBP encounters, **please contact your first-line**

**supervisor immediately.** Please also **provide to your first-line supervisor** the encounters that you were present at. If you did not use your personal phone for government business, **please contact your first line supervisor**.

Government business means that you used your personal phone to assist in implementing any government missions or operations. For example, if you used your personal phone to message (e.g. iMessage, texts, WhatsApp, Signal, Zello) or to discuss the operations or encounters or any videos or photos taken of the encounters or operations.

Do not delete, alter, replace, reset, or otherwise dispose of potentially work-related information on any personal device used in connection with an identified operation. If you have replaced a device, changed phone numbers, or no longer possess a device that may contain relevant work-related information, **notify your first-line supervisor promptly**.

**Process for Forensic Imaging**

Forensically imaging a phone requires the **entire** phone (e.g. all data including, texts, phone call logs, pictures, videos, and data from applications) including any active files, deleted files, hidden data, and systems areas to be copied and stored outside your phone. Forensic imaging will not alter your phone and your data will remain on your phone. Due to certain data issues and the Court's Order, targeted collection of just federal records is not technologically feasible. Therefore, all data will be forensically imaged. Forensically imaging your personal phone may take longer than one shift, and it may require loss of use of your personal phone for a few days. Please prepare accordingly before your scheduled appointment.

Once forensically imaged, a report will be generated that narrows the amount of data to be reviewed to a specific date range. That data will then be reviewed for responsive information related to this litigation. The review of the phones will be conducted by the attorneys and support staff representing the United States, (i.e., CBP- Office of Chief Counsel, U.S. Department of Justice, ICE- Office of Principal Legal Advisor, and DHS – Office of General Counsel). After review, if that information is relevant to *Perdomo* and not privileged it will then be provided to opposing counsel.

**CBP personnel were present at the following encounters:**

- 6.12.25 - Yank Towing Yard, 1537 West Olympic Parkway, Montebello
- 6.18.25 – Car Touch and Flow, 11615 Carmanita Rd., Whittier
- 6.19.25 – Home Depot, 5600 W. Sunset Blvd., Hollywood

- 8.3.25 – Home Depot, 6400 Alondra Blvd., Paramount
- 8.5.25 – Magnolia Car Wash, 18020 Magnolia St., Fountain Valley
- 8.6.25 – Home Depot (Trojan Horse), 1675 Wilshire Blvd., Westlake
- 8.7.25 – Home Depot, 1055 W. 21st St., San Bernadino
- 8.12.25 – Handy J Car Wash, 12681 Washington Blvd., Marina Del Rey
- 8.22.25 – Pasadena Car Wash, 164 W. Del Mar Blvd., Pasadena
- 9.22.25 – Naples Island Car Wash, 5790 2nd St., Long Beach
- 9.23.25 – Home Depot, 2881 E. Walnut, Pasadena
- 9.25.25 – Contractors Warehouse, 1680 W. Mission Blvd., Pomona