FILED
CLERK, U.S. DISTRICT COURT
11/5/26
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

ARNOLDO ANTONIO GARCIA
A 073 929 240
ANTONIO DE JESUS RIVERA GOMEZ
A 204 735 125
JORGE TEJADA RUVALCABA
A 219 284 078
ANGEL ESTRADA
A 246 061 966
RUTILIO OLIVARES BARAJAS
A 221 462 883
JOSE CRUZ GOMEZ SANCHEZ
A 246 062 037
ISIAS HUERTA MARTINEZ
A 221 462 907
DOUGLAS VLADIMIR VASQUEZ
A 095 007 643
ANTONIO RODRIGUEZ SALOME
A 202 127 716
REY SOTO JULIO
A 246 062 105
JOSE CRUZ
A 099 666 534
JOSE LINDO
A 241 910 820
ANDRES FREDY
A 209126 566
FELIPE TUM MEJIA
A 217 911 972
NOBERTO JARACUANO
A 562204 5562
EFRAIN TRUJILLO MEDOZA
A 041 400 175
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

Intervenpr-Plaintiffs in Pro Se.

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA.**

| | |
|---|---|
| PEDRO VASQUEZ PERDOMO, CARLOS ALEXANDER OSORTO, ISAAC VILLEGAS MOLINA, JORGE HERNANDEZ VIRAMONTES, JASON BRIAN GAVIDIA, COALITION FOR HUMANE IMMIGRANT RIGHTS, IMMIGRANT DEFENDERS LAW CENTER, LOS ANGELES WORKER CENTER NETWORK, UNITED FARM | Case No.: 2:25-CV-5605- MEMF(SPx)<br><br>MOTION TO INTERVENE IN ACTION AFFECTING INTERVENORS' RIGHTS, INCLUDING ADDING ADDITIONAL INTERVENORS.<br>Motion Date: Feb. 4, 2027.<br>Time: 10:00 a. m.<br>Room: 8B. |

| | |
|---|---|
| WORKERS,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, Department of Homeland Security, TODD BLANCHE, Attorney General, IMMIGRATION AND CUSTOMS ENFORCEMENT, TODD LYONS, Acting Los Angeles Field Office Director, Immigration and Customs Enforcement, ERNESTO SANTACRUZ, JR., Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement, EDDY WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigatons, U.S. Immigration and Customs Enforcement, RODNEY S. SCOT, Commissioner, U.S. Customs and Border Patrol, MICHAEL W. BANKS, Chief of U.S. Border Patrol, JEFFEREY D. STALNAKER, Acting Chief Patrol Agent, San Diego Sector of the U.S. Border Patrol, GREGORY K. BOVINO, Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol, KASH PATEL, Director, Federal Bureau of Investigation, AKIL DAVIS, Assistant Director in Charge, Los Angeles Office, Federal Bureau of Investigation, BILAL A. ESSAYLI, U.S. Special Assistant Attorney for the Central District of California,<br><br>Defendants,<br><br>CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, CITY OF ANAHEIM, CITY OF BELL GARDENS, CITY OF BEVERLY HILLS, CITY OF CARPINTERIA, CITY OF COSTA MESA, CITY OF CULVER CITY, CITY OF FULLERTON, CITY OF GOLETA, CITY OF HUNTINGTON PARK, CITY OF LONG BEACH, CITY OF LYNWOOD, CITY OF MONTEBELLO, CITY OF MONTEREY PARK, CITY OF OXNARD, CITY OF PARAMOUNT, CITY OF PASADENA, CITY OF PICO RIVERA, CITY OF POMONA, CITY OF SANTA ANA, CITY OF SANTA BARBARA, | Discovery Cut-Off: None.<br>Motion Cut-Off: None.<br>Trial Date: None. |



