**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Pedro VASQUEZ PERDOMO, et al.,

Plaintiffs,

v.

Markwayne MULLIN, in his official capacity as Secretary, Department of Homeland Security, et al.,

Defendants.

Case No.: 2:25-cv-05605-MEMF-SP

***DISCOVERY MATTER***

**[PROPOSED] ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)**

Referred to Hon. Sheri Pym
United States Magistrate Judge

Discovery Cutoff: March, 24, 2027
Pre-Trial Conf.: August 4, 2027
Trial: August 23, 2027

In light of the Stipulation of the Parties filed November 18, 2026, and in the interest of the just and efficient resolution of this litigation, the Court hereby orders the following:

1. Pursuant to the terms of Rule 502(d) of the Federal Rules of Evidence, Defendants will not waive the attorney client privilege or attorney work product protection by producing body-worn camera videos required to be produced by ECF 655 following the issuance of this Order, on the basis that Defendants produced the videos without having conducted a reasonable (or any) review of the videos prior to production.

2. Pursuant to the agreement of the Parties, Defendants will not be found in this case to have waived the law enforcement privilege with respect to any body-worn camera videos required to be produced by ECF 655 that are produced following the issuance of this Order on the basis that Defendants produced the videos without having conducted a reasonable (or any) review of the videos prior to production.

3. Defendants may, notwithstanding the terms of the Protective Order (ECF 247), apply the Confidential-Attorney Eyes Only designation to any body-worn camera videos required to be produced by ECF 655 that are produced following the issuance of this Order. Defendants are required to inform Plaintiffs not later than the close of fact discovery, currently set for February 17, 2027, of what confidentiality designation Defendants contend applies under the terms of the Protective Order to each body-worn video that is required to be produced by ECF 655 and that is produced following the issuance of this Order. If Defendants fail to inform Plaintiffs by the close of fact discovery of what confidentiality designation they contend applies to any such video under the Protective Order, the Parties will treat the video as if it had been designated Confidential. Plaintiffs or Intervenors may challenge the Confidential or Confidential-Attorneys Eyes Only designation of any video at any time.

4. Defendants shall produce all videos required to be produced under ECF 655 not later than December 2, 2026.

IT IS SO ORDERED.

Dated: November __, 2026

________________________________________

Hon. SHERI PYM
United States Magistrate Judge