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

CITY OF SANTA MONICA, CITY OF SOUTH GATE, CITY OF WEST HOLLYWOOD, STATE OF CALIFORNIA, STATE OF ILLINOIS,

Intervenor-Plaintiffs,

ARNOLDO ANTONIO GARCIA, ANTONIO DE JESUS RIVERA GOMEZ, JORGE TEJADA RUVALCABA, ANGEL ESTRADA, RUTILIO OLIVARES BARAJAS, JOSE CRUZ GOMEZ SANCHEZ, ISIAS HUERTA MARTINEZ, DOUGLAS VLADIMIR VASQUEZ, ANTONIO RODRIGUEZ SALOME, REY SOTO JULIO, JOSE CRUZ, JOSE LINDO, ANDRES FREDY, FELIPE TUM MEJIA, NOBERTO JARACUANO, EFRAIN TRUJILLO MEDOZA,

Proposed Intervenor-Plaintiffs,

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Proposed Intervenor-Plaintiffs Arnoldo Antonio Garcia, Antonio De Jesus Rivera Gomez, Jorge Tejada Ruvalcaba, Angel Estrada, Rutilio Olivares Barajas, Jose Cruz Gomez Sanchez, and Isias Huerta Martinez, Douglas Vladimir Vasquez, Antonio Rodriguez Salome, Rey Soto Julio, Jose Cruz, Jose Lindo, Andres Fredy, Felipe Tum Mejia, Noberto Jaracuano, and Efrain Trujillo Medoza (collectively, “Proposed Intervenors”), appearing in pro se, hereby move this Court, pursuant to Federal Rule of Civil Procedure 24, for an order granting them leave to intervene as plaintiffs in the above-entitled action.

This Motion is made on the grounds that Proposed Intervenors have a significant interest in the subject matter of this litigation relating to the lawfulness of warrantless immigration arrests, the Government’s alleged Escape Risk Policy, detention practices, and related constitutional and statutory violations; that disposition of the action may as a practical matter impair or impede their ability to protect that interest; that their interest is



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

not adequately represented by the existing parties; and that intervention is timely. In the alternative, Proposed Intervenors seek permissive intervention under Rule 24(b).

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the [Proposed] Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief and for Violations of Civil Code § 53.8 lodged herewith as Exhibit A, the records and files in this action, and such further evidence and argument as may be presented at any hearing on this Motion.

Dated this 5th day of November, 2026

By: *Arnoldo Antonio Garcia*

ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Antonio De Jesus Rivera Gomez*

ANTONIO DE JESUS RIVERA GOMEZ
A 204 735 125
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

Dated this 5th day of November, 2026

By: *Jorge Tejada Ruvalcaba*
JORGE TEJADA RUVALCABA
A 219 284 078
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Angel Estrada*
ANGEL ESTRADA
A 246 061 966
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Rutilio Olivares Barajas*
RUTILIO OLIVARES BARAJAS
A 221 462 883
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

Dated this 5th day of November, 2026

By: *Jose Cruz Gomez Sanchez*
JOSE CRUZ GOMEZ SANCHEZ
A 246 062 037
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Isias Huerta Martinez*
ISIAS HUERTA MARTINEZ
A 221 462 907
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Douglas Vladimir Vasqez*
DOUGLAS VLADIMIR VASQUEZ
A 095 007 643
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

Dated this 5th day of November, 2026

By: *Antonio Rodriguez Salome*
ANTONIO RODRIGUEZ SALOME
A 202 127 716
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Rey Soto Julio*
REY SOTO JULIO
A 246 062 105
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Jose Cruz*
JOSE CRUZ
A 099 666 534
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Jose Lindo*
JOSE LINDO
A 241 910 820
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

Dated this 5th day of November, 2026

By: Andres Fredy
ANDRES FREDY
A 209126 566
ADELANTO
DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: Felipe Tum Mejia
FELIPE TUM MEJIA
A 217 911 972
ADELANTO
DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: Noberto Jaracuano
NOBERTO JARACUANO
A 562204 5562
ADELANTO
DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: /S/EFRAIN TRUJILLO MEDOZA /S/
EFRAIN TRUJILLO
MEDOZA
A 041 400 175
ADELANTO
DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE

## I. INTRODUCTION

Proposed Intervenors are seven individuals currently detained at the Adelanto Detention Center in Adelanto, California, following warrantless arrests by immigration enforcement officers in the Central District of California in or about August 2026. They allege that their arrests and continued detention violate 8 U.S.C. § 1357(a)(2), 8 C.F.R. § 287.8(c), the Fourth and Fifth Amendments, and related authorities, including the absence of probable cause, the absence of an individualized flight-risk determination, and the failure of officers to identify themselves and state the basis for the arrest. These allegations track closely the claims and the Government's alleged "Escape Risk Policy" that this Court has already preliminarily enjoined in part. See Dkt. No. 738 (Amended Order Granting in Part Plaintiffs' Motion for Preliminary Injunction Re: Warrantless Arrests).

Proposed Intervenors seek leave to intervene so that they may pursue habeas corpus relief under 28 U.S.C. § 2241, declaratory and injunctive relief against transfer or removal, and related civil rights claims arising from the same pattern of alleged unlawful warrantless arrests and detention practices at issue in this action. Intervention will promote judicial economy, avoid duplicative litigation, and ensure that individuals who are presently suffering the precise harms challenged in this case may be heard.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This action challenges certain immigration enforcement practices in the greater Los Angeles area, including alleged warrantless arrests conducted without a determination that the individual is likely to escape before a warrant can be obtained. On September 2, 2026, this Court issued an Amended Order granting in part a preliminary



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

injunction requiring, among other things, that designated immigration officers make and document an individualized flight-risk determination before effecting a warrantless arrest. Dkt. No. 738.

Proposed Intervenors were arrested in the Central District of California in or about August 2026 under circumstances they allege were substantially similar: agents in dark green vests marked "POLICE" (and at least one marked "ICE"), masked, armed, and acting aggressively, surrounded and handcuffed them without warrants, without probable cause that they were unlawfully present, without an individualized flight-risk finding, and without identifying themselves as immigration officers or stating the basis for the arrest. They were transported to Adelanto Detention Center, where they remain in custody and face imminent transfer outside the district and removal proceedings. Their families are located in the Central District. Not all have counsel in their removal proceedings.

The detailed factual allegations appear in the [Proposed] Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief and for Violations of Civil Code § 53.8, which is lodged concurrently as Exhibit A and incorporated herein by reference.

## III. LEGAL STANDARD

### A. Intervention of Right (Rule 24(a)(2))

Rule 24(a)(2) requires the Court to permit intervention when the applicant (1) files a timely motion, (2) claims an interest relating to the property or transaction that is the subject of the action, (3) is so situated that disposing of the action may as a practical matter impair or impede the applicant's ability to protect that interest, and (4) is not adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2); see also *Wilderness*



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

*Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). The Ninth Circuit interprets these requirements liberally in favor of intervention. *Id.*

**B. Permissive Intervention (Rule 24(b))**

Under Rule 24(b), the Court may permit intervention when the applicant has a claim or defense that shares a common question of law or fact with the main action, and the intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(1)(B), (b)(3).

## IV. ARGUMENT

### *A. The Motion Is Timely*

Timeliness is evaluated by reference to the stage of the proceedings, the prejudice that intervention would cause to existing parties, and the length of and reason for any delay. *United States v. Oregon,* 745 F.2d 550, 552 (9th Cir. 1984). This action remains in its early-to-middle stages. A preliminary injunction addressing the core Escape Risk Policy has only recently issued (September 2, 2026). Proposed Intervenors were detained in August 2026 and have acted promptly upon learning of the pendency of this related litigation and the Court's preliminary injunction. No discovery cutoff or trial date has been set that would be disrupted by their joinder, and their participation will not delay resolution of the existing claims.

### *B. Proposed Intervenors Have a Significantly Protectable Interest*

Proposed Intervenors' interest is direct and concrete: their liberty. They claim that the same alleged unlawful practices—warrantless arrests without flight-risk determinations, without probable cause, and without required identification—resulted in their detention and continue to expose them to transfer and removal. This interest is the



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

precise subject matter of the preliminary injunction already entered and of several counts in the operative complaint. See Dkt. No. 485 (Second Amended Complaint); Dkt. No. 738. An interest in the legality of the very practices that caused and maintain one's detention is plainly "significantly protectable."

***C. Disposition of the Action May Impair Proposed Intervenors' Ability to Protect Their Interest***

A judgment or further injunctive orders in this action will necessarily speak to the lawfulness of the Escape Risk Policy and related arrest and detention practices. If Proposed Intervenors are excluded, they risk inconsistent adjudications, the practical application of stare decisis or issue preclusion on questions central to their habeas and civil rights claims, and the loss of the opportunity to seek coordinated injunctive relief (including against transfer outside the district) in the same forum that is already supervising the Government's compliance. The Ninth Circuit has recognized that such practical impairment supports intervention of right.

***D. Existing Parties Do Not Adequately Represent Proposed Intervenors' Interest***

The existing plaintiffs include organizational plaintiffs and a limited number of individual plaintiffs whose circumstances, while related, are not identical to those of the Proposed Intervenors (who are currently detained at Adelanto following August 2026 arrests and who seek individual habeas relief for release). Proposed Intervenors have a distinct, personal interest in immediate release or protection from transfer/removal that may not be fully coextensive with the organizations' broader programmatic interests or with the claims of the original individual plaintiffs. The burden of showing inadequate representation is minimal; any difference in the strength of the interest or in the preferred



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

remedy is sufficient. See *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972); *California ex rel. Lockyer v. United States,* 450 F.3d 436, 444 (9th Cir. 2006).

***E. In the Alternative, Permissive Intervention Is Warranted***

Even if the Court were to find that one of the Rule 24(a) elements is not satisfied, permissive intervention under Rule 24(b) is appropriate. Proposed Intervenors' claims share common questions of law and fact with the existing action: the interpretation and application of 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c), the existence and lawfulness of the Escape Risk Policy, the requirements of the Fourth and Fifth Amendments in the immigration-arrest context, and the propriety of related injunctive and declaratory relief. Allowing intervention will not unduly delay the proceedings or prejudice the original parties; rather, it will promote efficiency by consolidating related challenges to the same practices in a single action already pending before this Court.

***F. The Court Should Permit Intervention by All Proposed Intervenors as a Cohesive Group of Similarly Situated Individuals.***

Proposed Intervenors move jointly for leave to intervene because they are a cohesive group of individuals who were arrested in the Central District of California in or about August 2026 under circumstances substantially similar to those already challenged in this action, and who remain detained at the Adelanto Detention Center. Their claims arise from the same alleged practices—the Government's Escape Risk Policy and related warrantless-arrest and detention practices that this Court has preliminarily enjoined in part (Dkt. No. 738) and that form the basis of the certified Warrantless Arrest Class (Dkt. No. 739). Allowing all of them to intervene in a single motion advances the purposes of Rule 24 far more effectively than requiring each to file a separate motion or a separate habeas petition.



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

First, the common questions of law and fact among the Proposed Intervenors, and between them and the existing action, are overwhelming. Each alleges arrest without a pre-arrest individualized determination of likelihood of escape under 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c), without probable cause of unlawful presence sufficient to justify the warrantless arrest, and without the officers identifying themselves and stating the basis for the arrest. Each seeks habeas relief under 28 U.S.C. § 2241 for release or protection from transfer/removal, together with declaratory and injunctive relief and related claims. These are precisely the legal and factual issues already being litigated here, including the scope and application of the Escape Risk Policy that the Court has enjoined and the parameters of the Warrantless Arrest Class. Rule 24(b) expressly contemplates permissive intervention where claims share common questions of law or fact, and the Ninth Circuit applies the rule liberally. *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). Joint intervention avoids the inefficiency and risk of inconsistent results that would attend multiple parallel § 2241 petitions filed in this District (or elsewhere) by persons whose cases present identical core questions.

Second, the existing parties do not adequately represent the distinct individual liberty interests of currently detained persons seeking immediate personal relief. The Warrantless Arrest Class is represented by organizational plaintiffs (LAWCN and CHIRLA). Organizational plaintiffs cannot themselves be the petitioners in individual habeas proceedings under § 2241, nor can they fully advance the personal, fact-specific claims for release or protection from transfer that each Proposed Intervenor asserts. The original individual plaintiffs, while similarly situated in important respects, are not identically situated with respect to current detention status, the precise circumstances of their August 2026 arrests, family ties in the District, or the particular remedies each now



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

seeks. The burden of showing inadequate representation is minimal; differences in the strength of the interest or the preferred remedy suffice. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006). Allowing the Proposed Intervenors to participate ensures that persons who are presently suffering the precise harms at issue—and who are members of the certified class—can protect their personal interests in this forum.

Third, the Court has already demonstrated that expansion of the parties is appropriate where interests related to the challenged enforcement practices are at stake. Numerous cities, the County of Los Angeles, and the States of California and Illinois have been permitted to intervene. Those governmental intervenors advance important institutional and public interests. The Proposed Intervenors advance even more direct and personal interests: their own liberty and the lawfulness of the specific arrests and continued detentions that have already occurred. Nothing in Rule 24 or the prior intervention orders suggests that the Court should treat a limited number of similarly situated detained individuals less favorably than the governmental intervenors already joined.

Fourth, joint intervention by the group does not prejudice the existing parties or unduly delay the action. The case remains in its early-to-middle stages; no discovery cutoff or trial date has been set that would be disrupted. The Proposed Intervenors appear pro se, their factual allegations are set forth in the concurrently lodged proposed Petition/Complaint (Exhibit A), and their participation will be coordinated. The alternative—multiple separate habeas actions that would almost certainly be related or consolidated with this case—would impose greater burdens on the Court and the parties. Intervention therefore promotes judicial economy. *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (timeliness factors include prejudice to existing parties).



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

In short, the Proposed Intervenors present a classic case for intervention, both of right and permissively. Their shared interest in the lawfulness of the very practices that caused and maintain their detention, the practical impairment that exclusion would cause, the inadequacy of representation by the existing parties (particularly with respect to individual habeas relief), the commonality of their claims, and the absence of undue prejudice all support granting the motion as to the entire group. The Court should therefore permit all Proposed Intervenors to intervene as plaintiffs and to file their proposed Complaint in Intervention.

## V. CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that the Court grant this Motion, permit them to intervene as plaintiffs, and allow the filing of their proposed Complaint in Intervention (Exhibit A).

Dated this 5th day of November, 2026

By: *Arnoldo Antonio Garcia*

ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Antonio De Jesus Rivera Gomez*

ANTONIO DE JESUS RIVERA GOMEZ
A 204 735 125
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

Dated this 5th day of November, 2026

By: *Jorge Tejada Ruvalcaba*
JORGE TEJADA RUVALCABA
A 219 284 078
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Angel Estrada*
ANGEL ESTRADA
A 246 061 966
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Rutilio Olivares Barajas*
RUTILIO OLIVARES BARAJAS
A 221 462 883
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

Dated this 5th day of November, 2026

By: Jose Cruz Gomez Sanchez

JOSE CRUZ GOMEZ SANCHEZ
A 246 062 037
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: Isias Huerta Martinez

ISIAS HUERTA MARTINEZ
A 221 462 907
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: Douglas Vladimir Vasqez

DOUGLAS VLADIMIR VASQUEZ
A 095 007 643
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

Dated this 5th day of November, 2026

By: *Antonio Rodriguez Salome*

ANTONIO RODRIGUEZ SALOME
A 202 127 716
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Rey Soto Julio*

REY SOTO JULIO
A 246 062 105
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Jose Cruz*

JOSE CRUZ
A 099 666 534
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: *Jose Lindo*

JOSE LINDO
A 241 910 820
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301

Dated this 5th day of November, 2026

By: Andres Fredy
ANDRES FREDY
A 209126 566
ADELANTO
DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: Felipe Tum Mejia
FELIPE TUM MEJIA
A 217 911 972
ADELANTO
DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: Noberto Jaracuano
NOBERTO JARACUANO
A 562204 5562
ADELANTO
DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.

Dated this 5th day of November, 2026

By: /S/EFRAIN TRUJILLO MEDOZA
EFRAIN TRUJILLO
MEDOZA
A 041 400 175
ADELANTO
DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301
Plaintiff in Pro Se.



ARNOLDO ANTONIO GARCIA
A 073 929 240
ADELANTO DETENTION CENTER
10400 Rancho Rd.
Adelanto, CA., 92301